DAVID A. SERGENIAN, State Bar No. 230174
david@sergenianlaw.com
**SERGENIAN LAW, P.C.**
2355 Westwood Blvd. #529
Los Angeles, CA 90064
Telephone: (213) 435-2035

SHENGMAO MU, State Bar No. 327076
smu@whitewoodlaw.com
**WHITEWOOD LAW, P.C.**
99 S. Alameda Blvd., Suite 600
San Jose, CA 95113
Tel.: (917) 858-8018
Fax: (917) 591-0618

*Counsel for Plaintiffs*

# UNITED STATED DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIBAULT MAUVILAIN, an individual; HENRI MAZARI, an individual; JEREMY DUPLAQUET, an individual; ROBERT CHRISTIAN WOLF, an individual; MICHEL BOUTEFEU, an individual; STEPHANE KYNDT, an individual; and JOSEPH MEHDI, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> FLYNET PICTURES, LLC, a California limited liability company; FAMEFLYNET INC., a California corporation; BACKGRID INC., a California corporation; BACKGRID USA, INC., a California corporation; SHUTTERSTOCK, INC., a Delaware corporation and DOES 1–10, inclusive, <br><br> Defendants. | Case No. 2:25–cv–2757–FLA–MAA <br><br> Hon. Fernando L. Aenlle-Rocha <br><br> **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS BACKGRID INC., BACKGRID USA, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) & (F) [DKT. 35]** <br><br> Date:     July 11, 2025 <br> Time:    1:30 p.m. <br> Crtrm:   6B |

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................1

II.   THE FAC SUFFICIENTLY PLEADS DIRECT INFRINGEMENT ....................1

   A.   The FAC Alleges Sufficient Detail to Provide Notice ...................................1

   B.   Allegations on Information and Belief Are Appropriate .........................3

   C.   Successors Engaged in Substantially the Same Infringing Conduct ...........3

   D.   Defendants' License Defense Fails Because Defendants Breached Material Conditions ...........................................................................................4

      1.   The Allegations in the FAC Do Not Give Rise to a Complete Defense Because Defendants Exceeded the Scope of The Licenses..4

      2.   The FAC Plausibly Alleges Termination in Harmony with the Express Language of Section 203 .......................................................5

      3.   Proper Attribution Was a Condition Limiting the Scope of the License, and Its Breach Constitutes Copyright Infringement ...........7

III.  THE FAC SUFFICIENTLY ALLEGES INDUCEMENT OF COPYRIGHT INFRINGEMENT .................................................................................8

   A.   Defendants Distributed Both a "Product" and a "Service" that Resulted in Infringement...................................................................................8

   B.   The FAC Alleges Direct Infringement by a Known Category of Third Parties Whose Identities Are Within Defendants' Exclusive Control...........8

   C.   Defendants Acted with the Object of Promoting Infringement...................9

   D.   Causation Is Directly Pleaded .....................................................................9

IV.   THE FAC SUFFICIENTLY ALLEGES THAT DEFENDANTS ENGAGED IN CONTRIBUTORY INFRINGEMENT .....................................................10

V.    THE FAC SUFFICIENTLY ALLEGES THAT DEFENDANTS ENGAGED IN VICARIOUS INFRINGEMENT .............................................................10

VI.   THE FAC SUFFICIENTLY ALLEGES REMOVAL OR ALTERATION OF COPYRIGHT MANGEMENT INFORMATION ................................................11

VII.  THE FAC SUFFICIENTLY ALLEGES BREACH OF CONTRACT .................13

VIII. THE FAC SUFFICIENTLY ALLEGES A VIOLATION OF CAL. PENAL CODE § 496 ...............................................................................................15

   A.   Cal. Penal Code § 496 Does Not Require Heightened Pleading ...............15

   B.   Pleading Criminal Intent Is Not Required .................................................16

   C.   The Claim Is Not Preempted by the Copyright Act....................................17

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

      D.    Treble Damages Are Not Barred by the Statute of Limitations.................18

IX.    PLAINTIFFS' CLAIM FOR STATUTORY DAMAGES AND ATTORNEY'S FEES SHOULD NOT BE STRICKEN....................................................................20

X.    CONCLUSION .........................................................................................20

# TABLE OF AUTHORITIES

**Cases**

*A&M Records v. Napster, Inc.,* 239 F.3d 1004 (9th Cir. 2001)........................................10

*Automation by Design, Inc. v. Raybestos Prods. Co.,* 463 F.3d 749 (7th Cir. 2006).........5

*BackGrid USA, Inc. v. Twitter, Inc.*, 2024 U.S. Dist. LEXIS 103090 (C.D. Cal. June 7, 2024)..................................................................................................................9, 11

*Batra v. PopSugar, Inc.*, No. 18-CV-03752, 2019 U.S. Dist. LEXIS 20299 (N.D. Cal. Feb. 7, 2019)..................................................................................................................13

*Caribbean Queen, Inc. v. Lee,* No. CV-20-09637 AB (JCx), 2021 U.S. Dist. LEXIS 144493 (C.D. Cal. Mar. 24, 2021)................................................................................3, 4

*Columbia Pictures Indus. v. Gary Fung*, 710 F.3d 1020 (9th Cir. 2013) ......................8, 9

*De Rocha Express, Inc. v. Combined Res., Inc.*, No. 24-cv-02037-JST, 2024 U.S. Dist. LEXIS 187476 (N.D. Cal. Oct. 15, 2024).......................................................................13

*Ellison v. Robertson*, 357 F.3d 1072 (9th Cir. 2004) ...................................................11

*Envy Brands, Inc. v. Caporale*, No. 2:24-cv-02238-MCS-ADS, 2024 U.S. Dist. LEXIS 167638 (C.D. Cal. Sep. 16, 2024)...................................................................................13

*Etereo Spirits, LLC v. James R. Ling*, No. 8:21-cv-00302-JVS-KESx, 2021 U.S. Dist. LEXIS 169191 (C.D. Cal. Jul. 15, 2021) .........................................................................1

*Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259 (9th Cir. 1996) .............................10

*Garrett v. ESPN, Inc.*, No. 24-12223-FDS, 2025 U.S. Dist. LEXIS 87103 (D. Mass. May 7, 2025) ...............................................................................................................20

*Grapevine Educ., LLC v. Educ. Ventures, LLC*, No. 22-cv-01699-WQH-SBC, 2023 U.S. Dist. LEXIS 181487 (S.D. Cal. Aug. 21, 2023)...............................................................13

*James River Ins. Co. v. DCMI, Inc.*, No. C 11-06345 WHA, 2012 U.S. Dist. LEXIS 96808 (N.D. Cal. July 12, 2012) ...................................................................................14

*Jones v. Barrett*, No. 23-cv-1102, 2024 U.S. Dist. LEXIS 162870 (S.D. Cal. Sep. 10, 2024)............................................................................................................................16

