UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIBAULT MAUVILAIN, *et al.*,<br><br>                     Plaintiffs,<br><br>          v.<br><br>FLYNET PICTURES, LLC, *et al.*,<br><br>                     Defendants. | Case No. 2:25-cv-2757-FLA (MAAx)<br><br>**ORDER GRANTING DEFENDANTS BACKGRID INC., BACKGRID USA, INC., AND SHUTTERSTOCK, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [DKT. 35]** |

## **RULING**

Before the court is Defendants BackGrid Inc., BackGrid USA, Inc., and Shutterstock, Inc.'s (collectively, "Defendants")[1] Motion to Dismiss ("Motion") Plaintiffs' First Amended Complaint ("FAC").  Dkt. 35; Dkt. 35-1 ("Mot. Br.").  Plaintiffs Thibault Mauvilain, Henri Mazari, Jeremy Duplaquet, Robert Christian Wolf, Michel Boutefeu, Stephane Kyndt, and Joseph Mehdi (collectively, "Plaintiffs") oppose the Motion.  Dkt. 47 ("Opp'n").  Defendants filed a Reply.  Dkt. 44.  Defendant FameFlynet Inc. joins in the Motion and Reply.  Dkts. 42, 45.  On July 8,

---

[1] On September 9, 2025, the court issued an order extending the time for Defendant Flynet Pictures, LLC to respond to the First Amended Complaint.  Dkt. 52.

1

2025, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for July 11, 2025.  Dkt. 46; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

The FAC asserts seven claims against Defendants: (1) direct copyright infringement; (2) inducement of copyright infringement; (3) contributory copyright infringement; (4) vicarious copyright infringement; (5) removal/alteration of copyright management information; (6) breach of contract; and (7) violation of Cal. Penal Code § 496.  *See* Dkt. 21 (FAC).

Having reviewed and considered the FAC (Dkt. 21), the parties' briefs, and all relevant documents, the court finds the FAC does not allege facts sufficient to state Plaintiffs' sixth cause of action for breach of contract on the face of the pleading, as required by Fed. R. Civ. P. ("Rule") 8(a).  While "[f]ederal law does not require Plaintiff[s] to recite the contract terms verbatim or to attach a copy of the contract to the complaint," Plaintiffs must "identify and describe the provisions on which the right to recovery is based."  *See Envy Brands, Inc. v. Caporale*, Case No. 2:24-cv-02238-MCS (ADSx), 2024 WL 4766197, at *2 (C.D. Cal. Sept. 16, 2024); *see also Smith v. Simon*, Case No. 2:21-cv-07181-MEMF (JCx), 2023 WL 6193007, at *4 (C.D. Cal. Sept. 1, 2023) ("[T]he plaintiff must be specific as to what contractual obligations the defendant breached, and may not make a conclusory assertion that a breach of contract occurred.").

The FAC alleges Plaintiffs "contributed over 100,000 professionally captured photographs to Flynet and FameFlynet," and that these Defendants, in turn, "granted limited rights to license the photographs to publications subject to specific attribution and compensation requirements."  FAC ¶ 29.  According to the FAC, the agreements "were partially oral, partially in writing, and partially implied by conduct, including standard industry practice," and included conditions that required Defendants to provide "proper attribution to Plaintiffs," to ensure publications did the same, and to track their adherence to these attribution obligations and make that information

available to Plaintiffs. *Id.* ¶¶ 29, 30–31. The FAC alleges, however, that Defendants engaged in the "intentional systematic alteration and removal of" copyright management information. *Id.* ¶ 35.

These allegations do not identify and describe the relevant terms of the parties' alleged agreements with sufficient detail to meet Rule 8's pleading requirements. While it is not necessary for Plaintiffs to plead all terms of the alleged contract in its entirety, the court "must be able generally to discern at least what material obligation of the contract the [D]efendants allegedly breached." *See Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 979 (N.D. Cal. 2014). "Here, the [c]ourt cannot perform this task because there is no way for the [c]ourt [to] know even generally what the terms of the contract or contracts were, or even how many agreements are at issue." *See id.* at 979–80. Accordingly, the court GRANTS the Motion as to the sixth cause of action for breach of contract with leave to amend.

With respect to Plaintiffs' remaining claims, they are so intertwined with the breach of contract cause of action that the court is unable to assess fully whether Plaintiffs have pleaded these claims sufficiently, without further details regarding the terms and conditions of the agreements at issue.

The court, therefore, GRANTS the Motion (Dkt. 35) and DISMISSES the FAC with 21 days' leave to amend. Having granted the Motion for the reasons stated, the court need not address the parties' remaining arguments.

IT IS SO ORDERED.

Dated: March 2, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

3