DAVID A. SERGENIAN, State Bar No. 230174
david@sergenianlaw.com
SERGENIAN LAW, P.C.
808 Wilshire Blvd., Suite 200
Santa Monica, CA 90401
Telephone: (213) 435-2035

SHENGMAO MU, State Bar No. 327076
smu@whitewoodlaw.com
WHITEWOOD LAW, P.C.
99 S. Alameda Blvd., Suite 600
San Jose, CA  95113
Tel.: (917) 858-8018
Fax: (917) 591-0618

Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIBAULT MAUVILAIN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FLYNET PICTURES, LLC, et al.,<br><br>Defendants. | Case No. 2:25–cv–2757–FLA–MBKx<br><br>**DISCOVERY MATTER**<br><br>**MAGISTRATE JUDGE MICHAEL B. KAUFMAN**<br><br>**DECLARATION OF DAVID A. SERGENIAN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION AND FURTHER RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION FROM DEFENDANTS BACKGRID INC., BACKGRID USA, INC., AND SHUTTERSTOCK, INC.**<br>Date:        July 8, 2026<br>Time:        10:00 a.m.<br>Location:  Roybal Federal Building<br>Crtrm:      550<br><br>Discovery Cutoff:  September 18, 2026<br>Pretrial Conf.:      February 12, 2027<br>Trial Date:          March 2, 2027 |

## DECLARATION OF DAVID A. SERGENIAN

I, David A. Sergenian, declare as follows:

1.     I am an attorney duly licensed to practice law in the State of California and admitted to practice before the United States District Court for the Central District of California. I am the principal of Sergenian Law, P.C., counsel of record for Plaintiffs Thibault Mauvilain, Henri Mazari, Jeremy Duplaquet, Robert Christian Wolf, Michel Boutefeu, Stéphane Kyndt, and Joseph Mehdi (collectively, "**Plaintiffs**") in this action. I make this declaration based on personal knowledge of the matters stated herein, except where stated on information and belief, and as to those matters, I believe them to be true. If called as a witness, I could and would testify competently to the matters set forth herein.

2.     I make this declaration in support of Plaintiffs' Motion to Compel Production and Further Responses to Plaintiffs' First Set of Requests for Production from Defendants BackGrid Inc., BackGrid USA, Inc., and Shutterstock, Inc. (collectively, the "**BackGrid Defendants**"), and for Sanctions Pursuant to Fed. R. Civ. P. 37(a)(5).

**Background and Procedural Posture**

3.     Plaintiffs filed this action on March 28, 2025, alleging direct copyright infringement, contributory and vicarious infringement, inducement of infringement, removal and alteration of copyright management information under 17 U.S.C. § 1202, breach of implied-in-fact contributor agreements, and violation of California Penal Code § 496. The currently operative pleading is the Second Amended Complaint, filed March 19, 2026. (SAC, ECF No. 80.)

4.     The BackGrid Defendants are represented in this action by Joanna Ardalan, Peter R. Afrasiabi, and David W. Quinto of One LLP. Defendants Flynet Pictures, LLC and FameFlynet, Inc. are represented by separate counsel.

**Plaintiffs' First Set of Requests for Production**

5.     On July 10, 2025, Plaintiffs served their First Set of Requests for Production of Documents on each of the BackGrid Defendants. Each set contained 68 requests directed to the documentary record underlying Plaintiffs' claims, including the contributor

SERGENIAN DECLARATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

relationships, the licensed works, the metadata handling, the licensing revenue, the corporate succession, and the BackGrid Defendants' related litigation.

6. On August 25, 2025, the BackGrid Defendants served their respective written responses.

**Plaintiffs' L.R. 37-1 Meet-and-Confer Efforts**

7. On September 23, 2025, my co-counsel Shengmao Mu sent a Local Rule 37-1 meet-and-confer letter to Joanna Ardalan addressing the deficiencies in the BackGrid Defendants' responses to Plaintiffs' Requests for Production, Interrogatories, and Requests for Admission. Attached as **Exhibit 1** is a true and correct copy of that letter.

8. Following service of the September 23 letter, the parties exchanged correspondence and conferred regarding the scope of discovery, the use of search terms to manage electronic discovery, and a schedule for production. As part of those discussions, the BackGrid Defendants requested that Plaintiffs propose search terms to assist in identifying responsive electronically stored information.

9. On October 15, 2025, Plaintiffs sent The BackGrid Defendants 62 proposed Boolean search terms covering the topics in dispute. Attached as **Exhibit 2** is a true and correct copy of that email and the attachment containing the search terms.

**The Eight Informal Discovery Conferences**

10. The parties participated in eight informal discovery conferences before Magistrate Judge Audero addressing, among other things, the scope and timing of the BackGrid Defendants' document production. Those conferences occurred on November 3, 2025 (ECF Nos. 53, 57), November 12, 2025 (ECF No. 54), December 11, 2025 (ECF No. 66), January 13, 2026 (ECF No. 68), March 3, 2026 (ECF Nos. 76–78, 81), March 24, 2026 (ECF Nos. 82, 83), May 6, 2026 (ECF Nos. 91, 94), and May 13, 2026.[1]

11. At the March 3, 2026 IDC, the Court informed the parties that Plaintiffs could not obtain relief or proceed with the IDC process on the BackGrid Defendants'

---

[1] A ninth IDC, which took place on May 8, 2026 (ECF Nos. 97, 98), addressed a discovery dispute between Plaintiffs and the Flynet Defendants.

SERGENIAN DECLARATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

responses to Plaintiffs' First Set of Requests for Production while no operative pleading was on file, the First Amended Complaint having been dismissed the previous day. (ECF No. 79.) To allow the IDC process to proceed as rapidly as possible, Plaintiffs filed the Second Amended Complaint on March 19, 2026, in advance of the deadline to amend so that the next IDC, which would take place on March 24, 2026, could proceed on the merits.

12. On March 25, 2026, the Court entered a Minute Order finding that Plaintiffs had satisfied their meet-and-confer obligations under Rule 37, while encouraging further meet-and-confer efforts to avoid a motion to compel. (ECF No. 83 at 1–2.)

**The April 10 Demand for Substantial Completion**

13. On March 26, 2026, I sent an email to Joanna Ardalan requesting that the BackGrid Defendants substantially complete their document production by April 10, 2026, and stating that if production was not substantially complete by that date, Plaintiffs would commence the motion-to-compel process under Local Rule 37. The following day, March 27, 2026, I sent a follow-up email clarifying that Plaintiffs would also require amended written responses compliant with Federal Rule of Civil Procedure 34. Attached as **Exhibit 3** is a true and correct copy of that email correspondence. The BackGrid Defendants did not respond to the March 26 demand or the March 27 clarification.

14. The April 10, 2026 deadline passed without any production from the BackGrid Defendants.

**The April 13 Search-Term Modifications and Plaintiffs' April 14 Critique**

15. At Defendants' request, on March 17, 2026, Plaintiffs provided a written mapping of each proposed search term to the specific Requests for Production it was designed to address. Attached as **Exhibit 4** is a true and correct copy of that email. The BackGrid Defendants did not provide a written response to Plaintiffs' search terms.

16. On April 6, 2026, I followed up with Joanna Ardalan regarding the absence of any response to the March 26 and March 27 emails. Ms. Ardalan responded the same day stating that she would "circle back" with a list of proposed search terms based on

- 3 -

SERGENIAN DECLARATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

Plaintiffs' terms, but did not commit to a date. On April 10, 2026, the day the deadline I had imposed for substantial completion of the BackGrid Defendants' production had expired, Ms. Ardalan emailed that she would "have an update on search terms and production on Monday." On the evening of April 13, 2026, Ms. Ardalan emailed Plaintiffs a modified version of Plaintiffs' search terms, asserting that Defendants' e-discovery vendor, Logikcull, did not support certain Boolean operators in the original terms. Attached as **Exhibit 5** is a true and correct copy of that April 13, 2026 email, together with the modified search-terms spreadsheet she attached to that email. I have adjusted the formatting in the spreadsheet and moved and italicized cells that were in an unlabeled row, for readability when converted to PDF. I have not modified any of the content.

17.    On April 14, 2026, I responded to Ms. Ardalan's April 13 email. Attached as **Exhibit 6** is a true and correct copy of my April 14, 2026 email. My response set forth a substantive critique of five categories of defects in the BackGrid Defendants' modified search terms, addressed below, and asked the BackGrid Defendants to provide, for each search executed, the total document hit count, the total universe of documents loaded into Logikcull, the custodian list to which the searches were applied, the methodology by which the BackGrid Defendants assessed responsiveness, and any sampling the BackGrid Defendants conducted. The BackGrid Defendants have not responded to my critique and have not provided any of the requested information.

**The BackGrid Defendants' Refusal to Disclose Hit Counts, Document Universe, or Final Search Terms**

18.    Throughout the search-term negotiation and to the present, the BackGrid Defendants have not disclosed: (a) the total number of documents loaded into Logikcull, (b) the total number of custodians whose documents are loaded into Logikcull, (c) the hit count returned by any search the BackGrid Defendants ran, (d) any sampling methodology or sampling results that would allow Plaintiffs to evaluate the BackGrid Defendants' characterization of search results as responsive or nonresponsive, or (e) the email accounts, file shares, cloud storage, mobile devices, backup tapes, archived systems, legacy

SERGENIAN DECLARATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

databases, or other media and sources from which documents were collected and loaded into Logikcull. I have requested this information from defense counsel on at least four occasions: in Section 5 of my April 14, 2026 email (Ex. 6); in my April 27, 2026 email following the BackGrid Defendants' production (Ex. 7); during the May 9, 2026 meet-and-confer videoconference described below, at which Ms. Ardalan stated that the Back-Grid Defendants would have to re-run the searches with corrected terms and would not say whether hit counts from the original searches had been saved (Ex. 8); and in my May 11, 2026 email to Magistrate Judge Audero's chambers in advance of the May 13, 2026 IDC. (Ex. 9.)

**Boris Nizon's Omission from the BackGrid Defendants' Custodian List**

19.    Boris Nizon does not appear among the custodians the BackGrid Defendants identified in their April 13, 2026 custodian and search-term disclosure. (Ex. 5.) Attached as **Exhibit 10** is a true and correct copy of Boris Nizon's publicly available LinkedIn profile, retrieved on May 3, 2026. The profile identifies Mr. Nizon as Co-Owner of Back-Grid USA, Inc. since May 2017 and as the founder and owner of Fame Pictures, Inc. from 1995 to 2012, and of FameFlynet, Inc. from 2012 to 2017. At the May 13, 2026 IDC, the BackGrid Defendants disclosed that Mr. Nizon maintained a BackGrid email account from 2017 until at least 2024. At that same conference, the BackGrid Defendants represented that they were unable to produce Mr. Nizon's documents because Shutterstock, Inc. did not have possession, custody, or control of them. Magistrate Judge Audero then asked the BackGrid Defendants directly whether BackGrid USA, Inc. has possession, custody, or control of Mr. Nizon's documents, and counsel stated that BackGrid USA, Inc. also does not. On May 16, 2026, I asked the BackGrid Defendants to confirm that representation in writing. Attached as **Exhibit 11** is a true and correct copy of that email. They did not provide the requested confirmation. On May 18, 2026, during a break in the deposition of Thibault Mauvilain, I advised Ms. Ardalan that, absent written confirmation, Plaintiffs would request an Informal Discovery Conference to put the representation on the record. Ms. Ardalan initially declined to provide the confirmation and then stated

- 5 -

SERGENIAN DECLARATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

she would provide it. No written confirmation as to BackGrid USA, Inc. followed. I am informed and believe, based on what my co-counsel Ryan Carreon told me, that on May 20, 2026, during the deposition of Henri Mazari, Ms. Ardalan stated that the BackGrid Defendants had confirmed the representation in writing in their May 19, 2026 opposition to Plaintiffs' *ex parte* application to modify the scheduling order. That filing states only that Mr. Nizon's documents "did not get transferred over when BackGrid was purchased by Shutterstock." (Dkt. 104 at 6.) It does not address whether BackGrid USA, Inc. or BackGrid, Inc. has possession, custody, or control of Mr. Nizon's documents.

20.    Attached as **Exhibit 12** is a true and correct copy of a declaration by Mr. Nizon filed on July 13, 2018, in *FameFlynet, Inc. v. Breitbart News Network, LLC*, No. 2:17-cv-05416-TJH-AS (C.D. Cal.), in support of FameFlynet, Inc.'s motion for summary judgment.

**The BackGrid Defendants' Document Productions**

21.    The BackGrid Defendants previously produced documents bearing the Bates numbers BACKGRID000001–001655. On April 27, 2026, the BackGrid Defendants produced documents bearing the Bates numbers BACKGRID001656–002142. On May 8, May 11, and May 12, 2026, the BackGrid Defendants produced additional documents bearing the Bates numbers BACKGRID002143–002574.

22.    The April 27, 2026 production, comprising approximately 487 pages, consists predominantly of internal accounting records, ACH receipts, LinkedIn notifications, FRE 408 settlement correspondence between defense counsel and Plaintiffs' prior counsel, and screenshots of the BackGrid Defendants' internal "myBackgrid" administrative interface showing set-detail pages for certain photographs in dispute. The same documents appear repeatedly across the production. For example, a single email thread regarding a People.com inquiry was produced three times at distinct Bates ranges (BACKGRID001668, 001758, and 001767); the same FRE 408 settlement-correspondence chain was produced at least six different times, not including redacted portions of the email chain (BACKGRID001659, 001662, 001665, 001700, 001702, and 001706).

SERGENIAN DECLARATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

**Categories of Documents Missing from the April 27 Production**

23.    The April 27, 2026 production does not include:

- source files for the photographs at issue;

- server or access logs for the BackGrid client portal reflecting any third party's access to, search for, viewing of, or licensing of Plaintiffs' photographs (the 214-page activity log produced at BACKGRID001327–001540 covers a single third-party account holder, "Hollywood Uncovered Netflix," and reflects no purchase activity);

- any royalty calculations, payment records, or reconciliations for Plaintiffs Mazari, Kyndt, or Mehdi (none have been produced); for Plaintiffs Wolf, Boutefeu, Duplaquet, and Mauvilain, no royalty calculations, payment records, or reconciliations beyond the per-photographer sales ledgers produced at BACKGRID000001–001326 and the December 11, 2018 reconciliation email for Plaintiff Mauvilain at BACKGRID002097–002131;

- the technical specifications or audit logs for the BackGrid Defendants' digital asset management systems;

- the scripts or processes by which metadata is handled;

- contributor-code documentation;

- the asset purchase agreements, merger agreements, and other documents showing the corporate succession from Flynet Pictures, LLC through FameFlynet, Inc., BackGrid Inc., BackGrid USA, Inc., and Shutterstock, Inc.; or

- copies of pleadings or related filings from the BackGrid Defendants' prior copyright actions,

among other categories of documents responsive to Plaintiffs' Requests.

**The BackGrid Defendants' Outstanding April 27 Commitments**

24.    In the April 27, 2026 email exchange following the production, defense counsel committed in writing to serve amended written responses to Plaintiffs' Requests

- 7 -

SERGENIAN DECLARATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

for Production. (Ex. 7.) On May 6, 2026, BackGrid USA, Inc. served amended written responses. BackGrid, Inc. and Shutterstock, Inc. did not serve amended responses on May 6, 2026. On May 12, 2026, Shutterstock, Inc. served supplemental responses. BackGrid, Inc. has not served amended responses and had not done so as of the date of this declaration.

25.    At the May 9, 2026 meet-and-confer videoconference described below, Ms. Ardalan stated that BackGrid, Inc.'s amended responses, when served, would be substantively the same as BackGrid USA, Inc.'s except where the underlying fact does not exist as to BackGrid, Inc., and that Shutterstock, Inc.'s amended responses would be substantively the same as BackGrid USA, Inc.'s. As of the date of this declaration, BackGrid, Inc. has not served amended responses. In addition, the BackGrid Defendants have not answered the inquiries set forth in Sections 5(a) through (d) of my April 14, 2026 email (Ex. 6).

**The May 9, 2026 Meet-and-Confer Videoconference**

26.    On May 9, 2026, I met and conferred with Ms. Ardalan by videoconference. The parties addressed each of Plaintiffs' Requests for Production as to which Plaintiffs had identified deficiencies in the BackGrid Defendants' responses. The parties reached impasse on Requests for Production Nos. 14, 15, 17, 18, 27, 49, 50, 67, and 68. The parties also discussed the BackGrid Defendants' refusal to provide hit counts, the document universe, custodian information, sampling, or the media and sources searched. Later that day, I sent Ms. Ardalan an email memorializing the meet and confer. Attached as **Exhibit 8** is a true and correct copy of that email.

**The May 11, 2026 Submission to Magistrate Judge Audero**

27.    On May 11, 2026, I submitted an email to Magistrate Judge Audero's chambers in advance of the May 13, 2026 Informal Discovery Conference, identifying the Requests for Production at impasse and the BackGrid Defendants' refusal to provide hit counts, the document universe, or the media and sources searched.

SERGENIAN DECLARATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

**The May 13, 2026 IDC**

28.     At the May 13, 2026 IDC, the BackGrid Defendants also made oral representations as to several disputed categories. Ms. Ardalan represented, as to RFP 49, that bulk-sales contracts and asset lists were already included within the sales summaries previously produced. That representation has not been memorialized in a compliant Rule 34 response, supporting declaration, or further production as of the date of this declaration.

**Service of the Joint Stipulation on the BackGrid Defendants**

29.     On May 14, 2026, I served the revised Joint Stipulation, this declaration, and the accompanying exhibits on counsel for the BackGrid Defendants by email. My transmittal email identified seven categories of relief that Plaintiffs would withdraw from the version of the Joint Stipulation filed with the Court if the BackGrid Defendants honored, by close of business on Tuesday, May 19, 2026, the corresponding commitments their counsel made orally at the May 13, 2026 IDC. Attached as **Exhibit 13** is a true and correct copy of my May 14, 2026 transmittal email.

**Local Rule 37-1 and Federal Rule 37(a)(1) Certifications**

30.     The parties have engaged in extensive meet-and-confer efforts on the disputes addressed in this Joint Stipulation. Those efforts include the September 23, 2025 Local Rule 37-1 letter (Ex. 1); written and telephonic correspondence between counsel between September 2025 and the present; the eight informal discovery conferences identified in paragraph 10 above; the March 26 and 27, 2026 demand correspondence (Ex. 3); the April 14, 2026 critique of the BackGrid Defendants' modified search terms (Ex. 6); the April 27, 2026 post-production correspondence (Ex. 7); review of BackGrid USA, Inc.'s May 6, 2026 supplemental responses; the May 9, 2026 meet-and-confer videoconference and memorialization email (Ex. 8); the May 11, 2026 chambers email exchange (Ex. 9); the May 13, 2026 Informal Discovery Conference; and the May 14, 2026 transmittal email (Ex. 13). On March 25, 2026, Magistrate Judge Audero entered a Minute Order finding that the parties had satisfied their meet-and-confer obligations under Rule 37, while encouraging further efforts to resolve disputes. (ECF No. 83 at 1–2.) After

- 9 -

SERGENIAN DECLARATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

Plaintiffs served a Rule 37 Joint Stipulation on the BackGrid Defendants on May 5, 2026, the Court declined at the May 6, 2026 IDC to authorize the filing of the motion at that time without prejudice to its later filing, and set the May 13, 2026 IDC to address the alleged deficiencies in the BackGrid Defendants' document production. (ECF No. 94 at 2.) On May 13, 2026, the parties addressed the issues raised in this Joint Stipulation at an IDC before Magistrate Judge Audero, and Magistrate Judge Audero orally authorized Plaintiffs to serve a revised Joint Stipulation on certain issues, as reflected in the Court's minute order entered May 15, 2026. (ECF No. 102.) On May 22, 2026, Magistrate Judge Audero entered a text-only order denying Plaintiffs' request for a further Informal Discovery Conference, finding that the parties have satisfied their pre-motion meet-and-confer obligations, and permitting Plaintiffs to file a discovery motion under Federal Rule of Civil Procedure 37 in compliance with Local Rule 37 and Judge Aenlle-Rocha's case schedule. (ECF No. 108.)

31.   I certify pursuant to Federal Rule of Civil Procedure 37(a)(1) that, in good faith, I have conferred and attempted to confer with counsel for the BackGrid Defendants in an effort to obtain the discovery at issue without court action.

**Request for Sanctions**

32.   Plaintiffs seek an award of $16,800 in attorney's fees as a sanction under Federal Rule of Civil Procedure 37(a)(5)(A) for the reasonable expenses incurred in bringing this Motion. I spent 34.7 hours solely on activities necessitated by Defendants' failure to comply with the discovery rules (i.e., the preparation and presentation of this Motion): 2.8 hours on May 1, 2026; 4.8 hours on May 2, 2026; 6.4 hours on May 3, 2026; 5.7 hours on May 4, 2026; 2 hours on May 5, 2026; 2 hours on May 11, 2026, revising the joint stipulation following the May 9 meet-and-confer videoconference; 6 hours on May 12, 2026, revising the joint stipulation following the May 11 chambers email exchange and Defendants' supplemental productions; and 5 hours on May 13 and May 14, 2026, revising the joint stipulation, this declaration, and the accompanying exhibits following the conference. These hours exclude time spent on the meet-and-confer process,

SERGENIAN DECLARATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

the IDCs, and the broader management of discovery. Because several of the disputed categories addressed in those hours have since been resolved, Plaintiffs do not seek their full incurred time, and instead seek only one-half of those hours (17.4 hours) as the portion fairly attributable to the issues that remain at impasse in this Motion, together with the 5 hours I expect to spend on a supplemental memorandum of law. At my $750 hourly rate, the resulting 22.4 hours yields $16,800.

33.    My standard hourly billing rate is $750. I have practiced in California since 2004. I graduated from the University of Virginia School of Law. From 2004 to 2006, I practiced commercial litigation and intellectual-property litigation at Gradstein, Luskin & Van Dalsem, P.C.; from 2006 to 2013, at Quinn Emanuel Urquhart & Sullivan, LLP; from 2013 to 2016, at Glaser Weil Fink Howard Avchen & Shapiro, LLP; and from 2017 to present at law firms I founded. Copyright and intellectual-property litigation have been a substantial part of my practice throughout my career.

34.    My $750 hourly rate is below or at the low end of the prevailing market rate for litigation partners in Los Angeles. The 2024 Real Rate Report, which courts in this District routinely consult as a benchmark, reports a median hourly rate of $895 for partners in Los Angeles, with a third-quartile rate of $1,268. For commercial-litigation partners specifically, the range is $675 to $1,575. *See Bank of Hope v. Expedited Travel, LLC*, 2026 U.S. Dist. LEXIS 79619, at *6–7 (C.D. Cal. Feb. 13, 2026) (taking judicial notice of the 2024 Real Rate Report: Lawyer Rates, Trends, and Analysis); *Trs. of the Laundry v. Kleen Kraft Servs., Inc.*, 2026 U.S. Dist. LEXIS 47266, at *8–10 (C.D. Cal. Feb. 2, 2026) (same).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 1, 2026

/s/David A. Sergenian
David A. Sergenian

- 11 -

SERGENIAN DECLARATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS