# Exhibit 1

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

September 23, 2025

**VIA EMAIL**
Jo Ardalan
One LLP
jardalan@onellp.com

**Re: Mauvilain v. BackGrid, Inc. et al. – Local Rule 37-1 Meet and Confer Request re Discovery Responses from BackGrid, Inc., BackGrid USA, Inc., and Shutterstock, Inc.**

Counsel,

Pursuant to Federal Rules of Civil Procedure 37(a)(1) and Local Rule 37-1, we write to request a meet and confer regarding the discovery responses and objections served by BackGrid, Inc., BackGrid USA, Inc., and Shutterstock, Inc. (collectively "Defendants") on August 25, 2025. As explained more fully below, Defendants' responses and objections to Plaintiff's Requests for Production ("RFPs"), Requests for Admission ("RFAs") and Interrogatories ("ROGs") are deficient, and we request that Defendants withdraw certain objections and agree to provide supplemental responses and documents accordingly.

In light of the points raised below, we request that you please provide available dates and times for us to discuss whether we might resolve the issues have been raised. If we are unable to come to an agreeable resolution of these issues, it is our intent to seek any and all remedies available including filing a motion to compel and seeking appropriate sanctions.

## I.    PRELIMINARY MATTERS

Defendants have indicated that they intend to produce certain documents and information subject to a stipulated protective order. We propose that the parties agree to the model protective order available on Magistrate Judge Audero's website, available here.

Regarding objections based on claims of privilege and/or attorney work product protection, you confirmed during our meet and confer on September 16 that your clients will provide a privilege log. Please let us know when we can expect to receive it.

+1 (917) 858 8018          www.whitewoodlaw.com                                    1
smu@whitewoodlaw.com    57 West 57th St., 3rd & 4th Floors Manhattan, NY 10019

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

## II.    REQUESTS FOR PRODUCTION

### A.    General Matters

Defendants have lodged various objections to all 68 RFPs. Federal Rules of Civil Procedure 34(b)(2)(C) states that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Defendants' responses do not state whether any responsive materials are being withheld on the basis of an objection. For each and every RFP, we request that Defendants amend to clarify whether or not any responsive documents are being withheld. If so, please include any and all such documents on Defendants' privilege log.

Defendants also object to each RFP as calling for privileged or work product protected information. As discussed above, please provide an appropriate privilege log for any documents that have been withheld.

Defendants also object to each RFP to the extent it "seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information." As discussed above, Plaintiffs are willing to enter into a mutually agreeable protective order. Once such an order is entered, we respectfully request that this objection be withdrawn.

Defendants also object to each RFP as "vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." General objections that a discovery request was overbroad, vague and unduly burdensome are not sufficiently specific to allow court to ascertain objectionable character of discovery request and are improper. *United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007) (citing cases). Additionally, in 2015, the phrase "reasonably calculated to lead to discovery of admissible evidence" standard was removed from Rule 26(b)(1) and replaced with the "relevant and proportional to the needs of the case" standard. Because Defendants do not specifically articulate why they believe each RFP is overly broad or unduly burdensome, and rely on an outdated discovery standard, we respectfully request that this objection be withdrawn.

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

Defendants have objected to the definition of "YOU" as overly broad and unduly burdensome. The current definition of "YOU" refers to the named Defendant "and any other person or entities acting on its behalf." It appears that Defendants have unilaterally narrowed "YOU" to refer only to the named Defendant, and to exclude other persons or entities acting on Defendants' behalf. Under Rule 34, a party must produce or permit inspection of documents responsive to a request for production of documents when such documents are in the party's "possession, custody or control." A party responding to a Rule 34 production request "is under an affirmative duty to seek that information reasonably available to [it] from [its] employees, *agents, or others subject to [its] control.*" *A. Farber & Ptnrs., Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006) (citation and quotation omitted, emphasis added).

Here, Plaintiffs' definition of "YOU" comports with both the letter and spirit of Rule 34 and is not overly broad or unduly burdensome. Defendants' narrowed definition of "YOU" is improper because it necessarily excludes third parties that are not technically part of the Defendant entities, but which nonetheless may have been acting at the behest of Defendants, or may be in possession of responsive documents to which Defendants would have the legal right to obtain. We respectfully request that Defendants withdraw all objections to the definition "YOU" and provide all responsive documents accordingly.

With respect to the RFPs propounded on Defendant Shutterstock, Inc., Defendant Shutterstock Inc. has objected to the definition of "YOU" because "Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf." The definition of "YOU" as contained in the RFPs propounded on Defendant Shutterstock, Inc. contained a typographical error which mistakenly transposed "Flynet Picture, LLC" in place of "Shutterstock, Inc." The correct definition should have read:

> "SHUTTERSTOCK," "YOU" or "YOUR" means Defendant Shutterstock, Inc. and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives.

Plaintiffs are prepared to serve amended RFPs to Shutterstock Inc. with the corrected definition. However, in order to save time and costs, Plaintiffs would propose that the parties agree to substitute the corrected definition of "YOU" into the RFPs that have already been served to Shutterstock, Inc. If Defendants are agreeable to this, please be prepared to discuss whether the substitution of the corrected definition would resolve any of Shutterstock, Inc.'s objections and/or whether or not Shutterstock, Inc. would be prepared to provide responsive documents to requests that it currently contends are wholly objectionable.

### B.    Specific RFPs for Defendants BackGrid Inc. and BackGrid USA, Inc.

#### 1.    RFP Nos. 4 and 13

Defendants BackGrid Inc. and BackGrid USA, Inc. (collectively "BackGrid Defendants") objected to these RFPs as "directed to the wrong party." A party responding to a Rule 34 production request "is under an affirmative duty to seek that information reasonably available to [it] from [its] employees, *agents, or others subject to [its] control*." *A. Farber & Ptnrs., Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006) (citation and quotation omitted, emphasis added).

We understand that the BackGrid Defendants are successor entities to Flynet Pictures, LLC and FameFlynet, Inc. (collectively "Flynet"). While it may be the BackGrid Defendants' position that some or all responsive documents originated with Flynet, this RFP was specifically directed to the BackGrid Defendants and not Flynet or any other person or entity. As successor entities of Flynet, the BackGrid Defendants may have access to documents that were created during the existence of Flynet and whose possession, custody, or control subsequently transferred to the BackGrid Defendants.

As such, to the extent that the BackGrid Defendants have possession, custody, or control of responsive documents, this objection must be withdrawn, and the BackGrid Defendants have a duty to undertake a diligent search.

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

**2.      RFP No. 2, 5, 7, 9, 11, 13-15, 17, 19-20, 23, 29, 40, 44, and 66.**

The BackGrid Defendants objected to the term "COPYRIGHTED WORKS" as being defined in such as was so as to "prohibit[] the Responding Party from searching its documents … in a meaningful manner." This objection is not well taken. However, Plaintiffs are willing to meet and confer about custodians and exchange search terms prior to collecting and producing documents.

**3.      RFP Nos. 16, 20-22, 25-29, 31-36, 38, 43, 46-56, 58, 61-62, 64, and 67-68.**

The BackGrid Defendants have refused to produce documents responsive to these RFPs and sought to meet and confer with Plaintiffs. All of the objections to these RFPs are non-specific, and have already been addressed in this letter. It is unclear whether the BackGrid Defendants have a request-specific basis to refuse to provide responsive documents. To the extent specific bases exists, we would respectfully request that the BackGrid Defendants be prepared to articulate them during the meet and confer, as well as any proposals the BackGrid Defendants have to resolve the dispute.

**C.      Specific RFPs for Defendant Shutterstock, Inc.**

**1.      RFP Nos. 2, 4, 6-7, 9, 11, 13, 62, and 64.**

Defendant Shutterstock, Inc. objected to these RFPs as "directed to the wrong party." A party responding to a Rule 34 production request "is under an affirmative duty to seek that information reasonably available to [it] from [its] employees, *agents, or others subject to [its] control.*" *A. Farber & Ptnrs., Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006) (citation and quotation omitted, emphasis added).

We understand that Defendant Shutterstock, Inc. is the successor entity to each of the named co-defendants in this case. While it may be Defendant Shutterstock, Inc.'s position that some or all responsive documents originated with a prior successor entity, this RFP was specifically directed to Defendant Shutterstock, Inc. and not any other person or entity. As a successor entity, Defendant Shutterstock, Inc. may have access to documents that were created

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

during the existence of its predecessor entities and whose possession, custody, or control subsequently transferred to Defendant Shutterstock, Inc.

As such, to the extent that Defendant Shutterstock, Inc. has possession, custody, or control of responsive documents, this objection must be withdrawn, and Defendant Shutterstock, Inc. has a duty to undertake a diligent search.

### 2.    *RFP No. 2, 5, 7, 9, 11, 13-20, 23, 29, 40, 44, and 66.*

Defendant Shutterstock, Inc. objected to the term "COPYRIGHTED WORKS" as being defined in such as was so as to "prohibit[] the Responding Party from searching its documents … in a meaningful manner."

This objection is not well taken. However, Plaintiffs are willing to meet and confer about custodians and exchange search terms prior to collecting and producing documents.

Plaintiff notes that Defendant Shutterstock, Inc. lodged this objection to RFPs 16 and 18 despite the term "COPYRIGHTED WORKS" not appearing as part of these requests. We request that this objection be withdrawn as to RFPs 16 and 18.

### 3.    *RFP Nos. 22,  25-29, 31-36, 38, 43, 46-56, 58, 61, and 67-68.*

Defendant Shutterstock, Inc. has refused to produce documents responsive to these RFPs and sought to meet and confer with Plaintiffs. All of the objections to these RFPs are non-specific, and have already been addressed in this letter. It is unclear whether Defendant Shutterstock, Inc. has a request-specific basis to refuse to provide responsive documents. To the extent one exists, we would respectfully request that Defendant Shutterstock, Inc. has be prepared to articulate it during the meet and confer, as well as any proposals the BackGrid Defendants have to resolve the dispute.

## III.    INTERROGATORIES

### A.    General Matters

Defendants object to each ROG as "vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." General objections that a discovery request was

overbroad, vague and unduly burdensome are not sufficiently specific to allow court to ascertain objectionable character of discovery request and are improper. *United States ex rel. O'Connell v. Chapman Univ*., 245 F.R.D. 646, 649 (C.D. Cal. 2007) (citing cases). Additionally, in 2015, the phrase "reasonably calculated to lead to discovery of admissible evidence" standard was removed from Rule 26(b)(1) and replaced with the "relevant and proportional to the needs of the case" standard. Because Defendants do not specifically articulate why they believe each ROG is overly broad or unduly burdensome, and rely on an outdated discovery standard, we respectfully request that this objection be withdrawn.

Defendants have objected to the definition of "YOU" as overly broad and unduly burdensome. The current definition of "YOU" refers to the named Defendant "and any other person or entities acting on its behalf." It appears that Defendants have unilaterally narrowed "YOU" to refer only to the named Defendant, and to exclude other persons or entities acting on Defendants' behalf. Under Rule 36, a responding party "cannot avoid answering [an interrogatory] by alleging ignorance, if the party can obtain the necessary information through reasonable inquiry … [a] party cannot limit its answer to matter within its own knowledge and ignore information readily available to it or under its control…. This may require a party to seek information from non-parties in order to answer the interrogatory." *United States v. All Assets Held at Bank Julius Baer & Co*., 309 F.R.D. 1, 14 (D.D.C. 2015) (citation and quotation omitted).

Defendants' narrowed definition of "YOU" is improper because it necessarily excludes third parties that are not technically part of the Defendant entities, but which nonetheless may have been acting at the behest of Defendants. We respectfully request that Defendants withdraw all objections to the definition "YOU" and supplement their responses accordingly.

With respect to the ROGs propounded on Defendant Shutterstock, Inc., Defendant Shutterstock Inc. has objected to the definition of "YOU" because "Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf." The definition of "YOU" as contained in the ROGs propounded on Defendant Shutterstock, Inc. contained a typographical error which

📞 +1 (917) 858 8018    🌐 www.whitewoodlaw.com
✉ smu@whitewoodlaw.com    📍 57 West 57th St., 3rd & 4th Floors Manhattan, NY 10019

7

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

mistakenly transposed "Flynet Picture, LLC" in place of "Shutterstock, Inc." The correct definition should have read:

> "SHUTTERSTOCK," "YOU" or "YOUR" means Defendant Shutterstock, Inc. and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives.

Plaintiffs are prepared to serve amended ROGs to Shutterstock Inc. with the corrected definition. However, in order to save time and costs, Plaintiffs would propose that the parties agree to substitute the corrected definition of "YOU" into the ROGs that have already been served to Shutterstock, Inc. If Defendants are agreeable to this, please be prepared to discuss whether the substitution of the corrected definition would resolve any of Shutterstock, Inc.'s objections and/or whether or not Shutterstock, Inc. would be prepared to provide responsive documents to requests that it currently contends are wholly objectionable.

**B.      Specific Interrogatories as to BackGrid Inc. and BackGrid USA, Inc.**

**1.      *ROG No. 2.***

The BackGrid Defendants object to the term "business relationship" as vague and ambiguous. The BackGrid Defendants state that they interpret "business relationship" to "mean and include legal relationship between the Responding Party and Plaintiffs, such as an employer/employee, principal/agent, [or] similar relationship." Plaintiff disagrees with this definition as it needs to include at least independent contractors, licensors, etc.

The BackGrid Defendants object to the term "DESCRIBE IN DETAIL" and "IDENTIFY" as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL 3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to "DESCRIBE IN DETAIL" interrogatory).

The BackGrid Defendants state that they will produce responsive documents subject to a protective order. Please clarify whether this response is intended to invoke the procedure outline in Rule 33(d). If so, please provide the specific bates range.

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 2.    ROG No. 3.

The BackGrid Defendants state that they will produce responsive documents subject to a protective order. Please clarify whether this response is intended to invoke the procedure outline in Rule 33(d). If so, please provide the specific bates range.

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 3.    ROG No. 4.

The BackGrid Defendants object to the term "DESCRIBE IN DETAIL" and "IDENTIFY" as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL 3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to "DESCRIBE IN DETAIL" interrogatory).

The BackGrid Defendants object to the terms "receiving, ingesting, and archiving" as requiring responses to three different interrogatories. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). Plaintiffs consider "receiving, ingesting, and archiving" to describe a single continuous process. Plaintiffs are willing to discuss this further on the meet and confer call.



We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 4.    ROG No. 5.

The BackGrid Defendants object to the term "DESCRIBE IN DETAIL" and "IDENTIFY" as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL 3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to "DESCRIBE IN DETAIL" interrogatory).

The BackGrid Defendants object to the phrase "licensing to clients from 2002 to the present" as too broad. This objection is questionable as Plaintiffs clearly indicated the timeframe and to whom the copyrights were licensed to.

The BackGrid Defendants object to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). The BackGrid Defendants have not specified the alleged impermissible subparts.

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 5.    ROG No. 6.

The BackGrid Defendants state that they will produce responsive documents subject to a protective order. Please clarify whether this response is intended to invoke the procedure outline in Rule 33(d). If so, please provide the specific bates range.

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 6.    ROG No. 7.

The BackGrid Defendants object to the term "DESCRIBE IN DETAIL" and "IDENTIFY" as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL 3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to "DESCRIBE IN DETAIL" interrogatory).

The BackGrid Defendants object on the basis the interrogatory "is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to." However, this interrogatory clearly refers to *all* photographs contributed by Plaintiffs between 2002 and 2011.

The BackGrid Defendants object on the basis that the interrogatory "is vague and ambiguous in that it does not specify to whom the photographs were contributed." However, interrogatory specifically states that it refers to photographs that were contributed between 2002 and 2011 and "were included in YOUR publicly available archives or client-facing library." Thus, it is irrelevant to whom the photographs were contributed so long as they were contributed during the specified period and included in the BackGrid Defendants publicly available library.

The BackGrid Defendants object to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at

the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). The BackGrid Defendants have not specified the alleged impermissible subparts.

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 7.    ROG No. 8.

The BackGrid Defendants object to this interrogatory and unduly burdensome because it requests information related to "every policy, practice, or procedure" regarding the handling of CMI for a 23 year period. Plaintiff is willing to limit the scope to only encompass 2016 to present, as it understands that to be the year the BackGrid entities were created.

The BackGrid Defendants object to the term "DESCRIBE IN DETAIL" and "IDENTIFY" as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL 3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to "DESCRIBE IN DETAIL" interrogatory).

The BackGrid Defendants object to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). The BackGrid Defendants have not specified the alleged impermissible subparts.

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

**8.    ROG No. 9.**

The BackGrid Defendants object on the basis the interrogatory "is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to." However, this interrogatory clearly refers to *all* photographs contributed by Plaintiffs.

The BackGrid Defendants object to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). The BackGrid Defendants have not specified the alleged impermissible subparts.

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

**9.    ROG No. 10.**

The BackGrid Defendants object on the basis the interrogatory "is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to." However, this interrogatory clearly refers to *all* photographs contributed by Plaintiffs.

The BackGrid Defendants object to the term "DESCRIBE IN DETAIL" and "IDENTIFY" as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL 3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to "DESCRIBE IN DETAIL" interrogatory).

The BackGrid Defendants object to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they

📞 +1 (917) 858 8018     🌐 www.whitewoodlaw.com
✉ smu@whitewoodlaw.com     📍 57 West 57th St., 3rd & 4th Floors Manhattan, NY 10019

13

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). The BackGrid Defendants have not specified the alleged impermissible subparts.

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 10. ROG No. 11.

The BackGrid Defendants object on the basis the interrogatory "is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to." However, this interrogatory does not refer to any works.

The BackGrid Defendants object to the term "DESCRIBE IN DETAIL" and "IDENTIFY" as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL 3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to "DESCRIBE IN DETAIL" interrogatory).

The BackGrid Defendants object to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). The BackGrid Defendants have not specified the alleged impermissible subparts.



We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 11. ROG No. 12.

The BackGrid Defendants state that they will produce responsive documents subject to a protective order. Please clarify whether this response is intended to invoke the procedure outline in Rule 33(d). If so, please provide the specific bates range.

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 12. ROG Nos. 13-14.

The BackGrid Defendants object to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). The BackGrid Defendants have not specified the alleged impermissible subparts.

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 13. ROG No. 15.

The BackGrid Defendants state that this interrogatory "is directed to the wrong party." However, the interrogatory specifically states that it is directed to "YOU" i.e. the BackGrid Defendants. This response is insufficient. Either the BackGrid Defendants should state that they are the successor-in-interest to Flynet or they should state that they are not and provide the appropriate factual basis.

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 14.    *ROG No. 16.*

The BackGrid Defendants object on the basis the interrogatory "is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to." However, this interrogatory clearly refers to *any* photographs contributed by Plaintiffs.

The BackGrid Defendants object to the term "DESCRIBE IN DETAIL" and "IDENTIFY"; however, no such defined terms appear in this interrogatory.

The BackGrid Defendants object to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). The BackGrid Defendants have not specified the alleged impermissible subparts.

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 15.    *ROG No. 17.*

The BackGrid Defendants object on the basis the interrogatory "is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to." However, this interrogatory does not refer to any works.

The BackGrid Defendants object to the term "DESCRIBE IN DETAIL" and "IDENTIFY" however no such defined terms appear in this interrogatory.

The BackGrid Defendants object to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts

generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). The BackGrid Defendants have not specified the alleged impermissible subparts.

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 16.    ROG No. 18.

The BackGrid Defendants object on the basis the interrogatory "is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to." However, this interrogatory clearly refers to *all* photographs contributed by Plaintiffs.

The BackGrid Defendants object to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). The BackGrid Defendants have not specified the alleged impermissible subparts.

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 17.    ROG No. 20.

The BackGrid Defendants object to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025).

Courts that have considered similarly worded interrogatories have considered them permissible and compelled responses. *See Kuang Xuan Liu v. Win Woo Trading, LLC*, 2015 U.S. Dist. LEXIS 118610, 2015 WL 5168655 (N.D. Cal. Sep. 3, 2015).

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### C.    Specific Interrogatories as to Shutterstock, Inc.

#### 1.    ROG No. 2.

Defendant Shutterstock, Inc. objects to the term "business relationship" as vague and ambiguous. Defendant Shutterstock, Inc. states that it interpret "business relationship" to "mean and include legal relationship between the Responding Party and Plaintiffs, such as an employer/employee, principal/agent, [or] similar relationship." Plaintiff disagrees with this definition as it needs to include at least independent contractors, licensors, etc.

Defendant Shutterstock, Inc. objects to the term "DESCRIBE IN DETAIL" and "IDENTIFY" as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL 3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to "DESCRIBE IN DETAIL" interrogatory).

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding

WHITEWOOD LAW

YOUR INNOVATION, OUR EXPERTISE

to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that the Defendant Shutterstock, Inc. these objections and supplement its responses accordingly.

### 2.    *ROG No. 3.*

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that the Defendant Shutterstock, Inc. these objections and supplement its responses accordingly.

### 3.    *ROG No. 4.*

Defendant Shutterstock, Inc. objects to the term "DESCRIBE IN DETAIL" and "IDENTIFY" as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL 3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to "DESCRIBE IN DETAIL" interrogatory).

Defendant Shutterstock, Inc. objects to the terms "receiving, ingesting, and archiving" as requiring responses to three different interrogatories. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). Plaintiffs consider "receiving, ingesting, and

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

archiving" to describe a single continuous process. Plaintiffs are willing to discuss this further on the meet and confer call.

Defendant Shutterstock, Inc. objects that this interrogatory irrelevant because Plaintiffs have not submitted photographs to Defendant Shutterstock, Inc. Plaintiffs are informed and believe that Defendant Shutterstock, Inc. purchased the assets of the BackGrid Defendants, which included taking control of Plaintiffs previously submitted photographs. As such, Plaintiffs believe it is relevant to understand Defendant Shutterstock, Inc.'s processes.

We respectfully request that the Defendant Shutterstock, Inc. these objections and supplement its responses accordingly.

### 4.    *ROG No. 5.*

Defendant Shutterstock, Inc. objects to the term "DESCRIBE IN DETAIL" and "IDENTIFY" as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL 3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to "DESCRIBE IN DETAIL" interrogatory).

Defendant Shutterstock, Inc. objects to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). Defendant Shutterstock, Inc. has not specified the alleged impermissible subparts.

Defendant Shutterstock, Inc. also objected to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and

responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that the Defendant Shutterstock, Inc. these objections and supplement its responses accordingly.

### 5.    ROG No. 6.

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that the Defendant Shutterstock, Inc. these objections and supplement its responses accordingly.

### 6.    ROG No. 7.

Defendant Shutterstock, Inc. objects to the term "DESCRIBE IN DETAIL" and "IDENTIFY" as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL 3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to "DESCRIBE IN DETAIL" interrogatory).

Defendant Shutterstock, Inc. objects on the basis the interrogatory "is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to." However, this interrogatory clearly refers to *all* photographs contributed by Plaintiffs between 2002 and 2011.

Defendant Shutterstock, Inc. objects on the basis that the interrogatory "is vague and ambiguous in that it does not specify to whom the photographs were contributed." However, interrogatory specifically states that it refers to photographs that were contributed between 2002 and 2011 and "were included in YOUR publicly available archives or client-facing library." Thus, it is irrelevant to whom the photographs were contributed so long as they were

contributed during the specified period and included in Defendant Shutterstock, Inc.'s publicly available library.

Defendant Shutterstock, Inc. objects to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). Defendant Shutterstock, Inc. has not specified the alleged impermissible subparts.

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

### 7.    *ROG No. 8.*

Defendant Shutterstock, Inc. objects to this interrogatory as unduly burdensome because it requests information related to "every policy, practice, or procedure" regarding the handling of CMI for a 23-year period. Plaintiff is willing to limit the scope to only encompass 2023 to present, as it understands that to be the year that Defendant Shutterstock, Inc. merged with the BackGrid Defendants.

Defendant Shutterstock, Inc. objects to the term "DESCRIBE IN DETAIL" and "IDENTIFY" as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to "DESCRIBE IN DETAIL" interrogatory).

Defendant Shutterstock, Inc. object to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). Defendant Shutterstock, Inc. has not specified the alleged impermissible subparts.

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

### 8.    ROG No. 9.

Defendant Shutterstock, Inc. objects on the basis the interrogatory "is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to." However, this interrogatory clearly refers to *all* photographs contributed by Plaintiffs.

Defendant Shutterstock, Inc. object to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one

📞 +1 (917) 858 8018    🌐 www.whitewoodlaw.com
✉ smu@whitewoodlaw.com    📍 57 West 57th St., 3rd & 4th Floors Manhattan, NY 10019

23

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). Defendant Shutterstock, Inc. has not specified the alleged impermissible subparts.

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

### 9.    *ROG No. 10.*

Defendant Shutterstock, Inc. object on the basis the interrogatory "is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to." However, this interrogatory clearly refers to *all* photographs contributed by Plaintiffs.

Defendant Shutterstock, Inc. objects to the term "DESCRIBE IN DETAIL" and "IDENTIFY" as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL 3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to "DESCRIBE IN DETAIL" interrogatory).

Defendant Shutterstock, Inc. objects to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

the meeting').'" *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). Defendant Shutterstock, Inc. has not specified the alleged impermissible subparts.

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

### 10.    ROG No. 11.

Defendant Shutterstock, Inc. objects on the basis the interrogatory "is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to." However, this interrogatory does not refer to any works.

Defendant Shutterstock, Inc. objects to the term "DESCRIBE IN DETAIL" and "IDENTIFY" as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL 3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to "DESCRIBE IN DETAIL" interrogatory).

Defendant Shutterstock, Inc. objects to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting').'" *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). Defendant Shutterstock, Inc. has not specified the alleged impermissible subparts.

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

### 11.    ROG No. 12.

Defendant Shutterstock, Inc. objects to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). Defendant Shutterstock, Inc. has not specified the alleged impermissible subparts.

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

### 12.    ROG Nos. 13-14.

Defendant Shutterstock, Inc. objects to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'"

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

*Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). Defendant Shutterstock, Inc. has not specified the alleged impermissible subparts.

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

### 13.    ROG No. 15.

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

### 14.    ROG No. 16.

Defendant Shutterstock, Inc. objects on the basis the interrogatory "is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to." However, this interrogatory clearly refers to *any* photographs contributed by Plaintiffs.

Defendant Shutterstock, Inc. objects to the term "DESCRIBE IN DETAIL" and "IDENTIFY" however no such defined terms appear in this interrogatory.

Defendant Shutterstock, Inc. objects to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). Defendant Shutterstock, Inc. has not specified the alleged impermissible subparts.

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

### 15. ROG No. 17.

Defendant Shutterstock, Inc. objects on the basis the interrogatory "is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to." However, this interrogatory does not refer to any works.

Defendant Shutterstock, Inc. objects to the term "DESCRIBE IN DETAIL" and "IDENTIFY"; however, no such defined terms appear in this interrogatory.

Defendant Shutterstock, Inc. objects to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). Defendant Shutterstock, Inc. has not specified the alleged impermissible subparts.

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

### 16.     ROG No. 18.

Defendant Shutterstock, Inc. objects on the basis the interrogatory "is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to." However, this interrogatory clearly refers to *all* photographs contributed by Plaintiffs.

Defendant Shutterstock, Inc. objects to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). Defendant Shutterstock, Inc. has not specified the alleged impermissible subparts.

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

**WHITEWOOD LAW**
YOUR INNOVATION, OUR EXPERTISE

### 17.    ROG No. 20.

Defendant Shutterstock, Inc. objects to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025).

Courts that have considered similarly worded interrogatories have considered them permissible and compelled responses. *See Kuang Xuan Liu v. Win Woo Trading, LLC*, 2015 U.S. Dist. LEXIS 118610, 2015 WL 5168655 (N.D. Cal. Sep. 3, 2015).

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

## IV.    REQUESTS FOR ADMISSION

### A.    General Matters

Defendants have lodged various objections to all 31 RFAs.

Defendants object to each RFA as "vague, ambiguous, overly broad, unduly burdensome, and/or seek[ing] documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence."

General objections that a discovery request was overbroad, vague and unduly burdensome are not sufficiently specific to allow court to ascertain objectionable character of discovery request and are improper. *United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007) (citing cases). Additionally, in 2015, the phrase "reasonably

calculated to lead to discovery of admissible evidence" standard was removed from Rule 26(b)(1) and replaced with the "relevant and proportional to the needs of the case" standard. Finally, Plaintiffs' RFAs do not seek documents as indicated in the objection, but rather seek admissions or denials. Because Defendants do not specifically articulate why they believe each RFA is overly broad or unduly burdensome, and rely on an outdated discovery standard, we respectfully request that this objection be withdrawn.

Defendants also object to each RFA as calling for privileged or work product protected information. This is simply a boilerplate objection. To the extent you can articulate specifically how a response to each RFAs would violate privilege or work product protection, we would invite you to present such at the meet and confer. Otherwise, we respectfully request that this objection be withdrawn.

Defendants also object to each RFP to the extent it "seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information." As discussed above, Plaintiffs are willing to enter into a mutually agreeable protective order. Once such an order is entered, we respectfully request that this objection be withdrawn.

Defendants have objected to the definition of "YOU" as overly broad and unduly burdensome. The current definition of "YOU" refers to the named Defendant "and any other person or entities acting on its behalf." It appears that Defendants have unilaterally narrowed "YOU" to refer only to the named Defendant, and to exclude other persons or entities acting on Defendants' behalf. However, Rule 36 requires the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control and to state fully those efforts. *A. Farber & Partners., Inc. v. Garber*, 237 F.R.D. 250, 254 (C.D. Cal. 2006), citing *Henry v. Champlain Enters*., 212 F.R.D. 73, 78 (N.D. N.Y. 2003). Such reasonable inquiry includes an investigation and inquiry of employees, agents, and others, "who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." *Id.* The inquiry may require venturing beyond the parties to the litigation. *Id.* At a minimum, "a party must make inquiry of a third party when there is some identity of interest



manifested, such as by both being parties to the litigation, a present or prior relationship of mutual concerns, or their active cooperation in the litigation, and when there is no manifest or potential conflict between the party and the third party." *Id*.

Defendants' narrowed definition of "YOU" is improper because it necessarily excludes third parties that are not technically part of the Defendant entities, but which nonetheless may have been acting at the behest of Defendants. We respectfully request that Defendants withdraw all objections to the definition "YOU" and supplement their responses accordingly.

Defendants have also objected to the term "COPYRIGHTED WORKS" as being defined in such as was so as to "prohibit[] the Responding Party from searching its documents … in a meaningful manner." This objection is not well taken. However, Plaintiffs re willing to meet and confer about custodians and exchange search terms prior to collecting and producing documents.

### A. Specific RFAs for Defendants BackGrid Inc. and BackGrid USA, Inc.

#### 1. RFA No. 6.

The BackGrid Defendants objected to this RFA as vague and ambiguous as to whether "entered into" includes agreements entered into with Plaintiffs' licensee. It is not clear what this objection is referring to, and Plaintiffs would invite the BackGrid Defendants to explain further at the meet and confer.

The BackGrid Defendants objected to this RFA on the basis that "PLAINTIFFS" is defined as including all seven Plaintiffs making the request vague and ambiguous. The RFA is simply asking whether the statement is true as to one or more of the Plaintiffs. Thus, so long as the statement is true as to at least one Plaintiff, the RFA would necessarily be admitted.

We respectfully request that BackGrid Defendants withdraw these objections and supplement their responses accordingly.

#### 2. RFA Nos. 7-10.

The BackGrid Defendants objected to this RFA on the basis that "PLAINTIFFS" is defined as including all seven Plaintiffs making the request vague and ambiguous. The RFA is

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

simply asking whether the statement is true as to one or more of the Plaintiffs. Thus, so long as the statement is true as to at least one Plaintiff, the RFA would necessarily be admitted.

We respectfully request that BackGrid Defendants withdraw this objections and supplement their responses accordingly.

### 3.     RFA Nos. 11-15, 18.

The BackGrid Defendants objected to this RFA on the basis that "PLAINTIFFS" is defined as including all seven Plaintiffs making the request vague and ambiguous. However, the term "PLAINITIFFS" does not appear in this RFA.

We respectfully request that BackGrid Defendants withdraw theis objections and supplement their responses accordingly.

### 4.     RFA No. 24.

The BackGrid Defendants failed to provide a substantive response to this RFA, *inter alia*, on the basis that the term "successor in interest" is vague and ambiguous and has multiple possible meanings. Notably, RFAs 25-27 also use the term "successor in interest" however, the BackGrid Defendants were able to provide a substantive response.

Plaintiff would be willing to stipulate to that the term "successor in interest" as used in these RFAs is defined as one who "replaces or follows a predecessor" or "[a] corporation that, through amalgamation, consolidation, or other assumption of interests, is vested with the rights and duties of an earlier corporation." *Successor,* Black's Law Dictionary (12th ed. 2024).

In light of this, we respectfully request that BackGrid Defendants withdraw their objection and supplement their responses accordingly.

### 5.     RFA No. 30.

This RFA asks for an admission that "YOU are liable for the acts of BACKGRID as alleged in the FAC." The BackGrid Defendants responded that "Responding Party denies that any acts alleged in the complaint amount to liability." While we understand the BackGrid Defendants to dispute the allegations in the FAC generally, that is not what this RFA is asking. Rather, this RFA is asking the BackGrid Defendants to admit they would be liable for the acts

of "[BackGrid Inc.] *as alleged in the FAC.*" In other words, this RFA requires that the BackGrid Defendants presume the allegations in the FAC to be true. The BackGrid Defendants' current response is insufficient and we respectfully request that BackGrid Defendants supplement their responses accordingly.

### B.    Specific RFAs for Defendant Shutterstock, Inc.

#### 1.    RFA No. 6.

Defendant Shutterstock, Inc. objected to this RFA as vague and ambiguous as to whether "entered into" includes agreements entered into with Plaintiffs' licensee. It is not clear what this objection is referring to, and Plaintiffs would invite Defendant Shutterstock, Inc. to explain further at the meet and confer.

Defendant Shutterstock, Inc. objected to this RFA on the basis that "PLAINTIFFS" is defined as including all seven Plaintiffs making the request vague and ambiguous. The RFA is simply asking whether the statement is true as to one or more of the Plaintiffs. Thus, so long as the statement is true as to at least one Plaintiff, the RFA would necessarily be admitted.

Defendant Shutterstock, Inc. also objected to this RFA stating that it "cannot admit or deny the requests on behalf of another party." This RFA is not directed at any other party, and responding to this RFA does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself. Indeed, an admission binds only the specific party to whom the request is directed. *Riberglass, Inc. v. Techni-Glass Indus., Inc.*, 811 F.2d 565, 566-67 (11th Cir. 1987) (citing cases).

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement their responses accordingly.

#### 2.    RFA Nos. 7-10.

Defendant Shutterstock, Inc. objected to this RFA on the basis that "PLAINTIFFS" is defined as including all seven Plaintiffs making the request vague and ambiguous. The RFA is simply asking whether the statement is true as to one or more of the Plaintiffs. Thus, so long as the statement is true as to at least one Plaintiff, the RFA would necessarily be admitted.

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

Defendant Shutterstock, Inc. also objected to this RFA stating that it "cannot admit or deny the requests on behalf of another party." This RFA is not directed at any other party, and responding to this RFA does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself. Indeed, an admission binds only the specific party to whom the request is directed. *Riberglass, Inc. v. Techni-Glass Indus., Inc.*, 811 F.2d 565, 566-67 (11th Cir. 1987) (citing cases).

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

### 3.    *RFA Nos. 11-15.*

Shutterstock, Inc. objected to this RFA on the basis that "PLAINTIFFS" is defined as including all seven Plaintiffs making the request vague and ambiguous. However, the term "PLAINITIFFS" does not appear in this RFA.

Defendant Shutterstock, Inc. also objected to this RFA stating that it "cannot admit or deny the requests on behalf of another party." This RFA is not directed at any other party, and responding to this RFA does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself. Indeed, an admission binds only the specific party to whom the request is directed. *Riberglass, Inc. v. Techni-Glass Indus., Inc.*, 811 F.2d 565, 566-67 (11th Cir. 1987) (citing cases).

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

### 4.    *RFA Nos. 16-17.*

Defendant Shutterstock, Inc. objected to this RFA stating that it "cannot admit or deny the requests on behalf of another party." This RFA is not directed at any other party, and responding to this RFA does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself. Indeed, an admission binds only the specific party to whom the request is directed. *Riberglass, Inc. v. Techni-Glass Indus., Inc.*, 811 F.2d 565, 566-67 (11th Cir. 1987) (citing cases).

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

We respectfully request that Defendant Shutterstock, Inc. withdraw this objection and supplement its responses accordingly.

### 5.    RFA Nos. 18-20.

Defendant Shutterstock, Inc. objected to this RFA on the basis that "PLAINTIFFS" is defined as including all seven Plaintiffs making the request vague and ambiguous. The RFA is simply asking whether the statement is true as to one or more of the Plaintiffs. Thus, so long as the statement is true as to at least one Plaintiff, the RFA would necessarily be admitted.

Defendant Shutterstock, Inc. also objected to this RFA stating that it "cannot admit or deny the requests on behalf of another party." This RFA is not directed at any other party, and responding to this RFA does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself. Indeed, an admission binds only the specific party to whom the request is directed. *Riberglass, Inc. v. Techni-Glass Indus., Inc.*, 811 F.2d 565, 566-67 (11th Cir. 1987) (citing cases).

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

### 6.    RFA No. 24.

Defendant Shutterstock, Inc. failed to provide a substantive response to this RFA, *inter alia*, on the basis that the term "successor in interest" is vague and ambiguous and has multiple possible meanings. Notably, RFAs 25-27 also use the term "successor in interest" however, Defendant Shutterstock, Inc. was able to provide a substantive response.

Plaintiff would be willing to stipulate to that the term "successor in interest" as used in these RFAs is defined as one who "replaces or follows a predecessor" or "[a] corporation that, through amalgamation, consolidation, or other assumption of interests, is vested with the rights and duties of an earlier corporation." *Successor,* Black's Law Dictionary (12th ed. 2024).

In light of this, we respectfully request that Defendant Shutterstock, Inc. withdraw its objection and supplement their responses accordingly.

## V.    CONCLUSION

So far, no Defendant has produced any documents. As we informed you previously, we think it is important that Defendants meet and confer about custodians and search terms prior to collecting and producing documents. So that we can avoid any issues with respect to custodians and search terms that Defendants decide to use to collect documents, and to avoid multiple document searches, we propose the following: By Friday of this week, please provide a list of every potential custodian on the Defendants' side and your proposal as to which custodians' accounts should be searched and why. Also, we propose that we exchange a list of proposed search terms on the same day. Please also provide your availability early next week to meet and confer on custodians and search terms.

Warm regards,

*By: Shengmao Mu*
Shengmao (Sam) Mu, NY #5707021
Ryan Carreon SBN # 311668
**WHITEWOOD LAW PLLC**
57 West 57th Street, 3rd and 4th Floors
New York, NY 10019
Telephone: (917) 858-8018
Email: smu@whitewoodlaw.com