# Exhibit 6

5/3/26, 1:30 PM    sergenianlaw.com Mail - Re: Mauvilain, et al. v. Flynet Pictures, LLC, et al.; C.D. Cal. Case No. 2:25-cv-02757-FLA-MAA

Case 2:25-cv-02757-FLA-MBK   Document 112-8   Filed 06/12/26   Page 2 of 7   Page ID #:1662

 Gmail

**David Sergenian <david.sergenian@sergenianlaw.com>**

---

## Re: Mauvilain, et al. v. Flynet Pictures, LLC, et al.; C.D. Cal. Case No. 2:25-cv-02757-FLA-MAA

---

**David Sergenian** <david@sergenianlaw.com>        Tue, Apr 14, 2026 at 6:06 PM
To: Jo Ardalan <jardalan@onellp.com>
Cc: Ryan Carreon <rcarreon@whitewoodlaw.com>, Evan Littman <elittman@onellp.com>, Abby Neu <aneu@whitewoodlaw.com>, David Quinto <dquinto@onellp.com>, Peter Afrasiabi <pafrasiabi@onellp.com>, Shengmao Mu <smu@whitewoodlaw.com>, Sheila Mojtehedi <sheila@mojtehedi.com>, Ryan Baker <rbaker@whitewoodlaw.com>, Keaton Smith <ksmith@whitewoodlaw.com>

Jo:

We have reviewed the modified search terms. Before addressing the substance, we want to place this in context.

Plaintiffs provided proposed search terms on October 15, 2025. At your request, we subsequently mapped each search term to the corresponding Requests for Production and provided that mapping on March 17, 2026. The first substantive response to those search terms is your email of April 13, 2026, which was six months after they were provided.

During that period, the parties met and conferred extensively and attended multiple IDCs on this issue. At no point did Defendants disclose the identity of their e-discovery platform, disclose the full universe of documents that would be searched, the hit count on our proposed search terms, or propose alternative search terms.

Magistrate Judge Audero's March 25, 2026 Minute Order (Dkt. 83) addressed this dispute directly. The Court cleared the way for a motion to compel, but encouraged a different sequence: Defendants would "make a production of documents based on their own search parameters," and a motion would be filed "only if the parties are unable to resolve any disputes regarding [Defendants'] production." *Id.* at 2. The Court directed the parties to "agree on a schedule that will allow this process to proceed in this manner within the time allowed by the present fact discovery cut-off date." *Id.*

The Court's directive contemplated production first, followed by evaluation of that production, not a process in which Defendants seek Plaintiffs' pre-production approval of search terms that Plaintiffs can then be held to. Your email asks us to confirm that your proposed searches "will satisfy [us] with respect to each of the RFPs." We cannot and do not agree to that. We are willing to evaluate a production on its merits, which is what the Court directed.

Your email from last night, if I'm not mistaken, is the first time Defendants have identified the e-discovery platform they are using (Logikcull). We have reviewed Logikcull's published documentation regarding its search capabilities. Several of the assertions in your email about what Logikcull can and cannot do are inaccurate, and the proposed modifications to our search terms introduce errors that would cause the searches to miss responsive documents. Let me address these issues in turn below.

1. Flat-List Conversion

Our search terms used a standard structure called "group-to-group proximity." In plain English, each search has two groups of words: a "who" group (plaintiff identifiers) and a "what" group (topical terms like royalty, metadata, attribution). The search finds documents where a word from the "who" group appears near a word from the "what" group. For example, our Search Term 1 looks for a Mauvilain identifier (Mauvilain, BAC, THMA) appearing within 15 words of a topical term (royalty, metadata, attribution, etc.). That is a targeted search designed to find documents about Mauvilain's royalties, Mauvilain's attribution, and so on.

The conversion in Column E puts all words from both groups into a single flat list: "(Mauvilain OR BAC OR THMA OR royalty OR metadata OR attribution …)~15." This searches for any two words from the combined list appearing within 15 words of each other, regardless of which group they came from. That means a document where "royalty" appears near "metadata," with no mention of Mauvilain or any other Plaintiff, would be a hit.

This matters because it creates a problem on both ends. If Defendants ran this version, there is a high risk that the results would be flooded with documents that have nothing to do with any Plaintiff, which appears to be exactly what happened. Your email states that the earlier run of our search terms "returned in a substantial number of nonresponsive documents." That is not a problem with our search terms. It is a problem with the flat-list conversion, which matches documents our searches were never designed to match.

At the same time, the proposed alternative, the individual "pairwise" searches in Column E (e.g., "(Mauvilain attribution)~15, (Mauvilain royalty)~15)," moves in the right direction but is incomplete. Those pairwise searches are only provided for our proposed search terms 1–7 and portions of our proposed search terms 55–62. They are not provided for our proposed search terms 8–54, which cover metadata handling, royalties, contract terms, systems, corporate governance, and financials. As a result, the flat-list version over-captures (producing noise that obscures responsive documents), while the pairwise version under-captures (omitting entire categories of searches).

The result of this approach, if accepted, would be that Defendants have a basis to say the searches returned too many nonresponsive results, while simultaneously not running properly constructed versions of most of the searches we proposed.

2. Wildcards

Your email implies that Logikcull cannot handle wildcard operators like royalt*. That is incorrect. Logikcull's own documentation states that wildcards work inside proximity searches. The documentation gives the example "(discover* contract*)~8," which returns "discover, discovered, discovers, discovering, etc. within 8 words of contract, contracts, contracting, etc." (See Logikcull, "Search Types, Examples, and Considerations," § 02, available at https://docs.revealdata.com/logikcull/docs/search-types-examples-and-considerations.) The manual expansions in Column F, where you proposed searches such as "royalty & royalties OR payment or payments" are unnecessary. They also introduce syntax errors: Logikcull requires Boolean operators to be capitalized (OR, AND). Lowercase "or" and "&" are not recognized as operators and are instead searched as literal text. (See *id.*, § 01.)

3. Reverse-Order Pairs

Logikcull's proximity search is order-specific. The documentation states that "(front back)~2 "may not necessarily return exact same records as (back front)~2" and recommends "combining searches in reverse order as a best practice," e.g., (front back)~2 OR (back front)~2. (See Logikcull, "Perform a Proximity Search," available at https://docs.revealdata.com/logikcull/docs/proximity-search.) None of the proposed pairwise searches include reverse-order pairs. For example, your spreadsheet includes "(Mauvilain attribution)~15" but not "(attribution Mauvilain)~15." A document in which the word "attribution" precedes the word "Mauvilain" could be missed. Every pairwise search needs to be run in both directions, or the proximity value needs to be increased to compensate, which is what Logikcull's own documentation suggests as an alternative.

4. Specific Errors

Beyond the structural issues above, the spreadsheet contains the following errors:

(a) Our proposed search term 5 (Boutefeu) is missing entirely from the Defendant Search column. No conversion was provided.

(b) With respect to our proposed search term 13, our search was a multi-level proximity chain anchored to "Backgrid" and requiring "copyright," "owner/holder/attribution," and "incorrect/false/improper/unauthorized" all within proximity of each other. The alternative in Column F reduces this to the single word "backgrid." As with the flat-list issue discussed above, this would match virtually every document in the database, creating the same false appearance of overbreadth.

(c) With respect to our proposed search term 25, our search was a standalone keyword search for counsel names (Sergenian, Whitewood Law, Shengmao Mu, Virginie Parant, etc.) with no proximity restriction. The conversion adds a proximity restriction of five words to communication-related terms (email, letter, correspondence), which would exclude documents that mention counsel in non-communication contexts, such as internal discussions about the litigation.

(d) Multiple searches in Column E contain syntax errors, including missing OR connectors (e.g., Search Terms 45, 46, 53, 54, 60), an unclosed quotation mark (Search Term 53), and a misplaced closing parenthesis (Search Term 46).

5. Missing Information

In addition, before Plaintiffs can meaningfully evaluate any proposed search methodology, we need basic information that Defendants have not provided despite six months of discussions:

(a) What is the total universe of documents loaded into Logikcull, and from how many custodians?

(b) Your email states that the earlier run of our search terms "returned in a substantial number of nonresponsive documents." We need to understand the basis for that characterization. Specifically: How many documents did the searches return? Did you conduct a sampling review, and if so, what was the methodology, what was the sample size, and what were the results? If sampling was conducted, please share the sample set and the responsiveness determinations so that we can evaluate whether the issue is with our search terms or with the conversion. If no sampling was conducted, on what basis are you characterizing the results as nonresponsive?

(c) How many hits do your proposed modified search terms return?

(d) What have Defendants been doing with respect to document production since the March 25, 2026 IDC? The Court's Minute Order directed the parties to agree on a schedule to allow production to proceed within the fact discovery cutoff. It has been three weeks. We have received no production, no proposed schedule, and no substantive communication until your email of April 13.

Your spreadsheet includes a "Custodians" tab listing eight individuals. Boris Nizon is not among them. Nizon was involved in the Flynet-to-FameFlynet-to-BackGrid succession and is a person with knowledge of the contributor relationships, metadata practices, and archive transitions at issue in this case. Please explain why Nizon was excluded and confirm whether his documents have been collected and loaded into Logikcull.

We cannot agree that the proposed searches "will satisfy" Plaintiffs with respect to the Requests for Production. Before we can evaluate any search-term proposal, we need: (1) the information requested in items 5(a)–(d) above, including hit counts, sampling methodology and results, and the total document universe; (2) correction of the technical errors identified in this email; and (3) properly constructed search terms for all 62 of our proposed searches, not just a subset.

In addition, as we have mutually agreed on prior meet-and-confer calls, if Defendants are aware of responsive, non-privileged documents that do not appear in the results of any agreed-upon searches, Defendants remain obligated to produce them.

The April 10, 2026 production deadline we had previously communicated to you has passed without any production or explanation for the delay. Given the approaching discovery cutoff and the need to allow adequate time for motion practice if the parties are unable to resolve this, we ask that you respond to this email, including the information requested in items (a) through (d) above, by April 18, 2026.

We reserve the right to proceed with a Local Rule 37 Joint Stipulation if necessary.

Thank you,

David


On Mon, Apr 13, 2026 at 9:49 PM Jo Ardalan <jardalan@onellp.com> wrote:

> All:
>
>
> We recognized that the search terms you provided were in a syntax that our e-discovery provider (Logickull) doesn't like. Apparently, it doesn't recognize "w/15". To search for terms within 15 words of each other they must instead be like this: (term 1 term 2)~15. It seems like when I used your search terms earlier it was interpreting everything as an "OR" and returned in a substantial number of nonresponsive documents.
>
>
> I understand it also can't do group-to-group proximity, so it can't do something like this example below where it is searching for terms in the alternative within 15 words of other terms in the alternative. (Mauvilain OR "T Mauvilain" OR BAC OR THMA) w/15 (royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC)
>
>
> I have reworked your search terms as shown in the spreadsheet to address the issues above.

Please look at it and tell me if you have any concerns, so we can go ahead and make our production. As discussed at the IDC, we understand that these searches will satisfy you with respect to each of the RFPs.

Regards,

Jo

--

**Jo Ardalan**

**Partner**

# one llp

Intellectual Property & Entertainment Law

310-437-8665 (Direct)

323-309-9215 (Cell)

jardalan@onellp.com

*Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** Jo Ardalan
**Sent:** Friday, April 10, 2026 3:43 PM
**To:** 'David Sergenian' <david@sergenianlaw.com>
**Cc:** 'Ryan Carreon' <rcarreon@whitewoodlaw.com>; Evan Littman <elittman@onellp.com>; 'Abby Neu' <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; 'Shengmao Mu' <smu@whitewoodlaw.com>; 'Sheila Mojtehedi' <sheila@mojtehedi.com>; 'Ryan Baker' <rbaker@whitewoodlaw.com>; 'Keaton Smith' <ksmith@whitewoodlaw.com>
**Subject:** RE: Mauvilain, et al. v. Flynet Pictures, LLC, et al.; C.D. Cal. Case No. 2:25-cv-02757-FLA-MAA

I should have an update on search terms and production on Monday.

Regards,

Jo

--

**Jo Ardalan**

**Partner**



Intellectual Property & Entertainment Law

310-437-8665 (Direct)

323-309-9215 (Cell)

[jardalan@onellp.com](mailto:jardalan@onellp.com)

_Notice_:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.

---

**From:** Jo Ardalan
**Sent:** Monday, April 6, 2026 5:22 PM
**To:** 'David Sergenian' <[david@sergenianlaw.com](mailto:david@sergenianlaw.com)>
**Cc:** Ryan Carreon <[rcarreon@whitewoodlaw.com](mailto:rcarreon@whitewoodlaw.com)>; Evan Littman <[elittman@onellp.com](mailto:elittman@onellp.com)>; Abby Neu <[aneu@whitewoodlaw.com](mailto:aneu@whitewoodlaw.com)>; David Quinto <[dquinto@onellp.com](mailto:dquinto@onellp.com)>; Peter Afrasiabi <[pafrasiabi@onellp.com](mailto:pafrasiabi@onellp.com)>; Shengmao Mu <[smu@whitewoodlaw.com](mailto:smu@whitewoodlaw.com)>; Sheila Mojtehedi <[sheila@mojtehedi.com](mailto:sheila@mojtehedi.com)>; Ryan Baker <[rbaker@whitewoodlaw.com](mailto:rbaker@whitewoodlaw.com)>; Keaton Smith <[ksmith@whitewoodlaw.com](mailto:ksmith@whitewoodlaw.com)>
**Subject:** RE: Mauvilain, et al. v. Flynet Pictures, LLC, et al.; C.D. Cal. Case No. 2:25-cv-02757-FLA-MAA

I am going to be circling back with a list of proposed search terms based off of your terms. It might make sense that you look at those first and if you want to have a call, then we can.

--

**Jo Ardalan**

**Partner**



Intellectual Property & Entertainment Law

310-437-8665 (Direct)

323-309-9215 (Cell)

[jardalan@onellp.com](mailto:jardalan@onellp.com)

_Notice_:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally

*privileged, which prohibits any unauthorized review or use.*

---

**From:** David Sergenian <david@sergenianlaw.com>
**Sent:** Monday, April 6, 2026 1:38 PM
**To:** Jo Ardalan <jardalan@onellp.com>
**Cc:** Ryan Carreon <rcarreon@whitewoodlaw.com>; Evan Littman <elittman@onellp.com>; Abby Neu <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Shengmao Mu <smu@whitewoodlaw.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>
**Subject:** Mauvilain, et al. v. Flynet Pictures, LLC, et al.; C.D. Cal. Case No. 2:25-cv-02757-FLA-MAA

Jo:

I am following up on my emails of March 26 and 27, 2026. We have not yet received a response.

As reflected in Magistrate Judge Audero's March 25, 2026 Minute Order, the Court encouraged the Backgrid Defendants to proceed with a document production based on their own search parameters, with any remaining disputes to be addressed afterward. The Court also found that the parties have satisfied their meet-and-confer obligations under Rule 37, the Local Rules, and Judge Audero's IDC requirements.

We would like to understand how the Backgrid Defendants intend to search for and produce responsive documents, including the search parameters they plan to use or have used and the timeline for production. We are available to discuss this by phone at your convenience.

Thank you,

David A. Sergenian

**Sergenian Law, a Professional Corporation**

808 Wilshire Blvd., Suite 200

Santa Monica, CA 90401

Los Angeles, CA 90064

david@sergenianlaw.com

(213) 435-2035

Website

LinkedIn