# Exhibit 11

Case 2:25-cv-02757-FLA-MBK Re: Document 112-13 Filed 06/12/26 Page 2 of 4 Page ID #:1686



**David Sergenian <david.sergenian@sergenianlaw.com>**

---

## Re: Mauvilain, et al. v. Flynet Pictures, LLC, et al.; C.D. Cal. Case No. 2:25-cv-02757-FLA-MAA

1 message

---

**David Sergenian** <david@sergenianlaw.com>                                           Sat, May 16, 2026 at 11:37 AM
To: Jo Ardalan <jardalan@onellp.com>
Cc: Ryan Carreon <rcarreon@whitewoodlaw.com>, Abby Neu <aneu@whitewoodlaw.com>, David Quinto <dquinto@onellp.com>, Peter Afrasiabi <pafrasiabi@onellp.com>, Shengmao Mu <smu@whitewoodlaw.com>, Sheila Mojtehedi <sheila@mojtehedi.com>, Ryan Baker <rbaker@whitewoodlaw.com>, Keaton Smith <ksmith@whitewoodlaw.com>

Jo:

I disagree with your characterization of the May 13 IDC, but the minute order issued yesterday, ECF No. 102, resolves the question of what was and was not resolved. Consistent with that order, Plaintiffs will remove the following from the Joint Stipulation as filed: RFPs 14, 17, 18, and 27; BackGrid, Inc.'s failure to supplement its Rule 34 responses; the search-term defects; and the Boris Nizon custodian issue. RFP 49, RFPs 67 and 68, and Plaintiffs' challenge to your refusal to share search facts and results remain in the Joint Stipulation.

I am, however, concerned by your rejection in your May 15 email of any commitments your firm made at the IDC. Based on my and Ryan's contemporaneous understanding, the BackGrid Defendants agreed to the following:

1. For RFPs 14 and 15, to produce documents responsive to those requests

2. For RFPs 17 and 18, to produce the underlying sales spreadsheets in native Excel format

3. For RFP 27, to produce the Shutterstock–BackGrid purchase agreement; you also represented that no written agreement exists between BackGrid and FameFlynet

4. For BackGrid, Inc., to serve amended Rule 34 responses

5. For the search terms, to correct the typographical and syntax defects and rerun the corrected searches, and to produce any additional responsive documents

6. For Boris Nizon, that none of the BackGrid Defendants has possession, custody, or control of Mr. Nizon's BackGrid email, email account, or BackGrid documents

On the Nizon representation: based on what you said at the IDC, Plaintiffs understand that none of the BackGrid Defendants, including Mr. Nizon personally, has possession, custody, or control of Mr. Nizon's BackGrid email, email account, or BackGrid documents. I asked for written confirmation of that representation in my May 14 email and have not received it. Plaintiffs are relying on that representation in withdrawing the Nizon custodian issue from the Joint Stipulation. If we do not receive written confirmation immediately, we will need to raise the issue with the Magistrate Judge.

Please also provide immediately a date certain by which the BackGrid Defendants will complete each of the productions you committed to at the IDC.

On the search terms, the corrections needed have been laid out exhaustively in our correspondence and in the current iteration of the Joint Stipulation, including paragraphs 41 through 51 and 55 through 58 of my declaration. Please also provide a date certain by which BackGrid will run the corrected searches and produce any additional responsive documents.

Thank you,
David

On Fri, May 15, 2026 at 10:39 AM Jo Ardalan <jardalan@onellp.com> wrote:

> David:

The email below is one of many where you attempt to create a record of something that didn't happen.

It is factually inaccurate for you to say that Backgrid made "commitments" at the IDC that include each of the issues outlined below. Indeed, with respect to many of these issues, the judge expressly told you were not entitled to the discovery!

I refer to my last email to you, that is a factually accurate account of the IDC and the commitments.  I attached it here for your reference.  It is stunning that you would ignore the Court's guidance on these issues and move to compel anyway. It appears Judge Audero spent 3 hours with us, starting at 7 am, in vain.

Regards,

Jo

--

**Jo Ardalan**

**Partner**



Intellectual Property & Entertainment Law

310-437-8665 (Direct)

323-309-9215 (Cell)

[jardalan@onellp.com](mailto:jardalan@onellp.com)

_Notice_:  _If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use._

---

**From:** David Sergenian <[david@sergenianlaw.com](mailto:david@sergenianlaw.com)>
**Sent:** Thursday, May 14, 2026 5:58 PM
**To:** Jo Ardalan <[jardalan@onellp.com](mailto:jardalan@onellp.com)>
**Cc:** Ryan Carreon <[rcarreon@whitewoodlaw.com](mailto:rcarreon@whitewoodlaw.com)>; Abby Neu <[aneu@whitewoodlaw.com](mailto:aneu@whitewoodlaw.com)>; David Quinto <[dquinto@onellp.com](mailto:dquinto@onellp.com)>; Peter Afrasiabi <[pafrasiabi@onellp.com](mailto:pafrasiabi@onellp.com)>; Shengmao Mu <[smu@whitewoodlaw.com](mailto:smu@whitewoodlaw.com)>; Sheila Mojtehedi <[sheila@mojtehedi.com](mailto:sheila@mojtehedi.com)>; Ryan Baker <[rbaker@whitewoodlaw.com](mailto:rbaker@whitewoodlaw.com)>; Keaton Smith <[ksmith@whitewoodlaw.com](mailto:ksmith@whitewoodlaw.com)>
**Subject:** Mauvilain, et al. v. Flynet Pictures, LLC, et al.; C.D. Cal. Case No. 2:25-cv-02757-FLA-MAA

Jo:

Attached is a revised Rule 37 Joint Stipulation, along with the accompanying declaration and exhibits (Ex. 13 will be this email).

The revised Joint Stipulation includes the disputes that were the subject of oral representations by your firm at the May 13 IDC. We have included them because we do not have a transcript of the May IDC, Magistrate Judge Audero informed us that the minute order will not address each issue, and, as of today, none of those representations has been memorialized in a compliant Rule 34 response or followed by production, and the June 19, 2026 fact-discovery cutoff is now five weeks away. If the BackGrid Defendants honor each of the following commitments by close of business on Tuesday, May 19, 2026, Plaintiffs will remove the corresponding item from the version of the Joint Stipulation filed with the Court. Specifically:

1.   **RFP 14 (Server, Access, and Analytics Logs):** Compliant supplemental Rule 34 responses from BackGrid Inc., BackGrid USA, Inc., and Shutterstock, Inc. confirming production of per-photograph access logs, together with production of the logs.

2.   **RFPs 17 and 18 (Licensing and Revenue Records):** Production of the underlying sales records in native Excel format, together with the royalty calculations, payment records, and reconciliations responsive to RFPs 17 and 18 that are not included in the sales summaries.

3.   **RFP 27 (Shutterstock–BackGrid Acquisition):** Production of the Shutterstock–BackGrid acquisition agreement together with all schedules, exhibits, and closing documents.

4.   **RFP 49 (Bulk Sales):** Production of the contracts, communications, and asset lists associated with bulk-sale and asset-transfer transactions.

5.   **Boris Nizon Documents:** A written representation, after confirmation with your clients, that none of the BackGrid Defendants, including Mr. Nizon personally, has Mr. Nizon's BackGrid emails or documents in its possession, custody, or control.

6.   **BackGrid, Inc.'s Amended Rule 34 responses:** Service of BackGrid, Inc.'s amended Rule 34 responses covering all 68 Requests for Production in Plaintiffs' First Set.

7.   **Search Term Typographical and Syntax Defects:** A corrected search-term spreadsheet curing the typographical and syntax defects identified in Category VI of the Joint Stipulation and in paragraphs 41 through 51 and 55 through 58 of my declaration, together with a written representation that the corrected searches have been run and any newly responsive documents will be produced.

Items not addressed above are not subject to withdrawal on confirmation and remain in the Joint Stipulation.

Thank you,

David A. Sergenian

**Sergenian Law, a Professional Corporation**

808 Wilshire Blvd., Suite 200

Santa Monica, CA 90401

Los Angeles, CA 90064

david@sergenianlaw.com

(213) 435-2035

Website

LinkedIn