# Exhibit A

 Outlook

---

**Mauvilain, et al. v. Flynet Pictures, LLC, et al.: Joint Stipulation re Motion to Compel**

---

**From** David Sergenian <david@sergenianlaw.com>

**Date** Tue 5/5/2026 3:13 PM

**To** Jo Ardalan <jardalan@onellp.com>

**Cc** Ryan Carreon <rcarreon@whitewoodlaw.com>; Evan Littman <elittman@onellp.com>; Abby Neu <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Shengmao Mu <smu@whitewoodlaw.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>

---

📎 11 attachments (7 MB)

Ex 4 to Sergenian Decl. (March 17, 2026 Email to Joanna Ardalan).pdf; Ex 3 to Sergenian Decl. (March 27, 2026 Email to Joanna Ardalan).pdf; Ex 1 to Sergenian Decl (Setpember 23, 2025 Letter to Joanna Ardalan).pdf; Ex 5 to Sergenian Decl. (April 13, 2026 email from Joanna Ardalan).pdf; Ex 2 to Sergenian Decl. (October 15, 2025 Email to Joanna Ardalan).pdf; Ex 8 to Sergenian Decl. (April 27, 2026 email to Joanna Ardalan).pdf; Ex 6 to Sergenian Decl. (April 14, 2026 email to Joanna Ardalan).pdf; Ex 9 to Sergenian Decl (Boris NIzon LinkedIn page).pdf; MTC - Backgrid Defendants - Sergenian Declaration v2.pdf; MTC - Backgrid Defendants - Rule 37 Stipulation.docx; Ex 7 to Sergenian Decl. (Logikcull instructions).pdf;


Jo -

Attached is Plaintiffs' Joint Stipulation re Motion to Compel. Please provide us your clients' portion of the Joint Stipulation pursuant to L.R. 37-1.

Thank you,

David A. Sergenian
**Sergenian Law, a Professional Corporation**
808 Wilshire Blvd., Suite 200
Santa Monica, CA 90401
Los Angeles, CA 90064
david@sergenianlaw.com
(213) 435-2035
Website
LinkedIn

DAVID A. SERGENIAN, State Bar No. 230174
david@sergenianlaw.com
SERGENIAN LAW, P.C.
808 Wilshire Blvd., Suite 200
Santa Monica, CA 90401
Telephone: (213) 435-2035

SHENGMAO MU, State Bar No. 327076
smu@whitewoodlaw.com
WHITEWOOD LAW, P.C.
99 S. Alameda Blvd., Suite 600
San Jose, CA  95113
Tel.: (917) 858-8018
Fax: (917) 591-0618

Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THIBAULT MAUVILAIN, an individual; HENRI MAZARI, an individual; JEREMY DUPLAQUET, an individual; ROBERT CHRISTIAN WOLF, an individual; MICHEL BOUTEFEU, an individual; STEPHAN KYNDT, an individual; and JOSEPH MEHDI, an individual, | Case No. 2:25–cv–2757–FLA–MAA |
| | **DISCOVERY MATTER** |
| | **MAGISTRATE JUDGE MARIA A. AUDERO** |
| Plaintiffs, | |
| v. | **DECLARATION OF DAVID A. SERGENIAN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION AND FURTHER RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION FROM DEFENDANTS BACKGRID INC., BACKGRID USA, INC., AND SHUTTERSTOCK, INC. AND SANCTIONS** |
| FLYNET PICTURES, LLC, a California limited liability company; FAMEFLYNET INC., a California corporation; BACKGRID INC., a California corporation; BACKGRID USA, INC., a California corporation; SHUTTERSTOCK, INC., a Delaware corporation; and DOES 1–10, inclusive, | |
| Defendants. | |

## DECLARATION OF DAVID A. SERGENIAN

I, David A. Sergenian, declare as follows:

1.     I am an attorney duly licensed to practice law in the State of California and admitted to practice before the United States District Court for the Central District of California. I am the principal of Sergenian Law, P.C., counsel of record for Plaintiffs Thibault Mauvilain, Henri Mazari, Jeremy Duplaquet, Robert Christian Wolf, Michel Boutefeu, Stéphane Kyndt, and Joseph Mehdi (collectively, "**Plaintiffs**") in this action. I make this declaration based on personal knowledge of the matters stated herein, except where stated on information and belief, and as to those matters, I believe them to be true. If called as a witness, I could and would testify competently to the matters set forth herein.

2.     I make this declaration in support of Plaintiffs' Motion to Compel Production and Further Responses to Plaintiffs' First Set of Requests for Production from Defendants BackGrid Inc., BackGrid USA, Inc., and Shutterstock, Inc. (collectively, the "**BackGrid Defendants**"), and for Sanctions Pursuant to Fed. R. Civ. P. 37(a)(5).

**Background and Procedural Posture**

3.     Plaintiffs filed this action on March 28, 2025, alleging direct copyright infringement, contributory and vicarious infringement, inducement of infringement, removal and alteration of copyright management information under 17 U.S.C. § 1202, breach of implied-in-fact contributor agreements, and violation of California Penal Code § 496. The currently operative pleading is the Second Amended Complaint, filed March 19, 2026. (SAC, ECF No. 80.)

4.     The BackGrid Defendants are represented in this action by Joanna Ardalan, Peter R. Afrasiabi, and David W. Quinto of One LLP. Defendants Flynet Pictures, LLC and FameFlynet, Inc. are represented by separate counsel.

**Plaintiffs' First Set of Requests for Production**

5.     On July 10, 2025, Plaintiffs served their First Set of Requests for Production of Documents on each of the BackGrid Defendants. Each set contained 68 requests directed to the documentary record underlying Plaintiffs' claims, including the contributor

- 1 -

SERGENIAN DECLARATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

relationships, the licensed works, the metadata handling, the licensing revenue, the corporate succession, and the BackGrid Defendants' related litigation.

6.    On August 25, 2025, the BackGrid Defendants served their respective written responses.

**Plaintiffs' L.R. 37-1 Meet-and-Confer Efforts**

7.    On September 23, 2025, my co-counsel Shengmao Mu sent a Local Rule 37-1 meet-and-confer letter to Joanna Ardalan addressing the deficiencies in the BackGrid Defendants' responses to Plaintiffs' Requests for Production, Interrogatories, and Requests for Admission. Attached as **Exhibit 1** is a true and correct copy of that letter.

8.    Following service of the September 23 letter, the parties exchanged correspondence and conferred regarding the scope of discovery, the use of search terms to manage electronic discovery, and a schedule for production. As part of those discussions, the BackGrid Defendants requested that Plaintiffs propose search terms to assist in identifying responsive electronically stored information.

9.    On October 15, 2025, Plaintiffs sent The BackGrid Defendants 62 proposed Boolean search terms covering the topics in dispute. Attached as **Exhibit 2** is a true and correct copy of that email and the attachment containing the search terms.

**The Six Informal Discovery Conferences**

10.    The parties participated in six informal discovery conferences before Magistrate Judge Audero addressing, among other things, the scope and timing of the Back-Grid Defendants' document production. Those conferences occurred on November 3, 2025 (ECF Nos. 53, 57), November 12, 2025 (ECF No. 54), December 11, 2025 (ECF No. 66), January 13, 2026 (ECF No. 68), March 3, 2026 (ECF Nos. 76–78, 81), and March 24, 2026 (ECF Nos. 82, 83). On March 25, 2026, the Court entered a Minute Order finding that Plaintiffs had satisfied their meet-and-confer obligations under Rule 37, while encouraging further meet-and-confer efforts to avoid a motion to compel. (ECF No. 83 at 1–2.)

SERGENIAN DECLARATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

**The April 10 Demand for Substantial Completion**

11.    On March 26, 2026, I sent an email to Joanna Ardalan requesting that the BackGrid Defendants substantially complete their document production by April 10, 2026, and stating that if production was not substantially complete by that date, Plaintiffs would commence the motion-to-compel process under Local Rule 37. The following day, March 27, 2026, I sent a follow-up email clarifying that Plaintiffs would also require amended written responses compliant with Federal Rule of Civil Procedure 34. Attached as **Exhibit 3** is a true and correct copy of that email correspondence. The BackGrid Defendants did not respond to the March 26 demand or the March 27 clarification.

12.    The April 10, 2026 deadline passed without any production from the BackGrid Defendants.

**The April 13 Search-Term Modifications and Plaintiffs' April 14 Critique**

13.    At Defendants' request, on March 17, 2026, Plaintiffs provided a written mapping of each proposed search term to the specific Requests for Production it was designed to address. Attached as **Exhibit 4** is a true and correct copy of that email. The BackGrid Defendants did not provide a written response to Plaintiffs' search terms.

14.    On April 6, 2026, I followed up with Joanna Ardalan regarding the absence of any response to the March 26 and March 27 emails. Ms. Ardalan responded the same day stating that she would "circle back" with a list of proposed search terms based on Plaintiffs' terms, but did not commit to a date. On April 10, 2026, the day the deadline I had imposed for substantial completion of the BackGrid Defendants' production had expired, Ms. Ardalan emailed that she would "have an update on search terms and production on Monday." On the evening of April 13, 2026, Ms. Ardalan emailed Plaintiffs a modified version of Plaintiffs' search terms, asserting that Defendants' e-discovery vendor, Logikcull, did not support certain Boolean operators in the original terms. Attached as **Exhibit 5** is a true and correct copy of that April 13, 2026 email, together with the

SERGENIAN DECLARATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

modified search-terms spreadsheet she attached to that email. I have adjusted the formatting in the spreadsheet and moved and italicized cells that were in an unlabeled row, for readability when converted to PDF. I have not modified any of the content.

15. On April 14, 2026, I responded to Ms. Ardalan's April 13 email. Attached as **Exhibit 6** is a true and correct copy of my April 14, 2026 email. My response set forth a substantive critique of five categories of defects in the BackGrid Defendants' modified search terms, addressed below, and asked the BackGrid Defendants to provide, for each search executed, the total document hit count, the total universe of documents loaded into Logikcull, the custodian list to which the searches were applied, the methodology by which the BackGrid Defendants assessed responsiveness, and any sampling the BackGrid Defendants conducted. The BackGrid Defendants have not responded to my critique and have not provided any of the requested information.

**The BackGrid Defendants' Refusal to Disclose Hit Counts, Document Universe, or Final Search Terms**

16. Throughout the search-term negotiation and to the present, the BackGrid Defendants have not disclosed: (a) the total number of documents loaded into Logikcull, (b) the total number of custodians whose documents are loaded into Logikcull, (c) the hit count returned by any search the BackGrid Defendants ran, (d) any sampling methodology or sampling results that would allow Plaintiffs to evaluate the BackGrid Defendants' characterization of search results as responsive or nonresponsive, or (e) the final list of search strings the BackGrid Defendants actually executed against the production universe (if modified from the search terms shown in Exhibit 5). Attached as **Exhibit 8** is a true and correct copy of an email I sent to Ms. Ardalan on April 27, 2026, after the BackGrid Defendants' production, in which I requested each of the categories of information identified in Sections 5(a) through (d) of my April 14, 2026 email. The BackGrid Defendants have not provided this information.

- 4 -
SERGENIAN DECLARATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

**Boris Nizon's Omission from the BackGrid Defendants' Custodian List**

17.    The "Custodians" tab of the modified search-terms spreadsheet attached to Ms. Ardalan's April 13, 2026 email (Exhibit 5) identifies eight individuals as the custodians whose documents the BackGrid Defendants loaded into Logikcull. Boris Nizon is not among them. Attached as **Exhibit 9** is a true and correct copy of Boris Nizon's publicly available LinkedIn profile, retrieved on May 3, 2026. The profile identifies Mr. Nizon as Co-Owner of BackGrid USA, Inc. since May 2017 and as the founder and owner of Fame Pictures, Inc. from 1995 to 2012, and of FameFlynet, Inc. from 2012 to 2017. Mr. Nizon has therefore been a senior principal of BackGrid USA, Inc. since May 2017 and was the founder and owner of entities alleged to be predecessor entities in the SAC, from 1995 to 2012. (*See* SAC, ECF No. 80, ¶¶ 14–18.) I raised the omission of Mr. Nizon from the BackGrid Defendants' custodian list in Section 5 of my April 14, 2026 email. (Ex. 6.) The BackGrid Defendants did not respond, did not add Mr. Nizon to the custodian list, and have not represented to Plaintiffs that Mr. Nizon's documents have been collected, processed, or searched.

**The Defects in the BackGrid Defendants' Modified Search Terms**

18.    Attached as **Exhibit 7** are true and correct copies of two pages printed to PDF on May 3, 2026, from Logikcull's published documentation, located at the following URLs:

https://docs.revealdata.com/logikcull/docs/proximity-search

https://docs.revealdata.com/logikcull/docs/search-types-examples-and-considerations.

Those pages describe Logikcull's supported syntax, including its proximity, wildcard, and Boolean operator behavior. Review of these syntax rules shows that the BackGrid Defendants' search was deficient in several respects.

SERGENIAN DECLARATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

19.    I have compared the BackGrid Defendants' April 13, 2026 modified search terms (Exhibit 5) against Plaintiffs' original Boolean search terms (Exhibit 2). The BackGrid Defendants' modifications contain at least five defects, each of which causes responsive documents not to be searched for at all.

20.    I raised each of these defects in my April 14, 2026 email to defense counsel. (Ex. 6.) The BackGrid Defendants did not respond to my April 14 email, did not correct any of the defects, and apparently proceeded with their April 27, 2026 production based on the unmodified search terms shown in Exhibit 5.

21.    Several of the defects discussed below involve "pairwise sub-searches." A pairwise sub-search is a narrow search for two specific words within a set distance of each other. For example, "(Mauvilain attribution)~15" finds documents in which the words "Mauvilain" and "attribution" appear within 15 words of each other. The BackGrid Defendants ran a series of pairwise sub-searches for some of Plaintiffs' original search terms—pairing each name or alias with each topic word—in addition to running a single converted version of the original search. But they did not run pairwise sub-searches for most of Plaintiffs' original search terms, and the pairwise sub-searches they did run contain the defects described below.

22.    *First*, the BackGrid Defendants apparently ran no search at all for Plaintiff Boutefeu. Plaintiffs' original Search Term 5 was the plaintiff-specific search for Plaintiff Michel Boutefeu: (Boutefeu OR "M Boutefeu" OR "BTF Press" OR MIBO) w/15 (royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC). (Ex. 2.) Their April 13 spreadsheet omits Search Term 5 entirely. No converted search of any kind appears under Search Term 5. As a result, based on the information provided to Plaintiffs, no specific search for Boutefeu documents was executed against the BackGrid Defendants' production universe. I raised this omission in Section 4(a) of my April 14, 2026 email. (Ex. 6.)

SERGENIAN DECLARATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

23. *Second*, five of the BackGrid Defendants' modified searches contain syntax errors that prevent them from running as intended. Each of the following modified searches contains a defect apparent on the face of the search string:

a. Modified Search 45 reads ("board meeting" OR "board minutes" copyright OR metadata OR royalt* OR contributor* OR infringement OR liabilit*)~15, omitting the OR operator between "board minutes" and "copyright."

b. Modified Search 46 reads ("document retention" OR "retention policy" OR "destruction policy" (photograph* OR contributor* OR metadata)~10, with two opening parentheses but only one closing parenthesis.

c. Modified Search 53 reads ("server log*" OR analytics OR "access log* OR download* OR view* OR display* OR photograph* OR image*)~15, with an unclosed quotation mark on "access log*."

d. Modified Search 54 reads ("portal integration" OR "portal migration" "Flynet-era" OR legacy OR archive* OR photograph* OR contributor*)~15, omitting the OR operator between "portal migration" and "Flynet-era."

e. Modified Search 60 reads (email OR letter OR message OR correspondence OR communicat* Kyndt OR "S Kyndt" OR FT)~10, omitting the OR operator between "communicat*" and "Kyndt."

24. For Searches 45, 46, 53, and 54, the BackGrid Defendants ran no other version of the search. Accordingly, there were no searches for the documents those searches were designed to capture.

25. For Search 60, the BackGrid Defendants ran additional pairwise subsearches pairing the surname "Kyndt" with topic words. But because the merged version of Search 60 has a syntax error, documents that mention Kyndt only by the alias "S Kyndt" or the contributor code "FT" (without using the surname) would not show up as hits. I raised these syntax errors in Section 4(d) of my April 14, 2026 email. (Ex. 6.) The BackGrid Defendants did not correct them.

- 7 -
SERGENIAN DECLARATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

26.    *Third*, modified Search 40 was broken by an operator Logikcull does not recognize. Plaintiffs' original Search Term 40 was (BAC OR KO OR JD OR CW OR CCR OR "BTF Press" OR FT OR "BELLE PICTURES" OR THMA OR FREE OR RIWE OR MIBO OR JOME) w/10 (Shutterstock OR attribution OR byline OR metadata). The BackGrid Defendants' modified version reads (BAC OR KO OR JD OR CW OR CCR OR "BTF Press" OR FT OR "BELLE PICTURES" OR THMA OR FREE OR RIWE OR MIBO OR JOME or Shutterstock OR attribution OR byline OR metadata)~10. The connector between "JOME" and "Shutterstock" is the lowercase word "or," which Logikcull does not recognize as a Boolean operator. (Ex. 7.) Logikcull treats lowercase "or" as a literal word to be searched. The result is that the modified search runs as if "or" had to appear in the document near the surrounding terms, thus producing a fundamentally different search than the one intended. The modified version of Search 40 is the only modified search the BackGrid Defendants ran for that original term. Plaintiffs' original Search Term 40 was the principal search targeting contributor codes used by the BackGrid Defendants in connection with Shutterstock, attribution, byline, and metadata fields, which is precisely the conduct that gives rise to their Section 1202 claim and the breach-of-contract claim. I raised this non-operator issue in Section 2 of my April 14, 2026 email. (Ex. 6.) The BackGrid Defendants did not correct it.

27.    *Fourth*, the BackGrid Defendants ran 197 pairwise sub-searches in only one direction, even though Logikcull's documentation states that proximity is order-specific. Logikcull's documentation states that "[p]roximity searching is order specific" and recommends, as a best practice, "combining searches in reverse order." (Ex. 7 at 2.) The documentation gives the example that, to capture the phrase "back close front," the required syntax is "(front back)~2 OR (back front)~2." (*Id.*) Of the 197 pairwise sub-searches the BackGrid Defendants ran in the modified file, none has a reverse-order counterpart. For example, the BackGrid Defendants ran "(Mauvilain attribution)~15" but did not run "(attribution Mauvilain)~15"; they ran "(BAC royalty)~15" but did not run "(roy-

SERGENIAN DECLARATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

alty BAC)~15." Documents in which the topic word precedes the plaintiff name or contributor code are not captured by the BackGrid Defendants' pairwise sub-searches. I raised this issue in Section 3 of my April 14, 2026 email. (Ex. 6.) The BackGrid Defendants did not run any reverse-order pairwise sub-searches and did not provide any data—hit counts, sampling results, or otherwise—that would allow Plaintiffs to evaluate whether the documents missed by the one-direction pairwise approach were captured by any other search the BackGrid Defendants ran.

28.    *Fifth*, the BackGrid Defendants' 197 pairwise sub-searches dropped the wildcard expansions used in Plaintiffs' original terms. Plaintiffs' original terms used wildcards extensively (royalt*, payment*, contribut*, photo*, infringement*, communicat*, and others) to capture common variations. Of the 197 pairwise sub-searches the BackGrid Defendants ran, none retains a wildcard. For example, Plaintiffs' original Search Term 1 used the wildcards royalt*, payment*, photo*, and contribut*; the BackGrid Defendants' pairwise sub-searches for that term include "(Mauvilain royalty)~15," "(Mauvilain payment)~15," "(Mauvilain photo)~15," and "(Mauvilain contributor)~15." The dropped wildcards mean that the sub-searches do not reach morphological variants such as "royalties," "royalty-bearing," "payments," "photographs," "photographers," or "contributors." I raised this issue in Section 2 of my April 14, 2026 email. (Ex. 6.) The BackGrid Defendants did not correct it, and have not produced the data Plaintiffs would need to determine whether the missed documents were captured elsewhere.

**The BackGrid Defendants' Document Productions**

29.    The BackGrid Defendants previously produced documents bearing the Bates numbers BACKGRID000001–001655. On April 27, 2026, the BackGrid Defendants produced documents bearing the Bates numbers BACKGRID001656–002142.

30.    The April 27, 2026 production, comprising approximately 487 pages, consists predominantly of internal accounting records, ACH receipts, LinkedIn notifications, FRE 408 settlement correspondence between defense counsel and Plaintiffs' prior counsel, and screenshots of the BackGrid Defendants' internal "myBackgrid" administrative

SERGENIAN DECLARATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

interface showing set-detail pages for certain photographs in dispute. The same documents appear repeatedly across the production. For example, a single email thread regarding a People.com inquiry was produced three times at distinct Bates ranges (BACK-GRID001668, 001758, and 001767); the same FRE 408 settlement-correspondence chain was produced at least six different times, not including redacted portions of the email chain (BACKGRID001659, 001662, 001665, 001700, 001702, and 001706).

**Categories of Documents Missing from the April 27 Production**

31. The April 27, 2026 production does not include:

- source files for the photographs at issue;

- server or access logs for the BackGrid client portal reflecting any third party's access to, search for, viewing of, or licensing of Plaintiffs' photographs (the 214-page activity log produced at BACKGRID001327–001540 covers a single third-party account holder, "Hollywood Uncovered Netflix," and reflects no purchase activity);

- any royalty calculations, payment records, or reconciliations for Plaintiffs Mazari, Kyndt, or Mehdi (none have been produced); for Plaintiffs Wolf, Boutefeu, Duplaquet, and Mauvilain, no royalty calculations, payment records, or reconciliations beyond the per-photographer sales ledgers produced at BACKGRID000001–001326 and the December 11, 2018 reconciliation email for Plaintiff Mauvilain at BACKGRID002097–002131;

- the technical specifications or audit logs for the BackGrid Defendants' digital asset management systems;

- the scripts or processes by which metadata is handled;

- contributor-code documentation;

- the asset purchase agreements, merger agreements, and other documents showing the corporate succession from Flynet Pictures, LLC through FameFlynet, Inc., BackGrid Inc., BackGrid USA, Inc., and Shutterstock, Inc.; or

SERGENIAN DECLARATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

- copies of pleadings or related filings from the BackGrid Defendants' prior copyright actions,

among other categories of documents responsive to Plaintiffs' Requests.

**The Hand-Collection Categories the BackGrid Defendants Never Confirmed**

32. During the search-term negotiations, Plaintiffs proposed that the BackGrid Defendants collect by hand, rather than by keyword search, 13 categories of documents that are not amenable to Boolean search: organizational charts, document retention and destruction policies, personnel files for persons most knowledgeable, insurance policies, court and agency filings concerning Plaintiffs' copyrighted works, court and agency filings concerning any photograph, documents supporting the BackGrid Defendants' defenses and affirmative defenses, terms of service or terms of use for the BackGrid Defendants' contributor and client portals, expert reports, all communications with Plaintiffs, all non-privileged communications referencing Plaintiffs, deposition testimony concerning copyright infringement, and sworn declarations concerning copyright infringement. These categories correspond to RFPs 1–7, 16, 26–31, 33, 35, 46, and 55–62. The BackGrid Defendants did not commit in writing to hand collection of any of these categories and did not identify any alternative methodology by which they would be collected. The April 27, 2026 production does not appear to include any of the foregoing categories.

**The BackGrid Defendants' Outstanding April 27 Commitments**

33. In the April 27, 2026 email exchange following the production, defense counsel committed in writing to serve (a) amended written responses to Plaintiffs' Requests for Production and (b) a spreadsheet identifying the search terms the BackGrid Defendants actually executed against the production universe. (Ex. 8.) As of the date of this declaration, the BackGrid Defendants have not served amended written responses, have not provided a search-terms spreadsheet identifying the searches they actually executed against the production universe, and have not answered the inquiries set forth in Sections 5(a) through (d) of my April 14, 2026 email (Ex. 6).

- 11 -

SERGENIAN DECLARATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

**Local Rule 37-1 and Federal Rule 37(a)(1) Certifications**

34.    The parties have engaged in extensive meet-and-confer efforts on the disputes addressed in this Joint Stipulation. Those efforts include the September 23, 2025 Local Rule 37-1 letter (Ex. 1); written and telephonic correspondence between counsel between September 2025 and the present; the six informal discovery conferences identified in paragraph 10 above; the March 26 and 27, 2026 demand correspondence (Ex. 3); the April 14, 2026 critique of the BackGrid Defendants' modified search terms (Ex. 6); and the April 27, 2026 post-production correspondence (Ex. 8). On March 25, 2026, the Court entered a Minute Order finding that the parties had satisfied their meet-and-confer obligations under Rule 37, while encouraging further efforts to resolve disputes. (ECF No. 83 at 1–2.) As set forth above, the disputes presented in this Joint Stipulation could not be resolved without judicial intervention.

35.    I certify pursuant to Federal Rule of Civil Procedure 37(a)(1) that, in good faith, I have conferred and attempted to confer with counsel for the BackGrid Defendants in an effort to obtain the discovery at issue without court action.

**Request for Sanctions**

36.    Plaintiffs seek an award of $20,025 in attorney's fees as a sanction under Federal Rule of Civil Procedure 37(a)(5)(A) for the reasonable expenses incurred in bringing this Motion. That figure is based on the 21.7 hours I spent solely on activities necessitated by Defendants' failure to comply with the discovery rules (i.e., the preparation and presentation of this Motion), and the 5 hours I expect to spend on a supplemental memorandum of law. Specifically, I spent 2.8 hours on May 1, 2026; 4.8 hours on May 2, 2026; 6.4 hours on May 3, 2026; and 5.7 hours on May 4, 2026, and two hours on May 5, 2026, preparing these moving papers. These hours exclude time spent on the meet-and-confer process, the IDCs, and the broader management of discovery.

37.    My standard hourly billing rate is $750. I have practiced in California since 2004. I graduated from the University of Virginia School of Law. From 2004 to 2006, I practiced commercial litigation and intellectual-property litigation at Gradstein, Luskin

SERGENIAN DECLARATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

& Van Dalsem, P.C.; from 2006 to 2013, at Quinn Emanuel Urquhart & Sullivan, LLP; from 2013 to 2016, at Glaser Weil Fink Howard Avchen & Shapiro, LLP; and from 2017 to present at law firms I founded. Copyright and intellectual-property litigation have been a substantial part of my practice throughout my career.

38. My $750 hourly rate is below or at the low end of the prevailing market rate for litigation partners in Los Angeles. The 2024 Real Rate Report, which courts in this District routinely consult as a benchmark, reports a median hourly rate of $895 for partners in Los Angeles, with a third-quartile rate of $1,268. For commercial-litigation partners specifically, the range is $675 to $1,575. *See Bank of Hope v. Expedited Travel, LLC*, 2026 U.S. Dist. LEXIS 79619, at *6–7 (C.D. Cal. Feb. 13, 2026) (taking judicial notice of the 2024 Real Rate Report: Lawyer Rates, Trends, and Analysis); *Trs. of the Laundry v. Kleen Kraft Servs., Inc.*, 2026 U.S. Dist. LEXIS 47266, at *8–10 (C.D. Cal. Feb. 2, 2026) (same).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: May 5, 2026


/s/David A. Sergenian
David A. Sergenian

SERGENIAN DECLARATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

# Exhibit 1

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

September 23, 2025

**<u>VIA EMAIL</u>**
Jo Ardalan
One LLP
jardalan@onellp.com

**Re: *Mauvilain v. BackGrid, Inc. et al.* – Local Rule 37-1 Meet and Confer Request re Discovery Responses from BackGrid, Inc., BackGrid USA, Inc., and Shutterstock, Inc.**

Counsel,

Pursuant to Federal Rules of Civil Procedure 37(a)(1) and Local Rule 37-1, we write to request a meet and confer regarding the discovery responses and objections served by BackGrid, Inc., BackGrid USA, Inc., and Shutterstock, Inc. (collectively "Defendants") on August 25, 2025. As explained more fully below, Defendants' responses and objections to Plaintiff's Requests for Production ("RFPs"), Requests for Admission ("RFAs") and Interrogatories ("ROGs") are deficient, and we request that Defendants withdraw certain objections and agree to provide supplemental responses and documents accordingly.

In light of the points raised below, we request that you please provide available dates and times for us to discuss whether we might resolve the issues have been raised. If we are unable to come to an agreeable resolution of these issues, it is our intent to seek any and all remedies available including filing a motion to compel and seeking appropriate sanctions.

**I.      PRELIMINARY MATTERS**

Defendants have indicated that they intend to produce certain documents and information subject to a stipulated protective order. We propose that the parties agree to the model protective order available on Magistrate Judge Audero's website, available here.

Regarding objections based on claims of privilege and/or attorney work product protection, you confirmed during our meet and confer on September 16 that your clients will provide a privilege log. Please let us know when we can expect to receive it.



**II.    REQUESTS FOR PRODUCTION**

**A.    General Matters**

Defendants have lodged various objections to all 68 RFPs. Federal Rules of Civil Procedure 34(b)(2)(C) states that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Defendants' responses do not state whether any responsive materials are being withheld on the basis of an objection. For each and every RFP, we request that Defendants amend to clarify whether or not any responsive documents are being withheld. If so, please include any and all such documents on Defendants' privilege log.

Defendants also object to each RFP as calling for privileged or work product protected information. As discussed above, please provide an appropriate privilege log for any documents that have been withheld.

Defendants also object to each RFP to the extent it "seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information." As discussed above, Plaintiffs are willing to enter into a mutually agreeable protective order. Once such an order is entered, we respectfully request that this objection be withdrawn.

Defendants also object to each RFP as "vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." General objections that a discovery request was overbroad, vague and unduly burdensome are not sufficiently specific to allow court to ascertain objectionable character of discovery request and are improper. *United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007) (citing cases). Additionally, in 2015, the phrase "reasonably calculated to lead to discovery of admissible evidence" standard was removed from Rule 26(b)(1) and replaced with the "relevant and proportional to the needs of the case" standard. Because Defendants do not specifically articulate why they believe each RFP is overly broad or unduly burdensome, and rely on an outdated discovery standard, we respectfully request that this objection be withdrawn.

# WHITEWOOD LAW
### YOUR INNOVATION, OUR EXPERTISE

Defendants have objected to the definition of "YOU" as overly broad and unduly burdensome. The current definition of "YOU" refers to the named Defendant "and any other person or entities acting on its behalf." It appears that Defendants have unilaterally narrowed "YOU" to refer only to the named Defendant, and to exclude other persons or entities acting on Defendants' behalf. Under Rule 34, a party must produce or permit inspection of documents responsive to a request for production of documents when such documents are in the party's "possession, custody or control." A party responding to a Rule 34 production request "is under an affirmative duty to seek that information reasonably available to [it] from [its] employees, *agents, or others subject to [its] control*." *A. Farber & Ptnrs., Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006) (citation and quotation omitted, emphasis added).

Here, Plaintiffs' definition of "YOU" comports with both the letter and spirit of Rule 34 and is not overly broad or unduly burdensome. Defendants' narrowed definition of "YOU" is improper because it necessarily excludes third parties that are not technically part of the Defendant entities, but which nonetheless may have been acting at the behest of Defendants, or may be in possession of responsive documents to which Defendants would have the legal right to obtain. We respectfully request that Defendants withdraw all objections to the definition "YOU" and provide all responsive documents accordingly.

With respect to the RFPs propounded on Defendant Shutterstock, Inc., Defendant Shutterstock Inc. has objected to the definition of "YOU" because "Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf." The definition of "YOU" as contained in the RFPs propounded on Defendant Shutterstock, Inc. contained a typographical error which mistakenly transposed "Flynet Picture, LLC" in place of "Shutterstock, Inc." The correct definition should have read:

> "SHUTTERSTOCK," "YOU" or "YOUR" means Defendant Shutterstock, Inc. and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives.



Plaintiffs are prepared to serve amended RFPs to Shutterstock Inc. with the corrected definition. However, in order to save time and costs, Plaintiffs would propose that the parties agree to substitute the corrected definition of "YOU" into the RFPs that have already been served to Shutterstock, Inc. If Defendants are agreeable to this, please be prepared to discuss whether the substitution of the corrected definition would resolve any of Shutterstock, Inc.'s objections and/or whether or not Shutterstock, Inc. would be prepared to provide responsive documents to requests that it currently contends are wholly objectionable.

### B.    Specific RFPs for Defendants BackGrid Inc. and BackGrid USA, Inc.

#### 1.    *RFP Nos. 4 and 13*

Defendants BackGrid Inc. and BackGrid USA, Inc. (collectively "BackGrid Defendants") objected to these RFPs as "directed to the wrong party." A party responding to a Rule 34 production request "is under an affirmative duty to seek that information reasonably available to [it] from [its] employees, *agents, or others subject to [its] control*." *A. Farber & Ptnrs., Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006) (citation and quotation omitted, emphasis added).

We understand that the BackGrid Defendants are successor entities to Flynet Pictures, LLC and FameFlynet, Inc. (collectively "Flynet"). While it may be the BackGrid Defendants' position that some or all responsive documents originated with Flynet, this RFP was specifically directed to the BackGrid Defendants and not Flynet or any other person or entity. As successor entities of Flynet, the BackGrid Defendants may have access to documents that were created during the existence of Flynet and whose possession, custody, or control subsequently transferred to the BackGrid Defendants.

As such, to the extent that the BackGrid Defendants have possession, custody, or control of responsive documents, this objection must be withdrawn, and the BackGrid Defendants have a duty to undertake a diligent search.



**WHITEWOOD LAW**
YOUR INNOVATION, OUR EXPERTISE

       2.     *RFP No. 2, 5, 7, 9, 11, 13-15, 17, 19-20, 23, 29, 40, 44, and 66.*

The BackGrid Defendants objected to the term "COPYRIGHTED WORKS" as being defined in such as was so as to "prohibit[] the Responding Party from searching its documents … in a meaningful manner." This objection is not well taken. However, Plaintiffs are willing to meet and confer about custodians and exchange search terms prior to collecting and producing documents.

       3.     *RFP Nos. 16, 20-22, 25-29, 31-36, 38, 43, 46-56, 58, 61-62, 64, and 67-68.*

The BackGrid Defendants have refused to produce documents responsive to these RFPs and sought to meet and confer with Plaintiffs. All of the objections to these RFPs are non-specific, and have already been addressed in this letter. It is unclear whether the BackGrid Defendants have a request-specific basis to refuse to provide responsive documents. To the extent specific bases exists, we would respectfully request that the BackGrid Defendants be prepared to articulate them during the meet and confer, as well as any proposals the BackGrid Defendants have to resolve the dispute.

**C.**     **Specific RFPs for Defendant Shutterstock, Inc.**

       1.     *RFP Nos. 2, 4, 6-7, 9, 11, 13, 62, and 64.*

Defendant Shutterstock, Inc. objected to these RFPs as "directed to the wrong party." A party responding to a Rule 34 production request "is under an affirmative duty to seek that information reasonably available to [it] from [its] employees, *agents, or others subject to [its] control*." *A. Farber & Ptnrs., Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006) (citation and quotation omitted, emphasis added).

We understand that Defendant Shutterstock, Inc. is the successor entity to each of the named co-defendants in this case. While it may be Defendant Shutterstock, Inc.'s position that some or all responsive documents originated with a prior successor entity, this RFP was specifically directed to Defendant Shutterstock, Inc. and not any other person or entity. As a successor entity, Defendant Shutterstock, Inc. may have access to documents that were created

during the existence of its predecessor entities and whose possession, custody, or control subsequently transferred to Defendant Shutterstock, Inc.

As such, to the extent that Defendant Shutterstock, Inc. has possession, custody, or control of responsive documents, this objection must be withdrawn, and Defendant Shutterstock, Inc. has a duty to undertake a diligent search.

### 2.    *RFP No. 2, 5, 7, 9, 11, 13-20, 23, 29, 40, 44, and 66.*

Defendant Shutterstock, Inc. objected to the term "COPYRIGHTED WORKS" as being defined in such as was so as to "prohibit[] the Responding Party from searching its documents … in a meaningful manner."

This objection is not well taken. However, Plaintiffs are willing to meet and confer about custodians and exchange search terms prior to collecting and producing documents.

Plaintiff notes that Defendant Shutterstock, Inc. lodged this objection to RFPs 16 and 18 despite the term "COPYRIGHTED WORKS" not appearing as part of these requests. We request that this objection be withdrawn as to RFPs 16 and 18.

### 3.    *RFP Nos. 22,  25-29, 31-36, 38, 43, 46-56, 58, 61, and 67-68.*

Defendant Shutterstock, Inc. has refused to produce documents responsive to these RFPs and sought to meet and confer with Plaintiffs. All of the objections to these RFPs are non-specific, and have already been addressed in this letter. It is unclear whether Defendant Shutterstock, Inc. has a request-specific basis to refuse to provide responsive documents. To the extent one exists, we would respectfully request that Defendant Shutterstock, Inc. has be prepared to articulate it during the meet and confer, as well as any proposals the BackGrid Defendants have to resolve the dispute.

## III.    INTERROGATORIES

### A.    General Matters

Defendants object to each ROG as "vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." General objections that a discovery request was

overbroad, vague and unduly burdensome are not sufficiently specific to allow court to ascertain objectionable character of discovery request and are improper. *United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007) (citing cases). Additionally, in 2015, the phrase "reasonably calculated to lead to discovery of admissible evidence" standard was removed from Rule 26(b)(1) and replaced with the "relevant and proportional to the needs of the case" standard. Because Defendants do not specifically articulate why they believe each ROG is overly broad or unduly burdensome, and rely on an outdated discovery standard, we respectfully request that this objection be withdrawn.

Defendants have objected to the definition of "YOU" as overly broad and unduly burdensome. The current definition of "YOU" refers to the named Defendant "and any other person or entities acting on its behalf." It appears that Defendants have unilaterally narrowed "YOU" to refer only to the named Defendant, and to exclude other persons or entities acting on Defendants' behalf. Under Rule 36, a responding party "cannot avoid answering [an interrogatory] by alleging ignorance, if the party can obtain the necessary information through reasonable inquiry … [a] party cannot limit its answer to matter within its own knowledge and ignore information readily available to it or under its control…. This may require a party to seek information from non-parties in order to answer the interrogatory." *United States v. All Assets Held at Bank Julius Baer & Co.*, 309 F.R.D. 1, 14 (D.D.C. 2015) (citation and quotation omitted).

Defendants' narrowed definition of "YOU" is improper because it necessarily excludes third parties that are not technically part of the Defendant entities, but which nonetheless may have been acting at the behest of Defendants. We respectfully request that Defendants withdraw all objections to the definition "YOU" and supplement their responses accordingly.

With respect to the ROGs propounded on Defendant Shutterstock, Inc., Defendant Shutterstock Inc. has objected to the definition of "YOU" because "Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf." The definition of "YOU" as contained in the ROGs propounded on Defendant Shutterstock, Inc. contained a typographical error which

mistakenly transposed "Flynet Picture, LLC" in place of "Shutterstock, Inc." The correct definition should have read:

> "SHUTTERSTOCK," "YOU" or "YOUR" means Defendant Shutterstock, Inc. and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives.

Plaintiffs are prepared to serve amended ROGs to Shutterstock Inc. with the corrected definition. However, in order to save time and costs, Plaintiffs would propose that the parties agree to substitute the corrected definition of "YOU" into the ROGs that have already been served to Shutterstock, Inc. If Defendants are agreeable to this, please be prepared to discuss whether the substitution of the corrected definition would resolve any of Shutterstock, Inc.'s objections and/or whether or not Shutterstock, Inc. would be prepared to provide responsive documents to requests that it currently contends are wholly objectionable.

### B. Specific Interrogatories as to BackGrid Inc. and BackGrid USA, Inc.

#### 1. ROG No. 2.

The BackGrid Defendants object to the term "business relationship" as vague and ambiguous. The BackGrid Defendants state that they interpret "business relationship" to "mean and include legal relationship between the Responding Party and Plaintiffs, such as an employer/employee, principal/agent, [or] similar relationship." Plaintiff disagrees with this definition as it needs to include at least independent contractors, licensors, etc.

The BackGrid Defendants object to the term "DESCRIBE IN DETAIL" and "IDENTIFY" as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL 3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to "DESCRIBE IN DETAIL" interrogatory).

The BackGrid Defendants state that they will produce responsive documents subject to a protective order. Please clarify whether this response is intended to invoke the procedure outline in Rule 33(d). If so, please provide the specific bates range.

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 2.    ROG No. 3.

The BackGrid Defendants state that they will produce responsive documents subject to a protective order. Please clarify whether this response is intended to invoke the procedure outline in Rule 33(d). If so, please provide the specific bates range.

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 3.    ROG No. 4.

The BackGrid Defendants object to the term "DESCRIBE IN DETAIL" and "IDENTIFY" as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL 3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to "DESCRIBE IN DETAIL" interrogatory).

The BackGrid Defendants object to the terms "receiving, ingesting, and archiving" as requiring responses to three different interrogatories. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). Plaintiffs consider "receiving, ingesting, and archiving" to describe a single continuous process. Plaintiffs are willing to discuss this further on the meet and confer call.

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 4.    ROG No. 5.

The BackGrid Defendants object to the term "DESCRIBE IN DETAIL" and "IDENTIFY" as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL 3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to "DESCRIBE IN DETAIL" interrogatory).

The BackGrid Defendants object to the phrase "licensing to clients from 2002 to the present" as too broad. This objection is questionable as Plaintiffs clearly indicated the timeframe and to whom the copyrights were licensed to.

The BackGrid Defendants object to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). The BackGrid Defendants have not specified the alleged impermissible subparts.

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 5.    ROG No. 6.

The BackGrid Defendants state that they will produce responsive documents subject to a protective order. Please clarify whether this response is intended to invoke the procedure outline in Rule 33(d). If so, please provide the specific bates range.



We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 6.      *ROG No. 7.*

The BackGrid Defendants object to the term "DESCRIBE IN DETAIL" and "IDENTIFY" as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL 3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to "DESCRIBE IN DETAIL" interrogatory).

The BackGrid Defendants object on the basis the interrogatory "is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to." However, this interrogatory clearly refers to *all* photographs contributed by Plaintiffs between 2002 and 2011.

The BackGrid Defendants object on the basis that the interrogatory "is vague and ambiguous in that it does not specify to whom the photographs were contributed." However, interrogatory specifically states that it refers to photographs that were contributed between 2002 and 2011 and "were included in YOUR publicly available archives or client-facing library." Thus, it is irrelevant to whom the photographs were contributed so long as they were contributed during the specified period and included in the BackGrid Defendants publicly available library.

The BackGrid Defendants object to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

the meeting').'" *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). The BackGrid Defendants have not specified the alleged impermissible subparts.

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 7.    ROG No. 8.

The BackGrid Defendants object to this interrogatory and unduly burdensome because it requests information related to "every policy, practice, or procedure" regarding the handling of CMI for a 23 year period. Plaintiff is willing to limit the scope to only encompass 2016 to present, as it understands that to be the year the BackGrid entities were created.

The BackGrid Defendants object to the term "DESCRIBE IN DETAIL" and "IDENTIFY" as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL 3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to "DESCRIBE IN DETAIL" interrogatory).

The BackGrid Defendants object to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting').'" *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). The BackGrid Defendants have not specified the alleged impermissible subparts.

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.



WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

**8.     *ROG No. 9.***

The BackGrid Defendants object on the basis the interrogatory "is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to." However, this interrogatory clearly refers to *all* photographs contributed by Plaintiffs.

The BackGrid Defendants object to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). The BackGrid Defendants have not specified the alleged impermissible subparts.

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

**9.     *ROG No. 10.***

The BackGrid Defendants object on the basis the interrogatory "is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to." However, this interrogatory clearly refers to *all* photographs contributed by Plaintiffs.

The BackGrid Defendants object to the term "DESCRIBE IN DETAIL" and "IDENTIFY" as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL 3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to "DESCRIBE IN DETAIL" interrogatory).

The BackGrid Defendants object to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). The BackGrid Defendants have not specified the alleged impermissible subparts.

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 10.    ROG No. 11.

The BackGrid Defendants object on the basis the interrogatory "is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to." However, this interrogatory does not refer to any works.

The BackGrid Defendants object to the term "DESCRIBE IN DETAIL" and "IDENTIFY" as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL 3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to "DESCRIBE IN DETAIL" interrogatory).

The BackGrid Defendants object to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). The BackGrid Defendants have not specified the alleged impermissible subparts.

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 11.    ROG No. 12.

The BackGrid Defendants state that they will produce responsive documents subject to a protective order. Please clarify whether this response is intended to invoke the procedure outline in Rule 33(d). If so, please provide the specific bates range.

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 12.    ROG Nos. 13-14.

The BackGrid Defendants object to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). The BackGrid Defendants have not specified the alleged impermissible subparts.

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 13.    ROG No. 15.

The BackGrid Defendants state that this interrogatory "is directed to the wrong party." However, the interrogatory specifically states that it is directed to "YOU" i.e. the BackGrid Defendants. This response is insufficient. Either the BackGrid Defendants should state that they are the successor-in-interest to Flynet or they should state that they are not and provide the appropriate factual basis.



WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 14.    ROG No. 16.

The BackGrid Defendants object on the basis the interrogatory "is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to." However, this interrogatory clearly refers to *any* photographs contributed by Plaintiffs.

The BackGrid Defendants object to the term "DESCRIBE IN DETAIL" and "IDENTIFY"; however, no such defined terms appear in this interrogatory.

The BackGrid Defendants object to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). The BackGrid Defendants have not specified the alleged impermissible subparts.

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 15.    ROG No. 17.

The BackGrid Defendants object on the basis the interrogatory "is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to." However, this interrogatory does not refer to any works.

The BackGrid Defendants object to the term "DESCRIBE IN DETAIL" and "IDENTIFY" however no such defined terms appear in this interrogatory.

The BackGrid Defendants object to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts

generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). The BackGrid Defendants have not specified the alleged impermissible subparts.

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 16.    ROG No. 18.

The BackGrid Defendants object on the basis the interrogatory "is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to." However, this interrogatory clearly refers to *all* photographs contributed by Plaintiffs.

The BackGrid Defendants object to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). The BackGrid Defendants have not specified the alleged impermissible subparts.

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### 17.    ROG No. 20.

The BackGrid Defendants object to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025).

Courts that have considered similarly worded interrogatories have considered them permissible and compelled responses. *See Kuang Xuan Liu v. Win Woo Trading, LLC*, 2015 U.S. Dist. LEXIS 118610, 2015 WL 5168655 (N.D. Cal. Sep. 3, 2015).

We respectfully request that the BackGrid Defendants withdraw these objections and supplement their responses accordingly.

### C. Specific Interrogatories as to Shutterstock, Inc.

#### 1. ROG No. 2.

Defendant Shutterstock, Inc. objects to the term "business relationship" as vague and ambiguous. Defendant Shutterstock, Inc. states that it interpret "business relationship" to "mean and include legal relationship between the Responding Party and Plaintiffs, such as an employer/employee, principal/agent, [or] similar relationship." Plaintiff disagrees with this definition as it needs to include at least independent contractors, licensors, etc.

Defendant Shutterstock, Inc. objects to the term "DESCRIBE IN DETAIL" and "IDENTIFY" as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL 3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to "DESCRIBE IN DETAIL" interrogatory).

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding

to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that the Defendant Shutterstock, Inc. these objections and supplement its responses accordingly.

### 2.    ROG No. 3.

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that the Defendant Shutterstock, Inc. these objections and supplement its responses accordingly.

### 3.    ROG No. 4.

Defendant Shutterstock, Inc. objects to the term "DESCRIBE IN DETAIL" and "IDENTIFY" as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL 3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to "DESCRIBE IN DETAIL" interrogatory).

Defendant Shutterstock, Inc. objects to the terms "receiving, ingesting, and archiving" as requiring responses to three different interrogatories. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). Plaintiffs consider "receiving, ingesting, and

archiving" to describe a single continuous process. Plaintiffs are willing to discuss this further on the meet and confer call.

Defendant Shutterstock, Inc. objects that this interrogatory irrelevant because Plaintiffs have not submitted photographs to Defendant Shutterstock, Inc. Plaintiffs are informed and believe that Defendant Shutterstock, Inc. purchased the assets of the BackGrid Defendants, which included taking control of Plaintiffs previously submitted photographs. As such, Plaintiffs believe it is relevant to understand Defendant Shutterstock, Inc.'s processes.

We respectfully request that the Defendant Shutterstock, Inc. these objections and supplement its responses accordingly.

### 4.    ROG No. 5.

Defendant Shutterstock, Inc. objects to the term "DESCRIBE IN DETAIL" and "IDENTIFY" as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL 3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to "DESCRIBE IN DETAIL" interrogatory).

Defendant Shutterstock, Inc. objects to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). Defendant Shutterstock, Inc. has not specified the alleged impermissible subparts.

Defendant Shutterstock, Inc. also objected to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and

responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that the Defendant Shutterstock, Inc. these objections and supplement its responses accordingly.

### 5.    ROG No. 6.

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that the Defendant Shutterstock, Inc. these objections and supplement its responses accordingly.

### 6.    ROG No. 7.

Defendant Shutterstock, Inc. objects to the term "DESCRIBE IN DETAIL" and "IDENTIFY" as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL 3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to "DESCRIBE IN DETAIL" interrogatory).

Defendant Shutterstock, Inc. objects on the basis the interrogatory "is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to." However, this interrogatory clearly refers to *all* photographs contributed by Plaintiffs between 2002 and 2011.

Defendant Shutterstock, Inc. objects on the basis that the interrogatory "is vague and ambiguous in that it does not specify to whom the photographs were contributed." However, interrogatory specifically states that it refers to photographs that were contributed between 2002 and 2011 and "were included in YOUR publicly available archives or client-facing library." Thus, it is irrelevant to whom the photographs were contributed so long as they were

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

contributed during the specified period and included in Defendant Shutterstock, Inc.'s publicly available library.

Defendant Shutterstock, Inc. objects to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at \*2 (C.D. Cal. July 8, 2025). Defendant Shutterstock, Inc. has not specified the alleged impermissible subparts.

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

### 7.    *ROG No. 8.*

Defendant Shutterstock, Inc. objects to this interrogatory as unduly burdensome because it requests information related to "every policy, practice, or procedure" regarding the handling of CMI for a 23-year period. Plaintiff is willing to limit the scope to only encompass 2023 to present, as it understands that to be the year that Defendant Shutterstock, Inc. merged with the BackGrid Defendants.

Defendant Shutterstock, Inc. objects to the term "DESCRIBE IN DETAIL" and "IDENTIFY" as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL

📞 +1 (917) 858 8018        🌐 www.whitewoodlaw.com
✉ smu@whitewoodlaw.com    📍 57 West 57th St., 3rd & 4th Floors Manhattan, NY 10019

22

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to "DESCRIBE IN DETAIL" interrogatory).

Defendant Shutterstock, Inc. object to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). Defendant Shutterstock, Inc. has not specified the alleged impermissible subparts.

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

### 8.    ROG No. 9.

Defendant Shutterstock, Inc. objects on the basis the interrogatory "is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to." However, this interrogatory clearly refers to *all* photographs contributed by Plaintiffs.

Defendant Shutterstock, Inc. object to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one

interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). Defendant Shutterstock, Inc. has not specified the alleged impermissible subparts.

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

### 9.    *ROG No. 10.*

Defendant Shutterstock, Inc. object on the basis the interrogatory "is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to." However, this interrogatory clearly refers to *all* photographs contributed by Plaintiffs.

Defendant Shutterstock, Inc. objects to the term "DESCRIBE IN DETAIL" and "IDENTIFY" as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL 3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to "DESCRIBE IN DETAIL" interrogatory).

Defendant Shutterstock, Inc. objects to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at

the meeting').” *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). Defendant Shutterstock, Inc. has not specified the alleged impermissible subparts.

Defendant Shutterstock, Inc. objects to this interrogatory stating that it “cannot respond on behalf of another party.” This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

### 10.    ROG No. 11.

Defendant Shutterstock, Inc. objects on the basis the interrogatory “is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to.” However, this interrogatory does not refer to any works.

Defendant Shutterstock, Inc. objects to the term “DESCRIBE IN DETAIL” and “IDENTIFY” as overbroad and unduly burdensome, and containing multiple subparts. Courts considering identical definitions have found them to be proper and compelled responses accordingly. *See Photography Tr. v. Bird B Gone*, 2021 U.S. Dist. LEXIS 160281, 2021 WL 3660755 at *1 (C.D. Cal. July 14, 2021) (compelling defendant to provide fulsome response to “DESCRIBE IN DETAIL” interrogatory).

Defendant Shutterstock, Inc. objects to this interrogatory as containing impermissible subparts. “Although the term ‘discrete subparts’ does not have a precise meaning, courts generally agree that ‘interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.’” *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). “A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., ‘State the name, address and telephone number of each person present at the meeting’).” *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). Defendant Shutterstock, Inc. has not specified the alleged impermissible subparts.

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

### 11.    ROG No. 12.

Defendant Shutterstock, Inc. objects to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). Defendant Shutterstock, Inc. has not specified the alleged impermissible subparts.

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

### 12.    ROG Nos. 13-14.

Defendant Shutterstock, Inc. objects to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'"

*Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). Defendant Shutterstock, Inc. has not specified the alleged impermissible subparts.

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

### 13.    ROG No. 15.

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

### 14.    ROG No. 16.

Defendant Shutterstock, Inc. objects on the basis the interrogatory "is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to." However, this interrogatory clearly refers to *any* photographs contributed by Plaintiffs.

Defendant Shutterstock, Inc. objects to the term "DESCRIBE IN DETAIL" and "IDENTIFY" however no such defined terms appear in this interrogatory.

Defendant Shutterstock, Inc. objects to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they

are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). Defendant Shutterstock, Inc. has not specified the alleged impermissible subparts.

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

### 15.    ROG No. 17.

Defendant Shutterstock, Inc. objects on the basis the interrogatory "is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to." However, this interrogatory does not refer to any works.

Defendant Shutterstock, Inc. objects to the term "DESCRIBE IN DETAIL" and "IDENTIFY"; however, no such defined terms appear in this interrogatory.

Defendant Shutterstock, Inc. objects to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). Defendant Shutterstock, Inc. has not specified the alleged impermissible subparts.

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

### 16.    ROG No. 18.

Defendant Shutterstock, Inc. objects on the basis the interrogatory "is unduly burdensome because it requires Responding Party to guess what works Plaintiffs are referring to." However, this interrogatory clearly refers to *all* photographs contributed by Plaintiffs.

Defendant Shutterstock, Inc. objects to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025). Defendant Shutterstock, Inc. has not specified the alleged impermissible subparts.

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

📞 +1 (917) 858 8018     🌐 www.whitewoodlaw.com
✉ smu@whitewoodlaw.com   📍 57 West 57th St., 3rd & 4th Floors Manhattan, NY 10019

29



### 17.    ROG No. 20.

Defendant Shutterstock, Inc. objects to this interrogatory as containing impermissible subparts. "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting')." *Fair v. Rosen*, 2025 LEXIS 289404, at *2 (C.D. Cal. July 8, 2025).

Courts that have considered similarly worded interrogatories have considered them permissible and compelled responses. *See Kuang Xuan Liu v. Win Woo Trading, LLC*, 2015 U.S. Dist. LEXIS 118610, 2015 WL 5168655 (N.D. Cal. Sep. 3, 2015).

Defendant Shutterstock, Inc. objects to this interrogatory stating that it "cannot respond on behalf of another party." This interrogatory is not directed at any other party, and responding to this interrogatory does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself.

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

## IV.    REQUESTS FOR ADMISSION

### A.    General Matters

Defendants have lodged various objections to all 31 RFAs.

Defendants object to each RFA as "vague, ambiguous, overly broad, unduly burdensome, and/or seek[ing] documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence."

General objections that a discovery request was overbroad, vague and unduly burdensome are not sufficiently specific to allow court to ascertain objectionable character of discovery request and are improper. *United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007) (citing cases). Additionally, in 2015, the phrase "reasonably

calculated to lead to discovery of admissible evidence" standard was removed from Rule 26(b)(1) and replaced with the "relevant and proportional to the needs of the case" standard. Finally, Plaintiffs' RFAs do not seek documents as indicated in the objection, but rather seek admissions or denials. Because Defendants do not specifically articulate why they believe each RFA is overly broad or unduly burdensome, and rely on an outdated discovery standard, we respectfully request that this objection be withdrawn.

Defendants also object to each RFA as calling for privileged or work product protected information. This is simply a boilerplate objection. To the extent you can articulate specifically how a response to each RFAs would violate privilege or work product protection, we would invite you to present such at the meet and confer. Otherwise, we respectfully request that this objection be withdrawn.

Defendants also object to each RFP to the extent it "seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information." As discussed above, Plaintiffs are willing to enter into a mutually agreeable protective order. Once such an order is entered, we respectfully request that this objection be withdrawn.

Defendants have objected to the definition of "YOU" as overly broad and unduly burdensome. The current definition of "YOU" refers to the named Defendant "and any other person or entities acting on its behalf." It appears that Defendants have unilaterally narrowed "YOU" to refer only to the named Defendant, and to exclude other persons or entities acting on Defendants' behalf. However, Rule 36 requires the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control and to state fully those efforts. *A. Farber & Partners., Inc. v. Garber*, 237 F.R.D. 250, 254 (C.D. Cal. 2006), citing *Henry v. Champlain Enters.*, 212 F.R.D. 73, 78 (N.D. N.Y. 2003). Such reasonable inquiry includes an investigation and inquiry of employees, agents, and others, "who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." *Id.* The inquiry may require venturing beyond the parties to the litigation. *Id.* At a minimum, "a party must make inquiry of a third party when there is some identity of interest

manifested, such as by both being parties to the litigation, a present or prior relationship of mutual concerns, or their active cooperation in the litigation, and when there is no manifest or potential conflict between the party and the third party." *Id*.

Defendants' narrowed definition of "YOU" is improper because it necessarily excludes third parties that are not technically part of the Defendant entities, but which nonetheless may have been acting at the behest of Defendants. We respectfully request that Defendants withdraw all objections to the definition "YOU" and supplement their responses accordingly.

Defendants have also objected to the term "COPYRIGHTED WORKS" as being defined in such as was so as to "prohibit[] the Responding Party from searching its documents … in a meaningful manner." This objection is not well taken. However, Plaintiffs re willing to meet and confer about custodians and exchange search terms prior to collecting and producing documents.

### A.    Specific RFAs for Defendants BackGrid Inc. and BackGrid USA, Inc.

#### 1.    RFA No. 6.

The BackGrid Defendants objected to this RFA as vague and ambiguous as to whether "entered into" includes agreements entered into with Plaintiffs' licensee. It is not clear what this objection is referring to, and Plaintiffs would invite the BackGrid Defendants to explain further at the meet and confer.

The BackGrid Defendants objected to this RFA on the basis that "PLAINTIFFS" is defined as including all seven Plaintiffs making the request vague and ambiguous. The RFA is simply asking whether the statement is true as to one or more of the Plaintiffs. Thus, so long as the statement is true as to at least one Plaintiff, the RFA would necessarily be admitted.

We respectfully request that BackGrid Defendants withdraw these objections and supplement their responses accordingly.

#### 2.    RFA Nos. 7-10.

The BackGrid Defendants objected to this RFA on the basis that "PLAINTIFFS" is defined as including all seven Plaintiffs making the request vague and ambiguous. The RFA is

simply asking whether the statement is true as to one or more of the Plaintiffs. Thus, so long as the statement is true as to at least one Plaintiff, the RFA would necessarily be admitted.

We respectfully request that BackGrid Defendants withdraw this objections and supplement their responses accordingly.

### 3.    RFA Nos. 11-15, 18.

The BackGrid Defendants objected to this RFA on the basis that "PLAINTIFFS" is defined as including all seven Plaintiffs making the request vague and ambiguous. However, the term "PLAINITIFFS" does not appear in this RFA.

We respectfully request that BackGrid Defendants withdraw theis objections and supplement their responses accordingly.

### 4.    RFA No. 24.

The BackGrid Defendants failed to provide a substantive response to this RFA, *inter alia*, on the basis that the term "successor in interest" is vague and ambiguous and has multiple possible meanings. Notably, RFAs 25-27 also use the term "successor in interest" however, the BackGrid Defendants were able to provide a substantive response.

Plaintiff would be willing to stipulate to that the term "successor in interest" as used in these RFAs is defined as one who "replaces or follows a predecessor" or "[a] corporation that, through amalgamation, consolidation, or other assumption of interests, is vested with the rights and duties of an earlier corporation." *Successor,* Black's Law Dictionary (12th ed. 2024).

In light of this, we respectfully request that BackGrid Defendants withdraw their objection and supplement their responses accordingly.

### 5.    RFA No. 30.

This RFA asks for an admission that "YOU are liable for the acts of BACKGRID as alleged in the FAC." The BackGrid Defendants responded that "Responding Party denies that any acts alleged in the complaint amount to liability." While we understand the BackGrid Defendants to dispute the allegations in the FAC generally, that is not what this RFA is asking. Rather, this RFA is asking the BackGrid Defendants to admit they would be liable for the acts

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

of "[BackGrid Inc.] *as alleged in the FAC.*" In other words, this RFA requires that the BackGrid Defendants presume the allegations in the FAC to be true. The BackGrid Defendants' current response is insufficient and we respectfully request that BackGrid Defendants supplement their responses accordingly.

### B.      Specific RFAs for Defendant Shutterstock, Inc.

#### 1.      *RFA No. 6.*

Defendant Shutterstock, Inc. objected to this RFA as vague and ambiguous as to whether "entered into" includes agreements entered into with Plaintiffs' licensee. It is not clear what this objection is referring to, and Plaintiffs would invite Defendant Shutterstock, Inc. to explain further at the meet and confer.

Defendant Shutterstock, Inc. objected to this RFA on the basis that "PLAINTIFFS" is defined as including all seven Plaintiffs making the request vague and ambiguous. The RFA is simply asking whether the statement is true as to one or more of the Plaintiffs. Thus, so long as the statement is true as to at least one Plaintiff, the RFA would necessarily be admitted.

Defendant Shutterstock, Inc. also objected to this RFA stating that it "cannot admit or deny the requests on behalf of another party." This RFA is not directed at any other party, and responding to this RFA does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself. Indeed, an admission binds only the specific party to whom the request is directed. *Riberglass, Inc. v. Techni-Glass Indus., Inc.*, 811 F.2d 565, 566-67 (11th Cir. 1987) (citing cases).

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement their responses accordingly.

#### 2.      *RFA Nos. 7-10.*

Defendant Shutterstock, Inc. objected to this RFA on the basis that "PLAINTIFFS" is defined as including all seven Plaintiffs making the request vague and ambiguous. The RFA is simply asking whether the statement is true as to one or more of the Plaintiffs. Thus, so long as the statement is true as to at least one Plaintiff, the RFA would necessarily be admitted.

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

Defendant Shutterstock, Inc. also objected to this RFA stating that it "cannot admit or deny the requests on behalf of another party." This RFA is not directed at any other party, and responding to this RFA does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself. Indeed, an admission binds only the specific party to whom the request is directed. *Riberglass, Inc. v. Techni-Glass Indus., Inc.*, 811 F.2d 565, 566-67 (11th Cir. 1987) (citing cases).

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

### 3. *RFA Nos. 11-15.*

Shutterstock, Inc. objected to this RFA on the basis that "PLAINTIFFS" is defined as including all seven Plaintiffs making the request vague and ambiguous. However, the term "PLAINITIFFS" does not appear in this RFA.

Defendant Shutterstock, Inc. also objected to this RFA stating that it "cannot admit or deny the requests on behalf of another party." This RFA is not directed at any other party, and responding to this RFA does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself. Indeed, an admission binds only the specific party to whom the request is directed. *Riberglass, Inc. v. Techni-Glass Indus., Inc.*, 811 F.2d 565, 566-67 (11th Cir. 1987) (citing cases).

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

### 4. *RFA Nos. 16-17.*

Defendant Shutterstock, Inc. objected to this RFA stating that it "cannot admit or deny the requests on behalf of another party." This RFA is not directed at any other party, and responding to this RFA does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself. Indeed, an admission binds only the specific party to whom the request is directed. *Riberglass, Inc. v. Techni-Glass Indus., Inc.*, 811 F.2d 565, 566-67 (11th Cir. 1987) (citing cases).

We respectfully request that Defendant Shutterstock, Inc. withdraw this objection and supplement its responses accordingly.

### 5.     RFA Nos. 18-20.

Defendant Shutterstock, Inc. objected to this RFA on the basis that "PLAINTIFFS" is defined as including all seven Plaintiffs making the request vague and ambiguous. The RFA is simply asking whether the statement is true as to one or more of the Plaintiffs. Thus, so long as the statement is true as to at least one Plaintiff, the RFA would necessarily be admitted.

Defendant Shutterstock, Inc. also objected to this RFA stating that it "cannot admit or deny the requests on behalf of another party." This RFA is not directed at any other party, and responding to this RFA does not require Defendant Shutterstock, Inc. to respond on behalf of anyone other than itself. Indeed, an admission binds only the specific party to whom the request is directed. *Riberglass, Inc. v. Techni-Glass Indus., Inc.*, 811 F.2d 565, 566-67 (11th Cir. 1987) (citing cases).

We respectfully request that Defendant Shutterstock, Inc. withdraw these objections and supplement its responses accordingly.

### 6.     RFA No. 24.

Defendant Shutterstock, Inc. failed to provide a substantive response to this RFA, *inter alia*, on the basis that the term "successor in interest" is vague and ambiguous and has multiple possible meanings. Notably, RFAs 25-27 also use the term "successor in interest" however, Defendant Shutterstock, Inc. was able to provide a substantive response.

Plaintiff would be willing to stipulate to that the term "successor in interest" as used in these RFAs is defined as one who "replaces or follows a predecessor" or "[a] corporation that, through amalgamation, consolidation, or other assumption of interests, is vested with the rights and duties of an earlier corporation." *Successor,* Black's Law Dictionary (12th ed. 2024).

In light of this, we respectfully request that Defendant Shutterstock, Inc. withdraw its objection and supplement their responses accordingly.

WHITEWOOD LAW
YOUR INNOVATION, OUR EXPERTISE

### V.    CONCLUSION

So far, no Defendant has produced any documents. As we informed you previously, we think it is important that Defendants meet and confer about custodians and search terms prior to collecting and producing documents. So that we can avoid any issues with respect to custodians and search terms that Defendants decide to use to collect documents, and to avoid multiple document searches, we propose the following: By Friday of this week, please provide a list of every potential custodian on the Defendants' side and your proposal as to which custodians' accounts should be searched and why. Also, we propose that we exchange a list of proposed search terms on the same day. Please also provide your availability early next week to meet and confer on custodians and search terms.

Warm regards,

*By: Shengmao Mu*
Shengmao (Sam) Mu, NY #5707021
Ryan Carreon SBN # 311668
**WHITEWOOD LAW PLLC**
57 West 57th Street, 3rd and 4th Floors
New York, NY 10019
Telephone: (917) 858-8018
Email: smu@whitewoodlaw.com

DAVID A. SERGENIAN, State Bar No. 230174
david@sergenianlaw.com
SERGENIAN LAW, P.C.
808 Wilshire Blvd., Suite 200
Santa Monica, CA 90401
Telephone: (213) 435-2035

SHENGMAO MU, State Bar No. 327076
smu@whitewoodlaw.com
WHITEWOOD LAW, P.C.
99 S. Alameda Blvd., Suite 600
San Jose, CA  95113
Tel.: (917) 858-8018
Fax: (917) 591-0618

Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIBAULT MAUVILAIN, an individual; HENRI MAZARI, an individual; JEREMY DUPLAQUET, an individual; ROBERT CHRISTIAN WOLF, an individual; MICHEL BOUTEFEU, an individual; STEPHAN KYNDT, an individual; and JOSEPH MEHDI, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> FLYNET PICTURES, LLC, a California limited liability company; FAMEFLYNET INC., a California corporation; BACKGRID INC., a California corporation; BACKGRID USA, INC., a California corporation; SHUTTERSTOCK, INC., a Delaware corporation; and DOES 1–10, inclusive, <br><br> Defendants. | Case No. 2:25–cv–2757–FLA–MAA <br><br> **DISCOVERY MATTER** <br><br> **MAGISTRATE JUDGE MARIA A. AUDERO** <br><br> **L.R. 37-2 JOINT STIPULATION IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION AND FURTHER RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION FROM DEFENDANTS BACKGRID INC., BACKGRID USA, INC., AND SHUTTERSTOCK, INC. AND SANCTIONS** <br><br> Date: June 4, 2026 <br> Time: 10:00 a.m. <br> Location: Roybal Federal Building and United States Courthouse <br> Crtrm: 880, 8th Floor |

Discovery Cutoff:   June 19, 2026
Pretrial Conf.:     November 13, 2026
Trial Date:         December 1, 2026

**TABLE OF CONTENTS**

I.     INTRODUCTORY STATEMENTS.................................................................1

       A.     Plaintiffs' Introductory Statement .................................................1

       B.     The BackGrid Defendants' Introductory Statement ......................6

II.    DISCOVERY IN DISPUTE ........................................................................6

       A.     Category I: Records of the Contributor Relationships and Communications with Plaintiffs (RFPs 1, 2, 3, 4, 30, 51, 52, 53, 65, 66) ...............................6

              1.     Request for Production No. 1 ................................................6

              2.     Request for Production No. 2 ................................................8

              3.     Request for Production No. 3 ................................................9

              4.     Request for Production No. 4 ..............................................10

              5.     Request for Production No. 30 ............................................11

              6.     Request for Production No. 51 ............................................13

              7.     Request for Production No. 52 ............................................14

              8.     Request for Production No. 53 ............................................14

              9.     Request for Production No. 65 ............................................16

              10.    Request for Production No. 66 ............................................17

              11.    Plaintiffs' Position.............................................................18

              12.    The BackGrid Defendants' Position ...................................20

       B.     Category II: The Works Themselves and Their Distribution (RFPs 5, 6, 7, 8, 9, 10, 13, 14, 15) ...............................20

              1.     Request for Production No. 5 ..............................................20

              2.     Request for Production No. 6 ..............................................21

              3.     Request for Production No. 7 ..............................................23

              4.     Request for Production No. 8 ..............................................24

              5.     Request for Production No. 9 ..............................................25

              6.     Request for Production No. 10 ............................................26

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

7.    Request for Production No. 13 .......................................................28

8.    Request for Production No. 14 .......................................................29

9.    Request for Production No. 15 .......................................................30

10.   Plaintiffs' Position.........................................................................31

11.   The BackGrid Defendants' Position ...............................................33

C.    Category III: Metadata, CMI, IPTC Handling, and Contributor Codes (RFPs 16, 22, 23, 24, 34, 37, 38, 41, 42, 43, 44, 45, 46) ............................34

1.    Request for Production No. 16 .......................................................34

2.    Request for Production No. 22 .......................................................35

3.    Request for Production No. 23 .......................................................36

4.    Request for Production No. 24 .......................................................37

5.    Request for Production No. 34 .......................................................38

6.    Request for Production No. 37 .......................................................39

7.    Request for Production No. 38 .......................................................40

8.    Request for Production No. 41 .......................................................41

9.    Request for Production No. 42 .......................................................42

10.   Request for Production No. 43 .......................................................43

11.   Request for Production No. 44 .......................................................44

12.   Request for Production No. 45 .......................................................46

13.   Request for Production No. 46 .......................................................47

14.   Plaintiffs' Position.........................................................................48

15.   The BackGrid Defendants' Position ...............................................50

D.    Category IV: Royalties, Licensing Revenue, and Financial Records (RFPs 11, 12, 17, 18, 19, 20, 21, 48) ............................50

1.    Request for Production No. 11 .......................................................50

2.    Request for Production No. 12 .......................................................51

3.    Request for Production No. 17 .......................................................52

4.    Request for Production No. 18 .......................................................54

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

5.      Request for Production No. 19 ........................................................55

6.      Request for Production No. 20 ........................................................56

7.      Request for Production No. 21 ........................................................57

8.      Request for Production No. 48 ........................................................58

9.      Plaintiffs' Position........................................................................59

10.     The BackGrid Defendants' Position ...............................................61

E.      Category V: Corporate Succession, Mergers, Storage Systems, and
Governance (RFPs 25, 26, 27, 28, 29, 39, 40, 49, 50, 56).........................61

1.      Request for Production No. 25 ........................................................61

2.      Request for Production No. 26 ........................................................62

3.      Request for Production No. 27 ........................................................63

4.      Request for Production No. 28 ........................................................64

5.      Request for Production No. 29 ........................................................65

6.      Request for Production No. 39 ........................................................66

7.      Request for Production No. 40 ........................................................67

8.      Request for Production No. 49 ........................................................68

9.      Request for Production No. 50 ........................................................69

10.     Request for Production No. 56 ........................................................69

11.     Plaintiffs' Position........................................................................70

12.     The BackGrid Defendants' Position ...............................................73

F.      Category VI: Marketing, Public Statements, and Prior Litigation (RFPs 33,
35, 54, 55, 60, 61, 67, 68) ..................................................................73

1.      Request for Production No. 33 ........................................................73

2.      Request for Production No. 35 ........................................................74

3.      Request for Production No. 54 ........................................................75

4.      Request for Production No. 55 ........................................................76

5.      Request for Production No. 60 ........................................................77

6.      Request for Production No. 61 ........................................................78

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

7.    Request for Production No. 67 ..........................................................79

8.    Request for Production No. 68 ..........................................................80

9.    Plaintiffs' Position...........................................................................81

10.   The BackGrid Defendants' Position ..................................................84

G.    Category VII: Defenses, Insurance, Document Retention, Personnel, Terms
(RFPs 31, 57, 58, 59, 62, 63) ......................................................................84

1.    Request for Production No. 31 ..........................................................84

2.    Request for Production No. 57 ..........................................................85

3.    Request for Production No. 58 ..........................................................86

4.    Request for Production No. 59 ..........................................................88

5.    Request for Production No. 62 ..........................................................89

6.    Request for Production No. 63 ..........................................................90

7.    Plaintiffs' Position...........................................................................91

8.    The BackGrid Defendants' Position ..................................................94

III.  SANCTIONS...........................................................................................................94

A.    Plaintiffs' Position on Sanctions .................................................................94

B.    BackGrid Defendants' Position on Sanctions .............................................98

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

## I.    INTRODUCTORY STATEMENTS

### A.    Plaintiffs' Introductory Statement

This Motion seeks to compel Defendants BackGrid Inc., BackGrid USA, Inc., and Shutterstock, Inc. (collectively, the "BackGrid Defendants") to produce documents responsive to Plaintiffs' First Set of Requests for Production. After ten months, six informal discovery conferences before this Court, and missing Plaintiffs' deadline to substantially comply with their discovery obligations, the BackGrid Defendants' total production stands at roughly 2,142 Bates-numbered pages. The most recent April 27, 2026 production is thin, duplicative, and missing entire categories of responsive documents, including the asset purchase and merger agreements documenting the corporate succession at the heart of this case. The BackGrid Defendants have refused to disclose hit counts, custodians, sampling, or the final search strings they actually executed. They did not collect from a known senior principal of BackGrid USA. They did not confirm hand collection of 13 categories of documents Plaintiffs identified as not amenable to keyword search. And they have not served the amended Rule 34 responses they committed in writing to serve.

Plaintiffs filed this action on March 28, 2025, alleging copyright infringement, removal and alteration of copyright management information under 17 U.S.C. § 1202, breach of implied-in-fact contributor agreements, and violation of California Penal Code § 496. (SAC, ECF No. 80.) Plaintiffs served their First Set of Requests for Production on each of the BackGrid Defendants on July 10, 2025. Written responses followed on August 25, 2025. Plaintiffs' Local Rule 37-1 letter issued September 23, 2025. The parties participated in six informal discovery conferences before Magistrate Judge Audero from November 2025 through March 2026. On March 25, 2026, the Court found that the parties had satisfied their meet-and-confer obligations under Rule 37. (ECF No. 83.) On March 26, 2026, Plaintiffs demanded substantial completion of the BackGrid Defendants' production by April 10, 2026; the deadline passed without production. The BackGrid Defendants produced approximately 487 pages on April 27, 2026, less than eight weeks before the June 19, 2026 fact-discovery cutoff.

- 1 -

The April 27, 2026 production consists predominantly of internal accounting records, ACH receipts, LinkedIn notifications, FRE 408 settlement correspondence between defense counsel and Plaintiffs' prior counsel, and screenshots of the BackGrid Defendants' internal "myBackgrid" administrative interface showing set-detail pages for certain photographs in dispute. (Sergenian Decl. ¶ 30.) The same documents repeat throughout: a single email thread regarding a People.com inquiry was produced three times at distinct Bates ranges, and the same FRE 408 settlement-correspondence chain was produced at least six times. (*Id.*) Entire categories of responsive documents are absent—no source files for the photographs at issue; no server or access logs for the BackGrid client portal; no royalty calculations, payment records, or reconciliations for Plaintiffs Mazari, Kyndt, or Mehdi and, for Plaintiffs Wolf, Boutefeu, Duplaquet, and Mauvilain, no royalty calculations, payment records, or reconciliations beyond the per-photographer sales ledgers produced at BACKGRID000001–001326 and the single December 11, 2018 reconciliation email for Plaintiff Mauvilain at BACKGRID002097–002131; no technical specifications or audit logs for the BackGrid Defendants' digital asset management systems; no scripts or processes by which metadata is handled; no contributor-code documentation; no filings from the BackGrid Defendants' prior copyright actions; and no asset purchase agreements, merger agreements, or other documents showing the corporate succession from Flynet Pictures, LLC through FameFlynet, Inc., BackGrid Inc., BackGrid USA, Inc., and Shutterstock, Inc. (*Id.* ¶ 31.) That succession is central to Plaintiffs' claims, and the documents memorializing it are within the BackGrid Defendants' possession, custody, or control by definition.

During the search-term negotiations, Plaintiffs proposed that the BackGrid Defendants collect by hand, rather than by keyword search, 13 categories of documents that are not amenable to Boolean search: organizational charts; document retention and destruction policies; personnel files for persons most knowledgeable; insurance policies; court and agency filings concerning Plaintiffs' copyrighted works; court and agency filings concerning any photograph; documents supporting the BackGrid Defendants' defenses

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

and affirmative defenses; terms of service or terms of use for the BackGrid Defendants' contributor and client portals; expert reports; all communications with Plaintiffs; non-privileged communications referencing Plaintiffs; deposition testimony concerning copyright infringement; and sworn declarations concerning copyright infringement. (Sergenian Decl. ¶ 32.) These categories correspond to RFPs 1–7, 16, 26–31, 33, 35, 46, and 55–62. The BackGrid Defendants neither committed to hand collection of any of these categories nor identified an alternative collection methodology. (*Id.*) None of the 13 categories appears in the April 27 production. (*Id.*) The deficiency is independent of any search-term dispute. Keyword searches cannot reach a personnel file, an organizational chart, an insurance policy, deposition testimony, or a sworn declaration in the first instance.

Throughout the search-term negotiation and to the present, the BackGrid Defendants have not disclosed: (a) the total number of documents loaded into their e-discovery platform, Logikcull; (b) the total number of custodians whose documents are loaded into Logikcull; (c) the hit count returned by any search the BackGrid Defendants ran; (d) any sampling methodology or sampling results that would allow Plaintiffs to evaluate the BackGrid Defendants' characterization of search results as responsive or nonresponsive; or (e) the final list of search strings the BackGrid Defendants actually executed against the production universe. (Sergenian Decl. ¶ 16.) Plaintiffs requested each of these categories of information in writing on April 14, 2026, and renewed the request on April 27, 2026. (*Id.*) The BackGrid Defendants have not responded to either request. (*Id.*) Without this information, Plaintiffs cannot identify gaps or determine whether the defects Plaintiffs identified in the April 13 modifications, discussed below, were corrected before production or perpetuated into it.

The "Custodians" tab of Ms. Ardalan's April 13, 2026 modified search-terms spreadsheet identifies eight individuals as the custodians whose documents the BackGrid Defendants loaded into Logikcull. (Sergenian Decl. ¶ 17.) Boris Nizon is not among them. (*Id.*) Mr. Nizon is the Co-Owner of BackGrid USA, Inc., a position he has held

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

since May 2017, and was the founder and owner of Fame Pictures, Inc. from 1995 to 2012, and FameFlynet, Inc. from 2012 to 2017. He has been a senior principal of the BackGrid USA entity throughout the period at issue and a principal of a predecessor entity that merged into the BackGrid line of corporate succession alleged in the Second Amended Complaint. (*Id.*; SAC [ECF No. 80] ¶¶ 14–18.) Plaintiffs raised the omission in writing on April 14, 2026. The BackGrid Defendants did not respond, did not add Mr. Nizon to the custodian list, and have not represented to Plaintiffs that Mr. Nizon's documents have been collected, processed, or searched. (Sergenian Decl. ¶ 17.)

In the April 27, 2026 email exchange following their production, defense counsel committed in writing to serve (a) amended written responses to Plaintiffs' Requests for Production and (b) a spreadsheet identifying the search terms the BackGrid Defendants actually executed against the production universe. (Sergenian Decl. ¶ 33.) Neither has been served. (*Id.*) The amended responses are necessary to identify, on a request-by-request basis, which of Plaintiffs' 64 RFPs the BackGrid Defendants are still withholding documents on, and on what grounds. The search-terms spreadsheet is necessary to determine whether the defects Plaintiffs identified in the April 13 modifications, discussed below, were corrected before the April 27 production or perpetuated into it. The BackGrid Defendants' failure to honor their own commitments—voluntarily made, in writing, on the date of production—confirms that the disputes presented here will not be resolved without an order compelling compliance.

On April 13, 2026, Ms. Ardalan provided a modified version of Plaintiffs' Boolean search terms, asserting that Logikcull did not support certain operators in the original terms. (Sergenian Decl. ¶ 14.) On April 14, 2026, Plaintiffs identified five categories of defects: (1) Plaintiff Boutefeu's plaintiff-specific search (original Search Term 5) was omitted entirely; (2) five modified searches contain syntax errors apparent on the face of the search string (Modified Searches 45, 46, 53, 54, and 60); (3) Modified Search 40—the principal search targeting contributor codes paired with Shutterstock, attribution, by-

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

line, and metadata fields—uses a lowercase "or" connector that Logikcull does not recognize as a Boolean operator; (4) of 197 pairwise proximity sub-searches, none has a reverse-order counterpart, despite Logikcull's express documentation that proximity is order-specific and recommendation that pairs be combined in reverse order; and (5) none of the 197 pairwise sub-searches retains the wildcard expansions used in Plaintiffs' original terms. (Sergenian Decl. ¶¶ 22–28.) The BackGrid Defendants did not correct any of the defects, did not respond to the critique, and did not provide the hit counts, custodian list, sampling, or final search strings that would allow Plaintiffs to evaluate whether the documents missed by these defects were captured elsewhere. (*Id.*)

The BackGrid Defendants' pattern of delay and non-cooperation is consistent. The RFPs at issue were served July 2025. The parties participated in six IDCs from November 2025 through March 2026. The April 10 deadline Plaintiffs drew was ignored. The BackGrid Defendants provided search term modifications with apparent defects and ignored Plaintiffs' corrections. Their April 27 production was thin, duplicative, and missing entire categories. They failed to meet their written commitments. Fact discovery in this action will close on June 19, 2026. Given the BackGrid Defendants' pattern, it is clear the disputes here cannot be resolved without an order.

Accordingly, Plaintiffs respectfully request an order: (1) compelling the BackGrid Defendants to produce all documents responsive to the 64 disputed RFPs identified in the joint stipulation below; (2) compelling disclosure of the total document universe, total custodian count, hit counts for each search executed, sampling methodology and results, and the final list of search strings actually executed against the production universe; (3) compelling collection, processing, and searching of documents from Boris Nizon and any other principal of a predecessor or successor entity within the BackGrid corporate-succession chain; (4) compelling hand collection of the 13 categories identified above; (5) compelling service of amended Rule 34 responses identifying, request-by-request, what is being withheld and on what grounds; and (6) awarding sanctions under Federal Rule of Civil Procedure 37(a)(5)(A) of $20,025 in attorney's fees.

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

**B.    The BackGrid Defendants' Introductory Statement**

TBA

## II.    DISCOVERY IN DISPUTE

In compliance with L.R. 37-2, this section contains verbatim the requests and responses at issue, followed by the parties' respective positions. Where the responses of the three BackGrid Defendants to a Request differ, the differences are shown by bracketed alternatives in the format [BGI/BGU: … / SS: …]. Where two of the three responses are identical, those entities are grouped (BGI/BGU). Where the BackGrid Inc. and BackGrid USA, Inc. responses differ only in identifying the responding party, the entity names are shown inline as "BackGrid Inc./BackGrid USA, Inc." Defense counsel's served responses contain some minor typographical and formatting irregularities that have been corrected for readability.

**A.    Category I: Records of the Contributor Relationships and Communications with Plaintiffs (RFPs 1, 2, 3, 4, 30, 51, 52, 53, 65, 66)**

Category I covers documents concerning the contributor relationships between Plaintiffs and the BackGrid Defendants and their predecessors, communications memorializing the formation, performance, and termination of those relationships, and the BackGrid Defendants' internal and external responses to Plaintiffs' counsel's June 2024 demands.

**1.    Request for Production No. 1**

**REQUEST FOR PRODUCTION NO. 1**

All DOCUMENTS RELATING TO any agreement between YOU and any of the PLAINTIFFS, including but not limited to all contracts, license agreements, terms of service, contributor agreements, and amendments thereto, whether written, oral, or implied.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding

- 6 -

Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. [BGI/BGU: Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged responsive documents in its possession, custody, or control, to the extent they exist, subject to a reasonable timeframe. / SS: Subject to and without waiving the foregoing objections, Responding Party will conduct a reasonably diligent search and will produce non-privileged responsive documents in its possession, custody, or control, to the extent they exist, subject to a reasonable timeframe.] Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

**2.      Request for Production No. 2**

**REQUEST FOR PRODUCTION NO. 2**

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and any of the PLAINTIFFS concerning the COPYRIGHTED WORKS, including but not limited to COMMUNICATIONS regarding submission of works, licensing, attribution, royalties, and termination of any agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party objects to the term "COPYRIGHTED WORKS" as defined. As defined, Responding Party is required to review 12,972 documents, which are not organized, labeled, or otherwise searchable, and were produced as multiple pdf files. As such, the definition prohibits the Responding Party from searching its documents by using these files

- 8 -

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

in a meaningful manner. [BGI/BGU: Subject to and without waiving the foregoing objections, Responding Party invites Plaintiffs to meet and confer regarding this request, specifically regarding how the parties can define COPYRIGHTED WORKS so that they may be more searchable. / SS: Subject to and without waiving the foregoing objections, this request is directed to the wrong party. Responding Party invites Plaintiffs to meet and confer regarding this request, specifically regarding how the parties can define COPYRIGHTED WORKS so that they may be more searchable.] Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 3.    Request for Production No. 3

**REQUEST FOR PRODUCTION NO. 3**

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and any of the PLAINTIFFS concerning any photograph provided to YOU by any of the PLAINTIFFS, including but not limited to COMMUNICATIONS regarding submission of works, licensing, attribution, royalties, and termination of any agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further

- 9 -

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. [BGI/BGU: Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged responsive documents in its possession, custody, or control, to the extent they exist, subject to a reasonable timeframe. / SS: Subject to and without waiving the foregoing objections, Responding Party will conduct a reasonably diligent search and will produce non-privileged responsive documents in its possession, custody, or control, to the extent they exist, subject to a reasonable timeframe.] Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 4.    Request for Production No. 4

**REQUEST FOR PRODUCTION NO. 4**

All DOCUMENTS RELATING TO any request by Henri Mazari or Joseph Mehdi to have their photographs removed from YOUR databases or to cease representation of their work, as alleged in Paragraphs 38 and 43 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Subject to and without waiving the foregoing objections, this request is directed to the wrong party. See FAC, Paragraphs 38 and 43. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 5. Request for Production No. 30

**REQUEST FOR PRODUCTION NO. 30**

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and PLAINTIFFS' counsel in 2024 regarding the allegations in the FAC, as referenced in Paragraphs 6 and 44.

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Subject to and without waiving the foregoing, Responding party will produce all non-privileged documents in its possession, custody, or control. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

**6.     Request for Production No. 51**

**REQUEST FOR PRODUCTION NO. 51**

All DOCUMENTS RELATING TO any internal investigation YOU conducted in response to the communications from PLAINTIFFS' counsel in June 2024, as referenced in Paragraph 44 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. The documents requested are privileged and will not be produced. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

- 13 -

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

**7.     Request for Production No. 52**

**REQUEST FOR PRODUCTION NO. 52**

All internal COMMUNICATIONS RELATING TO the complaints made by PLAINTIFFS or their counsel in 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. The documents requested are privileged and will not be produced. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

**8.     Request for Production No. 53**

**REQUEST FOR PRODUCTION NO. 53**

All COMMUNICATIONS between YOU and any third party (excluding YOUR outside litigation counsel) concerning the allegations made by PLAINTIFFS in this action.

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf. Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

commercial, financial, and/or proprietary business information. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response. [BGI/BGU: (no equivalent) / SS: Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.]

**9.     Request for Production No. 65**

**REQUEST FOR PRODUCTION NO. 65**

All COMMUNICATIONS with any of the PLAINTIFFS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. [BGI/BGU: Subject to and without waiving the foregoing objections, Responding Party will conduct a reasonably diligent search and will produce non-privileged responsive documents in its possession, custody, or control, to the extent they exist, subject to a reason-

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

able timeframe. / SS: Subject to and without waiving the foregoing objections, Responding Party will conduct a reasonably diligent search and will produce documents in its possession, custody, or control, to the extent they exist, subject to a reasonable time limitation.] Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 10.    Request for Production No. 66

**REQUEST FOR PRODUCTION NO. 66**

All non-privileged COMMUNICATIONS RELATED TO any of the PLAINTIFFS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. [BGI/BGU: Subject to and without waiving the foregoing objections, Responding Party will conduct a reasonably diligent search and will produce non-privileged responsive documents in its possession, custody, or control, to the extent they exist, subject to a reasonable timeframe. / SS: Subject to and without waiving the foregoing objections, Respond-

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

ing Party will conduct a reasonably diligent search and will produce non-privileged responsive documents in its possession, custody or control, to the extent they exist, subject to a reasonable timeframe.] Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 11.    Plaintiffs' Position

These documents go to the foundation of Plaintiffs' breach-of-contract claim (SAC ¶¶ 93–105) and to the notice and scienter elements of the Section 1202 claim. Plaintiffs seek to discover the contracts at issue, the communications memorializing the formation and performance of those contracts, the 2011 termination demands made by Mazari and Mehdi, and the 2024 correspondence and internal responses to Plaintiffs' counsel's notice of the alleged misconduct.

The BackGrid Defendants' boilerplate objections are insufficient under Fed. R. Civ. P. 34(b)(2)(B), which requires that a response "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Generic recitations of "vague," "ambiguous," "overbroad," "unduly burdensome," and "not reasonably calculated to lead to the discovery of admissible evidence," repeated verbatim across nearly every response, do not satisfy that standard. *See Burlington N. Santa Fe Ry. v. U.S. Dist. Crt.*, 408 F.3d 1142, 1149 (9th Cir. 2005) (boilerplate objections fail to comply with the Federal Rules and are tantamount to no objection at all).

Three category-specific objection failures warrant particular attention.

*First*, the BackGrid Defendants' response to RFP 4 (Mazari and Mehdi 2011 termination demands) asserts that "this request is directed to the wrong party." That is incorrect. The Second Amended Complaint alleges that BackGrid succeeded to FameFlynet's archive and contributor relationships after the 2017 merger with AKM-

- 18 -

GSI, that Shutterstock acquired BackGrid in February 2024, and that each successor continued exploiting Plaintiffs' photographs subject to the same limitations and obligations that governed Flynet's use. (SAC ¶¶ 14–18, 36–37, 99.) Successors in possession of a predecessor's archive and records cannot avoid producing those records by pointing to the predecessor and the separateness of the entities. *See* Fed. R. Civ. P. 34(a)(1) (requiring party to permit copying of enumerated items "in the responding party's possession, custody, or control"); *see Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995) (Rule 34's "possession, custody, or control" requirement is disjunctive; "only one of the [e]numerated requirements need be met").

*Second*, the BackGrid Defendants' responses to RFPs 51 and 52 assert privilege in response to requests to produce "any internal investigation YOU conducted in response to the communications from PLAINTIFFS' counsel in June 2024" and "all internal COMMUNICATIONS RELATING TO the complaints made by PLAINTIFFS or their counsel in 2024," but the BackGrid Defendants have served no privilege log identifying the documents withheld, the privilege asserted, or the basis for the assertion. Federal Rule of Civil Procedure 26(b)(5)(A) requires a privilege log; the failure to provide one operates as a waiver. *See Burlington N.*, 408 F.3d at 1149.

*Third*, Shutterstock's recurring objection that the YOU definition refers to "Flynet Pictures, LLC" and that "Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf" is meritless. The SAC alleges that "on February 1, 2024, Shutterstock announced its acquisition of BackGrid" and that "Shutterstock thereafter continued operating, controlling, or benefiting from the same archive, client portal, contributor systems, and licensing business." (SAC ¶ 37.) Shutterstock acquired BackGrid Inc. and BackGrid USA in February 2024. (*Id.* ¶ 18.) As parent corporation of these wholly-owned subsidiaries, Shutterstock has Rule 34 control over documents in their possession. *See United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989) ("A corporation must produce documents possessed by a subsidiary that the parent corporation owns or wholly controls.") (citations omitted); *In re Citric Acid Litig.*, 191 F.3d

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

1090, 1107–08 (9th Cir. 1999) (affirming legal control test); *In re ATM Fee Antitrust Litig.*, 233 F.R.D. 542, 544–45 (N.D. Cal. 2005) (rejecting parent corporation's argument that plaintiffs must subpoena or join wholly-owned subsidiary to obtain its documents; parent had Rule 34 control through its ownership of the subsidiary).

*Finally*, even where the BackGrid Defendants nominally agreed to produce documents, the agreements are illusory. The April 27, 2026 production of approximately 487 pages did not include the records memorializing the implied contributor relationships contributor-portal terms of use; royalty calculations, payment records, or reconciliations for Plaintiffs Mazari, Kyndt, or Mehdi; royalty calculations, payment records, or reconciliations for Plaintiffs Wolf, Boutefeu, Duplaquet, and Mauvilain beyond the per-photographer sales ledgers and the single December 11, 2018 reconciliation produced; and internal documentation of the contributor terms applicable to Plaintiffs), the 2011 termination demands by Mazari and Mehdi, the 2024 internal responses to Plaintiffs' counsel's demand, or the universe of communications between BackGrid personnel and Plaintiffs. (Sergenian Decl. ¶¶ 30–31.) The thinness of the production confirms that an order compelling further production is necessary.

### 12. The BackGrid Defendants' Position

TBA

### B. Category II: The Works Themselves and Their Distribution (RFPs 5, 6, 7, 8, 9, 10, 13, 14, 15)

Category II covers the works at issue, the digital files in the BackGrid Defendants' possession, and the records of every license, sale, distribution, display, download, or other access to those works through any of the BackGrid Defendants' systems.

### 1. Request for Production No. 5

**REQUEST FOR PRODUCTION NO. 5**

All copies of the COPYRIGHTED WORKS.

- 20 -

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: (no equivalent)] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party objects to the term "COPYRIGHTED WORKS" as defined. As defined, Responding Party is required to review 12,972 documents, which are not organized, labeled, or otherwise searchable, and were produced as multiple pdf files. As such, the definition prohibits the Responding Party from searching its documents by using these files in a meaningful manner. Subject to and without waiving the foregoing objections, Responding Party invites Plaintiffs to meet and confer regarding this request, specifically regarding how the parties can define COPYRIGHTED WORKS so that they may be more searchable. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

**2.      Request for Production No. 6**

**REQUEST FOR PRODUCTION NO. 6**

All copies of any photograph provided to YOU by any of the PLAINTIFFS.

- 21 -

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. [BGI/BGU: Subject to and without waiving the foregoing objections, Responding Party will conduct a reasonably diligent search and will produce non-privileged responsive documents in its possession, custody, or control, to the extent they exist, subject to a reasonable timeframe. / SS: Subject to and without waiving the foregoing objections, this request is directed to the wrong party.] Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

**3.      Request for Production No. 7**

**REQUEST FOR PRODUCTION NO. 7**

For each of the COPYRIGHTED WORKS, a copy of the digital file as it was originally received by YOU from any of the PLAINTIFFS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party objects to the term "COPYRIGHTED WORKS" as defined. As defined, Responding Party is required to review 12,972 documents, which are not organized, labeled, or otherwise searchable, and were produced as multiple pdf files. As such, the definition prohibits the Responding Party from searching its documents by using these files in a meaningful manner. [BGI/BGU: Subject to and without waiving the foregoing objections, Responding Party invites Plaintiffs to meet and confer regarding this request,

- 23 -

specifically regarding how the parties can define COPYRIGHTED WORKS so that they may be more searchable. / SS: Subject to and without waiving the foregoing objections, this request is directed to the wrong party. Responding Party invites Plaintiffs to meet and confer regarding this request, specifically regarding how the parties can define COPY-RIGHTED WORKS so that they may be more searchable.] Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 4.    Request for Production No. 8

**REQUEST FOR PRODUCTION NO. 8**

For each photograph provided to YOU by any of the PLAINTIFFS, a copy of the digital file as it was originally received by YOU from any of the PLAINTIFFS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Subject to and without waiving the foregoing objections, Responding Party will conduct a reasonably diligent search and will produce non-privileged responsive documents in its possession, custody, or control, to the extent they exist, subject to a reasonable timeframe. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 5.    Request for Production No. 9

**REQUEST FOR PRODUCTION NO. 9**

For each of the COPYRIGHTED WORKS, a copy of every version of the digital file that YOU have made available for license or distribution, including but not limited to files on any contributor portal, client portal, or public-facing website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party objects to the term "COPYRIGHTED WORKS" as defined. As defined, Responding Party is required to review 12,972 documents, which are not organized, labeled, or otherwise searchable, and were produced as multiple pdf files. As such, the definition prohibits the Responding Party from searching its documents by using these files in a meaningful manner. [BGI/BGU: Subject to and without waiving the foregoing objections, Responding Party invites Plaintiffs to meet and confer regarding this request, specifically regarding how the parties can define COPYRIGHTED WORKS so that they may be more searchable. / SS: Subject to and without waiving the foregoing objections, this request is directed to the wrong party. Responding Party invites Plaintiffs to meet and confer regarding this request, specifically regarding how the parties can define COPYRIGHTED WORKS so that they may be more searchable.] Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 6.    Request for Production No. 10

**REQUEST FOR PRODUCTION NO. 10**

For each photograph provided to YOU by any of the PLAINTIFFS, a copy of every version of the digital file that YOU have made available for license or distribution, including but not limited to files on any contributor portal, client portal, or public-facing website.

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Subject to and without waiving the foregoing objections, Responding Party will conduct a reasonably diligent search and will produce non-privileged responsive documents in its possession, custody, or control, to the extent they exist, subject to a reasonable timeframe. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

**7.    Request for Production No. 13**

**REQUEST FOR PRODUCTION NO. 13**

All DOCUMENTS RELATING TO every license, sale, or other distribution of any of the COPYRIGHTED WORKS, including but not limited to invoices, purchase orders, license agreements with clients, and COMMUNICATIONS with licensees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: (no equivalent)] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party objects to the term "COPYRIGHTED WORKS" as defined. As defined, Responding Party is required to review 12,972 documents, which are not organized, labeled, or otherwise searchable, and were produced as multiple pdf files. As such, the definition prohibits the Responding Party from searching its documents by using these files in a meaningful manner. Subject to and without waiving the foregoing objections, this request is directed to the wrong party. Responding Party invites Plaintiffs to meet and confer regarding this request, specifically regarding how the parties can define COPYRIGHTED WORKS so that they may be more searchable. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

**8.    Request for Production No. 14**

**REQUEST FOR PRODUCTION NO. 14**

All server logs, database records, analytics reports, and other DOCUMENTS showing every instance that any of the COPYRIGHTED WORKS were displayed on, downloaded from, or otherwise accessed through any of YOUR websites or client portals.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party objects to the term "COPYRIGHTED WORKS" as defined. As defined,

- 29 -

Responding Party is required to review 12,972 documents, which are not organized, labeled, or otherwise searchable, and were produced as multiple pdf files. As such, the definition prohibits the Responding Party from searching its documents by using these files in a meaningful manner. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 9.    Request for Production No. 15

**REQUEST FOR PRODUCTION NO. 15**

All server logs, database records, analytics reports, and other DOCUMENTS showing every instance that any of the photographs provided to YOU by any of the PLAINTIFFS were displayed on, downloaded from, or otherwise accessed through any of YOUR websites or client portals.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party objects to the term "COPYRIGHTED WORKS" as defined. As defined, Responding Party is required to review 12,972 documents, which are not organized, labeled, or otherwise searchable, and were produced as multiple pdf files. As such, the definition prohibits the Responding Party from searching its documents by using these files in a meaningful manner. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Responding Party invites the parties to meet and confer to narrow this request. Discovery is ongoing. Responding Party reserves the right to update its response.

### 10.    Plaintiffs' Position

Plaintiffs seek discovery of: (a) every copy of every work at issue in the BackGrid Defendants' possession, (b) the original digital files as received from Plaintiffs (which would, if produced, demonstrate what CMI Plaintiffs originally embedded), (c) every version of every digital file made available for license or distribution (which would demonstrate what the BackGrid Defendants did to that CMI before delivering the files to clients), and (d) every record of every instance the works were displayed, downloaded, distributed, or licensed through the BackGrid Defendants' systems.

Two categories of documents central to this discovery have not been produced. First, the source files for the works at issue have not been produced. (Sergenian Decl. ¶ 31.) Comparing the IPTC metadata as embedded by Plaintiffs in the original files to the metadata in the files the BackGrid Defendants offered through their client portal is the most direct evidence of what was stripped, altered, or replaced. Second, the server logs, access logs, and database records reflecting every display, download, license, or other

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

access to the works (RFPs 14, 15) have not been produced. (*Id.*) These records directly establish the scope of infringement and damages and, by their nature, exist only in the BackGrid Defendants' systems. The 214-page activity log produced at BACK-GRID001327–001540 covers a single third-party account holder with no purchase activity. (*Id.*)

The BackGrid Defendants' principal category-specific objection—that the term "COPYRIGHTED WORKS" is improperly defined because the registration certificates Plaintiffs produced are "not organized, labeled, or otherwise searchable"— mischaracterizes both Plaintiffs' production and the discovery being sought. Plaintiffs have produced everything Plaintiffs have on the works at issue: the registration certificates, and a spreadsheet attached as Exhibit A to the SAC mapping each BackGrid set code to its corresponding copyright registration number. (SAC [ECF No. 80] ¶ 55, Ex. A [ECF No. 80-1].) Plaintiffs derived those set codes from the access the BackGrid Defendants granted them to the client portal. (SAC ¶ 49.) But the client portal is the customer-facing interface; it is not the underlying digital asset management system, the source-file repository, the server logs, or the database tables that the BackGrid Defendants use to operate their licensing business. Plaintiffs cannot identify works in systems they have never seen. The BackGrid Defendants have direct access to those systems and can map their own set codes to specific photographs without further input from Plaintiffs. To the extent the BackGrid Defendants contend that any responsive documents do not exist or cannot be located, they should serve amended Rule 34 responses identifying what is being withheld on what grounds, must support any "no further documents" representation by declaration describing the reasonable inquiry conducted. *See* Fed. R. Civ. P. 34(b)(2)(B)–(C); *Q Indus., Inc. v. O'Reilly Auto., Inc.*, 2023 U.S. Dist. LEXIS 151705, at *38–39 (C.D. Cal. July 28, 2023); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189–90 (C.D. Cal. 2006).

The BackGrid Defendants' custodian list (Ex. 5 to Sergenian Decl.) compounds the problem. The list identifies eight individuals as custodians and applies keyword searches against those individuals' email and document repositories. (Sergenian Decl. ¶ 17, Ex. 5.)

- 32 -

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

But the documents central to this category—source files, modified distribution copies, server logs, access logs, database records, and licensing transactions—are not likely to live in any individual's custodial inbox. They likely live in the BackGrid Defendants' digital asset management systems and on the servers that operate the client portal. By limiting collection to eight email-and-document custodians, the BackGrid Defendants have unilaterally narrowed the production universe in a way that structurally excludes the documents most central to Plaintiffs' Section 1202 claim. The BackGrid Defendants know these documents exist; they are how the licensing business operates. They cannot be reached by keyword searches of email custodians, and the BackGrid Defendants have neither identified an alternative collection methodology nor confirmed that any of these systems were collected at all.

The remaining objections in this category—the boilerplate "vague," "overbroad," and "unduly burdensome" recitations, and Shutterstock's recurring "wrong party" objection—fail for the reasons stated above in Section II.A. *See Burlington N.*, 408 F.3d at 1149. Shutterstock is the parent corporation of BackGrid Inc. and BackGrid USA, and its Rule 34 control over those subsidiaries' documents extends to the digital asset management systems, server logs, and database records on which Plaintiffs' photographs reside. *See* Section II.A.

Even where the BackGrid Defendants nominally agreed to produce documents in this category, the agreements are illusory. The April 27, 2026 production did not include any source files, any server or access logs reflecting display of, download of, or licensing of Plaintiffs' photographs (other than the 214-page activity log for a single non-purchasing account holder), or any complete licensing-transaction records for the post-2018 period. (Sergenian Decl. ¶ 31.) The thinness of the production confirms that an order compelling further production is necessary.

### 11.    The BackGrid Defendants' Position

TBA

- 33 -

**C.      Category III: Metadata, CMI, IPTC Handling, and Contributor Codes (RFPs 16, 22, 23, 24, 34, 37, 38, 41, 42, 43, 44, 45, 46)**

Category III covers documents concerning the BackGrid Defendants' handling of copyright management information for the works at issue: the metadata-handling policies, the decision-making documents concerning CMI alteration and replacement, the audit logs and database records tracking changes to metadata fields, the technical specifications and architecture for the digital asset management systems, the scripts and automated processes that handle metadata on ingestion, the contributor codes that link works to Plaintiffs, and the byline and attribution requirements that the BackGrid Defendants represent to clients.

**1.      Request for Production No. 16**

**REQUEST FOR PRODUCTION NO. 16**

All style guides, manuals, or other DOCUMENTS RELATING TO requirements for the display of photographer and agency bylines or other attribution for licensed images.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. [BGI/BGU: (no equivalent) / SS: Responding Party objects to the term "COPYRIGHTED

WORKS" as defined. As defined, Responding Party is required to review 12,972 documents, which are not organized, labeled, or otherwise searchable, and were produced as multiple pdf files. As such, the definition prohibits the Responding Party from searching its documents by using these files in a meaningful manner.] Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Responding Party invites the parties to meet and confer to narrow this request. Discovery is ongoing. Responding Party reserves the right to update its response.

### 2.    Request for Production No. 22

**REQUEST FOR PRODUCTION NO. 22**

All DOCUMENTS RELATING TO YOUR policies, procedures, protocols, or practices concerning the handling of metadata and CMI in photographs submitted by contributors, including any policies on the preservation, alteration, or removal of IPTC data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing

responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party invites the Parties to meet and confer to limit this request. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 3.    Request for Production No. 23

**REQUEST FOR PRODUCTION NO. 23**

All DOCUMENTS RELATING TO the decision to alter or remove CMI from any of the COPYRIGHTED WORKS, or to attribute any of the COPYRIGHTED WORKS to "FameFlynet Pictures Inc." or list the copyright as belonging to BACKGRID.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party objects to the term "COPYRIGHTED WORKS" as defined. As defined,

- 36 -
JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

Responding Party is required to review 12,972 documents, which are not organized, labeled, or otherwise searchable, and were produced as multiple pdf files. As such, the definition prohibits the Responding Party from searching its documents by using these files in a meaningful manner. [BGI/BGU: Subject to and without waiving the foregoing objections, Responding Party invites Plaintiffs to meet and confer regarding this request, specifically regarding how the parties can define COPYRIGHTED WORKS so that they may be more searchable, and how to limit the irrelevant and potentially private information from being produced. / SS: Subject to and without waiving the foregoing objections, Responding Party invites Plaintiffs to meet and confer regarding this request, specifically regarding how the parties can define COPYRIGHTED WORKS so that they may be more searchable, and how to limit the irrelevant and potentially private information from being produced.] Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 4.     Request for Production No. 24

**REQUEST FOR PRODUCTION NO. 24**

All DOCUMENTS RELATING TO the decision to alter or remove CMI from any photograph provided to YOU by any of the PLAINTIFFS, or to attribute any photograph provided to YOU by any of the PLAINTIFFS to "FameFlynet Pictures Inc." or list the copyright as belonging to BACKGRID.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Re-

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

sponding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Subject to and without waiving the foregoing objections, Responding Party will conduct a reasonably diligent search and will produce documents in its possession, custody, or control, to the extent they exist, subject to a reasonable time limitation. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 5. Request for Production No. 34

**REQUEST FOR PRODUCTION NO. 34**

All internal DOCUMENTS, including COMMUNICATIONS, RELATING TO YOUR policies, practices, or decisions regarding IPTC data, metadata, or the display of bylines and attribution for contributor photographs generally, not limited to those of the PLAINTIFF S.

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

**6.      Request for Production No. 37**

**REQUEST FOR PRODUCTION NO. 37**

All DOCUMENTS that define or describe the contributor codes referenced in the FAC (e.g., "BAC," "THMA," "KO," "JD," "FREE," "CW," "CCR," "RIWE," "BTF,"

MIBO," "FT," "JOME," "BELLE PICTURES"), and that link those codes to the respective PLAINTIFFS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. [BGI/BGU: Subject to and without waiving the foregoing objections, Responding Party will conduct a reasonably diligent search and will produce non-privileged responsive documents in its possession, custody, or control, to the extent they exist, subject to a reasonable timeframe. / SS: Subject to and without waiving the foregoing objections, Responding Party will conduct a reasonably diligent search and will produce non-privileged responsive documents in its possession, custody or control, to the extent they exist, subject to a reasonable timeframe.] Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

**7.    Request for Production No. 38**

**REQUEST FOR PRODUCTION NO. 38**

All versions of any contributor handbooks, manuals, platform tutorials, or guides provided or made available to PLAINTIFFS or other similarly situated photographers.

- 40 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party invites the parties to meet and confer to narrow this request. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

**8.    Request for Production No. 41**

**REQUEST FOR PRODUCTION NO. 41**

All DOCUMENTS RELATING TO the decision -making process for determining which "Flynet -era photographs" would be integrated or excluded from the BackGrid contributor and/or client portals, as alleged in Paragraphs 34, 39, 40, 41, and 43 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request to the extent it calls for the production of privileged, work-product

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Subject to and without waiving the foregoing objections, Responding Party will conduct a reasonably diligent search and will produce documents in its possession, custody, or control, to the extent they exist, subject to a reasonable time limitation. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 9.    Request for Production No. 42

**REQUEST FOR PRODUCTION NO. 42**

All technical specifications, user manuals, data schema, or architectural diagrams for any software, database, or digital asset management (DAM) system YOU used to ingest, store, manage, and license the COPYRIGHTED WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past

- 42 -

and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party objects to the term "COPYRIGHTED WORKS" as defined. As defined, Responding Party is required to review 12,972 documents, which are not organized, labeled, or otherwise searchable, and were produced as multiple pdf files. As such, the definition prohibits the Responding Party from searching its documents by using these files in a meaningful manner. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 10.    Request for Production No. 43

**REQUEST FOR PRODUCTION NO. 43**

All technical specifications, user manuals, data schema, or architectural diagrams for any software, database, or digital asset management (DAM) system YOU used to ingest, store, manage, and license any photograph provided to YOU by any of the PLAINTIFFS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding

- 43 -

Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. [BGI/BGU: (no equivalent) / SS: Responding Party invites the parties to meet and confer to narrow this request.] Discovery is ongoing. Responding Party reserves the right to update its response.

### 11.    Request for Production No. 44

**REQUEST FOR PRODUCTION NO. 44**

All audit logs, change histories, or other database records that track any creation, deletion, or modification of the metadata fields associated with any of the COPYRIGHTED WORKS, including but not limited to any fields for author, copyright holder, and source.

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: (no equivalent)] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party objects to the term "COPYRIGHTED WORKS" as defined. As defined, Responding Party is required to review 12,972 documents, which are not organized, labeled, or otherwise searchable, and were produced as multiple pdf files. As such, the definition prohibits the Responding Party from searching its documents by using these files in a meaningful manner. [BGI/BGU: Subject to and without waiving the foregoing objections, Responding Party invites Plaintiffs to meet and confer regarding this request, specifically regarding how the parties can define COPYRIGHTED WORKS so that they may be more searchable, and how to limit the irrelevant and potentially private information from being produced. / SS: Subject to and without waiving the foregoing objections, Responding Party invites Plaintiffs to meet and confer regarding this request, specifically regarding how the parties can define COPYRIGHTED WORKS so that they may be more searchable, and how to limit the irrelevant and potentially private information from being produced.] Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without

- 45 -

waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 12.   Request for Production No. 45

**REQUEST FOR PRODUCTION NO. 45**

All audit logs, change histories, or other database records that track any creation, deletion, or modification of the metadata fields associated with any photograph provided to YOU by any of the PLAINTIFFS, including but not limited to any fields for author, copyright holder, and source.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Subject to and without waiving the foregoing objections, Responding Party will conduct a

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

reasonably diligent search and will produce documents in its possession, custody, or control, to the extent they exist, subject to a reasonable time limitation. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 13.    Request for Production No. 46

**REQUEST FOR PRODUCTION NO. 46**

All DOCUMENTS RELATING TO any software, script, or automated process YOU used to process incoming photographs, including any process that would strip, alter, or map metadata from an original file to YOUR internal database fields.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, ma-

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

teriality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 14.    Plaintiffs' Position

These documents are at the core of the Section 1202 claim. Section 1202 prohibits the intentional removal or alteration of CMI, and the knowing distribution of works with CMI removed or altered, where the actor knew or had reasonable grounds to know that such conduct would induce, enable, facilitate, or conceal an infringement. 17 U.S.C. § 1202(b)(1), (3). The metadata-handling policies (RFPs 22, 34), documents relating to decisions to alter CMI (RFPs 23, 24), audit logs (RFPs 44, 45), DAM specifications (RFPs 42, 43), and metadata-handling scripts (RFP 46) are the most direct evidence of the scienter and pattern elements of that claim. The contributor-code documentation (RFP 37) is necessary to link specific works to specific Plaintiffs.

Plaintiffs identified approximately 355 sets of their photographs in the BackGrid client portal that were credited "FameFlynet/BACKGRID" and that bore copyright fields stating "Copyright © [year] BACKGRID, Inc." (SAC ¶¶ 50–57.) The BackGrid Defendants' systematic practice of replacing Plaintiffs' CMI across hundreds of sets and licensing those sets to third parties under that false CMI constitutes a pattern of conduct from which scienter is properly inferred. (SAC ¶ 90.) The audit logs, decision documents, and metadata-handling scripts requested in this category are the underlying evidence for that pattern. Without them, Plaintiffs cannot quantify the scope of the conduct, identify the personnel responsible, or evaluate whether the BackGrid Defendants' own systems flagged the conduct internally.

- 48 -

As with Category II, the documents central to this category—audit logs, database change histories, DAM technical specifications, metadata-handling scripts and automated processes, and the database tables that map contributor codes to Plaintiffs—are not likely to live in any individual employee's email or document repository. They live in the Back-Grid Defendants' systems. The list of eight custodians used by the BackGrid Defendants (Sergenian Decl. ¶ 17, Ex. 5) is insufficient to reach these documents. The BackGrid Defendants have neither identified an alternative collection methodology for documents of which they are aware but which are unlikely to respond to search terms, nor confirmed that any of these systems were collected at all.

The BackGrid Defendants' responses are nearly uniformly objection-only or contain illusory "will produce" language. The April 27, 2026 production includes no audit logs, no metadata-handling scripts, no DAM specifications, no decision-making documents about CMI alteration, and no contributor-code documentation linking the codes (BAC, KO, JD, CW, CCR, BTF Press, FT, BELLE PICTURES, THMA, FREE, RIWE, MIBO, JOME) to the seven Plaintiffs. (Sergenian Decl. ¶ 31.) Without that linkage, Plaintiffs cannot trace specific licensed works to specific contributors. The boilerplate objections—vague, ambiguous, overbroad, unduly burdensome, work-product, confidential commercial information—do not meet the specificity requirement of Rule 34(b)(2)(B). *Burlington N.*, 408 F.3d at 1149. The objection based on the definition of "COPYRIGHTED WORKS" fails for the reasons stated in Section II.B above. The objection that Shutterstock is the "wrong party" objection fails for the reasons stated in Section II.A; Shutterstock's Rule 34 control over its wholly-owned subsidiaries' DAM systems and metadata records is identical to its control over the licensing systems addressed in Category II. To the extent the BackGrid Defendants contend that any responsive documents in this category do not exist or cannot be located, they should serve amended Rule 34 responses identifying what is being withheld on what grounds and support any "no further documents" representation by declaration describing the reasonable inquiry conducted, for the reasons stated in Section II.B.

- 49 -

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

### 15.    The BackGrid Defendants' Position

TBA

### D.    Category IV: Royalties, Licensing Revenue, and Financial Records (RFPs 11, 12, 17, 18, 19, 20, 21, 48)

Category IV covers the BackGrid Defendants' financial records and ownership and authorship records concerning the works at issue: copyright ownership and authorship records, financial statements and ledgers showing licensing revenue, royalty calculations and payment records, gross revenue and net profit data, and business plans for the back-catalog content the BackGrid Defendants license.

### 1.    Request for Production No. 11

**REQUEST FOR PRODUCTION NO. 11**

All DOCUMENTS RELATING TO the copyright ownership, authorship, creation date, and publication date of the COPYRIGHTED WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: (no equivalent)] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party objects to the term "COPYRIGHTED

WORKS" as defined. As defined, Responding Party is required to review 12,972 documents, which are not organized, labeled, or otherwise searchable, and were produced as multiple pdf files. As such, the definition prohibits the Responding Party from searching its documents by using these files in a meaningful manner. [BGI/BGU: Subject to and without waiving the foregoing objections, Responding Party invites Plaintiffs to meet and confer regarding this request, specifically regarding how the parties can define COPYRIGHTED WORKS so that they may be more searchable. / SS: Subject to and without waiving the foregoing objections, this request is directed to the wrong party. Responding Party invites Plaintiffs to meet and confer regarding this request, specifically regarding how the parties can define COPYRIGHTED WORKS so that they may be more searchable.] Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 2. Request for Production No. 12

**REQUEST FOR PRODUCTION NO. 12**

All DOCUMENTS RELATING TO the copyright ownership, authorship, creation date, and publication date of each photograph provided to YOU by any of the PLAINTIFFS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but

not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. [BGI/BGU: Subject to and without waiving the foregoing objections, Responding Party will conduct a reasonably diligent search and will produce documents in its possession, custody, or control, to the extent they exist, subject to a reasonable time limitation. / SS: Subject to and without waiving the foregoing objections, Responding Party will conduct a reasonably diligent search and will produce non-privileged responsive documents in its possession, custody, or control, to the extent they exist, subject to a reasonable timeframe.] Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 3.    Request for Production No. 17

**REQUEST FOR PRODUCTION NO. 17**

All financial statements, ledgers, royalty statements, and accounting records RELATING TO revenue generated from the licensing of the COPYRIGHTED WORKS.

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party objects to the term "COPYRIGHTED WORKS" as defined. As defined, Responding Party is required to review 12,972 documents, which are not organized, labeled, or otherwise searchable, and were produced as multiple pdf files. As such, the definition prohibits the Responding Party from searching its documents by using these files in a meaningful manner. [BGI/BGU: Subject to and without waiving the foregoing objections, Responding Party invites Plaintiffs to meet and confer regarding this request, specifically regarding how the parties can define COPYRIGHTED WORKS so that they may be more searchable, and how to limit the irrelevant and potentially private information from being produced. / SS: Subject to and without waiving the foregoing objections, Responding Party will conduct a reasonably diligent search and will produce non-privileged responsive documents in its possession, custody, or control, to the extent they exist, subject to a reasonable timeframe.] Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 4.      Request for Production No. 18

**REQUEST FOR PRODUCTION NO. 18**

All financial statements, ledgers, royalty statements, and accounting records RE-LATING TO revenue generated from the licensing of any photograph provided to YOU by any of the PLAINTIFFS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. [BGI/BGU: By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. / SS: By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does no t admit the competence, relevance, materiality, or admissibility of such information or the information contained therein.] Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. [BGI/BGU: Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged responsive documents in its possession, custody, or control,

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

to the extent they exist, subject to a reasonable timeframe. / SS: Responding Party objects to the term "COPYRIGHTED WORKS" as defined. As defined, Responding Party is required to review 12,972 documents, which are not organized, labeled, or otherwise searchable, and were produced as multiple pdf files. As such, the definition prohibits the Responding Party from searching its documents by using these files in a meaningful manner. Subject to and without waiving the foregoing objections, Responding Party will conduct a reasonably diligent search and will produce non-privileged responsive documents in its possession, custody, or control, to the extent they exist, subject to a reasonable timeframe.] Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 5.    Request for Production No. 19

**REQUEST FOR PRODUCTION NO. 19**

All DOCUMENTS RELATING TO the calculation, tracking, payment, or non-payment of royalties to each of the PLAINTIFFS for the use of their COPYRIGHTED WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged,

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

and/or confidential commercial, financial, and/or proprietary business information. Responding Party objects to the term "COPYRIGHTED WORKS" as defined. As defined, Responding Party is required to review 12,972 documents, which are not organized, labeled, or otherwise searchable, and were produced as multiple pdf files. As such, the definition prohibits the Responding Party from searching its documents by using these files in a meaningful manner. Subject to and without waiving the foregoing objections, Responding Party invites Plaintiffs to meet and confer regarding this request, specifically regarding how the parties can define COPYRIGHTED WORKS so that they may be more searchable, and how to limit the irrelevant and potentially private information from being produced. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 6.     Request for Production No. 20

**REQUEST FOR PRODUCTION NO. 20**

All DOCUMENTS RELATING TO the calculation, tracking, payment, or non-payment of royalties to each of the PLAINTIFFS for the use of any photograph provided to YOU by any of the PLAINTIFFS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past

- 56 -

and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party objects to the term "COPYRIGHTED WORKS" as defined. As defined, Responding Party is required to review 12,972 documents, which are not organized, labeled, or otherwise searchable, and were produced as multiple pdf files. As such, the definition prohibits the Responding Party from searching its documents by using these files in a meaningful manner. Subject to and without waiving the foregoing objections, Responding Party will conduct a reasonably diligent search and will produce non-privileged responsive documents in its possession, custody, or control, to the extent they exist, subject to a reasonable timeframe. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 7.    Request for Production No. 21

**REQUEST FOR PRODUCTION NO. 21**

All DOCUMENTS sufficient to show YOUR total gross revenue and net profit for each year from 2002 to the present.

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

## 8.    Request for Production No. 48

**REQUEST FOR PRODUCTION NO. 48**

All business plans, financial projections, and marketing strategies RELATING TO the licensing of archival or "back -catalog" photographic content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: (no equivalent)] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 9. Plaintiffs' Position

Plaintiffs' damages depend on the BackGrid Defendants' records of every license issued, every fee collected, every royalty calculated, and every payment made (or not made) to each Plaintiff. RFPs 17 and 18 seek the financial statements, ledgers, royalty statements, and accounting records relating to revenue from the licensing of the works. RFPs 19 and 20 seek the calculation, tracking, payment, or non-payment of royalties to Plaintiffs. RFP 21 seeks gross revenue and net profit data. These categories are core damages discovery and are within the BackGrid Defendants' exclusive possession.

The BackGrid Defendants' responses are largely comprised solely of objections or invite further meet-and-confer regarding the COPYRIGHTED WORKS definition

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

(which was the subject of several meet-and-confers and IDCs and has been resolved). The April 27, 2026 production includes no royalty calculations, payment records, or reconciliations for Plaintiffs Mazari, Kyndt, or Mehdi, and, for Plaintiffs Wolf, Boutefeu, Duplaquet, and Mauvilain, no royalty calculations, payment records, or reconciliations beyond the per-photographer sales ledgers produced at BACKGRID000001–001323 and the single December 11, 2018 reconciliation email for Plaintiff Mauvilain at BACK-GRID002097–002131. (Sergenian Decl. ¶ 31.)

The BackGrid Defendants' own records, when produced, will confirm or refute the central allegation that Defendants licensed sets of Plaintiffs' photographs to third parties without paying royalties. (SAC ¶ 58.)

The copyright ownership and authorship records (RFPs 11, 12) establish which works belong to which Plaintiff and are therefore necessary both to assess infringement and to allocate any recovery among Plaintiffs. The BackGrid Defendants' internal records showing the registered copyright holder for each work, the contributor who delivered the work, and the chain of authorship are essential to that identification. RFP 48 (business plans for back-catalog content) is relevant, *inter alia*, to damages on Plaintiffs' breach-of-contract claims, to damages under Cal. Penal Code § 496(c), and to remedies under 17 U.S.C. §§ 504(b) and 1202(c).

The boilerplate objections—vague, ambiguous, overbroad, unduly burdensome, work-product, confidential commercial information—do not meet the specificity requirement of Rule 34(b)(2)(B). *Burlington N.*, 408 F.3d at 1149. Confidentiality concerns can be addressed by the protective order already entered in this case (ECF No. 64), not by withholding production. The objection based on the definition of "COPYRIGHTED WORKS" fails for the reasons stated in Section II.B above. The objection that Shutterstock is the "wrong party" fails for the reasons stated in Section II.A. To the extent the BackGrid Defendants contend that any responsive documents in this category do not exist or cannot be located, they should serve amended Rule 34 responses identifying what is being withheld on what grounds and support any "no further documents" representation

- 60 -

by declaration describing the reasonable inquiry conducted, for the reasons stated in Section II.B.

### 10. The BackGrid Defendants' Position

TBA

### E. Category V: Corporate Succession, Mergers, Storage Systems, and Governance (RFPs 25, 26, 27, 28, 29, 39, 40, 49, 50, 56)

Category V covers the documents establishing the corporate-succession chain at the heart of the case: the merger between Flynet and Fame Pictures (2012), the merger between FameFlynet and AKM-GSI (2017), the acquisition of BackGrid by Shutterstock (2024), the corporate formation and dissolution records, the storage systems where the works have been kept, the bulk asset sales, the IP due diligence reports prepared during the mergers and acquisitions, and the organizational charts showing departmental responsibility for content acquisition, metadata, IT systems, and contributor relations.

### 1. Request for Production No. 25

**REQUEST FOR PRODUCTION NO. 25**

All DOCUMENTS RELATING TO the merger between FLYNET and Fame Pictures, including but not limited to the merger agreement and all schedules, exhibits, and closing documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the definition of FLYNET as overly broad and unduly burdensome. Responding Party understands FLYNET to mean FlyNet Pictures, LLC. Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or

admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 2.    Request for Production No. 26

**REQUEST FOR PRODUCTION NO. 26**

All DOCUMENTS RELATING TO the merger between FAMEFLYNET and AKM -GSI, including but not limited to the merger agreement and all schedules, exhibits, and closing documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the definition of FAMEFLYNET as overly broad and unduly burdensome. Responding Party understands FAMEFLYNET to mean FameFlynet, Inc. Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance,

materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 3.    Request for Production No. 27

**REQUEST FOR PRODUCTION NO. 27**

All DOCUMENTS RELATING TO the acquisition of BACKGRID by SHUT-TERSTOCK, including but not limited to the acquisition agreement and all schedules, exhibits, and closing documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the definition of SHUTTERSTOCK as overly broad and unduly burdensome. Responding Party understands SHUTTERSTOCK to mean Shutterstock, Inc. Responding Party objects to the definition of BACKGRID as overly broad and unduly burdensome. Responding Party understands BackGrid to mean BackGrid, Inc. Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

**4.     Request for Production No. 28**

**REQUEST FOR PRODUCTION NO. 28**

All DOCUMENTS RELATING TO YOUR corporate formation, including Articles of Incorporation, bylaws, and operating agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

**5.      Request for Production No. 29**

**REQUEST FOR PRODUCTION NO. 29**

All Certificates of Dissolution for FLYNET, FAMEFLYNET, and BACKGRID.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the definition of BACKGRID as overly broad and unduly burdensome. Responding Party understands BackGrid to mean BackGrid, Inc. Responding Party objects to the definition of FAMEFLYNET as overly broad and unduly burdensome. Responding Party understands FAMEFLYNET to mean FameFlynet, Inc. Responding Party objects to the definition of FLYNET as overly broad and unduly burdensome. Responding Party understands FLYNET to mean FlyNet Pictures, LLC. Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

**6.    Request for Production No. 39**

**REQUEST FOR PRODUCTION NO. 39**

All DOCUMENTS that identify the specific databases, servers (physical or cloud-based), or other storage systems where the COPYRIGHTED WORKS have been stored at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party objects to the term "COPYRIGHTED WORKS" as defined. As defined, Responding Party is required to review 12,972 documents, which are not organized, labeled, or otherwise searchable, and were produced as multiple pdf files. As such, the definition prohibits the Responding Party from searching its documents by using these files in a meaningful manner. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

**7.    Request for Production No. 40**

**REQUEST FOR PRODUCTION NO. 40**

All DOCUMENTS that identify the specific databases, servers (physical or cloud-based), or other storage systems where any photograph provided to YOU by any of the PLAINTIFFS has been stored at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party objects to the term "COPYRIGHTED WORKS" as defined. As defined, Responding Party is required to review 12,972 documents, which are not organized, labeled, or otherwise searchable, and were produced as multiple pdf files. As such, the definition prohibits the Responding Party from searching its documents by using these files in a meaningful manner. Responding Party specifically reserves its right to object to the

- 67 -

use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 8.    Request for Production No. 49

**REQUEST FOR PRODUCTION NO. 49**

All DOCUMENTS RELATING TO the "bulk sales" of works referenced in Paragraph 5 of the FAC, including communications, contracts, and lists of assets sold.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party invites the parties to meet and confer regarding the meaning of "bulk sales," which as used in the complaint is vague and ambiguous. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

**9. Request for Production No. 50**

**REQUEST FOR PRODUCTION NO. 50**

All due diligence reports, or portions thereof, created or received during the mergers/acquisitions involving FLYNET, FAMEFLYNET, BACKGRID, and SHUTTERSTOCK that RELATE TO intellectual property portfolios, copyright liabilities, and contributor agreements or obligations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

**10. Request for Production No. 56**

**REQUEST FOR PRODUCTION NO. 56**

An organizational chart for YOUR company and each predecessor (FLYNET,FAMEFLYNET, BACKGRID) sufficient to identify the departments and key personnel responsible for content acquisition, content management, metadata, IT systems, and contributor relations/payments.

- 69 -

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 11.    Plaintiffs' Position

The corporate-succession chain is central to Plaintiffs' theory of liability. Plaintiffs allege that each successor entity took possession of the predecessor's archive subject to the same contributor agreements, royalty obligations, and attribution requirements that governed the predecessor's use, and that BackGrid migrated FameFlynet-era photographs

into its system "despite knowing that those photographs carried false or altered attribution and copyright ownership information." (SAC ¶¶ 14–18, 35–37, 57, 99.) The merger and acquisition documents (RFPs 25–27), the corporate formation and dissolution records (RFPs 28–29), the organizational charts (RFP 56), the bulk-sale records (RFP 49), and the IP due diligence reports (RFP 50) are the foundational evidence for that chain. Without them, Plaintiffs cannot establish how each successor knew (or should have known) that the archive it acquired carried unresolved contributor obligations and unauthorized CMI alterations. The storage-system documentation (RFPs 39, 40) identifies where the works at issue have actually been stored across the succession; i.e., which databases, servers, or cloud systems hold the source files, the modified distribution copies, the server logs, and the audit trails sought in Categories II and III.

The IP due diligence reports (RFP 50) are particularly significant for the Section 1202 claim. Section 1202(b) liability can be established by showing actual or constructive knowledge that distribution of works with altered or removed CMI would induce, enable, facilitate, or conceal infringement. 17 U.S.C. § 1202(b)(3). The due diligence performed by BackGrid (during the FameFlynet/AKM-GSI transaction) and by Shutterstock (during the BackGrid acquisition) either flagged the false attributions or failed to flag them. Either way, the documents bear directly on what the BackGrid Defendants knew, or had reasonable grounds to know, when they assumed control of the archive and continued offering Plaintiffs' photographs through the client portal under that false CMI. (SAC ¶¶ 57, 90.)

The BackGrid Defendants have never taken the position that these documents are not in their possession, custody, or control, or do not exist. Corporate transactions of the magnitude of the Flynet/Fame Pictures merger, the FameFlynet/AKM-GSI merger, and the Shutterstock/BackGrid acquisition do not occur without contemporaneous written documentation, and merger and acquisition records, including agreements, schedules, exhibits, closing documents, and due diligence reports, are routinely retained as core corporate records. Articles of incorporation, bylaws, and certificates of dissolution are man-

datory corporate filings. Organizational charts and storage-system documentation are operational records the BackGrid Defendants use to run their business. Yet the April 27 production includes none of these documents. (Sergenian Decl. ¶ 31.)

As with Categories II and III, the documents central to this category are not likely to live in any individual employee's email inbox. M&A agreements, closing schedules, and IP due diligence reports are typically held by deal counsel and executive leadership; corporate-formation and dissolution records are typically held by corporate secretaries, finance, or legal personnel; storage-system documentation lives with IT. The list of eight custodians used by the BackGrid Defendants (Sergenian Decl. ¶ 17, Ex. 5) is structurally inadequate to reach those repositories. The omission of Boris Nizon is particularly acute for this category. Mr. Nizon is the Co-Owner of BackGrid USA, Inc., a position he has held since May 2017, and was the founder and owner of Fame Pictures, Inc. from 1995 to 2012, and of FameFlynet, Inc. from 2012 to 2017. (Sergenian Decl. ¶ 17, Ex. 9.) He is a principal of the entities in the very corporate-succession chain at issue and is among the persons most likely to possess records of the Flynet/Fame Pictures merger, the FameFlynet/AKM-GSI merger, and the BackGrid acquisition. The BackGrid Defendants have neither identified an alternative collection methodology for the systems and personnel that hold these records, nor confirmed that any repository outside the eight email custodians' files was collected at all.

The boilerplate objections—vague, ambiguous, overbroad, unduly burdensome, work-product, confidential commercial information—do not meet the specificity requirement of Rule 34(b)(2)(B). *Burlington N.*, 408 F.3d at 1149. Confidentiality concerns regarding the M&A documents, due diligence reports, and financial deal terms can be addressed by the protective order already entered in this case (ECF No. 64), not by withholding production. The "COPYRIGHTED WORKS" objection raised on RFPs 39 and 40 fails for the reasons stated in Section II.B above. The "wrong party" objection raised by Shutterstock on RFPs 28, 40, and 56 fails for the reasons stated in Section II.A; Shut-

terstock's Rule 34 control over its wholly-owned subsidiaries' corporate records, organizational charts, and storage-system documentation is identical to its control over the licensing systems addressed in Category II. The "bulk sales" objection on RFP 49 is moot. RFP 49 referenced the FAC paragraph 5 reference to bulk sales; the SAC is now the operative pleading, and the alleged successor-by-succession transactions are described in greater detail throughout. (*See, e.g.*, SAC ¶¶ 35–37, 57.)

To the extent the BackGrid Defendants contend that any responsive documents in this category do not exist or cannot be located, they should serve amended Rule 34 responses identifying what is being withheld on what grounds and support any "no further documents" representation by declaration describing the reasonable inquiry conducted, for the reasons stated in Section II.B. The thinness of the April 27 production, which lacks M&A agreements, closing schedules, due diligence reports, corporate formation or dissolution records, organizational charts, and storage-system documentation (Sergenian Decl. ¶ 31), confirms that an order compelling further production is necessary.

### 12. The BackGrid Defendants' Position

TBA

### F. Category VI: Marketing, Public Statements, and Prior Litigation (RFPs 33, 35, 54, 55, 60, 61, 67, 68)

Category VI covers the BackGrid Defendants' representations about their rights in the photographic content they license, their internal documents about Plaintiffs and the post-filing investigation, and the BackGrid Defendants' prior copyright filings, deposition testimony, and sworn declarations.

### 1. Request for Production No. 33

**REQUEST FOR PRODUCTION NO. 33**

All internal DOCUMENTS, including COMMUNICATIONS, RELATING TO any of the PLAINTIFFS, their contributor accounts, or their photographs.

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: (no equivalent)] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party invites the parties to meet and confer regarding limiting this request. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 2.    Request for Production No. 35

**REQUEST FOR PRODUCTION NO. 35**

All internal DOCUMENTS, including COMMUNICATIONS, created after the filing of this lawsuit that RELATE TO the allegations in the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request to the extent it calls for the production of privileged, work-product

- 74 -

protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party invites the parties to meet and confer regarding limiting this request. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 3.    Request for Production No. 54

**REQUEST FOR PRODUCTION NO. 54**

All marketing and promotional materials, including website archives, brochures, and sales presentations, where YOU represented YOUR rights in the photographic content YOU licensed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further

- 75 -

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 4.    Request for Production No. 55

**REQUEST FOR PRODUCTION NO. 55**

All press releases or public statements made by YOU or YOUR predecessors (FLYNET, FAMEFLYNET, BACKGRID) concerning the size, scope, or ownership of YOUR photographic archives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: (no equivalent)] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or

the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. [BGI/BGU: (no equivalent) / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 5.    Request for Production No. 60

**REQUEST FOR PRODUCTION NO. 60**

All DOCUMENTS (other than the FAC) that YOU have filed in any court or with any administrative agency that RELATE TO the COPYRIGHTED WORKS or YOUR agreements with the PLAINTIFFS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party objects to the term "COPYRIGHTED WORKS" as defined. As defined, Responding Party is required to review 12,972 documents, which are not organized, labeled, or otherwise searchable, and were produced as multiple pdf files. As such, the definition prohibits the Responding Party from searching its documents by using these files in a meaningful manner. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 6.    Request for Production No. 61

**REQUEST FOR PRODUCTION NO. 61**

All DOCUMENTS (other than the FAC) that YOU have filed in any court or with any administrative agency that RELATE TO any photograph provided to YOU by any of the PLAINTIFFS or YOUR agreements with the PLAINTIFFS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant

- 78 -

Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 7.    Request for Production No. 67

**REQUEST FOR PRODUCTION NO. 67**

All DOCUMENTS concerning any deposition testimony given by YOU as either a plaintiff, defendant, or third party witness in any lawsuit alleging copyright infringement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant

Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party objects that this request is overly broad in that is requests information from unrelated lawsuits and is intended to harass and annoy. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 8.    Request for Production No. 68

**REQUEST FOR PRODUCTION NO. 68**

All DOCUMENTS concerning any sworn declarations given by YOU as either a plaintiff, defendant, or third party witness in any lawsuit alleging copyright infringement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant

Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party objects that this request is overly broad in that is requests information from unrelated lawsuits and is intended to harass and annoy. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 9.      Plaintiffs' Position

The documents in this category are admissions. Section 1202 prohibits the knowing provision or distribution of false CMI and the knowing distribution of works from which CMI has been removed or altered, with reasonable grounds to know that doing so will induce, enable, facilitate, or conceal infringement. 17 U.S.C. § 1202(a), (b)(1), (b)(3). What the BackGrid Defendants have said about their rights in the photographic archive—to clients, to the public, and to other courts—bears directly on whether they knew, or had reasonable grounds to know, that the "FameFlynet/BACKGRID" credit lines and "Copyright © [year] BACKGRID, Inc." copyright fields embedded across hundreds of sets of Plaintiffs' photographs were false. (SAC ¶¶ 50–57, 90.)

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

Marketing materials, sales presentations, and website archives (RFP 54), and press releases and public statements about the size, scope, or ownership of the archive (RFP 55), are direct evidence of how the BackGrid Defendants have represented their rights in the photographs they license. Where those representations rest on the same false attribution and ownership fields embedded in the metadata of Plaintiffs' works, they corroborate both the scienter element of the Section 1202 claim and the falsity element of Plaintiffs' Cal. Penal Code § 496 claim. (SAC ¶¶ 87–92, 107–110.) The BackGrid Defendants' representations about archive ownership are also relevant to Plaintiffs' breach-of-contract theory: the contributor agreements obligated each successor to preserve Plaintiffs' authorship and copyright ownership information and not to substitute its own. (SAC ¶¶ 28–32, 97, 99, 101.) Marketing or public statements asserting BackGrid ownership of contributor-supplied works contradict that obligation.

The BackGrid Defendants' prior litigation conduct is independently probative. RFPs 60 and 61 seek the court and agency filings the BackGrid Defendants have made concerning the works at issue or any photograph provided to them by Plaintiffs. RFPs 67 and 68 seek the BackGrid Defendants' deposition testimony and sworn declarations in prior copyright-infringement lawsuits. The BackGrid Defendants are not strangers to copyright litigation; they have prosecuted copyright actions of their own. In *BackGrid USA, Inc. v. Twitter, Inc.*, No. 2:22-cv-09462-DMG-ADS (C.D. Cal.), BackGrid argued through its own counsel that metadata stripping "induces and encourages infringement" and that "there is no legitimate purpose in stripping metadata except to induce infringement." (ECF No. 87-1 at 14 [ECF p. 20].) That position, taken by BackGrid in its own filings, squarely contradicts any defense the BackGrid Defendants might offer here that the alteration and replacement of Plaintiffs' CMI was inadvertent or innocuous. The BackGrid Defendants' filings, deposition testimony, and sworn declarations in the *Twitter* case and other copyright actions are admissible as admissions, are not duplicative of any other discovery in this case, and cannot be obtained from any other source.

- 82 -

The "harass and annoy" objection to RFPs 67 and 68 is meritless. Plaintiffs do not seek deposition transcripts at large or testimony in unrelated lawsuits. The requests are limited on their face to copyright-infringement lawsuits, which is the precise category in which the BackGrid Defendants have taken positions on metadata, attribution, and licensing scope that bear directly on the elements of Plaintiffs' Section 1202 claim.

Internal documents concerning Plaintiffs and the post-filing investigation are equally relevant. RFP 33 seeks internal documents and communications relating to Plaintiffs, their contributor accounts, or their photographs, which are directly probative of what the BackGrid Defendants knew about the contributor relationships, the false attribution embedded in Plaintiffs' files, and the licensing of those files to third parties. RFP 35 seeks post-filing internal documents and communications relating to the allegations, which are probative of the BackGrid Defendants' contemporaneous understanding of the conduct at issue and bearing on willfulness. The BackGrid Defendants' blanket privilege assertion fails because they have served no privilege log identifying what is being withheld, the basis for the assertion, or the documents' authors and recipients. Federal Rule of Civil Procedure 26(b)(5)(A) requires a privilege log; the failure to provide one is a waiver. *See Burlington N.*, 408 F.3d at 1149.

The boilerplate objections (vague, ambiguous, overbroad, unduly burdensome, work-product, confidential commercial information) do not meet the specificity requirement of Rule 34(b)(2)(B) and are tantamount to no objection at all. *Burlington N.*, 408 F.3d at 1149. Confidentiality concerns about internal marketing materials, archive valuations, or business communications can be addressed by the protective order already entered in this case (ECF No. 64), not by withholding production. The objection based on the definition of "COPYRIGHTED WORKS," raised on RFP 60, fails for the reasons stated in Section II.B above. The "wrong party" objection raised by Shutterstock fails for the reasons stated in Section II.A; Shutterstock's Rule 34 control over its wholly-owned subsidiaries' marketing files, public statements, court filings, and prior testimony is identical to its control over the systems and records addressed in earlier categories.

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

Even where the BackGrid Defendants nominally agreed to consider further production after meet-and-confer, the agreements are illusory. The April 27, 2026 production includes no filings from the BackGrid Defendants' prior copyright actions, no deposition testimony or sworn declarations, no marketing or sales materials representing the Back-Grid Defendants' rights in the archive, and no press releases or public statements about archive ownership. (Sergenian Decl. ¶ 31.) To the extent the BackGrid Defendants contend that any responsive documents in this category do not exist or cannot be located, they should serve amended Rule 34 responses identifying what is being withheld on what grounds and support any "no further documents" representation by declaration describing the reasonable inquiry conducted, for the reasons stated in Section II.B. The thinness of the production confirms that an order compelling further production is necessary.

### 10.    The BackGrid Defendants' Position

TBA

### G.    Category VII: Defenses, Insurance, Document Retention, Personnel, Terms (RFPs 31, 57, 58, 59, 62, 63)

Category VII covers categories of documents that Plaintiffs contend should be hand-collected rather than collected by keyword search: documents supporting the Back-Grid Defendants' defenses and affirmative defenses, document retention and destruction policies, personnel files for persons most knowledgeable, insurance policies that may provide coverage, terms of service or terms of use for the BackGrid Defendants' client and contributor portals.

### 1.    Request for Production No. 31

**REQUEST FOR PRODUCTION NO. 31**

All DOCUMENTS that support any of YOUR affirmative defenses in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding

- 84 -

Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. This request is premature. Responding Party has not filed an answer. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 2. Request for Production No. 57

**REQUEST FOR PRODUCTION NO. 57**

All DOCUMENTS RELATING TO YOUR document retention and destruction policies in effect from 2002 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Subject to and without waiving the foregoing objections, Responding Party will conduct a reasonably diligent search and will produce documents in its possession, custody, or control, to the extent they exist, subject to a reasonable time limitation. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 3.    Request for Production No. 58

**REQUEST FOR PRODUCTION NO. 58**

The personnel files, including job descriptions, for each person YOU identify as being most knowledgeable about (a) contributor agreements, (b) metadata and CMI handling, and (c) royalty calculations and payments.

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party objects that this request violates its employees' right to privacy. The requested documents will not be produced. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

**4.    Request for Production No. 59**

**REQUEST FOR PRODUCTION NO. 59**

All insurance policies that may provide coverage for the claims asserted in the FAC, including but not limited to any "Errors and Omissions" or "Media Liability" policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: (no equivalent)] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Subject to and without waiving the foregoing, Responding Party will produce responsive documents in its possession, custody, or control to the extent they exist. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

- 88 -
JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

**5.    Request for Production No. 62**

**REQUEST FOR PRODUCTION NO. 62**

All non-privileged DOCUMENTS that RELATE TO YOUR defenses and/or affirmative defenses in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. [BGI/BGU: This request is premature as Responding Party has not asserted defenses at this time. / SS: Subject to and without waiving the foregoing objections, this request is directed to the wrong party. Moreover, this request is premature

- 89 -

as Responding Party has not asserted defenses at this time.] Moreover, this request requires that Responding Party produce work product in that it would have to determine which documents are "RELATED TO" its defense, or not. Discovery is ongoing. Responding Party reserves the right to update its response.

### 6.    Request for Production No. 63

**REQUEST FOR PRODUCTION NO. 63**

A copy of every version of the "Terms of Service" or "Terms of Use" for YOUR client-facing licensing websites and contributor portals from 2002 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63**

Responding Party objects to the request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. [BGI/BGU: Responding Party objects to YOU, which as defined is overly broad and unduly burdensome. Responding Party understands YOU to mean BackGrid Inc./BackGrid USA, Inc. / SS: Responding Party further objects to the definition of YOU. It defines "YOU" as "Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives." Shutterstock is not Flynet Pictures, LLC and cannot respond on its behalf.] Responding Party further objects to this request to the extent it calls for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for or produce responsive information, or by producing responsive information, Responding Party does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein. Responding Party further objects to this request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information. Subject to and without waiving the foregoing objections, Responding Party will conduct a

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

reasonably diligent search and will produce documents in its possession, custody, or control, to the extent they exist, subject to a reasonable time limitation. Responding Party specifically reserves its right to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Responding Party's responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Discovery is ongoing. Responding Party reserves the right to update its response.

### 7.    Plaintiffs' Position

Category VII covers the foundational compliance, governance, and defense-related records that any business-litigation defendant ordinarily produces in the early weeks of discovery: insurance policies, document retention and destruction policies, personnel files for the persons most knowledgeable, terms of service for the BackGrid Defendants' client and contributor portals, and the documents supporting their defenses and affirmative defenses. Plaintiffs identified each of these categories during the search-term negotiations as candidates for hand collection because, by their nature, they are not amenable to Boolean search. (Sergenian Decl. ¶ 32.) The BackGrid Defendants did not commit in writing to hand collect any of these categories, did not identify an alternative collection methodology, and did not produce any of them on April 27. (*Id.* ¶¶ 31–32.)

With respect to RFP 59 (insurance policies), policies that may provide coverage for the claims at issue are discoverable as of right under Federal Rule of Civil Procedure 26(a)(1)(A)(iv), which requires a party, without awaiting a discovery request, to provide "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment." Rule 34 reinforces, rather than displaces, that initial-disclosure obligation. The BackGrid Defendants' boilerplate "vague," "overbroad," and "burdensome" recitations cannot defeat a mandatory disclosure obligation, and confidentiality concerns about commercial insurance terms are addressed by the protective order already entered in this case (ECF No. 64). The BackGrid Defendants have not produced

any insurance policy on the merits and have not represented, on the record or in correspondence, that no responsive policy exists. (Sergenian Decl. ¶ 31.)

With respect to document retention and destruction policies (RFP 57), the policies in effect from 2002 forward are directly relevant to the disputes presented in this Motion. The BackGrid Defendants have characterized large categories of documents, including source files, server logs, royalty calculations, audit logs of metadata changes, contributor-code documentation, and merger and acquisition records, as either nonexistent or unreachable through the search process they implemented. The retention policies determine whether those documents should still exist, when they were destroyed (if at all), and whether the destruction was consistent with policy or in derogation of it. The objections are boilerplate and fail under Rule 34(b)(2)(B). *Burlington N.*, 408 F.3d at 1149.

Personnel files for persons most knowledgeable (RFP 58). RFP 58 (personnel files for persons most knowledgeable) is narrowly drawn to the personnel files, including job descriptions, for the persons the BackGrid Defendants identify as most knowledgeable about three discrete subjects: contributor agreements, metadata and CMI handling, and royalty calculations and payments. Those documents establish the qualifications, scope of authority, and likely document custody of the witnesses on the central elements of Plaintiffs' claims. They are necessary both for deposition preparation and for evaluating Rule 30(b)(6) designations. The privacy objection is properly addressed by the protective order, not by withholding production. *See* ECF No. 64. The relevance of personnel records for designated witnesses on contested issues is well established and does not yield to a generalized employee-privacy concern, particularly where the request is limited to job descriptions and the files of three subject-matter custodians.

Terms of service and terms of use (RFP 63). The terms of service and terms of use for the BackGrid Defendants' contributor and client portals from 2002 to the present (RFP 63) go directly to the central disputes in the case. The contributor-portal terms and conditions (if any) bear on what rights the BackGrid Defendants and their predecessors claimed to take from contributors and on whether those terms were ever communicated

to Plaintiffs, both elements squarely at issue in the breach-of-contract claim and in the BackGrid Defendants' pending motion to dismiss. (SAC ¶¶ 25–32, 94–105.) The client-portal terms and conditions bear on the rights the BackGrid Defendants represented to their licensees, including whether the BackGrid Defendants represented themselves to clients as the copyright owner of works they did not own, a representation that bears directly on the falsity and scienter elements of the Section 1202 claim. (SAC ¶¶ 50–57, 87–92.)

With respect to documents relating to defenses in this action (RFPs 31, 62), the BackGrid Defendants' "premature, no answer filed" objection is mistaken on its face. Rule 34 does not condition production of documents supporting defenses on the filing of an answer. Rule 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." A defendant cannot insulate its defense-supporting documents from discovery merely by pursuing a motion to dismiss in lieu of answering. The BackGrid Defendants have suggested but not confirmed certain defenses throughout this litigation, including license, scope of license, condition versus covenant, preemption, and others, in their motions to dismiss the FAC and the SAC. (They have confirmed only one affirmative defense they intend to assert: statute of limitations.) Documents supporting the BackGrid Defendants' defenses are responsive and producible now. The BackGrid Defendants' further objection to RFP 62, that determining which documents "RELATE TO" their defenses would itself require work product, is meritless: every Rule 34 response requires a responding party to apply judgment in identifying responsive documents, and that judgment is not work product within the meaning of Rule 26(b)(3). *See* Fed. R. Civ. P. 26(b)(3) (limiting protection to documents "prepared in anticipation of litigation or for trial").

Recurring objections. The boilerplate "vague," "ambiguous," "overbroad," "unduly burdensome," "work-product," and "confidential commercial information" recitations fail across this category for the reasons stated in Section II.A above. *Burlington N.*, 408 F.3d at 1149. Confidentiality concerns about retention policies, personnel records,

- 93 -

insurance, terms of service, and internal defense-related documents are addressed by the protective order at ECF No. 64. The "wrong party" objection raised by Shutterstock fails for the reasons stated in Section II.A; Shutterstock's Rule 34 control over the corporate compliance records, personnel files, insurance program, and terms of service of its wholly-owned subsidiaries is identical to its control over the systems and records addressed in earlier categories.

Even where the BackGrid Defendants nominally agreed to produce documents in this category (RFPs 57, 59, and 63), the agreements are illusory. The April 27, 2026 production includes no insurance policies, no document retention or destruction policies, no terms of service or terms of use for either the client or contributor portals, no personnel files or job descriptions, and no defense-related documents. (Sergenian Decl. ¶ 31.) The thinness of the production confirms that an order compelling further production is necessary. To the extent the BackGrid Defendants contend that any responsive documents in this category do not exist or cannot be located, they should serve amended Rule 34 responses identifying what is being withheld on what grounds and support any "no further documents" representation by declaration describing the reasonable inquiry conducted, for the reasons stated in Section II.B.

### 8. The BackGrid Defendants' Position

TBA

## III.  SANCTIONS

### A.  Plaintiffs' Position on Sanctions

Plaintiffs respectfully request an award of $20,025 in attorney's fees as a sanction under Federal Rule of Civil Procedure 37(a)(5)(A) for the reasonable expenses incurred in bringing this Motion.

Rule 37(a)(5)(A) provides that if a motion to compel discovery "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the

- 94 -
JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

movant's reasonable expenses incurred in making the motion, including attorney's fees." The award is mandatory unless one of three exceptions applies: (i) the motion was filed before the movant attempted in good faith to obtain the discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). None of those exceptions applies here.

The first exception is foreclosed by the record. Plaintiffs served their First Set of Requests for Production on July 10, 2025. Plaintiffs' Local Rule 37-1 letter issued September 23, 2025. The parties participated in six informal discovery conferences before this Court between November 2025 and March 2026. On March 25, 2026, the Court found that the parties had satisfied their meet-and-confer obligations under Rule 37. (ECF No. 83.) Plaintiffs then drew an April 10, 2026 deadline for substantial completion of production; that deadline passed without compliance. The April 27, 2026 production—approximately 487 pages, predominantly internal accounting records, ACH receipts, LinkedIn notifications, FRE 408 settlement correspondence, and screenshots of an internal administrative interface—confirmed the deficiencies rather than resolving them. (Sergenian Decl. ¶¶ 30–31.) Plaintiffs' pre-filing diligence is not in dispute.

The second exception is unavailable because the BackGrid Defendants' position is not substantially justified. The "substantially justified" standard is "satisfied if there is a 'genuine dispute' … or 'if reasonable people could differ as to the appropriateness of the contested action.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations and alterations omitted); *accord Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994); *Lee v. Cnty. of Los Angeles*, 2025 U.S. Dist. LEXIS 274331, at *10–11 (C.D. Cal. Dec. 30, 2025) (Audero, M.J.). The party resisting sanctions bears the burden of establishing substantial justification. *Hyde & Drath*, 24 F.3d at 1171; *Lee*, 2025 U.S. Dist. LEXIS 274331, at *7–8. Reasonable people could not differ on the propriety of the BackGrid Defendants' conduct here.

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

The Court's March 25, 2026 Minute Order, which found that Plaintiffs had satisfied their meet-and-confer obligations under Rule 37 while encouraging further efforts to resolve disputes (ECF No. 83 at 1–2), gave the BackGrid Defendants a clear path to bring their production into compliance and avoid this Motion. They did not use it.

Plaintiffs demanded substantial completion by April 10, 2026; the deadline passed without any production. (Sergenian Decl. ¶¶ 11–12.)

When Plaintiffs identified five categories of defects in the BackGrid Defendants' April 13 modified search terms, the BackGrid Defendants did not correct any of the defects, did not respond to the critique, and did not provide the hit counts, custodian list, sampling, or final search strings that would have allowed Plaintiffs to evaluate whether the documents missed by these defects were captured elsewhere. (Sergenian Decl. ¶¶ 14–28.)

Even taking the BackGrid Defendants' full production through April 27 together, the production was thin, duplicative, and missing entire categories of responsive material, including source files; server and access logs; royalty calculations, payment records, and reconciliations for Plaintiffs Mazari, Kyndt, and Mehdi; royalty calculations, payment records, and reconciliations for Plaintiffs Wolf, Boutefeu, Duplaquet, and Mauvilain beyond the per-photographer sales ledgers and the single December 11, 2018 reconciliation for Mauvilain; audit logs; metadata handling scripts; contributor code documentation; asset purchase and merger agreements; and prior litigation filings. (Sergenian Decl. ¶¶ 30–31.)

The BackGrid Defendants then committed in writing, on the date of production, to serve amended Rule 34 responses identifying what was being withheld and a spreadsheet identifying the search terms they actually executed; neither has been served. (*Id.* ¶ 33.)

And the omission of Boris Nizon, the Co-Owner of BackGrid USA, Inc. since May 2017 and a principal of a predecessor entity in the corporate-succession chain, from the eight-custodian list went unaddressed despite Plaintiffs' written notice on April 14, 2026. (*Id.* ¶ 17.)

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

None of these failures reflects a genuine dispute or a position on which reasonable people could differ. They reflect a pattern of non-cooperation that continued, and in some respects deepened, after the Court's March 25 order. Nor is this a case in which the BackGrid Defendants' objections themselves are substantially justified, as discussed above.

The third exception likewise does not apply. The BackGrid Defendants are represented by sophisticated counsel; they have had 10 months and the benefit of six IDCs to bring their production into compliance; and they made—and broke—voluntary written commitments on the date of production to serve amended Rule 34 responses and a final search-terms spreadsheet. (Sergenian Decl. ¶ 33.) There is nothing unjust about requiring them to bear the reasonable expenses of the motion their conduct necessitated.

Reasonable attorney's fees under Rule 37 are calculated using the lodestar method, in which the court multiplies the number of hours reasonably expended by a reasonable hourly rate, with adjustments where appropriate based on the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (adopting twelve-factor reasonableness test from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), including time and labor required, customary fee, results obtained, and experience and ability of counsel). *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Counsel for Plaintiffs spent 21.7 hours preparing this Motion across four days (May 1–5, 2026), with an additional 5 hours anticipated for the supplemental memorandum, for a total of 26.7 hours. (Sergenian Decl. ¶ 36.) Those hours exclude time spent on the meet-and-confer process, on the six IDCs, and on the broader management of discovery, and they reflect only the time necessitated by the BackGrid Defendants' noncompliance. (*Id.*)

The hourly rate is well within, and at the low end or below, the prevailing market rate. Counsel's standard rate is $750 per hour. (Sergenian Decl. ¶ 37.) The 2024 Real Rate Report, of which courts in this District take judicial notice, reports a median hourly rate of $895 for partners in Los Angeles, a third-quartile rate of $1,268, and a range of $675 to $1,575 for commercial-litigation partners. *See Bank of Hope v. Expedited Travel, LLC,*

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

2026 U.S. Dist. LEXIS 79619, at *6–7 (C.D. Cal. Feb. 13, 2026); *Trs. of the Laundry v. Kleen Kraft Servs., Inc.*, 2026 U.S. Dist. LEXIS 47266, at *8–10 (C.D. Cal. Feb. 2, 2026).

Multiplying 26.7 hours by the $750 rate yields $20,025. That figure is reasonable, well-supported, and modest in light of the underlying record.

For these reasons, Plaintiffs respectfully request that the Court award $20,025 in attorney's fees against the BackGrid Defendants and their counsel, jointly and severally, under Rule 37(a)(5)(A).

**B.    BackGrid Defendants' Position on Sanctions**

Dated: May 21, 2026

**SERGENIAN LAW**
a Professional Corporation

By:  */s/David A. Sergenian*
     DAVID A. SERGENIAN

Dated: May 21, 2026

WHITEWOOD LAW, P.C.

By:  */s/Shengmao Mu*
     SHENGMAO MU
     ABBY M. NEU (*pro hac vice*)
     RYAN E. CARREON (SBN 311668)
     KEATON SMITH (*pro hac vice*)

*Counsel for Plaintiffs*

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

## ATTESTATION REGARDING SIGNATURES

I, David A. Sergenian, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: May 21, 2026

**SERGENIAN LAW**
a Professional Corporation

By:    */s/David A. Sergenian*
DAVID A. SERGENIAN

JOINT STIPULATION ISO MOT. TO COMPEL RPDS TO BACKGRID DEFENDANTS

# Exhibit 2



**David Sergenian <david.sergenian@sergenianlaw.com>**

---

## Re: 37-1 Meet and Confer Request re Plaintiffs' Discovery Responses

---

**Shengmao Mu** <smu@whitewoodlaw.com>        Tue, Oct 14, 2025 at 2:31 PM
To: Jo Ardalan <jardalan@onellp.com>
Cc: David Sergenian <david@sergenianlaw.com>, Peter Afrasiabi <pafrasiabi@onellp.com>, Evan Littman
<elittman@onellp.com>, David Quinto <dquinto@onellp.com>, Sheila Mojtehedi <sheila@mojtehedi.com>, Elizabeth Guzman
<egcrimparalegal@gmail.com>, Ryan Carreon <rcarreon@whitewoodlaw.com>, Abby Neu <aneu@whitewoodlaw.com>,
Michael Mitchell <mmitchell@whitewoodlaw.com>, Keaton Smith <ksmith@whitewoodlaw.com>, Ryan Baker
<rbaker@whitewoodlaw.com>

Hi Jo,

Please find the bate range associated with each copyright registration. Also, please find our proposed search terms and
let us know if you have any questions. In terms of the native files, my understanding after my communication with
Plaintiffs is that they are the photos that were submitted to the agencies, there should be no name change from Plaintiffs
but I will get back to you with responses from each one of them.

Best,

Sam (Shengmao) Mu  | Principal Attorney

Whitewood Law PLLC

57 West 57th Street
3rd and 4th Floors
Manhattan, NY, 10019

Tel: (917)858-8018
Fax: (917)591-0618
Email: smu@whitewoodlaw.com

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained
only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from
your system.

On Thu, Oct 9, 2025 at 2:54 PM Jo Ardalan <jardalan@onellp.com> wrote:

> Per our call just now, you reminded me that Monday is a holiday. Please get back to us by no later than 10
> am Tuesday.
>
>
>
> --
>
> **Jo Ardalan**
>
> **Partner**
>
>  **one llp**
>
> Intellectual Property & Entertainment Law
>
> 310-437-8665 (Direct)

323-309-9215 (Cell)

jardalan@onellp.com

*Notice:* *If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it. This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** Jo Ardalan
**Sent:** Thursday, October 9, 2025 11:52 AM
**To:** 'Shengmao Mu' <smu@whitewoodlaw.com>
**Cc:** David Sergenian <david@sergenianlaw.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Evan Littman <elittman@onellp.com>; David Quinto <dquinto@onellp.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Elizabeth Guzman <egcrimparalegal@gmail.com>; Ryan Carreon <rcarreon@whitewoodlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; Michael Mitchell <mmitchell@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>
**Subject:** RE: 37-1 Meet and Confer Request re Plaintiffs' Discovery Responses

Shengmao,

It doesn't do any party much good to say that you need to finish your meet and confer when:

1. You are long overdue on getting us what you promised us in terms of discovery;
2. Our discovery responses you are seeking to confer about involve requests that seek information relating to the COPYRIGHTED WORKS, which you defined by reference to a 12970++ page pdf filled with photos that may… or may not… be at issue in this case;
3. We have been asking for this information since the first day we spoke about this case.

It makes a lot more sense to see what the alleged infringement is and then find out the scope of searches we need to conduct on our end.

The deadline it isn't arbitrary. It is, unfortunately, necessary at this point. We needed this information long ago and cannot wait any longer.

We look forward to receiving it by Monday. I can't imagine how this is burdensome to you—you brought this case over 6 months ago. You should have evidence of the alleged infringement that is central to this case and it should be produced.

Vanessa will send you screenshots of examples of the issues.

We need depo dates.

Regards,

Jo

--

**Jo Ardalan**

**Partner**



Intellectual Property & Entertainment Law

310-437-8665 (Direct)

323-309-9215 (Cell)

jardalan@onellp.com

*Notice*:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.

---

**From:** Shengmao Mu <smu@whitewoodlaw.com>
**Sent:** Thursday, October 9, 2025 11:36 AM
**To:** Jo Ardalan <jardalan@onellp.com>
**Cc:** David Sergenian <david@sergenianlaw.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Evan Littman <elittman@onellp.com>; David Quinto <dquinto@onellp.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Elizabeth Guzman <egcrimparalegal@gmail.com>; Ryan Carreon <rcarreon@whitewoodlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; Michael Mitchell <mmitchell@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>
**Subject:** Re: 37-1 Meet and Confer Request re Plaintiffs' Discovery Responses

Hello Jo,

As you are aware, we are only half way through with your clients' discovery deficiencies. We need to finish what we started and focus on the agenda on our letter.

We will review your questions and get back to you. Setting an arbitrary deadline for us and threatening to bring this to the magistrate is not helpful as we are trying our best to get back to you on a rolling basis without delay.

For the technical issues you encountered, please provide screenshots and identify which folder is blank. It looks fine on our end.

Case 2:25-cv-02757-FLA-MBK Document 112-15 Filed 06/12/26 Page 164 of 244 Page ID #:1860

**Thibault 2015-2016** 🔒

Sent 3 October 2025 • 1.7 GB (3160 files) • ⊕ Downloaded

**Thibault 2014-2015** 🔒

Sent 3 October 2025 • 3.3 GB (2261 files) • ⊕ Downloaded

**Thibault 2006 - 2008** 🔒

Sent 3 October 2025 • 7.7 GB (3968 files) • ⊕ Downloaded

**joseph michel robert stephane** 🔒

Sent 3 October 2025 • 2.9 GB (751 files) • ⊕ Downloaded

**Jeremy 2008 -2010** 🔒

Sent 3 October 2025 • 1.3 GB (433 files) • ⊕ Downloaded

**Jeremy 2007**

Sent 3 October 2025 • 15.4 GB (1692 files) • ⊕ Downloaded

**Jeremy 2006** 🔒

Sent 3 October 2025 • 11.8 GB (1410 files) • ⊕ Downloaded

**Henri** 🔒

Sent 3 October 2025 • 10.6 GB (3109 files) • ⊕ Downloaded

Best,

Sam (Shengmao) Mu | Principal Attorney

Whitewood Law PLLC

57 West 57th Street
3rd and 4th Floors
Manhattan, NY, 10019

Tel: (917)858-8018
Fax: (917)591-0618
Email: smu@whitewoodlaw.com

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

On Thu, Oct 9, 2025 at 11:05 AM Jo Ardalan <jardalan@onellp.com> wrote:

All:

There are outstanding items that need to be addressed today on our call:

1. We still have not received amended responses to RFPs and Rogs from you even though you agreed to provide them on 9/30.
2. Significantly, we still do not know what alleged infringement is at issue in this case. On every call we have, I raise this issue with you and ask you why you have not produced the purported infringement (that should have been attached or identified in the complaint), but you do not provide a substantive response to me. Your response is that my clients "know." That isn't helpful and that does not satisfy your obligation in discovery or as plaintiffs who are bringing a very expensive lawsuit without identifying any alleged infringement.  It would assist our meet and confer discussions about searches if we knew what infringement is at issue.  Produce the screenshots or other location information you have about the infringement so we can examine what you claim is at issue in this case.   **I need screenshots/location information by Monday, October 13.** This should not be an issue for you because you previously agreed to produce this information on 9/30. **I will be going to the magistrate judge next week if we do not receive the full universe of alleged infringement by then.**
3. There is a problem with the copyright deposits you sent us. Many of the files do not open and many of the folders are blank. Can you confirm that this is what was sent to the Copyright Office or was there an issue with the files in production?  We do not have the correspondence with the Copyright Office, including the correspondence that indicates the application and deposit was submitted, and we don't have the excel sheet for every copyright registration.  Of course, there are a number of other documents that have not been produced but we discussed on our call over 3 weeks ago. We need those as well.
4. We asked you to get back to us on depo dates. Do you have an update?

Regards,

Jo

--

**Jo Ardalan**

**Partner**



Intellectual Property & Entertainment Law

310-437-8665 (Direct)

Case 2:25-cv-02757-FLA-MBK    Document 112-15    Filed 06/12/26    Page 166 of 244
Page ID #:1862

323-309-9215 (Cell)

[jardalan@onellp.com](jardalan@onellp.com)

*Notice*:  *If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** Jo Ardalan
**Sent:** Wednesday, October 1, 2025 3:37 PM
**To:** David Sergenian <[david@sergenianlaw.com](david@sergenianlaw.com)>
**Cc:** Shengmao Mu <[smu@whitewoodlaw.com](smu@whitewoodlaw.com)>; Peter Afrasiabi <[pafrasiabi@onellp.com](pafrasiabi@onellp.com)>; Evan Littman <[elittman@onellp.com](elittman@onellp.com)>; David Quinto <[dquinto@onellp.com](dquinto@onellp.com)>; Sheila Mojtehedi <[sheila@mojtehedi.com](sheila@mojtehedi.com)>; Elizabeth Guzman <[egcrimparalegal@gmail.com](egcrimparalegal@gmail.com)>; Ryan Carreon <[rcarreon@whitewoodlaw.com](rcarreon@whitewoodlaw.com)>; Abby Neu <[aneu@whitewoodlaw.com](aneu@whitewoodlaw.com)>; Michael Mitchell <[mmitchell@whitewoodlaw.com](mmitchell@whitewoodlaw.com)>; Keaton Smith <[ksmith@whitewoodlaw.com](ksmith@whitewoodlaw.com)>; Ryan Baker <[rbaker@whitewoodlaw.com](rbaker@whitewoodlaw.com)>
**Subject:** RE: 37-1 Meet and Confer Request re Plaintiffs' Discovery Responses
**Importance:** High

All:

I didn't see amended responses come in yesterday as we discussed.

What is the status?

Regards,

Jo

--

**Jo Ardalan**

**Partner**



Intellectual Property & Entertainment Law

310-437-8665 (Direct)

323-309-9215 (Cell)

[jardalan@onellp.com](jardalan@onellp.com)

*Notice*:  *If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally*

*privileged, which prohibits any unauthorized review or use.*

---

**From:** Jo Ardalan
**Sent:** Tuesday, September 16, 2025 12:25 PM
**To:** 'David Sergenian' <david@sergenianlaw.com>
**Cc:** Shengmao Mu <smu@whitewoodlaw.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Evan Littman <elittman@onellp.com>; David Quinto <dquinto@onellp.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Elizabeth Guzman <egcrimparalegal@gmail.com>; Ryan Carreon <rcarreon@whitewoodlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; Michael Mitchell <mmitchell@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>
**Subject:** RE: 37-1 Meet and Confer Request re Plaintiffs' Discovery Responses

All:

To follow-up on our meet and confer call, please see the agreements we made concerning Plaintiffs' discovery responses.

Note that we discussed the responses across all plaintiffs, unless otherwise stated.

We agreed to give you two weeks to update your responses and provide documents.  If you need more time, you may let us know and we can confer further, but as discussed, defendants are eager to know what is at issue in this case.

Rogs:

- Rog 1. (i) You will update the response with a bates range. (iii) You will talk to the client and get back to us regarding whether you will amend.

- Rog 2, 3, You will stand by your response. As discussed, we need to know to which entity your client submitted the CMI, so we will have no choice but to compel.

- Rog 4, You will update.

- Rog 5, I clarified to you that location can refer to online location (e.g. url) but it can also apply to the location of a non-online alleged infringement, such as a July 2020 US Weekly Magazine, for example.  You will update.

- Rog 6. You will update

- Rog 7-11 (i) You will stand on your response. I explained that this request asks for a specific party and the response does not provide responsive information; (iii) You

Case 2:25-cv-02757-FLA-MBK   Document 112-15   Filed 06/12/26   Page 168 of 244 Page ID #:1864

will amend.

RFPs:

- You will produce a privilege log, subject to the agreements below.

- 6-15, You will update the response and produce to the extent you find written agreements. We discussed that if they never existed it should be updated and you will decide whether your discovery obligations require you to update the same and will get back to us on whether you will update.

- Mauvilain, Duplaquet, Kyndt, Mehdi, Wolf RFP 16-35; Mazari 16, 21, 26, 27; You were concerned about having to log emails for each as part of a privilege log. We agreed to the extent there are emails between litigation counsel (Ryan, Sam, David) and the plaintiffs, and the communication occurred **after** the filing of this lawsuit, that you will not need to log it. However, if the email is between plaintiffs and other counsel, it will need to be logged. This is the "Privilege Log Limitation" that we agreed to with respect to other request as stated below.

-  Mauvilain, Boutefeu, Duplaquet, Mehdi, RFP 51-52, Kyndt, Mazari 51, Wolf 51-54- Privilege Log Limitation

- Mauvilain, Boutefeu, Duplaquet, Mehdi, RFP 53-58, Mazari, Kyndt 52-58, Wolf 55-61 – Will update subject to Privilege Log Limitation.

    o 55: I explained we needed to see all uses of the works.  We discussed how these documents are relevant to waiver and standard industry practice. You will discuss internally and get back to us.

    o 53, 54, 56-58, Will update subject to Privilege Log Limitation

- 65-69, Will update and produce subject to Privilege Log Limitation

- 72-76, Will update and produce subject to Privilege Log Limitation

- Mauvilain, Boutefeu, Duplaquet, Mehdi, RFP 90-96, Mazari, Kyndt 89-95, Wolf 92-98. Plaintiffs' issue is client to client communications. They are going to assess whether they exist.  JA suggested they find a case that supports the notion that these communications can be privileged. Ryan will look at our authority and he will circle back. *See Callwave Commc'ns, LLC v. Wavemarket, Inc.*, No. C 14-80112 JSW (LB), 2015 U.S. Dist. LEXIS 22374, 2015 WL 831539, at *4 (N.D. Cal. Feb. 23, 2015), which was circulated to you during the call.

- Mauvilain, Boutefeu, Duplaquet, Mehdi RFP 98-102, Mazari, Kyndt 97-101, Wolf 100-104.  Plaintiffs' position is that these documents are for an expert. JA explained that if they want the expert to rely on documents, they need to produce them.  The documents do not ask for a damages opinion, but documents that reflect their damages.

RFAs:

- Mauvilain, Boutefeu, Duplaquet, Kyndt, Mehdi, Wolf RFA 23-27, Mazari 23 – Will update this response explaining they do not have a written agreement showing the same so they have to deny it.
-  Mauvilain, Boutefeu, Duplaquet, Kyndt, Mehdi, Wolf RFA 28-32 – Will drop the objection to the "requirement in any oral agreement" language.

We also discussed the objections and asked that you drop them.

Regards,

Jo

--

**Jo Ardalan**

**Partner**



Intellectual Property & Entertainment Law

310-437-8665 (Direct)

323-309-9215 (Cell)

jardalan@onellp.com

*Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

**From:** David Sergenian <david@sergenianlaw.com>
**Sent:** Wednesday, September 10, 2025 12:40 PM
**To:** Jo Ardalan <jardalan@onellp.com>
**Cc:** Shengmao Mu <smu@whitewoodlaw.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Evan Littman <elittman@onellp.com>; David Quinto <dquinto@onellp.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Elizabeth Guzman <egcrimparalegal@gmail.com>; Ryan Carreon <rcarreon@whitewoodlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; Michael Mitchell <mmitchell@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>
**Subject:** Re: 37-1 Meet and Confer Request re Plaintiffs' Discovery Responses

Wow. An entire day. When the meet and confer letter was sent at 4:31 p.m. on a Friday night. You're too good to us, Jo.

On Wed, Sep 10, 2025 at 12:34 PM Jo Ardalan <jardalan@onellp.com> wrote:

> Shengmao,
>
> Local Rule 37-1 provides that the parties must meet and confer within 10 days of sending the letter. The letter was sent to you on September 5.
>
> We will go ahead and schedule the call for Tuesday at 10 a.m. as a courtesy to you, but we expect plaintiffs make efforts to avoid delaying our attempts to confer in future.
>
> Jo
>
> --
>
> **Jo Ardalan**
>
> **Partner**
>
>  **one** llp
>
> Intellectual Property & Entertainment Law
>
> 310-437-8665 (Direct)
>
> 323-309-9215 (Cell)
>
> jardalan@onellp.com
>
> _Notice_:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.
>
> ---
>
> **From:** Shengmao Mu <smu@whitewoodlaw.com>
> **Sent:** Wednesday, September 10, 2025 12:20 PM
> **To:** Jo Ardalan <jardalan@onellp.com>
> **Cc:** David Sergenian <david@sergenianlaw.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Evan Littman <elittman@onellp.com>; David Quinto <dquinto@onellp.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Elizabeth Guzman <egcrimparalegal@gmail.com>; Ryan Carreon <rcarreon@whitewoodlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; Michael Mitchell <mmitchell@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>
> **Subject:** Re: 37-1 Meet and Confer Request re Plaintiffs' Discovery Responses

Hey Jo,

Let's meet and confer next Tuesday morning 10:00 to 11:00 AM PST?

Thanks

Sam (Shengmao) Mu  | Principal Attorney

Whitewood Law PLLC

57 West 57th Street
3rd and 4th Floors
Manhattan, NY, 10019

Tel: (917)858-8018
Fax: (917)591-0618
Email: smu@whitewoodlaw.com

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

On Tue, Sep 9, 2025 at 1:36 PM Jo Ardalan <jardalan@onellp.com> wrote:

> Thanks for the response. Any update on times that work for you?
>
> --
> **Jo Ardalan**
>
> **Partner**
>
>
>
> Intellectual Property & Entertainment Law
>
> 310-437-8665 (Direct)
>
> 323-309-9215 (Cell)

jardalan@onellp.com

*Notice*:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.

---

**From:** Shengmao Mu <smu@whitewoodlaw.com>
**Sent:** Monday, September 8, 2025 4:35 PM
**To:** Jo Ardalan <jardalan@onellp.com>
**Cc:** David Sergenian <david@sergenianlaw.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Evan Littman <elittman@onellp.com>; David Quinto <dquinto@onellp.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Elizabeth Guzman <egcrimparalegal@gmail.com>; Ryan Carreon <rcarreon@whitewoodlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; Michael Mitchell <mmitchell@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>
**Subject:** Re: 37-1 Meet and Confer Request re Plaintiffs' Discovery Responses

Hi Jo,

I confirm receipt of your email. We will get back to you with some time slots.

Thanks!

Sam (Shengmao) Mu  | Principal Attorney

Whitewood Law PLLC

57 West 57th Street
3rd and 4th Floors
Manhattan, NY, 10019

Tel: (917)858-8018
Fax: (917)591-0618
Email: smu@whitewoodlaw.com

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

On Mon, Sep 8, 2025 at 3:25 PM Jo Ardalan <jardalan@onellp.com> wrote:

> Following up on a time. Thank you.

--

**Jo Ardalan**

**Partner**

# one llp

Intellectual Property & Entertainment Law

310-437-8665 (Direct)

323-309-9215 (Cell)

[jardalan@onellp.com](mailto:jardalan@onellp.com)

*Notice:* If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it. This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.

**From:** Jo Ardalan
**Sent:** Friday, September 5, 2025 4:31 PM
**To:** Shengmao Mu <smu@whitewoodlaw.com>; David Sergenian <david@sergenianlaw.com>
**Cc:** Peter Afrasiabi <pafrasiabi@onellp.com>; Evan Littman <elittman@onellp.com>; David Quinto <dquinto@onellp.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Elizabeth Guzman <egcrimparalegal@gmail.com>; Ryan Carreon <rcarreon@whitewoodlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; Michael Mitchell <mmitchell@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>
**Subject:** 37-1 Meet and Confer Request re Plaintiffs' Discovery Responses

All:

Please see the correspondence attached and let me know when you are available to discuss.

Regards,

Jo

--

**Jo Ardalan**

**Partner**

# one llp

Intellectual Property & Entertainment Law

310-437-8665 (Direct)

323-309-9215 (Cell)

jardalan@onellp.com

*Notice*:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.

---

**2 attachments**

**TM photograph registration update-2.xlsx**
22K

**Proposed Search Terms.docx**
32K

1.  (Mauvilain OR "T Mauvilain" OR BAC OR THMA) w/15 (royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC)

2.  (Mazari OR "H Mazari" OR KO) w/15 (royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC)

3.  (Duplaquet OR "J Duplaquet" OR JD) w/15 (royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC)

4.  ("Robert Wolf" OR "Christian Wolf" OR CW OR CCR OR HansCastrop OR RIWE) w/15 (royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC)

5.  (Boutefeu OR "M Boutefeu" OR "BTF Press" OR MIBO) w/15 (royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC)

6.  (Kyndt OR "S Kyndt" OR FT) w/15 (royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC)

7.  (Mehdi OR "J Mehdi" OR "BELLE PICTURES" OR JOME) w/15 (royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC)

8.  CMI

9.  "copyright management information"

10. (IPTC OR metadata) w/10 (remov* OR delet* OR strip* OR alter* OR modif* OR chang* OR incorrect OR fals*)

11. (byline* OR "credit line" OR attribution) w/10 (remov* OR delet* OR strip* OR alter* OR modif* OR chang* OR incorrect OR fals* OR missing)

12. "FameFlynet Pictures Inc" w/10 (creator OR author OR copyright OR owner OR attribution OR byline)

13. Backgrid w/10 copyright w/10 (owner OR holder OR attribution) w/25 (incorrect OR fals* OR improper* OR unauthorized)

14. (metadata OR IPTC OR CMI) w/5 (policy OR procedure OR protocol) w/15 (photographer* OR contributor* OR attribution)

15. (preserv* OR maintain*) w/10 (caption* OR location* OR celebrity) w/20 (remov* OR alter*) w/10 (byline OR attribution OR photographer*)

15. ("contributor portal" OR "photographer portal") w/15 (missing OR incomplete OR unavailable OR access OR denied OR restricted)

21. (fals* OR incorrect OR improper* OR wrong) w/5 (attribution OR credit* OR byline OR copyright) w/15 (photographer* OR contributor*)

22. (attribution OR byline OR credit*) w/10 (FameFlynet OR Backgrid) w/20 (should be OR actually OR original* OR true OR correct)

23. "copyright owner*" w/15 (incorrect OR fals* OR disputed OR challenged OR unauthorized)

24. (author* OR creator*) w/10 (field OR information OR data) w/15 (incorrect OR fals* OR chang* OR alter* OR substitut*)

31. (royalt* OR commission* OR payment* OR payout*) w/15 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR photographer* OR contributor*)

32. (unpaid OR owing OR owed OR "not paid" OR withheld) w/10 (royalt* OR payment* OR commission*) w/15 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR photographer* OR contributor*)

33. (calculat* OR track* OR report*) w/10 (royalt* OR commission* OR payment*) w/15 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR photographer* OR contributor* OR attribution)

34. ("sales report" OR "licensing report" OR "revenue report") w/15 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR photographer* OR contributor* OR byline OR attribution)

35. (Sergenian OR "Sergenian Law" OR "David Sergenian" OR "Whitewood Law" OR "Shengmao Mu" OR "Virginie Parant" or Virginie OR Parant)

36. (complaint OR allegation OR claim OR demand) w/15 (photographer* OR contributor* OR copyright* OR metadata OR CMI OR "copyright management information" OR attribution)

37. (terminat* OR revok* OR cancel*) w/10 (license* OR agreement* OR right*) w/15 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR OR Virginie OR Parant OR photographer* OR contributor*)

38. (dispute* OR disagree* OR conflict*) w/15 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR OR Virginie OR Parante photographer* OR contributor* OR attribution OR royalt* OR copyright*)

46. (agreement* OR contract* OR term*) w/15 (attribution OR credit* OR byline) w/15 (requir* OR obligat* OR condition OR precedent OR must OR shall)

47. ("condition precedent" OR "conditions precedent") w/20 (attribution OR byline OR credit* OR photographer*)

48. (breach* OR violat* OR fail*) w/10 (attribution OR byline OR credit*) w/10 (obligat* OR requir* OR agreement*)

49. (track* OR monitor* OR record*) w/10 (attribution OR byline) w/15 (obligat* OR requir* OR compliance)

50. (contributor* OR photographer*) w/5 (agreement* OR contract*) w/15 (attribution OR perpetual OR ownership OR copyright* OR independent)

51. IPTC w/5 (field* OR map* OR transfer*) w/15 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR photographer* OR contributor* OR attribution OR byline OR copyright*)

52. ("client portal" OR "customer portal") w/20 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR photographer* OR contributor* OR attribution OR byline OR copyright) w/15 (access OR different OR separate OR excluded OR "not included")

53. (automat* OR script* OR "batch process*") w/15 (metadata OR CMI OR attribution) w/15 (remov* OR alter* OR chang* OR strip*)

66. (BAC OR KO OR JD OR CW OR CCR OR "BTF Press" OR FT OR "BELLE PICTURES" OR THMA OR FREE OR RIWE OR MIBO OR JOME) w/10 ("FLYNET PICTURES" OR Flynet OR attribution OR byline OR metadata)

67. (BAC OR KO OR JD OR CW OR CCR OR "BTF Press" OR FT OR "BELLE PICTURES" OR THMA OR FREE OR RIWE OR MIBO OR JOME) w/10 ("FLYNET PICTURES" OR FameFlynet OR attribution OR byline OR metadata)

68. (BAC OR KO OR JD OR CW OR CCR OR "BTF Press" OR FT OR "BELLE PICTURES" OR THMA OR FREE OR RIWE OR MIBO OR JOME) w/10 (Backgrid OR attribution OR byline OR metadata)

69. (BAC OR KO OR JD OR CW OR CCR OR "BTF Press" OR FT OR "BELLE PICTURES" OR THMA OR FREE OR RIWE OR MIBO OR JOME) w/10 (Shutterstock OR attribution OR byline OR metadata)

70. (DAM OR "digital asset management" OR database OR CMS OR technical specification* OR data schema OR system architecture) w/15 (metadata OR IPTC OR attribution OR photograph* OR contributor*)

71. (audit log* OR change histor* OR modification log*) w/15 (metadata OR IPTC OR author OR copyright OR byline)

72. (automat* OR script* OR "batch process*" OR ETL OR "data migration") w/15 (ingest* OR import* OR upload* OR metadata OR IPTC OR strip* OR alter*)

73. (server OR database OR storage OR cloud) w/10 (photograph* OR image* OR archive*) w/15 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi)

74. ("board meeting" OR "board minutes") w/15 (copyright OR metadata OR royalt* OR contributor* OR infringement OR liabilit*)

75. ("document retention" OR "retention policy" OR "destruction policy") w/10 (photograph* OR contributor* OR metadata)

76. (policy OR procedure OR protocol OR practice OR "style guide" OR "editorial guide" OR manual* OR "contributor handbook" OR "contributor guide") w/15 (byline OR attribution OR credit line OR metadata OR upload* OR submission) w/15 (photographer* OR contributor*)

77. (internal w/5 (investigation OR review)) w/15 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR Sergenian OR "Whitewood Law")

78. (complaint OR demand letter OR cease) w/10 (Sergenian OR "Whitewood Law" OR "David Sergenian") w/15 (respond* OR investigat* OR review*)

79. (gross revenue OR net profit OR financial statement* OR "tax return*") w/15 (photograph* OR licensing OR contributor*)

80. ("bulk sale*" OR "portfolio sale*" OR "archive sale*") w/15 (photograph* OR copyright* OR contributor*)

81. (business plan OR financial projection* OR marketing strateg* OR press release OR "public statement" OR marketing material* OR "website archive" OR brochure* OR "sales presentation*") w/15 (archiv* OR "back catalog" OR legacy OR portfolio OR photograph* OR copyright OR licensing)

82. ("server log*" OR analytics OR "access log*") w/15 (download* OR view* OR display*) w/10 (photograph* OR image*)

83. ("portal integration" OR "portal migration") w/15 ("Flynet-era" OR legacy OR archive*) w/10 (photograph* OR contributor*)

84. (email OR letter OR message OR correspondence OR communicat*) w/10 (Mauvilain OR "T Mauvilain" OR BAC OR THMA)

85. (email OR letter OR message OR correspondence OR communicat*) w/10 (Mazari OR "H Mazari" OR KO)

86. (email OR letter OR message OR correspondence OR communicat*) w/10 (Duplaquet OR "J Duplaquet" OR JD)

87. (email OR letter OR message OR correspondence OR communicat*) w/10 ("Robert Wolf" OR "Christian Wolf" OR CW OR CCR OR HansCastrop OR RIWE)

88. (email OR letter OR message OR correspondence OR communicat*) w/10 (Boutefeu OR "M Boutefeu" OR "BTF Press" OR MIBO)

89. (email OR letter OR message OR correspondence OR communicat*) w/10 (Kyndt OR "S Kyndt" OR FT)

90. (email OR letter OR message OR correspondence OR communicat*) w/10 (Mehdi OR "J Mehdi" OR "BELLE PICTURES" OR JOME)

91. (email OR letter OR correspondence) w/5 (to OR from) w/5 (Sergenian OR "Sergenian Law" OR "David Sergenian" OR "Whitewood Law" OR "Shengmao Mu" OR Parant OR Virginie)

# Exhibit 3



David Sergenian <david.sergenian@sergenianlaw.com>

---

## Re: Mauvilain, et al. v. Flynet Pictures, LLC, et al.; C.D. Cal. Case No. 2:25-cv-02757-FLA-MAA

---

**David Sergenian** <david@sergenianlaw.com>                                         Fri, Mar 27, 2026 at 8:56 AM
To: Jo Ardalan <jardalan@onellp.com>
Cc: Evan Littman <elittman@onellp.com>, Abby Neu <aneu@whitewoodlaw.com>, David Quinto <dquinto@onellp.com>, Peter Afrasiabi <pafrasiabi@onellp.com>, Shengmao Mu <smu@whitewoodlaw.com>, Sheila Mojtehedi <sheila@mojtehedi.com>, Ryan Baker <rbaker@whitewoodlaw.com>, Keaton Smith <ksmith@whitewoodlaw.com>, Ryan Carreon <rcarreon@whitewoodlaw.com>

Jo: To clarify, we will need, in addition to the document production, amended responses to the document demands that are compliant with Fed. R. Civ. P. 34 and confirm that Defendants will be producing responsive documents.

On Thu, Mar 26, 2026 at 2:19 PM David Sergenian <david@sergenianlaw.com> wrote:

Jo:

Plaintiffs served their First Set of Requests for Production of Documents on all Defendants in July 2025. Defendants served written responses in August 2025 and have produced some documents, but document production remains incomplete. It has now been eight months since responses were served.

Since serving the Requests for Production, Plaintiffs have made extensive efforts to move this production forward. We sent Local Rule 37-1 meet-and-confer letters regarding BackGrid, BackGrid USA, and Shutterstock's responses in September 2025, and regarding Flynet's and FameFlynet's responses in November 2025. The parties met and conferred on these issues by videoconference numerous times. The parties have also participated in five informal discovery conferences before Magistrate Judge Audero—in October 2025, December 2025, January 13, 2026, March 3, 2026, and March 24, 2026—addressing, among other things, the scope and timing of document production.

Plaintiffs have proposed search terms to assist Defendants in identifying responsive documents. Defendants asked Plaintiffs to map the proposed search terms to specific Requests for Production. We provided that mapping on March 17, 2026. Defendants have not responded in writing.

To date, Defendants have not proposed any alternative search terms, have not disclosed all relevant details regarding the results of any searches run using our proposed terms—including, for each search, the number of documents identified, the total volume of responsive data, or any other information that would allow the parties to evaluate the results of the searches—and have not provided a production timeline.

Plaintiffs request that Defendants substantially complete their document production no later than April 10, 2026.

We remain willing to work with you to negotiate appropriate search terms or other parameters to facilitate an efficient and proportionate production.

If production is not substantially complete by April 10, Plaintiffs will commence the motion to compel process under Local Rule 37.

Thank you,

David A. Sergenian
**Sergenian Law, a Professional Corporation**
808 Wilshire Blvd., Suite 200
Santa Monica, CA 90401
Los Angeles, CA 90064
david@sergenianlaw.com
(213) 435-2035
Website
LinkedIn

# Exhibit 4

Case 2:25-cv-02757-FLA-MBK   Document 112-15   Filed 06/12/26   Page 183 of 244
Page ID #:1879



**David Sergenian <david.sergenian@sergenianlaw.com>**

---

# Mauvilain, et al. v. Flynet Pictures, LLC, et al.; C.D. Cal. Case No. 2:25-cv-02757-FLA-MAA

1 message

---

**David Sergenian** <david@sergenianlaw.com>                           Tue, Mar 17, 2026 at 7:37 PM
To: Jo Ardalan <jardalan@onellp.com>, Evan Littman <elittman@onellp.com>, David Quinto <dquinto@onellp.com>, Peter Afrasiabi <pafrasiabi@onellp.com>, Sheila Mojtehedi <sheila@mojtehedi.com>
Cc: Abby Neu <aneu@whitewoodlaw.com>, Shengmao Mu <smu@whitewoodlaw.com>, Michael Mitchell <mmitchell@whitewoodlaw.com>, Ryan Baker <rbaker@whitewoodlaw.com>, Keaton Smith <ksmith@whitewoodlaw.com>, Ryan Carreon <rcarreon@whitewoodlaw.com>

Counsel:

As we previously discussed, I am attaching a spreadsheet that ties the search terms we previously proposed Defendants use to assist in identifying responsive documents to specific Requests for Production. As the Requests for Production to each of the four Defendants are identical, all four Defendants can use this spreadsheet to conduct searches.

Please let me know if you have any questions.

Thank you,

David A. Sergenian
**Sergenian Law, a Professional Corporation**
808 Wilshire Blvd., Suite 200
Santa Monica, CA 90401
Los Angeles, CA 90064
david@sergenianlaw.com
(213) 435-2035
Website
LinkedIn

---

 **Search Terms Ties to RPDs.xlsx**
17K

| No. | Category | Search Term | Applicable RPD Nos. |
|---|---|---|---|
| 1 | Plaintiff-Specific | (Mauvilain OR "T Mauvilain" OR BAC OR THMA) w/15 (royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC) | 1–3, 5–13, 17–20, 23–24, 33, 37, 65–66 |
| 2 | Plaintiff-Specific | (Mazari OR "H Mazari" OR KO) w/15 (royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC) | 1–4, 5–13, 17–20, 23–24, 33, 37, 65–66 |
| 3 | Plaintiff-Specific | (Duplaquet OR "J Duplaquet" OR JD) w/15 (royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC) | 1–3, 5–13, 17–20, 23–24, 33, 37, 65–66 |
| 4 | Plaintiff-Specific | ("Robert Wolf" OR "Christian Wolf" OR CW OR CCR OR HansCastrop OR RIWE) w/15 (royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC) | 1–3, 5–13, 17–20, 23–24, 33, 37, 65–66 |
| 5 | Plaintiff-Specific | (Boutefeu OR "M Boutefeu" OR "BTF Press" OR MIBO) w/15 (royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC) | 1–3, 5–13, 17–20, 23–24, 33, 37, 65–66 |
| 6 | Plaintiff-Specific | (Kyndt OR "S Kyndt" OR FT) w/15 (royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR photo* OR contribut* OR IPTC) | 1–3, 5–13, 17–20, 23–24, 33, 37, 65–66 |
| 7 | Plaintiff-Specific | (Mehdi OR "J Mehdi" OR "BELLE PICTURES" OR JOME) w/15 (royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC) | 1–4, 5–13, 17–20, 23–24, 33, 37, 65–66 |
| 8 | CMI / Metadata | CMI | 11–12, 22–24, 34, 44–46 |
| 9 | CMI / Metadata | "copyright management information" | 11–12, 22–24, 34, 44–46 |
| 10 | CMI / Metadata | (IPTC OR metadata) w/10 (remov* OR delet* OR strip* OR alter* OR modif* OR chang* OR incorrect OR fals*) | 22–24, 34, 44–46 |
| 11 | CMI / Metadata | (byline* OR "credit line" OR attribution) w/10 (remov* OR delet* OR strip* OR alter* OR modif* OR chang* OR incorrect OR fals* OR missing) | 16, 22–24, 34 |
| 12 | CMI / Metadata | "FameFlynet Pictures Inc" w/10 (creator OR author OR copyright OR owner OR attribution OR byline) | 11–12, 23–24, 34 |
| 13 | CMI / Metadata | Backgrid w/10 copyright w/10 (owner OR holder OR attribution) w/25 (incorrect OR fals* OR improper* OR unauthorized) | 11–12, 23–24, 34, 54 |

| # | Category | Search Terms | Paragraphs |
|---|---|---|---|
| 14 | CMI / Metadata | (metadata OR IPTC OR CMI) w/5 (policy OR procedure OR protocol) w/15 (photographer* OR contributor* OR attribution) | 16, 22, 34, 38 |
| 15 | CMI / Metadata | (preserv* OR maintain*) w/10 (caption* OR location* OR celebrity) w/20 (remov* OR alter*) w/10 (byline OR attribution OR photographer*) | 22–24, 34 |
| 16 | CMI / Metadata | ("contributor portal" OR "photographer portal") w/15 (missing OR incomplete OR unavailable OR access OR denied OR restricted) | 9–10, 33, 41, 63 |
| 17 | CMI / Metadata | (fals* OR incorrect OR improper* OR wrong) w/5 (attribution OR credit* OR byline OR copyright) w/15 (photographer* OR contributor*) | 11–12, 16, 23–24, 34, 54 |
| 18 | CMI / Metadata | (attribution OR byline OR credit*) w/10 (FameFlynet OR Backgrid) w/20 (should be OR actually OR original* OR true OR correct) | 11–12, 23–24, 34 |
| 19 | CMI / Metadata | "copyright owner*" w/15 (incorrect OR fals* OR disputed OR challenged OR unauthorized) | 11–12, 23–24 |
| 20 | CMI / Metadata | (author* OR creator*) w/10 (field OR information OR data) w/15 (incorrect OR fals* OR chang* OR alter* OR substitut*) | 11–12, 23–24, 34, 44–45 |
| 21 | Royalties / Financials | (royalt* OR commission* OR payment* OR payout*) w/15 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR photographer* OR contributor*) | 17–20 |
| 22 | Royalties / Financials | (unpaid OR owing OR owed OR "not paid" OR withheld) w/10 (royalt* OR payment* OR commission*) w/15 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR photographer* OR contributor*) | 17–20 |
| 23 | Royalties / Financials | (calculat* OR track* OR report*) w/10 (royalt* OR commission* OR payment*) w/15 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR photographer* OR contributor* OR attribution) | 17–20 |
| 24 | Royalties / Financials | ("sales report" OR "licensing report" OR "revenue report") w/15 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR photographer* OR contributor* OR byline OR attribution) | 13, 17–20 |
| 25 | Counsel / Litigation | (Sergenian OR "Sergenian Law" OR "David Sergenian" OR "Whitewood Law" OR "Shengmao Mu" OR "Virginie Parant" OR Virginie OR Parant) | 30, 35, 51–53 |
| 26 | Counsel / Litigation | (complaint OR allegation OR claim OR demand) w/15 (photographer* OR contributor* OR copyright* OR metadata OR CMI OR "copyright management information" OR attribution) | 30, 35, 51–53, 60–62 |

| # | Category | Query | Results |
|---|---|---|---|
| 27 | Counsel / Litigation | (terminat* OR revok* OR cancel*) w/10 (license* OR agreement* OR right*) w/15 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR Virginie OR Parant OR photographer* OR contributor*) | 1–4, 30, 62 |
| 28 | Counsel / Litigation | (dispute* OR disagree* OR conflict*) w/15 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR Virginie OR Parant OR photographer* OR contributor* OR royalt* OR copyright*) | 1–4, 30, 33, 53, 62 |
| 29 | Contract Terms | (agreement* OR contract* OR term*) w/15 (attribution OR credit* OR byline) w/15 (requir* OR obligat* OR condition OR precedent OR must OR shall) | 1, 29, 33, 63 |
| 30 | Contract Terms | ("condition precedent" OR "conditions precedent") w/20 (attribution OR byline OR credit* OR photographer*) | 1, 33, 62 |
| 31 | Contract Terms | (breach* OR violat* OR fail*) w/10 (attribution OR byline OR credit*) w/10 (obligat* OR requir* OR agreement*) | 1, 31, 33, 62 |
| 32 | Contract Terms | (track* OR monitor* OR record*) w/10 (attribution OR byline) w/15 (obligat* OR requir* OR compliance) | 16, 22, 33, 34 |
| 33 | Contract Terms | (contributor* OR photographer*) w/5 (agreement* OR contract*) w/15 (attribution OR perpetual OR ownership OR copyright* OR independent) | 1, 11–12, 33, 38, 63 |
| 34 | IPTC / Technical | IPTC w/5 (field* OR map* OR transfer*) w/15 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR photographer* OR contributor* OR attribution OR byline OR copyright*) | 22–24, 34, 44–46 |
| 35 | IPTC / Technical | ("client portal" OR "customer portal") w/20 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR photographer* OR contributor* OR attribution OR byline OR copyright) w/15 (access OR different OR separate OR excluded OR "not included") | 9–10, 14–15, 33, 41, 63 |
| 36 | IPTC / Technical | (automat* OR script* OR "batch process*") w/15 (metadata OR CMI OR attribution) w/15 (remov* OR alter* OR chang* OR strip*) | 22–24, 34, 46 |
| 37 | Contributor Codes | (BAC OR KO OR JD OR CW OR CCR OR "BTF Press" OR FT OR "BELLE PICTURES" OR THMA OR FREE OR RIWE OR MIBO OR JOME) w/10 ("FLYNET PICTURES" OR Flynet OR attribution OR byline OR metadata) | 5–12, 33, 37 |
| 38 | Contributor Codes | (BAC OR KO OR JD OR CW OR CCR OR "BTF Press" OR FT OR "BELLE PICTURES" OR THMA OR FREE OR RIWE OR MIBO OR JOME) w/10 ("FLYNET PICTURES" OR FameFlynet OR attribution OR byline OR metadata) | 5–12, 33, 37 |
| 39 | Contributor Codes | (BAC OR KO OR JD OR CW OR CCR OR "BTF Press" OR FT OR "BELLE PICTURES" OR THMA OR FREE OR RIWE OR MIBO OR JOME) w/10 (Backgrid OR attribution OR byline OR metadata) | 5–12, 33, 37 |

| 40 | Contributor Codes | (BAC OR KO OR JD OR CW OR CCR OR "BTF Press" OR FT OR "BELLE PICTURES" OR THMA OR FREE OR RIWE OR MIBO OR JOME) w/10 (Shutterstock OR attribution OR byline OR metadata) | 5–12, 33, 37 |
|----|------|------|------|
| 41 | Systems / Infra. | (DAM OR "digital asset management" OR database OR CMS OR "technical specification*" OR "data schema" OR "system architecture") w/15 (metadata OR IPTC OR attribution OR photograph* OR contributor*) | 39–43 |
| 42 | Systems / Infra. | (audit log* OR "change histor*" OR "modification log*") w/15 (metadata OR IPTC OR author OR copyright OR byline) | 44–45 |
| 43 | Systems / Infra. | (automat* OR script* OR "batch process*" OR ETL OR "data migration") w/15 (ingest* OR import* OR upload* OR metadata OR IPTC OR strip* OR alter*) | 42–43, 46 |
| 44 | Systems / Infra. | (server OR database OR storage OR cloud) w/10 (photograph* OR image* OR archive*) w/15 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi) | 39–40 |
| 45 | Corporate / Governance | ("board meeting" OR "board minutes") w/15 (copyright OR metadata OR royalt* OR contributor* OR infringement OR liabilit*) | 36 |
| 46 | Corporate / Governance | ("document retention" OR "retention policy" OR "destruction policy") w/10 (photograph* OR contributor* OR metadata) | 57 |
| 47 | Corporate / Governance | (policy OR procedure OR protocol OR practice OR "style guide" OR "editorial guide" OR manual* OR "contributor handbook" OR "contributor guide") w/15 (byline OR attribution OR "credit line" OR metadata OR upload* OR submission) w/15 (photographer* OR contributor*) | 16, 22, 34, 38 |
| 48 | Internal Investigation | (internal w/5 (investigation OR review)) w/15 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR Sergenian OR "Whitewood Law") | 35, 51–52 |
| 49 | Internal Investigation | (complaint OR "demand letter" OR cease) w/10 (Sergenian OR "Whitewood Law" OR "David Sergenian") w/15 (respond* OR investigat* OR review*) | 30, 35, 51–52 |
| 50 | Financial / Business | ("gross revenue" OR "net profit" OR "financial statement*" OR "tax return*") w/15 (photograph* OR licensing OR contributor*) | 17–18, 21, 47 |
| 51 | Financial / Business | ("bulk sale*" OR "portfolio sale*" OR "archive sale*") w/15 (photograph* OR copyright* OR contributor*) | 13, 49 |
| 52 | Financial / Business | ("business plan" OR "financial projection*" OR "marketing strateg*" OR "press release" OR "public statement" OR "marketing material*" OR "website archive" OR brochure* OR "sales presentation*") w/15 (archiv* OR "back catalog" OR legacy OR portfolio OR photograph* OR copyright OR licensing) | 48, 54–55 |

| 53 | Financial / Business | ("server log*" OR analytics OR "access log*") w/15 (download* OR view* OR display*) w/10 (photograph* OR image*) | 14–15 |
|---|---|---|---|
| 54 | Financial / Business | ("portal integration" OR "portal migration") w/15 ("Flynet-era" OR legacy OR archive*) w/10 (photograph* OR contributor*) | 41 |
| 55 | Plaintiff Comms. | (email OR letter OR message OR correspondence OR communicat*) w/10 (Mauvilain OR "T Mauvilain" OR BAC OR THMA) | 2–3, 33, 65–66 |
| 56 | Plaintiff Comms. | (email OR letter OR message OR correspondence OR communicat*) w/10 (Mazari OR "H Mazari" OR KO) | 2–4, 33, 65–66 |
| 57 | Plaintiff Comms. | (email OR letter OR message OR correspondence OR communicat*) w/10 (Duplaquet OR "J Duplaquet" OR JD) | 2–3, 33, 65–66 |
| 58 | Plaintiff Comms. | (email OR letter OR message OR correspondence OR communicat*) w/10 ("Robert Wolf" OR "Christian Wolf" OR CW OR CCR OR HansCastrop OR RIWE) | 2–3, 33, 65–66 |
| 59 | Plaintiff Comms. | (email OR letter OR message OR correspondence OR communicat*) w/10 (Boutefeu OR "M Boutefeu" OR "BTF Press" OR MIBO) | 2–3, 33, 65–66 |
| 60 | Plaintiff Comms. | (email OR letter OR message OR correspondence OR communicat*) w/10 (Kyndt OR "S Kyndt" OR FT) | 2–3, 33, 65–66 |
| 61 | Plaintiff Comms. | (email OR letter OR message OR correspondence OR communicat*) w/10 (Mehdi OR "J Mehdi" OR "BELLE PICTURES" OR JOME) | 2–4, 33, 65–66 |
| 62 | Plaintiff Comms. | (email OR letter OR correspondence) w/5 (to OR from) w/5 (Sergenian OR "Sergenian Law" OR "David Sergenian" OR "Whitewood Law" OR "Shengmao Mu" OR Parant OR Virginie) | 30, 51–53 |

| RPD No. | RPD Description (Summary) | Applicable Search Term Nos. |
|---|---|---|
| 1 | Agreements with Plaintiffs | 1–7, 27–29, 31, 33 |
| 2 | Communications re COPYRIGHTED WORKS | 1–7, 55–62 |
| 3 | Communications re any photograph by Plaintiffs | 1–7, 55–62 |
| 4 | Mazari/Mehdi removal requests | 2, 7, 27–28, 56, 61 |
| 5 | Copies of COPYRIGHTED WORKS | 1–7, 37–40 |
| 6 | Copies of any photograph by Plaintiffs | 1–7, 37–40 |
| 7 | Original digital files of COPYRIGHTED WORKS | 1–7, 37–40 |
| 8 | Original digital files of any photograph by Plaintiffs | 1–7, 37–40 |
| 9 | Every version made available for license (COPYRIGHTED WORKS) | 1–7, 16, 35, 37–40 |
| 10 | Every version made available for license (any photograph) | 1–7, 16, 35, 37–40 |
| 11 | Copyright ownership/authorship docs (COPYRIGHTED WORKS) | 1–7, 8–9, 12–13, 17–20, 33, 37–40 |
| 12 | Copyright ownership/authorship docs (any photograph) | 1–7, 8–9, 12–13, 17–20, 33, 37–40 |
| 13 | Licenses/sales/distribution of COPYRIGHTED WORKS | 21, 24, 51 |
| 14 | Server logs—COPYRIGHTED WORKS access | 53 |
| 15 | Server logs—any photograph access | 53 |
| 16 | Style guides for bylines/attribution | 11, 14, 32, 47 |
| 17 | Financial records—COPYRIGHTED WORKS revenue | 21–24, 50 |
| 18 | Financial records—any photograph revenue | 21–24, 50 |
| 19 | Royalty calculation/tracking (COPYRIGHTED WORKS) | 21–24 |
| 20 | Royalty calculation/tracking (any photograph) | 21–24 |
| 21 | Total gross revenue and net profit | 50 |
| 22 | Metadata/CMI handling policies | 8–11, 14–15, 32, 34, 36, 47 |
| 23 | Decision to alter/remove CMI (COPYRIGHTED WORKS) | 8–13, 15, 17–20, 34, 36 |
| 24 | Decision to alter/remove CMI (any photograph) | 8–13, 15, 17–20, 34, 36 |
| 25 | Flynet/Fame Pictures merger docs | N/A (category-based collection) |
| 26 | FameFlynet/AKM-GSI merger docs | N/A (category-based collection) |
| 27 | Backgrid/Shutterstock acquisition docs | N/A (category-based collection) |
| 28 | Corporate formation docs | N/A (category-based collection) |
| 29 | Certificates of Dissolution | N/A (category-based collection) |
| 30 | Communications with Plaintiffs' counsel in 2024 | 25–26, 28, 49, 62 |
| 31 | Affirmative defenses support docs | 26, 28, 31 |
| 32 | Trial exhibits | All (as identified) |
| 33 | Internal docs re Plaintiffs/contributor accounts | 1–7, 17–20, 28–32, 35, 37–40, 55–61 |
| 34 | Internal docs re IPTC/metadata policies generally | 8–11, 14–15, 20, 32, 36, 47 |
| 35 | Internal docs post-filing re FAC allegations | 25–26, 48–49 |
| 36 | Board minutes re copyright/metadata/royalties | 45 |
| 37 | Contributor code documentation | 1–7, 37–40 |
| 38 | Contributor handbooks/guides | 14, 33, 47 |
| 39 | Database/server identification (COPYRIGHTED WORKS) | 41, 44 |
| 40 | Database/server identification (any photograph) | 41, 44 |
| 41 | Flynet-era photo integration decisions | 16, 35, 54 |
| 42 | DAM system technical specs (COPYRIGHTED WORKS) | 41, 43 |
| 43 | DAM system technical specs (any photograph) | 41, 43 |
| 44 | Audit logs—metadata changes (COPYRIGHTED WORKS) | 8–10, 20, 34, 42 |
| 45 | Audit logs—metadata changes (any photograph) | 8–10, 20, 34, 42 |
| 46 | Photo processing scripts/automation | 10, 36, 43 |
| 47 | Tax returns | 50 |
| 48 | Business plans for archival content | 52 |
| 49 | Bulk sales docs | 51 |
| 50 | Due diligence re IP/copyright liabilities | 52 |
| 51 | Internal investigation re June 2024 communications | 25, 48–49 |
| 52 | Internal comms re 2024 complaints | 25–26, 48–49 |

| 53 | Third-party communications re allegations | 25–26, 28, 62 |
| 54 | Marketing/promotional materials re licensing rights | 13, 17, 52 |
| 55 | Press releases re photographic archives | 52 |
| 56 | Organizational charts | N/A (category-based collection) |
| 57 | Document retention/destruction policies | 46 |
| 58 | Personnel files for PMKs | N/A (category-based collection) |
| 59 | Insurance policies | N/A (category-based collection) |
| 60 | Court/agency filings re COPYRIGHTED WORKS | 26 |
| 61 | Court/agency filings re any photograph | 26 |
| 62 | Defenses/affirmative defenses docs | 26–28, 30–31 |
| 63 | Terms of Service/Use for portals | 16, 29, 33, 35 |
| 64 | Expert reports | N/A (not yet prepared) |
| 65 | All communications with Plaintiffs | 1–7, 55–62 |
| 66 | Non-privileged communications re Plaintiffs | 1–7, 55–62 |
| 67 | Deposition testimony re copyright infringement | N/A (category-based collection) |
| 68 | Sworn declarations re copyright infringement | N/A (category-based collection) |

# Exhibit 5



**David Sergenian <david.sergenian@sergenianlaw.com>**

---

## RE: Mauvilain, et al. v. Flynet Pictures, LLC, et al.; C.D. Cal. Case No. 2:25-cv-02757-FLA-MAA

---

**Jo Ardalan** <jardalan@onellp.com>                                                    Mon, Apr 13, 2026 at 9:48 PM
To: David Sergenian <david@sergenianlaw.com>
Cc: Ryan Carreon <rcarreon@whitewoodlaw.com>, Evan Littman <elittman@onellp.com>, Abby Neu
<aneu@whitewoodlaw.com>, David Quinto <dquinto@onellp.com>, Peter Afrasiabi <pafrasiabi@onellp.com>, Shengmao Mu
<smu@whitewoodlaw.com>, Sheila Mojtehedi <sheila@mojtehedi.com>, Ryan Baker <rbaker@whitewoodlaw.com>, Keaton
Smith <ksmith@whitewoodlaw.com>

All:


We recognized that the search terms you provided were in a syntax that our e-discovery provider
(Logickull) doesn't like. Apparently, it doesn't recognize "w/15". To search for terms within 15 words
of each other they must instead be like this: (term 1 term 2)~15. It seems like when I used your
search terms earlier it was interpreting everything as an "OR" and returned in a substantial number
of nonresponsive documents.


I understand it also can't do group-to-group proximity, so it can't do something like this example
below where it is searching for terms in the alternative within 15 words of other terms in the
alternative. (Mauvilain OR "T Mauvilain" OR BAC OR THMA) w/15 (royalt* OR payment* OR
attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR
IPTC)


I have reworked your search terms as shown in the spreadsheet to address the issues above.


Please look at it and tell me if you have any concerns, so we can go ahead and make our
production. As discussed at the IDC, we understand that these searches will satisfy you with respect
to each of the RFPs.


Regards,

Jo

**Jo Ardalan**

**Partner**



Intellectual Property & Entertainment Law

310-437-8665 (Direct)

323-309-9215 (Cell)

jardalan@onellp.com

*Notice*:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.

---

**From:** Jo Ardalan
**Sent:** Friday, April 10, 2026 3:43 PM
**To:** 'David Sergenian' <david@sergenianlaw.com>
**Cc:** 'Ryan Carreon' <rcarreon@whitewoodlaw.com>; Evan Littman <elittman@onellp.com>; 'Abby Neu' <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; 'Shengmao Mu' <smu@whitewoodlaw.com>; 'Sheila Mojtehedi' <sheila@mojtehedi.com>; 'Ryan Baker' <rbaker@whitewoodlaw.com>; 'Keaton Smith' <ksmith@whitewoodlaw.com>
**Subject:** RE: Mauvilain, et al. v. Flynet Pictures, LLC, et al.; C.D. Cal. Case No. 2:25-cv-02757-FLA-MAA

I should have an update on search terms and production on Monday.

Regards,

Jo

--

**Jo Ardalan**

**Partner**



Intellectual Property & Entertainment Law

310-437-8665 (Direct)

323-309-9215 (Cell)

jardalan@onellp.com

*Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

**From:** Jo Ardalan
**Sent:** Monday, April 6, 2026 5:22 PM
**To:** 'David Sergenian' <david@sergenianlaw.com>
**Cc:** Ryan Carreon <rcarreon@whitewoodlaw.com>; Evan Littman <elittman@onellp.com>; Abby Neu <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Shengmao Mu <smu@whitewoodlaw.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>
**Subject:** RE: Mauvilain, et al. v. Flynet Pictures, LLC, et al.; C.D. Cal. Case No. 2:25-cv-02757-FLA-MAA

I am going to be circling back with a list of proposed search terms based off of your terms. It might make sense that you look at those first and if you want to have a call, then we can.

--

**Jo Ardalan**

**Partner**

**one llp**

Intellectual Property & Entertainment Law

310-437-8665 (Direct)

323-309-9215 (Cell)

jardalan@onellp.com

*Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

**From:** David Sergenian <david@sergenianlaw.com>
**Sent:** Monday, April 6, 2026 1:38 PM
**To:** Jo Ardalan <jardalan@onellp.com>
**Cc:** Ryan Carreon <rcarreon@whitewoodlaw.com>; Evan Littman <elittman@onellp.com>; Abby Neu <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Shengmao Mu <smu@whitewoodlaw.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>
**Subject:** Mauvilain, et al. v. Flynet Pictures, LLC, et al.; C.D. Cal. Case No. 2:25-cv-02757-FLA-MAA

Jo:

I am following up on my emails of March 26 and 27, 2026. We have not yet received a response.

As reflected in Magistrate Judge Audero's March 25, 2026 Minute Order, the Court encouraged the Backgrid Defendants to proceed with a document production based on their own search parameters, with any remaining disputes to be addressed afterward. The Court also found that the parties have satisfied their meet-and-confer obligations under Rule 37, the Local Rules, and Judge Audero's IDC requirements.

We would like to understand how the Backgrid Defendants intend to search for and produce responsive documents, including the search parameters they plan to use or have used and the timeline for production. We are available to discuss this by phone at your convenience.

Thank you,

David A. Sergenian

**Sergenian Law, a Professional Corporation**

808 Wilshire Blvd., Suite 200

Santa Monica, CA 90401

Los Angeles, CA 90064

david@sergenianlaw.com

(213) 435-2035

Website

LinkedIn

---

 **Search Terms Ties to RPDs 04-13-26 w Def Searches.xlsx**
26K

| No. | Category | Search Term | Applicable RPD Nos. |
|---|---|---|---|
| 1 | Plaintiff-Specific | (Mauvilain OR "T Mauvilain" OR BAC OR THMA) w/15 (royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC) | 1–3, 5–13, 17–20, 23–24, 33, 37, 65–66 |
| 2 | Plaintiff-Specific | (Mazari OR "H Mazari" OR KO) w/15 (royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC) | 1–4, 5–13, 17–20, 23–24, 33, 37, 65–66 |

DEFENDANT SEARCH

(Mauvilain OR "T Mauvilain" OR BAC OR THMA OR royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC)~15

(Mauvilain OR "T Mauvilain" OR BAC OR THMA OR royalty & royalties OR payment or payments OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo OR photo OR contributor or contributors OR IPTC)~15

(Mauvilain attribution)~15
(Mauvilain royalty)~15
(Mauvilain metadata)~15
(Mauvilain CMI)~15
(Mauvilain portal)~15
(Mauvilain missing)~15
(Mauvilain copyright)~15
(Mauvilain contributor)~15
(Mauvilain IPTC)~15
(BAC attribution)~15
(BAC royalty)~15
(BAC metadata)~15
(BAC CMI)~15
(BAC portal)~15
(BAC missing)~15
(BAC copyright)~15
(BAC contributor)~15
(BAC IPTC)~15
(THMA attribution)~15
(THMA royalty)~15
(THMA metadata)~15
(THMA CMI)~15
(THMA portal)~15
(THMA missing)~15
(THMA copyright)~15
(THMA photo)~15
(THMA contributor)~15
(THMA IPTC)~15
(THMA attribution)~15

(Mazari OR "H Mazari" OR KO OR royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC)~15

*(Mazari OR "H Mazari" OR KO OR royalty & royalties OR payment or payments OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo OR photo OR contributor or contributors OR IPTC)~15*

(Mazari attribution)~15

| # | | Search String | Bates/Nos. |
|---|---|---|---|
| 3 | Plaintiff-Specific | (Duplaquet OR "J Duplaquet" OR JD) w/15 (royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC) | 1-3, 5-13, 17-20, 23-24, 33, 37, 65-66 |

(Duplaquet OR "J Duplaquet" OR JD OR royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC)~15

(Duplaquet OR "J Duplaquet" OR JD OR royalty & royalties OR payment or payments OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo OR photo OR contributor or contributors OR IPTC)~15

(Mazari royalty)~15
(Mazari metadata)~15
(Mazari CMI)~15
(Mazari portal)~15
(Mazari missing)~15
(Mazari copyright)~15
(Mazari contributor)~15
(Mazari IPTC)~15
(Mazari attribution)~15

(KO royalty)~15
(KO metadata)~15
(KO CMI)~15
(KO portal)~15
(KO missing)~15
(KO copyright)~15
(KO contributor)~15
(KO IPTC)~15
(KO attribution)~15

(Duplaquet royalty)~15
(Duplaquet metadata)~15
(Duplaquet CMI)~15
(Duplaquet portal)~15
(Duplaquet missing)~15
(Duplaquet copyright)~15
(Duplaquet contributor)~15
(Duplaquet IPTC)~15
(Duplaquet attribution)~15

(JD royalty)~15
(JD metadata)~15
(JD CMI)~15
(JD portal)~15
(JD missing)~15
(JD copyright)~15
(JD contributor)~15
(JD IPTC)~15
(JD attribution)~15

| 4 | Plaintiff-Specific | ("Robert Wolf" OR "Christian Wolf" OR CW OR CCR OR HansCastrop OR RIWE) w/15 (royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC) | 1–3, 5–13, 17–20, 23–24, 33, 37, 65–66 | ("Robert Wolf" OR "Christian Wolf" OR CW OR CCR OR HansCastrop OR RIWE OR royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC)~15 |
|---|---|---|---|---|
| | | | | (wolf royalty)~15 |
| | | | | (wolf metadata)~15 |
| | | | | (wolf CMI)~15 |
| | | | | (wolf portal)~15 |
| | | | | (wolf missing)~15 |
| | | | | (wolf copyright)~15 |
| | | | | (wolf contributor)~15 |
| | | | | (wolf IPTC)~15 |
| | | | | (wolf attribution)~15 |
| | | | | (CW royalty)~15 |
| | | | | (CW metadata)~15 |
| | | | | (CW CMI)~15 |
| | | | | (CW portal)~15 |
| | | | | (CW missing)~15 |
| | | | | (CW copyright)~15 |
| | | | | (CW contributor)~15 |
| | | | | (CW IPTC)~15 |
| | | | | (CW attribution)~15 |
| | | | | (CCR royalty)~15 |
| | | | | (CCR metadata)~15 |
| | | | | (CCR CMI)~15 |
| | | | | (CCR portal)~15 |
| | | | | (CCR missing)~15 |
| | | | | (CCR copyright)~15 |
| | | | | (CCR contributor)~15 |
| | | | | (CCR IPTC)~15 |
| | | | | (CCR attribution)~15 |
| | | | | (HansCastrop royalty)~15 |
| | | | | (HansCastrop metadata)~15 |
| | | | | (HansCastrop CMI)~15 |
| | | | | (HansCastrop portal)~15 |
| | | | | (HansCastrop missing)~15 |
| | | | | (HansCastrop copyright)~15 |
| | | | | (HansCastrop contributor)~15 |
| | | | | (HansCastrop IPTC)~15 |
| | | | | (HansCastrop attribution)~15 |
| | | | | (HansCastrop royalty)~15 |
| | | | | (HansCastrop metadata)~15 |
| | | | | (HansCastrop CMI)~15 |
| | | | | (HansCastrop portal)~15 |
| | | | | (HansCastrop missing)~15 |
| | | | | (HansCastrop copyright)~15 |

| | | | | (HansCastrop contributor)~15 |
|---|---|---|---|---|
| | | | | (HansCastrop IPTC)~15 |
| | | | | (HansCastrop attribution)~15 |
| 6 | Plaintiff-Specific | (Kyndt OR "S Kyndt" OR FT) w/15 (royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC) | 1–3, 5–13, 17–20, 23–24, 33, 37, 65–66 | (Kyndt OR "S Kyndt" OR FT OR royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC)~15 |
| | | | | *(Kyndt OR "S Kyndt" OR FT OR "BTF Press" OR MIBO OR royalty & royalties OR payment or payments OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo OR photo OR contributor or contributors OR IPTC)~15* |
| | | | | (Kyndt attribution)~15 |
| | | | | (Kyndt royalty)~15 |
| | | | | (Kyndt metadata)~15 |
| | | | | (Kyndt CMI)~15 |
| | | | | (Kyndt portal)~15 |
| | | | | (Kyndt missing)~15 |
| | | | | (Kyndt copyright)~15 |
| | | | | (Kyndt contributor)~15 |
| | | | | (Kyndt IPTC)~15 |
| 7 | Plaintiff-Specific | (Mehdi OR "J Mehdi" OR "BELLE PICTURES" OR JOME) w/15 (royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC) | 1–4, 5–13, 17–20, 23–24, 33, 37, 65–66 | (Mehdi OR "J Mehdi" OR "BELLE PICTURES" OR JOME OR royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC)~15 |
| | | | | *(Mehdi OR "J Mehdi" OR "BELLE PICTURES" OR JOME OR royalty & royalties OR payment or payments OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo OR photo OR contributor or contributors OR IPTC)~15* |
| | | | | (Mehdi attribution)~15 |
| | | | | (Mehdi royalty)~15 |
| | | | | (Mehdi metadata)~15 |
| | | | | (Mehdi CMI)~15 |
| | | | | (Mehdi portal)~15 |
| | | | | (Mehdi missing)~15 |
| | | | | (Mehdi copyright)~15 |
| | | | | (Mehdi contributor)~15 |
| | | | | (Mehdi IPTC)~15 |
| | | | | ("Belle pictures" attribution)~15 |
| | | | | ("Belle pictures" royalty)~15 |
| | | | | ("Belle pictures" metadata)~15 |
| | | | | ("Belle pictures" CMI)~15 |
| | | | | ("Belle pictures" portal)~15 |
| | | | | ("Belle pictures" missing)~15 |
| | | | | ("Belle pictures" copyright)~15 |
| | | | | ("Belle pictures" contributor)~15 |
| | | | | ("Belle pictures" IPTC)~15 |

| # | Category | Search Term | References | Expanded Query |
|---|---|---|---|---|
| | | | | ("JOME" attribution)~15 |
| | | | | ("JOME" royalty)~15 |
| | | | | ("JOME" metadata)~15 |
| | | | | ("JOME" CMI)~15 |
| | | | | ("JOME" portal)~15 |
| | | | | ("JOME" missing)~15 |
| | | | | ("JOME" copyright)~15 |
| | | | | ("JOME" contributor)~15 |
| | | | | ("JOME" IPTC)~15 |
| 8 | CMI / Metadata | CMI | 11–12, 22–24, 34, 44–46 | CMI |
| 9 | CMI / Metadata | "copyright management information" | 11–12, 22–24, 34, 44–46 | "copyright management information" |
| 10 | CMI / Metadata | (IPTC OR metadata) w/10 (remov* OR delet* OR strip* OR alter* OR modif* OR chang* OR incorrect OR fals*) | 22–24, 34, 44–46 | (IPTC OR metadata OR remov* OR delet* OR strip* OR alter* OR modif* OR chang* OR incorrect OR fals*)~10 |
| 11 | CMI / Metadata | (byline* OR "credit line" OR attribution) w/10 (remov* OR delet* OR strip* OR modif* OR chang* OR incorrect OR fals* OR missing) | 16, 22–24, 34 | (byline* OR "credit line" OR attribution OR remov* OR delete OR strip* OR alter* OR modif* OR chang* OR incorrect OR fals* OR missing)~10 |
| | | | | (IPTC OR metadata OR remove OR removed OR removing OR removes OR delete OR deletes OR deleting & deleted OR strip OR stripped OR strips OR alter OR altered OR alters OR altering OR modify OR modifies OR modifying OR modified OR change OR changing OR changed OR changesincorrect OR false)~15 |
| | | | | (byline OR bylines OR "credit line" OR attribution OR remove OR removing OR removed OR removes OR delete OR delete OR strip OR stripping OR stripped OR strips OR alter OR alter OR altering OR alters OR altered OR modify OR modifying OR modified OR modifies OR change OR changing OR changed OR changes OR incorrect OR false OR missing)~10 |
| 12 | CMI / Metadata | "FameFlynet Pictures Inc" w/10 (creator OR author OR copyright OR owner OR attribution OR byline) | 11–12, 23–24, 34 | (FameFlynet OR creator OR author OR copyright OR owner OR attribution OR byline)~10 |
| 13 | CMI / Metadata | Backgrid w/10 copyright w/10 (owner OR holder OR attribution) w/25 (incorrect OR fals* OR improper* OR unauthorized | 11–12, 23–24, 34, 54 | (Backgrid OR copyright OR owner OR holder OR attribution OR incorrect OR false OR improper OR unauthorized)~10 |
| 14 | CMI / Metadata | (metadata OR IPTC OR CMI) w/5 (policy OR procedure OR protocol) w/15 (photographer* OR contributor* OR attribution) | 16, 22, 34, 38 | (metadata OR IPTC OR CMI OR policy OR procedure OR protocol OR photographer* OR contributor* OR attribution)~15 |
| 15 | CMI / Metadata | (preserv* OR maintain*) w/10 (caption* OR location* OR celebrity) w/20 (remov* OR alter*) w/10 (byline OR attribution OR photographer*) | 22–24, 34 | (preserv* OR maintain* OR caption* OR location* OR celebrity OR remov* OR alter* OR byline OR attribution OR photographer*)~15 |
| 16 | CMI / Metadata | ("contributor portal" OR "photographer portal", w/15 (missing OR incomplete OR unavailable OR access OR denied OR restricted) | 9–10, 33, 41, 63 | ("contributor portal" OR "photographer portal" OR missing OR incomplete OR unavailable OR access OR denied OR restricted)~15 |
| 17 | CMI / Metadata | (fals* OR incorrect OR improper* OR wrong) w/5 (attribution OR credit* OR byline OR copyright) w/15 (photographer* OR contributor*) | 11–12, 16, 23–24, 34, 54 | (fals* OR incorrect OR improper* OR wrong OR attribution OR credit* OR byline OR copyright OR photographer* OR contributor*)~15 |

| # | Category | Search Terms | Pages | Expanded Search Terms |
|---|---|---|---|---|
| 18 | CMI / Metadata | (attribution OR byline OR credit*) w/10 (FameFlynet OR Backgrid) w/20 (should be OR actually OR original* OR true OR correct) | 11–12, 23–24, 34 | (attribution OR byline OR credit* OR FameFlynet OR Backgrid OR should be OR actually OR original* OR true OR correct)~15 |
| 19 | CMI / Metadata | "copyright owner*" w/15 (incorrect OR fals* OR disputed OR challenged OR unauthorized) | 11–12, 23–24 | ("copyright owner*" OR incorrect OR fals* OR disputed OR challenged OR unauthorized)~15 |
| 20 | CMI / Metadata | (author* OR creator*) w/10 (field OR information OR data) w/15 (incorrect OR fals* OR chang* OR alter* OR substitut* OR contributor*) | 11–12, 23–24, 34, 44–45 | (author* OR creator* OR field OR information OR data OR incorrect OR fals* OR chang* OR alter* OR substitut*)~15 |
| 21 | Royalties / Financials | (royalt* OR commission* OR payment* OR payout*) w/15 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR photographer* OR contributor*) | 17–20 | (royalt* OR commission* OR payment* OR payout* OR Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR photographer* OR contributor*)~15 |
| 22 | Royalties / Financials | (unpaid OR owing OR owed OR "not paid" OR withheld) w/10 (royalt* OR payment* OR commission*) w/15 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR photographer* OR contributor*) | 17–20 | (unpaid OR owing OR owed OR "not paid" OR withheld OR royalt* OR payment* OR commission* OR Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR photographer* OR contributor*)~15 |
| 23 | Royalties / Financials | (calculat* OR track* OR report*) w/10 (royalt* OR commission* OR payment*) w/15 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR photographer* OR contributor* OR attribution) | 17–20 | (calculat* OR track* OR report* OR royalt* OR commission* OR payment* OR Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR photographer* OR contributor* OR attribution)~15 |
| 24 | Royalties / Financials | ("sales report" OR "licensing report" OR "revenue report") w/15 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR photographer* OR contributor* OR byline OR attribution) | 13, 17–20 | ("sales report" OR "licensing report" OR "revenue report" OR Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR photographer* OR contributor* OR byline OR attribution)~15 |
| 25 | Counsel / Litigation | (Sergenian OR "Sergenian Law" OR "David Sergenian" OR "Whitewood Law" OR "Shengmao Mu" OR "Virginie Parant" OR Virginie OR Parant) | 30, 35, 51–53 | (email OR letter OR correspondence OR Sergenian OR "Sergenian Law" OR "David Sergenian" OR "Whitewood Law" OR "Shengmao Mu" OR Parant OR Virginie)~5<br>Virginie AND parant<br>(parant email)~5<br>(parant letter)~5<br>(parant correspondence)~5<br>(sergenian email)~5<br>(sergenian letter)~5<br>(sergenian correspondence)~5<br>(mu email)~5<br>(mu letter)~5<br>(mu correspondence)~5 |
| 26 | Counsel / Litigation | (complaint OR allegation OR claim OR demand) w/15 (photographer* OR contributor* OR copyright* OR metadata OR CMI OR "copyright management information" OR attribution) | 30, 35, 51–53, 60–62 | (complaint OR allegation OR claim OR demand OR photographer* OR contributor* OR copyright* OR metadata OR CMI OR "copyright management information" OR attribution)~15 |

| # | Category | Query | Results | Expanded Query |
|---|----------|-------|---------|----------------|
| 27 | Counsel / Litigation | (terminat* OR revok* OR cancel*) w/10 (license* OR agreement* OR right*) w/15 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR Virginie OR Parant OR photographer* OR contributor*) | 1–4, 30, 62 | (terminat* OR revok* OR cancel* OR license* OR agreement* OR right* OR Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR Virginie OR Parant OR photographer* OR contributor*)~15 |
| 28 | Counsel / Litigation | (dispute* OR disagree* OR conflict*) w/15 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR Virginie OR Parant OR photographer* OR contributor* OR attribution OR royalt* OR copyright*) | 1–4, 30, 33, 53, 62 | (dispute* OR disagree* OR conflict* OR Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR Virginie OR Parant OR photographer* OR contributor* OR attribution OR royalt* OR copyright*)~15 |
| 29 | Contract Terms | (agreement* OR contract* OR term*) w/15 (attribution OR credit* OR byline) w/15 (requir* OR obligat* OR condition OR precedent OR must OR shall) | 1, 29, 33, 63 | (agreement* OR contract* OR term* OR attribution OR credit* OR byline OR requir* OR obligat* OR condition OR precedent OR must OR shall)~15 |
| 30 | Contract Terms | ("condition precedent" OR "conditions precedent") w/20 (attribution OR byline OR credit* OR photographer*) | 1, 33, 62 | ("condition precedent" OR "conditions precedent" OR attribution OR byline OR credit* OR photographer*)~20 |
| 31 | Contract Terms | (breach* OR violat* OR fail*) w/10 (attribution OR byline OR credit*) w/10 (obligat* OR requir* OR agreement*) | 1, 31, 33, 62 | (breach* OR violat* OR fail* OR attribution OR byline OR credit* OR obligat* OR requir* OR agreement*)~10 |
| 32 | Contract Terms | (track* OR monitor* OR record*) w/10 (attribution OR byline) w/15 (obligat* OR requir* OR compliance) | 16, 22, 33, 34 | (track* OR monitor* OR record* OR attribution OR byline OR obligat* OR requir* OR compliance)~15 |
| 33 | Contract Terms | (contributor* OR photographer*) w/5 (agreement* OR contract*) w/15 (attribution OR perpetual OR ownership OR copyright* OR independent) | 1, 11–12, 33, 38, 63 | (contributor* OR photographer OR agreement* OR contract* OR attribution OR perpetual OR ownership OR copyright* OR independent)~15 |
| 34 | IPTC / Technical | IPTC w/5 (field* OR map* OR transfer*) w/15 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR photographer* OR contributor* OR attribution OR byline OR copyright*) | 22–24, 34, 44–46 | (IPTC OR field* OR map* OR transfer* OR Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR photographer* OR contributor* OR attribution OR byline OR copyright*)~15 |
| 35 | IPTC / Technical | ("client portal" OR "customer portal") w/20 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR photographer* OR contributor* OR attribution OR byline OR copyright) w/15 (access OR different OR separate OR excluded OR "not included") | 9–10, 14–15, 33, 41, 63 | ("client portal" OR "customer portal" OR Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR photographer* OR contributor* OR attribution OR byline OR copyright OR access OR different OR separate OR excluded OR "not included")~15 |
| 36 | IPTC / Technical | (automat* OR script* OR "batch process*") w/15 (metadata OR CMI OR attribution) w/15 (remov* OR alter* OR chang* OR strip*) | 22–24, 34, 46 | (automat* OR script* OR "batch process*" OR metadata OR CMI OR attribution OR remov* OR alter* OR chang* OR strip*)~15 |
| 37 | Contributor Codes | (BAC OR KO OR JD OR CW OR CCR OR "BTF Press" OR FT OR "BELLE PICTURES" OR THMA OR FREE OR RIWE OR MIBO OR JOME) w/10 ("FLYNET PICTURES" OR Flynet OR attribution OR byline OR metadata) | 5–12, 33, 37 | (BAC OR KO OR JD OR CW OR CCR OR "BTF Press" OR FT OR "BELLE PICTURES" OR THMA OR FREE OR RIWE OR MIBO OR JOME OR "FLYNET PICTURES" OR Flynet OR attribution OR byline OR metadata)~10 |
| 38 | Contributor Codes | (BAC OR KO OR JD OR CW OR CCR OR "BTF Press" OR FT OR "BELLE PICTURES" OR THMA OR FREE OR RIWE OR MIBO OR JOME) w/10 ("FLYNET PICTURES" OR FameFlynet OR attribution OR byline OR metadata) | 5–12, 33, 37 | (BAC OR KO OR JD OR CW OR CCR OR "BTF Press" OR FT OR "BELLE PICTURES" OR THMA OR FREE OR RIWE OR MIBO OR JOME OR "FLYNET PICTURES" OR FameFlynet OR attribution OR byline OR metadata)~10 |

| # | Category | Query | Refs | Expanded Query |
|---|---|---|---|---|
| 39 | Contributor Codes | (BAC OR KO OR JD OR CW OR CCR OR "BTF Press" OR FT OR "BELLE PICTURES" OR THMA OR FREE OR RIWE OR MIBO OR JOME) w/10 (Backgrid OR attribution OR byline OR metadata) | 5–12, 33, 37 | (BAC OR KO OR JD OR CW OR CCR OR "BTF Press" OR FT OR "BELLE PICTURES" OR THMA OR FREE OR RIWE OR MIBO OR JOME OR Backgrid OR attribution OR byline OR metadata)~10 |
| 40 | Contributor Codes | (BAC OR KO OR JD OR CW OR CCR OR "BTF Press" OR FT OR "BELLE PICTURES" OR THMA OR FREE OR RIWE OR MIBO OR JOME) w/10 (Shutterstock OR attribution OR byline OR metadata) | 5–12, 33, 37 | (BAC OR KO OR JD OR CW OR CCR OR "BTF Press" OR FT OR "BELLE PICTURES" OR THMA OR FREE OR RIWE OR MIBO OR JOME or Shutterstock OR attribution OR byline OR metadata)~10 |
| 41 | Systems / Infra. | (DAM OR "digital asset management" OR database OR CMS OR "technical specification*" OR "data schema" OR "system architecture") w/15 (metadata OR IPTC OR attribution OR photograph* OR contributor*) | 39–43 | (DAM OR "digital asset management" OR database OR CMS OR "technical specification*" OR "data schema" OR "system architecture" OR metadata OR IPTC OR attribution OR photograph* OR contributor*)~15 |
| 42 | Systems / Infra. | (audit log* OR "change histor*" OR "modification log*") w/15 (metadata OR IPTC OR author OR copyright OR byline | 44–45 | (audit log* OR "change histor*" OR "modification log*" OR metadata OR IPTC OR author OR copyright OR byline)~15 |
| 43 | Systems / Infra. | (automat* OR script* OR "batch process*" OR ETL OR "data migration") w/15 (ingest* OR import* OR upload* OR metadata OR IPTC OR strip* OR alter*) | 42–43, 46 | (automat* OR script* OR "batch process*" OR ETL OR "data migration" OR ingest* OR import* OR upload* OR metadata OR IPTC OR strip* OR alter*)~15 |
| 44 | Systems / Infra. | (server OR database OR storage OR cloud) w/10 (photograph* OR image* OR archive*) w/15 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi) | 39–40 | (server OR database OR storage OR cloud OR photograph* OR image* OR archive* OR Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi)~15 |
| 45 | Corporate / Governance | ("board meeting" OR "board minutes") w/15 (copyright OR metadata OR royalt* OR contributor* OR infringement OR liabilit*) | 36 | ("board meeting" OR "board minutes" copyright OR metadata OR royalt* OR contributor* OR infringement OR liabilit*)~15 |
| 46 | Corporate / Governance | ("document retention" OR "retention policy" OR "destruction policy") w/10 (photograph* OR contributor* OR metadata) | 57 | ("document retention" OR "retention policy" OR "destruction policy" (photograph* OR contributor* OR metadata)~10 |
| 47 | Corporate / Governance | (policy OR procedure OR protocol OR practice OR "style guide" OR "editorial guide" OR manual* OR "contributor handbook" OR "contributor guide") w/15 (byline OR attribution OR "credit line" OR metadata OR upload* OR submission) w/15 (photographer* OR contributor*) | 16, 22, 34, 38 | (policy OR procedure OR protocol OR practice OR "style guide" OR "editorial guide" OR manual* OR "contributor handbook" OR "contributor guide" OR byline OR attribution OR "credit line" OR metadata OR upload* OR submission OR photographer* OR contributor*)~15 |
| 48 | Internal Investigation | (internal w/5 (investigation OR review)) w/15 (Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR Sergenian OR "Whitewood Law") | 35, 51–52 | ("internal investigation" OR "internal review" OR Mauvilain OR Mazari OR Duplaquet OR Wolf OR Boutefeu OR Kyndt OR Mehdi OR Sergenian OR "Whitewood Law")~15 |
| 49 | Internal Investigation | (complaint OR "demand letter" OR cease) w/10 (Sergenian OR "Whitewood Law" OR "David Sergenian") w/15 (respond* OR investigat* OR review*) | 30, 35, 51–52 | (complaint OR "demand letter" OR cease OR Sergenian OR "Whitewood Law" OR "David Sergenian" OR respond* OR investigat* OR review*)~15 |
| 50 | Financial / Business | ("gross revenue" OR "net profit" OR "financial statement*" OR "tax return*") w/15 (photograph* OR licensing OR contributor*) | 17–18, 21, 47 | ("gross revenue" OR "net profit" OR "financial statement*" OR "tax return*" OR photograph* OR licensing OR contributor*)~15 |

| # | Category | Search String | Pages |
|---|---|---|---|
| 51 | Financial / Business | ("bulk sale*" OR "portfolio sale*" OR "archive sale*") w/15 (photograph* OR copyright* OR contributor*) | 13, 49 |
| 52 | Financial / Business | ("business plan" OR "financial projection*" OR "marketing strateg*" OR "press release" OR "public statement" OR "marketing material*" OR "website archive" OR "brochure" OR "sales presentation*") w/15 (archiv* OR "back catalog" OR legacy OR portfolio OR photograph* OR copyright OR licensing) | 48, 54–55 |
| 53 | Financial / Business | ("server log*" OR analytics OR "access log*") w/15 (download* OR view* OR display*) w/15 (photograph* OR image*) | 14–15 |
| 54 | Financial / Business | ("portal integration" OR "portal migration") w/15 ("Flynet-era" OR legacy OR archive*) w/10 (photograph* OR contributor*) | 41 |
| 55 | Plaintiff Comms. | (email OR letter OR message OR correspondence OR communicat*) w/10 (Mauvilain OR "T Mauvilain" OR BAC OR THMA) | 2–3, 33, 65–66 |
| 56 | Plaintiff Comms. | (email OR letter OR message OR correspondence OR communicat*) w/10 (Mazari OR "H Mazari" OR KO) | 2–4, 33, 65–66 |
| 57 | Plaintiff Comms. | (email OR letter OR message OR correspondence OR communicat*) w/10 (Duplaquet OR "J Duplaquet" OR JD) | 2–3, 33, 65–66 |
| 58 | Plaintiff Comms. | (email OR letter OR message OR correspondence OR communicat*) w/10 ("Robert Wolf" OR "Christian Wolf" OR CW OR CCR OR HansCastrop OR RIWE) | 2–3, 33, 65–66 |

**Expanded query strings:**

("bulk sale*" OR "portfolio sale*" OR "archive sale*" OR photograph* OR copyright* OR contributor*)~15

("business plan" OR "financial projection*" OR "marketing strateg*" OR "press release" OR "public statement" OR "marketing material*" OR "website archive" OR "brochure" OR "sales presentation*" OR archiv* OR "back catalog" OR legacy OR portfolio OR photograph* OR copyright OR licensing)~15

("server log*" OR analytics OR "access log* OR download* OR view* OR display*)~15

("portal integration" OR "portal migration" "Flynet-era" OR legacy OR archive* OR photograph* OR contributor*)~15

(email OR letter OR message OR correspondence OR communicat* OR Mauvilain OR "T Mauvilain" OR BAC OR THMA)~10

(email Mauvilain)~10
(letter Mauvilain)~10
(message Mauvilain)~10
(communication Mauvilain)~10

(email OR letter OR message OR correspondence OR communicat* OR Mazari OR "H Mazari" OR KO)~10

(email Mazari)~10
(letter Mazari)~10
(message Mazari)~10
(communication Mazari)~10

(email OR letter OR message OR correspondence OR communicat* OR Duplaquet OR "J Duplaquet" OR JD)~10

(email "Duplaquet")~10
(letter "Duplaquet")~10
(message "Duplaquet")~10
(communication "Duplaquet")~10

(email OR letter OR message OR correspondence OR communicat* OR "Christian Wolf" OR CW OR CCR OR HansCastrop OR RIWE)~10

(email "robert Wolf")~10
(letter "robert Wolf")~10
(message "robert Wolf")~10
(communication "robert Wolf")~10
(email "christian Wolf")~10
(letter "christian Wolf")~10
(message "christian Wolf")~10
(communication "christian Wolf")~10

| 59 | Plaintiff Comms. | (email OR letter OR message OR correspondence OR communicat*) w/10 (Boutefeu OR "M Boutefeu" OR "BTF Press" OR MIBO) | 2–3, 33, 65–66 | (email OR letter OR message OR correspondence OR communicat* OR Boutefeu OR "M Boutefeu" OR "BTF Press" OR MIBO)~10 |
| | | | | (email  Boutefeu)~10 |
| | | | | (letter  Boutefeu)~10 |
| | | | | (message  Boutefeu)~10 |
| | | | | (communication  Boutefeu)~10 |
| 60 | Plaintiff Comms. | (email OR letter OR message OR correspondence OR communicat*) w/10 (Kyndt OR "S Kyndt" OR FT) | 2–3, 33, 65–66 | (email OR letter OR message OR correspondence OR communicat* Kyndt OR "S Kyndt" OR FT)~10 |
| | | | | (email Kyndt)~10 |
| | | | | (letter Kyndt)~10 |
| | | | | (message Kyndt)~10 |
| | | | | (communication Kyndt)~10 |
| 61 | Plaintiff Comms. | (email OR letter OR message OR correspondence OR communicat*) w/10 (Mehdi OR "J Mehdi" OR "BELLE PICTURES" OR JOME) | 2–4, 33, 65–66 | (email OR letter OR message OR correspondence OR communicat* OR Mehdi OR "J Mehdi" OR "BELLE PICTURES" OR JOME)~10 |
| | | | | (email Mehdi)~10 |
| | | | | (letter Mehdi)~10 |
| | | | | (message Mehdi)~10 |
| | | | | (communication Mehdi)~10 |
| 62 | Plaintiff Comms. | (email OR letter OR correspondence) w/5 (to OR from) w/5 (Sergenian OR "Sergenian Law" OR "David Sergenian" OR "Whitewood Law" OR "Shengmao Mu" OR Parant OR Virginie) | 30, 51–53 | (email OR letter OR correspondence OR Sergenian OR "Sergenian Law" OR "David Sergenian" OR "Whitewood Law" OR "Shengmao Mu" OR Parant OR Virginie)~5 |
| | | | | Virginie AND parant |
| | | | | (parant email)~5 |
| | | | | (parant letter)~5 |
| | | | | (parant correspondence)~5 |
| | | | | (sergenian email)~5 |
| | | | | (sergenian letter)~5 |
| | | | | (sergenian correspondence)~5 |
| | | | | (mu email)~5 |
| | | | | (mu letter)~5 |
| | | | | (mu correspondence)~5 |

Scott Cosman
Alex Kantif
Steve Ginsburg
Maria Buda
Andrea Collins
Christian Barrrett
Greg Watts
Chris Barwick

| RPD No. | RPD Description (Summary) | Applicable Search Term Nos. |
|:---:|---|:---:|
| 1 | Agreements with Plaintiffs | 1–7, 27–29, 31, 33 |
| 2 | Communications re COPYRIGHTED WORKS | 1–7, 55–62 |
| 3 | Communications re any photograph by Plaintiffs | 1–7, 55–62 |
| 4 | Mazari/Mehdi removal requests | 2, 7, 27–28, 56, 61 |
| 5 | Copies of COPYRIGHTED WORKS | 1–7, 37–40 |
| 6 | Copies of any photograph by Plaintiffs | 1–7, 37–40 |
| 7 | Original digital files of COPYRIGHTED WORKS | 1–7, 37–40 |
| 8 | Original digital files of any photograph by Plaintiffs | 1–7, 37–40 |
| 9 | Every version made available for license (COPYRIGHTED WORKS) | 1–7, 16, 35, 37–40 |
| 10 | Every version made available for license (any photograph) | 1–7, 16, 35, 37–40 |
| 11 | Copyright ownership/authorship docs (COPYRIGHTED WORKS) | 1–7, 8–9, 12–13, 17–20, 33, 37–40 |
| 12 | Copyright ownership/authorship docs (any photograph) | 1–7, 8–9, 12–13, 17–20, 33, 37–40 |
| 13 | Licenses/sales/distribution of COPYRIGHTED WORKS | 21, 24, 51 |
| 14 | Server logs—COPYRIGHTED WORKS access | 53 |
| 15 | Server logs—any photograph access | 53 |
| 16 | Style guides for bylines/attribution | 11, 14, 32, 47 |
| 17 | Financial records—COPYRIGHTED WORKS revenue | 21–24, 50 |
| 18 | Financial records—any photograph revenue | 21–24, 50 |
| 19 | Royalty calculation/tracking (COPYRIGHTED WORKS) | 21–24 |
| 20 | Royalty calculation/tracking (any photograph) | 21–24 |
| 21 | Total gross revenue and net profit | 50 |
| 22 | Metadata/CMI handling policies | 8–11, 14–15, 32, 34, 36, 47 |
| 23 | Decision to alter/remove CMI (COPYRIGHTED WORKS) | 8–13, 15, 17–20, 34, 36 |
| 24 | Decision to alter/remove CMI (any photograph) | 8–13, 15, 17–20, 34, 36 |
| 25 | Flynet/Fame Pictures merger docs | N/A (category-based collection) |
| 26 | FameFlynet/AKM-GSI merger docs | N/A (category-based collection) |
| 27 | Backgrid/Shutterstock acquisition docs | N/A (category-based collection) |
| 28 | Corporate formation docs | N/A (category-based collection) |
| 29 | Certificates of Dissolution | N/A (category-based collection) |
| 30 | Communications with Plaintiffs' counsel in 2024 | 25–26, 28, 49, 62 |
| 31 | Affirmative defenses support docs | 26, 28, 31 |
| 32 | Trial exhibits | All (as identified) |
| 33 | Internal docs re Plaintiffs/contributor accounts | 1–7, 17–20, 28–32, 35, 37–40, 55–61 |
| 34 | Internal docs re IPTC/metadata policies generally | 8–11, 14–15, 20, 32, 36, 47 |
| 35 | Internal docs post-filing re FAC allegations | 25–26, 48–49 |
| 36 | Board minutes re copyright/metadata/royalties | 45 |
| 37 | Contributor code documentation | 1–7, 37–40 |
| 38 | Contributor handbooks/guides | 14, 33, 47 |
| 39 | Database/server identification (COPYRIGHTED WORKS) | 41, 44 |
| 40 | Database/server identification (any photograph) | 41, 44 |
| 41 | Flynet-era photo integration decisions | 16, 35, 54 |
| 42 | DAM system technical specs (COPYRIGHTED WORKS) | 41, 43 |
| 43 | DAM system technical specs (any photograph) | 41, 43 |
| 44 | Audit logs—metadata changes (COPYRIGHTED WORKS) | 8–10, 20, 34, 42 |
| 45 | Audit logs—metadata changes (any photograph) | 8–10, 20, 34, 42 |
| 46 | Photo processing scripts/automation | 10, 36, 43 |
| 47 | Tax returns | 50 |
| 48 | Business plans for archival content | 52 |
| 49 | Bulk sales docs | 51 |
| 50 | Due diligence re IP/copyright liabilities | 52 |
| 51 | Internal investigation re June 2024 communications | 25, 48–49 |
| 52 | Internal comms re 2024 complaints | 25–26, 48–49 |

| 53 | Third-party communications re allegations | 25–26, 28, 62 |
| 54 | Marketing/promotional materials re licensing rights | 13, 17, 52 |
| 55 | Press releases re photographic archives | 52 |
| 56 | Organizational charts | N/A (category-based collection) |
| 57 | Document retention/destruction policies | 46 |
| 58 | Personnel files for PMKs | N/A (category-based collection) |
| 59 | Insurance policies | N/A (category-based collection) |
| 60 | Court/agency filings re COPYRIGHTED WORKS | 26 |
| 61 | Court/agency filings re any photograph | 26 |
| 62 | Defenses/affirmative defenses docs | 26–28, 30–31 |
| 63 | Terms of Service/Use for portals | 16, 29, 33, 35 |
| 64 | Expert reports | N/A (not yet prepared) |
| 65 | All communications with Plaintiffs | 1–7, 55–62 |
| 66 | Non-privileged communications re Plaintiffs | 1–7, 55–62 |
| 67 | Deposition testimony re copyright infringement | N/A (category-based collection) |
| 68 | Sworn declarations re copyright infringement | N/A (category-based collection) |

# Exhibit 6



David Sergenian <david.sergenian@sergenianlaw.com>

---

# Re: Mauvilain, et al. v. Flynet Pictures, LLC, et al.; C.D. Cal. Case No. 2:25-cv-02757-FLA-MAA

---

**David Sergenian** <david@sergenianlaw.com>                                          Tue, Apr 14, 2026 at 6:06 PM
To: Jo Ardalan <jardalan@onellp.com>
Cc: Ryan Carreon <rcarreon@whitewoodlaw.com>, Evan Littman <elittman@onellp.com>, Abby Neu <aneu@whitewoodlaw.com>, David Quinto <dquinto@onellp.com>, Peter Afrasiabi <pafrasiabi@onellp.com>, Shengmao Mu <smu@whitewoodlaw.com>, Sheila Mojtehedi <sheila@mojtehedi.com>, Ryan Baker <rbaker@whitewoodlaw.com>, Keaton Smith <ksmith@whitewoodlaw.com>

Jo:

We have reviewed the modified search terms. Before addressing the substance, we want to place this in context.

Plaintiffs provided proposed search terms on October 15, 2025. At your request, we subsequently mapped each search term to the corresponding Requests for Production and provided that mapping on March 17, 2026. The first substantive response to those search terms is your email of April 13, 2026, which was six months after they were provided.

During that period, the parties met and conferred extensively and attended multiple IDCs on this issue. At no point did Defendants disclose the identity of their e-discovery platform, disclose the full universe of documents that would be searched, the hit count on our proposed search terms, or propose alternative search terms.

Magistrate Judge Audero's March 25, 2026 Minute Order (Dkt. 83) addressed this dispute directly. The Court cleared the way for a motion to compel, but encouraged a different sequence: Defendants would "make a production of documents based on their own search parameters," and a motion would be filed "only if the parties are unable to resolve any disputes regarding [Defendants'] production." *Id.* at 2. The Court directed the parties to "agree on a schedule that will allow this process to proceed in this manner within the time allowed by the present fact discovery cut-off date." *Id.*

The Court's directive contemplated production first, followed by evaluation of that production, not a process in which Defendants seek Plaintiffs' pre-production approval of search terms that Plaintiffs can then be held to. Your email asks us to confirm that your proposed searches "will satisfy [us] with respect to each of the RFPs." We cannot and do not agree to that. We are willing to evaluate a production on its merits, which is what the Court directed.

Your email from last night, if I'm not mistaken, is the first time Defendants have identified the e-discovery platform they are using (Logikcull). We have reviewed Logikcull's published documentation regarding its search capabilities. Several of the assertions in your email about what Logikcull can and cannot do are inaccurate, and the proposed modifications to our search terms introduce errors that would cause the searches to miss responsive documents. Let me address these issues in turn below.

1. Flat-List Conversion

Our search terms used a standard structure called "group-to-group proximity." In plain English, each search has two groups of words: a "who" group (plaintiff identifiers) and a "what" group (topical terms like royalty, metadata, attribution). The search finds documents where a word from the "who" group appears near a word from the "what" group. For example, our Search Term 1 looks for a Mauvilain identifier (Mauvilain, BAC, THMA) appearing within 15 words of a topical term (royalty, metadata, attribution, etc.). That is a targeted search designed to find documents about Mauvilain's royalties, Mauvilain's attribution, and so on.

The conversion in Column E puts all words from both groups into a single flat list: "(Mauvilain OR BAC OR THMA OR royalty OR metadata OR attribution …)~15." This searches for any two words from the combined list appearing within 15 words of each other, regardless of which group they came from. That means a document where "royalty" appears near "metadata," with no mention of Mauvilain or any other Plaintiff, would be a hit.

This matters because it creates a problem on both ends. If Defendants ran this version, there is a high risk that the results would be flooded with documents that have nothing to do with any Plaintiff, which appears to be exactly what happened. Your email states that the earlier run of our search terms "returned in a substantial number of nonresponsive documents." That is not a problem with our search terms. It is a problem with the flat-list conversion, which matches documents our searches were never designed to match.

At the same time, the proposed alternative, the individual "pairwise" searches in Column E (e.g., "(Mauvilain attribution)~15, (Mauvilain royalty)~15)," moves in the right direction but is incomplete. Those pairwise searches are only provided for our proposed search terms 1–7 and portions of our proposed search terms 55–62. They are not provided for our proposed search terms 8–54, which cover metadata handling, royalties, contract terms, systems, corporate governance, and financials. As a result, the flat-list version over-captures (producing noise that obscures responsive documents), while the pairwise version under-captures (omitting entire categories of searches).

The result of this approach, if accepted, would be that Defendants have a basis to say the searches returned too many nonresponsive results, while simultaneously not running properly constructed versions of most of the searches we proposed.

2. Wildcards

Your email implies that Logikcull cannot handle wildcard operators like royalt*. That is incorrect. Logikcull's own documentation states that wildcards work inside proximity searches. The documentation gives the example "(discover* contract*)~8," which returns "discover, discovered, discovers, discovering, etc. within 8 words of contract, contracts, contracting, etc." (See Logikcull, "Search Types, Examples, and Considerations," § 02, available at https://docs.revealdata.com/logikcull/docs/search-types-examples-and-considerations.) The manual expansions in Column F, where you proposed searches such as "royalty & royalties OR payment or payments" are unnecessary. They also introduce syntax errors: Logikcull requires Boolean operators to be capitalized (OR, AND). Lowercase "or" and "&" are not recognized as operators and are instead searched as literal text. (See *id.*, § 01.)

3. Reverse-Order Pairs

Logikcull's proximity search is order-specific. The documentation states that "(front back)~2 "may not necessarily return exact same records as (back front)~2" and recommends "combining searches in reverse order as a best practice," e.g., (front back)~2 OR (back front)~2. (See Logikcull, "Perform a Proximity Search," available at https://docs.revealdata.com/logikcull/docs/proximity-search.) None of the proposed pairwise searches include reverse-order pairs. For example, your spreadsheet includes "(Mauvilain attribution)~15" but not "(attribution Mauvilain)~15." A document in which the word "attribution" precedes the word "Mauvilain" could be missed. Every pairwise search needs to be run in both directions, or the proximity value needs to be increased to compensate, which is what Logikcull's own documentation suggests as an alternative.

4. Specific Errors

Beyond the structural issues above, the spreadsheet contains the following errors:

(a) Our proposed search term 5 (Boutefeu) is missing entirely from the Defendant Search column. No conversion was provided.

(b) With respect to our proposed search term 13, our search was a multi-level proximity chain anchored to "Backgrid" and requiring "copyright," "owner/holder/attribution," and "incorrect/false/improper/unauthorized" all within proximity of each other. The alternative in Column F reduces this to the single word "backgrid." As with the flat-list issue discussed above, this would match virtually every document in the database, creating the same false appearance of overbreadth.

(c) With respect to our proposed search term 25, our search was a standalone keyword search for counsel names (Sergenian, Whitewood Law, Shengmao Mu, Virginie Parant, etc.) with no proximity restriction. The conversion adds a proximity restriction of five words to communication-related terms (email, letter, correspondence), which would exclude documents that mention counsel in non-communication contexts, such as internal discussions about the litigation.

(d) Multiple searches in Column E contain syntax errors, including missing OR connectors (e.g., Search Terms 45, 46, 53, 54, 60), an unclosed quotation mark (Search Term 53), and a misplaced closing parenthesis (Search Term 46).

5. Missing Information

In addition, before Plaintiffs can meaningfully evaluate any proposed search methodology, we need basic information that Defendants have not provided despite six months of discussions:

(a) What is the total universe of documents loaded into Logikcull, and from how many custodians?

(b) Your email states that the earlier run of our search terms "returned in a substantial number of nonresponsive documents." We need to understand the basis for that characterization. Specifically: How many documents did the searches return? Did you conduct a sampling review, and if so, what was the methodology, what was the sample size, and what were the results? If sampling was conducted, please share the sample set and the responsiveness determinations so that we can evaluate whether the issue is with our search terms or with the conversion. If no sampling was conducted, on what basis are you characterizing the results as nonresponsive?

(c) How many hits do your proposed modified search terms return?

(d) What have Defendants been doing with respect to document production since the March 25, 2026 IDC? The Court's Minute Order directed the parties to agree on a schedule to allow production to proceed within the fact discovery cutoff. It has been three weeks. We have received no production, no proposed schedule, and no substantive communication until your email of April 13.

Your spreadsheet includes a "Custodians" tab listing eight individuals. Boris Nizon is not among them. Nizon was involved in the Flynet-to-FameFlynet-to-BackGrid succession and is a person with knowledge of the contributor relationships, metadata practices, and archive transitions at issue in this case. Please explain why Nizon was excluded and confirm whether his documents have been collected and loaded into Logikcull.

We cannot agree that the proposed searches "will satisfy" Plaintiffs with respect to the Requests for Production. Before we can evaluate any search-term proposal, we need: (1) the information requested in items 5(a)–(d) above, including hit counts, sampling methodology and results, and the total document universe; (2) correction of the technical errors identified in this email; and (3) properly constructed search terms for all 62 of our proposed searches, not just a subset.

In addition, as we have mutually agreed on prior meet-and-confer calls, if Defendants are aware of responsive, non-privileged documents that do not appear in the results of any agreed-upon searches, Defendants remain obligated to produce them.

The April 10, 2026 production deadline we had previously communicated to you has passed without any production or explanation for the delay. Given the approaching discovery cutoff and the need to allow adequate time for motion practice if the parties are unable to resolve this, we ask that you respond to this email, including the information requested in items (a) through (d) above, by April 18, 2026.

We reserve the right to proceed with a Local Rule 37 Joint Stipulation if necessary.

Thank you,

David


On Mon, Apr 13, 2026 at 9:49 PM Jo Ardalan <jardalan@onellp.com> wrote:

> All:
>
>
> We recognized that the search terms you provided were in a syntax that our e-discovery provider (Logickull) doesn't like. Apparently, it doesn't recognize "w/15". To search for terms within 15 words of each other they must instead be like this: (term 1 term 2)~15. It seems like when I used your search terms earlier it was interpreting everything as an "OR" and returned in a substantial number of nonresponsive documents.
>
>
> I understand it also can't do group-to-group proximity, so it can't do something like this example below where it is searching for terms in the alternative within 15 words of other terms in the alternative. (Mauvilain OR "T Mauvilain" OR BAC OR THMA) w/15 (royalt* OR payment* OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo* OR contribut* OR IPTC)
>
>
> I have reworked your search terms as shown in the spreadsheet to address the issues above.

5/3/26, 1:30 PM                           sergenianlaw.com Mail Re: Mauvilain, et al. v. Flynet Pictures, LLC, et al.; C.D. Cal. Case No. 2:25-cv-02757-FLA-MAA

Case 2:25-cv-02757-FLA-MBK    Document 112-15    Filed 06/12/26    Page 213 of 244
Page ID #:1909

Please look at it and tell me if you have any concerns, so we can go ahead and make our production. As discussed at the IDC, we understand that these searches will satisfy you with respect to each of the RFPs.

Regards,

Jo

--

**Jo Ardalan**

**Partner**

# one llp

Intellectual Property & Entertainment Law

310-437-8665 (Direct)

323-309-9215 (Cell)

jardalan@onellp.com

*Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** Jo Ardalan
**Sent:** Friday, April 10, 2026 3:43 PM
**To:** 'David Sergenian' <david@sergenianlaw.com>
**Cc:** 'Ryan Carreon' <rcarreon@whitewoodlaw.com>; Evan Littman <elittman@onellp.com>; 'Abby Neu' <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; 'Shengmao Mu' <smu@whitewoodlaw.com>; 'Sheila Mojtehedi' <sheila@mojtehedi.com>; 'Ryan Baker' <rbaker@whitewoodlaw.com>; 'Keaton Smith' <ksmith@whitewoodlaw.com>
**Subject:** RE: Mauvilain, et al. v. Flynet Pictures, LLC, et al.; C.D. Cal. Case No. 2:25-cv-02757-FLA-MAA

I should have an update on search terms and production on Monday.

Regards,

Jo

5/3/26, 1:30 PM sergenianlaw.com Mail Re: Mauvilain, et al. v. Flynet Pictures, LLC, et al.; C.D. Cal. Case No. 2:25-cv-02757-FLA-MAA

Case 2:25-cv-02757-FLA-MBK Document 112-15 Filed 06/12/26 Page 214 of 244 Page ID #:1910

--

**Jo Ardalan**

**Partner**

# one llp

Intellectual Property & Entertainment Law

310-437-8665 (Direct)

323-309-9215 (Cell)

jardalan@onellp.com


*Notice*:  *If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** Jo Ardalan
**Sent:** Monday, April 6, 2026 5:22 PM
**To:** 'David Sergenian' <david@sergenianlaw.com>
**Cc:** Ryan Carreon <rcarreon@whitewoodlaw.com>; Evan Littman <elittman@onellp.com>; Abby Neu <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Shengmao Mu <smu@whitewoodlaw.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>
**Subject:** RE: Mauvilain, et al. v. Flynet Pictures, LLC, et al.; C.D. Cal. Case No. 2:25-cv-02757-FLA-MAA


I am going to be circling back with a list of proposed search terms based off of your terms. It might make sense that you look at those first and if you want to have a call, then we can.



--

**Jo Ardalan**

**Partner**

# one llp

Intellectual Property & Entertainment Law

310-437-8665 (Direct)

323-309-9215 (Cell)

jardalan@onellp.com


*Notice*:  *If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally*

*privileged, which prohibits any unauthorized review or use.*

---

**From:** David Sergenian <david@sergenianlaw.com>
**Sent:** Monday, April 6, 2026 1:38 PM
**To:** Jo Ardalan <jardalan@onellp.com>
**Cc:** Ryan Carreon <rcarreon@whitewoodlaw.com>; Evan Littman <elittman@onellp.com>; Abby Neu <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Shengmao Mu <smu@whitewoodlaw.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>
**Subject:** Mauvilain, et al. v. Flynet Pictures, LLC, et al.; C.D. Cal. Case No. 2:25-cv-02757-FLA-MAA

Jo:

I am following up on my emails of March 26 and 27, 2026. We have not yet received a response.

As reflected in Magistrate Judge Audero's March 25, 2026 Minute Order, the Court encouraged the Backgrid Defendants to proceed with a document production based on their own search parameters, with any remaining disputes to be addressed afterward. The Court also found that the parties have satisfied their meet-and-confer obligations under Rule 37, the Local Rules, and Judge Audero's IDC requirements.

We would like to understand how the Backgrid Defendants intend to search for and produce responsive documents, including the search parameters they plan to use or have used and the timeline for production. We are available to discuss this by phone at your convenience.

Thank you,

David A. Sergenian

**Sergenian Law, a Professional Corporation**

808 Wilshire Blvd., Suite 200

Santa Monica, CA 90401

Los Angeles, CA 90064

david@sergenianlaw.com

(213) 435-2035

Website

LinkedIn

# Exhibit 7

# Perform a Proximity Search

Updated on Jul 11, 2025                    🕐 1 minute(s) read  •  ▶ Listen

> ❯ **Article summary**

Use proximity search to find two words within a specific distance of each other in a document

In Logikcull, you can run a proximity search to find two or more words within a specific distance of each other. This type of advanced search puts you in control of the discovery process by cutting down on review time and increasing the accuracy of your search.

In the example below, instead of searching for ALL documents that contain the words "shoes" and "socks," we used proximity search to identify only those documents in which these words occur close enough to have a relationship that would make this document a positive search result.



# Notes on proximity search:

## Proximity searching is order specific.

For example when you search (front back)~1 and the text is "back close front" Logikcull will count the number of moves needed in order for the search terms to be next to each other in the given order.

In this case, since "front" needs to move left 2 places, and back needs to move right 1 place, Logikcull will count this search as 3 word moves.

We recommend combining searches in the same box as a best practice.

In this case (front back)~2 OR (back front)~2 would be the required syntax to return "back close front" per the example above.

## Use double quotes or parentheses to surround the terms being searched.

We recommend using parentheses to enclose terms and quotation marks to denote multi-word terms, such as "bank account" in ("bank account" money)~10

## Proximity search requires a numerical value after the ~ symbol to define the proximity value within the words.

The proximity value takes into account the order or placement of the words (from left to right) therefore the search (front back)~2 may not necessarily return exact same records as (back front)~2 due to the shift of adjacent words required for the match.



## Other examples of proximity search:

- Proximity involving 3 or more words – (front back center)~3



ℹ️ **We recommend using fewer than 10 words in a proximity search.**

- Proximity with wildcard – (discover* contract*)~8

- Proximity with a phrase and a wildcard – ("potent* priv*" product*)~5 ("trophy winner*" "baseball team*")~5

# Search Types, Examples, and Considerations

Updated on Mar 9, 2026   •   Published on Mar 4, 2026                                  🕐  19 minute(s) read   •   ▶ Listen

---

> ❯ **Article summary**

Library of search workflows, best practices and tips for searching based on common requests

Ah, the thrilling world of eDiscovery! It's like being a digital detective, hunting down electronic treasures for legal proceedings. Imagine yourself in a high-stakes investigation, equipped with a magnifying glass and a really cool trench coat. Now, let's dive into the most popular types of eDiscovery search requests that'll have you feeling like Sherlock Holmes in the digital realm. From finding those juicy electronic documents for litigation to unearthing hidden data gems, we've got it all covered. So put on your investigator hat, grab a cup of virtual coffee, and get ready for some eDiscovery adventures!

Please note that the examples provided here are meant to offer guidance and assist you in formulating effective queries. However, your actual search may vary based on specific requirements and preferences. We recommend carefully reviewing the results to ensure they meet your quality standards. Please reach out to [support@revealdata.com](mailto:support@revealdata.com) for any help or questions. Happy searching!

## 01: Boolean Searches and Wildcards

Boolean operators (AND, OR, NOT, +, -) and single or multi-character wildcards (* asterisk, ? question mark) can be used to combine multiple search terms or refine search queries. Users may employ Boolean searches to find documents that meet specific criteria or exclude certain terms.

**Examples:**

| | |
|---|---|
| football OR basketball | Documents that contain the term *football* or *basketball* |
| football basketball | Documents that contain the term *football* or *basketball* |
| football AND basketball | Documents that contain both *football* and *basketball* |

| football AND NOT basketball | Documents that contain *football* but do not contain *basketball* |
|---|---|
| +football OR basketball | Documents that **must** contain *football* and **may** contain *basketball* |
| basketball -football | Documents that contain *basketball* but not *football* |
| bean* | Documents that contain *beans, beanies, beanbags, etc.* |
| b?t | Documents that contain *bat, bet, bot, bit, etc.* |

Important Considerations:

- Ensure your Boolean queries are capitalized, otherwise Logikcull will search for the actual text of the operator "and, or, and not," etc.
- While boolean operators require uppercase, search terms themselves are case-insensitive, meaning that it does not distinguish between uppercase and lowercase characters.
- Spaces between a group of words without quotes are treated with the OR search behavior. i.e. *football basketball* will have the same results as *football OR basketball*
- Logikcull has a limit of 1,024 Boolean operators per individual search (and a separate limit of 40,000 characters per search). You may opt to break a large search up into separate saved searches, then search on the combined saved searches, as a work-around to this limit.
- Be mindful when using the asterisk (*) wildcard. A search like St*, intended to capture both the abbreviation "St" and the word "street", may time out and return 0 results due to there being too many "st-" words that are picked up during search. It's better to list the terms individually, like "St OR street".
  - This is an elasticsearch safeguard – not a limitation to Logikcull's search capabilities – that prevents mapping explosions, which can cause significant performance degradation.
- Visit our <u>Boolean search tips FAQ</u> for more information

## 02: Proximity Type Searches

Proximity Searching is an advanced search technique that can help make your search more specific and efficient in your projects. Proximity search is a method that focuses on the

relative distance or proximity between document or a specified range of text. It allows users to search for terms that appear close to each other or within a certain distance. This is particularly useful when searching for phrases, identifying relationships, or analyzing context.

**Examples:**

| | |
|---|---|
| (front back)~2 | Documents that contain *front* within 2 words of *back* |
| (discover* contract*)~8 | Documents that contain *discover, discovered, discovers, discovering, etc.* within 8 words of *contract, contracts, contracting,* etc |
| (mvp "super bowl")~5 | Documents that contain *mvp* within 5 words of the phrase *"super bowl"* |
| (front back)~2 AND ((back right)~3 OR (front right)~3) | Documents that contain *front* within 2 words of *back* and at the same time, term results are within 3 words of *right.* Nested proximity example. |

**Important Considerations:**

- The proximity value takes into account the order or placement of the words (from left to right) therefore the search (front back)~2 may not necessarily return exact same records as (back front)~2 due to the shift of adjacent words required for the match. Option to combine searches in reverse order using the OR operator or increase the proximity value to retrieve desired results.
  (front back)~2 OR (back front)~2 **VS**. (front back)~3
- Visit related FAQ on Proximity searching

# 03: Text, Metadata or Special Field Searches

Metadata fields such as the Text field in Logikcull contains valuable information about documents, such as creation dates, authors, file types, tags, special or newly imported fields and more. Users may request searches based on specific metadata fields to narrow down the search results.

**Examples:**

| | |
|---|---|
| text:dog OR dog | Documents that contain *dog* |

| file_id:0020f959bfcaf232568c15fb | Document with Logikcull Unique ID *0020f959bfcaf232568c15fb* |
| --- | --- |
| email_sender:((joe cull)~3 OR joe.cull@company.com) | Documents with the value *joe* within 3 words of *cull or* the email address *joe.cull@company.com* in the Email Sender field. |
| file_name:"My first search in Logikcull.doc" OR file_name:(search logikcull)~3 | Documents with the exact file name matches *My first search in Logikcull.doc* or file names where *search* is within 3 words of *logikcull* |
| (file_path:"work folder" OR file_path:(personal folder)~3) AND document_type:Presentation | Documents having the exact value *work folder* in the File Path field or where *personal* is within 3 words of *folder* and Document Type field have the value *Presentation* |
| tags:Responsive AND NOT tags:Privilege | Documents marked *Responsive* and not *Privilege* |
| File_duplicate:false | Documents that are completely unique in Logikcull |
| horizontal_duplicate:true | Documents identified as standalone or family-level duplicates that are not shown (sequestered) while in Global Dedupe view. Results may only be available while in No Dedupe view. |
| vertical_duplicate:true | Documents identified as standalone or family-level duplicates that are not shown (sequestered) while in Custodian Dedupe view. Results may only be available while in No Dedupe view. |
| custodian_name:"Joe Cull" | Documents with the value *Joe Cull* in the Custodian field |
| processing_flag:Ocred | Documents marked *OCRed* |
| family_status:"Is Parent" | Documents identified as *Parent* in Logikcull |
| exports.download_name:"PROD 001" | Documents belonging to the production or download name *PROD 001* |
| _exists_:thread_id | Documents with a non-null value in the Email Thread ID field. The **_exists_:** portion of the syntax can be added |

| | |
|---|---|
| to other fields in Logikcull. Eg. _exists_:fieldName | |
| email_fields.ipm_type:IPM.Appointment OR email_fields.ipm_type:IPM.Note | Documents that are MSFT Outlook appointment or calendar files |

**Important Considerations:**

- Run a search against the Text field to find keywords captured/indexed in the body of a document. Note that Text field is the default field searched if no specific metadata fields are entered therefore the search *text:dog* will have the same results as the search for *dog*.
- Become familiar with Logikcull's searchable metadata fields as well as imported new fields migrated from other platforms.
- Use Logikcull's file ID field to find specific documents based on a unique Logikcull ID assigned.
- Explore using quotes or proximity type search with metadata fields
- Use parentheses, quotes, wildcards or proximity search to build complex or nested parameters.
- Use the tags field to search documents with specific tags or combination of tags
- Use Logikcull's duplicate field to search for documents that are the first or only copy of a document.
- Test your searches, review results and use the Clear button when necessary to start a new search.

## 04: Multiple Keyword Searches

Users may request searches based on specific keywords or phrases that are relevant to the case or investigation. This involves searching for documents containing those keywords within a specified scope.

Examples:

| | |
|---|---|
| (football OR basketball OR "super bowl" OR teamwork OR team* OR | Documents with *football, basketball, super bowl, teamwork* or *teammate* or *teamsite* or *teamtalk* etc. or *women* or *woman* or *joe cull* or *joseph cull* or |

| | |
|---|---|
| wom?n OR (jo* cull)~3 OR ("mary jane" cull)~3 OR progra*ing) | *jonathan cull* etc., or *mary jane cull* or *programing* or *programming* |

**Important Considerations:**

- Use multi or single character wildcards to capture various word forms or spelling variations.
- Encapsulate a group of words or a phrase with double quotes " " to search exactly that combination of words.
- Use proximity type search to find words within a specific distance of one another.

# 05: PII Searches

Users may request PII searches to ensure compliance with data protection regulations, protect privacy rights, minimize data exposure, respond to data subject access requests, and mitigate the risk of data breaches. By proactively addressing PII concerns during eDiscovery, organizations can uphold legal obligations, respect individuals' privacy, and maintain data security throughout the legal process.

Examples:

| | |
|---|---|
| (ssn "???-??-????")~3 OR "social security number" OR SSN OR (soc sec no)~3 OR (social security number*)~3 | Documents with *ssn* within 3 words of a social security number typical format separated by hyphen or *social security number* or *ssn* or *soc sec no* or the terms *social security number* within 3 words of each other |
| imported_fields.field_name: (drivers license)~3 OR (DL no)~3 OR (state id)~3 | Documents with *drivers* within 3 words of *license* or *DL* within 3 words of *no* or *state* within 3 words of *id* populated in a imported new field |
| "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" OR imported_fields.field_name: (123 44 6789)~3 | Documents with *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* in the Text/Body field or *123 44 6789* within 3 words of each other populated in a imported new field |

**.exact Search**

Using **.exact** searches for exact matches on a field (e.g., text.exact, comments.body.exact, email_fields.subject.exact, notes.exact, text.exact:#hashtag).

**Pros:**

- Perfect for precise phrase/term matching

- Great for IDs, case-sensitive terms, and legal/official names

- Avoids partial matches (e.g., "cat" won't match "cat@pets.com" )

**Cons:**

- Won't match if off by a character (no typo forgiveness)

- Less flexible for broad or fuzzy searches

**Important Considerations:**

- Use Bulk Keyword Search feature to run, compare results and refine your PII search terms using boolean operators, wildcards and proximity searches

- Leverage Logikcull's PII Detection to identify PII content/patterns that can be incorporated into your search syntax

- Explore running PII searches against other fields in Logikcull such as newly imported fields

## 06: Date or Date Range Searches

Users may need to search for documents within a specific date or a date range to focus on relevant information during a particular time period. Here's an example date range syntax

*fieldName:[startDate TO endDate]*

Replace fieldName with the name of the field containing the date values you want to search within. startDate and endDate should be in the format YYYY-MM-DD or any other valid date format.

Other examples:

| | |
|---|---|
| family_date:2023-03-15 | Documents where Family Date field is on March 15, 2023 |
| document_date:>=2023-01-01 | Documents where Document Date field is on or after January 1, 2023 |
| email_fields.time_sent:<=2023-01-01 | Documents where Email Sent Date field is on or before 01/01/2023 |

| family_date:[2022-08-01 TO 2022-12-31] | Documents where Family Date is between August 1, 2022, and December 31, 2022 |
|---|---|
| family_date:>=2022-08-01 AND family_date:<=2022-12-31 | Documents where Family Date is on or after August 1, 2022, and on or before December 31, 2022 |
| family_date:[2022-01-01 TO *] | Documents where Family Date is equal to or later than January 1, 2022 |
| family_date:[* TO 2022-12-31] | Documents where Family Date is earlier than or equal to December 31, 2022 |
| document_date:0 | Documents with invalid or no dates |

**Important Considerations:**

- Use Logikcull's Family date field to account for grouping of documents such as emails and their attachments. Family date searching allows you to assess the context and interdependencies of documents, helping you determine their importance to the case or investigation. This can be useful for identifying key communications, establishing patterns, or spotting inconsistencies.
- Explore searching against all available Logikcull Date fields such as Email Sent Date, Email Received Date, and File Creation Date.
- Sort documents in chronological order based on the individual document or family date, oldest to newest (asc)* or newest to oldest (desc)* to review and verify search results
- Consider expanding date range searches for one day to account for time zone differences

# 07: Name Searches

Users may request searches for a specific person's name or email address to identify relevant or privileged documents.

Examples:

| "Joe Cull" | Documents with exact match for the name *Joe Cull* |
|---|---|
| (Jo* Cull)~3 | Documents with *Joe* or *John* or *Jonathan* or *Johnathan* within 3 words of *Cull* |

| joe.cull@company.com | Documents with the email address joe.cull@company.com |
|---|---|
| email_sender:("Joe Cull" OR (Jo* Cull)~3) | Documents with exact match for the name *Joe Cull* or Joe or John or Jonathan or Johnathan within 3 words of Cull in the Email Sender field |
| file_fields.author:(Jo* Cull)~3 | Documents with Joe or *John* or *Jonathan* or *Johnathan* within 3 words of Cull in the File Author field |
| ("Joe Cull" OR (Jo* Cull)~3 OR joe.cull@company.com) OR email_sender:("Joe Cull" OR (Jo* Cull)~3 OR joe.cull@company.com) | Documents where the Text field or Email Sender field contain *Joe Cull* or name variations beginning with *Jo** using the multi-character wildcard within 3 words of *Cull* or the email address joe.cull@company.com |

**Important Considerations:**

- Research and identify all possible formats or variations of a person's name/contact for searching such as nicknames, alternative email addresses to avoid missing relevant documents.
- Use category filters such as Email From or Email To in order to help identify other variations of the name or email address.
- Use quotes to find the exact match of the names, if necessary.
- Use single (?) or multi-character (*) wildcard, or explore using [fuzzy searching](#) to account for different spellings or variations of the name. This may come useful for handling typographical errors, accommodating different language variants, dealing with incomplete information, and increasing search recall.
- Use proximity type searches where necessary to find a person's first name within a specific distance of their last name to also account for name variations.
- Search for names in other metadata fields such as Email Sender or File Author in addition to the Text field
- Use parentheses where necessary to help group different search methods for the name

# 08: Email Sender/Recipient Searches

Users may request searches for emails or other communication records involving specific senders or recipients who are relevant to the case.

Examples:

| | |
|---|---|
| (email_sender:((Joe Cull)~3 OR joe.cull@emailAddress.com) AND ONLY email_recipients:((Jane Cull)~3) OR jane.cull@emailAddress.com) OR (email_sender:((Jane Cull)~3 OR jane.cull@emailAddress.com) AND ONLY email_recipients:((Joe Cull)~3 OR joe.cull@emailAddress.com)) | Email documents where Email Sender have the name *Joe Cull* or the email address *joe.cull@emailAddress.com* and where Email To, CC or BCC ONLY have the name *Jane Cull* or the email address *jane.cull@emailAddress.com* or vice versa. |
| (email_sender:((Joe Cull)~3 OR joe.cull@emailAddress.com) AND ONLY email_fields.smtp_to:((Jane Cull)~3) OR jane.cull@emailAddress.com) OR (email_sender:((Jane Cull)~3 OR jane.cull@emailAddress.com) AND ONLY email_fields.smtp_to:((Joe Cull)~3 OR joe.cull@emailAddress.com)) | Email documents where Email Sender have the name *Joe Cull* or the email address *joe.cull@emailAddress.com* and where Email To field ONLY have the name *Jane Cull* or the email address *jane.cull@emailAddress.com* or vice versa. |
| ONLY email_recipients:((joe cull)~3 OR joe.cull@emailAddress.com) | Email documents where *joe cull* or the email address *joe.cull@emailAddress.com* is the ONLY metadata in the Email From/To/CC/BCC fields |
| email_participants:((Joe Cull)~3 OR joe.cull@emailAddress.com) | Email documents where *Joe* is within 3 words of *Cull* or the email address *joe.cull@emailAddress.com* is in the Email From/To/CC/BCC fields |

**Important Considerations:**

- Similar to name searching, research and identify all possible formats or variations of a person's friendly name or SMTP email address such as nicknames, alternative email addresses to avoid missing relevant documents.

- Use category filters Email From or Email To to help identify email address variations of the sender and recipient
- Use single (?) or multi-character (*) wildcard, or explore using [fuzzy searching]{.underline} to account for different spellings or variations of the name
- Use proximity type searches where necessary to find person's first name within a specific distance of their last name to also account for name/email address variations
- Explore searching against Logikcull's Email metadata fields such as Email From or Email Sender or Recipients (aka Email Participants)
- Use the ONLY operator to match only a given value where applicable. Visit [ONLY Searches FAQ]{.underline} for additional information
- **NOTE:** ONLY operator searches are available on native documents that are processed by Logikcull (File Uploads and Cloud Uploads). Database Uploads with imported metadata are ineligible.
- The fields in which an ONLY operator can be used as a modifier are:
- email_fields.to
- email_fields.smtp_to
- email_fields.cc
- email_fields.smtp_cc
- email_fields.bcc
- email_fields.smtp_bcc
- email_fields.domains
- email_fields.recip_domains
- email_fields.recipient_emails
- Email_recipients

## 09: Logikcull User Work Product Searches

Users may request for reviewers' work product activity in Logikcull. This enables the team to assess the quality of the review, provide feedback and training, maintain defensibility, conduct quality assurance checks, and gain insights into the review process. It also enhances the efficiency and effectiveness of eDiscovery, ensuring that the final results are accurate, consistent, and legally defensible.

Examples:

| | |
|---|---|
| notes:important | Documents with *important* in the Logikcull Document Notes field |
| comments.body:critical | Documents with *critical* in the Logikcull Document Comments field |
| notes:(pro feature)~3 OR comments.body:(sensitive information)~3 | Documents where *pro* is within 3 words of *feature* in the Logikcull Document Notes field or documents where *sensitive* is within 3 words of *information* in the Logikcull Document Comments field |
| comments.created_by_name:Rufert comments.created_by_name:Revuwer comments.created_by_name:"Rufert Revuwer" | Documents with Logikcull Document Comments created by a user's first name *Rufert*, or last name *Revuwer* or the exact first and last name |
| comments.created_at:02/16/2023 | Documents with Logikcull Document Comments created on February 16, 2023 |
| updates.user_email:rufert.revuwer@company.com | Documents that had any updates applied by a user with the email address *rufert.revuwer@company.com* |
| updates.new_tags:Responsive AND NOT updates.old_tags:Responsive AND updates.happened_at:[2022-01-01 TO 2022-12-31] AND updates.user_email:rufert.revuwer@company.com | Documents that had an update between January 1, 2022 and December 31, 2022 that wasn't tagged *Responsive* prior but now are tagged *Responsive* |

## 10: Search on Saved Searches

Searches can be saved in Logikcull and users may request to run searches against existing saved searches.

| | |
|---|---|
| saved_search_name:"my first saved search 001" | Run a saved search titled *my first saved search 001* |

| saved_search_id:6888265 | Run a saved search using the Advanced Search Builder and using the Saved Search field. The search ID will be displayed in the syntax after executing the search. |
|---|---|
| saved_search_name: (SavedSearch001 OR SavedSearch002) AND NOT saved_search_name:SavedSearch 003 | Run and combined two saved searches titled *SavedSearch001* and *SavedSearch002* and at the same time, exclude results from another saved search titled *SavedSearch003* |

**Important Considerations:**

- Use short and unique naming convention for your saved searches to avoid ambiguous search name that can potentially map to more than one search
- Use quotes as necessary to find the exact match of the saved search name
- Saved searches that are locked and display static results can be unlocked for updates and re-lock
- Check out our FAQ on Accessing and Editing Saved Searches for more information

# 11: Logikcull Unique ID and Production Bates Number Searches

Unique identifier or Bates number searching plays a vital role in eDiscovery, bringing efficiency and organization to the process. It serves as a valuable tool for tracking and locating specific documents throughout the legal journey. By assigning a unique identifier to each document, it simplifies the task of identifying, preserving, and collecting electronic evidence.

With Bates numbers in place, the often overwhelming task of sifting through numerous electronic files becomes more manageable. It ensures that relevant documents can be easily retrieved and referenced during litigation or investigations. By providing a structured system, Bates numbering helps maintain order and clarity amidst the sea of digital information.

In Logikcull each document automatically receives a unique identifier and also corresponds to Bates numbers if assigned either within Logikcull known as Download Doc IDs or outside of Logikcull known as Imported Bates Numbers. Logikcull makes it easy to find a document's

Bates numbers stored in both places using a Universal Bates Search field called Bates Number.

To search for production Bates numbers in Logikcull, you first need to determine how production Bates were generated before you run the search. Note that some documents have assigned Bates numbers stored in the File Name field or only available in the extracted or OCR body Text field.

## 11a: Searching for Logikcull Unique ID RANGES

To search for a range of Document IDs, you can use the search field file_id: and combine your list of unique IDs in a search by wrapping them in parentheses, separating each ID with a space.

For example, to search for a range of document IDs, use a search structured like this:

(file_id:0020f959bfcaf232568c15fb 0030f929bfcaf232568c15fa 0150f959bfgaf232558c15lp 0910f959bfxdp232568c25am)

## 11b: Searching for Bates RANGES

To search for a range of Bates numbers, you can use the search field bates: and combine your list of unique IDs in a search by wrapping them in brackets, separating the range endpoints with the word TO.

For example, to search for a Bates range of documents numbered 01 to 50, use a search structured like this:

bates:[CTRL0000001 TO CTRL0000050]

Examples:

| | |
|---|---|
| file_id:0020f959bfcaf23 2568c15fb | Document with Logikcull Unique ID *0020f959bfcaf232568c15fb* |
| bates:CTRL0000001 | Document with a Logikcull download doc id or Imported Bates *CTRL0000001* |
| bates:[CTRL0000001 TO CTRL0000050] | Documents with a Logikcull download doc id or Imported Bates between *CTRL0000001* and *CTRL0000050* |
| bates:CTRL* | Documents with a Logikcull download doc id or Imported Bates numbers starting with the prefix *CTRL* |

| bates:(CTRL0000001 CTRL0000010 CTRL0000020) | Documents with a Logikcull download doc id or Imported Bates *CTRL0000001* or *CTRL0000010* or *CTRL0000020* |
|---|---|
| tags:Responsive AND NOT bates:PRODBATES* | Documents tagged *Responsive* that are not assigned with a Logikcull download doc id or Imported Bates number beginning with prefix PRODBATES* |
| exports.download_name:PROD003 | Documents produced in Logikcull with a Download volume name *PROD003* |
| file_name:BATES000001 | Documents with *BATES000001* in the File Name field |
| CTRL0000001 | Documents with *CTRL0000001* in the Body Text field in Logikcull |

**Important Considerations:**

- If you're unsure how Bates numbers are assigned in your project, option to run a combination of example searches above. (CTRL0000001 OR file_name:CTRL0000001 OR bates:CTRL0000001)
- Leverage the use of Bulk Keyword search to run multiple Bates number searches at once
- Note that the Bates number value in your search needs to be an exact match of the Bates number stored in Logikcull
- Use single or multi character wildcard if your unsure of the Bates prefix numbering scheme
- [Related FAQ article Searching for production Bates numbers](#)
- If data sets don't currently have Bates number assigned and only Logikcull Unique ID is available, option to run a download to assign Bates or Control numbers without exporting any images, natives or text files.

# 12: Complex Searches

Users may request for complex searches that involve the use of various search operators, Boolean logic, multiple + nested proximity operators, wildcards, and other techniques to find specific information within large volumes of electronically stored information (ESI). These searches go beyond simple keyword searches and allow for more precise and targeted retrieval of relevant documents during the eDiscovery process.

Examples:

| | |
|---|---|
| (((contract* OR agreement*) AND (breach OR violation)) AND (family_date:>=2019-01-01 AND family_date:<=2022-12-31)) AND ((document_type:Email) AND NOT (confidential OR privileged)) AND (tags:Responsive AND NOT tags:privilege) | **Explanation:** This search query demonstrates the use of various operators and search criteria to conduct a complex search in eDiscovery<br><br>**Boolean operators:** The query uses the AND operator to specify that both "contract" and "agreement" must be present in the document. Similarly, it uses the OR operator to include documents containing either "breach" or "violation".<br><br>**Date range:** The query includes a date range criterion using the "date" field. In this example, it searches for documents created between January 1, 2019, and December 31, 2022. The ">=2019-01-01" condition specifies that the document date should be greater than or equal to January 1, 2019, and the "<=2022-12-31" condition ensures that the document date is less than or equal to December 31, 2022.<br><br>**Inclusion and exclusion criteria:** The query specifies that the search should focus on documents that are made up of emails using the field Document Type. It also uses the NOT operator to exclude documents that contain the terms "confidential" or "privileged". Lastly, the scope of the results is limited to the number of documents marked Responsive only and excludes items marked Privilege.<br><br>By combining these elements, this complex search query aims to retrieve documents that meet specific criteria. |
| processing_flag:"not rendered" AND NOT (file_duplicate:true OR processing_flag:("protected" OR "has virus" OR "zero bytes")) | **Explanation:** This search query can help identify documents (if any) that may warrant a re-render request with the Logikcull support team.<br><br>Documents marked *Not Rendered* in Auto Tags filter and at the same time excludes items that are |

*duplicates; password protected, has virus,* and *zero bytes* (empty) files.

**Important Considerations:**

- When dealing with very long, complex search syntax, keep in mind Logikcull has a limit of 1,024 Boolean operators per individual search (and a separate limit of 40,000 characters per search). You may opt to break a large search up into separate saved searches, then search on the combined saved searches, as a work-around to this limit.

- Break down your search terms: Complex search terms can often be overwhelming. Break them down into smaller, more specific components or keywords. This will make it easier to conduct targeted searches and track relevant results.

- Maintain a record or spreadsheet to track your search queries, results, and any tweaks you make along the way. This will help you stay organized, compare different sources, and easily refer back to previous search queries if needed.

- Use Logikcull's [Bulk Keyword Search + Build Search Report](#) to generate a detailed CSV file of your search terms which includes, Document Count, Page Count, Family Count and Unique Hit Document Count.

- Related FAQ articles:
    - [Searching for Documents with Tagging Inconsistencies](#)
    - [Nested Boolean Searches](#)

# Exhibit 8



**David Sergenian <david.sergenian@sergenianlaw.com>**

---

## Re: Thibault v. Backgrid et al

---

**David Sergenian** <david@sergenianlaw.com>                                        Mon, Apr 27, 2026 at 6:38 PM
To: Jo Ardalan <jardalan@onellp.com>
Cc: Sheila Mojtehedi <sheila@mojtehedi.com>, Ryan Carreon <rcarreon@whitewoodlaw.com>, Abby Neu
<aneu@whitewoodlaw.com>, David Quinto <dquinto@onellp.com>, Peter Afrasiabi <pafrasiabi@onellp.com>, Shengmao Mu
<smu@whitewoodlaw.com>, Ryan Baker <rbaker@whitewoodlaw.com>, Keaton Smith <ksmith@whitewoodlaw.com>, Megan
Dell <mdell@onellp.com>

> I look forward to seeing that spreadsheet, the answers to the questions, below, and you letting us know when we will
> receive those and the amended responses.
>
> Thank you
>
> On Mon, Apr 27, 2026 at 6:34 PM Jo Ardalan <jardalan@onellp.com> wrote:
>
>> David:
>>
>>
>> As I told you on the phone, because Logickull could not run your searches, I had to break them down.
>> You'll see in our spreadsheet that we did about 2000 searches to get this going.
>>
>>
>> We reviewed every document based on those searches.
>>
>>
>> Regards,
>>
>> Jo
>>
>> --
>>
>> **Jo Ardalan**
>>
>> **Partner**
>>
>>
>>
>> Intellectual Property & Entertainment Law
>>
>> 310-437-8665 (Direct)
>>
>> 323-309-9215 (Cell)
>>
>> jardalan@onellp.com
>>
>>
>> _Notice:_  _If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print,_
>> _forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally_
>> _privileged, which prohibits any unauthorized review or use._

5/3/26, 1:32 PM    Case 2:25-cv-02757-FLA-MBK    Document 112-15    Filed 06/12/26    Page 239 of 244
sergenianlaw.com Mail - Re: Thibault v. Backgrid et al
Page ID #:1935

**From:** David Sergenian <david@sergenianlaw.com>
**Sent:** Monday, April 27, 2026 6:22 PM
**To:** Jo Ardalan <jardalan@onellp.com>
**Cc:** Sheila Mojtehedi <sheila@mojtehedi.com>; Ryan Carreon <rcarreon@whitewoodlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Shengmao Mu <smu@whitewoodlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Megan Dell <mdell@onellp.com>
**Subject:** Re: Thibault v. Backgrid et al

When will the amended responses and search terms be provided? Also, will you be providing the other items requested? Specifically, answers to these questions asked on April 14:

(a) What is the total universe of documents loaded into Logikcull, and from how many custodians?

(b) Your email states that the earlier run of our search terms "returned in a substantial number of nonresponsive documents." We need to understand the basis for that characterization. Specifically: How many documents did the searches return? Did you conduct a sampling review, and if so, what was the methodology, what was the sample size, and what were the results? If sampling was conducted, please share the sample set and the responsiveness determinations so that we can evaluate whether the issue is with our search terms or with the conversion. If no sampling was conducted, on what basis are you characterizing the results as nonresponsive?

(c) How many hits do your proposed modified search terms return?

On Mon, Apr 27, 2026 at 6:19 PM Jo Ardalan <jardalan@onellp.com> wrote:

> Yes- we have done that.  Your email didn't say that.
>
>
> --
>
> **Jo Ardalan**
>
> **Partner**
>
>
>
> Intellectual Property & Entertainment Law
>
> 310-437-8665 (Direct)
>
> 323-309-9215 (Cell)
>
> jardalan@onellp.com
>
>
> *Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*
>
> ---
>
> **From:** David Sergenian <david@sergenianlaw.com>
> **Sent:** Monday, April 27, 2026 6:16 PM

Case 2:25-cv-02757-FLA-MBK     Document 112-15     Filed 06/12/26     Page 240 of 244
Page ID #:1936

**To:** Jo Ardalan <jardalan@onellp.com>
**Cc:** Sheila Mojtehedi <sheila@mojtehedi.com>; Ryan Carreon <rcarreon@whitewoodlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Shengmao Mu <smu@whitewoodlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Megan Dell <mdell@onellp.com>
**Subject:** Re: Thibault v. Backgrid et al

We have discussed and confirmed several times that if your clients are aware of responsive, non-privileged documents that are not responsive to search terms, they have an obligation to produce those documents.

I was able to download the confidential pdf this time.

On Mon, Apr 27, 2026 at 6:15 PM Jo Ardalan <jardalan@onellp.com> wrote:

> Try this new link
>
>  BACKGRID001810-2142_CONFIDENTIAL.pdf
>
> We will serve amended responded to the RFPs and provide our search terms. Not sure what it means to produce "all non-privileged documents responsive to our document demands they are aware of, regardless of whether they are responsive to document demands," but you will have the search terms we used to conduct our searches.
>
> --
>
> **Jo Ardalan**
>
> **Partner**
>
>
>
> Intellectual Property & Entertainment Law
>
> 310-437-8665 (Direct)
>
> 323-309-9215 (Cell)
>
> jardalan@onellp.com
>
> _Notice_:  _If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use._
>
> ---
>
> **From:** David Sergenian <david@sergenianlaw.com>
> **Sent:** Monday, April 27, 2026 6:09 PM
> **To:** Jo Ardalan <jardalan@onellp.com>
> **Cc:** Sheila Mojtehedi <sheila@mojtehedi.com>; Ryan Carreon <rcarreon@whitewoodlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi

<pafrasiabi@onellp.com>; Shengmao Mu <smu@whitewoodlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Megan Dell <mdell@onellp.com>
**Subject:** Re: Thibault v. Backgrid et al

I cannot open the confidential document. Can you please provide alternative access? In addition, are your clients serving amended responses to the document demands? In addition, will you please provide the full set of search terms, used, and other information itemized in my April 14 email as items (a) through (d)? Furthermore, can you verify that your clients have produced all non-privileged documents responsive to our document demands they are aware of, regardless of whether they are responsive to document demands.

Thank you,

David A. Sergenian

**Sergenian Law, a Professional Corporation**

808 Wilshire Blvd., Suite 200

Santa Monica, CA 90401

Los Angeles, CA 90064

david@sergenianlaw.com

(213) 435-2035

Website

LinkedIn

On Mon, Apr 27, 2026 at 6:01 PM Jo Ardalan <jardalan@onellp.com> wrote:

> All,
>
> Please see the production below. If you have trouble opening the documents, let me know.
>
> BACKGRID001656-1809
>
> BACKGRID001810-2142_CONFIDENTIAL.pdf
>
> Regards,
>
> Jo
>
> --
>
> **Jo Ardalan**
>
> **Partner**

5/3/26, 1:32 PM          Case 2:25-cv-02757-FLA-MBK          Document 112-15 mail - Re: Timbuktu v. Background etal          Filed 06/12/26          Page 242 of 244

Page ID #:1938



# one llp

Intellectual Property & Entertainment Law

310-437-8665 (Direct)

323-309-9215 (Cell)

jardalan@onellp.com

*Notice*:  *If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

# Exhibit 9

         



# Boris Nizon · 3rd

Co-Owner at BACKGRID USA, INC.

BACKGRID USA, INC.

Redondo Beach, California, United States  · **Contact info**

**28** connections

Connect     Message

## Activity                                              + Follow

34 followers

### Boris has no recent posts

Recent posts Boris shares will be displayed here.

Show all →

## Experience


### Co-Owner
BACKGRID USA, INC.

May 2017 - Present · 9 yrs 1 mo

Los Angeles County, California, United States

1983-1988 Press photographer Blick (Switzerland)

1988-1993 Photojournalist Schweizer Illustrierte (Switzerland)

1995-2012 Founder/ Owner FamePictures,Inc. USA