# Exhibit C-1

Joanna Ardalan (SBN 285384)
Email: jardalan@onellp.com
Peter R. Afrasiabi (SBN 193336)
Email: pafrasiabi@onellp.com
David W. Quinto (SBN 106232)
Email: dquinto@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:    (949) 502-2870
Facsimile:    (949) 258-5081

Attorneys for Defendants,
BACKGRID INC., BACKGRID USA, INC., and
SHUTTERSTOCK, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIBAULT MAUVILAIN, an individual; HENRI MAZARI, an individual; JEREMY DUPLAQUET, an individual; ROBERT CHRISTIAN WOLF, an individual; MICHEL BOUTEFEU, an individual; STEPHANE KYNDT, an individual; and JOSEPH MEHDI, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> FLYNET PICTURES. LLC, a California limited liability company: FAMEFLYNET INC.. a California corporation: BACKGRID INC.. a California corporation: BACKGRID USA. INC.. a California corporation: SHUTTERSTOCK. INC.. a Delaware corporation and DOES 1–10, inclusive, <br><br> Defendants. | Case No.: 2:25-cv-2757-FLA-MAA <br> Hon. Fernando L. Aenlle-Rocha <br><br> **DEFENDANTS BACKGRID INC., BACKGRID USA, INC., AND SHUTTERSTOCK, INC.'S REQUEST TO STRIKE PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL FURTHER PRODUCTION AND FURTHER RESPONSES (Dkt. 106)** <br><br> **[DISCOVERY MATTER]** |

**DEFENDANTS REQUEST TO STRIKE PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL**

Plaintiffs served their Joint Stipulation on Defendants BackGrid USA Inc., BackGrid Inc., and Shutterstock, Inc., on May 14, 2026.

The deadline for Defendants to oppose is ***May 21, 2026 at midnight***. Plaintiffs filed the joint stipulation unilaterally at 8:58 PM, without waiting for Defendants to serve their responses, which they had promised by midnight. Defendants have until midnight to serve their responses per the FRCP 6. Ardalan Decl., Ex. A.

Indeed, Federal Rule 6 is simple and clear: the last day in a count includes the "last day of the period," not a portion of it. Fed.R.Civ.P 6(1)(C). This is why it is well known and practiced throughout the District, and has been for many years, that parties may file briefs up until midnight on the last day, and regularly do so. They do not file at 3:08 pm or 8:15 pm or 9:04 am on the last day just because that is the hour/minute time 6 or 14 or 21 days earlier that the triggering motion was filed.

Defendants explained to Plaintiffs that they had until midnight to respond to the Joint Stipulation per FRCP 6. Ardalan Decl., Ex. A. Defendants further explained that they wanted to see the final draft before the filing with counsel's signature affixed and that per the Local Rules, Defendants had another business day to review the filing. Defendants claimed that the Court gave it relief from that requirement, but the Order does not reflect that such relief was provided. Defendant even quoted the Rule above to Plaintiff's counsel.

Defendants further told Plaintiffs multiple times that they would send their portion by midnight. The final email sent by Defendants' counsel, sent at 7:21 PM, stated "I have to go to the airport to pick up my husband from the graduation trip I could not attend because of this case so I am out of pocket anyway. I will send our portion to you when I return before our midnight deadline." Ardalan Decl., Ex. A.

Remarkably, despite the deadline not having passed and Defendants' portion forthcoming, Plaintiff just unilaterally filed without Defendants' portion on his determination that 7 days had expired at a particular hour/minute moment on the last

1

**DEFENDANTS REQUEST TO STRIKE PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL**

day. As promised, Defendants sent their portion before midnight (a lengthy document that fully rejects Plaintiff's flawed motion), but Plaintiffs had already filed the joint stipulation. Ardalan Decl., Ex. B.

Worse yet, Plaintiffs' filed version does not match the draft circulated on May 14. It adds language including a footnote regarding action Plaintiffs took within the last week (fn 2), takes out multiple sections, and makes other substantive changes, highlighting exactly why Defendants need to review the filing before it was filed and exactly why the Local Rules provide an opposing party time to review. If a Joint Stip is an ever-changing moving target the moving party gets to constantly modify, then what is the point of the whole process or the Rule? A moving party is supposed to set out their issues and then the responding party responds to that framework. It does not work if upon response, the moving party gets to redo their position, leaving the responding party talking about issues not even present anymore or not responding to issues that have been added. The moving party's act of doing this is inimical to fair advocacy and basic due process, for it allows the moving party here to have arguments presented that the responding party does not even get to respond to. Defendants object to this gamesmanship and behavior of the Plaintiffs in this process.  Finally, this joint stipulation was improperly served from the start—compelling issues that were resolved by the Court during a three hour IDC call.  Ardalan Decl., ¶ 5. Plaintiffs later wanted to remove these resolved issues after Defendants had already started working on the briefing. This stipulation was served knowing that Defendants were going to take Plaintiff Thibault Mauvilain's deposition on May 18, Plaintiff Henri Mazari's deposition on May 20, and Plaintiff Robert Christian Wolf's deposition on May 22, and that they served this joint stipulation for a motion to compel on May 14 (making Defendants' response due May 21), and separately, due two days after an ex parte application that they waited two weeks after meeting and conferring to file, giving Defendants even less opportunity to respond than what is afforded under the rules. *Id.* / / /

**DEFENDANTS REQUEST TO STRIKE PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL**

This behavior by Plaintiffs is uncivil and should be admonished. A party cannot just file a joint stipulation without the other side's portion before the deadline has passed. Nor can a party just sua sponte abandon the one-day review rule—which is critical to make sure the total joint stip package has not been re-edited by Plaintiff after Defendant delivers their portion.

Plaintiffs' bizarre filing, well outside the bounds of practice in this District, has necessarily engendered now this filing, more burden on the Defendants and Court, all to what end?

Defendants request that the Court strike the Joint Stipulation and admonish Plaintiffs for failing to give Defendants the time to which they were entitled. Plaintiffs' lawyers should pay sanctions to the Court or a pro bono organization for legal services for the indigent. They are members of this District so well know the basic rules that have been flouted here.

Dated: May 22, 2026                     **ONE LLP**

                                        By: /s/ Joanna Ardalan
                                            Joanna Ardalan
                                            Peter R. Afrasiabi
                                            David W. Quinto
                                            Attorneys for Defendants BackGrid Inc.,
                                            BackGrid USA, Inc., & Shutterstock, Inc.

**DEFENDANTS REQUEST TO STRIKE PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL**