# Exhibit C-2

Joanna Ardalan (SBN 285384)
Email: jardalan@onellp.com
Peter R. Afrasiabi (SBN 193336)
Email: pafrasiabi@onellp.com
David W. Quinto (SBN 106232)
Email: dquinto@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:   (949) 258-5081

Attorneys for Defendants,
BACKGRID INC., BACKGRID USA, INC., and
SHUTTERSTOCK, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIBAULT MAUVILAIN, an individual; HENRI MAZARI, an individual; JEREMY DUPLAQUET, an individual; ROBERT CHRISTIAN WOLF, an individual; MICHEL BOUTEFEU, an individual; STEPHANE KYNDT, an individual; and JOSEPH MEHDI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>FLYNET PICTURES. LLC, a California limited liability company; FAMEFLYNET INC.. a California corporation: BACKGRID INC.. a California corporation: BACKGRID USA. INC.. a California corporation: SHUTTERSTOCK. INC.. a Delaware corporation and DOES 1–10, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-2757-FLA-MAA<br>Hon. Fernando L. Aenlle-Rocha<br><br>**DECLARATION OF JOANNA ARDALAN IN SUPPORT OF DEFENDANTS BACKGRID INC., BACKGRID USA, INC., AND SHUTTERSTOCK, INC.'S REQUEST TO STRIKE PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL FURTHER PRODUCTION AND FURTHER RESPONSES (Dkt. 106)**<br><br>**[DISCOVERY MATTER]** |

1. I, Joanna Ardalan, am counsel of record for BackGrid USA, Inc. Backgrid, Inc., and Shutterstock, Inc., (collectively "Backgrid") in the above-captioned action. I have personal knowledge of the facts stated herein and if called to testify could and would competently testify as follows:

2. Attached as **Exhibit A** is a true and correct copy of an email correspondence I had with Plaintiffs' counsel.

3. Attached as **Exhibit B** is a true and correct copy of an email correspondence in which I served Defendants' portion a joint stipulation on discovery prior to the midnight deadline.

4. The joint stipulation that was filed is different than what was served to us on May 14. It adds language including a footnote regarding action Plaintiffs took within the last week (fn 2), takes out multiple sections, and makes other substantive changes, highlighting exactly why Defendants need to review the filing before it was filed and exactly why the Local Rules provide an opposing party time to review. If a Joint Stip is an ever-changing moving target the moving party gets to constantly modify, then what is the point of the whole process or the Rule? A moving party is supposed to set out their issues and then the responding party responds to that framework. It does not work if upon response, the moving party gets to redo their position, leaving the responding party talking about issues not even present anymore or not responding to issues that have been added.

5. This joint stipulation was improperly served from the start—compelling issues that were resolved by the Court during a three hour IDC call. Plaintiffs later wanted to remove these resolved issues after Defendants had already started working on the briefing. This stipulation was served knowing that Defendants were going to take Plaintiff Thibault Mauvilain's deposition on May 18, Plaintiff Henri Mazari's deposition on May 20, and Plaintiff Robert Christian Wolf's deposition on May 22, and that they served this joint stipulation for a motion to compel on May 14 (making Defendants' response due May 21), and separately,

1

due two days after an ex parte application that they waited two weeks after meeting and conferring to file, giving Defendants even less opportunity to respond than what is afforded under the rules.

I declare under penalty of perjury that the facts stated herein are true and correct.  Executed this 22nd day of May 2026 at Beverly Hills, California.


/s/ Joanna Ardalan

**DECLARATION OF JOANNA ARDALAN IN SUPPORT OF DEFENDANTS BACKGRID INC., BACKGRID USA, INC., AND SHUTTERSTOCK, INC.'S REQUEST TO STRIKE PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL FURTHER PRODUCTION AND FURTHER RESPONSES (Dkt. 106)**