# Exhibit D

 Outlook

---

**RE: Mauvilain, et al. v. Flynet Pictures, LLC, et al.; C.D. Cal. Case No. 2:25-cv-2757-FLA-MAA: IDC
Scheduled for May 13, 2026**

---

**From** Jo Ardalan <jardalan@onellp.com>

**Date** Thu 5/14/2026 5:44 PM

**To**   David Sergenian <david@sergenianlaw.com>

**Cc**   Ryan Carreon <rcarreon@whitewoodlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; David Quinto
<dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Shengmao Mu
<smu@whitewoodlaw.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Ryan Baker
<rbaker@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>

Ryan:

Following up on our IDC, I pasted plaintiffs' description of the RFP issues to the Court below and included my notes in bold below. Here is an update on items below:

- **RPDs 14 and 15**: server logs, database records, and analytics showing access to, display of, and downloads of the photographs at issue and any photograph provided to Defendants by Plaintiffs.   **We are getting download/access files for the COPYRIGHTED WORKS, as discussed. There is no easy way in the system to export this information from each set into a spreadsheet, so we have someone working on a script to do this so we can give you this information as a spreadsheet. We should have it shortly.**
  - **RPDs 17 and 18:** financial records reflecting revenue from licensing the photographs at issue and any photograph provided to Defendants by Plaintiffs   **The Court was not convinced by your argument that you needed more than what we have already provided.  I offered to provide you native copies of the contributor spreadsheets even though the Court stated that we were not obligated to do so. We are going to rerun them as there is probably more information since when we submitted pdfs to you many months ago.**
  - **RPD 27:** documents concerning Shutterstock, Inc.'s acquisition of BackGrid. **The Court was not convinced you needed all of these documents, but we offered to provide you with the purchase agreement.**
  - **RPD 49:** documents concerning bulk sales of photographs from Defendants' archive. **The Court was not convinced you needed more than what we have already provided.**
  - **RPD 50:** due diligence reports addressing intellectual property portfolios, copyright liabilities, and contributor agreements during the mergers and acquisitions in Defendants' corporate succession chain. **The Court was not convinced you needed these documents, except that we offered to provide the purchase agreement.**
  - **RPDs 67 and 68:** Defendants' prior deposition testimony and sworn declarations in copyright lawsuits. **The Court was not convinced you needed this.**

Other issues:

1. You received Shutterstock's supplemental responses and you told the Court they were sufficient. We told you BackGrid, Inc. does not have documents in its possession, custody or control because it is a terminated entity and if there are documents, they are in BackGrid USA's possession. If you need supplemental responses saying that, or if this is sufficient, let me know.

2. You raised that the search terms had typos. Please add in a column to the spreadsheet and add into that column any search you contend has a typo.

3. I explained that Boutefeu was not dropped from the searches and provided numerous examples of how he was in the spreadsheet multiple times, not limited to email, letter etc.

4. We explained why we don't have possession, custody, or control of Nizon's documents.

5. With respect to your concerns about us not providing you with how many documents were returned for each search, total documents searched etc. etc., the Court pointed out, as the Court has discussed before, you do not get discovery on discovery. The Court said that our production was sufficient overall and that you had not provided any information to suggest that it was not.

Regards,

Jo

--

**Jo Ardalan**
**Partner**

**one llp**

Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

**From:** Jo Ardalan
**Sent:** Monday, May 11, 2026 11:04 PM
**To:** 'David Sergenian' <david@sergenianlaw.com>; MAA_Chambers@cacd.uscourts.gov
**Cc:** Ryan Carreon <rcarreon@whitewoodlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Shengmao Mu <smu@whitewoodlaw.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Ryan Baker

<rbaker@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>
**Subject:** RE: Mauvilain, et al. v. Flynet Pictures, LLC, et al.; C.D. Cal. Case No. 2:25-cv-2757-FLA-MAA: IDC Scheduled for May 13, 2026

Good evening Judge Audero,

I am attaching all of BackGrid USA's supplemental responses because selecting only the ones at issue does not give the Court the benefit of seeing what we are producing with respect to related RFPs.

In addition, I am attaching our Attachment 1 to our Supplemental Responses. The Attachment shows all of our searches under "Search Terms to RFDs." The "RPDs to Search Terms" tab was originally created by Plaintiffs. Defendants kept it in there for reference but reserve the right to object to it.

I would be happy to respond to the remaining points made by Mr. Sergenian, but I am not confident that it is appropriate to do so here. I am not agreeing with his characterization of the issues or our agreements.

Thank you.

Sincerely,
Jo Ardalan

--
**Jo Ardalan**
**Partner**

 **one llp**

Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice: If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it. This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

**From:** David Sergenian <david@sergenianlaw.com>
**Sent:** Monday, May 11, 2026 6:49 PM
**To:** MAA_Chambers@cacd.uscourts.gov
**Cc:** Ryan Carreon <rcarreon@whitewoodlaw.com>; Jo Ardalan <jardalan@onellp.com>; Abby Neu <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Shengmao Mu <smu@whitewoodlaw.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>

**Subject:** Mauvilain, et al. v. Flynet Pictures, LLC, et al.; C.D. Cal. Case No. 2:25-cv-2757-FLA-MAA: IDC Scheduled for May 13, 2026

Dear Judge Audero:

Plaintiffs submit this email in advance of the May 13, 2026 Informal Discovery Conference regarding Defendants BackGrid Inc., BackGrid USA, Inc., and Shutterstock, Inc.'s responses to Plaintiffs' First Set of Requests for Production of Documents. Plaintiffs intend to raise the following issues at the IDC.

**Requests for Production at Issue**

After meeting and conferring by videoconference on May 9, Plaintiffs and Defendants have reached an impasse on the following requests, which seek the following categories of documents:

- **RPDs 14 and 15**: server logs, database records, and analytics showing access to, display of, and downloads of the photographs at issue and any photograph provided to Defendants by Plaintiffs
- **RPDs 17 and 18:** financial records reflecting revenue from licensing the photographs at issue and any photograph provided to Defendants by Plaintiffs
- **RPD 27:** documents concerning Shutterstock, Inc.'s acquisition of BackGrid
- **RPD 49:** documents concerning bulk sales of photographs from Defendants' archive
- **RPD 50:** due diligence reports addressing intellectual property portfolios, copyright liabilities, and contributor agreements during the mergers and acquisitions in Defendants' corporate succession chain
- **RPDs 67 and 68:** Defendants' prior deposition testimony and sworn declarations in copyright lawsuits

Attached please find a copy of Defendant BackGrid USA, Inc.'s May 6, 2026 supplemental responses to Plaintiffs' First Set of Requests for Production. We have removed the requests where BackGrid USA, Inc.'s refusal to produce documents is not at issue. The attached version reflects only the requests listed above.

In addition, we have not yet received supplemental responses from Defendants Backgrid, Inc. or Shutterstock, Inc. Ms. Ardalan informed us that BackGrid, Inc.'s supplemental responses will be the same as BackGrid USA, Inc.'s except where the underlying fact does not exist as to BackGrid, Inc., and that Shutterstock, Inc.'s supplemental responses will be substantively the same as BackGrid USA, Inc.'s. .

**Search Terms and Custodians**

Plaintiffs also intend to raise deficiencies in the search terms and custodian list Defendants have used to identify responsive documents.

The search terms have two problems. First, Defendants narrowed several of Plaintiffs' proposed terms in ways that reduce what the searches will return; for example, by dropping Plaintiff Boutefeu from the searches entirely, by omitting a contributor code from the search, and by adding a requirement that documents mentioning Plaintiffs' counsel also contain "email," "letter," or "correspondence."

Second, several searches contain typographical errors that prevent them from running as written.

As to custodians, Defendants did not search the documents of Boris Nizon, the former president of FameFlynet's American operation, who continued to be an owner of BackGrid after BackGrid acquired FameFlynet. Ms. Ardalan has confirmed that Mr. Nizon had a BackGrid email account.

Defendants have also declined to tell Plaintiffs how many documents each search returned, how many documents in total are in Defendants' review database, or what email accounts, file shares, and other sources were searched.

Plaintiffs appreciate the Court's consideration and look forward to addressing these issues at the conference.

Respectfully submitted,

David A. Sergenian
**Sergenian Law, a Professional Corporation**
808 Wilshire Blvd., Suite 200
Santa Monica, CA 90401
Los Angeles, CA 90064
david@sergenianlaw.com
(213) 435-2035
Website
LinkedIn