# Exhibit F

Outlook

**Re: Mauvilain, et al. v. Flynet Pictures, LLC, et al.; C.D. Cal. Case No. 2:25-cv-02757: Motion to Compel**

**From** David Sergenian <david@sergenianlaw.com>

**Date** Mon 6/1/2026 2:48 PM

**To** Jo Ardalan <jardalan@onellp.com>

**Cc** Ryan Carreon <rcarreon@whitewoodlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Shengmao Mu <smu@whitewoodlaw.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>

Jo:

As I previously informed you, Plaintiffs are withdrawing the motion to compel filed May 21, 2026 (Dkt. 106) and have filed a notice of withdrawal, which moots the BackGrid Defendants' request to strike (Dkt. 107). Plaintiffs are withdrawing in light of the modified case schedule (Dkt. 109) and Magistrate Judge Audero's authorization to brief the possession, custody, and control of Mr. Nizon's BackGrid documents (Dkt. 108), and will serve a single revised joint stipulation that incorporates that issue.

The issues themselves are not new. Plaintiffs served their First Set of Requests for Production on July 10, 2025; the BackGrid Defendants responded on August 25, 2025; and Plaintiffs identified these disputes in their September 23, 2025 Local Rule 37-1 letter and in the parties' subsequent meet-and-confer correspondence and informal discovery conferences. The joint stipulation sets out each request, each response, and Plaintiffs' position in full. The BackGrid Defendants have had everything they need to resolve these issues for months and remain free to do so; to the extent they resolve any issue, Plaintiffs will narrow the stipulation accordingly. Plaintiffs are not in a position to defer the motion any further given the case schedule, and will serve the revised joint stipulation on the issues that remain: Requests for Production Nos. 49, 67, and 68; BackGrid, Inc.'s amended Rule 34 responses; a privilege log; Shutterstock, Inc.'s January 1, 2024 temporal limitation; the document universe, custodian, hit-count, sampling, and media-and-sources disclosures; and the possession, custody, and control of Mr. Nizon's BackGrid documents.

We disagree that there is any basis for a fee award against Plaintiffs and will respond to that contention if it is raised with the Court.

Thanks,
David

On Wed, May 27, 2026 at 1:33 PM Jo Ardalan <jardalan@onellp.com> wrote:

> David:

Instead of serving a third joint stipulation on overlapping issues, why not tell us what issues you believe are remaining and perhaps we can work it out? Clearly there is some difference between what you served and what you believe remain as you unilaterally made changes to the stipulation you served and later filed.

You did not even bother getting back to me on my last email when I wrote to you about the outstanding issues—you simply served a second, improper joint stipulation 15 minutes later. Of course, it appears you are now attempting to avoid the consequences of your outrageous and unsupported position that you were able to unilaterally file the joint stip because the deadline did not expire at midnight, but rather at exactly 168 hours after you served the joint stip. Now that discovery is open, if we serve you additional requests, will you serve responses exactly 720 hours from the time the requests are served on you? You ought to, under your reading of the Federal Rules.

It is not well taken that Plaintiffs are making numerous attempts to drive up costs, filing now ***two*** improper joint stipulations on my clients (one on the other defendants), without confronting  Plaintiffs' fee exposure for the improper filings.

If you think issues remain, let us know what they are. We will be asking for our fees against plaintiffs for vexatious motion practice.

Regards,

Jo

--

**Jo Ardalan**

**Partner**



Intellectual Property & Entertainment Law

310-437-8665 (Direct)

323-309-9215 (Cell)

jardalan@onellp.com

*Notice*:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.

**From:** David Sergenian <david@sergenianlaw.com>
**Sent:** Wednesday, May 27, 2026 12:25 PM
**To:** Jo Ardalan <jardalan@onellp.com>
**Cc:** Ryan Carreon <rcarreon@whitewoodlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Shengmao Mu <smu@whitewoodlaw.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>
**Subject:** Mauvilain, et al. v. Flynet Pictures, LLC, et al.; C.D. Cal. Case No. 2:25-cv-02757: Motion to Compel

Jo:

In light of the Court's order continuing the discovery cutoff and Magistrate Judge Audero's authorization to brief the Nizon email issue, Plaintiffs intend on withdrawing their Rule 37 motion to compel filed on May 22, 2026. We will serve the BackGrid Defendants with a revised joint stipulation shortly. The withdrawal should moot the BackGrid Defendants' pending motion to strike.

Thanks,

David A. Sergenian

**Sergenian Law, a Professional Corporation**

808 Wilshire Blvd., Suite 200

Santa Monica, CA 90401

Los Angeles, CA 90064

david@sergenianlaw.com

(213) 435-2035

Website

LinkedIn