# Exhibit H

DAVID A. SERGENIAN, State Bar No. 230174
david@sergenianlaw.com
**SERGENIAN LAW, P.C.**
2355 Westwood Blvd. #529
Los Angeles, CA  90064
Tel.: (213) 435-2035

SHENGMAO MU, State Bar No. 327076
smu@whitewoodlaw.com
**WHITEWOOD LAW, P.C.**
99 S. Alameda Blvd., Suite 600
San Jose, CA  95113
Tel.: (917) 858-8018
Fax: (917) 591-0618

*Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIBAULT MAUVILAIN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FLYNET PICTURES, LLC, et al., <br><br> Defendants. | Case No. 2:25–cv–2757–FLA–MAA <br><br> Hon. Fernando L. Aenlle-Rocha <br><br> **PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SHUTTERSTOCK INC.** |

**TO DEFENDANT SHUTTERSTOCK INC. AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 34 of the Central District of California, Thibault Mauvilain, Henri Mazari, Jeremy Duplaquet, Robert Christian Wolf, Michel Boutefeu, Stephane Kyndt, and Joseph Mehdi (collectively "Plaintiffs") hereby request that Defendant Shutterstock Inc. ("Shutterstock" or "Defendant"), produce the following documents and things for inspection and copying within the time provided by Fed. R. Civ. P. 34.

## INSTRUCTIONS

1.      You are required to produce all responsive documents in your possession, custody, or control. "Possession, custody, or control" includes documents held by you or by your agents, employees, representatives, investigators, and, unless privileged, your attorneys.

2.      Pursuant to Fed. R. Civ. P. 34(b)(2)(E), you must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the requests.

3.      For any responsive ESI, you must produce it in the form or forms in which it is ordinarily maintained or in a form that is reasonably usable. Unless otherwise agreed upon, ESI should be produced in its native format with all associated metadata intact, or as text-searchable PDF files.

4.      If you object to a request, you must state the grounds for the objection with specificity in a written response. If an objection applies only to part of a request, you must specify the part and produce all responsive, non-objectionable documents.

5.      If you withhold any document on the grounds of privilege or the work-product doctrine, you must, pursuant to Fed. R. Civ. P. 26(b)(5)(A), expressly make the claim and provide a "privilege log" that describes the nature of the documents,

- 1 -

communications, or tangible things not produced in a manner that, without revealing the privileged information itself, will enable other parties to assess the claim.

6.    These requests are continuing in nature. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty to supplement your production in a timely manner if you learn that in some material respect your production is incomplete or incorrect, and if the additional information has not otherwise been made known during the discovery process or in writing.

7.    Pursuant to Local Rule 34-2, your written response shall set forth each request, followed immediately by your response or objections thereto.

## DEFINITIONS

1.    "BACKGRID" means defendant Backgrid Inc. and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives.

2.    "BACKGRID USA" means Defendant Backgrid USA, Inc. and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives.

3.    "COMMUNICATION" or "COMMUNICATIONS" means any transmission of information of any sort whatsoever by one or more PERSONS to one or more PERSONS and/or between one or more PERSONS, by any means whatsoever, including but not limited to telephone conversations, letters, documents, telegrams, teletypes, telecopies, written memoranda, email messages, message board postings, and face-to-face conversations.

4.    "COPYRIGHTED WORKS" means the photographs and groups of photographs identified in bates range Thibault000001 – Thibault012972 of PLAINTIFFS' document production.

- 2 -

PLAINTIFFS' FIRST SET OF RPDS TO FLYNET PICTURES

5.     "DOCUMENT" or "DOCUMENTS" means any recorded communication, representation or writing as defined by the Federal Rules of Evidence and the Federal Rules of Civil Procedure, including originals and duplicates, whether in draft or otherwise, and copies and non-identical copies (whether different from the original because of notes or marks made on or attached to said copies, or otherwise). It specifically includes all written, typewritten, printed or graphic materials of whatever kind or nature, including, but not limited to, any and all purchase orders, inventories, invoices, receipts, drawings, memoranda, letters, notes, telegrams, publications, contracts, records, papers, books, recordings on tape, magnetic discs, wire or drums, checks, computer files, electronic mail, drafts, money orders, worksheets, working papers, notebooks, diaries, calendars, graphs, charts, screenplays, treatments, business records of all kinds, and similar writings, whether or not in YOUR possession or under YOUR control, no matter how prepared, or by whom, which relate to or pertain in any manner to the subject matter of the request, and all drafts or copies (including non-identical copies) prepared in connection with such documents, whether used or not.

6.     "FAC" means the First Amended Complaint filed in this action on April 10, 2025.

7.     "FAMEFLYNET" means Defendant FameFlynet, Inc. and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives.

8.     "FLYNET," "YOU" or "YOUR" means Defendant Flynet Pictures, LLC and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives.

9.     "IDENTIFY" with respect to a person means to state their full name, last known address, telephone number, and current or last known employer and job title.

- 3 -

PLAINTIFFS' FIRST SET OF RPDS TO FLYNET PICTURES

10. "IDENTIFY" with respect to a document means to state its nature (e.g., letter, memorandum, contract), title, date, author(s), recipient(s), and its present location and custodian, or to produce a copy of the document as an alternative to this description.

11. "PERSON" or "ENTITY" includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or entity of any sort.

12. "PLAINTIFFS" means plaintiffs Thibault Mauvilain, Henri Mazari, Jeremy Duplaquet, Robert Christian Wolf, Michel Boutefeu, Stephane Kyndt, and Joseph Mehdi.

13. "RELATING TO" means concerning, referring to, reflecting, evidencing, constituting, describing, discussing, mentioning, or in any way being logically or factually connected with the subject matter of the request.

14. "SHUTTERSTOCK" means Defendant Shutterstock, Inc. and any other person or entities acting on its behalf, including, but not limited to, any parents, successors, predecessors, subsidiaries, divisions, and any past and present officers, directors, employees, agents, and representatives.

15. The words "or" and "including," and similar words of guidance, are merely such, and should not be construed as words of limitation; the word "or," for example, shall include the word "and," as appropriate, and the word "including" shall not be used to limit any general category description that precedes it.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

All DOCUMENTS RELATING TO any agreement between YOU and any of the PLAINTIFFS, including but not limited to all contracts, license agreements, terms of service, contributor agreements, and amendments thereto, whether written, oral, or implied.

**REQUEST FOR PRODUCTION NO. 2**

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and any of the PLAINTIFFS concerning the COPYRIGHTED WORKS, including but not limited

- 4 -

PLAINTIFFS' FIRST SET OF RPDS TO FLYNET PICTURES

to COMMUNICATIONS regarding submission of works, licensing, attribution, royalties, and termination of any agreements.

**REQUEST FOR PRODUCTION NO. 3**

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and any of the PLAINTIFFS concerning any photograph provided to YOU by any of the PLAINTIFFS, including but not limited to COMMUNICATIONS regarding submission of works, licensing, attribution, royalties, and termination of any agreements.

**REQUEST FOR PRODUCTION NO. 4**

All DOCUMENTS RELATING TO any request by Henri Mazari or Joseph Mehdi to have their photographs removed from YOUR databases or to cease representation of their work, as alleged in Paragraphs 38 and 43 of the FAC.

**REQUEST FOR PRODUCTION NO. 5**

All copies of the COPYRIGHTED WORKS.

**REQUEST FOR PRODUCTION NO. 6**

All copies of any photograph provided to YOU by any of the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 7**

For each of the COPYRIGHTED WORKS, a copy of the digital file as it was originally received by YOU from any of the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 8**

For each photograph provided to YOU by any of the PLAINTIFFS, a copy of the digital file as it was originally received by YOU from any of the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 9**

For each of the COPYRIGHTED WORKS, a copy of every version of the digital file that YOU have made available for license or distribution, including but not limited to files on any contributor portal, client portal, or public-facing website.

**REQUEST FOR PRODUCTION NO. 10**

For each photograph provided to YOU by any of the PLAINTIFFS, a copy of every version of the digital file that YOU have made available for license or distribution,

- 5 -

including but not limited to files on any contributor portal, client portal, or public-facing website.

**REQUEST FOR PRODUCTION NO. 11**

All DOCUMENTS RELATING TO the copyright ownership, authorship, creation date, and publication date of the COPYRIGHTED WORKS.

**REQUEST FOR PRODUCTION NO. 12**

All DOCUMENTS RELATING TO the copyright ownership, authorship, creation date, and publication date of each photograph provided to YOU by any of the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 13**

All DOCUMENTS RELATING TO every license, sale, or other distribution of any of the COPYRIGHTED WORKS, including but not limited to invoices, purchase orders, license agreements with clients, and COMMUNICATIONS with licensees.

**REQUEST FOR PRODUCTION NO. 14**

All server logs, database records, analytics reports, and other DOCUMENTS showing every instance that any of the COPYRIGHTED WORKS were displayed on, downloaded from, or otherwise accessed through any of YOUR websites or client portals.

**REQUEST FOR PRODUCTION NO. 15**

All server logs, database records, analytics reports, and other DOCUMENTS showing every instance that any of the photographs provided to YOU by any of the PLAINTIFFS were displayed on, downloaded from, or otherwise accessed through any of YOUR websites or client portals.

**REQUEST FOR PRODUCTION NO. 16**

All style guides, manuals, or other DOCUMENTS RELATING TO requirements for the display of photographer and agency bylines or other attribution for licensed images.

PLAINTIFFS' FIRST SET OF RPDS TO FLYNET PICTURES

**REQUEST FOR PRODUCTION NO. 17**

All financial statements, ledgers, royalty statements, and accounting records RELATING TO revenue generated from the licensing of the COPYRIGHTED WORKS.

**REQUEST FOR PRODUCTION NO. 18**

All financial statements, ledgers, royalty statements, and accounting records RELATING TO revenue generated from the licensing of any photograph provided to YOU by any of the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 19**

All DOCUMENTS RELATING TO the calculation, tracking, payment, or non-payment of royalties to each of the PLAINTIFFS for the use of their COPYRIGHTED WORKS.

**REQUEST FOR PRODUCTION NO. 20**

All DOCUMENTS RELATING TO the calculation, tracking, payment, or non-payment of royalties to each of the PLAINTIFFS for the use of any photograph provided to YOU by any of the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 21**

All DOCUMENTS sufficient to show YOUR total gross revenue and net profit for each year from 2002 to the present.

**REQUEST FOR PRODUCTION NO. 22**

All DOCUMENTS RELATING TO YOUR policies, procedures, protocols, or practices concerning the handling of metadata and CMI in photographs submitted by contributors, including any policies on the preservation, alteration, or removal of IPTC data.

**REQUEST FOR PRODUCTION NO. 23**

All DOCUMENTS RELATING TO the decision to alter or remove CMI from any of the COPYRIGHTED WORKS, or to attribute any of the COPYRIGHTED WORKS to "FameFlynet Pictures Inc." or list the copyright as belonging to BACKGRID.

**REQUEST FOR PRODUCTION NO. 24**

All DOCUMENTS RELATING TO the decision to alter or remove CMI from any photograph provided to YOU by any of the PLAINTIFFS, or to attribute any photograph provided to YOU by any of the PLAINTIFFS to "FameFlynet Pictures Inc." or list the copyright as belonging to BACKGRID.

**REQUEST FOR PRODUCTION NO. 25**

All DOCUMENTS RELATING TO the merger between FLYNET and Fame Pictures, including but not limited to the merger agreement and all schedules, exhibits, and closing documents.

**REQUEST FOR PRODUCTION NO. 26**

All DOCUMENTS RELATING TO the merger between FAMEFLYNET and AKM-GSI, including but not limited to the merger agreement and all schedules, exhibits, and closing documents.

**REQUEST FOR PRODUCTION NO. 27**

All DOCUMENTS RELATING TO the acquisition of BACKGRID by SHUTTERSTOCK, including but not limited to the acquisition agreement and all schedules, exhibits, and closing documents.

**REQUEST FOR PRODUCTION NO. 28**

All DOCUMENTS RELATING TO YOUR corporate formation, including Articles of Incorporation, bylaws, and operating agreements.

**REQUEST FOR PRODUCTION NO. 29**

All Certificates of Dissolution for FLYNET, FAMEFLYNET, and BACKGRID.

**REQUEST FOR PRODUCTION NO. 30**

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and PLAINTIFFS' counsel in 2024 regarding the allegations in the FAC, as referenced in Paragraphs 6 and 44.

**REQUEST FOR PRODUCTION NO. 31**

All DOCUMENTS that support any of YOUR affirmative defenses in this action.

- 8 -

PLAINTIFFS' FIRST SET OF RPDS TO FLYNET PICTURES

**REQUEST FOR PRODUCTION NO. 32**

All DOCUMENTS YOU intend to use as exhibits at trial.

**REQUEST FOR PRODUCTION NO. 33**

All internal DOCUMENTS, including COMMUNICATIONS, RELATING TO any of the PLAINTIFFS, their contributor accounts, or their photographs.

**REQUEST FOR PRODUCTION NO. 34**

All internal DOCUMENTS, including COMMUNICATIONS, RELATING TO YOUR policies, practices, or decisions regarding IPTC data, metadata, or the display of bylines and attribution for contributor photographs generally, not limited to those of the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 35**

All internal DOCUMENTS, including COMMUNICATIONS, created after the filing of this lawsuit that RELATE TO the allegations in the FAC.

**REQUEST FOR PRODUCTION NO. 36**

The minutes of all Board of Directors meetings, or the equivalent for an LLC, where copyright compliance, contributor royalty policies, metadata standards, or potential copyright infringement liabilities were discussed.

**REQUEST FOR PRODUCTION NO. 37**

All DOCUMENTS that define or describe the contributor codes referenced in the FAC (e.g., "BAC," "THMA," "KO," "JD," "FREE," "CW," "CCR," "RIWE," "BTF," "MIBO," "FT," "JOME," "BELLE PICTURES"), and that link those codes to the respective PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 38**

All versions of any contributor handbooks, manuals, platform tutorials, or guides provided or made available to PLAINTIFFS or other similarly situated photographers.

- 9 -

PLAINTIFFS' FIRST SET OF RPDS TO FLYNET PICTURES

**REQUEST FOR PRODUCTION NO. 39**

All DOCUMENTS that identify the specific databases, servers (physical or cloud-based), or other storage systems where the COPYRIGHTED WORKS have been stored at any time.

**REQUEST FOR PRODUCTION NO. 40**

All DOCUMENTS that identify the specific databases, servers (physical or cloud-based), or other storage systems where any photograph provided to YOU by any of the PLAINTIFFS has been stored at any time.

**REQUEST FOR PRODUCTION NO. 41**

All DOCUMENTS RELATING TO the decision-making process for determining which "Flynet-era photographs" would be integrated or excluded from the Backgrid contributor and/or client portals, as alleged in Paragraphs 34, 39, 40, 41, and 43 of the FAC.

**REQUEST FOR PRODUCTION NO. 42**

All technical specifications, user manuals, data schema, or architectural diagrams for any software, database, or digital asset management (DAM) system YOU used to ingest, store, manage, and license the COPYRIGHTED WORKS.

**REQUEST FOR PRODUCTION NO. 43**

All technical specifications, user manuals, data schema, or architectural diagrams for any software, database, or digital asset management (DAM) system YOU used to ingest, store, manage, and license any photograph provided to YOU by any of the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 44**

All audit logs, change histories, or other database records that track any creation, deletion, or modification of the metadata fields associated with any of the COPYRIGHTED WORKS, including but not limited to any fields for author, copyright holder, and source.

- 10 -

PLAINTIFFS' FIRST SET OF RPDS TO FLYNET PICTURES

**REQUEST FOR PRODUCTION NO. 45**

All audit logs, change histories, or other database records that track any creation, deletion, or modification of the metadata fields associated any photograph provided to YOU by any of the PLAINTIFFS, including but not limited to any fields for author, copyright holder, and source.

**REQUEST FOR PRODUCTION NO. 46**

All DOCUMENTS RELATING TO any software, script, or automated process YOU used to process incoming photographs, including any process that would strip, alter, or map metadata from an original file to YOUR internal database fields.

**REQUEST FOR PRODUCTION NO. 47**

YOUR federal and state tax returns, with all schedules, for each year from 2010 to the present.

**REQUEST FOR PRODUCTION NO. 48**

All business plans, financial projections, and marketing strategies RELATING TO the licensing of archival or "back-catalog" photographic content.

**REQUEST FOR PRODUCTION NO. 49**

All DOCUMENTS RELATING TO the "bulk sales" of works referenced in Paragraph 5 of the FAC, including communications, contracts, and lists of assets sold.

**REQUEST FOR PRODUCTION NO. 50**

All due diligence reports, or portions thereof, created or received during the mergers/acquisitions involving FLYNET, FAMEFLYNET, BACKGRID, and SHUTTERSTOCK that RELATE TO intellectual property portfolios, copyright liabilities, and contributor agreements or obligations.

**REQUEST FOR PRODUCTION NO. 51**

All DOCUMENTS RELATING TO any internal investigation YOU conducted in response to the communications from PLAINTIFFS' counsel in June 2024, as referenced in Paragraph 44 of the FAC.

- 11 -

PLAINTIFFS' FIRST SET OF RPDS TO FLYNET PICTURES

**REQUEST FOR PRODUCTION NO. 52**

All internal COMMUNICATIONS RELATING TO the complaints made by PLAINTIFFS or their counsel in 2024.

**REQUEST FOR PRODUCTION NO. 53**

All COMMUNICATIONS between YOU and any third party (excluding YOUR outside litigation counsel) concerning the allegations made by PLAINTIFFS in this action.

**REQUEST FOR PRODUCTION NO. 54**

All marketing and promotional materials, including website archives, brochures, and sales presentations, where YOU represented YOUR rights in the photographic content YOU licensed.

**REQUEST FOR PRODUCTION NO. 55**

All press releases or public statements made by YOU or YOUR predecessors (FLYNET, FAMEFLYNET, BACKGRID) concerning the size, scope, or ownership of YOUR photographic archives.

**REQUEST FOR PRODUCTION NO. 56**

An organizational chart for YOUR company and each predecessor (FLYNET, FAMEFLYNET, BACKGRID) sufficient to identify the departments and key personnel responsible for content acquisition, content management, metadata, IT systems, and contributor relations/payments.

**REQUEST FOR PRODUCTION NO. 57**

All DOCUMENTS RELATING TO YOUR document retention and destruction policies in effect from 2002 to the present.

**REQUEST FOR PRODUCTION NO. 58**

The personnel files, including job descriptions, for each person YOU identify as being most knowledgeable about (a) contributor agreements, (b) metadata and CMI handling, and (c) royalty calculations and payments.

PLAINTIFFS' FIRST SET OF RPDS TO FLYNET PICTURES

**REQUEST FOR PRODUCTION NO. 59**

All insurance policies that may provide coverage for the claims asserted in the FAC, including but not limited to any "Errors and Omissions" or "Media Liability" policies.

**REQUEST FOR PRODUCTION NO. 60**

All DOCUMENTS (other than the FAC) that YOU have filed in any court or with any administrative agency that RELATE TO the COPYRIGHTED WORKS or YOUR agreements with the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 61**

All DOCUMENTS (other than the FAC) that YOU have filed in any court or with any administrative agency that RELATE TO any photograph provided to YOU by any of the PLAINTIFFS or YOUR agreements with the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 62**

All non-privileged DOCUMENTS that RELATE TO YOUR defenses and/or affirmative defenses in this action.

**REQUEST FOR PRODUCTION NO. 63**

A copy of every version of the "Terms of Service" or "Terms of Use" for YOUR client-facing licensing websites and contributor portals from 2002 to the present.

**REQUEST FOR PRODUCTION NO. 64**

All expert reports, and drafts thereof, prepared by any expert whom YOU expect to call as a witness at trial in this matter.

**REQUEST FOR PRODUCTION NO. 65**

All COMMUNICATIONS with any of the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 66**

All non-privileged COMMUNICATIONS RELATED TO any of the PLAINTIFFS.

PLAINTIFFS' FIRST SET OF RPDS TO FLYNET PICTURES

**REQUEST FOR PRODUCTION NO. 67**

All DOCUMENTS concerning any deposition testimony given by YOU as either a plaintiff, defendant, or third party witness in any lawsuit alleging copyright infringement.

**REQUEST FOR PRODUCTION NO. 68**

All DOCUMENTS concerning any sworn declarations given by YOU as either a plaintiff, defendant, or third party witness in any lawsuit alleging copyright infringement.

Dated: July 10, 2025

**SERGENIAN LAW**
a Professional Corporation

By:  */s/David A. Sergenian*
DAVID A. SERGENIAN

Dated: July 10, 2025

WHITEWOOD LAW, P.C.

By:  */s/Shengmao Mu*
SHENGMAO MU
ABBY M. NEU (*pro hac vice*)
RYAN E. CARRION (SBN 311668)
KEATON SMITH (*pro hac vice*)

*Counsel for Plaintiffs*

- 14 -
PLAINTIFFS' FIRST SET OF RPDS TO FLYNET PICTURES

**PROOF OF SERVICE**

I, Shengmao Mu, declare:

I am over the age of eighteen years and not a party to the action in which this service is made.

On July 10, 2025, I served **PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SHUTTERSTOCK INC.** on the interested parties in this action by causing the service delivery of the above document as follows:

Sheila Mojtehedi <sheila@mojtehedi.com>,
Jo Ardalan <jardalan@onellp.com>,
David Quinto <dquinto@onellp.com>,
Peter Afrasiabi <pafrasiabi@onellp.com>

☒ **By email**. My electronic service address is smu@whitewoodlaw.com. I electronically served the documents on the persons listed above at the email addresses listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: July 10, 2025

/s/Shengmao Mu
Shengmao Mu