# Exhibit I

Case 2:25-cv-02757-FLA-MBK    Document 112-26    Filed 06/12/26    Page 2 of 90    Page ID #:2295

**oʀ** Outlook

---

## Mauvilian v. Flynet Pictures, LLC, 2:25-cv-2757-FLA-MAA- Request for IDC

---

**From** Jo Ardalan <jardalan@onellp.com>

**Date** Wed 10/15/2025 5:58 PM

**To** MAA_Chambers@cacd.uscourts.gov <MAA_Chambers@cacd.uscourts.gov>

**Cc** Shengmao Mu <smu@whitewoodlaw.com>; David Sergenian <david@sergenianlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Evan Littman <elittman@onellp.com>; David Quinto <dquinto@onellp.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Elizabeth Guzman <egcrimparalegal@gmail.com>; Ryan Carreon <rcarreon@whitewoodlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; Michael Mitchell <mmitchell@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>

---

🔗 3 attachments (2 MB)

Mauvilain IDC 10-15-25.pdf; Thibault v. Backgrid - Ardalan Declaration 10-15-25.pdf; 2025-08-25 [0000] Response to First Set of RFPDs from Backgrid Inc. - Boutefeu.pdf;

Good afternoon,

I serve as counsel for Defendants BackGrid USA, Backgrid Inc., and Shutterstock, Inc. in *Mauvilian v. Flynet Pictures, LLC*, 2:25-cv-2757-FLA-MAA.

I am contacting the Court to schedule an informal discovery conference. I have attempted to encourage Plaintiffs' counsel to cooperate but I have been unable to do so, as explained in my declaration attached hereto. I have cced counsel here.

I have attached:
1. The Request for IDC form
2. Declaration of Joanna Ardalan Regarding Defendants' Unilateral Submission of IDC Request
3. Plaintiff Boutefeu's Responses to BackGrid USA's Requests for Production of Documents. Note that the same requests were served on each Plaintiff, but I am attaching the responses for only one plaintiff to avoid potential size limitations. The RFPs which ask for documents at issue include, at least: 53, 59, 81-86. In addition, the documents requested are central to this case and to plaintiffs' claims, and they are obligated to produce them under FRCP 26.

As Plaintiffs have not gotten back to me with their portion of the IDC request, I have included dates/times that work for Defendants in the IDC request form.

Thank you for your attention.

Sincerely,
Jo Ardalan

--
**Jo Ardalan**
**Partner**
**one llp**
Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice: If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it. This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

# REQUEST FOR INFORMAL TELEPHONIC DISCOVERY CONFERENCE

*Please submit the completed form to* <u>MAA_Chambers@cacd.uscourts.gov</u>.
*The parties are encouraged not to exceed the space provided.*

<u>Case Name:</u> Mauvilain v. Flynet Pictures, LLC      <u>Case Number:</u> 2:25-cv-2757-FLA-MAA

<u>Today's Date:</u> 10-14-25    <u>Fact Discovery Cutoff:</u> 06-19-26    <u>Expert Discovery Cutoff:</u> 07-24-26

<u>Dates of the two conferences of counsel pursuant to Local Rule 37-1</u>: *1.* 09-16-25    *2.* 10-09-25

<u>Primary counsel of record who will appear at the informal telephonic conference:</u>
*For Moving Party*                              *For Responding Party*
( ◯ *Plaintiff* ◉ *Defendant* ◯ *Third Party):*    ( ◯ *Plaintiff* ◯ *Defendant* ◯ *Third Party):*

Joanna Ardalan

<u>Stipulated dates and times proposed for the conference:</u>
*1.* 10/16 2:30-4:30 (not stipulated)    *2.* 10/17 8:30-12 (not stipulated)    *3.* 10/17 1:30-4:30 (not stipulated)

<u>Brief, neutral statement of dispute (please also email the discovery requests and responses, if applicable):</u>

This is a copyright infringement lawsuit. Defendants request this IDC because they have not received screenshots or other information that would identify the alleged copyright infringement at issue.

<u>Relief requested by party seeking discovery:</u>

Plaintiffs identify the alleged infringement and the corresponding copyright registration.

<u>Summary of parties' respective positions:</u>
*Moving Party*:

The FAC neither identifies the alleged infringement nor the works at issue. A motion to dismiss is under submission. Defendants have asked Plaintiffs to identify the works and alleged infringement, so that they can investigate the same. Plaintiffs initially produced a 12,972 page pdf (not organized by plaintiff) filled with photos that they contend are the works at issue and recently produced the files that they contend to be the copyright deposit for the 33 registrations at issue, but they have not produced the alleged infringement. With 12,972 works apparently at issue, Plaintiffs have made no effort produce evidence of wrongdoing. While Defendants are confident the Court will require Plaintiffs to make this identification in its order on the pending motion, this is a threshold issue to many of the discovery issues the parties are attempting to resolve.

*Responding Party*:

Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
David W. Quinto (Bar No. 106232)
dquinto@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:    (949) 258-5081

*Attorneys for Defendants,*
BackGrid Inc., BackGrid USA, Inc.,
Shutterstock, Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THIBAULT MAUVILAIN, an individual; HENRI MAZARI, an individual; JEREMY DUPLAQUET, an individual; ROBERT CHRISTIAN WOLF, an individual; MICHEL BOUTEFEU, an individual; STEPHANE KYNDT, an individual; and JOSEPH MEHDI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>FLYNET PICTURES, LLC, a California limited liability company; FAMEFLYNET INC., a California corporation; BACKGRID INC., a California corporation; BACKGRID USA, INC., a California corporation; SHUTTERSTOCK, INC., a Delaware corporation and DOES 1–10, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-2757-FLA-MAA<br>Hon. Fernando L. Aenlle-Rocha<br><br><br>**DECLARATION OF JOANNA ARDALAN REGARDING DEFENDANTS' UNILATERAL SUBMISSION OF IDC REQUEST** |

**DECLARATION OF JOANNA ARDALAN REGARDING DEFENDANTS' UNILATERAL SUBMISSION OF IDC REQUEST**

1.      I, Joanna Ardalan, am counsel of record for Backgrid, Inc., BackGrid USA, Inc., and Shutterstock, Inc. in the above captioned action.  I have personal knowledge of the facts stated herein and if called to testify could and would testify as follows:

2.      The discovery dispute at issue here is that Plaintiffs have filed a copyright infringement lawsuit against Defendants, but have not yet identified any alleged infringement. They have not provided screenshots or urls to the alleged infringement they contend is at issue.  They did not do so in the First Amended Complaint and they have not done so in discovery.  I have raised this issue with Plaintiffs on numerous occasions, but formally raised this issue in two meet-and-confer calls made pursuant to Local Rule 37-1.

3      On the most recent meet-and-confer call, which occurred on October 9, 2025, I explained, again, that Defendants needed to know what alleged infringement is at issue. In an effort to avoid court intervention, I asked that they produce the evidence of the alleged infringement by Tuesday, October 14, 2025 at 10 a.m. I had initially asked for the production on October 13, when I did not realize it was a holiday. A true and correct copy of an email demonstrating the same is attached as **Exhibit A**.

4.      I told Plaintiffs that if I did not receive the evidence of the alleged infringement, I would seek court intervention as the alleged infringement is a threshold issue for the entire case and is necessary to the discussion about discovery requests on both sides as Plaintiffs have served very broad requests.

5.      While Plaintiffs' counsel emailed me about other matters on October 14, 2025, they did not produce the alleged infringement as I requested.

6.      I sent Plaintiffs the IDC request draft on October 14, 2025 at 3:28 PM. A true and correct copy of that email correspondence is attached as **Exhibit B**.

7.      I did not receive a response to that email message.

**DECLARATION OF JOANNA ARDALAN REGARDING DEFENDANTS' UNILATERAL SUBMISSION OF IDC REQUEST**

8.	Having received no response, I emailed Plaintiffs a follow-up message on October 15, 2025 at 12:06 PM, asking for their portion of the IDC document.  I did not receive a response to that message. *See* **Exhibit B.**

9.	Having received no response, I emailed Plaintiffs on October 15, 2025 at 3:47 PM to follow up once more. In that email message I explained that: "The IDC document is supposed to be emailed to the Court within 24 hours from the second meet and confer call, or as soon as practicable thereafter. I didn't email it to you right after our call because I wanted to give you a final opportunity to produce the infringement and avoid court intervention.  As you know, you didn't take me up on my offer as you did not produce the documents showing the infringement, so I served you with the IDC document shortly after your deadline.  **I need your cooperation in getting this to the judge. If I don't receive your portion shortly, I'll go ahead and submit it without your position** (emphasis added)." *Id.*

10.	On October 15, 2025, I received a response from Plaintiffs' counsel stating "I disagree that we reached an impasse in terms of discovery. We have been actively engaged in discovery conversations and have been producing documents promptly." *See* Exhibit B.

11.	In response, I explained  "This IDC document addresses a narrow issue: the production of documents that show alleged infringement.
I agree that we are still waiting on your amended responses that you promised two weeks ago as well as other documents. As I explained in the IDC [request], the alleged infringement is a threshold issue that we need to know." Exhibit B. Since I sent this email message, Plaintiffs have sent me an email message about another issue, but did not respond to my most recent message.

I declare under penalty of perjury that the facts stated herein are true and correct.
Executed on October 15, 2025.

/s/ Joanna Ardalan

**DECLARATION OF JOANNA ARDALAN REGARDING DEFENDANTS' UNILATERAL SUBMISSION OF IDC REQUEST**

# EXHIBIT A

| | |
|---|---|
| **From:** | Jo Ardalan |
| **To:** | "Shengmao Mu" |
| **Cc:** | "David Sergenian"; Peter Afrasiabi; Evan Littman; David Quinto; "Sheila Mojtehedi"; "Elizabeth Guzman"; "Ryan Carreon"; "Abby Neu"; "Michael Mitchell"; "Keaton Smith"; "Ryan Baker" |
| **Subject:** | RE: 37-1 Meet and Confer Request re Plaintiffs" Discovery Responses |
| **Date:** | Thursday, October 9, 2025 2:53:00 PM |
| **Attachments:** | image001.png |

Per our call just now, you reminded me that Monday is a holiday. Please get back to us by no later than 10 am Tuesday.


--
**Jo Ardalan**
**Partner**



Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice: If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it. This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

**From:** Jo Ardalan
**Sent:** Thursday, October 9, 2025 11:52 AM
**To:** 'Shengmao Mu' <smu@whitewoodlaw.com>
**Cc:** David Sergenian <david@sergenianlaw.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Evan Littman <elittman@onellp.com>; David Quinto <dquinto@onellp.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Elizabeth Guzman <egcrimparalegal@gmail.com>; Ryan Carreon <rcarreon@whitewoodlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; Michael Mitchell <mmitchell@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>
**Subject:** RE: 37-1 Meet and Confer Request re Plaintiffs' Discovery Responses


Shengmao,

It doesn't do any party much good to say that you need to finish your meet and confer when:
1. You are long overdue on getting us what you promised us in terms of discovery;
2. Our discovery responses you are seeking to confer about involve requests that seek information relating to the COPYRIGHTED WORKS, which you defined by reference to a 12970++ page pdf filled with photos that may... or may not... be at issue in this case;
3. We have been asking for this information since the first day we spoke about this case.

It makes a lot more sense to see what the alleged infringement is and then find out the scope of searches we need to conduct on our end.

The deadline it isn't arbitrary. It is, unfortunately, necessary at this point.  We needed this information long ago and cannot wait any longer.

We look forward to receiving it by Monday.  I can't imagine how this is burdensome to you—you brought this case over 6 months ago. You should have evidence of the alleged infringement that is central to this case and it should be produced.

Vanessa will send you screenshots of examples of the issues.

We need depo dates.


Regards,
Jo


--
**Jo Ardalan**
**Partner**



**one llp**

Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** Shengmao Mu <smu@whitewoodlaw.com>
**Sent:** Thursday, October 9, 2025 11:36 AM
**To:** Jo Ardalan <jardalan@onellp.com>
**Cc:** David Sergenian <david@sergenianlaw.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Evan Littman <elittman@onellp.com>; David Quinto <dquinto@onellp.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Elizabeth Guzman <egcrimparalegal@gmail.com>; Ryan Carreon <rcarreon@whitewoodlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; Michael Mitchell <mmitchell@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>
**Subject:** Re: 37-1 Meet and Confer Request re Plaintiffs' Discovery Responses


Hello Jo,

As you are aware, we are only half way through with your clients' discovery deficiencies. We need to finish what we started and focus on the agenda on our letter.

We will review your questions and get back to you. Setting an arbitrary deadline for us and threatening to bring this to the magistrate is not helpful as we are trying our best to get back to you on a rolling basis without delay.

For the technical issues you encountered, please provide screenshots and identify which folder is blank. It looks fine on our end.



**Thibault 2015-2016**
Sent 3 October 2025 · 1.7 GB (3160 files) · Downloaded

**Thibault 2014-2015**
Sent 3 October 2025 · 3.3 GB (2261 files) · Downloaded

**Thibault 2006 - 2008**
Sent 3 October 2025 · 7.7 GB (3968 files) · Downloaded

**joseph michel robert stephane**
Sent 3 October 2025 · 2.9 GB (751 files) · Downloaded

**Jeremy 2008 -2010**
Sent 3 October 2025 · 1.3 GB (433 files) · Downloaded

**Jeremy 2007**
Sent 3 October 2025 · 15.4 GB (1692 files) · Downloaded

**Jeremy 2006**
Sent 3 October 2025 · 11.8 GB (1410 files) · Downloaded

**Henri**
Sent 3 October 2025 · 10.6 GB (3109 files) · Downloaded

Best,

Sam (Shengmao) Mu  | Principal Attorney

Whitewood Law PLLC

57 West 57th Street
3rd and 4th Floors
Manhattan, NY, 10019

Tel: (917)858-8018
Fax: (917)591-0618
Email: smu@whitewoodlaw.com

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

On Thu, Oct 9, 2025 at 11:05 AM Jo Ardalan <jardalan@onellp.com> wrote:

All:

There are outstanding items that need to be addressed today on our call:

1. We still have not received amended responses to RFPs and Rogs from you even though you agreed to provide them on 9/30.

2. Significantly, we still do not know what alleged infringement is at issue in this case. On every call we have, I raise this issue with you and ask you why you have not produced the purported infringement (that should have been attached or identified in the complaint), but you do not provide a substantive response to me. Your response is that my clients "know." That isn't helpful and that does not satisfy your obligation in discovery or as plaintiffs who are bringing a very expensive lawsuit without identifying any alleged infringement.  It would assist our meet and confer discussions about searches if we knew what infringement is at issue.  Produce the screenshots or other location information you have about the infringement so we can examine what you claim is at issue in this case.  **I need screenshots/location information by Monday, October 13.** This should not be an issue for you because you previously agreed to produce this information on 9/30. **I will be going to the magistrate judge next week if we do not receive the full universe of alleged infringement by then.**

3. There is a problem with the copyright deposits you sent us. Many of the files do not open and many of the folders are blank. Can you confirm that this is what was sent to the Copyright Office or was there an issue with the files in production?  We do not have the correspondence with the Copyright Office, including the correspondence that indicates the application and deposit was submitted, and we don't have the excel sheet for every copyright registration.  Of course, there are a number of other documents that have not been

produced but we discussed on our call over 3 weeks ago. We need those as well.

4. We asked you to get back to us on depo dates. Do you have an update?

Regards,

Jo

--

**Jo Ardalan**
**Partner**



Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice: If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it. This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

**From:** Jo Ardalan
**Sent:** Wednesday, October 1, 2025 3:37 PM
**To:** David Sergenian <david@sergenianlaw.com>
**Cc:** Shengmao Mu <smu@whitewoodlaw.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Evan Littman <elittman@onellp.com>; David Quinto <dquinto@onellp.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Elizabeth Guzman <egcrimparalegal@gmail.com>; Ryan Carreon <rcarreon@whitewoodlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; Michael Mitchell <mmitchell@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>
**Subject:** RE: 37-1 Meet and Confer Request re Plaintiffs' Discovery Responses
**Importance:** High

All:

I didn't see amended responses come in yesterday as we discussed.

What is the status?

Regards,

Jo

--

**Jo Ardalan**
**Partner**



Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice*:  *If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** Jo Ardalan
**Sent:** Tuesday, September 16, 2025 12:25 PM
**To:** 'David Sergenian' <david@sergenianlaw.com>
**Cc:** Shengmao Mu <smu@whitewoodlaw.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Evan Littman <elittman@onellp.com>; David Quinto <dquinto@onellp.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Elizabeth Guzman <egcrimparalegal@gmail.com>; Ryan Carreon <rcarreon@whitewoodlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; Michael Mitchell <mmitchell@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>
**Subject:** RE: 37-1 Meet and Confer Request re Plaintiffs' Discovery Responses

All:

To follow-up on our meet and confer call, please see the agreements we made concerning Plaintiffs' discovery responses.

Note that we discussed the responses across all plaintiffs, unless otherwise stated.

We agreed to give you two weeks to update your responses and provide documents. If you need more time, you may let us know and we can confer further, but as discussed, defendants are eager to know what is at issue in this case.

Rogs:

- Rog 1. (i) You will update the response with a bates range. (iii) You will talk to the client and get back to us regarding whether you will amend.

- Rog 2, 3, You will stand by your response. As discussed, we need to know to which entity your client submitted the CMI, so we will have no choice but to compel.

- Rog 4, You will update.

- Rog 5, I clarified to you that location can refer to online location (e.g. url) but it can also apply to the location of a non-online alleged infringement, such as a July 2020 US Weekly Magazine, for example.  You will update.

- Rog 6. You will update

- Rog 7-11 (i) You will stand on your response. I explained that this request asks for a specific party and the response does not provide responsive information; (iii) You will amend.

RFPs:

- You will produce a privilege log, subject to the agreements below.

- 6-15, You will update the response and produce to the extent you find written agreements. We discussed that if they never existed it should be updated and you will decide whether your discovery obligations require you to update the same and will get back to us on whether you will update.

- Mauvilain, Duplaquet, Kyndt, Mehdi, Wolf RFP 16-35; Mazari 16, 21, 26, 27; You were concerned about having to log emails for each as part of a privilege log. We agreed to the extent there are emails between litigation counsel (Ryan, Sam, David) and the plaintiffs, and the communication occurred *after* the filing of this lawsuit, that you will not need to log it. However, if the email is between plaintiffs and other counsel, it will need to be logged. This is the "Privilege Log Limitation" that we agreed to with respect to other request as stated below.

- Mauvilain, Boutefeu, Duplaquet, Mehdi, RFP 51-52, Kyndt, Mazari 51, Wolf 51-54- Privilege Log Limitation

- Mauvilain, Boutefeu, Duplaquet, Mehdi, RFP 53-58, Mazari, Kyndt 52-58, Wolf 55-61 – Will update subject to Privilege Log Limitation.

  o 55: I explained we needed to see all uses of the works.  We discussed how these documents are relevant to waiver and standard industry practice. You will discuss internally and get back to us.

  o 53, 54, 56-58, Will update subject to Privilege Log Limitation

- 65-69, Will update and produce subject to Privilege Log Limitation

- 72-76, Will update and produce subject to Privilege Log Limitation

- Mauvilain, Boutefeu, Duplaquet, Mehdi, RFP 90-96, Mazari, Kyndt 89-95, Wolf 92-98. Plaintiffs' issue is client to client communications. They are going to assess whether they exist.  JA suggested they find a case that supports the notion that these communications can be privileged. Ryan will look at our authority and he will circle back. *See Callwave Commc'ns, LLC v. Wavemarket, Inc.*, No. C 14-80112 JSW (LB), 2015 U.S. Dist. LEXIS 22374, 2015 WL 831539, at *4 (N.D. Cal. Feb. 23, 2015), which was circulated to you during the call.

- Mauvilain, Boutefeu, Duplaquet, Mehdi RFP 98-102, Mazari, Kyndt 97-101, Wolf 100-104.  Plaintiffs' position is that these documents are for an expert. JA explained that if they want the expert to rely on documents, they need to produce them.  The documents do not ask for a damages opinion, but documents that reflect their damages.


RFAs:

- Mauvilain, Boutefeu, Duplaquet, Kyndt, Mehdi, Wolf RFA 23-27, Mazari 23 – Will update this response explaining they do not have a written agreement showing the same so they have to deny it.
- Mauvilain, Boutefeu, Duplaquet, Kyndt, Mehdi, Wolf RFA 28-32 – Will drop the objection to the "requirement in any oral agreement" language.

We also discussed the objections and asked that you drop them.

Regards,
Jo

--
**Jo Ardalan**
**Partner**



Intellectual Property & Entertainment Law
310-437-8665 (Direct)

323-309-9215 (Cell)
jardalan@onellp.com

*Notice*:  *If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

**From:** David Sergenian <david@sergenianlaw.com>
**Sent:** Wednesday, September 10, 2025 12:40 PM
**To:** Jo Ardalan <jardalan@onellp.com>
**Cc:** Shengmao Mu <smu@whitewoodlaw.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Evan Littman <elittman@onellp.com>; David Quinto <dquinto@onellp.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Elizabeth Guzman <egcrimparalegal@gmail.com>; Ryan Carreon <rcarreon@whitewoodlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; Michael Mitchell <mmitchell@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>
**Subject:** Re: 37-1 Meet and Confer Request re Plaintiffs' Discovery Responses

Wow. An entire day. When the meet and confer letter was sent at 4:31 p.m. on a Friday night. You're too good to us, Jo.

On Wed, Sep 10, 2025 at 12:34 PM Jo Ardalan <jardalan@onellp.com> wrote:

> Shengmao,
>
> Local Rule 37-1 provides that the parties must meet and confer within 10 days of sending the letter.  The letter was sent to you on September 5.
>
> We will go ahead and schedule the call for Tuesday at 10 a.m. as a courtesy to you, but we expect plaintiffs make efforts to avoid delaying our attempts to confer in future.
>
> Jo
>
> --
> **Jo Ardalan**
> **Partner**
>
>
>
> Intellectual Property & Entertainment Law
> 310-437-8665 (Direct)
> 323-309-9215 (Cell)
> jardalan@onellp.com
>
> *Notice*:  *If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work*

*product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** Shengmao Mu <smu@whitewoodlaw.com>
**Sent:** Wednesday, September 10, 2025 12:20 PM
**To:** Jo Ardalan <jardalan@onellp.com>
**Cc:** David Sergenian <david@sergenianlaw.com>; Peter Afrasiabi <pafrasiabi@onellp.com>;
Evan Littman <elittman@onellp.com>; David Quinto <dquinto@onellp.com>; Sheila Mojtehedi
<sheila@mojtehedi.com>; Elizabeth Guzman <egcrimparalegal@gmail.com>; Ryan Carreon
<rcarreon@whitewoodlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; Michael Mitchell
<mmitchell@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Ryan Baker
<rbaker@whitewoodlaw.com>
**Subject:** Re: 37-1 Meet and Confer Request re Plaintiffs' Discovery Responses

Hey Jo,

Let's meet and confer next Tuesday morning 10:00 to 11:00 AM PST?

Thanks

Sam (Shengmao) Mu  | Principal Attorney

Whitewood Law PLLC

57 West 57th Street
3rd and 4th Floors
Manhattan, NY, 10019

Tel: (917)858-8018
Fax: (917)591-0618
Email: smu@whitewoodlaw.com

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and
should be read or retained only by the intended recipient. If you have received this transmission in error,
please immediately notify the sender and delete it from your system.

On Tue, Sep 9, 2025 at 1:36 PM Jo Ardalan <jardalan@onellp.com> wrote:

> Thanks for the response. Any update on times that work for you?
>
> --

**Jo Ardalan**
**Partner**



Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** Shengmao Mu <smu@whitewoodlaw.com>
**Sent:** Monday, September 8, 2025 4:35 PM
**To:** Jo Ardalan <jardalan@onellp.com>
**Cc:** David Sergenian <david@sergenianlaw.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Evan Littman <elittman@onellp.com>; David Quinto <dquinto@onellp.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Elizabeth Guzman <egcrimparalegal@gmail.com>; Ryan Carreon <rcarreon@whitewoodlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; Michael Mitchell <mmitchell@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>
**Subject:** Re: 37-1 Meet and Confer Request re Plaintiffs' Discovery Responses

Hi Jo,

I confirm receipt of your email. We will get back to you with some time slots.

Thanks!

Sam (Shengmao) Mu  | Principal Attorney

Whitewood Law PLLC

57 West 57th Street
3rd and 4th Floors
Manhattan, NY, 10019

Tel: (917)858-8018
Fax: (917)591-0618
Email: smu@whitewoodlaw.com

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

On Mon, Sep 8, 2025 at 3:25 PM Jo Ardalan <jardalan@onellp.com> wrote:

Following up on a time. Thank you.

--
**Jo Ardalan**
**Partner**



Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice*:  *If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

**From:** Jo Ardalan
**Sent:** Friday, September 5, 2025 4:31 PM
**To:** Shengmao Mu <smu@whitewoodlaw.com>; David Sergenian <david@sergenianlaw.com>
**Cc:** Peter Afrasiabi <pafrasiabi@onellp.com>; Evan Littman <elittman@onellp.com>; David Quinto <dquinto@onellp.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Elizabeth Guzman <egcrimparalegal@gmail.com>; Ryan Carreon <rcarreon@whitewoodlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; Michael Mitchell <mmitchell@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>
**Subject:** 37-1 Meet and Confer Request re Plaintiffs' Discovery Responses

All:

Please see the correspondence attached and let me know when you are available to discuss.

Regards,
Jo

--
**Jo Ardalan**
**Partner**



Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)

jardalan@onellp.com

*Notice*:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.

# EXHIBIT B

| | |
|---|---|
| **From:** | Jo Ardalan |
| **To:** | "Shengmao Mu" |
| **Cc:** | David Sergenian; Sheila Mojtehedi; Elizabeth Guzman; Ryan Carreon; Abby Neu; Michael Mitchell; Keaton Smith; Ryan Baker; Peter Afrasiabi; David Quinto; Evan Littman |
| **Subject:** | RE: Request for IDC |
| **Date:** | Wednesday, October 15, 2025 4:33:00 PM |

Shengmao,

This IDC document addresses a narrow issue: the production of documents that show alleged infringement.

I agree that we are still waiting on your amended responses that you promised two weeks ago as well as other documents. As I explained in the IDC, the alleged infringement is a threshold issue that we need to know.

Jo

--

**Jo Ardalan**
**Partner**



**one llp**

Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice: If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it. This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

**From:** Shengmao Mu <smu@whitewoodlaw.com>
**Sent:** Wednesday, October 15, 2025 4:30 PM
**To:** Jo Ardalan <jardalan@onellp.com>
**Cc:** David Sergenian <david@sergenianlaw.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Elizabeth Guzman <egcrimparalegal@gmail.com>; Ryan Carreon <rcarreon@whitewoodlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; Michael Mitchell <mmitchell@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; David Quinto <dquinto@onellp.com>; Evan Littman <elittman@onellp.com>
**Subject:** Re: Request for IDC

Hello Jo,

I disagree that we reached an impasse in terms of discovery. We have been actively engaged in

discovery conversations and have been producing documents promptly.

Best,

Sam (Shengmao) Mu  | Principal Attorney

Whitewood Law PLLC

57 West 57th Street
3rd and 4th Floors
Manhattan, NY, 10019

Tel: (917)858-8018
Fax: (917)591-0618
Email: smu@whitewoodlaw.com

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.



On Wed, Oct 15, 2025 at 3:47 PM Jo Ardalan <jardalan@onellp.com> wrote:

> The IDC document is supposed to be emailed to the Court within 24 hours from the second meet and confer call, or as soon as practicable thereafter. I didn't email it to you right after our call because I wanted to give you a final opportunity to produce the infringement and avoid court intervention.  As you know, you didn't take me up on my offer as you did not produce the documents showing the infringement, so I served you with the IDC document shortly after your deadline.  I need your cooperation in getting this to the judge. If I don't receive your portion shortly, I'll go ahead and submit it without your position.
>
> --
> **Jo Ardalan**
> **Partner**
>
> **one llp**
>
> Intellectual Property & Entertainment Law
> 310-437-8665 (Direct)
> 323-309-9215 (Cell)
> jardalan@onellp.com
>
> *Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and*

*please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

**From:** Jo Ardalan
**Sent:** Wednesday, October 15, 2025 12:06 PM
**To:** 'David Sergenian' <david@sergenianlaw.com>; 'Sheila Mojtehedi' <sheila@mojtehedi.com>; 'Elizabeth Guzman' <egcrimparalegal@gmail.com>; 'Ryan Carreon' <rcarreon@whitewoodlaw.com>; 'Abby Neu' <aneu@whitewoodlaw.com>; 'Michael Mitchell' <mmitchell@whitewoodlaw.com>; 'Shengmao Mu' <smu@whitewoodlaw.com>; 'Keaton Smith' <ksmith@whitewoodlaw.com>; 'Ryan Baker' <rbaker@whitewoodlaw.com>
**Cc:** Peter Afrasiabi <pafrasiabi@onellp.com>; David Quinto <dquinto@onellp.com>; Evan Littman <elittman@onellp.com>
**Subject:** RE: Request for IDC

Please get back to us with your portion of the document and dates that work for you.

--
**Jo Ardalan**
**Partner**



Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

**From:** Jo Ardalan
**Sent:** Tuesday, October 14, 2025 3:28 PM
**To:** David Sergenian <david@sergenianlaw.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Elizabeth Guzman <egcrimparalegal@gmail.com>; Ryan Carreon <rcarreon@whitewoodlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; Michael Mitchell <mmitchell@whitewoodlaw.com>; Shengmao Mu <smu@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>
**Cc:** Peter Afrasiabi <pafrasiabi@onellp.com>; David Quinto <dquinto@onellp.com>; Evan Littman <elittman@onellp.com>
**Subject:** Request for IDC

All:

See Shutterstock and Backgrid's request for an IDC. Please return it with your position and let us know what times work for you.

Regards,

Jo

--

**Jo Ardalan**
**Partner**



Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice*:  *If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

DAVID A. SERGENIAN, State Bar No. 230174
david@sergenianlaw.com
**SERGENIAN LAW, P.C.**
2355 Westwood Blvd. #529
Los Angeles, CA  90064
Tel.: (213) 435-2035

SHENGMAO MU, State Bar No. 327076
smu@whitewoodlaw.com
**WHITEWOOD LAW, P.C.**
99 S. Alameda Blvd., Suite 600
San Jose, CA  95113
Tel.: (917) 858-8018
Fax: (917) 591-0618

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THIBAULT MAUVILAIN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FLYNET PICTURES, LLC, et al.,<br><br>Defendants. | Case No. 2:25–cv–2757–FLA–MAA<br><br>Hon. Fernando L. Aenlle-Rocha<br><br>**PLAINTIFF MICHEL BOUTEFEU RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION** |

Plaintiff Michel Boutefeu (hereinafter "Responding Party") responds to Defendants' ("Propounding Party") Requests for Production as follows:

### PRELIMINARY STATEMENT

Investigation and discovery by Responding Party are continuing and are not complete. As discovery proceeds, witnesses, facts, evidence and other information may be discovered that are not set forth herein, but that may have been responsive. Facts and evidence now known may be imperfectly understood, or the relevance or consequences of such facts and evidence may be imperfectly understood, and, accordingly, such facts and evidence may, in good faith, not be included in the following responses.

Responding Party reserves the right to refer to, conduct discovery with reference to, or offer into evidence at trial any and all such witnesses, facts, and evidence, notwithstanding the absence of or reference to such witnesses, facts, and evidence in these responses. Finally, because some of these responses may have been ascertained by Responding Party's attorneys and investigators, Responding Party may not have personal knowledge of the information from which such responses were derived.

Responding Party submits these responses subject to, without waiver of, and expressly preserving, the right at any time to amend, revise, correct, supplement, or clarify any of the objections and responses herein at any time, up to and including trial. Responding Party also submits these responses subject to, without waiver of, and expressly preserving: (a) any objections as to the competency, relevance, materiality, privilege, or admissibility of any of the responses or any of the documents identified in any response hereto; (b) the right to object to other discovery procedures involving or relating to the subject matter of the responses herein; (c) the right to object on any ground, at any time, to such other or supplemental Requests for Production that Propounding Party may at any time propound, involving or relating to the subject matter of this set of Requests for Production. Responding Party hereby expressly preserves all rights, remedies and recourse against Propounding Party with respect to discovery and

- 1 -

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

otherwise. Inadvertent production, revelation or identification of privileged information by Responding Party is not a waiver of any applicable privilege.

Additionally, Responding Party has not completed investigation of the facts and documents relating to this action and has not completed trial preparation. Consequently, Responding Party responds to each Request for Production to the best of Responding Party's present, existing knowledge. Responding Party reserves the right to amend, revise, correct, supplement, or clarify any of the objections and responses herein pursuant to any facts or information gathered at any time subsequent to the date of this response. Moreover, the responses contained herein are not intended to and shall not preclude Responding Party from making any contentions or relying upon any facts or documents at trial, whether or not identified or relied upon herein, which result from subsequently discovered information and/or evidence.

## **GENERAL OBJECTIONS**

Responding Party makes the following general objections with respect to the information and/or the documents that may be produced:

1. Responding Party objects to each request to the extent that it requests information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege and Responding Party will not produce such information. To the extent any information is inadvertently produced, such production is not intended as any waiver of the attorney-client privilege or any applicable privilege.

2. Responding Party objects to the requests on the ground that the information and/or documents sought are not relevant to the subject matter of this action nor are they proportionate to the needs of the case.

3. Responding Party objects to the requests on the ground that the requests are overbroad, vague and ambiguous.

4. Responding Party objects to the requests on the ground that the requests seek information and/or documents that are equally available to the requesting party, its agents, privies and assigns.

- 2 -
BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

5.     Responding Party objects to the requests on the ground that the requests seek confidential personal financial information and/or documents relating to Responding Party's personal financial affairs.

6.     Responding Party objects to the requests on the ground that the requests seek income tax returns or information derived therefrom.

7.     Responding Party reserves the right to object to the introduction into evidence, at the trial or arbitration or any other proceeding, of any information and/or documents produced pursuant to the requests on any ground, including, without limitation, applicable privilege, competence, relevance, materiality, propriety information and admissibility.

8.     Responding Party objects to the requests on the ground that the information and/or documents requested have been previously produced and/or made available in this litigation or prior to this litigation.

9.     Responding Party objects to the requests on the ground that the individual requests are compound, conjunctive or disjunctive.

10.     Responding Party objects to the requests on the ground that the individual requests are not complete in and of themselves and are, therefore, impermissible.

11.     Responding Party objects to the requests on the ground that the individual requests call for a legal conclusion or an expert opinion.

12.     Nothing herein shall be construed as an admission respecting the admissibility, truth, authenticity, accuracy or relevance of any documents.

<strong><u>RESPONSES TO REQUESTS FOR PRODUCTION</u></strong>

**<u>REQUEST FOR PRODUCTION NO. 1</u>**

Produce all COMMUNICATIONS between Flynet Pictures, LLC and YOU.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 1</u>**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of

- 3 -

the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2**

Produce all COMMUNICATIONS between FameFlynet, Inc. and YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3**

Produce all COMMUNICATIONS between Backgrid, Inc. and YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

- 4 -

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4**

Produce all COMMUNICATIONS between Backgrid USA, Inc. and YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

- 5 -

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 5**

Produce all COMMUNICATIONS between Shutterstock Inc. and YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6**

Produce all written agreements between YOU and Flynet Pictures, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7**

Produce all written agreements between YOU and FameFlynet, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 8**

Produce all written agreements between YOU and Backgrid, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 9**

Produce all written agreements between YOU and BackGrid USA, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 10**

Produce all written agreements between YOU and Shutterstock, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the

- 8 -

Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 11**

Produce all DOCUMENTS that REFER TO any written agreement between YOU and Flynet Pictures, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 12**

Produce all DOCUMENTS that REFER TO any written agreement between YOU and FameFlynet, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

- 9 -

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 13**

Produce all DOCUMENTS that REFER TO any written agreement between YOU and Backgrid, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

- 10 -

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 14**

Produce all DOCUMENTS that REFER TO any written agreement between YOU and BackGrid USA, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15**

Produce all DOCUMENTS that REFER TO any written agreement between YOU and Shutterstock, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 16**

Produce all DOCUMENTS that REFER TO any oral agreement between YOU and Flynet Pictures, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 17**

Produce all DOCUMENTS that REFER TO any oral agreement between YOU and FameFlynet, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the

- 12 -

Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 18**

Produce all DOCUMENTS that REFER TO any oral agreement between YOU and Backgrid, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 19**

Produce all DOCUMENTS that REFER TO any oral agreement between YOU and Backgrid USA, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

- 13 -

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 20**

Produce all DOCUMENTS that REFER TO any oral agreement between YOU and Shutterstock, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

- 14 -

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

**<u>REQUEST FOR PRODUCTION NO. 21</u>**

Produce all DOCUMENTS that REFER TO any implied agreement between YOU and Flynet Pictures, LLC.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 21</u>**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**<u>REQUEST FOR PRODUCTION NO. 22</u>**

Produce all DOCUMENTS that REFER TO any implied agreement between YOU and FameFlynet, Inc.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 22</u>**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 23**

Produce all DOCUMENTS that REFER TO any implied agreement between YOU and Backgrid, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 24**

Produce all DOCUMENTS that REFER TO any implied agreement between YOU and Backgrid USA, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the

- 16 -

Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 25**

Produce all DOCUMENTS that REFER TO any implied agreement between YOU and Shutterstock, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 26**

Produce all DOCUMENTS that REFER TO any contractual terms created by standard industry custom for any agreement between YOU and Flynet Pictures, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

- 17 -

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 27**

Produce all DOCUMENTS that REFER TO any contractual terms created by standard industry custom for any agreement between YOU and FameFlynet, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

- 18 -

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 28**

Produce all DOCUMENTS that REFER TO any contractual terms created by standard industry custom for any agreement between YOU and BackGrid, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 29**

Produce all DOCUMENTS that REFER TO any contractual terms created by standard industry custom for any agreement between YOU and BackGrid USA, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

- 19 -

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 30**

Produce all DOCUMENTS that REFER TO any contractual terms created by standard industry custom for any agreement between YOU and Shutterstock, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 31**

Produce all DOCUMENTS that REFER TO the termination of any agreement between YOU and Flynet Pictures, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the

- 20 -

Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 32**

Produce all DOCUMENTS that REFER TO the termination of any agreement between YOU and FameFlynet, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 33**

Produce all DOCUMENTS that REFER TO the termination of any agreement between YOU and BackGrid, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**

- 21 -

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is prepared to meet and confer with Propounding Party regarding this request.

**REQUEST FOR PRODUCTION NO. 34**

Produce all DOCUMENTS that REFER TO the termination of any agreement between YOU and BackGrid USA, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is prepared to meet and confer with Propounding Party regarding this request.

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 35**

Produce all DOCUMENTS that REFER TO the termination of any agreement between YOU and Shutterstock, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is prepared to meet and confer with Propounding Party regarding this request.

**REQUEST FOR PRODUCTION NO. 36**

Produce all original files YOU submitted to Flynet Pictures, LLC. The files must be produced in the native format, as submitted.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

- 23 -

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 37**

Produce all original files YOU submitted to FameFlynet, Inc. The files must be produced in the native format, as submitted.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 38**

Produce all original files YOU submitted to Backgrid Inc. The files must be produced in the native format, as submitted.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 39**

Produce all original files YOU submitted to Backgrid USA, Inc. The files must be produced in the native format, as submitted.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 40**

Produce all original files YOU submitted to Shutterstock Inc. The files must be produced in the native format, as submitted.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 41**

Produce all COMMUNICATIONS between YOU and Flynet Pictures, LLC, RELATING TO the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 42**

Produce all COMMUNICATIONS between YOU and FameFlynet, Inc. RELATING TO the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 43**

Produce all COMMUNICATIONS between YOU and Backgrid, Inc. RELATING TO the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 44**

Produce all COMMUNICATIONS between YOU and Backgrid USA, Inc. RELATING TO the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 45**

Produce all COMMUNICATIONS between YOU and Shutterstock, Inc. RELATING TO the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the

- 28 -

Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 46**

Produce all COMMUNICATIONS between YOU and Flynet Pictures, LLC, RELATING TO YOUR attribution.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows: To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 47**

Produce all COMMUNICATIONS between YOU and FameFlynet, Inc. RELATING TO YOUR attribution.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 48**

Produce all COMMUNICATIONS between YOU and Backgrid, Inc. RELATING TO YOUR attribution.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 49**

Produce all COMMUNICATIONS between YOU and Backgrid USA, Inc. RELATING TO YOUR attribution.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 50**

Produce all COMMUNICATIONS between YOU and Shutterstock, Inc. RELATING TO YOUR attribution.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

- 31 -

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 51**

Produce all DOCUMENTS that REFLECT the byline BTF Press/FLYNET PICTURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is prepared to meet and confer with Propounding Party regarding this request.

**REQUEST FOR PRODUCTION NO. 52**

Produce all DOCUMENTS that REFLECT the byline MIBO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and

- 32 -

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is prepared to meet and confer with Propounding Party regarding this request.

**REQUEST FOR PRODUCTION NO. 53**

Produce all DOCUMENTS REFLECTING an unauthorized use, reproduction, public display, distribution, or public performance of the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 54**

Produce all DOCUMENTS REFLECTING a use, reproduction, public display, distribution, or public performance of the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is prepared to meet and confer with Propounding Party regarding this request.

**REQUEST FOR PRODUCTION NO. 55**

Produce all screen captures or screenshots of the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is prepared to meet and confer with Propounding Party regarding this request.

**REQUEST FOR PRODUCTION NO. 56**

Produce all DOCUMENTS REFLECTING the date YOU discovered each use, reproduction, public display, distribution, or public performance of the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous.

- 34 -

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is prepared to meet and confer with Propounding Party regarding this request.

**REQUEST FOR PRODUCTION NO. 57**

Produce all ledgers, lists, records, inventories, catalogs, indexes, or directories REFERRING TO the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is prepared to meet and confer with Propounding Party regarding this request.

**REQUEST FOR PRODUCTION NO. 58**

Produce all ledgers, lists, records, inventories, catalogs, indexes, or directories REFERRING TO the unauthorized use, reproduction, public display, distribution, or public performance of the WORKS.

- 35 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is prepared to meet and confer with Propounding Party regarding this request.

**REQUEST FOR PRODUCTION NO. 59**

Produce all uses of the WORKS that YOU contend have damaged YOU in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

- 36 -

**REQUEST FOR PRODUCTION NO. 60**

Produce all DOCUMENTS REFLECTING any payments made by Flynet Pictures, LLC, to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney‑client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non‑privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 61**

Produce all DOCUMENTS REFLECTING any payments made by FameFlynet, Inc., to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney‑client privilege and/or work product doctrine.

- 37 -

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 62**

Produce all DOCUMENTS REFLECTING any payments made by Backgrid, Inc. to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 63**

Produce all DOCUMENTS REFLECTING any payments made by Backgrid USA, Inc. to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 64**

Produce all DOCUMENTS REFLECTING any payments made by Shutterstock Inc. to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 65**

Produce all COMMUNICATIONS REGARDING any payments made by Flynet Pictures, LLC, to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65**

- 39 -

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 66**

Produce all COMMUNICATIONS REGARDING any payments made by FameFlynet, Inc., to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

- 40 -

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 67**

Produce all COMMUNICATIONS REGARDING any payments made by Backgrid, Inc. to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 68**

Produce all COMMUNICATIONS REGARDING any payments made by Backgrid USA, Inc. to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

- 41 -

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 69**

Produce all COMMUNICATIONS REGARDING any payments made by Shutterstock Inc. to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 70**

Produce all DOCUMENTS RELATED TO YOUR employment with Flynet Pictures, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the

- 42 -

Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 71**

Produce all DOCUMENTS RELATED TO YOUR employment with FameFlynet, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 72**

Produce all DOCUMENTS REFLECTING when YOU accessed BackGrid's contributor portal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72**

- 43 -

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 73**

All DOCUMENTS, including YOUR notes, RELATING TO the information contained on BackGrid's contributor portal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 74**

All COMMUNICATIONS between YOU and any PERSON RELATING TO BackGrid's contributor portal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine. Responding Party objects to this request to the extent that it requests information protected by the joint interest privilege.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 75**

Produce all DOCUMENTS REFLECTING any WORKS that were not on the BackGrid portal, but should have been on it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and

- 45 -

unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 76**

All COMMUNICATIONS between YOU and any PERSON REGARDING monetizing the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine. Responding Party objects to this request to the extent that it requests information protected by the joint interest privilege.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is prepared to meet and confer with Propounding Party regarding this request.

**REQUEST FOR PRODUCTION NO. 77**

All DOCUMENTS REFLECTING that Flynet Pictures, LLC removed Copyright Management Information from the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77**

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 78**

All DOCUMENTS REFLECTING that Flynet Pictures, LLC altered Copyright Management Information from the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 79**

All DOCUMENTS REFLECTING that FameFlyNet Inc. removed Copyright Management Information from the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 80**

All DOCUMENTS REFLECTING that FameFlyNet Inc. altered Copyright Management Information from the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

- 48 -

Without waiving the forgoing objection, Responding Party responds as follows: To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 81**

All DOCUMENTS REFLECTING that Backgrid Inc. removed Copyright Management Information from the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 82**

All DOCUMENTS REFLECTING that Backgrid Inc. altered Copyright Management Information from the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the

- 49 -

Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 83**

All DOCUMENTS REFLECTING that Backgrid USA, Inc. removed Copyright Management Information from the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 84**

All DOCUMENTS REFLECTING that Backgrid USA, Inc. altered Copyright Management Information from the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84**

- 50 -

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 85**

All DOCUMENTS REFLECTING that Shutterstock, Inc. removed Copyright Management Information from the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 86**

All DOCUMENTS REFLECTING that Shutterstock, Inc. altered Copyright Management Information from the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 87**

All copyright registrations RELATING to the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

- 52 -

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 88**

All COMMUNICATIONS between YOU and the Copyright Office REGARDING the copyright registrations RELATING TO THE WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 89**

All submissions RELATING TO the application of the copyright registrations for THE WORKS (this request includes, but is not limited to. the application, the deposit copies, and all e-mail conformations RELATING to the same).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the

Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 90**

All COMMUNICATIONS REGARDING this ACTION, including social media posts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine. Responding Party objects to this request to the extent that it requests information protected by the joint interest privilege.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is prepared to meet and confer with Propounding Party regarding this request.

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 91**

All COMMUNICATIONS between YOU and Thibault Mauvilain REGARDING any of the facts underlying the allegations PLAINTIFFS made in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine. Responding Party objects to this request to the extent that it requests information protected by the joint interest privilege.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is prepared to meet and confer with Propounding Party regarding this request.

**REQUEST FOR PRODUCTION NO. 92**

All COMMUNICATIONS between YOU and Henru Mazari REGARDING any of the facts underlying the allegations PLAINTIFFS made in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

information subject to the attorney-client privilege and/or work product doctrine. Responding Party objects to this request to the extent that it requests information protected by the joint interest privilege.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is prepared to meet and confer with Propounding Party regarding this request.

**REQUEST FOR PRODUCTION NO. 93**

All COMMUNICATIONS between YOU and Jeremy Duplaquet REGARDING any of the facts underlying the allegations PLAINTIFFS made in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine. Responding Party objects to this request to the extent that it requests information protected by the joint interest privilege.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is prepared to meet and confer with Propounding Party regarding this request.

**REQUEST FOR PRODUCTION NO. 94**

All COMMUNICATIONS between YOU and Stephane Kyndt REGARDING any of the facts underlying the allegations PLAINTIFFS made in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94**

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine. Responding Party objects to this request to the extent that it requests information protected by the joint interest privilege.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is prepared to meet and confer with Propounding Party regarding this request.

**REQUEST FOR PRODUCTION NO. 95**

All COMMUNICATIONS between YOU and Robert Christian Wolf REGARDING any of the facts underlying the allegations PLAINTIFFS made in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine. Responding Party objects to this request to the extent that it requests information protected by the joint interest privilege.

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 96**

All COMMUNICATIONS between YOU and Joseph Mehdi REGARDING any of the facts underlying the allegations PLAINTIFFS made in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine. Responding Party objects to this request to the extent that it requests information protected by the joint interest privilege.

Without waiving the forgoing objection, Responding Party responds as follows:

After a diligent search, Responding Party was unable to locate any non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 97**

Produce all DOCUMENTS REFERRED TO in YOUR initial disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

To the extent responsive documents exist, Responding Party will produce all non-privileged documents responsive to this request in Responding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 98**

Produce all DOCUMENTS REFLECTING the amount YOU have been damaged by Flynet Pictures, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is prepared to meet and confer with Propounding Party regarding this request.

**REQUEST FOR PRODUCTION NO. 99**

Produce all DOCUMENTS REFLECTING the amount YOU have been damaged by FameFlyNet Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99**

- 59 -

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is prepared to meet and confer with Propounding Party regarding this request.

**REQUEST FOR PRODUCTION NO. 100**

Produce all DOCUMENTS REFLECTING the amount YOU have been damaged by Backgrid, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is prepared to meet and confer with Propounding Party regarding this request.

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 101**

Produce all DOCUMENTS REFLECTING the amount YOU have been damaged by Backgrid USA, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is prepared to meet and confer with Propounding Party regarding this request.

**REQUEST FOR PRODUCTION NO. 102**

Produce all DOCUMENTS REFLECTING the amount YOU have been damaged by Shutterstock Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this request as vague and ambiguous. Responding Party objects to this request insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this request in that it is unlimited in time and scope. Responding Party objects to this request as overly broad and unduly burdensome. Responding Party objects to this request to the extent that it requests information subject to the attorney-client privilege and/or work product doctrine.

Without waiving the forgoing objection, Responding Party responds as follows:

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

Responding Party is prepared to meet and confer with Propounding Party regarding this request.

Dated: August 25, 2025

**SERGENIAN LAW**
a Professional Corporation

By:    /s/David A. Sergenian
DAVID A. SERGENIAN

Dated: August 25, 2025

WHITEWOOD LAW, P.C.

By:    /s/Shengmao Mu
SHENGMAO MU
ABBY M. NEU (*pro hac vice*)
RYAN E. CARRION (SBN 311668)
KEATON SMITH (*pro hac vice*)

*Counsel for Plaintiffs*

- 62 -

BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

**PROOF OF SERVICE**

I, Shengmao Mu, declare:

I am over the age of eighteen years and not a party to the action in which this service is made.

On August 25, 2025, I served **PLAINTIFF MICHEL BOUTEFEU'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION** on the interested parties in this action by causing the service delivery of the above document as follows:

Sheila Mojtehedi <sheila@mojtehedi.com>,
Jo Ardalan <jardalan@onellp.com>,
David Quinto <dquinto@onellp.com>,
Peter Afrasiabi <pafrasiabi@onellp.com>

☒ **By email**. My electronic service address is smu@whitewoodlaw.com. I electronically served the documents on the persons listed above at the email addresses listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: August 25, 2025

/s/Shengmao Mu
Shengmao Mu