EX. K.

| From: | Jo Ardalan |
|---|---|
| To: | "Ryan Carreon" |
| Cc: | David Sergenian; Abby Neu; David Quinto; Peter Afrasiabi; Shengmao Mu; Sheila Mojtehedi; Ryan Baker; Keaton Smith; Megan Dell |
| Subject: | RE: Mauvilain v. Flynet- Missing Documents and Plaintiffs" Spoliation of Evidence |
| Date: | Monday, June 8, 2026 5:04:00 PM |

Ryan:

Why do you need deposition transcripts to address whether you have produced the files your clients purportedly submitted to FlyNet/FameFlynet? This is the center of your CMI claim, which is the claim you contend is the crux of this case.

Are Plaintiffs unsure about whether or not you have produced unspoliated files that were actually submitted to Defendants?

Please let me know when you are available for call to confer under 37-1.

Regards,
Jo


--

**Jo Ardalan**
**Partner**



Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice*: *If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it. This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

**From:** Ryan Carreon <rcarreon@whitewoodlaw.com>
**Sent:** Monday, June 8, 2026 4:51 PM
**To:** Jo Ardalan <jardalan@onellp.com>
**Cc:** David Sergenian <david@sergenianlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Shengmao Mu <smu@whitewoodlaw.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Megan Dell <mdell@onellp.com>
**Subject:** Re: Mauvilain v. Flynet- Missing Documents and Plaintiffs' Spoliation of Evidence

Jo,

Your email raises a number of issues concerning multiple Plaintiffs, multiple depositions, document collections, metadata, written discovery responses, and purported deposition testimony. We are reviewing those issues, but the 5 p.m. deadline you imposed is not practicable under the circumstances.

Among other things, six Plaintiffs have been deposed over the past couple of weeks, but we have received transcripts for only two of those depositions. Because much of your email relies on your characterization of deposition testimony, we are not in a position to fairly evaluate, confirm, or respond to several of the points raised until the relevant transcripts have been completed. We need a reasonable opportunity to review the relevant testimony and client-specific facts before providing any substantive response.

Accordingly, Plaintiffs cannot provide the substantive response you demanded by 5 p.m. today. Given the number and nature of the issues raised, the parties should proceed in an orderly written manner after the relevant transcripts are available. To facilitate that process, please provide the specific deposition testimony on which you rely, with transcript citations once the transcripts are available. Once we have the relevant transcripts and citations, we will review and respond as appropriate.

With respect to your request to record calls, we do not agree to record meet-and-confer calls. Given the nature of the issues raised in your email, we believe the more productive course is for the parties to address these issues in writing in the first instance so there is a clear record of each side's position.

On Thu, Jun 4, 2026 at 1:54 PM Jo Ardalan <jardalan@onellp.com> wrote:

> All:
>
> As you know, the depositions thus far have provided some surprising testimony from Plaintiffs revealing spoliation of evidence and the withholding of documents that Plaintiffs will need to rely on in this case.
>
> Plaintiffs' entire case relies on photos they submitted to FlyNet or FameFlyNet with metadata that included their copyright information and authorship.  For that reason:
>
> > 1.    Plaintiffs' Initial Disclosures identified "Native files of the photographs at issue containing relevant metadata."
> > 2.    **Interrogatory No. 1** expressly required that Plaintiffs: "IDENTIFY the copyright management information provided to the AGENCIES RELATING TO

the WORKS. "IDENTIFY" as used in Interrogatory 1 means: (i) identify the information conveyed in connection with the WORKS, as defined in 17 U.S.C. § 1202(c); (ii) identify how such information was conveyed in connection with the WORKS; (iii) identify to whom the copyright management information was provided; (iii) identify who provided the copyright management information to the AGENCIES; (iv) identify who created the copyright management information."

3.    **RFP 36** required that Plaintiffs: Produce all original files YOU submitted to Flynet Pictures, LLC. The files must be produced in the native format, as submitted.

4.    **RFP 37** required that Plaintiffs: Produce all original files YOU submitted to FameFlynet, Inc. The files must be produced in the native format, as submitted.

5.    **RFP 38** required that Plaintiffs: Produce all original files YOU submitted to Backgrid Inc. The files must be produced in the native format, as submitted.

6.    **RFP 39** required that Plaintiffs: Produce all original files YOU submitted to Backgrid USA Inc. The files must be produced in the native format, as submitted.

7.    **RFP 40** required that Plaintiffs: Produce all original files YOU submitted to Shutterstock Inc. The files must be produced in the native format, as submitted.

8.    There are also a number of other RFPs that also required the production of these documents, including 77-86, among others.

You have said multiple times, including to Judge Audero, that your production is "complete." It is not.

When I asked previously about the native files produced to the Agencies, Shengmao represented that they were the same files attached to the copyright registrations that have been produced to us.  While some of the plaintiffs have testified that is correct, the same plaintiffs testified that they submitted only edited files to the Agencies and the files attached to their copyright registrations are raw or original files—i.e. not the files submitted to the Agencies.

Significantly, several of the plaintiffs have testified that they have not even produced the original, native files sent to the Agencies.

It has also come to our attention that the native files produced by the Plaintiffs have

been intentionally spoliated. Wolf testified that Mauvilain included information in his files to confirm his ownership although he apparently did not understand either IPTC data or how his HansCastrop byline appeared in his files—a byline he testified he only once used and regretted using even that one time. Even without that testimony, the altered metadata speaks for itself. Duplaquet testified that he had never altered any metadata of any file submitted in this case, but when confronted with a 12/24 "Metadata Date"—just months before the copyright registrations were submitted— he stated that he updated his LA address in December 2024—which is implausible as he also testified he was living in France in 2024.

In addition, various Plaintiffs have also testified that they did not search for responsive documents, including Mauvilain, among other plaintiffs, who also admitted to having written communications with the other Plaintiffs about this lawsuit that were not produced.

We urgently need the files that should have been produced at the outset of this case in addition to the files related to the new copyright registrations that you slipped into the Second Amended Complaint, notwithstanding that the Court gave leave to amend to plead a mere claim (which you had not in the First Amended Complaint), not to add new copyright registrations in, in clear violation of *Fourth Estate v. Wall-Steet.com,* 586 U.S. 394 (2019).

We trust that plaintiffs' counsel did a sufficient Rule 11 review of their clients' documents prior to filing suit. If so, you would have all the native files submitted to the Agencies readily available to you.

**By 5 pm on Monday, June 8, we will need:**
1.     All native files submitted to the Agencies.  Unfortunately, while it should go without saying, I must reiterate to you that you must not submit to us spoliated, altered files.
2.     An updated response to Rog 1 on behalf of each of the plaintiffs.
3.   Have each of your clients perform a diligent search for documents that they testified they did not do. Among other things, produce the communications among them about this lawsuit (RFPs 90-96), documents related to payments made by the agencies (RFPs 65-69), and search for communications with the agencies in the email boxes that they failed to review.

As always, we ask your permission to record our call about these very important issues.  In the past, you have declined our multiple requests to record calls, but after almost every call in which I send a confirming message, you have represented that my written follow-up communication misrepresented the call without explanation. If you really believed the confirming emails were incorrect, you should welcome the opportunity to record our calls.  Let me know your position on this.

Regards,

Jo

--

**Jo Ardalan**
**Partner**



Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*