Joanna Ardalan (SBN 285384)
Email: jardalan@onellp.com
Peter R. Afrasiabi (SBN 193336)
Email: pafrasiabi@onellp.com
David W. Quinto (SBN 106232)
Email: dquinto@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:    (949) 258-5081

Attorneys for Defendants,
BACKGRID INC., BACKGRID USA, INC., and
SHUTTERSTOCK, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIBAULT MAUVILAIN, an individual; HENRI MAZARI, an individual; JEREMY DUPLAQUET, an individual; ROBERT CHRISTIAN WOLF, an individual; MICHEL BOUTEFEU, an individual; STEPHANE KYNDT, an individual; and JOSEPH MEHDI, an individual,<br><br>            Plaintiffs,<br><br>      v.<br><br>FLYNET PICTURES, LLC, a California limited liability company; FAMEFLYNET INC., a California corporation; BACKGRID INC., a California corporation; BACKGRID USA, INC., a California corporation; SHUTTERSTOCK, INC., a Delaware corporation and DOES 1–10, inclusive,<br><br>            Defendants. | Case No.: 2:25-cv-2757-FLA-MAA<br>Hon. Fernando L. Aenlle-Rocha<br><br>**DECLARATION OF ALEX KANTIF IN SUPPORT OF DEFENDANTS BACKGRID USA, INC. BACKGRID INC., AND SHUTTERSTOCK INC.'S MOTION FOR SANCTIONS AGAINST PLAINTIFFS AND THEIR COUNSEL**<br><br>**Date:        August 28, 2026**<br>**Time:        1:30 p.m.**<br>**Crtrm:       6B** |

**DECLARATION OF ALEX KANTIF IN SUPPORT OF MOTION FOR SANCTIONS AGAINST PLAINTIFFS AND THEIR COUNSEL**

## DECLARATION OF ALEX KANTIF

I, Alex Kantif, am a founder of BackGrid USA, Inc., and the Head of Editorial at Shutterstock, Inc. I have personal knowledge of the facts stated herein and if called to testify could and would testify as follows:

1.      BackGrid USA, Inc. is a photo licensing agency that licenses photographs to hundreds of media outlets every day.  Plaintiffs are each photographers who have contributed to BackGrid USA, Inc., Flynet, and/or FameFlyNet. Flynet and FameFlyNet are now defunct and BackGrid USA, Inc. has the syndication rights to the old archived photos submitted to FlyNet and FameFlyNet.  I have reviewed the photographs identified by Plaintiffs as the "Copyrighted Works" at issue in this case, and I understand that these photos were submitted to FlyNet and FameFlyNet.

2.      A freelance photographer who wishes to submit photographs to BackGrid USA, Inc. may request access to a contributor portal, where they may submit photographs for license. Each contributor is given a "contributor code" that helps us track usage. The contributor code identifies who is to be paid for a license of a photograph; it is not a copyright attribution and does not necessarily identify the author or copyright owner of the photograph. While some of the plaintiffs have submitted photos to BackGrid USA, Inc., none of those photos are at issue because they were uploaded through the contributor portal, tracked, and paid.

3.      BackGrid has another portal, a Confidential Client Portal. The Confidential Client Portal is for clients only. Potential clients must first contact Backgrid's sales team and request access. Once access is granted, the client is given a username, and they are permitted to create a password. The Confidential Client Portal is password-protected, and clients use it to look for photographs and license them. BackGrid tracks each time a client views a set or conducts a search.

1

**DECLARATION OF ALEX KANTIF IN SUPPORT OF MOTION FOR SANCTIONS AGAINST PLAINTIFFS AND THEIR COUNSEL**

4.      Contributor codes are not necessarily the same as bylines, which is the name associated with the credit and is sometimes, but not always, published by media outlets.

5.      The photos at issue in this lawsuit are very old, some as old as 2004. They were each part of the FlyNet or FameFlyNet archive. We included the FlyNet or FameFlyNet archived photographs in BackGrid's system so that they would be available for licensing. When we did so, we used a placeholder contributor code until we could figure out the proper contributor. We did not receive clear records on the contributors from FlyNet and FameFlyNet,  so it required research to determine what contributor code should be associated with the photographs.  When we found information about the correct contributor, we would update the information and pay the contributor. I understand we have produced records to Plaintiffs showing them that Plaintiffs have been paid for other photos they submitted to Flynet and FameFlyNet, and those photos are not at issue in this lawsuit.

6.      The sets that were identified in this lawsuit that had a contributor code had not yet been updated, so we held the licensing money collected from those sets in a separate FameFlyNet contributor account, that way we could pay the collected moneys out to the photographer once we figured out to whom the money rightfully belonged. I personally spent many hours attempting to figure out who should be paid before this lawsuit was ever filed. Even as early as December 9, 2025, we produced to Plaintiffs their sales reports which show that they have been paid on other Flynet and FameFlyNet photos not at issue in this lawsuit—which demonstrates we had no "criminal intent" to withhold money collected.  Moreover, we have produced examples of works Plaintiffs submitted to Flynet or Fameflynet that have later (but before the lawsuit was filed) had the contributor code updated to reflect plaintiff's code. Attached as **Exhibit A** is a true and correct copy of screenshots that were produced to Plaintiffs on or around April 27, 2026.  The screenshots are of BackGrid's internal tracking and billing system. Each screenshot

2

**DECLARATION OF ALEX KANTIF IN SUPPORT OF MOTION FOR SANCTIONS
AGAINST PLAINTIFFS AND THEIR COUNSEL**

corresponds with a set that has "FFN" in the set number, and that is **not a work at issue** in this lawsuit—meaning each set was a Flynet or FameFlyNet archived set, but had its contributor code updated by BackGrid before the lawsuit or the prelitigation correspondence was served on BackGrid. These sets were each re-coded for the appropriate plaintiff before we had notice of the dispute.  For example, BackGrid001843 shows that the set number is FFN_70017336. This set was received by BackGrid USA from FameFlyNet. After investigating who submitted this set, BackGrid updated the contributor code to FREE, which is Jeremey Duplaquet's contributor code.  Each plaintiff was paid for the sets shown in Ex. A as part of the normal course of business, shortly after the money was received by BackGrid (usually within 30 days, although sometimes BackGrid gives an advance to photographers, as it has done for Thibault Mauvilain).

7.    During this litigation, through counsel, BackGrid USA twice asked Plaintiffs if they wished to have any byline or contributor code updated and we would update them, if they wished. We were clear that we had no obligation to do so, but we were willing to make those changes if it was important to the Plaintiffs.  I understand that Plaintiffs either did not respond or responded to another point without addressing the request. *See* Ardalan Decl. Ex. 16 and 17.

8.    We also paid Plaintiffs the nominal amount of money owed to them for the sets at issue in this lawsuit, on or around March 18, 2026. Attached as **Exhibit B** are true and correct copies of checks and wire receipts made to Plaintiffs.   There are no additional payments to Robert Christian Wolf because none of his works at issue in this lawsuit were licensed by Backgrid. I am informed by BackGrid's accounting department that Plaintiffs have attempted to return the funds.

9.    I reviewed the documents produced by Plaintiffs on or around October 29, 2025, which purport to be "examples of infringing evidence," which include Thibault 012973-13715. *See* Ardalan Decl., Ex. 8 (Oct. 29, 4:12 PM email

**DECLARATION OF ALEX KANTIF IN SUPPORT OF MOTION FOR SANCTIONS AGAINST PLAINTIFFS AND THEIR COUNSEL**

message). These documents are screenshots, and I was able to determine that the screenshots were of BackGrid's Confidential Client Portal.

10. From my review of Thibault 012973-13715, I was able to determine that there was only one "client" who had access to the Confidential Client Portal and viewed each of the sets identified: the account was requested by "Emily Carter", who emailed BackGrid's sales team posing as a production assistant for a purported Netflix documentary, "Hollywood Uncovered," and requested access for "research." The "Emily Carter" account had access to the Confidential Client Portal for approximately 14 months. I reviewed the email records from Emily Carter and the activity log, which include the IP addresses tracked, and determined that Emily Carter shared IP addresses with Thibault Mauvilain when he submitted photographs to BackGrid through BackGrid's Contributor Portal. True and correct copies of those records are attached hereto as **Exhibits C, D, E**. BackGrid cut off "Emily Carter's" access when Plaintiffs finally produced the screenshots on or around October 29, 2025, and BackGrid was able to match "Emily Carter's" IP address against Mauvilain's IP address.

11. Prior to founding BackGrid USA, Inc., I worked as a professional photographer. I understand how metadata works and frequently examine metadata as part of my day-to-day work. Among other things, I use Adobe Lightroom to examine the metadata of photos as needed. During this litigation, I examined the metadata of the native files provided by Plaintiffs. Among other issues, I noticed that in some instances the "metadata date" had a date that was after the date the litigation was filed. For example, I reviewed Mr. Duplaquet's deposition transcript and saw that he was asked about the "Metadata Date" of some of these photos. The Metadata Date means the most recent date the metadata has been changed within the file. If the "Metadata Date" was after the date he purportedly submitted the photos to the agencies, then the metadata has been changed. *See* Ardalan Decl. Ex. 27 (Duplaquet) at 169:4-13; 171:11-14; 173:15-20; 177:16-178:14.

4

**DECLARATION OF ALEX KANTIF IN SUPPORT OF MOTION FOR SANCTIONS
AGAINST PLAINTIFFS AND THEIR COUNSEL**

Docusign Envelope ID: FB0C2A96-EF8D-8299-81AE-A32F62166FE3

I declare under penalty of perjury under the laws of the United States that the facts stated herein are true and correct.

Date: 7/31/2026

Signed by:

247575503CE444C...

Alex Kantif

5

**DECLARATION OF ALEX KANTIF IN SUPPORT OF MOTION FOR SANCTIONS AGAINST PLAINTIFFS AND THEIR COUNSEL**