# Exhibit 1

 Outlook

---

**RE: Mauvilian v. Flynet Pictures, LLC, 2:25-cv-2757-FLA-MAA- IDC**

---

**From** Jo Ardalan <jardalan@onellp.com>

**Date** Fri 1/16/2026 11:44 AM

**To** Ryan Carreon <rcarreon@whitewoodlaw.com>

**Cc** sheila <sheila@mojtehedi.com>; Shengmao Mu <smu@whitewoodlaw.com>; David Sergenian <david@sergenianlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Evan Littman <elittman@onellp.com>; David Quinto <dquinto@onellp.com>; Elizabeth Guzman <egcrimparalegal@gmail.com>; Abby Neu <aneu@whitewoodlaw.com>; Michael Mitchell <mmitchell@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>

---

🖈 1 attachment (19 KB)

Copy of BackGrid Set Numbers 01-15-26.xlsx;

Ryan,

Since the beginning of this case, we have asked you countless times to identify the copyrighted works at issue. From April 2025 until August 2025, you provided us nothing. In August 2025, you provided a PDF that was simply a collection of photos, not tethered to the registrations or even the plaintiff, and not even screenshots. That PDF was not useful to us. After serving discovery requests, plaintiffs were still not forthcoming about a very simple issue: What are the copyrighted works at issue in this case?  Forcing us to file a request for an Informal Discovery Conference, you finally produced screenshots of "some" of the copyrighted works at issue on October 3, 2025, 6 months after the lawsuit was filed. These screenshots were of Backgrid's client portal.

As you know, those files were obtained through fraud. Your client created a fake identity to gain access to BackGrid's client-only, password protected portal claiming "she" was producing a documentary for Netflix. BackGrid gave "her" access from August 23, 2024, until October 2025.  We produced the IP traffic of your clients unlawfully accessing the portal for dozens and dozens of hours, which you well knew about. It certainly wasn't news to you at the IDC that they had engaged in these tactics. This fraud will be subject to a counterclaim against each of your clients when we answer.

We asked if the Photos Identified Through Plaintiffs' Fraud were the full scope of the copyrighted works. You said they were not.  We proceeded to IDC No. 1 with the Court and spent all day with your side ***helping you*** figure out how to identify the copyrighted works.  As you know, the Court ordered us to bring an IT person to the IDC to help explain the system.  Backgrid brought two representatives to the IDC: The head of IT, Roberto Gasperis, and the architect of the client portal, Alex Kantif. The Court praised how cooperative they were in helping you and by answering all of your questions, some of which, as the Court acknowledged, were inappropriate and beyond the scope of the discovery dispute.   In the end, the Court adopted a proposal we made within the first hour of the IDC: give you access to the client portal for a reasonable period. At this point, we had produced documents showing that the Photos Identified Through Plaintiffs' Fraud had licenses valued less than $2,000 (with the photographer receiving a commission less than the license value) Still, you wanted more time with the portal, which we provided per our agreement with the Court.

On January 12, 2026, you produced the set numbers of the purported "copyrighted works" that plaintiffs think are at issue. We explained to you at the IDC that the **total value of licenses for the photos IDed through fraud and the ones IDed recently is $4,491 (again, the photographers would get a commission based on this—not the full amount).  That OVERSTATED the license fee because some of the set numbers you produced previously were double counted because I didn't realize you included them in your spreadsheet again. In other words, I thought there were just the new set numbers.  (Note that the dates for each license reflects the date of invoice, not the date of the license.) In other words, the TOTAL license value of this case is $2,931.16, spread across seven plaintiffs. As you know, the value to your clients is at most 70% of the same.**

**None of these licenses were issued after the date of registration. So, you will never get attorney's fees and statutory damages.**

**As I have been saying to you: This is a small claims case that should have been filed in LA Superior Court. In fact, it should never have been filed because Backgrid would have been more than happy to make a payment to correct accounting errors. As you well know, BackGrid has a long history of paying photographers hundreds of thousands of dollars—why would it be invested in not paying a couple thousand dollars? That will never make sense to a jury.**

Unfortunately, you have taken another path.  As we discussed ad nauseum at the second IDC, your copyright claims will never go to trial, if they even survive the motion to dismiss, which they should not. They will never make it beyond summary judgment.   CMI claims are hard to prove in the best of circumstances, but here, you have 1) no infringement, which is required as a threshold matter, 2) no efforts to conceal infringement—you met Alex and saw how hard he works to keep the accounting correct—you also have license agreements between your clients and the defendants—you will never show concealment, 3) double scienter requirements will certainly fail, especially with the history of licensing between your clients and defendants, 4) you have no evidence (and no evidence exists) that Backgrid changed the CMI.

The reality is there is only one side who will get their fees: Defendants. We have no exposure to fees under a 504 path. Under a 1202 path, you have 0% chance of proving the CMI claim if it survives the motion to dismiss, which it likely won't. We will get our fees on that, too.

Defendants have spent well over 6-figures in this case for Plaintiffs to finally tell us what is at issue.

I'm writing this email to you because your side needs to seriously consider its next steps in deciding whether to move this case forward.  Our magistrate judge was certainly not impressed by the licensing history (***even when inflated***) and said it was "unthinkable" for this case to move forward under this set of facts.  I will repeat what I said at the IDC: Do not expect a walk away in a couple of months when you are exhausted fighting over a few thousand dollars.  Defendants will be getting their fees. Now is the moment for a walk away—I can't promise it to you after we spend more money, now that we all know that the full universe of this case is valued at less than the cost of repairing the scratch on a car. Candidly, a walk away at this point is generous, considering the cost it took us to get here.

On another note, should you continue pursuing this action, we will need to revisit our Rule 11 motion we discussed earlier with respect to BackGrid Inc. and a 1927 motion, unfortunately. As you probably know, 1927 provides that the attorney is personally responsible for fees and costs if they multiply proceedings in any case unreasonably and vexatiously.  "Any

attorney [] who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Pursuing this case is not a good use of our time, but more importantly, it is not a good use of our judge's time, who has to divide it between the important habeas corpus issues he is inundated with now and this $3,000 case. Let's please have a sober look at what we are doing.

I suggest we walk away now. I strongly suggest you do not force Defendants to spend another penny on this case. This is your only opportunity for a walk away. Next time we talk settlement, we will be adding our fees to the offer, because it is truly outrageous for this case to move forward, as our magistrate judge acknowledged to us all.

Jo

--

**Jo Ardalan**
**Partner**

**one llp**

Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice*:  *If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it. This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** Ryan Carreon <rcarreon@whitewoodlaw.com>
**Sent:** Thursday, January 15, 2026 8:14 AM
**To:** Jo Ardalan <jardalan@onellp.com>
**Cc:** Sheila Mojtehedi <sheila@mojtehedi.com>; Shengmao Mu <smu@whitewoodlaw.com>; David Sergenian <david@sergenianlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Evan Littman <elittman@onellp.com>; David Quinto <dquinto@onellp.com>; Elizabeth Guzman <egcrimparalegal@gmail.com>; Abby Neu <aneu@whitewoodlaw.com>; Michael Mitchell <mmitchell@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>
**Subject:** Re: Mauvilian v. Flynet Pictures, LLC, 2:25-cv-2757-FLA-MAA- IDC

Hi Jo,

Following up on the spreadsheet. Thank you.

On Wed, Jan 14, 2026 at 11:41 AM Ryan Carreon <rcarreon@whitewoodlaw.com> wrote:

> Hi Jo,
>
> Can you please send us the spreadsheet you mentioned at the IDC yesterday? Thank you.
>
>
> On Mon, Jan 12, 2026 at 7:53 PM Ryan Carreon <rcarreon@whitewoodlaw.com> wrote:
>
>> Jo,
>>
>> Attached is a spreadsheet of the BackGrid set codes. As per my previous email, the underlying screenshots will be produced as soon as we are able to finish reviewing and sorting the information.
>>
>> On Mon, Jan 12, 2026 at 4:49 PM Shengmao Mu <smu@whitewoodlaw.com> wrote:
>>
>>> Hi Sheila,
>>>
>>> I think Mr. Cosman needs to show up despite not being specifically "ordered" to appear as he has personal knowledge of the discoverable information and his appearance would facilitate the IDC. What is his reason for not showing up? The IDC was scheduled a long time ago. If he has any time conflict, he should have let us know whenever possible but not the night before the IDC.
>>>
>>> Also, you promised to produce documents by mid December last year. We received nothing so far. What happened?
>>>
>>> Best,
>>>
>>> Sam (Shengmao) Mu  | Principal Attorney
>>>
>>> Whitewood Law PLLC
>>>
>>> 57 West 57th Street
>>> 3rd and 4th Floors
>>> Manhattan, NY, 10019

Tel: (917)858-8018

Fax: (917)591-0618

Email: smu@whitewoodlaw.com

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

On Mon, Jan 12, 2026 at 4:44 PM Sheila Mojtehedi <sheila@mojtehedi.com> wrote:

Hi everyone,

Jo is correct that Mr. Cosman was not ordered to appear for this conference or the prior conference. I am prepared to discuss efforts to locate responsive documents. See you tomorrow.

Best regards,

 **Sheila Mojtehedi**
Sheila Mojtehedi PC
www.mojtehedi.com
T: 323.412.0472

CONFIDENTIALITY NOTICE

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately. Thank you.

On Mon, Jan 12, 2026 at 4:01 PM Shengmao Mu <smu@whitewoodlaw.com> wrote:

Jo,

I think Ryan was responding to Sheila as she was asking for our consent. We are not "dragging" him into this.

We will produce our findings later today.

Best,

Sam (Shengmao) Mu | Principal Attorney

Whitewood Law PLLC

57 West 57th Street

3rd and 4th Floors

Manhattan, NY, 10019

Tel: (917)858-8018

Fax: (917)591-0618

Email: smu@whitewoodlaw.com

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

On Mon, Jan 12, 2026 at 3:58 PM Jo Ardalan <jardalan@onellp.com> wrote:

I remind you that he was never ordered to appear in the first place. He came as a courtesy to everyone the first time to address the ID of the photographs issue. I don't think it is necessary to drag him into this.

You have stipulated to providing us with the photos that you think are at issue in this case by end of day today. When will we receive those?

--
**Jo Ardalan**
**Partner**



**one llp**

Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

**From:** Ryan Carreon <rcarreon@whitewoodlaw.com>
**Sent:** Monday, January 12, 2026 3:55 PM
**To:** Sheila Mojtehedi <sheila@mojtehedi.com>
**Cc:** Jo Ardalan <jardalan@onellp.com>; Shengmao Mu <smu@whitewoodlaw.com>; David Sergenian <david@sergenianlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Evan Littman <elittman@onellp.com>; David Quinto <dquinto@onellp.com>; Elizabeth Guzman <egcrimparalegal@gmail.com>; Abby Neu <aneu@whitewoodlaw.com>; Michael Mitchell <mmitchell@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>
**Subject:** Re: Mauvilian v. Flynet Pictures, LLC, 2:25-cv-2757-FLA-MAA- IDC

Hi Sheila,

As you know, our IDC request for the Flynet Defendants concerns the efforts Flynet undertook to locate responsive documents. Since Mr. Cosman is the corporate representative, I think it makes sense for him to appear tomorrow.

On Mon, Jan 12, 2026 at 2:06 PM Sheila Mojtehedi <sheila@mojtehedi.com> wrote:

All,

I do not believe Mr. Cosman was ordered to attend the IDC. Please confirm you agree to Mr. Cosman not being present.

Best regards,





CONFIDENTIALITY NOTICE

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately. Thank you.

On Mon, Jan 12, 2026 at 11:51 AM Jo Ardalan <jardalan@onellp.com> wrote:

All:

Please send us any of your new findings after having access to the client portal.

Regards,
Jo

--
**Jo Ardalan**
**Partner**

**one llp**

Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

_Notice_:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.

**From:** Ryan Carreon <rcarreon@whitewoodlaw.com>
**Sent:** Thursday, January 8, 2026 11:09 AM
**To:** Shengmao Mu <smu@whitewoodlaw.com>
**Cc:** Jo Ardalan <jardalan@onellp.com>; David Sergenian <david@sergenianlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Evan Littman <elittman@onellp.com>; David Quinto <dquinto@onellp.com>; sheila_mojtehedi.com <sheila@mojtehedi.com>; Elizabeth Guzman <egcrimparalegal@gmail.com>; Abby Neu <aneu@whitewoodlaw.com>; Michael Mitchell <mmitchell@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>
**Subject:** Re: Mauvilian v. Flynet Pictures, LLC, 2:25-cv-2757-FLA-MAA- IDC

Hi Jo,

We agree that the IT folks can be excused from the upcoming IDC.

On Wed, Jan 7, 2026 at 11:33 PM Shengmao Mu <smu@whitewoodlaw.com> wrote:

Hello Jo,

We will get back to you tomorrow.

Thank you

Sam (Shengmao) Mu  | Principal Attorney

Whitewood Law PLLC

57 West 57th Street
3rd and 4th Floors
Manhattan, NY, 10019

Tel: (917)858-8018
Fax: (917)591-0618
Email: smu@whitewoodlaw.com

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

On Wed, Jan 7, 2026 at 7:26 AM Jo Ardalan <jardalan@onellp.com> wrote:

Following up.

--
**Jo Ardalan**
**Partner**



Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

**From:** Jo Ardalan
**Sent:** Tuesday, January 6, 2026 11:07 AM
**To:** Ryan Carreon <rcarreon@whitewoodlaw.com>
**Cc:** Shengmao Mu <smu@whitewoodlaw.com>; David Sergenian <david@sergenianlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Evan Littman <elittman@onellp.com>; David Quinto <dquinto@onellp.com>; sheila_mojtehedi.com <sheila@mojtehedi.com>; Elizabeth Guzman <egcrimparalegal@gmail.com>; Abby Neu <aneu@whitewoodlaw.com>; Michael Mitchell <mmitchell@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>
**Subject:** RE: Mauvilian v. Flynet Pictures, LLC, 2:25-cv-2757-FLA-MAA- IDC

All:

Let me know your thoughts on this.

Regards,
Jo

--
**Jo Ardalan**
**Partner**

one llp

Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

**From:** MAAChambers <MAA_Chambers@cacd.uscourts.gov>
**Sent:** Tuesday, January 6, 2026 10:49 AM
**To:** Jo Ardalan <jardalan@onellp.com>; MAAChambers <MAA_Chambers@cacd.uscourts.gov>; Ryan Carreon <rcarreon@whitewoodlaw.com>
**Cc:** Shengmao Mu <smu@whitewoodlaw.com>; David Sergenian <david@sergenianlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Evan Littman <elittman@onellp.com>; David Quinto <dquinto@onellp.com>; sheila_mojtehedi.com <sheila@mojtehedi.com>; Elizabeth Guzman <egcrimparalegal@gmail.com>; Abby Neu <aneu@whitewoodlaw.com>; Michael Mitchell <mmitchell@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>
**Subject:** RE: Mauvilian v. Flynet Pictures, LLC, 2:25-cv-2757-FLA-MAA- IDC

Good morning Counsel,

Judge Audero is willing to excuse BackGrid's IT people from the upcoming informal discovery conferences to be held on January 13th provided all parties are in agreement that they are not necessary. Please meet and confer with all parties and send one email confirming (or disaffirming) agreement by all parties with BackGrid's proposal to excuse their IT team.

Thank you,
Chambers of Judge Audero

---

**From:** Jo Ardalan <jardalan@onellp.com>
**Sent:** Tuesday, January 6, 2026 10:45 AM
**To:** MAAChambers <MAA_Chambers@cacd.uscourts.gov>; Ryan Carreon <rcarreon@whitewoodlaw.com>
**Cc:** Shengmao Mu <smu@whitewoodlaw.com>; David Sergenian <david@sergenianlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Evan Littman <elittman@onellp.com>; David Quinto <dquinto@onellp.com>; sheila_mojtehedi.com <sheila@mojtehedi.com>; Elizabeth Guzman <egcrimparalegal@gmail.com>; Abby Neu <aneu@whitewoodlaw.com>; Michael Mitchell <mmitchell@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>
**Subject:** RE: Mauvilian v. Flynet Pictures, LLC, 2:25-cv-2757-FLA-MAA- IDC

 **CAUTION - EXTERNAL:**

Good morning,

We serve as counsel for BackGrid USA, Inc., Backgrid Inc., and Shutterstock, Inc. in *Mauvilian v. Flynet Pictures, LLC*, 2:25-cv-2757-FLA-MAA. Counsel for the other parties are cced here.

We have an IDC scheduled for January 13 at 1 p.m. At our previous IDC, the Court required that BackGrid USA, Inc. produce an IT person to assist with answering questions about the client portal. Our understanding is that the questions about the portal have now been addressed and the upcoming IDC will cover the other discovery disputes. For that reason, may BackGrid's IT people be excused from attending the January 13 hearing?

Thank you.

Sincerely,
Jo Ardalan

--
**Jo Ardalan**
**Partner**

**one llp**

Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice: If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it. This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** Jo Ardalan <jardalan@onellp.com>
**Sent:** Tuesday, December 16, 2025 7:54 PM
**To:** MAAChambers <MAA_Chambers@cacd.uscourts.gov>; Ryan Carreon <rcarreon@whitewoodlaw.com>
**Cc:** Shengmao Mu <smu@whitewoodlaw.com>; David Sergenian <david@sergenianlaw.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Evan Littman <elittman@onellp.com>; David

Quinto <dquinto@onellp.com>; sheila_mojtehedi.com <sheila@mojtehedi.com>; Elizabeth Guzman <egcrimparalegal@gmail.com>; Abby Neu <aneu@whitewoodlaw.com>; Michael Mitchell <mmitchell@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>
**Subject:** RE: Mauvilian v. Flynet Pictures, LLC, 2:25-cv-2757-FLA-MAA- Proposed Order

Good evening,

We serve as counsel for BackGrid USA, Inc., Backgrid Inc., and Shutterstock, Inc. in  Mauvilian v. Flynet Pictures, LLC, 2:25-cv-2757-FLA-MAA. Counsel for the other parties are cced here.

At the end of the December 11, 2025 informal discovery conference, the Court asked the parties to jointly draft a proposed order and submit it to the Court in word format.  The attached document is a proposed order that is approved by all parties.

Thank you.

Sincerely,
Jo Ardalan

--
**Jo Ardalan**
**Partner**

## one llp

Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice*:  *If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.