# Exhibit 7

 Outlook

---

**RE: Mauvilain v. Flynet- Missing Documents and Plaintiffs' Spoliation of Evidence**

---

**From** Jo Ardalan <jardalan@onellp.com>

**Date** Fri 6/12/2026 1:32 PM

**To** Ryan Carreon <rcarreon@whitewoodlaw.com>

**Cc** David Sergenian <david@sergenianlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Shengmao Mu <smu@whitewoodlaw.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Megan Dell <mdell@onellp.com>

All:

Please fill out your portion of the request below so that we can get it to the Court on Monday. Please include times/dates you are available.  Your statement may not be longer than three sentences per issue.

Regards,
Jo

To the Court:

We serve as counsel for BackGrid USA, Inc., Backgrid Inc., and Shutterstock, Inc. in  *Mauvilian v. Flynet Pictures, LLC*, 2:25-cv-2757-FLA-MAA. Counsel for the other parties are cced here.

BackGrid USA, Inc., Backgrid Inc., and Shutterstock, Inc. request an IDC with the Court.

1. **The Parties are available on**:
2. **Discovery cutoff**: September 18, 2026 (Dkt. 109)
3. **Neutral Statement of the Issues in Dispute**:
    a. **Issue 1**: Plaintiffs have not produced the native files they submitted to Defendants which form the basis of their Copyright Management Information removal claim.
    b. **Issue 2**: Plaintiff Kyndt did not appear for deposition.
4. **Moving Parties Statement**:
    a. **Issue 1**: Plaintiffs' 1202 claim relies on their allegations that they submitted native files to Defendants that contained metadata that provided their name and other copyright management information, which, they allege were altered or removed by Defendants to conceal infringement. During deposition, it was revealed that the files produced by Plaintiffs were spoliated with updated CMI years after the submission to Defendants (but shortly before the submission of the files to the Copyright Office) and that certain Plaintiffs had not produced the files at all.  Defendants emailed

Plaintiffs five times requesting a conference of counsel, but Plaintiffs have not responded in substance and have not agreed to a meet and confer call.

b. **Issue 2**: Plaintiff Kyndt was scheduled to appear at deposition on June 12, which was ***agreed upon*** by the parties and which was scheduled to accommodate an issuance of a visa to travel to the US. On May 15, counsel represented the visa was ***granted*** and that Kyndt would appear on June 12, but less than 24 hours before the deposition, on June 11, Plaintiffs represented the visa was ***not granted***, thus justifying his non-appearance, and Plaintiffs have not provided alternative dates. Defendants confronted Plaintiffs on this inconsistency in writing but they have not provided a response and have not responded to requests for calls that were made in connection with Issue 1.

5. **Non-Moving Parties' Statement**:

--
**Jo Ardalan**
**Partner**

# one llp

Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice*: *If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it. This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** Jo Ardalan
**Sent:** Thursday, June 11, 2026 2:20 PM
**To:** Ryan Carreon <rcarreon@whitewoodlaw.com>
**Cc:** David Sergenian <david@sergenianlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Shengmao Mu <smu@whitewoodlaw.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Megan Dell <mdell@onellp.com>
**Subject:** RE: Mauvilain v. Flynet- Missing Documents and Plaintiffs' Spoliation of Evidence

All:

Following up again. This is now my fifth email asking for a call to discuss this very important issue. It appears you are unwilling to have a call to discuss your clients' submitted native files that should have been part of your the most basic Rule 11 review prior to filing this complaint. You either do not have access to them or you are unwilling to produce them. I will be seeking Court intervention on Monday as we cannot get a meaningful response from you.

Regards,
Jo

--
**Jo Ardalan**
**Partner**



**one llp**

Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** Jo Ardalan
**Sent:** Wednesday, June 10, 2026 11:55 AM
**To:** 'Ryan Carreon' <rcarreon@whitewoodlaw.com>
**Cc:** 'David Sergenian' <david@sergenianlaw.com>; 'Abby Neu' <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; 'Shengmao Mu' <smu@whitewoodlaw.com>; 'Sheila Mojtehedi' <sheila@mojtehedi.com>; 'Ryan Baker' <rbaker@whitewoodlaw.com>; 'Keaton Smith' <ksmith@whitewoodlaw.com>; Megan Dell <mdell@onellp.com>
**Subject:** RE: Mauvilain v. Flynet- Missing Documents and Plaintiffs' Spoliation of Evidence
**Importance:** High

Ryan,

Following up again. This is now my fourth email asking for clarification about your production and asking for a call.

Please keep in mind that we have a deposition on Friday and I want the files and the information sufficiently before that deposition so I can review them.  I remind you that your side refused to take the deposition of Defendants because David represented that you were unable to review less 1000 documents within a week (and 30% of those files were redacted tax files that related to other contributors).  The native files should include many thousands of documents and now I have under two days to review them.

I also remind you that your side took the position that you had no time to further meet and confer with me about your joint stipulation given the case schedule.  The joint stipulation you served (again for the third time) was for documents that the Court already said you don't need. The documents we are talking about now fit squarely within your R 26 obligations—if you don't have these files, you can never meet your burden on your CMI claim, assuming you have pleaded the claim. If you can't meet and confer with us to discuss documents the Court said you don't need—where does that put us with respect to the most basic of documents that should have been produced with your initial disclosures?

Regards,
Jo

--
**Jo Ardalan**
**Partner**

**one llp**

Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** Jo Ardalan
**Sent:** Tuesday, June 9, 2026 6:14 PM
**To:** 'Ryan Carreon' <rcarreon@whitewoodlaw.com>
**Cc:** 'David Sergenian' <david@sergenianlaw.com>; 'Abby Neu' <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; 'Shengmao Mu' <smu@whitewoodlaw.com>; 'Sheila Mojtehedi' <sheila@mojtehedi.com>; 'Ryan Baker' <rbaker@whitewoodlaw.com>; 'Keaton Smith' <ksmith@whitewoodlaw.com>; Megan Dell <mdell@onellp.com>
**Subject:** RE: Mauvilain v. Flynet- Missing Documents and Plaintiffs' Spoliation of Evidence

Ryan:

I have not received a response from you.  Please respond to my question about the submitted files and let me know when you are available for a call.

Regards,
Jo

--
**Jo Ardalan**
**Partner**

**one llp**

Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** Jo Ardalan
**Sent:** Monday, June 8, 2026 5:05 PM
**To:** 'Ryan Carreon' <rcarreon@whitewoodlaw.com>
**Cc:** David Sergenian <david@sergenianlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Shengmao Mu <smu@whitewoodlaw.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Megan Dell <mdell@onellp.com>
**Subject:** RE: Mauvilain v. Flynet- Missing Documents and Plaintiffs' Spoliation of Evidence

Ryan:

Why do you need deposition transcripts to address whether you have produced the files your clients purportedly submitted to FlyNet/FameFlynet? This is the center of your CMI claim, which is the claim you contend is the crux of this case.

Are Plaintiffs unsure about whether or not you have produced unspoliated files that were actually submitted to Defendants?

Please let me know when you are available for call to confer under 37-1.

Regards,
Jo

--
**Jo Ardalan**
**Partner**

# one llp

Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice*:  *If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** Ryan Carreon <rcarreon@whitewoodlaw.com>
**Sent:** Monday, June 8, 2026 4:51 PM
**To:** Jo Ardalan <jardalan@onellp.com>
**Cc:** David Sergenian <david@sergenianlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Shengmao Mu <smu@whitewoodlaw.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Megan Dell <mdell@onellp.com>
**Subject:** Re: Mauvilain v. Flynet- Missing Documents and Plaintiffs' Spoliation of Evidence

Jo,

Your email raises a number of issues concerning multiple Plaintiffs, multiple depositions, document collections, metadata, written discovery responses, and purported deposition testimony. We are reviewing those issues, but the 5 p.m. deadline you imposed is not practicable under the circumstances.

Among other things, six Plaintiffs have been deposed over the past couple of weeks, but we have received transcripts for only two of those depositions. Because much of your email relies on your characterization of deposition testimony, we are not in a position to fairly evaluate, confirm, or respond to several of the points raised until the relevant transcripts have been completed. We need a reasonable opportunity to review the relevant testimony and client-specific facts before providing any substantive response.

Accordingly, Plaintiffs cannot provide the substantive response you demanded by 5 p.m. today. Given the number and nature of the issues raised, the parties should proceed in an orderly written manner after the relevant transcripts are available. To facilitate that process, please provide the specific deposition testimony on which you rely, with transcript citations once the transcripts are available. Once we have the relevant transcripts and citations, we will review and respond as appropriate.

With respect to your request to record calls, we do not agree to record meet-and-confer calls. Given the nature of the issues raised in your email, we believe the more productive course is for the parties to address these issues in writing in the first instance so there is a clear record of each side's position.

On Thu, Jun 4, 2026 at 1:54 PM Jo Ardalan <jardalan@onellp.com> wrote:

All:

As you know, the depositions thus far have provided some surprising testimony from Plaintiffs revealing spoliation of evidence and the withholding of documents that Plaintiffs will need to rely on in this case.

Plaintiffs' entire case relies on photos they submitted to FlyNet or FameFlyNet with metadata that included their copyright information and authorship.  For that reason:

1.    Plaintiffs' Initial Disclosures identified "Native files of the photographs at issue containing relevant metadata."
2.    **Interrogatory No. 1** expressly required that Plaintiffs: "IDENTIFY the copyright management information provided to the AGENCIES RELATING TO the WORKS. "IDENTIFY" as used in Interrogatory 1 means: (i) identify the information conveyed in connection with the WORKS, as defined in 17 U.S.C. § 1202(c); (ii) identify how such information was conveyed in connection with the WORKS; (iii) identify to whom the copyright management information was provided; (iii) identify who provided the copyright management information to the AGENCIES; (iv) identify who created the copyright management information."
3.    **RFP 36** required that Plaintiffs: Produce all original files YOU submitted to Flynet Pictures, LLC. The files must be produced in the native format, as submitted.
4.    **RFP 37** required that Plaintiffs: Produce all original files YOU submitted to FameFlynet, Inc. The files must be produced in the native format, as submitted.
5.    **RFP 38** required that Plaintiffs: Produce all original files YOU submitted to Backgrid Inc. The files must be produced in the native format, as submitted.
6.    **RFP 39** required that Plaintiffs: Produce all original files YOU submitted to Backgrid USA Inc. The files must be produced in the native format, as submitted.
7.    **RFP 40** required that Plaintiffs: Produce all original files YOU submitted to Shutterstock Inc. The files must be produced in the native format, as submitted.
8.    There are also a number of other RFPs that also required the production of these documents, including 77-86, among others.

You have said multiple times, including to Judge Audero, that your production is "complete." It is not.

When I asked previously about the native files produced to the Agencies, Shengmao represented that they were the same files attached to the copyright registrations that have been produced to us.  While some of the plaintiffs have testified that is correct, the same plaintiffs testified that they submitted only edited files to the Agencies and the files attached to their copyright registrations are raw or original files—i.e. not the files submitted to the Agencies.

Significantly, several of the plaintiffs have testified that they have not even produced the original, native files sent to the Agencies.

It has also come to our attention that the native files produced by the Plaintiffs have been intentionally spoliated. Wolf testified that Mauvilain included information in his files to confirm his ownership although he apparently did not understand either IPTC data or how his HansCastrop byline appeared in his files—a byline he testified he only once used and regretted using even that one time. Even without that testimony, the altered metadata speaks for itself. Duplaquet testified that he had never altered any metadata of any file submitted in this case, but when confronted with a 12/24 "Metadata Date"—just months before the copyright registrations were submitted— he stated that he updated his LA address in December 2024—which is implausible as he also testified he was living in France in 2024.

In addition, various Plaintiffs have also testified that they did not search for responsive documents, including Mauvilain, among other plaintiffs, who also admitted to having written communications with the other Plaintiffs about this lawsuit that were not produced.

We urgently need the files that should have been produced at the outset of this case in addition to the files related to the new copyright registrations that you slipped into the Second Amended Complaint, notwithstanding that the Court gave leave to amend to plead a mere claim (which you had not in the First Amended Complaint), not to add new copyright registrations in, in clear violation of *Fourth Estate v. Wall-Steet.com,* 586 U.S. 394 (2019).

We trust that plaintiffs' counsel did a sufficient Rule 11 review of their clients' documents prior to filing suit. If so, you would have all the native files submitted to the Agencies readily available to you.

**By 5 pm on Monday, June 8, we will need:**
1.    All native files submitted to the Agencies.  Unfortunately, while it should go without saying, I must reiterate to you that you must not submit to us spoliated, altered files.
2.    An updated response to Rog 1 on behalf of each of the plaintiffs.
3.   Have each of your clients perform a diligent search for documents that they testified they did not do. Among other things, produce the communications among them about this lawsuit (RFPs 90-96), documents related to payments made by the agencies (RFPs 65-69), and search for communications with the agencies in the email boxes that they failed to review.

As always, we ask your permission to record our call about these very important issues.  In the past, you have declined our multiple requests to record calls, but after almost every call in which I send a confirming message, you have represented that my written follow-up communication misrepresented the call without explanation. If you really believed the

confirming emails were incorrect, you should welcome the opportunity to record our calls. Let me know your position on this.

Regards,
Jo

--
**Jo Ardalan**
**Partner**

**one llp**

Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*