# Exhibit 9-5

DAVID A. SERGENIAN, State Bar No. 230174
david@sergenianlaw.com
**SERGENIAN LAW, P.C.**
2355 Westwood Blvd. #529
Los Angeles, CA  90064
Tel.: (213) 435-2035

SHENGMAO MU, State Bar No. 327076
smu@whitewoodlaw.com
**WHITEWOOD LAW, P.C.**
99 S. Alameda Blvd., Suite 600
San Jose, CA  95113
Tel.: (917) 858-8018
Fax: (917) 591-0618

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIBAULT MAUVILAIN, et al., | Case No. 2:25–cv–2757–FLA–MAA |
| Plaintiffs, | Hon. Fernando L. Aenlle-Rocha |
| v. | **PLAINTIFF STEPHANE KYNDT'S SUPPLEMENTAL RESPONSES TO FIRST SET OF INTERROGATORIES** |
| FLYNET PICTURES, LLC, et al., | |
| Defendants. | |

Plaintiff Stephane Kyndt (hereinafter "Responding Party") provides these supplemental responses to Defendants' ("Propounding Party") Interrogatories as follows:

**PRELIMINARY STATEMENT**

Investigation and discovery by Responding Party are continuing and are not complete. As discovery proceeds, witnesses, facts, evidence and other information may be discovered that are not set forth herein, but that may have been responsive. Facts and evidence now known may be imperfectly understood, or the relevance or consequences of such facts and evidence may be imperfectly understood, and, accordingly, such facts and evidence may, in good faith, not be included in the following responses.

Responding Party reserves the right to refer to, conduct discovery with reference to, or offer into evidence at trial any and all such witnesses, facts, and evidence, notwithstanding the absence of or reference to such witnesses, facts, and evidence in these responses. Finally, because some of these responses may have been ascertained by Responding Party's attorneys and investigators, Responding Party may not have personal knowledge of the information from which such responses were derived.

Responding Party submits these responses subject to, without waiver of, and expressly preserving, the right at any time to amend, revise, correct, supplement, or clarify any of the objections and responses herein at any time, up to and including trial. Responding Party also submits these responses subject to, without waiver of, and expressly preserving: (a) any objections as to the competency, relevance, materiality, privilege, or admissibility of any of the responses or any of the documents identified in any response hereto; (b) the right to object to other discovery procedures involving or relating to the subject matter of the responses herein; (c) the right to object on any ground, at any time, to such other or supplemental Interrogatories Propounding Party may at any time propound, involving or relating to the subject matter of this set of Interrogatories. Responding Party hereby expressly preserves all rights, remedies and recourse against Propounding Party with respect to discovery and otherwise. Inadvertent production,

- 1 -

SUPPLEMENTAL RESPONSES TO FIRST SET OF INTERROGATORIES

revelation or identification of privileged information by Responding Party is not a waiver of any applicable privilege.

Additionally, Responding Party has not completed investigation of the facts and documents relating to this action and has not completed trial preparation. Consequently, Responding Party responds to each Interrogatory to the best of Responding Party's present, existing knowledge. Responding Party reserves the right to amend, revise, correct, supplement, or clarify any of the objections and responses herein pursuant to any facts or information gathered at any time subsequent to the date of this response. Moreover, the responses contained herein are not intended to and shall not preclude Responding Party from making any contentions or relying upon any facts or documents at trial, whether or not identified or relied upon herein, which result from subsequently discovered information and/or evidence.

## GENERAL OBJECTIONS

Responding Party makes the following general objections with respect to the information and/or the documents that may be produced:

1. Responding Party objects to each Interrogatory to the extent that it requests information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege and Responding Party will not produce such information. To the extent any information is inadvertently produced, such production is not intended as any waiver of the attorney-client privilege or any applicable privilege.

2. Responding Party objects to the requests on the ground that the information and/or documents sought are not relevant to the subject matter of this action nor are they proportionate to the needs of the case.

3. Responding Party objects to the requests on the ground that the requests are overbroad, vague and ambiguous.

4. Responding Party objects to the requests on the ground that the requests seek information and/or documents that are equally available to the requesting party, its agents, privies and assigns.

- 2 -

SUPPLEMENTAL RESPONSES TO FIRST SET OF INTERROGATORIES

5.      Responding Party objects to the requests on the ground that the requests seek confidential personal financial information and/or documents relating to Responding Party's personal financial affairs.

6.      Responding Party objects to the requests on the ground that the requests seek income tax returns or information derived therefrom.

7.      Responding Party reserves the right to object to the introduction into evidence, at the trial or arbitration or any other proceeding, of any information and/or documents produced pursuant to the requests on any ground, including, without limitation, applicable privilege, competence, relevance, materiality, propriety information and admissibility.

8.      Responding Party objects to the requests on the ground that the information and/or documents requested have been previously produced and/or made available in this litigation or prior to this litigation.

9.      Responding Party objects to the requests on the ground that the individual requests are compound, conjunctive or disjunctive.

10.      Responding Party objects to the requests on the ground that the individual requests are not complete in and of themselves and are, therefore, impermissible.

11.      Responding Party objects to the requests on the ground that the individual requests call for a legal conclusion or an expert opinion.

12.      Nothing herein shall be construed as an admission respecting the admissibility, truth, authenticity, accuracy or relevance of any documents.

**SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1**

IDENTIFY the copyright management information provided to the AGENCIES RELATING TO the WORKS. "IDENTIFY" as used in Interrogatory 1 means: (i) identify the information conveyed in connection with the WORKS, as defined in 17 U.S.C. § 1202(c); (ii) identify how such information was conveyed in connection with the WORKS; (iii) identify to whom the copyright management information was provided;

- 3 -

(iii) [sic] identify who provided the copyright management information to the AGENCIES; (iv) identify who created the copyright management information.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 1**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the foregoing objection, Responding Party responds as follows:

(i)    Pursuant to Federal Rule of Civil Procedure 33(d), Responding Party will exercise its option to produce non-privileged documents responsive to this interrogatory in its possession, custody, and control to the extent such documents exist. The bates range of such documents will be identified upon production.

(ii)    Via the native files provided by Responding Party.

(iii)    Responding Party uploaded the WORKS via a file transfer protocol (FTP) provided by the AGENCIES.

(iii)    Responding Party uploaded the WORKS via a file transfer protocol (FTP) provided by the AGENCIES. The identity of the individual responsible at the AGENCIES is unknown and Responding Party will amend this response if/when such information is ascertained.

(iii)    Responding Party.

(iv)    Responding Party.

- 4 -

SUPPLEMENTAL RESPONSES TO FIRST SET OF INTERROGATORIES

**<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1</u>**

Responding Party incorporates by reference the General Responses and Objections as set forth herein, as well as the previous objection lodged with his original response.

Without waiving the foregoing objection, Responding Party responds as follows:

(i)     Pursuant to Federal Rule of Civil Procedure 33(d), Responding Party will exercise its option to produce non-privileged documents responsive to this interrogatory in its possession, custody, and control to the extent such documents exist. The metadata can be viewed by directly inspecting the native files that have already been produced to counsel. Responding Party has also produced the meta data in text file format. The bates range of such documents are as follows:

| Registration Number | Bates Range |
| --- | --- |
| VA 2-434-603 | Thibault013877- Thibault013879 |

Dated: December 5, 2025

**SERGENIAN LAW**
a Professional Corporation

By:   */s/David A. Sergenian*
      DAVID A. SERGENIAN

Dated: December 5, 2025

WHITEWOOD LAW, P.C.

By:   */s/Shengmao Mu*
       SHENGMAO MU
       ABBY M. NEU (*pro hac vice*)
       RYAN E. CARRION (SBN 311668)
       KEATON SMITH (*pro hac vice*)

*Counsel for Plaintiffs*

- 5 -
SUPPLEMENTAL RESPONSES TO FIRST SET OF INTERROGATORIES

## **<u>VERIFICATION</u>**

I certify and declare under penalty of perjury under the laws of the United States of America that I have read these Supplemental Responses to Plaintiff Stephane Kyndt's Supplemental Responses to First Set of Interrogatories and know their contents and believe, to the best of my knowledge, that such answers are true and correct.

Executed on ___ December 2025

_____

Stephane Kyndt

- 1 -

SUPPLEMENTAL RESPONSES TO FIRST SET OF INTERROGATORIES

**PROOF OF SERVICE**

I, Shengmao Mu, declare:

I am over the age of eighteen years and not a party to the action in which this service is made.

On December 5, 2025, I served **PLAINTIFF STEPHANE KYNDT'S SUPPLEMENTAL RESPONSES TO FIRST SET OF INTERROGATORIES** on the interested parties in this action by causing the service delivery of the above document as follows:

Sheila Mojtehedi <sheila@mojtehedi.com>,
Jo Ardalan <jardalan@onellp.com>,
David Quinto <dquinto@onellp.com>,
Peter Afrasiabi <pafrasiabi@onellp.com>

☒ **By email**. My electronic service address is smu@whitewoodlaw.com. I electronically served the documents on the persons listed above at the email addresses listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: December 5, 2025

/s/Shengmao Mu
Shengmao Mu