# Exhibit 15

**one llp**

intellectual property & entertainment law

23 Corporate Plaza
Suite 150-105
Newport Beach, CA 92660

Joanna Ardalan

310.437.8665  Direct

jardalan@onellp.com

310.866.5157  Tel

310.943.2085  Fax

www.OneLLP.com

July 3, 2024

**_VIA EMAIL_**

Virginie L. Parant
ARTech Law P.C.
3500 W. Olive Ave.
vp@artechlaw.com

**_CONFIDENTIAL SETTLEMENT COMMUNICATION PROTECTED UNDER FRE 408_**

> Re:  **FRE 408 – Your June 27, 2024 Correspondence on Behalf of Undisclosed Photographers**

Ms. Parant,

We serve as litigation counsel for BackGrid USA, Inc. and we are in receipt of your June 27, 2024 correspondence.

As a threshold matter, it is puzzling why you do not identify the "group of photographers" who you claim to represent. If there really are such photographers, please respond with their names. Your letter also fails to identify each of the works you contend has missing CMI. You should not expect any further correspondence from BackGrid without a complete list of photographers, all identifying information corresponding to the works they claim are at issue, and the location of the work in the BackGrid library.

Your allegation that BackGrid committed a 17 U.S.C. § 1202(b)(3) violation is unfounded. Even the language you copy in your letter explains why, among other reasons, this claim is dead on arrival: CMI must be removed or altered to "induce, enable, facilitate, or conceal infringement." You have not identified any infringement or even any possibility of infringement. Therefore, there can be no Section 1202 violation. Moreover, Section 1202(b)(3) claims have a double scienter requirement. The first scienter requirement is that a defendant distributing copyrighted material have actual knowledge that CMI "has been removed or altered without authority of the copyright owner or the law." *Harrington v. Pinterest Inc.*, 2022 WL 4348460 (N.D. Cal. 2022). The second

Beverly Hills • Newport Beach • San Diego

Virginie L. Parant
ARTech Law P.C.
July 3, 2024
Page 2

scienter requirement is that "a defendant know or have reason to know that distribution of copyrighted material despite the removal of CMI 'will induce, enable, facilitate, or conceal an infringement' " *Id.* (quoting Section 1202(b)).  Both Sections 1202(b)(1) and 1202(b)(3) "require the defendant to possess the mental state of knowing, or having a reasonable basis to know, that his actions 'will induce, enable, facilitate, or conceal' infringement." *Id.* In addition, you have not identified any CMI that has been removed or altered.

Before making threats of statutory damages of up to $25,000 per violation and attorney's fees, you ought to, at the very least, be able to articulate a *plausible* claim that would satisfy your Federal Rule of Civil Procedure 11 obligations should it be filed. Even if you did (which you have not) you have not articulated any claim that would entitle you to an audit of BackGrid's library.

If there really are photographers who hired you to write this letter, I suspect their concerns come from a misunderstanding of BackGrid's relationship with Shutterstock. If that is the case, perhaps you ought to investigate the relationship further before sending out letters like this one. We invite you to review the publicly filed reports made by Shutterstock.

The above-referenced rights, remedies, defenses and claims are not inclusive of other rights, remedies, defenses and claims that our client possesses, all of which, whether grounded in law or equity, are expressly reserved herein.

Sincerely,

Joanna Ardalan