# Exhibit 18

Docusign Envelope ID: 94D26C9D7A787BF9-9E6F47E1F8BEFF506

DAVID A. SERGENIAN, State Bar No. 230174
david@sergenianlaw.com
**SERGENIAN LAW, P.C.**
2355 Westwood Blvd. #529
Los Angeles, CA  90064
Tel.: (213) 435-2035

SHENGMAO MU, State Bar No. 327076
smu@whitewoodlaw.com
**WHITEWOOD LAW, P.C.**
99 S. Alameda Blvd., Suite 600
San Jose, CA  95113
Tel.: (917) 858-8018
Fax: (917) 591-0618

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIBAULT MAUVILAIN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FLYNET PICTURES, LLC, et al., <br><br> Defendants. | Case No. 2:25–cv–2757–FLA–MAA <br><br> Hon. Fernando L. Aenlle-Rocha <br><br> **PLAINTIFF JEREMY DUPLAQUET'S RESPONSES TO FIRST SET OF INTERROGATORIES** |

Docusign Envelope ID: 94D26C9D7A384BF0-9E6F-751F8BEEF506

Plaintiff Jeremy Duplaquet (hereinafter "Responding Party") responds to Defendants' ("Propounding Party") Interrogatories as follows:

### PRELIMINARY STATEMENT

Investigation and discovery by Responding Party are continuing and are not complete. As discovery proceeds, witnesses, facts, evidence and other information may be discovered that are not set forth herein, but that may have been responsive. Facts and evidence now known may be imperfectly understood, or the relevance or consequences of such facts and evidence may be imperfectly understood, and, accordingly, such facts and evidence may, in good faith, not be included in the following responses.

Responding Party reserves the right to refer to, conduct discovery with reference to, or offer into evidence at trial any and all such witnesses, facts, and evidence, notwithstanding the absence of or reference to such witnesses, facts, and evidence in these responses. Finally, because some of these responses may have been ascertained by Responding Party's attorneys and investigators, Responding Party may not have personal knowledge of the information from which such responses were derived.

Responding Party submits these responses subject to, without waiver of, and expressly preserving, the right at any time to amend, revise, correct, supplement, or clarify any of the objections and responses herein at any time, up to and including trial. Responding Party also submits these responses subject to, without waiver of, and expressly preserving: (a) any objections as to the competency, relevance, materiality, privilege, or admissibility of any of the responses or any of the documents identified in any response hereto; (b) the right to object to other discovery procedures involving or relating to the subject matter of the responses herein; (c) the right to object on any ground, at any time, to such other or supplemental Interrogatories Propounding Party may at any time propound, involving or relating to the subject matter of this set of Interrogatories. Responding Party hereby expressly preserves all rights, remedies and recourse against Propounding Party with respect to discovery and otherwise. Inadvertent production,

- 1 -

DUPLAQUET'S RESPONSES TO FIRST SET OF INTERROGATORIES

revelation or identification of privileged information by Responding Party is not a waiver of any applicable privilege.

Additionally, Responding Party has not completed investigation of the facts and documents relating to this action and has not completed trial preparation. Consequently, Responding Party responds to each Interrogatory to the best of Responding Party's present, existing knowledge. Responding Party reserves the right to amend, revise, correct, supplement, or clarify any of the objections and responses herein pursuant to any facts or information gathered at any time subsequent to the date of this response. Moreover, the responses contained herein are not intended to and shall not preclude Responding Party from making any contentions or relying upon any facts or documents at trial, whether or not identified or relied upon herein, which result from subsequently discovered information and/or evidence.

## GENERAL OBJECTIONS

Responding Party makes the following general objections with respect to the information and/or the documents that may be produced:

1. Responding Party objects to each Interrogatory to the extent that it requests information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege and Responding Party will not produce such information. To the extent any information is inadvertently produced, such production is not intended as any waiver of the attorney-client privilege or any applicable privilege.

2. Responding Party objects to the requests on the ground that the information and/or documents sought are not relevant to the subject matter of this action nor are they proportionate to the needs of the case.

3. Responding Party objects to the requests on the ground that the requests are overbroad, vague and ambiguous.

4. Responding Party objects to the requests on the ground that the requests seek information and/or documents that are equally available to the requesting party, its agents, privies and assigns.

- 2 -

DUPLAQUET'S RESPONSES TO FIRST SET OF INTERROGATORIES

Docusign Envelope ID: 94D26C9D7A33-7BF9-9E6F-751F8BEFF506

5. Responding Party objects to the requests on the ground that the requests seek confidential personal financial information and/or documents relating to Responding Party's personal financial affairs.

6. Responding Party objects to the requests on the ground that the requests seek income tax returns or information derived therefrom.

7. Responding Party reserves the right to object to the introduction into evidence, at the trial or arbitration or any other proceeding, of any information and/or documents produced pursuant to the requests on any ground, including, without limitation, applicable privilege, competence, relevance, materiality, propriety information and admissibility.

8. Responding Party objects to the requests on the ground that the information and/or documents requested have been previously produced and/or made available in this litigation or prior to this litigation.

9. Responding Party objects to the requests on the ground that the individual requests are compound, conjunctive or disjunctive.

10. Responding Party objects to the requests on the ground that the individual requests are not complete in and of themselves and are, therefore, impermissible.

11. Responding Party objects to the requests on the ground that the individual requests call for a legal conclusion or an expert opinion.

12. Nothing herein shall be construed as an admission respecting the admissibility, truth, authenticity, accuracy or relevance of any documents.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1

IDENTIFY the copyright management information provided to the AGENCIES RELATING TO the WORKS. "IDENTIFY" as used in Interrogatory 1 means: (i) identify the information conveyed in connection with the WORKS, as defined in 17 U.S.C. § 1202(c); (ii) identify how such information was conveyed in connection with the WORKS; (iii) identify to whom the copyright management information was provided;

- 3 -

DUPLAQUET'S RESPONSES TO FIRST SET OF INTERROGATORIES

(iii) [sic] identify who provided the copyright management information to the AGENCIES; (iv) identify who created the copyright management information.

**RESPONSE TO INTERROGATORY NO. 1**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i)     Pursuant to Federal Rule of Civil Procedure 33(d), Responding Party will exercise its option to produce non-privileged documents responsive to this interrogatory in its possession, custody, and control to the extent such documents exist. The bates range of such documents will be identified upon production.

(ii)    Via the native files provided by Responding Party.

(iii)   Responding Party uploaded the WORKS via a file transfer protocol (FTP) provided by the AGENCIES. The identity of the individual responsible at the AGENCIES is unknown and Responding Party will amend this response if/when such information is ascertained.

(iii)   Responding Party.

(iv)    Responding Party.

- 4 -

DUPLAQUET'S RESPONSES TO FIRST SET OF INTERROGATORIES

## INTERROGATORY NO. 2

IDENTIFY who removed the copyright management information provided to the AGENCIES RELATING TO the WORKS. "IDENTIFY" as used in Interrogatories 2 and 3 means: (i) identify the natural person who removed the copyright management information, including what information they removed, and provide their contact information; (ii) identify the entity that removed the copyright management information, including what information they removed, and provide its contact information.

## RESPONSE TO INTERROGATORY NO. 2

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is without sufficient personal knowledge as to the person(s) responsible for removing the copyright management information and the extent of their removal activities as such information is in the exclusive control of Propounding Party and the other co-Defendants in this litigation. To the extent more information becomes available, Responding Party will supplement this response.

## INTERROGATORY NO. 3

IDENTIFY who altered the copyright management information provided to the AGENCIES RELATING TO the WORKS.

## RESPONSE TO INTERROGATORY NO. 3

- 5 -

DUPLAQUET'S RESPONSES TO FIRST SET OF INTERROGATORIES

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is without sufficient personal knowledge as to the person(s) responsible for removing the copyright management information and the extent of their removal activities as such information is in the exclusive control of Propounding Party and the other co-Defendants in this litigation. To the extent more information becomes available, Responding Party will supplement this response.

**INTERROGATORY NO. 4**

IDENTIFY each of the WORKS. "IDENTIFY" as used in Interrogatory 4 means: (i) identify a copy of the photo or audiovisual work; (ii) in connection with the works identified in subsection (i), identify the copyright registration that has a corresponding specimen which includes the photo or audiovisual work.

**RESPONSE TO INTERROGATORY NO. 4**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding

- 6 -

DUPLAQUET'S RESPONSES TO FIRST SET OF INTERROGATORIES

Docusign Envelope ID: 94D26C9D7A33-7BF9-9E6F-751F8BEFF506

Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Responding Party will exercise its option to produce non-privileged documents responsive to this interrogatory in its possession, custody, and control to the extent such documents exist. Such documents are identified as bates range Thibault000001 – Thibault012972.

**INTERROGATORY NO. 5**

IDENTIFY each infringement of the WORKS. "IDENTIFY" as used in Interrogatory 5 means: (i) identify the location of the infringement; (ii) identify the WORK infringed; (iii) identify any DOCUMENTS REFLECTING the infringement; (iv) identify who caused the infringement.

**RESPONSE TO INTERROGATORY NO. 5**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is without sufficient personal knowledge as to the information requested as such information is in the exclusive control of Propounding Party and the

- 7 -

DUPLAQUET'S RESPONSES TO FIRST SET OF INTERROGATORIES

other co-Defendants in this litigation. To the extent more information becomes available, Responding Party will supplement this response.

**INTERROGATORY NO. 6**

DESCRIBE how YOU discovered each infringement of the WORKS. "DESCRIBE" as used in Interrogatory 6 means: (i) describe the circumstances in which YOU found or learned of the infringement; (ii) describe when YOU learned of the infringement; (iii) describe whether YOU searched for the infringement, and if so, what search YOU performed (iv) if another PERSON informed YOU of the infringement, identify the PERSON as well as their contact information.

**RESPONSE TO INTERROGATORY NO. 6**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i)     On February 1, 2024, Shutterstock announced its acquisition of BackGrid. This announcement prompted a review by Responding Party of the BackGrid library, to ensure that no images would be lost in transition to the new ownership. Subsequently, it was discovered that contributors' photographs were missing from the BackGrid archive. In June 2024, several photographers, through counsel, contacted BackGrid and brought to their attention the fact that CMI had been removed or altered from numerous

- 8 -
DUPLAQUET'S RESPONSES TO FIRST SET OF INTERROGATORIES

photographs, in violation of 17 U.S.C. § 1202. During discussions between counsel, which ultimately proved to be unfruitful, Responding Party's counsel terminated all licenses that had been granted to Shutterstock, BackGrid, and its predecessors.

(ii)    Between February and June 2024.

(iii)   N/A.

(iv)    Thibault Mauvilain. Mauvilain can be contacted through Plaintiffs' counsel.

## INTERROGATORY NO. 7

IDENTIFY all agreements between YOU and Flynet Pictures, LLC. "IDENTIFY" as used in Interrogatories 7-11 means: (i) identify the parties to the agreement; (ii) identify the terms of the agreement; (iii) identify whether the agreement was written, oral, implied by conduct or otherwise; (iv) identify any modifications to the agreement, including whether the agreement was terminated; (v) identify if the modifications were written, oral, implied by conduct or otherwise.

## RESPONSE TO INTERROGATORY NO. 7

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i)    Responding Party and Flynet Pictures, LLC and any of Flynet Pictures, LLC's successor entities.

- 9 -

DUPLAQUET'S RESPONSES TO FIRST SET OF INTERROGATORIES

(ii) Responding Party agreed to contribute his photographs to Flynet Pictures, LLC and its successor entities for distribution and license to third-parties in exchange for a royalty on each license. As a condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were required to give proper attribution to Responding Party and to take steps to ensure that third-party licensees properly attributed the photographs to Responding Party. As a further condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were obligated to track their adherence to their obligation to properly attribute authorship, source, and copyright ownership information and make this information available to Responding Party. Flynet Pictures, LLC and its successor entities tracked attribution via use of metadata attached to the copies of Responding Party's photographs that Flynet Pictures, LLC and its successor entities licensed to third party publications. Specifically, Flynet Pictures, LLC and its successor entities stored and distributed Responding Party's photographs using the IPTC format.

(iii) Partially oral and partially implied by conduct in accordance with industry standard.

(iv) The was contract not modified until it was terminated by Responding Party's counsel in a phone call to Joanna Ardalan, counsel to Backgrid USA, Inc., the successor in interest to Flynet Pictures, LLC.

(v) Oral.

**INTERROGATORY NO. 8**

IDENTIFY all agreements between YOU and FameFlynet, Inc.

**RESPONSE TO INTERROGATORY NO. 8**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not

- 10 -

DUPLAQUET'S RESPONSES TO FIRST SET OF INTERROGATORIES

proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i) Responding Party and Flynet Pictures, LLC and any of Flynet Pictures, LLC's successor entities which included FameFlynet, Inc.

(ii) Responding Party agreed to contribute his photographs to Flynet Pictures, LLC and its successor entities for distribution and license to third-parties in exchange for a royalty on each license. As a condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were required to give proper attribution to Responding Party and to take steps to ensure that third-party licensees properly attributed the photographs to Responding Party. As a further condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were obligated to track their adherence to their obligation to properly attribute authorship, source, and copyright ownership information and make this information available to Responding Party. Flynet Pictures, LLC and its successor entities tracked attribution via use of metadata attached to the copies of Responding Party's photographs that Flynet Pictures, LLC and its successor entities licensed to third party publications. Specifically, Flynet Pictures, LLC and its successor entities stored and distributed Responding Party's photographs using the IPTC format.

- 11 -

DUPLAQUET'S RESPONSES TO FIRST SET OF INTERROGATORIES

(iii)    Partially oral, and partially implied by conduct in accordance with industry standard.

(iv)    The was contract not modified until it was terminated by Responding Party's counsel in a phone call to Joanna Ardalan, counsel to Backgrid USA, Inc., the successor in interest to Flynet Pictures, LLC and FameFlynet, Inc.

(v)    Oral.

## INTERROGATORY NO. 9

IDENTIFY all agreements between YOU and Backgrid Inc.

## RESPONSE TO INTERROGATORY NO. 9

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i)    Responding Party and Flynet Pictures, LLC and any of Flynet Pictures, LLC's successor entities which included BackGrid, Inc.

(ii)    Responding Party agreed to contribute his photographs to Flynet Pictures, LLC and its successor entities for distribution and license to third-parties in exchange for a royalty on each license. As a condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were required to give proper attribution to Responding Party and to take steps to ensure that third-party licensees properly attributed

- 12 -

DUPLAQUET'S RESPONSES TO FIRST SET OF INTERROGATORIES

the photographs to Responding Party. As a further condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were obligated to track their adherence to their obligation to properly attribute authorship, source, and copyright ownership information and make this information available to Responding Party. Flynet Pictures, LLC and its successor entities tracked attribution via use of metadata attached to the copies of Responding Party's photographs that Flynet Pictures, LLC and its successor entities licensed to third party publications. Specifically, Flynet Pictures, LLC and its successor entities stored and distributed Responding Party's photographs using the IPTC format.

(iii) Partially oral and partially implied by conduct in accordance with industry standard.

(iv) The was contract not modified until it was terminated by Responding Party's counsel in a phone call to Joanna Ardalan, counsel to Backgrid USA, Inc., the successor in interest to Flynet Pictures, LLC and BackGrid, Inc.

(v) Oral.

**INTERROGATORY NO. 10**

IDENTIFY all agreements between YOU and Backgrid USA, Inc.

**RESPONSE TO INTERROGATORY NO. 10**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the

- 13 -

attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i) Responding Party and Flynet Pictures, LLC and any of Flynet Pictures, LLC's successor entities which included BackGrid USA, Inc.

(ii) Responding Party agreed to contribute his photographs to Flynet Pictures, LLC and its successor entities for distribution and license to third-parties in exchange for a royalty on each license. As a condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were required to give proper attribution to Responding Party and to take steps to ensure that third-party licensees properly attributed the photographs to Responding Party. As a further condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were obligated to track their adherence to their obligation to properly attribute authorship, source, and copyright ownership information and make this information available to Responding Party. Flynet Pictures, LLC and its successor entities tracked attribution via use of metadata attached to the copies of Responding Party's photographs that Flynet Pictures, LLC and its successor entities licensed to third party publications. Specifically, Flynet Pictures, LLC and its successor entities stored and distributed Responding Party's photographs using the IPTC format.

(iii) Partially oral and partially implied by conduct in accordance with industry standard.

(iv) The was contract not modified until it was terminated by Responding Party's counsel in a phone call to Joanna Ardalan, counsel to Backgrid USA, Inc., the successor in interest to Flynet Pictures, LLC.

(v) Oral.

- 14 -

DUPLAQUET'S RESPONSES TO FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 11**

IDENTIFY all agreements between YOU and Shutterstock, Inc.

**RESPONSE TO INTERROGATORY NO. 11**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i) Responding Party and Flynet Pictures, LLC and any of Flynet Pictures, LLC's successor entities which included Shutterstock, Inc.

(ii) Responding Party agreed to contribute his photographs to Flynet Pictures, LLC and its successor entities for distribution and license to third-parties in exchange for a royalty on each license. As a condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were required to give proper attribution to Responding Party and to take steps to ensure that third-party licensees properly attributed the photographs to Responding Party. As a further condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were obligated to track their adherence to their obligation to properly attribute authorship, source, and copyright ownership information and make this information available to Responding Party. Flynet Pictures, LLC and its successor entities tracked attribution via use of

- 15 -

DUPLAQUET'S RESPONSES TO FIRST SET OF INTERROGATORIES

metadata attached to the copies of Responding Party's photographs that Flynet Pictures, LLC and its successor entities licensed to third party publications. Specifically, Flynet Pictures, LLC and its successor entities stored and distributed Responding Party's photographs using the IPTC format.

(iii)  Partially oral and partially implied by conduct in accordance with industry standard.

(iv)  The was contract not modified until it was terminated by Responding Party's counsel in a phone call to Joanna Ardalan, counsel to Backgrid USA, Inc., the predecessor in interest to Shutterstock.

(v)  Oral.

Dated: August 25, 2025

**SERGENIAN LAW**
a Professional Corporation

By:  */s/David A. Sergenian*
DAVID A. SERGENIAN

Dated: August 25, 2025    WHITEWOOD LAW, P.C.

By:  */s/Shengmao Mu*
SHENGMAO MU
ABBY M. NEU (*pro hac vice*)
RYAN E. CARRION (SBN 311668)
KEATON SMITH (*pro hac vice*)

*Counsel for Plaintiffs*

- 16 -

DUPLAQUET'S RESPONSES TO FIRST SET OF INTERROGATORIES

## <u>VERIFICATION</u>

I certify and declare under penalty of perjury under the laws of the United States of America that I have read these Responses to Plaintiff Jeremy Duplaquet's Responses to First Set of Interrogatories and know their contents and believe, to the best of my knowledge, that such answers are true and correct.

Executed on   8/25/2025   ,

Signed by:

*Jeremy Duplaquet*

Jeremy Duplaquet

- 1 -

DUPLAQUET'S RESPONSES TO FIRST SET OF INTERROGATORIES

**PROOF OF SERVICE**

I, Shengmao Mu, declare:

I am over the age of eighteen years and not a party to the action in which this service is made.

On August 25, 2025, I served **PLAINTIFF JEREMY DUPLAQUET'S RESPONSES TO FIRST SET OF INTERROGATORIES** on the interested parties in this action by causing the service delivery of the above document as follows:

Sheila Mojtehedi <sheila@mojtehedi.com>,
Jo Ardalan <jardalan@onellp.com>,
David Quinto <dquinto@onellp.com>,
Peter Afrasiabi <pafrasiabi@onellp.com>

☒ **By email**. My electronic service address is smu@whitewoodlaw.com. I electronically served the documents on the persons listed above at the email addresses listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: August 25, 2025

/s/Shengmao Mu
Shengmao Mu

DAVID A. SERGENIAN, State Bar No. 230174
david@sergenianlaw.com
**SERGENIAN LAW, P.C.**
2355 Westwood Blvd. #529
Los Angeles, CA 90064
Tel.: (213) 435-2035

SHENGMAO MU, State Bar No. 327076
smu@whitewoodlaw.com
**WHITEWOOD LAW, P.C.**
99 S. Alameda Blvd., Suite 600
San Jose, CA 95113
Tel.: (917) 858-8018
Fax: (917) 591-0618

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIBAULT MAUVILAIN, et al., | Case No. 2:25–cv–2757–FLA–MAA |
| Plaintiffs, | Hon. Fernando L. Aenlle-Rocha |
| v. | **PLAINTIFF STEPHANE KYNDT'S RESPONSES TO FIRST SET OF INTERROGATORIES** |
| FLYNET PICTURES, LLC, et al., | |
| Defendants. | |

Docusign Envelope ID: 262A2F32-C60424F467ABA8A3D20B188153D

Plaintiff Stephane Kyndt (hereinafter "Responding Party") responds to Defendants' ("Propounding Party") Interrogatories as follows:

## PRELIMINARY STATEMENT

Investigation and discovery by Responding Party are continuing and are not complete. As discovery proceeds, witnesses, facts, evidence and other information may be discovered that are not set forth herein, but that may have been responsive. Facts and evidence now known may be imperfectly understood, or the relevance or consequences of such facts and evidence may be imperfectly understood, and, accordingly, such facts and evidence may, in good faith, not be included in the following responses.

Responding Party reserves the right to refer to, conduct discovery with reference to, or offer into evidence at trial any and all such witnesses, facts, and evidence, notwithstanding the absence of or reference to such witnesses, facts, and evidence in these responses. Finally, because some of these responses may have been ascertained by Responding Party's attorneys and investigators, Responding Party may not have personal knowledge of the information from which such responses were derived.

Responding Party submits these responses subject to, without waiver of, and expressly preserving, the right at any time to amend, revise, correct, supplement, or clarify any of the objections and responses herein at any time, up to and including trial. Responding Party also submits these responses subject to, without waiver of, and expressly preserving: (a) any objections as to the competency, relevance, materiality, privilege, or admissibility of any of the responses or any of the documents identified in any response hereto; (b) the right to object to other discovery procedures involving or relating to the subject matter of the responses herein; (c) the right to object on any ground, at any time, to such other or supplemental Interrogatories Propounding Party may at any time propound, involving or relating to the subject matter of this set of Interrogatories. Responding Party hereby expressly preserves all rights, remedies and recourse against Propounding Party with respect to discovery and otherwise. Inadvertent production,

- 1 -

KYNDT'S RESPONSES TO FIRST SET OF INTERROGATORIES

revelation or identification of privileged information by Responding Party is not a waiver of any applicable privilege.

Additionally, Responding Party has not completed investigation of the facts and documents relating to this action and has not completed trial preparation. Consequently, Responding Party responds to each Interrogatory to the best of Responding Party's present, existing knowledge. Responding Party reserves the right to amend, revise, correct, supplement, or clarify any of the objections and responses herein pursuant to any facts or information gathered at any time subsequent to the date of this response. Moreover, the responses contained herein are not intended to and shall not preclude Responding Party from making any contentions or relying upon any facts or documents at trial, whether or not identified or relied upon herein, which result from subsequently discovered information and/or evidence.

## GENERAL OBJECTIONS

Responding Party makes the following general objections with respect to the information and/or the documents that may be produced:

1.     Responding Party objects to each Interrogatory to the extent that it requests information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege and Responding Party will not produce such information. To the extent any information is inadvertently produced, such production is not intended as any waiver of the attorney-client privilege or any applicable privilege.

2.     Responding Party objects to the requests on the ground that the information and/or documents sought are not relevant to the subject matter of this action nor are they proportionate to the needs of the case.

3.     Responding Party objects to the requests on the ground that the requests are overbroad, vague and ambiguous.

4.     Responding Party objects to the requests on the ground that the requests seek information and/or documents that are equally available to the requesting party, its agents, privies and assigns.

- 2 -
KYNDT'S RESPONSES TO FIRST SET OF INTERROGATORIES

5.    Responding Party objects to the requests on the ground that the requests seek confidential personal financial information and/or documents relating to Responding Party's personal financial affairs.

6.    Responding Party objects to the requests on the ground that the requests seek income tax returns or information derived therefrom.

7.    Responding Party reserves the right to object to the introduction into evidence, at the trial or arbitration or any other proceeding, of any information and/or documents produced pursuant to the requests on any ground, including, without limitation, applicable privilege, competence, relevance, materiality, propriety information and admissibility.

8.    Responding Party objects to the requests on the ground that the information and/or documents requested have been previously produced and/or made available in this litigation or prior to this litigation.

9.    Responding Party objects to the requests on the ground that the individual requests are compound, conjunctive or disjunctive.

10.    Responding Party objects to the requests on the ground that the individual requests are not complete in and of themselves and are, therefore, impermissible.

11.    Responding Party objects to the requests on the ground that the individual requests call for a legal conclusion or an expert opinion.

12.    Nothing herein shall be construed as an admission respecting the admissibility, truth, authenticity, accuracy or relevance of any documents.

## **RESPONSES TO INTERROGATORIES**

## **INTERROGATORY NO. 1**

IDENTIFY the copyright management information provided to the AGENCIES RELATING TO the WORKS. "IDENTIFY" as used in Interrogatory 1 means: (i) identify the information conveyed in connection with the WORKS, as defined in 17 U.S.C. § 1202(c); (ii) identify how such information was conveyed in connection with the WORKS; (iii) identify to whom the copyright management information was provided;

- 3 -

KYNDT'S RESPONSES TO FIRST SET OF INTERROGATORIES

(iii) [sic] identify who provided the copyright management information to the AGENCIES; (iv) identify who created the copyright management information.

**RESPONSE TO INTERROGATORY NO. 1**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i) Pursuant to Federal Rule of Civil Procedure 33(d), Responding Party will exercise its option to produce non-privileged documents responsive to this interrogatory in its possession, custody, and control to the extent such documents exist. The bates range of such documents will be identified upon production.

(ii) Via the native files provided by Responding Party.

(iii) Responding Party uploaded the WORKS via a file transfer protocol (FTP) provided by the AGENCIES.

(iii) Responding Party uploaded the WORKS via a file transfer protocol (FTP) provided by the AGENCIES. The identity of the individual responsible at the AGENCIES is unknown and Responding Party will amend this response if/when such information is ascertained.

(iii) Responding Party.

(iv) Responding Party.

- 4 -

KYNDT'S RESPONSES TO FIRST SET OF INTERROGATORIES

## INTERROGATORY NO. 2

IDENTIFY who removed the copyright management information provided to the AGENCIES RELATING TO the WORKS. "IDENTIFY" as used in Interrogatories 2 and 3 means: (i) identify the natural person who removed the copyright management information, including what information they removed, and provide their contact information; (ii) identify the entity that removed the copyright management information, including what information they removed, and provide its contact information.

## RESPONSE TO INTERROGATORY NO. 2

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is without sufficient personal knowledge as to the person(s) responsible for removing the copyright management information and the extent of their removal activities as such information is in the exclusive control of Propounding Party and the other co-Defendants in this litigation. To the extent more information becomes available, Responding Party will supplement this response.

## INTERROGATORY NO. 3

IDENTIFY who altered the copyright management information provided to the AGENCIES RELATING TO the WORKS.

## RESPONSE TO INTERROGATORY NO. 3

- 5 -

KYNDT'S RESPONSES TO FIRST SET OF INTERROGATORIES

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is without sufficient personal knowledge as to the person(s) responsible for removing the copyright management information and the extent of their removal activities as such information is in the exclusive control of Propounding Party and the other co-Defendants in this litigation. To the extent more information becomes available, Responding Party will supplement this response.

**INTERROGATORY NO. 4**

IDENTIFY each of the WORKS. "IDENTIFY" as used in Interrogatory 4 means: (i) identify a copy of the photo or audiovisual work; (ii) in connection with the works identified in subsection (i), identify the copyright registration that has a corresponding specimen which includes the photo or audiovisual work.

**RESPONSE TO INTERROGATORY NO. 4**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding

- 6 -

Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Responding Party will exercise its option to produce non-privileged documents responsive to this interrogatory in its possession, custody, and control to the extent such documents exist. Such documents are identified as bates range Thibault000001 – Thibault012972.

**INTERROGATORY NO. 5**

IDENTIFY each infringement of the WORKS. "IDENTIFY" as used in Interrogatory 5 means: (i) identify the location of the infringement; (ii) identify the WORK infringed; (iii) identify any DOCUMENTS REFLECTING the infringement; (iv) identify who caused the infringement.

**RESPONSE TO INTERROGATORY NO. 5**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is without sufficient personal knowledge as to the information requested as such information is in the exclusive control of Propounding Party and the

- 7 -
KYNDT'S RESPONSES TO FIRST SET OF INTERROGATORIES

other co-Defendants in this litigation. To the extent more information becomes available, Responding Party will supplement this response.

**INTERROGATORY NO. 6**

DESCRIBE how YOU discovered each infringement of the WORKS. "DESCRIBE" as used in Interrogatory 6 means: (i) describe the circumstances in which YOU found or learned of the infringement; (ii) describe when YOU learned of the infringement; (iii) describe whether YOU searched for the infringement, and if so, what search YOU performed (iv) if another PERSON informed YOU of the infringement, identify the PERSON as well as their contact information.

**RESPONSE TO INTERROGATORY NO. 6**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i)     On February 1, 2024, Shutterstock announced its acquisition of BackGrid. This announcement prompted a review by Responding Party of his WORKS over the internet, to ensure that no images would be lost in transition to the new ownership. Subsequently, it was discovered that contributors' photographs were missing. In June 2024, several photographers, through counsel, contacted BackGrid and brought to their attention the fact that CMI had been removed or altered from numerous photographs, in violation of 17

- 8 -

KYNDT'S RESPONSES TO FIRST SET OF INTERROGATORIES

U.S.C. § 1202. During discussions between counsel, which ultimately proved to be unfruitful, Responding Party's counsel terminated all licenses that had been granted to Shutterstock, BackGrid, and its predecessors.

(ii)    On an unknown date in 2024.

(iii)   Responding Party has conducted Internet searches for his name, his credit lines (including "FT/FLYNET"), and variations thereof, as well as reverse image searches on public search engines to locate unauthorized uses of his WORKS.

(iv)    Thibault Mauvilain. Mauvilain can be contacted through Plaintiffs' counsel.

**INTERROGATORY NO. 7**

IDENTIFY all agreements between YOU and Flynet Pictures, LLC. "IDENTIFY" as used in Interrogatories 7-11 means: (i) identify the parties to the agreement; (ii) identify the terms of the agreement; (iii) identify whether the agreement was written, oral, implied by conduct or otherwise; (iv) identify any modifications to the agreement, including whether the agreement was terminated; (v) identify if the modifications were written, oral, implied by conduct or otherwise.

**RESPONSE TO INTERROGATORY NO. 7**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

- 9 -

KYNDT'S RESPONSES TO FIRST SET OF INTERROGATORIES

(i)    Responding Party and Flynet Pictures, LLC and any of Flynet Pictures, LLC's successor entities.

(ii)   Responding Party agreed to contribute his photographs to Flynet Pictures, LLC and its successor entities for distribution and license to third-parties in exchange for a royalty on each license. As a condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were required to give proper attribution to Responding Party and to take steps to ensure that third-party licensees properly attributed the photographs to Responding Party. As a further condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were obligated to track their adherence to their obligation to properly attribute authorship, source, and copyright ownership information and make this information available to Responding Party. Flynet Pictures, LLC and its successor entities tracked attribution via use ofmetadata attached to the copies of Responding Party's photographs that Flynet Pictures, LLC and its successor entities licensed to third party publications. Specifically, Flynet Pictures, LLC and its successor entities stored and distributed Responding Party's photographs using the IPTC format.

(iii)  Partially oral and partially implied by conduct in accordance with industry standard.

(iv)   The contract was not modified until it was terminated by Responding Party's counsel in a phone call to Joanna Ardalan, counsel to Backgrid USA, Inc., the successor in interest to Flynet Pictures, LLC.

(v)    Oral.

**INTERROGATORY NO. 8**

IDENTIFY all agreements between YOU and FameFlynet, Inc.

**RESPONSE TO INTERROGATORY NO. 8**

- 10 -

KYNDT'S RESPONSES TO FIRST SET OF INTERROGATORIES

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i)     Responding Party and Flynet Pictures, LLC and any of Flynet Pictures, LLC's successor entities which included FameFlynet, Inc.

(ii)    Responding Party agreed to contribute his photographs to Flynet Pictures, LLC and its successor entities for distribution and license to third-parties in exchange for a royalty on each license. As a condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were required to give proper attribution to Responding Party and to take steps to ensure that third-party licensees properly attributed the photographs to Responding Party. As a further condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were obligated to track their adherence to their obligation to properly attribute authorship, source, and copyright ownership information and make this information available to Responding Party. Flynet Pictures, LLC and its successor entities tracked attribution via use ofmetadata attached to the copies of Responding Party's photographs that Flynet Pictures, LLC and its successor entities licensed to third party publications. Specifically, Flynet Pictures, LLC and its successor entities

- 11 -

KYNDT'S RESPONSES TO FIRST SET OF INTERROGATORIES

stored and distributed Responding Party's photographs using the IPTC format.

(iii)    Partially oral and partially implied by conduct in accordance with industry standard.

(iv)    The contract was not modified until it was terminated by Responding Party's counsel in a phone call to Joanna Ardalan, counsel to Backgrid USA, Inc., the successor in interest to Flynet Pictures, LLC and FameFlynet, Inc.

(v)    Oral.

## INTERROGATORY NO. 9

IDENTIFY all agreements between YOU and Backgrid Inc.

## RESPONSE TO INTERROGATORY NO. 9

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i)    Responding Party and Flynet Pictures, LLC and any of Flynet Pictures, LLC's successor entities which included BackGrid, Inc.

(ii)    Responding Party agreed to contribute his photographs to Flynet Pictures, LLC and its successor entities for distribution and license to third-parties in exchange for a royalty on each license. As a condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its

- 12 -

successor entities were required to give proper attribution to Responding Party and to take steps to ensure that third-party licensees properly attributed the photographs to Responding Party. As a further condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were obligated to track their adherence to their obligation to properly attribute authorship, source, and copyright ownership information and make this information available to Responding Party. Flynet Pictures, LLC and its successor entities tracked attribution via use ofmetadata attached to the copies of Responding Party's photographs that Flynet Pictures, LLC and its successor entities licensed to third party publications. Specifically, Flynet Pictures, LLC and its successor entities stored and distributed Responding Party's photographs using the IPTC format.

(iii) Partially oral and partially implied by conduct in accordance with industry standard.

(iv) The contract was not modified until it was terminated by Responding Party's counsel in a phone call to Joanna Ardalan, counsel to Backgrid USA, Inc., the successor in interest to Flynet Pictures, LLC and BackGrid, Inc.

(v) Oral.

**INTERROGATORY NO. 10**

IDENTIFY all agreements between YOU and Backgrid USA, Inc.

**RESPONSE TO INTERROGATORY NO. 10**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding

- 13 -

KYNDT'S RESPONSES TO FIRST SET OF INTERROGATORIES

Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i) Responding Party and Flynet Pictures, LLC and any of Flynet Pictures, LLC's successor entities which included BackGrid USA, Inc.

(ii) Responding Party agreed to contribute his photographs to Flynet Pictures, LLC and its successor entities for distribution and license to third-parties in exchange for a royalty on each license. As a condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were required to give proper attribution to Responding Party and to take steps to ensure that third-party licensees properly attributed the photographs to Responding Party. As a further condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were obligated to track their adherence to their obligation to properly attribute authorship, source, and copyright ownership information and make this information available to Responding Party. Flynet Pictures, LLC and its successor entities tracked attribution via use ofmetadata attached to the copies of Responding Party's photographs that Flynet Pictures, LLC and its successor entities licensed to third party publications. Specifically, Flynet Pictures, LLC and its successor entities stored and distributed Responding Party's photographs using the IPTC format.

(iii) Partially oral and partially implied by conduct in accordance with industry standard.

- 14 -

KYNDT'S RESPONSES TO FIRST SET OF INTERROGATORIES

(iv)   The contract was not modified until it was terminated by Responding Party's counsel in a phone call to Joanna Ardalan, counsel to Backgrid USA, Inc., the successor in interest to Flynet Pictures, LLC.

(v)   Oral.

## INTERROGATORY NO. 11

IDENTIFY all agreements between YOU and Shutterstock, Inc.

## RESPONSE TO INTERROGATORY NO. 11

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i)   Responding Party and Flynet Pictures, LLC and any of Flynet Pictures, LLC's successor entities which included Shutterstock, Inc.

(ii)   Responding Party agreed to contribute his photographs to Flynet Pictures, LLC and its successor entities for distribution and license to third-parties in exchange for a royalty on each license. As a condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were required to give proper attribution to Responding Party and to take steps to ensure that third-party licensees properly attributed the photographs to Responding Party. As a further condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC

- 15 -

KYNDT'S RESPONSES TO FIRST SET OF INTERROGATORIES

and its successor entities were obligated to track their adherence to their obligation to properly attribute authorship, source, and copyright ownership information and make this information available to Responding Party. Flynet Pictures, LLC and its successor entities tracked attribution via use ofmetadata attached to the copies of Responding Party's photographs that Flynet Pictures, LLC and its successor entities licensed to third party publications. Specifically, Flynet Pictures, LLC and its successor entities stored and distributed Responding Party's photographs using the IPTC format.

(iii) Partially oral and partially implied by conduct in accordance with industry standard.

(iv) The contract was not modified until it was terminated by Responding Party's counsel in a phone call to Joanna Ardalan, counsel to Backgrid USA, Inc., the predecessor in interest to Shutterstock.

(v) Oral.

Dated: August 24, 2025

**SERGENIAN LAW**
a Professional Corporation

By: */s/David A. Sergenian*
DAVID A. SERGENIAN

Dated: August 24, 2025

WHITEWOOD LAW, P.C.

By: */s/Shengmao Mu*
SHENGMAO MU
ABBY M. NEU (*pro hac vice*)
RYAN E. CARRION (SBN 311668)
KEATON SMITH (*pro hac vice*)

*Counsel for Plaintiffs*

- 16 -

KYNDT'S RESPONSES TO FIRST SET OF INTERROGATORIES

Docusign Envelope ID: 262A1F32-C60424F467ABA8A3D20B188153D

## **VERIFICATION**

I certify and declare under penalty of perjury under the laws of the United States of America that I have read these Responses to Plaintiff Stephane Kyndt's Responses to First Set of Interrogatories and know their contents and believe, to the best of my knowledge, that such answers are true and correct.

Executed on    8/24/2025      ,

Signé par :

A6095E422DEF494...

Stephane Kyndt

- 1 -

KYNDT'S RESPONSES TO FIRST SET OF INTERROGATORIES

Docusign Envelope ID: 262A1F32-C60424F467ABA8A3D20B188153D

**PROOF OF SERVICE**

I, Shengmao Mu, declare:

I am over the age of eighteen years and not a party to the action in which this service is made.

On August 25, 2025, I served **PLAINTIFF STEPHANE KYNDT'S RESPONSES TO FIRST SET OF INTERROGATORIES** on the interested parties in this action by causing the service delivery of the above document as follows:

Sheila Mojtehedi <sheila@mojtehedi.com>,
Jo Ardalan <jardalan@onellp.com>,
David Quinto <dquinto@onellp.com>,
Peter Afrasiabi <pafrasiabi@onellp.com>

☒ **By email**. My electronic service address is smu@whitewoodlaw.com. I electronically served the documents on the persons listed above at the email addresses listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: August 25, 2025

/s/Shengmao Mu
Shengmao Mu

DAVID A. SERGENIAN, State Bar No. 230174
david@sergenianlaw.com
**SERGENIAN LAW, P.C.**
2355 Westwood Blvd. #529
Los Angeles, CA  90064
Tel.: (213) 435-2035

SHENGMAO MU, State Bar No. 327076
smu@whitewoodlaw.com
**WHITEWOOD LAW, P.C.**
99 S. Alameda Blvd., Suite 600
San Jose, CA  95113
Tel.: (917) 858-8018
Fax: (917) 591-0618

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIBAULT MAUVILAIN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FLYNET PICTURES, LLC, et al.,<br><br>Defendants. | Case No. 2:25–cv–2757–FLA–MAA<br><br>Hon. Fernando L. Aenlle-Rocha<br><br>**PLAINTIFF JOSEPH MEHDI'S RESPONSES TO FIRST SET OF INTERROGATORIES** |

Plaintiff Joseph Mehdi (hereinafter "Responding Party") responds to Defendants' ("Propounding Party") Interrogatories as follows:

**PRELIMINARY STATEMENT**

Investigation and discovery by Responding Party are continuing and are not complete. As discovery proceeds, witnesses, facts, evidence and other information may be discovered that are not set forth herein, but that may have been responsive. Facts and evidence now known may be imperfectly understood, or the relevance or consequences of such facts and evidence may be imperfectly understood, and, accordingly, such facts and evidence may, in good faith, not be included in the following responses.

Responding Party reserves the right to refer to, conduct discovery with reference to, or offer into evidence at trial any and all such witnesses, facts, and evidence, notwithstanding the absence of or reference to such witnesses, facts, and evidence in these responses. Finally, because some of these responses may have been ascertained by Responding Party's attorneys and investigators, Responding Party may not have personal knowledge of the information from which such responses were derived.

Responding Party submits these responses subject to, without waiver of, and expressly preserving, the right at any time to amend, revise, correct, supplement, or clarify any of the objections and responses herein at any time, up to and including trial. Responding Party also submits these responses subject to, without waiver of, and expressly preserving: (a) any objections as to the competency, relevance, materiality, privilege, or admissibility of any of the responses or any of the documents identified in any response hereto; (b) the right to object to other discovery procedures involving or relating to the subject matter of the responses herein; (c) the right to object on any ground, at any time, to such other or supplemental Interrogatories Propounding Party may at any time propound, involving or relating to the subject matter of this set of Interrogatories. Responding Party hereby expressly preserves all rights, remedies and recourse against Propounding Party with respect to discovery and otherwise. Inadvertent production,

- 1 -

MEHDI'S RESPONSES TO FIRST SET OF INTERROGATORIES

revelation or identification of privileged information by Responding Party is not a waiver of any applicable privilege.

Additionally, Responding Party has not completed investigation of the facts and documents relating to this action and has not completed trial preparation. Consequently, Responding Party responds to each Interrogatory to the best of Responding Party's present, existing knowledge. Responding Party reserves the right to amend, revise, correct, supplement, or clarify any of the objections and responses herein pursuant to any facts or information gathered at any time subsequent to the date of this response. Moreover, the responses contained herein are not intended to and shall not preclude Responding Party from making any contentions or relying upon any facts or documents at trial, whether or not identified or relied upon herein, which result from subsequently discovered information and/or evidence.

## GENERAL OBJECTIONS

Responding Party makes the following general objections with respect to the information and/or the documents that may be produced:

1. Responding Party objects to each Interrogatory to the extent that it requests information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege and Responding Party will not produce such information. To the extent any information is inadvertently produced, such production is not intended as any waiver of the attorney-client privilege or any applicable privilege.

2. Responding Party objects to the requests on the ground that the information and/or documents sought are not relevant to the subject matter of this action nor are they proportionate to the needs of the case.

3. Responding Party objects to the requests on the ground that the requests are overbroad, vague and ambiguous.

4. Responding Party objects to the requests on the ground that the requests seek information and/or documents that are equally available to the requesting party, its agents, privies and assigns.

- 2 -

MEHDI'S RESPONSES TO FIRST SET OF INTERROGATORIES

5. Responding Party objects to the requests on the ground that the requests seek confidential personal financial information and/or documents relating to Responding Party's personal financial affairs.

6. Responding Party objects to the requests on the ground that the requests seek income tax returns or information derived therefrom.

7. Responding Party reserves the right to object to the introduction into evidence, at the trial or arbitration or any other proceeding, of any information and/or documents produced pursuant to the requests on any ground, including, without limitation, applicable privilege, competence, relevance, materiality, propriety information and admissibility.

8. Responding Party objects to the requests on the ground that the information and/or documents requested have been previously produced and/or made available in this litigation or prior to this litigation.

9. Responding Party objects to the requests on the ground that the individual requests are compound, conjunctive or disjunctive.

10. Responding Party objects to the requests on the ground that the individual requests are not complete in and of themselves and are, therefore, impermissible.

11. Responding Party objects to the requests on the ground that the individual requests call for a legal conclusion or an expert opinion.

12. Nothing herein shall be construed as an admission respecting the admissibility, truth, authenticity, accuracy or relevance of any documents.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1

IDENTIFY the copyright management information provided to the AGENCIES RELATING TO the WORKS. "IDENTIFY" as used in Interrogatory 1 means: (i) identify the information conveyed in connection with the WORKS, as defined in 17 U.S.C. § 1202(c); (ii) identify how such information was conveyed in connection with the WORKS; (iii) identify to whom the copyright management information was provided;

- 3 -

MEHDI'S RESPONSES TO FIRST SET OF INTERROGATORIES

(iii) [sic] identify who provided the copyright management information to the AGENCIES; (iv) identify who created the copyright management information.

**RESPONSE TO INTERROGATORY NO. 1**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i)     Pursuant to Federal Rule of Civil Procedure 33(d), Responding Party will exercise its option to produce non-privileged documents responsive to this interrogatory in its possession, custody, and control to the extent such documents exist. The bates range of such documents will be identified upon production.

(ii)    Via the native files provided by Responding Party.

(iii)   Responding Party uploaded the WORKS via a file transfer protocol (FTP) provided by the AGENCIES. The identity of the individual responsible at the AGENCIES is unknown and Responding Party will amend this response if/when such information is ascertained.

(iii)   Responding Party.

(iv)    Responding Party.

- 4 -

MEHDI'S RESPONSES TO FIRST SET OF INTERROGATORIES

## INTERROGATORY NO. 2

IDENTIFY who removed the copyright management information provided to the AGENCIES RELATING TO the WORKS. "IDENTIFY" as used in Interrogatories 2 and 3 means: (i) identify the natural person who removed the copyright management information, including what information they removed, and provide their contact information; (ii) identify the entity that removed the copyright management information, including what information they removed, and provide its contact information.

## RESPONSE TO INTERROGATORY NO. 2

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is without sufficient personal knowledge as to the person(s) responsible for removing the copyright management information and the extent of their removal activities as such information is in the exclusive control of Propounding Party and the other co-Defendants in this litigation. To the extent more information becomes available, Responding Party will supplement this response.

## INTERROGATORY NO. 3

IDENTIFY who altered the copyright management information provided to the AGENCIES RELATING TO the WORKS.

## RESPONSE TO INTERROGATORY NO. 3

- 5 -

MEHDI'S RESPONSES TO FIRST SET OF INTERROGATORIES

Docusign Envelope ID: A3A3769A-BC53-7857-9B34AF94BDADBED0

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is without sufficient personal knowledge as to the person(s) responsible for removing the copyright management information and the extent of their removal activities as such information is in the exclusive control of Propounding Party and the other co-Defendants in this litigation. To the extent more information becomes available, Responding Party will supplement this response.

**INTERROGATORY NO. 4**

IDENTIFY each of the WORKS. "IDENTIFY" as used in Interrogatory 4 means: (i) identify a copy of the photo or audiovisual work; (ii) in connection with the works identified in subsection (i), identify the copyright registration that has a corresponding specimen which includes the photo or audiovisual work.

**RESPONSE TO INTERROGATORY NO. 4**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding

- 6 -

MEHDI'S RESPONSES TO FIRST SET OF INTERROGATORIES

Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Responding Party will exercise its option to produce non-privileged documents responsive to this interrogatory in its possession, custody, and control to the extent such documents exist. Such documents are identified as bates range Thibault000001 – Thibault012972.

**INTERROGATORY NO. 5**

IDENTIFY each infringement of the WORKS. "IDENTIFY" as used in Interrogatory 5 means: (i) identify the location of the infringement; (ii) identify the WORK infringed; (iii) identify any DOCUMENTS REFLECTING the infringement; (iv) identify who caused the infringement.

**RESPONSE TO INTERROGATORY NO. 5**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is without sufficient personal knowledge as to the information requested as such information is in the exclusive control of Propounding Party and the

- 7 -

MEHDI'S RESPONSES TO FIRST SET OF INTERROGATORIES

other co-Defendants in this litigation. To the extent more information becomes available, Responding Party will supplement this response.

**INTERROGATORY NO. 6**

DESCRIBE how YOU discovered each infringement of the WORKS. "DESCRIBE" as used in Interrogatory 6 means: (i) describe the circumstances in which YOU found or learned of the infringement; (ii) describe when YOU learned of the infringement; (iii) describe whether YOU searched for the infringement, and if so, what search YOU performed (iv) if another PERSON informed YOU of the infringement, identify the PERSON as well as their contact information.

**RESPONSE TO INTERROGATORY NO. 6**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i)     On February 1, 2024, Shutterstock announced its acquisition of BackGrid. This announcement prompted a review by some co-Plaintiffs of the BackGrid library, to ensure that no images would be lost in transition to the new ownership. Subsequently, some co-Plaintiffs discovered that contributors' photographs were missing from the BackGrid archive and also notified the Responding Party. In June 2024, several photographers, through counsel, contacted BackGrid and brought to their attention the fact that CMI

- 8 -

MEHDI'S RESPONSES TO FIRST SET OF INTERROGATORIES

had been removed or altered from numerous photographs, in violation of 17 U.S.C. § 1202. Responding Party understands that Defendants' breach of agreement terminated the licenses.

(ii)     Approximately December 2024.

(iii)    Responding Party searched through magazines and via the Internet.

(iv)    Thibault Mauvilain. Mauvilain can be contacted through Plaintiffs' counsel.

## INTERROGATORY NO. 7

IDENTIFY all agreements between YOU and Flynet Pictures, LLC. "IDENTIFY" as used in Interrogatories 7-11 means: (i) identify the parties to the agreement; (ii) identify the terms of the agreement; (iii) identify whether the agreement was written, oral, implied by conduct or otherwise; (iv) identify any modifications to the agreement, including whether the agreement was terminated; (v) identify if the modifications were written, oral, implied by conduct or otherwise.

## RESPONSE TO INTERROGATORY NO. 7

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i)     Responding Party and Flynet Pictures, LLC and any of Flynet Pictures, LLC's successor entities.

- 9 -

MEHDI'S RESPONSES TO FIRST SET OF INTERROGATORIES

(ii)  Responding Party agreed to contribute his photographs to Flynet Pictures, LLC and its successor entities for distribution and license to third-parties in exchange for a royalty on each license. As a condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were required to give proper attribution to Responding Party and to take steps to ensure that third-party licensees properly attributed the photographs to Responding Party. As a further condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were obligated to track their adherence to their obligation to properly attribute authorship, source, and copyright ownership information and make this information available to Responding Party. Flynet Pictures, LLC and its successor entities tracked attribution via use of metadata attached to the copies of Responding Party's photographs that Flynet Pictures, LLC and its successor entities licensed to third party publications. Specifically, Flynet Pictures, LLC and its successor entities stored and distributed Responding Party's photographs using the IPTC format.

(iii)  Partially oral and partially implied by conduct in accordance with industry standard.

(iv)  Responding Party understands that Defendants' breach of agreement terminated the licenses.

(v)  Implied by conduct.

**INTERROGATORY NO. 8**

IDENTIFY all agreements between YOU and FameFlynet, Inc.

**RESPONSE TO INTERROGATORY NO. 8**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as

- 10 -

MEHDI'S RESPONSES TO FIRST SET OF INTERROGATORIES

outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i)     Responding Party and Flynet Pictures, LLC and any of Flynet Pictures, LLC's successor entities which included FameFlynet, Inc.

(ii)    Responding Party agreed to contribute his photographs to Flynet Pictures, LLC and its successor entities for distribution and license to third-parties in exchange for a royalty on each license. As a condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were required to give proper attribution to Responding Party and to take steps to ensure that third-party licensees properly attributed the photographs to Responding Party. As a further condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were obligated to track their adherence to their obligation to properly attribute authorship, source, and copyright ownership information and make this information available to Responding Party. Flynet Pictures, LLC and its successor entities tracked attribution via use of metadata attached to the copies of Responding Party's photographs that Flynet Pictures, LLC and its successor entities licensed to third party publications. Specifically, Flynet Pictures, LLC and its successor entities stored and distributed Responding Party's photographs using the IPTC format.

- 11 -

MEHDI'S RESPONSES TO FIRST SET OF INTERROGATORIES

(iii)   Partially oral and partially implied by conduct in accordance with industry standard.

(iv)   Responding Party understands that Defendants' breach of agreement terminated the licenses.

(v)   Implied by conduct.

## INTERROGATORY NO. 9

IDENTIFY all agreements between YOU and Backgrid Inc.

## RESPONSE TO INTERROGATORY NO. 9

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i)   Responding Party and Flynet Pictures, LLC and any of Flynet Pictures, LLC's successor entities which included BackGrid, Inc.

(ii)   Responding Party agreed to contribute his photographs to Flynet Pictures, LLC and its successor entities for distribution and license to third-parties in exchange for a royalty on each license. As a condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were required to give proper attribution to Responding Party and to take steps to ensure that third-party licensees properly attributed the photographs to Responding Party. As a further condition to its right to

- 12 -

MEHDI'S RESPONSES TO FIRST SET OF INTERROGATORIES

distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were obligated to track their adherence to their obligation to properly attribute authorship, source, and copyright ownership information and make this information available to Responding Party. Flynet Pictures, LLC and its successor entities tracked attribution via use of metadata attached to the copies of Responding Party's photographs that Flynet Pictures, LLC and its successor entities licensed to third party publications. Specifically, Flynet Pictures, LLC and its successor entities stored and distributed Responding Party's photographs using the IPTC format.

(iii)    Partially oral and partially implied by conduct in accordance with industry standard.

(iv)    Responding Party understands that Defendants' breach of agreement terminated the licenses.

(v)    Implied by conduct.

**INTERROGATORY NO. 10**

IDENTIFY all agreements between YOU and Backgrid USA, Inc.

**RESPONSE TO INTERROGATORY NO. 10**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

- 13 -

MEHDI'S RESPONSES TO FIRST SET OF INTERROGATORIES

Without waiving the forgoing objection, Responding Party responds as follows:

(i) Responding Party and Flynet Pictures, LLC and any of Flynet Pictures, LLC's successor entities which included BackGrid USA, Inc.

(ii) Responding Party agreed to contribute his photographs to Flynet Pictures, LLC and its successor entities for distribution and license to third-parties in exchange for a royalty on each license. As a condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were required to give proper attribution to Responding Party and to take steps to ensure that third-party licensees properly attributed the photographs to Responding Party. As a further condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were obligated to track their adherence to their obligation to properly attribute authorship, source, and copyright ownership information and make this information available to Responding Party. Flynet Pictures, LLC and its successor entities tracked attribution via use of metadata attached to the copies of Responding Party's photographs that Flynet Pictures, LLC and its successor entities licensed to third party publications. Specifically, Flynet Pictures, LLC and its successor entities stored and distributed Responding Party's photographs using the IPTC format.

(iii) Partially oral and partially implied by conduct in accordance with industry standard.

(iv) Responding Party understands that Defendants' breach of agreement terminated the licenses.

(v) Implied by conduct.

## INTERROGATORY NO. 11

IDENTIFY all agreements between YOU and Shutterstock, Inc.

## RESPONSE TO INTERROGATORY NO. 11

- 14 -

MEHDI'S RESPONSES TO FIRST SET OF INTERROGATORIES

Docusign Envelope ID: A3A3F69A-BC52-7857-9B34F94BQADBE00

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i)     Responding Party and Flynet Pictures, LLC and any of Flynet Pictures, LLC's successor entities which included Shutterstock, Inc.

(ii)    Responding Party agreed to contribute his photographs to Flynet Pictures, LLC and its successor entities for distribution and license to third-parties in exchange for a royalty on each license. As a condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were required to give proper attribution to Responding Party and to take steps to ensure that third-party licensees properly attributed the photographs to Responding Party. As a further condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were obligated to track their adherence to their obligation to properly attribute authorship, source, and copyright ownership information and make this information available to Responding Party. Flynet Pictures, LLC and its successor entities tracked attribution via use of metadata attached to the copies of Responding Party's photographs that Flynet Pictures, LLC and its successor entities licensed to third party publications. Specifically, Flynet Pictures, LLC and its successor entities

- 15 -

MEHDI'S RESPONSES TO FIRST SET OF INTERROGATORIES

stored and distributed Responding Party's photographs using the IPTC format.

(iii)   Partially oral and partially implied by conduct in accordance with industry standard.

(iv)   Responding Party understands that Defendants' breach of agreement terminated the licenses.

(v)   Implied by conduct.

Dated: August 25, 2025          **SERGENIAN LAW**
                                   a Professional Corporation

                                By:    */s/David A. Sergenian*
                                       DAVID A. SERGENIAN


Dated: August 25, 2025          WHITEWOOD LAW, P.C.


                                By:   */s/Shengmao Mu*
                                       SHENGMAO MU
                                       ABBY M. NEU (*pro hac vice*)
                                       RYAN E. CARRION (SBN 311668)
                                       KEATON SMITH (*pro hac vice*)

                                *Counsel for Plaintiffs*

- 16 -
MEHDI'S RESPONSES TO FIRST SET OF INTERROGATORIES

## **VERIFICATION**

I certify and declare under penalty of perjury under the laws of the United States of America that I have read these Responses to Plaintiff Joseph Mehdi's Responses to First Set of Interrogatories and know their contents and believe, to the best of my knowledge, that such answers are true and correct.

Executed on    8/25/2025            ,

Signé par :

*Joseph Mehdi*
16F0D1510842458...

Joseph Mehdi

- 1 -

MEHDI'S RESPONSES TO FIRST SET OF INTERROGATORIES

**PROOF OF SERVICE**

I, Shengmao Mu, declare:

I am over the age of eighteen years and not a party to the action in which this service is made.

On August 25, 2025, I served **PLAINTIFF JOSEPH MEHDI'S RESPONSES TO FIRST SET OF INTERROGATORIES** on the interested parties in this action by causing the service delivery of the above document as follows:

Sheila Mojtehedi <sheila@mojtehedi.com>,
Jo Ardalan <jardalan@onellp.com>,
David Quinto <dquinto@onellp.com>,
Peter Afrasiabi <pafrasiabi@onellp.com>

☒ **By email**. My electronic service address is smu@whitewoodlaw.com. I electronically served the documents on the persons listed above at the email addresses listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: August 25, 2025

/s/Shengmao Mu
Shengmao Mu

Docusign Envelope ID: 65043B23-9D2F24F8479B37A789DFREBCC5

DAVID A. SERGENIAN, State Bar No. 230174
david@sergenianlaw.com
**SERGENIAN LAW, P.C.**
2355 Westwood Blvd. #529
Los Angeles, CA  90064
Tel.: (213) 435-2035

SHENGMAO MU, State Bar No. 327076
smu@whitewoodlaw.com
**WHITEWOOD LAW, P.C.**
99 S. Alameda Blvd., Suite 600
San Jose, CA  95113
Tel.: (917) 858-8018
Fax: (917) 591-0618

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIBAULT MAUVILAIN, et al., | Case No. 2:25–cv–2757–FLA–MAA |
| Plaintiffs, | Hon. Fernando L. Aenlle-Rocha |
| v. | **PLAINTIFF THIBAULT MAUVILAIN'S RESPONSES TO FIRST SET OF INTERROGATORIES** |
| FLYNET PICTURES, LLC, et al., | |
| Defendants. | |

Docusign Envelope ID: 65043D23-9D2F-4F8A79B37A789DFBEBCC5

Plaintiff Thibault Mauvilain (hereinafter "Responding Party") responds to Defendants' ("Propounding Party") Interrogatories as follows:

## PRELIMINARY STATEMENT

Investigation and discovery by Responding Party are continuing and are not complete. As discovery proceeds, witnesses, facts, evidence and other information may be discovered that are not set forth herein, but that may have been responsive. Facts and evidence now known may be imperfectly understood, or the relevance or consequences of such facts and evidence may be imperfectly understood, and, accordingly, such facts and evidence may, in good faith, not be included in the following responses.

Responding Party reserves the right to refer to, conduct discovery with reference to, or offer into evidence at trial any and all such witnesses, facts, and evidence, notwithstanding the absence of or reference to such witnesses, facts, and evidence in these responses. Finally, because some of these responses may have been ascertained by Responding Party's attorneys and investigators, Responding Party may not have personal knowledge of the information from which such responses were derived.

Responding Party submits these responses subject to, without waiver of, and expressly preserving, the right at any time to amend, revise, correct, supplement, or clarify any of the objections and responses herein at any time, up to and including trial. Responding Party also submits these responses subject to, without waiver of, and expressly preserving: (a) any objections as to the competency, relevance, materiality, privilege, or admissibility of any of the responses or any of the documents identified in any response hereto; (b) the right to object to other discovery procedures involving or relating to the subject matter of the responses herein; (c) the right to object on any ground, at any time, to such other or supplemental Interrogatories Propounding Party may at any time propound, involving or relating to the subject matter of this set of Interrogatories. Responding Party hereby expressly preserves all rights, remedies and recourse against Propounding Party with respect to discovery and otherwise. Inadvertent production,

- 1 -
MAUVILAIN'S RESPONSES TO FIRST SET OF INTERROGATORIES

Docusign Envelope ID: 65D43023-9D2F24F8479F37A789DFBEBC05

revelation or identification of privileged information by Responding Party is not a waiver of any applicable privilege.

Additionally, Responding Party has not completed investigation of the facts and documents relating to this action and has not completed trial preparation. Consequently, Responding Party responds to each Interrogatory to the best of Responding Party's present, existing knowledge. Responding Party reserves the right to amend, revise, correct, supplement, or clarify any of the objections and responses herein pursuant to any facts or information gathered at any time subsequent to the date of this response. Moreover, the responses contained herein are not intended to and shall not preclude Responding Party from making any contentions or relying upon any facts or documents at trial, whether or not identified or relied upon herein, which result from subsequently discovered information and/or evidence.

## GENERAL OBJECTIONS

Responding Party makes the following general objections with respect to the information and/or the documents that may be produced:

1. Responding Party objects to each Interrogatory to the extent that it requests information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege and Responding Party will not produce such information. To the extent any information is inadvertently produced, such production is not intended as any waiver of the attorney-client privilege or any applicable privilege.

2. Responding Party objects to the requests on the ground that the information and/or documents sought are not relevant to the subject matter of this action nor are they proportionate to the needs of the case.

3. Responding Party objects to the requests on the ground that the requests are overbroad, vague and ambiguous.

4. Responding Party objects to the requests on the ground that the requests seek information and/or documents that are equally available to the requesting party, its agents, privies and assigns.

- 2 -

MAUVILAIN'S RESPONSES TO FIRST SET OF INTERROGATORIES

5.    Responding Party objects to the requests on the ground that the requests seek confidential personal financial information and/or documents relating to Responding Party's personal financial affairs.

6.    Responding Party objects to the requests on the ground that the requests seek income tax returns or information derived therefrom.

7.    Responding Party reserves the right to object to the introduction into evidence, at the trial or arbitration or any other proceeding, of any information and/or documents produced pursuant to the requests on any ground, including, without limitation, applicable privilege, competence, relevance, materiality, propriety information and admissibility.

8.    Responding Party objects to the requests on the ground that the information and/or documents requested have been previously produced and/or made available in this litigation or prior to this litigation.

9.    Responding Party objects to the requests on the ground that the individual requests are compound, conjunctive or disjunctive.

10.    Responding Party objects to the requests on the ground that the individual requests are not complete in and of themselves and are, therefore, impermissible.

11.    Responding Party objects to the requests on the ground that the individual requests call for a legal conclusion or an expert opinion.

12.    Nothing herein shall be construed as an admission respecting the admissibility, truth, authenticity, accuracy or relevance of any documents.

## **RESPONSES TO INTERROGATORIES**

### **INTERROGATORY NO. 1**

IDENTIFY the copyright management information provided to the AGENCIES RELATING TO the WORKS. "IDENTIFY" as used in Interrogatory 1 means: (i) identify the information conveyed in connection with the WORKS, as defined in 17 U.S.C. § 1202(c); (ii) identify how such information was conveyed in connection with the WORKS; (iii) identify to whom the copyright management information was provided;

- 3 -

(iii) [sic] identify who provided the copyright management information to the AGENCIES; (iv) identify who created the copyright management information.

## RESPONSE TO INTERROGATORY NO. 1

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i) Pursuant to Federal Rule of Civil Procedure 33(d), Responding Party will exercise its option to produce non-privileged documents responsive to this interrogatory in its possession, custody, and control to the extent such documents exist. The bates range of such documents will be identified upon production.

(ii) Via the native files provided by Responding Party.

(iii) Responding Party uploaded the WORKS via a file transfer protocol (FTP) provided by the AGENCIES. The identity of the individual responsible at the AGENCIES is unknown and Responding Party will amend this response if/when such information is ascertained.

(iii) Responding Party.

(iv) Responding Party.

- 4 -

MAUVILAIN'S RESPONSES TO FIRST SET OF INTERROGATORIES

## INTERROGATORY NO. 2

IDENTIFY who removed the copyright management information provided to the AGENCIES RELATING TO the WORKS. "IDENTIFY" as used in Interrogatories 2 and 3 means: (i) identify the natural person who removed the copyright management information, including what information they removed, and provide their contact information; (ii) identify the entity that removed the copyright management information, including what information they removed, and provide its contact information.

## RESPONSE TO INTERROGATORY NO. 2

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is without sufficient personal knowledge as to the person(s) responsible for removing the copyright management information and the extent of their removal activities as such information is in the exclusive control of Propounding Party and the other co-Defendants in this litigation. To the extent more information becomes available, Responding Party will supplement this response.

## INTERROGATORY NO. 3

IDENTIFY who altered the copyright management information provided to the AGENCIES RELATING TO the WORKS.

## RESPONSE TO INTERROGATORY NO. 3

- 5 -

MAUVILAIN'S RESPONSES TO FIRST SET OF INTERROGATORIES

Docusign Envelope ID: 65D43C23-9D2F24F3479F37A789DF8EBCC5

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is without sufficient personal knowledge as to the person(s) responsible for removing the copyright management information and the extent of their removal activities as such information is in the exclusive control of Propounding Party and the other co-Defendants in this litigation. To the extent more information becomes available, Responding Party will supplement this response.

**INTERROGATORY NO. 4**

IDENTIFY each of the WORKS. "IDENTIFY" as used in Interrogatory 4 means: (i) identify a copy of the photo or audiovisual work; (ii) in connection with the works identified in subsection (i), identify the copyright registration that has a corresponding specimen which includes the photo or audiovisual work.

**RESPONSE TO INTERROGATORY NO. 4**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding

- 6 -

MAUVILAIN'S RESPONSES TO FIRST SET OF INTERROGATORIES

Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Responding Party will exercise its option to produce non-privileged documents responsive to this interrogatory in its possession, custody, and control to the extent such documents exist. Such documents are identified as bates range Thibault000001 – Thibault012972.

**INTERROGATORY NO. 5**

IDENTIFY each infringement of the WORKS. "IDENTIFY" as used in Interrogatory 5 means: (i) identify the location of the infringement; (ii) identify the WORK infringed; (iii) identify any DOCUMENTS REFLECTING the infringement; (iv) identify who caused the infringement.

**RESPONSE TO INTERROGATORY NO. 5**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is without sufficient personal knowledge as to the information requested as such information is in the exclusive control of Propounding Party and the

- 7 -

MAUVILAIN'S RESPONSES TO FIRST SET OF INTERROGATORIES

other co-Defendants in this litigation. To the extent more information becomes available, Responding Party will supplement this response.

**INTERROGATORY NO. 6**

DESCRIBE how YOU discovered each infringement of the WORKS. "DESCRIBE" as used in Interrogatory 6 means: (i) describe the circumstances in which YOU found or learned of the infringement; (ii) describe when YOU learned of the infringement; (iii) describe whether YOU searched for the infringement, and if so, what search YOU performed (iv) if another PERSON informed YOU of the infringement, identify the PERSON as well as their contact information.

**RESPONSE TO INTERROGATORY NO. 6**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i)     On February 1, 2024, Shutterstock announced its acquisition of BackGrid. This announcement prompted a review by Responding Party of the BackGrid library, to ensure that no images would be lost in transition to the new ownership. Subsequently, it was discovered that contributors' photographs were missing from the BackGrid archive. In June 2024, several photographers, through counsel, contacted BackGrid and brought to their attention the fact that CMI had been removed or altered from numerous

- 8 -

MAUVILAIN'S RESPONSES TO FIRST SET OF INTERROGATORIES

photographs, in violation of 17 U.S.C. § 1202. During discussions between counsel, which ultimately proved to be unfruitful, Responding Party's counsel terminated all licenses that had been granted to Shutterstock, BackGrid, and its predecessors.

(ii)   Approximately June 2024.

(iii)   Responding Party conducted searches in both the BackGrid Contributor Portal and the Client Portal. Search methods included reviewing available sets by celebrity names, events, and approximate dates to identify Responding Party's works. When images were missing or misattributed, Responding Party compared them against his original archives.

(iv)   N/A.

**INTERROGATORY NO. 7**

IDENTIFY all agreements between YOU and Flynet Pictures, LLC. "IDENTIFY" as used in Interrogatories 7-11 means: (i) identify the parties to the agreement; (ii) identify the terms of the agreement; (iii) identify whether the agreement was written, oral, implied by conduct or otherwise; (iv) identify any modifications to the agreement, including whether the agreement was terminated; (v) identify if the modifications were written, oral, implied by conduct or otherwise.

**RESPONSE TO INTERROGATORY NO. 7**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the

- 9 -

MAUVILAIN'S RESPONSES TO FIRST SET OF INTERROGATORIES

attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i)   Responding Party and Flynet Pictures, LLC and any of Flynet Pictures, LLC's successor entities.

(ii)  Responding Party agreed to contribute his photographs to Flynet Pictures, LLC and its successor entities for distribution and license to third-parties in exchange for a royalty on each license. As a condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were required to give proper attribution to Responding Party and to take steps to ensure that third-party licensees properly attributed the photographs to Responding Party. As a further condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were obligated to track their adherence to their obligation to properly attribute authorship, source, and copyright ownership information and make this information available to Responding Party. Flynet Pictures, LLC and its successor entities tracked attribution via use of metadata attached to the copies of Responding Party's photographs that Flynet Pictures, LLC and its successor entities licensed to third party publications. Specifically, Flynet Pictures, LLC and its successor entities stored and distributed Responding Party's photographs using the IPTC format.

(iii) Partially oral and partially implied by conduct in accordance with industry standard.

(iv)  The contract was not modified until it was terminated by Responding Party's counsel in a phone call to Joanna Ardalan, counsel to Backgrid USA, Inc., the successor in interest to Flynet Pictures, LLC.

(v)   Oral.

- 10 -

MAUVILAIN'S RESPONSES TO FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 8**

IDENTIFY all agreements between YOU and FameFlynet, Inc.

**RESPONSE TO INTERROGATORY NO. 8**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i)   Responding Party and Flynet Pictures, LLC and any of Flynet Pictures, LLC's successor entities which included FameFlynet, Inc.

(ii)  Responding Party agreed to contribute his photographs to Flynet Pictures, LLC and its successor entities for distribution and license to third-parties in exchange for a royalty on each license. As a condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were required to give proper attribution to Responding Party and to take steps to ensure that third-party licensees properly attributed the photographs to Responding Party. As a further condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were obligated to track their adherence to their obligation to properly attribute authorship, source, and copyright ownership information and make this information available to Responding Party. Flynet Pictures, LLC and its successor entities tracked attribution via use of

- 11 -

MAUVILAIN'S RESPONSES TO FIRST SET OF INTERROGATORIES

metadata attached to the copies of Responding Party's photographs that Flynet Pictures, LLC and its successor entities licensed to third party publications. Specifically, Flynet Pictures, LLC and its successor entities stored and distributed Responding Party's photographs using the IPTC format.

(iii)   Partially oral and partially implied by conduct in accordance with industry standard.

(iv)   The contract was not modified until it was terminated by Responding Party's counsel in a phone call to Joanna Ardalan, counsel to Backgrid USA, Inc., the successor in interest to Flynet Pictures, LLC and FameFlynet, Inc.

(v)   Oral.

**INTERROGATORY NO. 9**

IDENTIFY all agreements between YOU and Backgrid Inc.

**RESPONSE TO INTERROGATORY NO. 9**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i)   Responding Party and Flynet Pictures, LLC and any of Flynet Pictures, LLC's successor entities which included BackGrid, Inc.

- 12 -

MAUVILAIN'S RESPONSES TO FIRST SET OF INTERROGATORIES

Docusign Envelope ID: 65043023-9D2F-4F8479-B37-A789DFBEBCC5

(ii)    Responding Party agreed to contribute his photographs to Flynet Pictures, LLC and its successor entities for distribution and license to third-parties in exchange for a royalty on each license. As a condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were required to give proper attribution to Responding Party and to take steps to ensure that third-party licensees properly attributed the photographs to Responding Party. As a further condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were obligated to track their adherence to their obligation to properly attribute authorship, source, and copyright ownership information and make this information available to Responding Party. Flynet Pictures, LLC and its successor entities tracked attribution via use of metadata attached to the copies of Responding Party's photographs that Flynet Pictures, LLC and its successor entities licensed to third party publications. Specifically, Flynet Pictures, LLC and its successor entities stored and distributed Responding Party's photographs using the IPTC format.

(iii)    Partially oral and partially implied by conduct in accordance with industry standard.

(iv)    The contract was not modified until it was terminated by Responding Party's counsel in a phone call to Joanna Ardalan, counsel to Backgrid USA, Inc., the successor in interest to Flynet Pictures, LLC and BackGrid, Inc.

(v)    Oral.

**INTERROGATORY NO. 10**

IDENTIFY all agreements between YOU and Backgrid USA, Inc.

**RESPONSE TO INTERROGATORY NO. 10**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not

- 13 -

MAUVILAIN'S RESPONSES TO FIRST SET OF INTERROGATORIES

Docusign Envelope ID: 65043623-9D2F2475479F37A789DFEEBCC5

proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i) Responding Party and Flynet Pictures, LLC and any of Flynet Pictures, LLC's successor entities which included BackGrid USA, Inc.

(ii) Responding Party agreed to contribute his photographs to Flynet Pictures, LLC and its successor entities for distribution and license to third-parties in exchange for a royalty on each license. As a condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were required to give proper attribution to Responding Party and to take steps to ensure that third-party licensees properly attributed the photographs to Responding Party. As a further condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were obligated to track their adherence to their obligation to properly attribute authorship, source, and copyright ownership information and make this information available to Responding Party. Flynet Pictures, LLC and its successor entities tracked attribution via use of metadata attached to the copies of Responding Party's photographs that Flynet Pictures, LLC and its successor entities licensed to third party publications. Specifically, Flynet Pictures, LLC and its successor entities stored and distributed Responding Party's photographs using the IPTC format.

- 14 -

MAUVILAIN'S RESPONSES TO FIRST SET OF INTERROGATORIES

(iii)   Partially oral and partially implied by conduct in accordance with industry standard.

(iv)   The contract was not modified until it was terminated by Responding Party's counsel in a phone call to Joanna Ardalan, counsel to Backgrid USA, Inc., the successor in interest to Flynet Pictures, LLC.

(v)   Oral.

**INTERROGATORY NO. 11**

IDENTIFY all agreements between YOU and Shutterstock, Inc.

**RESPONSE TO INTERROGATORY NO. 11**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i)   Responding Party and Flynet Pictures, LLC and any of Flynet Pictures, LLC's successor entities which included Shutterstock, Inc.

(ii)   Responding Party agreed to contribute his photographs to Flynet Pictures, LLC and its successor entities for distribution and license to third-parties in exchange for a royalty on each license. As a condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were required to give proper attribution to Responding Party and to take steps to ensure that third-party licensees properly attributed

- 15 -

MAUVILAIN'S RESPONSES TO FIRST SET OF INTERROGATORIES

the photographs to Responding Party. As a further condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were obligated to track their adherence to their obligation to properly attribute authorship, source, and copyright ownership information and make this information available to Responding Party. Flynet Pictures, LLC and its successor entities tracked attribution via use of metadata attached to the copies of Responding Party's photographs that Flynet Pictures, LLC and its successor entities licensed to third party publications. Specifically, Flynet Pictures, LLC and its successor entities stored and distributed Responding Party's photographs using the IPTC format.

(iii)    Partially oral and partially implied by conduct in accordance with industry standard.

(iv)    The contract was not modified until it was terminated by Responding Party's counsel in a phone call to Joanna Ardalan, counsel to Backgrid USA, Inc., the predecessor in interest to Shutterstock.

(v)    Oral.

Dated: August 23, 2025

**SERGENIAN LAW**
a Professional Corporation

By:    _/s/David A. Sergenian_
       DAVID A. SERGENIAN

Dated: August 23, 2025

WHITEWOOD LAW, P.C.

By:    _/s/Shengmao Mu_
       SHENGMAO MU
       ABBY M. NEU (*pro hac vice*)
       RYAN E. CARRION (SBN 311668)
       KEATON SMITH (*pro hac vice*)

- 16 -

MAUVILAIN'S RESPONSES TO FIRST SET OF INTERROGATORIES

*Counsel for Plaintiffs*

- 17 -

MAUVILAIN'S RESPONSES TO FIRST SET OF INTERROGATORIES

Docusign Envelope ID: 65048023-9D2F2478479B37A789DFBEBCC5

## VERIFICATION

I certify and declare under penalty of perjury under the laws of the United States of America that I have read these Responses to Plaintiff Thibault Mauvilain's Responses to First Set of Interrogatories and know their contents and believe, to the best of my knowledge, that such answers are true and correct.

Executed on   8/23/2025          ,

DocuSigned by:

*Thibault mauvilain*

C17093D85554418

Thibault Mauvilain

- 1 -

MAUVILAIN'S RESPONSES TO FIRST SET OF INTERROGATORIES

**PROOF OF SERVICE**

I, Shengmao Mu, declare:

I am over the age of eighteen years and not a party to the action in which this service is made.

On August 25, 2025, I served **PLAINTIFF THIBAULT MAUVILAIN'S RESPONSES TO FIRST SET OF INTERROGATORIES** on the interested parties in this action by causing the service delivery of the above document as follows:

Sheila Mojtehedi <sheila@mojtehedi.com>,
Jo Ardalan <jardalan@onellp.com>,
David Quinto <dquinto@onellp.com>,
Peter Afrasiabi <pafrasiabi@onellp.com>

☒ **By email**. My electronic service address is smu@whitewoodlaw.com. I electronically served the documents on the persons listed above at the email addresses listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: August 25, 2025

/s/Shengmao Mu
Shengmao Mu

DAVID A. SERGENIAN, State Bar No. 230174
david@sergenianlaw.com
**SERGENIAN LAW, P.C.**
2355 Westwood Blvd. #529
Los Angeles, CA  90064
Tel.: (213) 435-2035

SHENGMAO MU, State Bar No. 327076
smu@whitewoodlaw.com
**WHITEWOOD LAW, P.C.**
99 S. Alameda Blvd., Suite 600
San Jose, CA  95113
Tel.: (917) 858-8018
Fax: (917) 591-0618

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIBAULT MAUVILAIN, et al., | Case No. 2:25–cv–2757–FLA–MAA |
| Plaintiffs, | Hon. Fernando L. Aenlle-Rocha |
| v. | **PLAINTIFF ROBERT CHRISTIAN WOLF'S RESPONSES TO FIRST SET OF INTERROGATORIES** |
| FLYNET PICTURES, LLC, et al., | |
| Defendants. | |

Docusign Envelope ID: 109C0B0F-0F0247E7-8AAFAEM4F0F5CC926

Plaintiff Robert Christian Wolf (hereinafter "Responding Party") responds to Defendants' ("Propounding Party") Interrogatories as follows:

### PRELIMINARY STATEMENT

Investigation and discovery by Responding Party are continuing and are not complete. As discovery proceeds, witnesses, facts, evidence and other information may be discovered that are not set forth herein, but that may have been responsive. Facts and evidence now known may be imperfectly understood, or the relevance or consequences of such facts and evidence may be imperfectly understood, and, accordingly, such facts and evidence may, in good faith, not be included in the following responses.

Responding Party reserves the right to refer to, conduct discovery with reference to, or offer into evidence at trial any and all such witnesses, facts, and evidence, notwithstanding the absence of or reference to such witnesses, facts, and evidence in these responses. Finally, because some of these responses may have been ascertained by Responding Party's attorneys and investigators, Responding Party may not have personal knowledge of the information from which such responses were derived.

Responding Party submits these responses subject to, without waiver of, and expressly preserving, the right at any time to amend, revise, correct, supplement, or clarify any of the objections and responses herein at any time, up to and including trial. Responding Party also submits these responses subject to, without waiver of, and expressly preserving: (a) any objections as to the competency, relevance, materiality, privilege, or admissibility of any of the responses or any of the documents identified in any response hereto; (b) the right to object to other discovery procedures involving or relating to the subject matter of the responses herein; (c) the right to object on any ground, at any time, to such other or supplemental Interrogatories Propounding Party may at any time propound, involving or relating to the subject matter of this set of Interrogatories. Responding Party hereby expressly preserves all rights, remedies and recourse against Propounding Party with respect to discovery and otherwise. Inadvertent production,

- 1 -

WOLF'S RESPONSES TO FIRST SET OF INTERROGATORIES

revelation or identification of privileged information by Responding Party is not a waiver of any applicable privilege.

Additionally, Responding Party has not completed investigation of the facts and documents relating to this action and has not completed trial preparation. Consequently, Responding Party responds to each Interrogatory to the best of Responding Party's present, existing knowledge. Responding Party reserves the right to amend, revise, correct, supplement, or clarify any of the objections and responses herein pursuant to any facts or information gathered at any time subsequent to the date of this response. Moreover, the responses contained herein are not intended to and shall not preclude Responding Party from making any contentions or relying upon any facts or documents at trial, whether or not identified or relied upon herein, which result from subsequently discovered information and/or evidence.

## GENERAL OBJECTIONS

Responding Party makes the following general objections with respect to the information and/or the documents that may be produced:

1.      Responding Party objects to each Interrogatory to the extent that it requests information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege and Responding Party will not produce such information. To the extent any information is inadvertently produced, such production is not intended as any waiver of the attorney-client privilege or any applicable privilege.

2.      Responding Party objects to the requests on the ground that the information and/or documents sought are not relevant to the subject matter of this action nor are they proportionate to the needs of the case.

3.      Responding Party objects to the requests on the ground that the requests are overbroad, vague and ambiguous.

4.      Responding Party objects to the requests on the ground that the requests seek information and/or documents that are equally available to the requesting party, its agents, privies and assigns.

- 2 -
WOLF'S RESPONSES TO FIRST SET OF INTERROGATORIES

5.   Responding Party objects to the requests on the ground that the requests seek confidential personal financial information and/or documents relating to Responding Party's personal financial affairs.

6.   Responding Party objects to the requests on the ground that the requests seek income tax returns or information derived therefrom.

7.   Responding Party reserves the right to object to the introduction into evidence, at the trial or arbitration or any other proceeding, of any information and/or documents produced pursuant to the requests on any ground, including, without limitation, applicable privilege, competence, relevance, materiality, propriety information and admissibility.

8.   Responding Party objects to the requests on the ground that the information and/or documents requested have been previously produced and/or made available in this litigation or prior to this litigation.

9.   Responding Party objects to the requests on the ground that the individual requests are compound, conjunctive or disjunctive.

10.   Responding Party objects to the requests on the ground that the individual requests are not complete in and of themselves and are, therefore, impermissible.

11.   Responding Party objects to the requests on the ground that the individual requests call for a legal conclusion or an expert opinion.

12.   Nothing herein shall be construed as an admission respecting the admissibility, truth, authenticity, accuracy or relevance of any documents.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1

IDENTIFY the copyright management information provided to the AGENCIES RELATING TO the WORKS. "IDENTIFY" as used in Interrogatory 1 means: (i) identify the information conveyed in connection with the WORKS, as defined in 17 U.S.C. § 1202(c); (ii) identify how such information was conveyed in connection with the WORKS; (iii) identify to whom the copyright management information was provided;

- 3 -

WOLF'S RESPONSES TO FIRST SET OF INTERROGATORIES

(iii) [sic] identify who provided the copyright management information to the AGENCIES; (iv) identify who created the copyright management information.

**RESPONSE TO INTERROGATORY NO. 1**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i)     Pursuant to Federal Rule of Civil Procedure 33(d), Responding Party will exercise its option to produce non-privileged documents responsive to this interrogatory in its possession, custody, and control to the extent such documents exist. The bates range of such documents will be identified upon production.

(ii)    Via the native files provided by Responding Party.

(iii)   Responding Party uploaded the WORKS via a file transfer protocol (FTP) provided by the AGENCIES. The identity of the individual responsible at the AGENCIES is unknown and Responding Party will amend this response if/when such information is ascertained.

(iii)   Responding Party.

(iv)    Responding Party.

- 4 -

WOLF'S RESPONSES TO FIRST SET OF INTERROGATORIES

Docusign Envelope ID: 109C0B0E-0E7124757-8AA2E-M5F0E5CC926

**INTERROGATORY NO. 2**

IDENTIFY who removed the copyright management information provided to the AGENCIES RELATING TO the WORKS. "IDENTIFY" as used in Interrogatories 2 and 3 means: (i) identify the natural person who removed the copyright management information, including what information they removed, and provide their contact information; (ii) identify the entity that removed the copyright management information, including what information they removed, and provide its contact information.

**RESPONSE TO INTERROGATORY NO. 2**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is without sufficient personal knowledge as to the person(s) responsible for removing the copyright management information and the extent of their removal activities as such information is in the exclusive control of Propounding Party and the other co-Defendants in this litigation. To the extent more information becomes available, Responding Party will supplement this response.

**INTERROGATORY NO. 3**

IDENTIFY who altered the copyright management information provided to the AGENCIES RELATING TO the WORKS.

**RESPONSE TO INTERROGATORY NO. 3**

- 5 -

WOLF'S RESPONSES TO FIRST SET OF INTERROGATORIES

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is without sufficient personal knowledge as to the person(s) responsible for removing the copyright management information and the extent of their removal activities as such information is in the exclusive control of Propounding Party and the other co-Defendants in this litigation. To the extent more information becomes available, Responding Party will supplement this response.

**INTERROGATORY NO. 4**

IDENTIFY each of the WORKS. "IDENTIFY" as used in Interrogatory 4 means: (i) identify a copy of the photo or audiovisual work; (ii) in connection with the works identified in subsection (i), identify the copyright registration that has a corresponding specimen which includes the photo or audiovisual work.

**RESPONSE TO INTERROGATORY NO. 4**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding

- 6 -

Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Responding Party will exercise its option to produce non-privileged documents responsive to this interrogatory in its possession, custody, and control to the extent such documents exist. Such documents are identified as bates range Thibault000001 – Thibault012972.

**INTERROGATORY NO. 5**

IDENTIFY each infringement of the WORKS. "IDENTIFY" as used in Interrogatory 5 means: (i) identify the location of the infringement; (ii) identify the WORK infringed; (iii) identify any DOCUMENTS REFLECTING the infringement; (iv) identify who caused the infringement.

**RESPONSE TO INTERROGATORY NO. 5**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

Responding Party is without sufficient personal knowledge as to the information requested as such information is in the exclusive control of Propounding Party and the

- 7 -

WOLF'S RESPONSES TO FIRST SET OF INTERROGATORIES

Docusign Envelope ID: 109C0B0F-0E7124757-9AAAEA9F0F5CC926

other co-Defendants in this litigation. To the extent more information becomes available, Responding Party will supplement this response.

**INTERROGATORY NO. 6**

DESCRIBE how YOU discovered each infringement of the WORKS. "DESCRIBE" as used in Interrogatory 6 means: (i) describe the circumstances in which YOU found or learned of the infringement; (ii) describe when YOU learned of the infringement; (iii) describe whether YOU searched for the infringement, and if so, what search YOU performed (iv) if another PERSON informed YOU of the infringement, identify the PERSON as well as their contact information.

**RESPONSE TO INTERROGATORY NO. 6**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i)     On February 1, 2024, Shutterstock announced its acquisition of BackGrid. This announcement prompted a review by Responding Party of the BackGrid library, to ensure that no images would be lost in transition to the new ownership. Subsequently, it was discovered that contributors' photographs were missing from the BackGrid archive. In June 2024, several photographers, through counsel, contacted BackGrid and brought to their attention the fact that CMI had been removed or altered from numerous

- 8 -

WOLF'S RESPONSES TO FIRST SET OF INTERROGATORIES

photographs, in violation of 17 U.S.C. § 1202. During discussions between counsel, which ultimately proved to be unfruitful, co-Plaintiffs' counsel terminated all licenses that had been granted to Shutterstock, BackGrid, and its predecessors. Responding Party understands that Defendants' breach of agreement terminated the licenses.

(ii)     Between February and June 2024.

(iii)    N/A.

(iv)    Thibault Mauvilain. Mauvilain can be contacted through Plaintiffs' counsel.

**INTERROGATORY NO. 7**

IDENTIFY all agreements between YOU and Flynet Pictures, LLC. "IDENTIFY" as used in Interrogatories 7-11 means: (i) identify the parties to the agreement; (ii) identify the terms of the agreement; (iii) identify whether the agreement was written, oral, implied by conduct or otherwise; (iv) identify any modifications to the agreement, including whether the agreement was terminated; (v) identify if the modifications were written, oral, implied by conduct or otherwise.

**RESPONSE TO INTERROGATORY NO. 7**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

- 9 -

WOLF'S RESPONSES TO FIRST SET OF INTERROGATORIES

    (i)     Responding Party and Flynet Pictures, LLC and any of Flynet Pictures, LLC's successor entities.

    (ii)    Responding Party agreed to contribute his photographs to Flynet Pictures, LLC and its successor entities for distribution and license to third-parties in exchange for a royalty on each license. As a condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were required to give proper attribution to Responding Party and to take steps to ensure that third-party licensees properly attributed the photographs to Responding Party. As a further condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were obligated to track their adherence to their obligation to properly attribute authorship, source, and copyright ownership information and make this information available to Responding Party. Flynet Pictures, LLC and its successor entities tracked attribution via use of metadata attached to the copies of Responding Party's photographs that Flynet Pictures, LLC and its successor entities licensed to third party publications. Specifically, Flynet Pictures, LLC and its successor entities stored and distributed Responding Party's photographs using the IPTC format.

    (iii)   Partially oral and partially implied by conduct in accordance with industry standard.

    (iv)   Responding Party understands that Defendants' breach of agreement terminated the licenses.

    (v)    Implied by conduct.

**INTERROGATORY NO. 8**

IDENTIFY all agreements between YOU and FameFlynet, Inc.

**RESPONSE TO INTERROGATORY NO. 8**

WOLF'S RESPONSES TO FIRST SET OF INTERROGATORIES

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i)     Responding Party and Flynet Pictures, LLC and any of Flynet Pictures, LLC's successor entities which included FameFlynet, Inc.

(ii)    Responding Party agreed to contribute his photographs to Flynet Pictures, LLC and its successor entities for distribution and license to third-parties in exchange for a royalty on each license. As a condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were required to give proper attribution to Responding Party and to take steps to ensure that third-party licensees properly attributed the photographs to Responding Party. As a further condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were obligated to track their adherence to their obligation to properly attribute authorship, source, and copyright ownership information and make this information available to Responding Party. Flynet Pictures, LLC and its successor entities tracked attribution via use of metadata attached to the copies of Responding Party's photographs that Flynet Pictures, LLC and its successor entities licensed to third party publications. Specifically, Flynet Pictures, LLC and its successor entities

- 11 -

WOLF'S RESPONSES TO FIRST SET OF INTERROGATORIES

stored and distributed Responding Party's photographs using the IPTC format.

(iii)   Partially oral and partially implied by conduct in accordance with industry standard.

(iv)   Responding Party understands that Defendants' breach of agreement terminated the licenses.

(v)   Implied by conduct.

**INTERROGATORY NO. 9**

IDENTIFY all agreements between YOU and Backgrid Inc.

**RESPONSE TO INTERROGATORY NO. 9**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i)   Responding Party and Flynet Pictures, LLC and any of Flynet Pictures, LLC's successor entities which included BackGrid, Inc.

(ii)   Responding Party agreed to contribute his photographs to Flynet Pictures, LLC and its successor entities for distribution and license to third-parties in exchange for a royalty on each license. As a condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were required to give proper attribution to Responding

- 12 -

WOLF'S RESPONSES TO FIRST SET OF INTERROGATORIES

Party and to take steps to ensure that third-party licensees properly attributed the photographs to Responding Party. As a further condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were obligated to track their adherence to their obligation to properly attribute authorship, source, and copyright ownership information and make this information available to Responding Party. Flynet Pictures, LLC and its successor entities tracked attribution via use of metadata attached to the copies of Responding Party's photographs that Flynet Pictures, LLC and its successor entities licensed to third party publications. Specifically, Flynet Pictures, LLC and its successor entities stored and distributed Responding Party's photographs using the IPTC format.

(iii) Partially oral and partially implied by conduct in accordance with industry standard.

(iv) Responding Party understands that Defendants' breach of agreement terminated the licenses.

(v) Implied by conduct.

**INTERROGATORY NO. 10**

IDENTIFY all agreements between YOU and Backgrid USA, Inc.

**RESPONSE TO INTERROGATORY NO. 10**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the

- 13 -

WOLF'S RESPONSES TO FIRST SET OF INTERROGATORIES

Docusign Envelope ID: 109C0B0F-0E70-47E7-9AA3-EM4E0F5CC926

attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i)   Responding Party and Flynet Pictures, LLC and any of Flynet Pictures, LLC's successor entities which included BackGrid USA, Inc.

(ii)  Responding Party agreed to contribute his photographs to Flynet Pictures, LLC and its successor entities for distribution and license to third-parties in exchange for a royalty on each license. As a condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were required to give proper attribution to Responding Party and to take steps to ensure that third-party licensees properly attributed the photographs to Responding Party. As a further condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were obligated to track their adherence to their obligation to properly attribute authorship, source, and copyright ownership information and make this information available to Responding Party. Flynet Pictures, LLC and its successor entities tracked attribution via use of metadata attached to the copies of Responding Party's photographs that Flynet Pictures, LLC and its successor entities licensed to third party publications. Specifically, Flynet Pictures, LLC and its successor entities stored and distributed Responding Party's photographs using the IPTC format.

(iii) Partially oral and partially implied by conduct in accordance with industry standard.

(iv)  Responding Party understands that Defendants' breach of agreement terminated the licenses.

(v)   Implied by conduct.

WOLF'S RESPONSES TO FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 11**

IDENTIFY all agreements between YOU and Shutterstock, Inc.

**RESPONSE TO INTERROGATORY NO. 11**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects that this Interrogatory contains impermissible "discrete subparts" pursuant to Federal Rules of Civil Procedure 33(a)(1) in excess of the 25 interrogatory limit. Responding Party objects to this Interrogatory in that it is unlimited in time and scope. Responding Party objects to this Interrogatory to the extent that it calls for information subject to the attorney-client privilege and/or work product privilege. Responding Party objects to this Interrogatory as vague and ambiguous.

Without waiving the forgoing objection, Responding Party responds as follows:

(i)     Responding Party and Flynet Pictures, LLC and any of Flynet Pictures, LLC's successor entities which included Shutterstock, Inc.

(ii)    Responding Party agreed to contribute his photographs to Flynet Pictures, LLC and its successor entities for distribution and license to third-parties in exchange for a royalty on each license. As a condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were required to give proper attribution to Responding Party and to take steps to ensure that third-party licensees properly attributed the photographs to Responding Party. As a further condition to its right to distribute and license Responding Party's photographs, Flynet Pictures, LLC and its successor entities were obligated to track their adherence to their obligation to properly attribute authorship, source, and copyright ownership information and make this information available to Responding Party. Flynet Pictures, LLC and its successor entities tracked attribution via use of

- 15 -

WOLF'S RESPONSES TO FIRST SET OF INTERROGATORIES

metadata attached to the copies of Responding Party's photographs that Flynet Pictures, LLC and its successor entities licensed to third party publications. Specifically, Flynet Pictures, LLC and its successor entities stored and distributed Responding Party's photographs using the IPTC format.

(iii) Partially oral and partially implied by conduct in accordance with industry standard.

(iv) Responding Party understands that Defendants' breach of agreement terminated the licenses.

(v) Implied by conduct.

Dated: August 25, 2025

**SERGENIAN LAW**
a Professional Corporation

By: */s/David A. Sergenian*
DAVID A. SERGENIAN

Dated: August 25, 2025

WHITEWOOD LAW, P.C.

By: */s/Shengmao Mu*
SHENGMAO MU
ABBY M. NEU (*pro hac vice*)
RYAN E. CARRION (SBN 311668)
KEATON SMITH (*pro hac vice*)

*Counsel for Plaintiffs*

- 16 -
WOLF'S RESPONSES TO FIRST SET OF INTERROGATORIES

## <u>VERIFICATION</u>

I certify and declare under penalty of perjury under the laws of the United States of America that I have read these Responses to Plaintiff Robert Christian Wolf's Responses to First Set of Interrogatories and know their contents and believe, to the best of my knowledge, that such answers are true and correct.

Executed on 8/25/2025    ,

Signed by:

*Robert Christian Wolf*

89EB0C04E68A4EE...

Robert Christian Wolf

- 1 -

WOLF'S RESPONSES TO FIRST SET OF INTERROGATORIES

**PROOF OF SERVICE**

I, Shengmao Mu, declare:

I am over the age of eighteen years and not a party to the action in which this service is made.

On August 25, 2025, I served **PLAINTIFF ROBERT CHRISTIAN WOLF'S RESPONSES TO FIRST SET OF INTERROGATORIES** on the interested parties in this action by causing the service delivery of the above document as follows:

Sheila Mojtehedi <sheila@mojtehedi.com>,
Jo Ardalan <jardalan@onellp.com>,
David Quinto <dquinto@onellp.com>,
Peter Afrasiabi <pafrasiabi@onellp.com>

☒ **By email**. My electronic service address is smu@whitewoodlaw.com. I electronically served the documents on the persons listed above at the email addresses listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: August 25, 2025

/s/Shengmao Mu
Shengmao Mu