# Exhibit 31

 Outlook

---

## RE: Mauvilain v. Flynet- Missing Documents and Plaintiffs' - 7-3 Meet and confer

---

**From** Jo Ardalan <jardalan@onellp.com>

**Date** Tue 7/14/2026 10:44 AM

**To** tm forceinaction.com <tm@forceinaction.com>; Coco <carboninla@yahoo.com>

**Cc** Peter Afrasiabi <pafrasiabi@onellp.com>; David Quinto <dquinto@onellp.com>; Megan Dell <mdell@onellp.com>; Lauren Thomas <lthomas@onellp.com>; sheila <sheila@mojtehedi.com>

Thibault and Henri,

I wanted to make sure that you are crystal clear that this motion is going to ask for dismissal of your claims for all of the reasons outlined below.

If you would like to discuss this further, I am available. Let me know.

Regards,
Jo

--

**Jo Ardalan**
**Partner**



Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** Jo Ardalan
**Sent:** Friday, July 3, 2026 9:20 PM
**To:** tm forceinaction.com <tm@forceinaction.com>; Coco <carboninla@yahoo.com>
**Cc:** Peter Afrasiabi <pafrasiabi@onellp.com>; David Quinto <dquinto@onellp.com>; Megan Dell <mdell@onellp.com>; Lauren Thomas <lthomas@onellp.com>; Sheila Mojtehedi <sheila@mojtehedi.com>
**Subject:** FW: Mauvilain v. Flynet- Missing Documents and Plaintiffs' Spoliation of Evidence - 7-3 Meet and confer

Thibault and Henri,

Per my other email message, below is the meet and confer correspondence with your former counsel regarding Defendants' motion for sanctions under 17 USC 1927 and the Court's inherent authority.

If you have anything to add to this, please do so.

Regards,
Jo

--
**Jo Ardalan**
**Partner**



**one llp**

Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice*:  *If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** Jo Ardalan
**Sent:** Monday, June 22, 2026 12:32 PM
**To:** 'Ryan Carreon' <rcarreon@whitewoodlaw.com>
**Cc:** 'David Sergenian' <david@sergenianlaw.com>; 'Abby Neu' <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; 'Shengmao Mu' <smu@whitewoodlaw.com>; 'Sheila Mojtehedi' <sheila@mojtehedi.com>; 'Ryan Baker' <rbaker@whitewoodlaw.com>; 'Keaton Smith' <ksmith@whitewoodlaw.com>; Megan Dell <mdell@onellp.com>
**Subject:** RE: Mauvilain v. Flynet- Missing Documents and Plaintiffs' Spoliation of Evidence - 7-3 Meet and confer

Ryan:

This is confirmation that we just had our meet and confer call regarding the issues outlined below. Among other things, I explained how this case was always dead on arrival as a matter of law, and we had told you and plaintiffs that from the start of this case.  There was no way you would ever prove infringement considering the submission of the photos to the agencies for licensing, and without infringement you could never plead or prove a CMI claim. I also explained that termination was always impossible because the license was issued less than 35 years ago.

Plaintiffs misled the Court by representing that the alleged agreements were in part in writing—and when pressed after losing a motion to dismiss your allegations conceded that there were no written agreements and that the conditions precedent which plaintiffs manufactured to create an infringement claim were apparently created by custom and practice. The case law explains that conditions precedent have to be clear and unambiguous. Considering your own clients testified to custom and practice differently, you never had any chance of proving a condition precedent based on custom and practice. And, testimony aside, your opposition to our Second Motion to Dismiss found no case supporting the notion that conditions precedent can exist under these circumstances.

Moreover, the case started without you or your clients identifying infringement, perhaps because that evidence of alleged infringement was obtained by fraud. Once you disclosed the works at issue and learned that this case had damages of less than $3,000, you continued the case nonetheless, including causing expensive discovery battles over issues Judge Audero said you would not win.

Further, we had to take depositions to learn that your clients spoliated the files that they claim to have submitted to the Agencies, and/or you and your clients never produced the submitted files from the start. We have to assume those unproduced files do not support your position- after all 5 of the 7 plaintiffs dropped the suit after being asked about these files.  In the end, when the case failed from a legal standpoint, an evidentiary one, and after relying on evidence obtained by fraud or evidence that violated a court order, 5 of the 7 plaintiffs dismissed the claims without prejudice, attempting to avoid an

attorneys' fees finding.  I asked your position on this motion, and specifically the spoliation issue, and you said you have "nothing to say" but that you intend to oppose the motion.

Neither David Sergenian nor Shengmao attended the call.

Regards,
Jo


--
**Jo Ardalan**
**Partner**



Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice*:  *If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** Jo Ardalan
**Sent:** Monday, June 15, 2026 7:55 PM
**To:** 'Ryan Carreon' <rcarreon@whitewoodlaw.com>
**Cc:** 'David Sergenian' <david@sergenianlaw.com>; 'Abby Neu' <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; 'Shengmao Mu' <smu@whitewoodlaw.com>; 'Sheila Mojtehedi' <sheila@mojtehedi.com>; 'Ryan Baker' <rbaker@whitewoodlaw.com>; 'Keaton Smith' <ksmith@whitewoodlaw.com>; Megan Dell <mdell@onellp.com>
**Subject:** RE: Mauvilain v. Flynet- Missing Documents and Plaintiffs' Spoliation of Evidence - 7-3 Meet and confer

All:

Please let me know when you are available to meet and confer pursuant to Local Rule 7-3 regarding a sanctions motion we intend to bring against counsel under 28 USC 1927 and against the plaintiffs and counsel under the inherent powers of the Court.

The basis for this motion includes, but is not limited to:

1. The spoliation of evidence and failure to produce key evidence as outlined below, which should have been part of a prelitigation review.
2. The frivolous factual representation that the Plaintiffs and Agencies had agreed to conditions precedent as part of their license agreements. This representation was made to manufacture an infringement claim. The plaintiffs did not testify that such a condition existed, yet it was pleaded again and again, without any evidentiary basis.
3. The frivolous legal theory that a 1202 claim could ever be supported when Plaintiffs licensed the works to Defendants.
4. The decision to continue this litigation despite the fact that the actual damages were less than $3,000 for all seven plaintiffs and plaintiffs were paid the money.
5. The decision to pursue a termination/revocation theory (even taking my deposition to "prove it") when there is no way any evidence could ever fit into the 17 USC 203 statutory framework given that the works were  licensed less than 35 years ago.
6. The decision to pursue a claim that relied on evidence that was obtained through fraud— specifically, accessing Backgrid's Confidential Client Portal through a fictitious person, "Emily

Carter", after representing she was requesting access to research her Netflix documentary.

7. The thousands of instances of contempt of the December 2025 Court Order when you and your clients were given access to BackGrid's Confidential Client Portal. In violation of the order, plaintiffs saved each photo at issue in this lawsuit, failed to produce each photo by January 12, 2026, and when you finally produced the files, they were not designated as  Confidential. That is three instances of contempt for each photograph that is at issue in this litigation.

8. The serving of three joint stipulations under L.R. 37 regarding the same discovery.

Please let me know when you are available.

Regards,
Jo


--
**Jo Ardalan**
**Partner**

# one llp

Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** Jo Ardalan
**Sent:** Friday, June 12, 2026 1:33 PM
**To:** 'Ryan Carreon' <rcarreon@whitewoodlaw.com>
**Cc:** 'David Sergenian' <david@sergenianlaw.com>; 'Abby Neu' <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; 'Shengmao Mu' <smu@whitewoodlaw.com>; 'Sheila Mojtehedi' <sheila@mojtehedi.com>; 'Ryan Baker' <rbaker@whitewoodlaw.com>; 'Keaton Smith' <ksmith@whitewoodlaw.com>; Megan Dell <mdell@onellp.com>
**Subject:** RE: Mauvilain v. Flynet- Missing Documents and Plaintiffs' Spoliation of Evidence
**Importance:** High

All:

Please fill out your portion of the request below so that we can get it to the Court on Monday. Please include times/dates you are available.  Your statement may not be longer than three sentences per issue.

Regards,
Jo

To the Court:

We serve as counsel for BackGrid USA, Inc., Backgrid Inc., and Shutterstock, Inc. in *Mauvilian v. Flynet Pictures, LLC*, 2:25-cv-2757-FLA-MAA. Counsel for the other parties are cced here.

BackGrid USA, Inc., Backgrid Inc., and Shutterstock, Inc. request an IDC with the Court.

1. **The Parties are available on**:
2. **Discovery cutoff**: September 18, 2026 (Dkt. 109)
3. **Neutral Statement of the Issues in Dispute**:
   a. **Issue 1**: Plaintiffs have not produced the native files they submitted to Defendants which form the basis of their Copyright Management Information removal claim.
   b. **Issue 2**: Plaintiff Kyndt did not appear for deposition.
4. **Moving Parties Statement**:
   a. **Issue 1**: Plaintiffs' 1202 claim relies on their allegations that they submitted native files to Defendants that contained metadata that provided their name and other copyright management information, which, they allege were altered or removed by Defendants to conceal infringement. During deposition, it was revealed that the files produced by Plaintiffs were spoliated with updated CMI years after the submission to Defendants (but shortly before the submission of the files to the Copyright Office) and that certain Plaintiffs had not produced the files at all. Defendants emailed Plaintiffs five times requesting a conference of counsel, but Plaintiffs have not responded in substance and have not agreed to a meet and confer call.
   b. **Issue 2**: Plaintiff Kyndt was scheduled to appear at deposition on June 12, which was ***agreed upon*** by the parties and which was scheduled to accommodate an issuance of a visa to travel to the US. On May 15, counsel represented the visa was ***granted*** and that Kyndt would appear on June 12, but less than 24 hours before the deposition, on June 11, Plaintiffs represented the visa was ***not granted***, thus justifying his non-appearance, and Plaintiffs have not provided alternative dates. Defendants confronted Plaintiffs on this inconsistency in writing but they have not provided a response and have not responded to requests for calls that were made in connection with Issue 1.
5. **Non-Moving Parties' Statement**:

--
**Jo Ardalan**
**Partner**

**one llp**

Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice*: *If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it. This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

**From:** Jo Ardalan
**Sent:** Thursday, June 11, 2026 2:20 PM
**To:** Ryan Carreon <rcarreon@whitewoodlaw.com>
**Cc:** David Sergenian <david@sergenianlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Shengmao Mu <smu@whitewoodlaw.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Megan Dell <mdell@onellp.com>
**Subject:** RE: Mauvilain v. Flynet- Missing Documents and Plaintiffs' Spoliation of Evidence

All:

Following up again. This is now my fifth email asking for a call to discuss this very important issue.  It appears you are unwilling to have a call to discuss your clients' submitted native files that should have been part of your the most basic Rule 11 review prior to filing this complaint. You either do not have access to them or you are unwilling to produce them.   I will be seeking Court intervention on Monday as we cannot get a meaningful response from you.

Regards,
Jo

--
**Jo Ardalan**
**Partner**



Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

**From:** Jo Ardalan
**Sent:** Wednesday, June 10, 2026 11:55 AM
**To:** 'Ryan Carreon' <rcarreon@whitewoodlaw.com>
**Cc:** 'David Sergenian' <david@sergenianlaw.com>; 'Abby Neu' <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; 'Shengmao Mu' <smu@whitewoodlaw.com>; 'Sheila Mojtehedi' <sheila@mojtehedi.com>; 'Ryan Baker' <rbaker@whitewoodlaw.com>; 'Keaton Smith' <ksmith@whitewoodlaw.com>; Megan Dell <mdell@onellp.com>
**Subject:** RE: Mauvilain v. Flynet- Missing Documents and Plaintiffs' Spoliation of Evidence
**Importance:** High

Ryan,

Following up again. This is now my fourth email asking for clarification about your production and asking for a call.

Please keep in mind that we have a deposition on Friday and I want the files and the information sufficiently before that deposition so I can review them.  I remind you that your side refused to take the deposition of Defendants because David represented that you were unable to review less 1000 documents within a week (and 30% of those files were redacted tax files that related to other

contributors).  The native files should include many thousands of documents and now I have under two days to review them.

I also remind you that your side took the position that you had no time to further meet and confer with me about your joint stipulation given the case schedule.  The joint stipulation you served (again for the third time) was for documents that the Court already said you don't need. The documents we are talking about now fit squarely within your R 26 obligations—if you don't have these files, you can never meet your burden on your CMI claim, assuming you have pleaded the claim. If you can't meet and confer with us to discuss documents the Court said you don't need—where does that put us with respect to the most basic of documents that should have been produced with your initial disclosures?

Regards,
Jo

--
**Jo Ardalan**
**Partner**

**one llp**

Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** Jo Ardalan
**Sent:** Tuesday, June 9, 2026 6:14 PM
**To:** 'Ryan Carreon' <rcarreon@whitewoodlaw.com>
**Cc:** 'David Sergenian' <david@sergenianlaw.com>; 'Abby Neu' <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; 'Shengmao Mu' <smu@whitewoodlaw.com>; 'Sheila Mojtehedi' <sheila@mojtehedi.com>; 'Ryan Baker' <rbaker@whitewoodlaw.com>; 'Keaton Smith' <ksmith@whitewoodlaw.com>; Megan Dell <mdell@onellp.com>
**Subject:** RE: Mauvilain v. Flynet- Missing Documents and Plaintiffs' Spoliation of Evidence

Ryan:

I have not received a response from you.  Please respond to my question about the submitted files and let me know when you are available for a call.

Regards,
Jo

--
**Jo Ardalan**
**Partner**

**one llp**

Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

**From:** Jo Ardalan
**Sent:** Monday, June 8, 2026 5:05 PM
**To:** 'Ryan Carreon' <rcarreon@whitewoodlaw.com>
**Cc:** David Sergenian <david@sergenianlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Shengmao Mu <smu@whitewoodlaw.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Megan Dell <mdell@onellp.com>
**Subject:** RE: Mauvilain v. Flynet- Missing Documents and Plaintiffs' Spoliation of Evidence

Ryan:

Why do you need deposition transcripts to address whether you have produced the files your clients purportedly submitted to FlyNet/FameFlynet? This is the center of your CMI claim, which is the claim you contend is the crux of this case.

Are Plaintiffs unsure about whether or not you have produced unspoliated files that were actually submitted to Defendants?

Please let me know when you are available for call to confer under 37-1.

Regards,
Jo

--
**Jo Ardalan**
**Partner**

**one llp**

Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

**From:** Ryan Carreon <rcarreon@whitewoodlaw.com>
**Sent:** Monday, June 8, 2026 4:51 PM
**To:** Jo Ardalan <jardalan@onellp.com>
**Cc:** David Sergenian <david@sergenianlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Shengmao Mu <smu@whitewoodlaw.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Megan Dell <mdell@onellp.com>
**Subject:** Re: Mauvilain v. Flynet- Missing Documents and Plaintiffs' Spoliation of Evidence

Jo,

Your email raises a number of issues concerning multiple Plaintiffs, multiple depositions, document collections, metadata, written discovery responses, and purported deposition testimony. We are reviewing those issues, but the 5 p.m. deadline you imposed is not practicable under the circumstances.

Among other things, six Plaintiffs have been deposed over the past couple of weeks, but we have received transcripts for only two of those depositions. Because much of your email relies on your characterization of deposition testimony, we are not in a position to fairly evaluate, confirm, or respond to several of the points raised until the relevant transcripts have been completed. We need a reasonable opportunity to review the relevant testimony and client-specific facts before providing any substantive response.

Accordingly, Plaintiffs cannot provide the substantive response you demanded by 5 p.m. today. Given the number and nature of the issues raised, the parties should proceed in an orderly written manner after the relevant transcripts are available. To facilitate that process, please provide the specific deposition testimony on which you rely, with transcript citations once the transcripts are available. Once we have the relevant transcripts and citations, we will review and respond as appropriate.

With respect to your request to record calls, we do not agree to record meet-and-confer calls. Given the nature of the issues raised in your email, we believe the more productive course is for the parties to address these issues in writing in the first instance so there is a clear record of each side's position.

On Thu, Jun 4, 2026 at 1:54 PM Jo Ardalan <jardalan@onellp.com> wrote:

> All:
>
> As you know, the depositions thus far have provided some surprising testimony from Plaintiffs revealing spoliation of evidence and the withholding of documents that Plaintiffs will need to rely on in this case.
>
> Plaintiffs' entire case relies on photos they submitted to FlyNet or FameFlyNet with metadata that included their copyright information and authorship.  For that reason:
>
> 1.    Plaintiffs' Initial Disclosures identified "Native files of the photographs at issue containing relevant metadata."
> 2.    **Interrogatory No. 1** expressly required that Plaintiffs: "IDENTIFY the copyright management information provided to the AGENCIES RELATING TO the WORKS. "IDENTIFY" as used in Interrogatory 1 means: (i) identify the information conveyed in connection with the WORKS, as defined in 17 U.S.C. § 1202(c); (ii) identify how such information was conveyed in connection with the WORKS; (iii) identify to whom the copyright management information was provided; (iii) identify who provided the copyright management information to the AGENCIES; (iv) identify who created the copyright management information."
> 3.    **RFP 36** required that Plaintiffs: Produce all original files YOU submitted to Flynet Pictures, LLC. The files must be produced in the native format, as submitted.
> 4.    **RFP 37** required that Plaintiffs: Produce all original files YOU submitted to FameFlynet, Inc. The files must be produced in the native format, as submitted.

5.    **RFP 38** required that Plaintiffs: Produce all original files YOU submitted to Backgrid Inc. The files must be produced in the native format, as submitted.

6.    **RFP 39** required that Plaintiffs: Produce all original files YOU submitted to Backgrid USA Inc. The files must be produced in the native format, as submitted.

7.    **RFP 40** required that Plaintiffs: Produce all original files YOU submitted to Shutterstock Inc. The files must be produced in the native format, as submitted.

8.    There are also a number of other RFPs that also required the production of these documents, including 77-86, among others.

You have said multiple times, including to Judge Audero, that your production is "complete." It is not.

When I asked previously about the native files produced to the Agencies, Shengmao represented that they were the same files attached to the copyright registrations that have been produced to us.  While some of the plaintiffs have testified that is correct, the same plaintiffs testified that they submitted only edited files to the Agencies and the files attached to their copyright registrations are raw or original files—i.e. not the files submitted to the Agencies.

Significantly, several of the plaintiffs have testified that they have not even produced the original, native files sent to the Agencies.

It has also come to our attention that the native files produced by the Plaintiffs have been intentionally spoliated. Wolf testified that Mauvilain included information in his files to confirm his ownership although he apparently did not understand either IPTC data or how his HansCastrop byline appeared in his files—a byline he testified he only once used and regretted using even that one time. Even without that testimony, the altered metadata speaks for itself. Duplaquet testified that he had never altered any metadata of any file submitted in this case, but when confronted with a 12/24 "Metadata Date"—just months before the copyright registrations were submitted— he stated that he updated his LA address in December 2024—which is implausible as he also testified he was living in France in 2024.

In addition, various Plaintiffs have also testified that they did not search for responsive documents, including Mauvilain, among other plaintiffs, who also admitted to having written communications with the other Plaintiffs about this lawsuit that were not produced.

We urgently need the files that should have been produced at the outset of this case in addition to the files related to the new copyright registrations that you slipped into the Second Amended Complaint, notwithstanding that the Court gave leave to amend to plead a mere claim (which you had not in the First Amended Complaint), not to add new copyright registrations in, in clear violation of *Fourth Estate v. Wall-Steet.com,* 586 U.S. 394 (2019).

We trust that plaintiffs' counsel did a sufficient Rule 11 review of their clients' documents prior to filing suit. If so, you would have all the native files submitted to the Agencies readily

available to you.

**By 5 pm on Monday, June 8, we will need:**

1. All native files submitted to the Agencies.  Unfortunately, while it should go without saying, I must reiterate to you that you must not submit to us spoliated, altered files.

2. An updated response to Rog 1 on behalf of each of the plaintiffs.

3. Have each of your clients perform a diligent search for documents that they testified they did not do. Among other things, produce the communications among them about this lawsuit (RFPs 90-96), documents related to payments made by the agencies (RFPs 65-69), and search for communications with the agencies in the email boxes that they failed to review.

As always, we ask your permission to record our call about these very important issues.  In the past, you have declined our multiple requests to record calls, but after almost every call in which I send a confirming message, you have represented that my written follow-up communication misrepresented the call without explanation. If you really believed the confirming emails were incorrect, you should welcome the opportunity to record our calls. Let me know your position on this.

Regards,
Jo

--
**Jo Ardalan**
**Partner**

**one** **llp**

Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice*: *If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*