# Exhibit 32

 Outlook

---

**Re: Mauvilain v. Flynet- Missing Documents and Plaintiffs' - 7-3 Meet and confer**

---

**From** tm forceinaction.com <tm@forceinaction.com>

**Date** Thu 7/16/2026 6:00 PM

**To** Jo Ardalan <jardalan@onellp.com>

**Cc** Coco <carboninla@yahoo.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; David Quinto <dquinto@onellp.com>; Megan Dell <mdell@onellp.com>; Lauren Thomas <lthomas@onellp.com>; sheila <sheila@mojtehedi.com>

Counsel,

Thank you for today's conference.

To memorialize my understanding of Defendants' discovery position, Defendants have reviewed the seven narrowed items and do not agree to any of them, maintaining that the proposed limitations do not meaningfully reduce the burden associated with the relief requested. The parties therefore remain unable to reach further agreement concerning the narrowed discovery issues.

I also understand Defendants to request that the Court proceed based on the existing joint stipulation and the parties' post-conference positions. After consideration, I will circulate a proposed, narrowly drafted status email for review before submission. If the parties cannot agree on particular wording, their respective positions can be identified separately rather than presented as jointly agreed.

Separately, I continue to dispute Defendants' sanctions allegations and preserve all factual and legal responses to any motion Defendants elect to file.

Regards,

Thibault Mauvilain

On Jul 16, 2026, at 1:50 PM, tm forceinaction.com <tm@forceinaction.com> wrote:

Thank you. I confirm that I am available for the meet and confer today at **4:45 p.m.** You may reach me at **310-770-3612**.

For clarity, I understand that the call will address: (1) the anticipated motion for sanctions you wish to discuss, and (2) the remaining post-MTC

discovery issues. Please advise if you intend to address any additional topics.

Regards,
Thibault Mauvilain

On Jul 16, 2026, at 1:16 PM, Jo Ardalan <jardalan@onellp.com> wrote:

All:

Please send me the best telephone number for you.

Thanks

Get Outlook for iOS
***

**From:** tm forceinaction.com <tm@forceinaction.com>
**Sent:** Tuesday, 14 July 2026 16:14:43
**To:** Jo Ardalan <jardalan@onellp.com>
**Cc:** Coco <carboninla@yahoo.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; David Quinto <dquinto@onellp.com>; Megan Dell <mdell@onellp.com>; Lauren Thomas <lthomas@onellp.com>; Sheila Mojtehedi <sheila@mojtehedi.com>
**Subject:** Re: Mauvilain v. Flynet- Missing Documents and Plaintiffs' - 7-3 Meet and confer

Counsel,

I write solely on my own behalf. Henri may state his position separately.

Given your statement that Defendants may file before a further conference, I accept **Thursday, July 16 at 4:45 p.m. by telephone**. Please confirm and provide the call-in information.

I understand Defendants' position that prior communications with former counsel satisfied Local Rule 7-3. I do not concede that those communications satisfy the Rule as to every ground, later-occurring event, evidentiary contention, sanctioning authority, or form of individualized terminating relief now asserted against me. My participation in Thursday's call does not concede that issue.

Your response does not provide the particularization requested in my July 14 email. I will nevertheless participate fully and in good faith. To make the conference substantive and productive, please provide the requested concise outline beforehand or be prepared during the call to identify, as to me personally:

1. each asserted ground and governing sanctioning authority;
2. the particular conduct and evidence supporting each ground;
3. the relief sought under each authority;
4. the asserted prejudice and why lesser or curative measures would allegedly be inadequate; and
5. the amount or good-faith estimate of the attorneys' fees sought and whether Defendants seek those fees from me individually or jointly and severally with anyone else.

I reject Defendants' proposal that I dismiss my claims with prejudice and pay unspecified attorneys' fees. Please be prepared to state whether Defendants contend that no narrower corrective or curative measure could resolve or narrow any asserted ground.

For efficiency, I am willing to address the pending discovery issues during the same call, provided they are treated as a separate agenda item and are not conflated with the contemplated sanctions motion.

Regards,

**Thibault Mauvilain**
Plaintiff, Pro Se

On Jul 14, 2026, at 3:56 PM, Jo Ardalan <jardalan@onellp.com> wrote:

Thibault and Henri:

I have already satisfied my meet and confer obligations.  I can file the motion at any time. I will not agree to hold off until we have completed a call.

Candidly, I am attempting to further confer with you beyond what is required because I want you to have an opportunity to discuss the motion with me before I file.    I can speak with you about this motion and the discovery issues on Thursday, after 4:45 PM or Friday at 11 AM. It will have to be telephonic.

With respect to potential resolution of the sanctions motion, potential resolution would include dismissing your claims with prejudice and paying for Defendants' attorneys' fees they had to incur because of this frivolous action.

Regards,
Jo

--
**Jo Ardalan**
**Partner**

**one llp**

Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it. This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

**From:** tm forceinaction.com <tm@forceinaction.com>
**Sent:** Tuesday, July 14, 2026 3:31 PM
**To:** Jo Ardalan <jardalan@onellp.com>
**Cc:** Coco <carboninla@yahoo.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; David Quinto <dquinto@onellp.com>; Megan Dell <mdell@onellp.com>; Lauren Thomas <lthomas@onellp.com>; Sheila Mojtehedi <sheila@mojtehedi.com>
**Subject:** Re: Mauvilain v. Flynet- Missing Documents and Plaintiffs' - 7-3 Meet and confer

As a follow-up to my prior email, if Defendants prefer to hold the conference sooner, I can also make time on Thursday. Please provide two proposed times, and I will make reasonable efforts to accommodate one.

Regards,

Thibault Mauvilain
Plaintiff, Pro Se


TM - FIA

On Jul 14, 2026, at 15:27, tm forceinaction.com <tm@forceinaction.com> wrote:

Counsel,

Thank you. I am not available for a conference concerning the contemplated sanctions and dismissal motion this afternoon. I am available by Zoom on Friday, July 17, at 11:00 a.m. or 2:00 p.m. Pacific. Please let me know which time you prefer and send a Zoom link.

Because the contemplated sanctions motion and the pending post-IDC discovery issues are distinct matters, I propose that we address them separately so that the parties' positions and any potential resolutions remain clear.

Please confirm that Defendants will not file the contemplated motion before the further conference on Friday.

Regards,

Thibault Mauvilain
Plaintiff, Pro Se

On Jul 14, 2026, at 14:46, Jo Ardalan <jardalan@onellp.com> wrote:

All,

We already satisfied our meet and confer obligation with your former counsel,  but I'd be happy to confer with you further in case you have questions.

I'm available this afternoon and we can discuss your discovery issues as well.

Jo


Get [Outlook for iOS](Outlook for iOS)

---

**From:** tm forceinaction.com <tm@forceinaction.com>
**Sent:** Tuesday, 14 July 2026 13:49:56
**To:** Jo Ardalan <jardalan@onellp.com>
**Cc:** Coco <carboninla@yahoo.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; David Quinto <dquinto@onellp.com>; Megan Dell <mdell@onellp.com>; Lauren Thomas <lthomas@onellp.com>; Sheila Mojtehedi <sheila@mojtehedi.com>
**Subject:** Re: Mauvilain v. Flynet- Missing Documents and Plaintiffs' - 7-3 Meet and confer


Counsel,

I write solely on my own behalf. Henri Mazari may state his position separately.

I understand your July 14 email to state that Defendants intend to seek dismissal of my remaining claims based on all of the matters collected in the correspondence below.

I oppose that relief and dispute the factual and legal premises on which it appears to rest. In particular, I dispute that any conduct attributable to me constitutes intentional spoliation, concealment of responsive evidence, fraud, willful disobedience of a court order, or bad-faith multiplication of proceedings.

Your July 14 message identifies the relief Defendants intend to request, but the underlying correspondence still does not identify with sufficient precision the individualized basis for imposing that relief against me. The chain combines allegations concerning former counsel, seven current or former plaintiffs, and other individuals;

merges merits arguments with discovery disputes, alleged loss of evidence, alleged contempt, and access to Defendants' portal; and refers generally to 28 U.S.C. § 1927 and the Court's inherent authority without mapping each allegation to a particular actor, act, evidentiary basis, mental state, prejudice, sanctioning authority, or remedy.

Those matters are not interchangeable.

Section 1927 concerns excess costs, expenses, and attorneys' fees allegedly caused by unreasonable and vexatious multiplication of proceedings. It does not itself supply the terminating remedy identified in your July 14 email. If Defendants seek dismissal under the Court's inherent authority, Rule 37, contempt authority, or another source of authority, please identify that authority and the findings Defendants contend are supported as to me personally.

To permit a meaningful Local Rule 7-3 conference, please provide the following concise particularization before the conference:

1. **Grounds and governing authority.** For each ground Defendants intend to include in the contemplated motion, identify the particular sanctioning authority invoked and the specific relief requested under that authority.
2. **Individualized conduct.** Identify each act or omission Defendants attribute personally to me, including the date, the document, filing, discovery response, file, communication, or court-order provision involved, and the supporting evidence. Where Defendants rely on deposition testimony, please provide the witness and page-and-line citation; where Defendants rely on produced materials, please

provide the Bates number or file name.

3. **Section 1927.** Identify the particular proceeding or proceedings that I allegedly multiplied, the conduct alleged to have caused that multiplication, the culpable state of mind Defendants contend applies, and the excess costs, expenses, or attorneys' fees allegedly incurred because of that conduct.

4. **Alleged spoliation.** For each item of electronically stored information allegedly lost, identify:

   - what information was allegedly lost;
   - when Defendants contend my preservation duty arose;
   - what act or omission is attributed to me;
   - why the information cannot be restored or replaced through additional discovery;
   - the evidence allegedly establishing an intent to deprive Defendants of its use in this litigation; and
   - why a lesser or curative measure would be insufficient.

5. **Alleged violation of the December 2025 order.** Identify the exact paragraph or operative language allegedly violated, each act constituting the alleged violation, the date and actor involved, and whether Defendants intend to proceed under Rule 37(b), civil contempt, inherent authority, or another source. Characterizing the matter as "thousands" of contempt violations does not substitute for identifying the operative provision and the particular conduct allegedly violating it.

6. **Portal-access allegation.** I understand that Defendants direct this allegation at me and

Case 2:25-cv-02757-FLA-MBK    Document 131-43    Filed 07/31/26    Page 10 of 39 Page ID #:4059

contend that it concerns a request for access associated with the name "Emily Carter." I do not concede Defendants' characterization of the circumstances as fraud or bad faith, that any information was obtained or used improperly, or that the episode provides a basis for sanctions or dismissal.

7. **Merits-based allegations.** To the extent Defendants rely on the licensing relationship, alleged conditions precedent, 17 U.S.C. §§ 203 or 1202, the amount of damages, the addition of copyright registrations, or other merits positions, identify the particular paper or contention Defendants claim was sanctionable when presented and the basis for asserting bad faith, rather than merely disagreement with the factual or legal position.

8. **Potential resolution.** Identify any correction, supplementation, withdrawal, or other concrete measure Defendants contend could resolve or narrow each ground without motion practice. If Defendants contend no measure short of dismissal could resolve any asserted ground, please state that position and explain why lesser relief would be inadequate.

A concise numbered response or chart will suffice. I am not asking Defendants to brief their motion in advance. This is the minimum particularization necessary for a conference capable of addressing and narrowing a contemplated motion seeking the terminating sanction of dismissal.

For clarity, I do not accept the collective attribution reflected in the prior correspondence. The voluntary dismissal of claims by other plaintiffs is not an admission by me. Litigation decisions, representations, or filings by former counsel are not automatically

attributable to me without an evidentiary basis. A disputed or ultimately unsuccessful factual or legal position is not, merely for that reason, sanctionable bad faith. Nor do metadata discrepancies, production disagreements, or the inability to locate a particular version of a file, standing alone, establish intentional destruction or an intent to deprive.

I remain willing to participate in a good-faith conference by Zoom and to discuss any specifically identified curative measure, without conceding that any violation occurred. Please provide the requested clarification and three proposed conference times during the next seven days. I will make reasonable efforts to accommodate the proposed times.

I will not attempt to brief a comprehensive opposition by email. I reserve all factual, evidentiary, procedural, and substantive objections, including objections to collective attribution, inadequate notice, unsupported factual characterizations, and any ground or requested relief that is not meaningfully presented during the Local Rule 7-3 process.

Nothing in this response concedes that the prior correspondence with former counsel satisfies Local Rule 7-3 as to the individualized relief now threatened against me.

Regards,

**Thibault Mauvilain**
Plaintiff, Pro Se

> On Jul 14, 2026, at 10:44 AM, Jo Ardalan <jardalan@onellp.com> wrote:
>
> Thibault and Henri,

I wanted to make sure that you are crystal clear that this motion is going to ask for dismissal of your claims for all of the reasons outlined below.

If you would like to discuss this further, I am available. Let me know.

Regards,
Jo

--
**Jo Ardalan**
**Partner**

**one llp**

Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice*: *If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it. This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** Jo Ardalan
**Sent:** Friday, July 3, 2026 9:20 PM
**To:** tm forceinaction.com <tm@forceinaction.com>; Coco <carboninla@yahoo.com>
**Cc:** Peter Afrasiabi <pafrasiabi@onellp.com>; David Quinto <dquinto@onellp.com>; Megan Dell <mdell@onellp.com>; Lauren Thomas <lthomas@onellp.com>; Sheila Mojtehedi <sheila@mojtehedi.com>
**Subject:** FW: Mauvilain v. Flynet-Missing Documents and Plaintiffs' Spoliation of Evidence - 7-3 Meet and confer

Thibault and Henri,

Per my other email message, below is the meet and confer correspondence with your former counsel regarding Defendants' motion for sanctions under 17 USC 1927 and the Court's inherent authority.

If you have anything to add to this, please do so.

Regards,
Jo

--
**Jo Ardalan
Partner**

**one llp**

Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** Jo Ardalan
**Sent:** Monday, June 22, 2026 12:32 PM
**To:** 'Ryan Carreon' <rcarreon@whitewoodlaw.com>
**Cc:** 'David Sergenian' <david@sergenianlaw.com>; 'Abby Neu' <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; 'Shengmao Mu' <smu@whitewoodlaw.com>; 'Sheila Mojtehedi' <sheila@mojtehedi.com>; 'Ryan

Baker'
<rbaker@whitewoodlaw.com>;
'Keaton Smith'
<ksmith@whitewoodlaw.com>;
Megan Dell <mdell@onellp.com>
**Subject:** RE: Mauvilain v. Flynet-
Missing Documents and
Plaintiffs' Spoliation of Evidence -
7-3 Meet and confer

Ryan:

This is confirmation that we
just had our meet and confer
call regarding the issues
outlined below. Among other
things, I explained how this
case was always dead on
arrival as a matter of law, and
we had told you and plaintiffs
that from the start of this case.
There was no way you would
ever prove infringement
considering the submission of
the photos to the agencies for
licensing, and without
infringement you could never
plead or prove a CMI claim. I
also explained that termination
was always impossible
because the license was
issued less than 35 years ago.

Plaintiffs misled the Court by
representing that the alleged
agreements were in part in
writing—and when pressed
after losing a motion to
dismiss your allegations
conceded that there were no
written agreements and that
the conditions precedent
which plaintiffs manufactured
to create an infringement
claim were apparently created
by custom and practice. The
case law explains that
conditions precedent have to
be clear and unambiguous.
Considering your own clients
testified to custom and
practice differently, you never
had any chance of proving a

condition precedent based on custom and practice. And, testimony aside, your opposition to our Second Motion to Dismiss found no case supporting the notion that conditions precedent can exist under these circumstances.

Moreover, the case started without you or your clients identifying infringement, perhaps because that evidence of alleged infringement was obtained by fraud. Once you disclosed the works at issue and learned that this case had damages of less than $3,000, you continued the case nonetheless, including causing expensive discovery battles over issues Judge Audero said you would not win.

Further, we had to take depositions to learn that your clients spoliated the files that they claim to have submitted to the Agencies, and/or you and your clients never produced the submitted files from the start. We have to assume those unproduced files do not support your position- after all 5 of the 7 plaintiffs dropped the suit after being asked about these files. In the end, when the case failed from a legal standpoint, an evidentiary one, and after relying on evidence obtained by fraud or evidence that violated a court order, 5 of the 7 plaintiffs dismissed the claims without prejudice, attempting to avoid an attorneys' fees finding. I asked your position on this motion, and specifically the spoliation issue, and you said you have "nothing to say" but

that you intend to oppose the motion.

Neither David Sergenian nor Shengmao attended the call.

Regards,
Jo

--
**Jo Ardalan**
**Partner**

**one llp**

Intellectual Property &
Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice: If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it. This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** Jo Ardalan
**Sent:** Monday, June 15, 2026 7:55 PM
**To:** 'Ryan Carreon' <rcarreon@whitewoodlaw.com>
**Cc:** 'David Sergenian' <david@sergenianlaw.com>; 'Abby Neu' <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; 'Shengmao Mu' <smu@whitewoodlaw.com>; 'Sheila Mojtehedi' <sheila@mojtehedi.com>; 'Ryan Baker' <rbaker@whitewoodlaw.com>; 'Keaton Smith' <ksmith@whitewoodlaw.com>; Megan Dell <mdell@onellp.com>
**Subject:** RE: Mauvilain v. Flynet-Missing Documents and

Plaintiffs' Spoliation of Evidence - 7-3 Meet and confer

All:

Please let me know when you are available to meet and confer pursuant to Local Rule 7-3 regarding a sanctions motion we intend to bring against counsel under 28 USC 1927 and against the plaintiffs and counsel under the inherent powers of the Court.

The basis for this motion includes, but is not limited to:

1. The spoliation of evidence and failure to produce key evidence as outlined below, which should have been part of a prelitigation review.
2. The frivolous factual representation that the Plaintiffs and Agencies had agreed to conditions precedent as part of their license agreements. This representation was made to manufacture an infringement claim. The plaintiffs did not testify that such a condition existed, yet it was pleaded again and again, without any evidentiary basis.
3. The frivolous legal theory that a 1202 claim could ever be supported when Plaintiffs licensed the works to Defendants.
4. The decision to continue this litigation despite the fact that the actual damages were less than $3,000 for all seven plaintiffs and plaintiffs were paid the money.

5. The decision to pursue a termination/revocation theory (even taking my deposition to "prove it") when there is no way any evidence could ever fit into the 17 USC 203 statutory framework given that the works were licensed less than 35 years ago.

6. The decision to pursue a claim that relied on evidence that was obtained through fraud —specifically, accessing Backgrid's Confidential Client Portal through a fictitious person, "Emily Carter", after representing she was requesting access to research her Netflix documentary.

7. The thousands of instances of contempt of the December 2025 Court Order when you and your clients were given access to BackGrid's Confidential Client Portal. In violation of the order, plaintiffs saved each photo at issue in this lawsuit, failed to produce each photo by January 12, 2026, and when you finally produced the files, they were not designated as Confidential. That is three instances of contempt for each photograph that is at issue in this litigation.

8. The serving of three joint stipulations under L.R. 37 regarding the same discovery.

Please let me know when you are available.

Regards,
Jo


--
**Jo Ardalan**
**Partner**

**one llp**

Intellectual Property &
Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice:  If you are not the intended
recipient of this e-mail, please reply
and inform me of the mistake, and
please do not print, forward or
otherwise disseminate it.  This e-mail
may contain attorney-client and/or
work product information that is
legally privileged, which prohibits any
unauthorized review or use.*

---

**From:** Jo Ardalan
**Sent:** Friday, June 12, 2026 1:33
PM
**To:** 'Ryan Carreon'
<rcarreon@whitewoodlaw.com>
**Cc:** 'David Sergenian'
<david@sergenianlaw.com>;
'Abby Neu'
<aneu@whitewoodlaw.com>;
David Quinto
<dquinto@onellp.com>; Peter
Afrasiabi
<pafrasiabi@onellp.com>;
'Shengmao Mu'
<smu@whitewoodlaw.com>;
'Sheila Mojtehedi'
<sheila@mojtehedi.com>; 'Ryan
Baker'
<rbaker@whitewoodlaw.com>;
'Keaton Smith'
<ksmith@whitewoodlaw.com>;
Megan Dell <mdell@onellp.com>
**Subject:** RE: Mauvilain v. Flynet-
Missing Documents and
Plaintiffs' Spoliation of Evidence
**Importance:** High

All:

Please fill out your portion of the request below so that we can get it to the Court on Monday.  Please include times/dates you are available.  Your statement may not be longer than three sentences per issue.

Regards,
Jo

To the Court:

We serve as counsel for BackGrid USA, Inc., Backgrid Inc., and Shutterstock, Inc. in  *Mauvilian v. Flynet Pictures, LLC*, 2:25-cv-2757-FLA-MAA. Counsel for the other parties are cced here.

BackGrid USA, Inc., Backgrid Inc., and Shutterstock, Inc. request an IDC with the Court.

1. **The Parties are available on**:
2. **Discovery cutoff**: September 18, 2026 (Dkt. 109)
3. **Neutral Statement of the Issues in Dispute**:
    a. **Issue 1**: Plaintiffs have not produced the native files they submitted to Defendants which form the basis of their

Copyright Management Information removal claim.

b. **Issue 2**: Plaintiff Kyndt did not appear for deposition.

4. **Moving Parties Statement**:

a. **Issue 1**: Plaintiffs' 1202 claim relies on their allegations that they submitted native files to Defendants that contained metadata that provided their name and other copyright management information, which, they allege were altered or removed by Defendants to conceal infringement. During deposition, it was revealed that the files produced by Plaintiffs were spoliated with updated CMI years after the submission to Defendants (but shortly before

the submission of the files to the Copyright Office) and that certain Plaintiffs had not produced the files at all. Defendants emailed Plaintiffs five times requesting a conference of counsel, but Plaintiffs have not responded in substance and have not agreed to a meet and confer call.

b. **Issue 2**: Plaintiff Kyndt was scheduled to appear at deposition on June 12, which was **_agreed upon_** by the parties and which was scheduled to accommodate an issuance of a visa to travel to the US. On May 15, counsel represented the visa was **_granted_** and that Kyndt would appear on June 12, but less than 24 hours before the

deposition, on June 11, Plaintiffs represented the visa was ***not granted***, thus justifying his non-appearance, and Plaintiffs have not provided alternative dates. Defendants confronted Plaintiffs on this inconsistency in writing but they have not provided a response and have not responded to requests for calls that were made in connection with Issue 1.

5. **Non-Moving Parties' Statement**:

--
**Jo Ardalan**
**Partner**

**one** llp

Intellectual Property &
Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice:  If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail*

*may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** Jo Ardalan
**Sent:** Thursday, June 11, 2026 2:20 PM
**To:** Ryan Carreon <rcarreon@whitewoodlaw.com>
**Cc:** David Sergenian <david@sergenianlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Shengmao Mu <smu@whitewoodlaw.com>; Sheila Mojtehedi <sheila@mojtehedi.com>; Ryan Baker <rbaker@whitewoodlaw.com>; Keaton Smith <ksmith@whitewoodlaw.com>; Megan Dell <mdell@onellp.com>
**Subject:** RE: Mauvilain v. Flynet- Missing Documents and Plaintiffs' Spoliation of Evidence

All:

Following up again. This is now my fifth email asking for a call to discuss this very important issue.  It appears you are unwilling to have a call to discuss your clients' submitted native files that should have been part of your the most basic Rule 11 review prior to filing this complaint.  You either do not have access to them or you are unwilling to produce them.   I will be seeking Court intervention on Monday as we cannot get a meaningful response from you.

Regards,
Jo

--

**Jo Ardalan**
**Partner**

# one llp

Intellectual Property &
Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice*:  *If you are not the intended
recipient of this e-mail, please reply
and inform me of the mistake, and
please do not print, forward or
otherwise disseminate it.  This e-mail
may contain attorney-client and/or
work product information that is
legally privileged, which prohibits any
unauthorized review or use.*

---

**From:** Jo Ardalan
**Sent:** Wednesday, June 10, 2026
11:55 AM
**To:** 'Ryan Carreon'
<rcarreon@whitewoodlaw.com>
**Cc:** 'David Sergenian'
<david@sergenianlaw.com>;
'Abby Neu'
<aneu@whitewoodlaw.com>;
David Quinto
<dquinto@onellp.com>; Peter
Afrasiabi
<pafrasiabi@onellp.com>;
'Shengmao Mu'
<smu@whitewoodlaw.com>;
'Sheila Mojtehedi'
<sheila@mojtehedi.com>; 'Ryan
Baker'
<rbaker@whitewoodlaw.com>;
'Keaton Smith'
<ksmith@whitewoodlaw.com>;
Megan Dell <mdell@onellp.com>
**Subject:** RE: Mauvilain v. Flynet-
Missing Documents and
Plaintiffs' Spoliation of Evidence
**Importance:** High

Ryan,

Following up again. This is
now my fourth email asking for
clarification about your

production and asking for a call.

Please keep in mind that we have a deposition on Friday and I want the files and the information sufficiently before that deposition so I can review them.  I remind you that your side refused to take the deposition of Defendants because David represented that you were unable to review less 1000 documents within a week (and 30% of those files were redacted tax files that related to other contributors).  The native files should include many thousands of documents and now I have under two days to review them.

I also remind you that your side took the position that you had no time to further meet and confer with me about your joint stipulation given the case schedule.  The joint stipulation you served (again for the third time) was for documents that the Court already said you don't need. The documents we are talking about now fit squarely within your R 26 obligations—if you don't have these files, you can never meet your burden on your CMI claim, assuming you have pleaded the claim. If you can't meet and confer with us to discuss documents the Court said you don't need—where does that put us with respect to the most basic of documents that should have been produced with your initial disclosures?

Regards,
Jo

--
**Jo Ardalan**

**Partner**

# one **llp**



Intellectual Property &
Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

_Notice_:  _If you are not the intended
recipient of this e-mail, please reply
and inform me of the mistake, and
please do not print, forward or
otherwise disseminate it.  This e-mail
may contain attorney-client and/or
work product information that is
legally privileged, which prohibits any
unauthorized review or use._

---

**From:** Jo Ardalan
**Sent:** Tuesday, June 9, 2026 6:14
PM
**To:** 'Ryan Carreon'
<rcarreon@whitewoodlaw.com>
**Cc:** 'David Sergenian'
<david@sergenianlaw.com>;
'Abby Neu'
<aneu@whitewoodlaw.com>;
David Quinto
<dquinto@onellp.com>; Peter
Afrasiabi
<pafrasiabi@onellp.com>;
'Shengmao Mu'
<smu@whitewoodlaw.com>;
'Sheila Mojtehedi'
<sheila@mojtehedi.com>; 'Ryan
Baker'
<rbaker@whitewoodlaw.com>;
'Keaton Smith'
<ksmith@whitewoodlaw.com>;
Megan Dell <mdell@onellp.com>
**Subject:** RE: Mauvilain v. Flynet-
Missing Documents and
Plaintiffs' Spoliation of Evidence

Ryan:

I have not received a
response from you.  Please
respond to my question about
the submitted files and let me
know when you are available
for a call.

Regards,
Jo

--

**Jo Ardalan**
**Partner**

**one llp**

Intellectual Property &
Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice:  If you are not the intended
recipient of this e-mail, please reply
and inform me of the mistake, and
please do not print, forward or
otherwise disseminate it.  This e-mail
may contain attorney-client and/or
work product information that is
legally privileged, which prohibits any
unauthorized review or use.*

---

**From:** Jo Ardalan
**Sent:** Monday, June 8, 2026 5:05
PM
**To:** 'Ryan Carreon'
<rcarreon@whitewoodlaw.com>
**Cc:** David Sergenian
<david@sergenianlaw.com>;
Abby Neu
<aneu@whitewoodlaw.com>;
David Quinto
<dquinto@onellp.com>; Peter
Afrasiabi
<pafrasiabi@onellp.com>;
Shengmao Mu
<smu@whitewoodlaw.com>;
Sheila Mojtehedi
<sheila@mojtehedi.com>; Ryan
Baker
<rbaker@whitewoodlaw.com>;
Keaton Smith
<ksmith@whitewoodlaw.com>;
Megan Dell <mdell@onellp.com>
**Subject:** RE: Mauvilain v. Flynet-
Missing Documents and
Plaintiffs' Spoliation of Evidence

Ryan:

Why do you need deposition
transcripts to address whether

you have produced the files your clients purportedly submitted to FlyNet/FameFlynet? This is the center of your CMI claim, which is the claim you contend is the crux of this case.

Are Plaintiffs unsure about whether or not you have produced unspoliated files that were actually submitted to Defendants?

Please let me know when you are available for call to confer under 37-1.

Regards,
Jo

--
**Jo Ardalan**
**Partner**

**one llp**

Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice*:  *If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it.  This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** Ryan Carreon <rcarreon@whitewoodlaw.com>
**Sent:** Monday, June 8, 2026 4:51 PM
**To:** Jo Ardalan <jardalan@onellp.com>
**Cc:** David Sergenian <david@sergenianlaw.com>; Abby Neu <aneu@whitewoodlaw.com>; David Quinto <dquinto@onellp.com>; Peter

Afrasiabi
<pafrasiabi@onellp.com>;
Shengmao Mu
<smu@whitewoodlaw.com>;
Sheila Mojtehedi
<sheila@mojtehedi.com>; Ryan
Baker
<rbaker@whitewoodlaw.com>;
Keaton Smith
<ksmith@whitewoodlaw.com>;
Megan Dell <mdell@onellp.com>
**Subject:** Re: Mauvilain v. Flynet-
Missing Documents and
Plaintiffs' Spoliation of Evidence

Jo,

Your email raises a number
of issues concerning
multiple Plaintiffs, multiple
depositions, document
collections, metadata,
written discovery
responses, and purported
deposition testimony. We
are reviewing those issues,
but the 5 p.m. deadline you
imposed is not practicable
under the circumstances.

Among other things, six
Plaintiffs have been
deposed over the past
couple of weeks, but we
have received transcripts
for only two of those
depositions. Because much
of your email relies on your
characterization of
deposition testimony,
we are not in a position to
fairly evaluate, confirm, or
respond to several of the
points raised until the
relevant transcripts have
been completed. We need
a reasonable opportunity to
review the relevant
testimony and client-
specific facts before
providing any substantive
response.

Accordingly, Plaintiffs

cannot provide the substantive response you demanded by 5 p.m. today. Given the number and nature of the issues raised, the parties should proceed in an orderly written manner after the relevant transcripts are available. To facilitate that process, please provide the specific deposition testimony on which you rely, with transcript citations once the transcripts are available. Once we have the relevant transcripts and citations, we will review and respond as appropriate.

With respect to your request to record calls, we do not agree to record meet-and-confer calls. Given the nature of the issues raised in your email, we believe the more productive course is for the parties to address these issues in writing in the first instance so there is a clear record of each side's position.

On Thu, Jun 4, 2026 at 1:54 PM Jo Ardalan <jardalan@onellp.com> wrote:

> All:
>
> As you know, the depositions thus far have provided some surprising testimony from Plaintiffs revealing spoliation of evidence and the withholding of documents that Plaintiffs will need to rely on in this case.

Plaintiffs' entire case relies on photos they submitted to FlyNet or FameFlyNet with metadata that included their copyright information and authorship. For that reason:

1.    Plaintiffs' Initial Disclosures identified "Native files of the photographs at issue containing relevant metadata."

2.    **Interrogatory No. 1** expressly required that Plaintiffs: "IDENTIFY the copyright management information provided to the AGENCIES RELATING TO the WORKS. "IDENTIFY" as used in Interrogatory 1 means: (i) identify the information conveyed in connection with the WORKS, as defined in 17 U.S.C. § 1202(c); (ii) identify how such information was conveyed in connection with the WORKS; (iii)

identify to whom the copyright management information was provided; (iii) identify who provided the copyright management information to the AGENCIES; (iv) identify who created the copyright management information."

3. **RFP 36** required that Plaintiffs: Produce all original files YOU submitted to Flynet Pictures, LLC. The files must be produced in the native format, as submitted.

4. **RFP 37** required that Plaintiffs: Produce all original files YOU submitted to FameFlynet, Inc. The files must be produced in the native format, as submitted.

5. **RFP 38** required that Plaintiffs: Produce all original files YOU submitted to Backgrid Inc. The files must be produced in the

native format, as submitted.

6. **RFP 39** required that Plaintiffs: Produce all original files YOU submitted to Backgrid USA Inc. The files must be produced in the native format, as submitted.

7. **RFP 40** required that Plaintiffs: Produce all original files YOU submitted to Shutterstock Inc. The files must be produced in the native format, as submitted.

8. There are also a number of other RFPs that also required the production of these documents, including 77-86, among others.

You have said multiple times, including to Judge Audero, that your production is "complete." It is not.

When I asked previously about the native files produced to the Agencies, Shengmao represented that they were the same files attached to the copyright

registrations that have been produced to us. While some of the plaintiffs have testified that is correct, the same plaintiffs testified that they submitted only edited files to the Agencies and the files attached to their copyright registrations are raw or original files—i.e. not the files submitted to the Agencies.

Significantly, several of the plaintiffs have testified that they have not even produced the original, native files sent to the Agencies.

It has also come to our attention that the native files produced by the Plaintiffs have been intentionally spoliated. Wolf testified that Mauvilain included information in his files to confirm his ownership although he apparently did not understand either IPTC data or how his HansCastrop byline appeared in his files—a byline he testified he only once used and regretted using even that one time. Even without that testimony, the altered metadata speaks for itself. Duplaquet testified

that he had never altered any metadata of any file submitted in this case, but when confronted with a 12/24 "Metadata Date"—just months before the copyright registrations were submitted— he stated that he updated his LA address in December 2024—which is implausible as he also testified he was living in France in 2024.

In addition, various Plaintiffs have also testified that they did not search for responsive documents, including Mauvilain, among other plaintiffs, who also admitted to having written communications with the other Plaintiffs about this lawsuit that were not produced.

We urgently need the files that should have been produced at the outset of this case in addition to the files related to the new copyright registrations that you slipped into the Second Amended Complaint, notwithstanding that the Court gave leave to amend to plead a mere claim (which you had not in the First Amended

Complaint), not to add new copyright registrations in, in clear violation of *Fourth Estate v. Wall-Steet.com,* 586 U.S. 394 (2019).

We trust that plaintiffs' counsel did a sufficient Rule 11 review of their clients' documents prior to filing suit. If so, you would have all the native files submitted to the Agencies readily available to you.

**By 5 pm on Monday, June 8, we will need:**

1.    All native files submitted to the Agencies. Unfortunately, while it should go without saying, I must reiterate to you that you must not submit to us spoliated, altered files.

2.    An updated response to Rog 1 on behalf of each of the plaintiffs.

3.  Have each of your clients perform a diligent search for documents that they testified they did not do. Among other things, produce the

communications among them about this lawsuit (RFPs 90-96), documents related to payments made by the agencies (RFPs 65-69), and search for communications with the agencies in the email boxes that they failed to review.

As always, we ask your permission to record our call about these very important issues.  In the past, you have declined our multiple requests to record calls, but after almost every call in which I send a confirming message, you have represented that my written follow-up communication misrepresented the call without explanation. If you really believed the confirming emails were incorrect, you should welcome the opportunity to record our calls.  Let me know your position on this.

Regards,
Jo


--
**Jo Ardalan**

**Partner**

# one llp

Intellectual Property &
Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice*:  *If you are not the intended
recipient of this e-mail, please
reply and inform me of the
mistake, and please do not print,
forward or otherwise disseminate
it.  This e-mail may contain
attorney-client and/or work
product information that is legally
privileged, which prohibits any
unauthorized review or use.*