David A. Sergenian, SBN 230174
david@sergenianlaw.com
**SERGENIAN LAW, P.C.**
808 Wilshire Blvd., Suite 200
Santa Monica, CA 90401
Tel.: (213) 435-2035

Shengmao Mu, SBN 327076
smu@whitewoodlaw.com
**WHITEWOOD LAW, P.C.**
99 S. Alameda Blvd., Suite 600
San Jose, CA  95113
Tel.: (917) 858-8018

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIBAULT MAUVILAIN, an individual; HENRI MAZARI, an individual; JEREMY DUPLAQUET, an individual; ROBERT CHRISTIAN WOLF, an individual; MICHEL BOUTEFEU, an individual; STEPHAN KYNDT, an individual; and JOSEPH MEHDI, an individual, <br><br>　　　　　　Plaintiffs, <br><br>　　v. <br><br> FLYNET PICTURES, LLC, a California limited liability company; FAMEFLYNET INC., a California corporation; BACKGRID INC., a California corporation; BACKGRID USA, INC., a California corporation; SHUTTERSTOCK, INC., a Delaware corporation and DOES 1–10, inclusive, <br><br>　　　　　　Defendants. | Case No. 2:25-cv-02757-FLA-MBKx <br><br> *Hon. Fernando L. Aenlle-Rocha* <br><br> **DECLARATION OF DAVID A. SERGENIAN IN OPPOSITION TO MOTION FOR SANCTIONS** <br><br> **Hearing Information** <br> Date:　　August 28, 2026 <br> Time:　　1:30 p.m. <br> Crtrm:　　6B |

## DECLARATION OF DAVID A. SERGENIAN

I, David A. Sergenian, declare as follows:

1.      I am an attorney admitted to practice before this Court and the sole shareholder of Sergenian Law, P.C. From the filing of this action until June 12, 2026, I was counsel of record for Plaintiffs, together with Whitewood Law, PLLC. Dkts. 113–119, 121, 124. I submit this declaration in support of the Opposition to Defendants' Motion for Sanctions (Dkt. 128). I have personal knowledge of the facts stated below and, if called as a witness, could and would testify competently to them.

2.      I signed and filed the complaint in this action on March 28, 2025. Dkt. 1.

3.      Attorneys at Whitewood Law principally handled document collection and document productions for Plaintiffs.

4.      At no time while I was counsel in this action did any Defendant serve me, any Plaintiff, or co-counsel with a motion under Federal Rule of Civil Procedure 11. No Defendant has moved under Rule 37(b) or Rule 37(e) at any time in this action.

**The Joint Stipulations**

5.      On May 5, 2026, I served Plaintiffs' portion of a Rule 37 joint stipulation concerning the BackGrid Defendants' responses to Plaintiffs' First Set of Requests for Production and their search terms. On May 6, 2026, Magistrate Judge Audero granted Defendants relief from responding to it. Dkt. 94. That joint stipulation was never filed.

6.      On May 9, 2026, I met and conferred with Ms. Ardalan on the First Set of Requests for Production and memorialized the discussion the same day in a written itemization of the parties' positions. The items then at impasse included Requests Nos. 2, 5–8, 17–18, 25–27, 49, 50, 67, and 68; the disclosure of hit counts, custodians, the document universe, and the media and sources searched; and the omission of Boris Nizon from the custodian list. A true and correct copy of that email is attached as **Exhibit A**.

7.      The Court held an informal discovery conference on May 13, 2026 and issued a minute order on May 15, 2026. Dkt. 102.

- 1 -

SERGENIAN DECLARATION IN OPPOSITION TO MOTION FOR SANCTIONS

8. On May 14, 2026 at 5:58 p.m., I served Plaintiffs' portion of a revised joint stipulation. My service email identified seven items and stated: "If the BackGrid Defendants honor each of the following commitments by close of business on Tuesday, May 19, 2026, Plaintiffs will remove the corresponding item from the version of the Joint Stipulation filed with the Court." A true and correct copy of that email is attached as **Exhibit B**.

9. On the evening of May 21, 2026, Ms. Ardalan and I exchanged emails concerning the deadline for Defendants' responsive portion under Local Rule 37-2.2. I stated my computation of the seven-day period in writing and wrote that I would "wait a reasonable amount of time." I filed the joint stipulation and motion to compel at 8:55 p.m. Dkt. 106. Defendants' portion arrived by email at 11:47 p.m. that night. A true and correct copy of the May 21 exchange is attached as **Exhibit C**.

10. On May 22, 2026, Magistrate Judge Audero denied Plaintiffs' request for a further informal discovery conference, stated that Plaintiffs could file a discovery motion under Rule 37, and found that the parties had satisfied their pre-motion meet-and-confer obligations. Dkt. 108. On May 26, 2026, District Judge Aenlle-Rocha granted Plaintiffs' ex parte application to modify the scheduling order and continued the fact-discovery cutoff. Dkt. 109. On May 27, 2026, I informed Ms. Ardalan in writing that, in light of those orders, Plaintiffs would withdraw the motion to compel. A true and correct copy of that email chain is attached as **Exhibit H**.

11. On June 1, 2026 at 2:55 p.m., I served Plaintiffs' portion of a third joint stipulation. It concerned Requests Nos. 49, 67, and 68; the disclosure of the document universe, custodians, hit counts, sampling methodology, and media and sources searched; and the collection of Boris Nizon's documents or an accounting for their disposition—each an item at impasse since at least May 9, 2026. Ex. A. A true and correct copy of my service email is attached as **Exhibit D**.

12. Ms. Ardalan delivered Defendants' portion of that joint stipulation by email on June 8, 2026 at 11:44 p.m. On June 9, 2026, I returned the compiled document to her,

- 2 -

SERGENIAN DECLARATION IN OPPOSITION TO MOTION FOR SANCTIONS

stating that my only changes were to the caption and the selection of a hearing date, and asked that she either return it signed or authorize me to add her electronic signature and file. On June 10, 2026, Ms. Ardalan wrote: "I am out of the country on July 2. Please push the date to July 9. If you do that, you may add my signature and file." A true and correct copy of that email chain is attached as **Exhibit E**.

13.    On June 11, 2026, I responded that the stipulation would be filed with a hearing date of July 8, 2026, because Magistrate Judge Kaufman hears discovery motions on Wednesdays. Ex. E. Ms. Ardalan did not object. On June 12, 2026, I filed the joint stipulation, containing Defendants' portion and bearing the electronic signature Ms. Ardalan had authorized in writing.

**The Withdrawal and Dismissals**

14.    On June 12, 2026, five Plaintiffs filed voluntary dismissals of their claims without prejudice under Rule 41(a)(1)(A)(i), and the two remaining Plaintiffs substituted in to represent themselves. Dkts. 113–119, 121–124.

**The Deposition of Ms. Ardalan**

15.    On May 1, 2026 and again on May 6, 2026, I asked Ms. Ardalan to confirm whether she would accept service of a deposition subpoena by email. She did not respond to either request. On May 14, 2026, I proposed May 21, 2026 as the date for her deposition. On May 18, 2026, I personally served Ms. Ardalan with a subpoena for the May 21 deposition; she informed me that she was unavailable on May 21, agreed that it would not be necessary to serve her with a subpoena, and stated that she could appear for her deposition on May 25. My May 19, 2026 email memorialized her agreement that a subpoena would not be necessary, and her May 19 reply stated: "I told you yesterday morning that I could appear for my deposition on May 25," and "the purpose of the deposition is to find out my testimony with respect to the phone conversation I had with Virginia Parant." A true and correct copy of that email chain is attached as **Exhibit F**.

16.    Ms. Ardalan's deposition proceeded on May 25, 2026, by agreement, on the date she provided. It was the only deposition of a defense-side witness taken in this action

SERGENIAN DECLARATION IN OPPOSITION TO MOTION FOR SANCTIONS

prior to my being relieved as counsel. A true and correct copy of the selected pages from the certified transcript of that deposition is attached as **Exhibit G**.

**Defendants' January 16, 2026 Correspondence**

17. Ms. Ardalan's January 16, 2026 letter (Ardalan Decl. Ex. 1) stated that the alleged portal access "will be subject to a counterclaim against each of your clients when we answer." No Defendant has answered or filed a counterclaim; Defendants' motion to dismiss the Second Amended Complaint remains pending, and no responsive pleading has come due.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 7, 2026

/s/ David A. Sergenian
David A. Sergenian

- 4 -
SERGENIAN DECLARATION IN OPPOSITION TO MOTION FOR SANCTIONS