*Laws v. Sony Music Ent., Inc.*, 448 F.3d 1134 (9th Cir. 2006) .....................................17

*Le v. Prestige Cmty. Credit Union*, No. 8:22-cv-00259-JVS (KESx), 2023 U.S. Dist. LEXIS 232717 (C.D. Cal. Nov. 6, 2023) .................................................................19, 20

*LGS Architects, Inc. v. Concordia Homes of Nev.*, 434 F.3d 1150 (9th Cir. 2006).............3

*Livingston v. Morgan*, No. C-06-2389 MMC, 2006 U.S. Dist. LEXIS 110293 (N.D. Cal. July 31, 2006).................................................................................................................1

*Mango v. Breaking Digest LLC*, No. 2:24-cv-06657-SB-JC, 2025 U.S. Dist. LEXIS 51848 (C.D. Cal. Mar. 18, 2025)................................................................12

*Mango v. BuzzFeed, Inc.*, 970 F.3d 167 (2d Cir. 2020) .....................................13

*May v. Google LLC*, No. 24-cv-01314-BLF, 2024 U.S. Dist. LEXIS 200398 (N.D. Cal. Nov. 4, 2024) ................................................................................15

*McCraner v. Wells Fargo & Co.*, No. 21-cv-1246, 2023 U.S. Dist. LEXIS 55863 (S.D. Cal. Mar. 30, 2023)............................................................................18

*MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928 (9th Cir. 2011).....................4, 7

*Netbula, LLC v. Storage Tech. Corp.*, No. C-06-02975-WHA, 2008 U.S. Dist. LEXIS 4119 (N.D. Cal. Jan. 18, 2018)....................................................................7

*People v. Allen*, 21 Cal. 4th 846 (1999) ..............................................................19

*Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007) .............................11

*Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 11140 (C.D. Cal. 2001)...1, 2

*Rubie's, LLC v. First Am. Title Co.*, No. 1:18-cv-01052-DAD-SKO, 2020 U.S. Dist. LEXIS 236767 (E.D. Cal. Dec. 16, 2020) ....................................................13

*Sapiano v. Millenium Entm't, LLC*, 2013 U.S. Dist. LEXIS 202964 (C.D. Cal. Nov. 14, 2013)............................................................................................8

*Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777 (9th Cir. 2012)............................15

*Schwindt v. Flogging Molly, Inc.*, No. LA 17-cv-06979-VAP (GJSx), 2018 U.S. Dist. LEXIS 228744 (C.D. Cal. Jan. 30, 2018) ................................................6

*Scosche Indus., Inc. v. S & T Montgomery Distrib., Inc.*, No. 2:22-cv-09030, 2024 U.S. Dist. LEXIS 100282 (C.D. Cal. June 5, 2024)..........................................19

*Siry Inv., L.P. v. Farkhondehpour*, 13 Cal.5th 333 (2022)........................................16, 17

*Smith v. Simon*, No. 2:21-CV-07181-MEMF-JC, 2023 U.S. Dist. LEXIS 171129 (C.D. Cal. Sep. 1, 2023) ................................................................................14

*Soo Park v. Thompson*, 851 F.3d 910 (9th Cir. 2017).................................................8

*Stavrinides v. Vin Di Bona*, 2:18-cv-00314-CA(JPRx), 2018 U.S. Dist. LEXIS 41305 (C.D. Cal. Mar 12, 2018) ................................................................5

*Stepping Stones Grp., LLC v. Amethod Pub. Sch.*, No. 23-cv-00199-HSG, 2023 U.S. Dist. LEXIS 202947 (N.D. Cal. Nov. 13, 2023) ....................................14

*Stevens v. Corelogic, Inc.*, 899 F.3d 666 (9th Cir. 2018) ............................................12

*Stross v. Z Lifestyle LLC*, No. 20-CV-177, 2020 U.S. Dist. LEXIS 213261 (S.D. Cal. Nov. 5, 2020) ................................................................................12

*Ticketmaster L.L.C. v. Prestige Entm't W., Inc.*, 315 F. Supp. 3d 1147 (C.D. Cal. 2018) .8

- iv -

*Tim Cross, LLC v. Associated Adjusters Network, Inc.*, Case. No. 8:23-cv-01806-
  JVS(ADSx), 2023 WL 9005635 (Nov. 30, 2023) ..................................................16, 17

*Twaite v. Allstate Ins. Co.*, 216 Cal. App. 3d 239 (1989) .................................................13

*United Specialty Ins. Co. v. Meridian Mgmt. Grp.*, No. 15-cv-01039-HSG, 2015 U.S.
  Dist. LEXIS 104817 (N.D. Cal. Aug. 7, 2015) ............................................................13

*Universal Surface Tech., Inc v. Sae-A Trading Am. Corp.*, No. CV 10-6972 CAS
  (PJWx), 2011 U.S. Dist. LEXIS 10127 (N.D. Cal. July 31, 2006).................................1

*Varni Bros. Corp. v. Wine World, Inc.*, 35 Cal. App. 4th 880 (1995) ...............................6

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003).......................................15

*Williams v. Superior Court*, 81 Cal. App. 3d 330 (1978) ................................................19

*Wimer v. Reach Out Worldwide, Inc.*, No. CV 17-1917-RSWL-ASx, 2017 U.S. Dist.
  LEXIS 239524 (C.D. Cal. July 13, 2017) ...................................................................18

**Statutes**

17 U.S.C. § 106.....................................................................................................................7

17 U.S.C. § 106A................................................................................................................20

17 U.S.C. § 203...............................................................................................................5, 6

17 U.S.C. § 412................................................................................................................20

17 U.S.C. § 1202................................................................................................11, 12, 13

Cal. Com. Code § 2309.......................................................................................................6

Cal. Penal Code § 801.......................................................................................................19

Cal. Penal Code § 484.......................................................................................................16

Cal. Penal Code § 496 ............................................................................................... passim

**Other Authorities**

H.R. Rep. No. 94-1476, at 124 (1976) ......................................................................5, 6, 18

S. Rep. No. 94-473 (1975)...............................................................................................5, 6

**Rules**

Fed. R. Civ. P. 9 ...........................................................................................................12, 15

Fed. R. Civ. P. 8 ...................................................................................................................2

**Treatises**

3 Nimmer on Copyright § 11.01 .........................................................................................6

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

Plaintiffs Thibault Mauvilain, Henri Mazari, Jeremy Duplaquet, Robert Christian Wolf, Michel Boutefeu, Stephane Kyndt, and Joseph Mehdi (collectively "Plaintiffs") hereby oppose Defendants Backgrid Inc., Backgrid USA, Inc.'s Motion to Dismiss Plaintiffs' FAC ("Motion"). Dkt. 35 ("Mot.").

## I.    INTRODUCTION

Defendants' Motion wrongly assumes a license agreement shields them from liability for infringing Plaintiffs' copyrights. The FAC alleges Defendants breached the license's attribution condition by systematically removing or altering Copyright Management Information (CMI) from approximately 100,000 photographs, rendering their actions infringing. Defendants' arguments misapply pleading standards and statutory text, and the FAC provides sufficient detail to survive dismissal.

## II.    THE FAC SUFFICIENTLY PLEADS DIRECT INFRINGEMENT

### A.    The FAC Alleges Sufficient Detail to Provide Notice

In the context of infringement claims, where there is a "'wide variation in number' of possibly infringing intellectual property, 'Rule 8 does not require [a] highly detailed pleading.'" *Etereo Spirits, LLC v. James R. Ling*, No. 8:21-cv-00302-JVS-KESx, 2021 U.S. Dist. LEXIS 169191, at *18 (C.D. Cal. Jul. 15, 2021) (citation omitted). Copyright claims need not be pleaded with particularity and complaints simply alleging present ownership by a plaintiff, registration in compliance with the applicable statute and infringement by a defendant have been held sufficient. *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114, 1120 (C.D. Cal. 2001).

Defendants' reliance on *Livingston v. Morgan*, No. C-06-2389 MMC, 2006 U.S. Dist. LEXIS 110293 (N.D. Cal. July 31, 2006), and *Universal Surface Tech., Inc v. Sae-A Trading Am. Corp.*, No. CV 10-6972 CAS (PJWx), 2011 U.S. Dist. LEXIS 10127 (N.D. Cal. July 31, 2006), is misplaced. Both cases failed to give notice of which works were at issue or how they were infringed. Here, Plaintiffs have alleged specific Works and infringing acts, alleging that Defendants reproduced, displayed, and distributed the Works

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

on their websites and through a private platform (i.e., the "client portal and agency library") where Defendants offered the Works for license. FAC ¶ 49. Defendants' demand for more and their insistence on a photo-by-photo accounting, along with their self-invented "meaningful description" standard (Dkt. 35-1 ["Mem."] at 5), seeks to impose a pleading requirement that Rule 8 and extensive case law reject.

For example, in *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, the defendant moved to dismiss the complaint on based on "on the failure of [plaintiff] to state, in its complaint, every copyright relied on, every individual image in the magazines that is being infringed, every image on specific web pages that does infringe, or the dates of any infringement." 167 F. Supp. 2d at 1120. The court flatly rejected this, holding that identifying the copyrights and alleging infringing conduct on defendants' website was "sufficient to notify [defendant] as to the type of infringing conduct and the source of the claims. … Further details can be elicited during the discovery stage." *Id.* at 1121.

Here, Plaintiffs have alleged infringement of approximately 100,000 photographs created by seven photographers across multiple decades. It would be impracticable to require Plaintiffs to provide specific details as to every single Work at the pleading stage. *See* Fed. R. Civ. Proc. 8(a)(2) (requiring only "a *short and plain* statement of the claim.") (emphasis added). Plaintiffs have sufficiently identified the Works at issue (*see* FAC ¶ 28 [providing a chart identifying Works at issue and corresponding registration numbers]) and have sufficiently identified the nature of the infringement such that Defendants have adequate notice of the claims against them.[1] Any alleged lack of specificity after the close of discovery is more appropriately challenged on summary judgment or at trial. *See Perfect 10, Inc.*, 167 F. Supp. 2d at 1121.

---

[1] Furthermore, the necessity of alleging infringement on information and belief is due in part to Defendants' refusal to take remedial measures when Plaintiffs contacted Defendants to resolve the issues pre-suit. FAC ¶ 44.

### B.    Allegations on Information and Belief Are Appropriate

Plaintiffs' allegations on "information and belief" are not speculative but are grounded in specific facts. Plaintiffs allege that the license agreements governing their relationship with Defendants contained a critical condition: proper attribution. FAC ¶¶ 29–30. Plaintiffs further allege Defendants breached this condition by altering the CMI, thereby precluding any license defense and rendering reproduction and display of the Works infringing. FAC ¶¶ 29–31; *see LGS Architects, Inc. v. Concordia Homes of Nev.*, 434 F.3d 1150, 1156 (9th Cir. 2006) ("If ... a license is limited in scope and the licensee acts outside the scope, the licensor can bring an action for copyright infringement."). This factual basis, combined with Defendants' refusal to cooperate when confronted pre-suit (FAC ¶ 44), provides a sufficient basis for alleging infringement across the entire catalog of licensed Works.

### C.    Successors Engaged in Substantially the Same Infringing Conduct

Defendants argue that Plaintiffs "have grouped all Defendants together without including any allegation about which Defendant engaged in what unlawful conduct" which fails to provide adequate notice. Mem. at 7. Defendants' argument misconstrues the FAC.

Plaintiffs allege that, beginning in the early 2000s, Plaintiffs entered into agreements with Defendant Flynet to contribute their photographs for licensing and distribution, with proper photo attribution as a condition. FAC ¶¶ 29–30. Over the following two decades, following various mergers and consolidations, successor entities continued to operate under the same terms of the original agreements with Plaintiffs. *Id.* ¶ 33. Plaintiffs allege that each successor Defendant continued to breach the agreements' conditions, and therefore all Defendants engaged in substantially the same pattern of ongoing infringing conduct. Accordingly, Plaintiffs appropriately grouped the Defendants together for purposes of alleging infringement.

This is not improper group pleading. Defendants' reliance on *Caribbean Queen, Inc. v. Lee*, No. CV-20-09637 AB (JCx), 2021 U.S. Dist. LEXIS 144493 (C.D. Cal. Mar. 24, 2021), is inapposite. That case involved an attempt to hold an individual CEO liable

for his company's acts based solely on his corporate title and conclusory allegations that he was an active participant in the alleged infringement. *Id.* at *10. Here, Plaintiffs allege a direct chain of corporate succession, where each new entity was a continuation of its predecessor and continued the same infringing conduct. Accordingly, it is entirely proper to group the Defendants together for the purpose of alleging this continuous, systemic infringement by a single, evolving enterprise. Once discovery commences, Plaintiffs will be able to identify with greater specificity which Works were infringed by which Defendants and during what time periods. At this stage, however, Plaintiffs properly allege that all Defendants have engaged in materially similar infringing conduct.

**D.    Defendants' License Defense Fails Because Defendants Breached Material Conditions**

**1.    The Allegations in the FAC Do Not Give Rise to a Complete Defense Because Defendants Exceeded the Scope of The Licenses**

Defendants argue that Plaintiffs allege the existence of licensing agreements, which they contend is a complete defense to copyright infringement. Mem. at 7. This argument fails because while the FAC pleads a license, it also pleads that Defendants' conduct fell outside that license's protection.

When a licensee's conduct exceeds the scope of the rights granted, it constitutes copyright infringement. The Ninth Circuit distinguishes between contractual terms that limit a license's scope, which it calls "conditions," and all other terms, called "covenants." A breach of a condition gives rise to a claim for copyright infringement, whereas a breach of a covenant is only actionable under contract law. *See MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928, 939 (9th Cir. 2011).

Here, Plaintiffs allege the licenses were expressly conditioned on Defendants providing proper photo credit to Plaintiffs and that Defendants exceeded the scope of the licenses and breached this condition by improperly altering the CMI associated with the Works, rendering their conduct infringing. FAC ¶¶ 29–31; *see also* Section IV.C.3, *infra*.

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

Thus, the mere existence of license agreements between Plaintiffs and Defendants does not preclude a finding of infringement.

Defendants' reliance on cases like *Stavrinides v. Vin Di Bona*, 2:18-cv-00314-CA(JPRx), 2018 U.S. Dist. LEXIS 41305 (C.D. Cal. Mar 12, 2018), is therefore misplaced. In *Stavrinides*, the defendant's conduct was squarely within the terms of a valid, irrevocable license. *Id.* at *8–10. Here, a core allegation of the FAC is that Defendants' conduct fell outside the scope of the licenses because Defendants failed to satisfy an express condition. FAC ¶¶ 29–31. Accordingly, these breaches of a condition render a license defense inapplicable.

### 2.    The FAC Plausibly Alleges Termination in Harmony with the Express Language of Section 203

Defendants argue it is impossible for Plaintiffs to plead that they terminated the license agreements with Defendants, building their entire argument on a misunderstanding of 17 U.S.C. § 203. Mem. at 8. Defendants' argument is a red herring. Plaintiffs' termination of the at-will licensing agreements are in accordance with basic California contract law, which Section 203 was never intended to, and does not, displace.

Section 203 allows a copyright holder to terminate the grant of a copyright after 35 years. This provision serves as a ceiling (i.e., a non-waivable right to reclaim a grant), not a floor (i.e., a durational requirement). Nothing in the Act prevents parties from agreeing to a shorter period for termination or prevents the operation of state law allowing termination at will. *Automation by Design, Inc. v. Raybestos Prods. Co.,* 463 F.3d 749, 759 (7th Cir. 2006).

Congress drafted Section 203 to safeguard "authors against unremunerative transfers." The provision was needed "because of the unequal bargaining position of authors, resulting in part from the impossibility of determining a work's value until it has been exploited." H.R. Rep. No. 94-1476, at 124 (1976); S. Rep. No. 94-473, at 108 (1975). Therefore, if an author had granted a license for the life of the copyright, or for some long period of time, he could nevertheless terminate the license after 35 years and look around

for a better deal. *See* 3 Nimmer on Copyright § 11.01 *et seq.*; *see also* 17 U.S.C. § 203(a)(5) (termination of a grant pursuant to § 203 "may be effected notwithstanding any agreement to the contrary, including an agreement to make a will or to make any future grant."). The House and Senate reports both state:

> Nothing contained in this section or elsewhere in this legislation is intended to extend the duration of any license, transfer or assignment made for a period of less than thirty-five years. If, for example, an agreement provides an earlier termination date or lesser duration, or if it allows the author the right of canceling or terminating the agreement under certain circumstances, the duration is governed by the agreement. Likewise, nothing in this section or legislation is intended to change the existing state of the law of contracts concerning the circumstances in which an author may cancel or terminate a license, transfer, or assignment.

H.R. Rep. No. 94-1476, at 128; S. Rep. No. 94-473, at 111.

Defendants' argument that Section 203 mandates a minimum 35-year term is thus directly contrary to the statute's text and legislative history. Under California law, contracts of an indefinite duration are generally terminable at will by either party. *See Varni Bros. Corp. v. Wine World, Inc.*, 35 Cal. App. 4th 880, 890 (1995); *see also* Cal. Com. Code § 2309(2) ("Where the contract provides for successive performances but is indefinite in duration it is valid for a reasonable time but unless otherwise agreed may be terminated at any time by either party."). Section 203(b)(5) itself provides that termination of a grant under the statute "in no way affects rights arising under any other Federal, State, or foreign laws." Applying these principles, the court in *Schwindt v. Flogging Molly, Inc.* denied a motion to dismiss a copyright claim based on a license terminated under state law. *Schwindt v. Flogging Molly, Inc.*, No. LA 17-cv-06979-VAP (GJSx), 2018 U.S. Dist. LEXIS 228744, at *13 (C.D. Cal. Jan. 30, 2018).

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

Plaintiffs' agreement with Defendants was clearly for an indefinite duration, as it began in the early 2000s and Plaintiffs continued to deliver their photographs to Defendants for license and distribution until Plaintiffs discovered the facts giving rise to this lawsuit in 2024 and terminated all licenses through counsel. FAC ¶¶ 29–34, 44. Thus, Plaintiffs were free to terminate their at-will agreement with Defendants at any time, and Section 203 does not prevent those terminations from being effective.

### 3. Proper Attribution Was a Condition Limiting the Scope of the License, and Its Breach Constitutes Copyright Infringement

Defendants' Motion improperly asks this Court to apply a summary judgment standard at the motion to dismiss stage. Defendants' primary authority, *Netbula, LLC v. Storage Tech. Corp.*, No. C-06-02975-WHA, 2008 U.S. Dist. LEXIS 4119 (N.D. Cal. Jan. 18, 2018), was decided on a full evidentiary record after discovery. At summary judgment, a court weighs evidence; here, of course, the Court should accept as true Plaintiffs' allegations that the license granted was expressly conditioned on proper attribution. FAC ¶ 30. That allegation is sufficient to state a claim for copyright infringement.

The controlling test in the Ninth Circuit is whether a license term has a "nexus" to the licensor's exclusive rights under copyright. *MDY*, 629 F.3d at 937. A term with such a nexus is a condition limiting the license's scope, and its breach is copyright infringement. *Id.* Here, the requirement for proper attribution is not a mere promise to pay, as in *Netbula*. The attribution requirement has a direct nexus to the exclusive rights of public display and distribution under 17 U.S.C. § 106. The license granted was for display and distribution of the works *with* proper attribution. A display *without* attribution is a different use entirely—one for which no license was granted, and which therefore falls outside the license's scope.

Courts in this District have rejected Defendants' artificially narrow view of a license's scope. In *Sapiano v. Millenium Entm't, LLC*, the court found that a prohibition on mortgaging a license was not "unrelated to the scope of rights granted," but rather "by its very terms ... limits the scope of rights." 2013 U.S. Dist. LEXIS 202964, at *26 (C.D.

Cal. Nov. 14, 2013). The same logic applies here. The requirement of attribution, by its very terms, limits how the Works may be displayed and distributed, and is therefore a condition. *See also Ticketmaster L.L.C. v. Prestige Entm't W., Inc.*, 315 F. Supp. 3d 1147, 1163 (C.D. Cal. 2018) (violations of a "limited, conditional" license in a website's terms of use could support a claim for copyright infringement).

## III.   THE FAC SUFFICIENTLY ALLEGES INDUCEMENT OF COPYRIGHT INFRINGEMENT

A claim for inducement liability has four elements: (1) the distribution of a device or product; (2) acts of infringement; (3) an object of promoting its use to infringe copyright; and (4) causation. *Columbia Pictures Indus. v. Gary Fung*, 710 F.3d 1020, 1032 (9th Cir. 2013). Defendants' arguments against each element fail.

### A.   Defendants Distributed Both a "Product" and a "Service" that Resulted in Infringement

Inducement liability can arise from distributing an infringing "product" or providing a "service used in accomplishing the infringement." *Fung*, 710 F.3d at 1033. Here, Defendants did both. The infringing digital photograph files, stripped of their CMI, are the "products" Defendants distributed. FAC ¶ 35. Their operation of proprietary photo licensing libraries and client-facing distribution platforms is the "service" through which they accomplished this distribution. FAC ¶¶ 33, 49.

### B.   The FAC Alleges Direct Infringement by a Known Category of Third Parties Whose Identities Are Within Defendants' Exclusive Control

Defendants' demand that Plaintiffs name every infringing client misapplies federal pleading standards, which do not require a plaintiff to plead facts that are in the defendant's exclusive control. *See Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017). The identities of Defendants' clients who received infringing Works are, by definition, such facts, as they are part of Defendants' confidential business records and are not publicly available.

The FAC therefore meets the plausibility standard by identifying a category of infringers whose conduct directly infringes: all third-party clients who received the Works

from Defendants without Plaintiffs' authorization. FAC ¶ 55. Courts in this district have found allegations of third-party infringement sufficient where they identify a specific class of direct infringers whose infringing conduct can be plausibly inferred. *See Back-Grid USA, Inc. v. Twitter, Inc.*, 2024 U.S. Dist. LEXIS 103090, at *8–9 (C.D. Cal. June 7, 2024) (denying motion to dismiss where plaintiff alleged direct infringement by "third-party users" as a class). The specific names of which clients published which Works are properly left for discovery.[2]

### C. Defendants Acted with the Object of Promoting Infringement

Inducement requires pleading "affirmative steps taken to foster infringement." *Fung*, 710 F.3d at 1034. Plaintiffs plausibly allege Defendants took the most critical affirmative step possible: systematically removing and altering CMI on the Works before distributing them. FAC ¶ 35. This was not a passive act; it was a necessary precondition of their business model. By acting as the sole gatekeeper and monetizing the distribution of laundered photographs with attribution removed, Defendants created the very market for the infringing uses and profited from them. This conduct shows a clear "object of promoting ... use to infringe copyright." *Id.* Indeed, a court in this District found that the "active step of removing metadata is sufficient to satisfy the 'inducement' requirement." *BackGrid USA*, 2024 U.S. Dist. LEXIS 103090, at *12.

### D. Causation Is Directly Pleaded

The causal link is undeniable. But for Defendants' service of providing unauthorized, CMI-stripped copies of the Works to their clients, the clients' direct infringement could not have occurred. FAC ¶¶ 35, 55.

---

[2] Should the Court deem it necessary, Plaintiffs are prepared to amend the FAC to include representative examples of direct infringement by specific third-party clients of Defendants discovered to date.

## IV.   THE FAC SUFFICIENTLY ALLEGES THAT DEFENDANTS ENGAGED IN CONTRIBUTORY INFRINGEMENT

The doctrine of contributory infringement imposes liability where one person "knowingly contributes to the infringing conduct of another." *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996). The elements are: (1) direct infringement by a third party; (2) actual or constructive knowledge by the defendant of the infringement; and (3) a material contribution by the defendant to the infringing activities. *See A&M Records v. Napster, Inc.,* 239 F.3d 1004, 1019–1022 (9th Cir. 2001).

First, direct infringement by third parties (Defendants' clients) occurred for the reasons stated above.

Second, Defendants had the requisite knowledge. Defendants' argument that plaintiffs engage in improper "group pleading" fails. The FAC alleges that each Defendant is a successor in interest to the original agreements, and as such, each inherited the knowledge of the agreements' terms, including the conditions requiring attribution. FAC ¶ 33. This knowledge is not generalized; it is specific knowledge of the condition that Defendants were violating. By knowingly distributing the Works with altered CMI in breach of a known condition, Defendants knew they were facilitating infringing uses by their clients.

Third, Defendants materially contributed to the infringement. Defendants willfully removed and/or altered the CMI on the Works intentionally and systematically. FAC ¶ 35. By stripping the CMI and distributing the Works under the guise of a "license" and collecting a fee—despite lacking any authorization to do so—Defendants provided the essential means for their clients' infringement to occur.

## V.   THE FAC SUFFICIENTLY ALLEGES THAT DEFENDANTS ENGAGED IN VICARIOUS INFRINGEMENT

Vicarious liability requires a plaintiff to allege that a defendant: (1) had the right and ability to supervise the infringing activity; and (2) had a direct financial interest in such activities. *Fonovisa, Inc.,* 76 F.3d at 262.

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

First, Defendants had the right and ability to supervise the infringing conduct. Defendants mischaracterize this element. It does not require an employer-employee relationship; it only requires the practical ability to police the infringing activity. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173 (9th Cir. 2007) ("[A] defendant exercises control over a direct infringer when he has both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so.").

Plaintiffs properly allege that Defendants are licensing agencies and therefore have direct supervision and control over their libraries and can choose which photographs are offered for distribution to third party clients. *See* FAC ¶¶ 33–35. In *Backgrid*, the court recently affirmed this standard, finding the ability to supervise was plausibly alleged where the defendant had "the right to remove, modify, or reject unlawful content ... and the discretionary right to suspend access." 2024 U.S. Dist. LEXIS 103090, at *15 (citation omitted). Here, Defendants' control is even more absolute. As licensing agencies, they have total authority over their own libraries and exercise complete control over which photographs are offered for distribution. FAC ¶¶ 33–35. They have both the legal right and the practical ability to ensure compliance with license conditions before any distribution occurs.

Second, Plaintiffs have alleged a direct financial interest. The FAC alleges that Defendants received a portion of the fees paid by third-party clients for the infringing use of Plaintiffs' photographs. FAC ¶¶ 31, 88. This revenue is directly tied to the distribution of the infringing Works, satisfying the standard that the "availability of infringing material acts as a draw for customers." *Ellison v. Robertson*, 357 F.3d 1072, 1078 (9th Cir. 2004) (citations omitted).

## VI. THE FAC SUFFICIENTLY ALLEGES REMOVAL OR ALTERATION OF COPYRIGHT MANGEMENT INFORMATION

Defendants' claim that the DMCA claim lacks scienter is incorrect. Section 1202(b)'s "double scienter" requirement—knowledge of CMI removal and intent to facilitate infringement—is a factual issue, and Plaintiffs need only plead plausible intent at

this stage. Rule 9(b) expressly provides that "knowledge, and other conditions of a person's mind may be alleged generally."

Plaintiffs allege that Defendants, as sophisticated photo licensing agencies, removed or altered identifying CMI from Plaintiffs' photographs and then distributed them. FAC ¶¶ 3, 35, 77–79. It is more than plausible that a professional photo agency knows that stripping attribution and copyright information from a photograph will "induce, enable, facilitate, or conceal an infringement," as required by the statute, even before receiving notice from Plaintiffs. 17 U.S.C. § 1202(b). For example, in *Stevens v. Corelogic, Inc.*, the Ninth Circuit affirmed an order granting summary judgment and found the plaintiffs' allegations insufficient because they failed to present sufficient evidence to support an inference of knowledge, such as the defendant being told of the infringing consequences. *Stevens*, 899 F.3d 666, 675 (9th Cir. 2018). Here, by contrast, Defendants' entire business revolves around copyright licensing; their knowledge of how infringement is concealed can be reasonably inferred from their business model, which is sufficient to survive a motion to dismiss. FAC ¶¶ 1, 17, 19, 33, 34. Furthermore, Plaintiffs allege that Defendants continued to remove or alter CMI from Plaintiffs' photographs after Plaintiffs provided notice that Defendants had false and inaccurate CMI (*id.* ¶¶ 80–82), further establishing Defendants' intentional conduct.

Additionally, Plaintiffs allege that Defendants intentionally removed CMI and intentionally engaged in willful infringement of Plaintiffs' copyrights (FAC ¶¶ 35, 52, 77, 79), which courts have held is sufficient to establish the scienter elements of the DMCA. *See Mango v. Breaking Digest LLC*, No. 2:24-cv-06657-SB-JC, 2025 U.S. Dist. LEXIS 51848, at *7 (C.D. Cal. Mar. 18, 2025) ("It is also a plausible inference from Plaintiff's allegations of copyright infringement that Defendant acted with the knowledge that its removal of the CMI and distribution of the Photograph without the CMI would enable and conceal its own infringement."); *Stross v. Z Lifestyle LLC*, No. 20-CV-177, 2020 U.S. Dist. LEXIS 213261, at *2–3 (S.D. Cal. Nov. 5, 2020) (finding plaintiff sufficiently al-

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

leged that defendant possessed the required mental state where he plausibly pleaded copyright infringement) (citing *Batra v. PopSugar, Inc.*, No. 18-CV-03752, 2019 U.S. Dist. LEXIS 20299, at *2 (N.D. Cal. Feb. 7, 2019)); *accord Mango v. BuzzFeed, Inc.*, 970 F.3d 167, 172 (2d Cir. 2020) ("We thus reject the argument that a defendant must know or have reason to know about likely future infringement by third parties. Instead, Section 1202(b)(3) also encompasses 'an infringement' that, upon distribution, 'will … conceal' the fact of that infringement.").

## VII.   THE FAC SUFFICIENTLY ALLEGES BREACH OF CONTRACT

Defendants' argument that the contract claim is not "sufficiently definite" rests on the incorrect premise that California's heightened pleading standards apply in federal court. They do not.[3] "[F]ederal law does not require Plaintiff to recite the contract terms verbatim or to attach a copy of the contract to the complaint." *Envy Brands, Inc. v. Caporale*, No. 2:24-cv-02238-MCS-ADS, 2024 U.S. Dist. LEXIS 167638, at *5 (C.D. Cal. Sep. 16, 2024) (citations omitted). To meet federal pleading requirements, a claimant need only "identify and describe the provisions on which the right to recovery is based." *United Specialty Ins. Co. v. Meridian Mgmt. Grp.*, No. 15-cv-01039-HSG, 2015 U.S. Dist. LEXIS 104817, at *6–7 (N.D. Cal. Aug. 7, 2015); *see also Grapevine Educ., LLC v. Educ. Ventures, LLC*, No. 22-cv-01699-WQH-SBC, 2023 U.S. Dist. LEXIS 181487, at *9–10 (S.D. Cal. Aug. 21, 2023); *Rubie's, LLC v. First Am. Title Co.*, No. 1:18-cv-01052-DAD-SKO, 2020 U.S. Dist. LEXIS 236767, at *15–16 (E.D. Cal. Dec. 16, 2020); *Smith v. Simon*, No. 2:21-CV-07181-MEMF-JC, 2023 U.S. Dist. LEXIS 171129, at *9 (C.D. Cal.

---

[3] Defendants cite to *De Rocha Express, Inc. v. Combined Res., Inc.*, No. 24-cv-02037-JST, 2024 U.S. Dist. LEXIS 187476, at *5 (N.D. Cal. Oct. 15, 2024), for the proposition that "[a] plaintiff fails to sufficiently plead the terms of the contract if he does not allege in the complaint the terms of the contract or attach a copy of the contract to the complaint." Mem. at 15:12–14. The *De Rocha* court relied in turn on *Twaite v. Allstate Ins. Co.*, 216 Cal. App. 3d 239, 252 (1989), for this recitation of California pleading standards.

Sep. 1, 2023) ("[T]ypical federal pleading standards under *Twombly* and *Iqbal*, rather than the California standard, apply to breach of contract claims filed in federal court.").

The FAC easily satisfies this standard. Plaintiffs allege the existence of agreements (FAC ¶¶ 29–32) under which Defendants were granted limited rights to license Plaintiffs' photographs subject to specific conditions. These conditions required Defendants to provide "proper attribution to Plaintiffs," to ensure publications did the same, and to track their adherence to these attribution obligations and make that information available to Plaintiffs. FAC ¶¶ 30–31. The FAC further alleges that Defendants breached these exact obligations by, among other things, systematically removing and altering CMI to falsely attribute the works to themselves and failing to provide accurate reports, thereby depriving Plaintiffs of royalties and recognition. FAC ¶ 35. These detailed allegations describe the essential terms of the agreement and the specific conduct constituting the breach, which is more than sufficient to put Defendants on notice. *See Stepping Stones Grp., LLC v. Amethod Pub. Sch.*, No. 23-cv-00199-HSG, 2023 U.S. Dist. LEXIS 202947, at *4–5 (N.D. Cal. Nov. 13, 2023) (finding allegations that defendant failed to provide agreed-upon staffing and reports sufficient to state a claim).

Defendants' complaint that the agreements "were partially oral, partially in writing, and partially implied by conduct" (FAC ¶ 29) concerns a factual issue, not a pleading deficiency. Federal courts recognize that contractual arrangements are not required to be contained in a single, neat document for a pleading to survive a motion to dismiss. *See James River Ins. Co. v. DCMI, Inc.*, No. C 11-06345 WHA, 2012 U.S. Dist. LEXIS 96808, at *9 (N.D. Cal. July 12, 2012) (holding allegations that the parties "had a written or verbal contract" to procure insurance were "sufficient to plead the first element, the existence of a contract"). Just as the court in *James River* found it reasonable to infer from the alleged business relationship that the defendant was hired to "fill out the forms correctly," the facts pleaded here support the reasonable inference that Defendants were contractually obligated to license photos correctly and provide proper attribution. *Id.* at *10.

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

The FAC describes a long-standing business relationship where Defendants were paid to facilitate the licensing of photographs in exchange for adhering to specific attribution and tracking requirements. FAC ¶¶ 29–31. These terms are "reasonably certain" because they "provide a basis for determining the existence of a breach and for giving an appropriate remedy." *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 789 (9th Cir. 2012). The precise evidentiary foundation for each term—whether written, oral, or implied from the course of conduct—is a matter for discovery, not a requirement for pleading.

## VIII. THE FAC SUFFICIENTLY ALLEGES A VIOLATION OF CAL. PENAL CODE § 496

### A. Cal. Penal Code § 496 Does Not Require Heightened Pleading

Plaintiffs' Section 496 claim is sufficiently pleaded. First, the heightened pleading standard under Rule 9(b) is inapplicable here. Defendants incorrectly suggest that Rule 9(b) automatically applies to all claims under California Penal Code § 496. Rule 9(b), however, applies only when a claim is "grounded in fraud" or "sounds in fraud," meaning it relies *entirely* on a unified course of fraudulent conduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003). Here, Plaintiffs' Section 496 claim in part alleges theft by embezzlement or conversion—unlawful appropriation of entrusted property— not fraud by misrepresentation or false pretenses. *See May v. Google LLC*, No. 24-cv-01314-BLF, 2024 U.S. Dist. LEXIS 200398, at *14–15 (N.D. Cal. Nov. 4, 2024) (heightened pleading standard did not apply to § 496 claim where claim stemmed from unlawful retention of stolen property).

Even with respect to the FAC's allegations of fraudulent conduct, the allegations satisfy Rule 9(b). The FAC clearly sets forth the "who, what, when, where, and how" of the misconduct charged. The "who" are Defendants. FAC ¶¶ 17–21. The "what" is the theft of copyrights and licensing revenue for over 100,000 of Plaintiffs' photographs. FAC ¶ 1. The "when" is from as early as 2002 until at least 2024. FAC ¶¶ 3, 6, 9, 33, 44. The

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

"where" is Defendants' own proprietary digital libraries and client-facing licensing portals. FAC ¶¶ 5, 34, 49. The "how" is Defendants' systematic scheme to remove and alter the photographers' CMI, falsely attribute the works to themselves, and divert licensing fees rightfully belonging to Plaintiffs. FAC ¶¶ 3, 35.

This is not a case of ordinary commercial defaults or innocent or inadvertent misrepresentations. *Siry Inv., L.P. v. Farkhondehpour*, 13 Cal.5th 333, 361–362 (2022). Rather, like the conduct in *Jones v. Barrett*, No. 23-cv-1102, 2024 U.S. Dist. LEXIS 162870 (S.D. Cal. Sep. 10, 2024), the FAC here alleges a long-term pattern of wrongdoing that is "consistent with a conclusion that defendants acted not innocently or inadvertently, but with careful planning and deliberation reflecting the requisite criminal intent." *Id.* at *17. Like *Jones*, the FAC alleges an intentional scheme of systematic alteration of metadata across a vast library of images for the express purpose of "fraudulently appropriating property which has been entrusted to a defendant." Cal. Penal Code § 484(a).

## B. Pleading Criminal Intent Is Not Required

Defendants err in suggesting that this dispute is merely a contractual matter outside the scope of California Penal Code § 496. While Defendants are correct that *Siry* requires a plaintiff to plead facts establishing "criminal intent ... beyond 'mere proof of a nonperformance,'" *Siry*, 13 Cal. 5th at 361, that is precisely what the FAC alleges here. This case is not about an ordinary commercial default, but a "deliberate scheme" of theft through fraudulent concealment. FAC ¶ 3.

Defendants' reliance on *Tim Cross, LLC v. Associated Adjusters Network, Inc.*, Case. No. 8:23-cv-01806-JVS(ADSx), 2023 WL 9005635 (Nov. 30, 2023), is misplaced and reveals a fundamental misunderstanding of the law. In *Tim Cross*, the court dismissed a Section 496 claim because the defendant's challenged conduct—deducting an adminis-

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

trative fee—was expressly authorized by the plain language of the parties' written agreement. 2023 U.S. Dist. LEXIS 214511, at *13. Conduct permitted by a contract cannot, by definition, constitute theft.[4]

Here, by contrast, the FAC alleges conduct that was never authorized and, in fact, directly violated the terms of the parties' agreements. Plaintiffs allege that Defendants engaged in the "systematic and willful exploitation" of their property by actively altering CMI to erase proper attribution of Plaintiffs' ownership and divert their revenue. FAC ¶¶ 1, 3, 35. These are not allegations of an innocent or inadvertent breach. *Siry*, 13 Cal.5th at 361–362. They are allegations of affirmative, deceptive acts undertaken with the specific "intent of depriving Plaintiffs of their property." FAC ¶ 94. This active concealment and deliberate misappropriation plausibly establish the requisite criminal intent for theft under Section 496, making *Tim Cross* inapplicable.

## C.    The Claim Is Not Preempted by the Copyright Act

Defendants' preemption argument seizes on the FAC's reference to "revenue from ... unauthorized use" (FAC ¶ 94) to mischaracterize the Section 496 claim as a disguised copyright claim. This fundamentally misreads the claim. The gravamen of Plaintiffs' action is not the unauthorized use itself, but the deceptive scheme and knowing state of mind required to prove theft under Section 496, which are entirely separate from the strict-liability framework of copyright law.

A state law claim is only preempted if it is equivalent to a copyright claim. If it requires an "extra element" that changes its nature, it survives. *Laws v. Sony Music Ent., Inc.*, 448 F.3d 1134, 1143 (9th Cir. 2006). Plaintiffs' Section 496 claim requires at least two such elements.

The only authority of which Plaintiffs are aware that directly addresses whether a Section 496 claim is preempted by the Copyright Act held that the claim was *not*

---

[4] The *Tim Cross* court emphasized that "[t]he withholding of money due under a contract could serve as a sufficient basis for a § 496(c) claim, that is, if all of the elements are sufficiently alleged." *Tim Cross*, 2023 U.S. Dist. LEXIS 214511, at *12.

- 17 -

preempted because Section 496 contains the "extra element" of receiving and concealing stolen property, which is qualitatively different from a copyright infringement claim. *See Wimer v. Reach Out Worldwide, Inc.*, No. CV 17-1917-RSWL-ASx, 2017 U.S. Dist. LEXIS 239524, at \*14–15 (C.D. Cal. July 13, 2017).

Additionally, a Section 496 claim contains an "extra element" because it requires proof of scienter—that Defendants knew the property was "obtained in any manner constituting theft." Cal. Penal Code § 496(a). As the FAC alleges, Defendants "acted willfully with the intent of depriving Plaintiffs of their property." FAC ¶ 94. This requirement to prove a defendant's culpable mental state to establish any liability is absent from a copyright infringement claim, which imposes strict liability regardless of intent.

Moreover, the "theft" alleged here is not simple copying. It is a fraudulent scheme of appropriation built on a breach of trust. Plaintiffs entrusted their photographs to Defendants, who then abused that relationship by systematically altering CMI to conceal Plaintiffs' ownership and divert the resulting revenue. FAC ¶¶ 3, 35. This is precisely the type of action Congress intended to preserve from preemption. The House Report on Section 301 makes clear that preemption does not affect state laws protecting against wrongs that contain elements, such as a "breach of trust or confidentiality, that are different in kind from copyright infringement." H.R. Rep. No. 94-1476, at 132 (1976).

### D. Treble Damages Are Not Barred by the Statute of Limitations

Defendants' argument that a one-year statute of limitations bars this claim relies on non-binding federal district court opinions that conflict with California law. The claim is timely for at least three independent reasons: (1) the applicable California law applies a three-year limit; (2) the continuing offense doctrine defers the claim's accrual; and (3) the delayed discovery rule preserves the claim.

First, California authority establishes a three-year statute of limitations for Section 496 claims. Federal courts in this circuit have applied this limitations period. *See, e.g.*, *McCraner v. Wells Fargo & Co.*, No. 21-cv-1246, 2023 U.S. Dist. LEXIS 55863, at \*10 (S.D. Cal. Mar. 30, 2023) ("the statute of limitations for a claim for violation of California

- 18 -

Penal Code § 496 is three years"). This rule is rooted in the underlying criminal statute itself. As the California Supreme Court observed in *People v. Allen*, 21 Cal. 4th 846 (1999), "the primary statute of limitations on both theft and a violation of section 496 is in fact the same: three years. (Pen. Code, § 801.)" *Id.* at 861 n.14. To Plaintiffs' knowledge, neither the California Supreme Court nor the Ninth Circuit has ever altered this established three-year period.

Second, the claim is timely under the continuing offense doctrine. Section 496 criminalizes not only the *receipt* of stolen property but also the separate, ongoing offense of *concealing* it. *See Williams v. Superior Court*, 81 Cal. App. 3d 330, 343 (1978). Accordingly, the statute of limitations does not begin to run until the wrongful conduct ceases. *Scosche Indus., Inc. v. S & T Montgomery Distrib., Inc.*, No. 2:22-cv-09030, 2024 U.S. Dist. LEXIS 100282, at *7–8 (C.D. Cal. June 5, 2024). Here, the FAC alleges that Defendants have actively and continuously concealed and withheld Plaintiffs' property by systematically altering CMI and diverting revenue over many years. FAC ¶¶ 3, 7, 35.

Third, even if this Court were to apply Defendants' erroneous one-year framework, the claim is still timely under the delayed discovery rule. *Scosche*, 2024 U.S. Dist. LEXIS 100282, at *7–8. The FAC alleges that Plaintiffs were not put on notice of Defendants' fraudulent scheme until, at the earliest, 2024. FAC ¶ 44. This action, filed in March 2025, is well within one year of that discovery.[5]

Finally, even if the treble damages claim were deemed time-barred, the cause of action itself must survive. Defendants' own cited authority in *Le v. Prestige Cmty. Credit Union*, No. 8:22-cv-00259-JVS (KESx), 2023 U.S. Dist. LEXIS 232717 (C.D. Cal. Nov. 6, 2023), concedes that claims for "costs of suit and reasonable attorney's fees under California Penal Code § 496(c) ... are not time-barred" and are subject to a three-year statute

---

[5] Shutterstock announced the acquisition of Backgrid on February 1, 2024. It was not until after this date that Plaintiffs discovered photographs were missing from the Backgrid library, and their licenses were not terminated until June 2024, after Defendants refused to take any remedial measures. FAC ¶ 44.

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

of limitations. *Id.* at *26. Therefore, at a minimum, Plaintiffs' claim for statutory fees and costs must proceed.

## IX.    PLAINTIFFS' CLAIM FOR STATUTORY DAMAGES AND ATTORNEY'S FEES SHOULD NOT BE STRICKEN

Although 17 U.S.C. § 412 generally precludes statutory damages and attorney's fees for copyright infringements that commenced before registration, the time bar in Section 412 explicitly does not apply to actions brought for a violation of the rights of an author of a visual work under 17 U.S.C. § 106A. *See* 17 U.S.C. § 412(2). Here, the FAC alleges that Plaintiffs "were denied the opportunity to attribute the Works to themselves, and to approve or refuse the modifications to their original designs ... in violation of 17 U.S.C. § 106A (Visual Artists Rights Act of 1990)." FAC ¶ 50. Accordingly, Section 412's temporal restrictions on remedies are statutorily inapplicable to those claims. *See Garrett v. ESPN, Inc.*, No. 24-12223-FDS, 2025 U.S. Dist. LEXIS 87103, at *13 n.6 (D. Mass. May 7, 2025) (noting that Section 412 "excepts from the pre-registration requirement actions brought for the violation of the rights of authors of visual artworks").

Furthermore, and in the alternative, even for infringing acts not falling under Section 106A, Plaintiffs may seek statutory damages for infringing conduct that occurred after the effective date of registration. Plaintiffs' copyrights were registered in February 2025. FAC ¶ 28, Ex. 1. Defendants' infringing conduct is ongoing. FAC ¶ 48. Accordingly, each new infringement of one of Plaintiffs' copyrights after February 2025 constitutes a fresh act of infringement for which statutory damages and attorney's fees are available.

## X.    CONCLUSION

In conclusion, Plaintiffs Defendants' Motion be denied. In the alternative, Plaintiffs respectfully request leave to amend to clarify or add additional facts.

1    Dated: June 20, 2025

2                                          **SERGENIAN LAW**
                                           a Professional Corporation
3                                          By:    */s/David A. Sergenian*
                                                  DAVID A. SERGENIAN
4

5    Dated: June 20, 2025                   WHITEWOOD LAW, P.C.

6

7                                           By:    */s/Shengmao Mu*
8                                                  SHENGMAO MU
                                                   ABBY M. NEU (*pro hac vice*)
9                                                  RYAN E. CARRION (SBN 311668)
10                                                 KEATON SMITH (*pro hac vice*)

11                                          *Counsel for Plaintiffs*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

## CERTIFICATE OF COMPLAINCE

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 6,868 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 20, 2025

**SERGENIAN LAW**
a Professional Corporation

By:  */s/David A. Sergenian*
DAVID A. SERGENIAN

Dated: June 20, 2025

WHITEWOOD LAW, P.C.

By:  */s/Shengmao Mu*
SHENGMAO MU
ABBY M. NEU (*pro hac vice*)
RYAN E. CARRION (SBN 311668)
KEATON SMITH (*pro hac vice*)

*Counsel for Plaintiffs*

OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT