# Exhibit A

 **Gmail**                                    **David Sergenian** <david.sergenian@sergenianlaw.com>

## Mauvilain, et al. v. Flynet Pictures, LLC, et al.: Meet and Confer re Plaintiffs' 1st Set RPDs

**David Sergenian** <david@sergenianlaw.com>                                    Sat, May 9, 2026 at 4:36 PM
To: Jo Ardalan <jardalan@onellp.com>
Cc: Ryan Carreon <rcarreon@whitewoodlaw.com>, Abby Neu <aneu@whitewoodlaw.com>, David Quinto <dquinto@onellp.com>, Peter Afrasiabi <pafrasiabi@onellp.com>, Shengmao Mu <smu@whitewoodlaw.com>, Sheila Mojtehedi <sheila@mojtehedi.com>, Ryan Baker <rbaker@whitewoodlaw.com>, Keaton Smith <ksmith@whitewoodlaw.com>

Jo:

Thank you for meeting and conferring today on Plaintiffs' First Set of Requests for Production. This email memorializes our discussion, the positions you took, and the items at impasse, and it identifies the defects we discussed in defendants' April 13 search terms and May 6 supplementation of search terms. Where you indicated the Backgrid Defendants would consider amending a position by Monday, I have noted that and would appreciate confirmation by close of business that day. Items at impasse will be included in our joint stipulation.

**Threshold issues**

- Although BackGrid USA, Inc. served supplemental responses to Plaintiffs' First Set of RPDs on May 5, BackGrid, Inc. and Shutterstock, Inc. served no supplemetal responses. You stated that you will try to serve amended responses for those defendants by Monday; that to the extent BackGrid, Inc.'s responses differ, it will be on the basis that the fact at issue does not exist as to BackGrid, Inc.; and that Shutterstock's positions will be the same as BackGrid USA's.
- With respect to the BackGrid Defendants' promises to produce documents, you stated that the differences between "has produced" and "will produce" in the responses are not substantive and that some documents have not yet been produced. We need a date by which production will be complete for every RPD where the response promises production.
- With respect to the BackGrid Defendants withholding on confidentiality grounds, you confirmed that the BackGrid Defendants are not withholding documents based on the boilerplate "private, confidential, commercial, financial, or proprietary business information" objections, only on attorney-client privilege and work product. You also stated that BackGrid Defendants are not producing material they regard as duplicative; for example, a report that contains photographs belonging to 50 other photographers in if the information as to Plaintiffs is produced elswhere in the BackGrid Defendants' production. When I asked what the BackGrid Defendants are doing to ensure such material is in fact duplicative, your answer was that you had personally confirmed that the information was truly duplicative

**Specific RPD Issues**

**Contributor agreements, contributor handbooks, terms of service (RPDs 1, 38, 63)**

- **RPD 1:** The BackGrid Defendants' Position: the BackGrid Defendants will produce non-privileged agreements per Attachment A. You indicated your clients located photo files on a hard drive and that production will probably include native files. You also stated that the BackGrid Defendants will provide the Wolf agreement (BACKGRID 2555–2570) only to me (and not my colleagues Shengmao Mu and Ryan Carreon, even though there is no such provision in the Protective Order. We do not believe that is an appropriate condition. Nevertheless, this issue is not worth a fight. Please produce the unredacted version to me and I will only share it with Mr. Wolfe.
- **RPD 38:** The BackGrid Defendants' Position: they will produce per Attachment A. You stated that the BackGrid Contributor Manual is the extent of responsive material. Please confirm whether any predecessor (Flynet, FameFlynet) materials exist and were searched.
- **RPD 63:** The BackGrid Defendants' Position: they will produce per Attachment A. You stated your clients do not believe they have any Flynet or FameFlynet materials. Please confirm what was searched and where.

**Communications with Plaintiffs (RPDs 2, 3, 30, 65, 66)**

- **RPD 2:** The BackGrid Defendants' Position: Your clients will not produce underlying communications and represent that any such communications are minimal. We agreed we are at an impasse (I confirmed with you later that any time we agree we are at an impasse, that means we have exhausted meet and confer efforts.)
- **RPD 3:** You represented production is complete.

- **RPD 30:** You represented production is complete.
- **RPDs 65 and 66:** You represented production is complete.

## Copies of the Works at Issue (RPDs 5–10)

- **RPD 5:** You stated BackGrid USA Inc will amend the response (and the other two defendants will provide supplemental responses to this request), but you will not say where the files come from, will not commit to producing native files, and cannot say whether they are producing one version per photograph. We are at an impasse.
- **RPD 6, 7, 8:** Your position is unchanged. You represented that your clients extracted native files via a script, which is in process. Please provide a firm completion date. You are not sure whether these native files are copies of the native documents. Please provide this information. We are an impasse on these RPDs unless and until the BackGrid Defendants have confirmed they have produced native versions of these files as received from Plaintiffs, the native versions stored by the BackGrid Defendants (including the BackGrid portal), and any other native versions of the works at issue in the BackGrid Defendants' possession, custody, or control.
- **RPDs 9 and 10:** You stated the BackGrid Defendants will amend the responses to confirm production. We need a completion date and confirmation that native files with metadata intact are being produced.
- For RPDs 5–10 collectively, you would not identify the media and storage systems that were searched.

## Copyright Ownership, Authorship, CMI Policies and Decisions, Audit Logs (RPDs 23, 24, 44, 45, 46)

- **RPDs 23 and 24:** The BackGrid Defendants' Position: production per Attachment A. Please confirm whether responsive documents, including emails, memos, technical specs, change orders, etc., have been collected.
- **RPDs 44 and 45:** You represented your clients do not have audit logs or change-history records of metadata-field modifications. Please onfirm whether your clients searched the database administrator and the DAM/portal systems team for this material, and identify the systems queried.

## Licensing, Sales, Royalties, Financial Records (RPDs 13, 17, 18)

- **RPD 13:** You stated The BackGrid Defendants are not withholding documents based on the "wrong party" objection and indicated defendants will revise. My understanding is that this is universally true. Please let me know immediately if you disagree.
- **RPDs 17 and 18:** Defendants will not produce the underlying licenses, sales, and payment records and stand on the summaries already produced. We are at an impasse.

## Server, Access, and Analytics Logs (RPDs 14, 15)

- **RPDs 14 and 15:** You stated you do not know whether your clients have access to these records and would not identify the devices or systems that have been searched. We are at an impasse.

## Mergers, Acquisitions, Archive Migration, Due Diligence (RPDs 25, 26, 27, 41, 50)

- **RPDs 25 and 26:** The BackGrid Defendants' Position: no documents exist. This depends on the position that Flynet and Fame did not merge. We are at an impasse.
- **RPD 27:** The BackGrid Defendants refuse to produce. We are at an impasse.
- **RPD 41:** The BackGrid Defendants' Position: production per Attachment A.
- **RPD 50:** We are at an impasse.

## Internal Post-Suit Documents and Board Minutes (RPDs 35, 36)

- **RPD 35:** You stated your clients ran the searches and that you will let me know on Monday whether your clients will amend their responses.
- **RPD 36:** The BackGrid Defendants' Position: production per Attachment A.

## 2024 Communications and internal investigations (RPDs 51, 52, 53)

- **RPDs 51 and 52:** You confirmed defendants are withholding only on attorney-client privilege and work-product grounds.
- **RPD 53:** The BackGrid Defendants' Position: production per Attachment A.

## Marketing, Public Statements, Organizational Charts, Court and Agency Filings (RPDs 54, 55, 56, 60, 61)

- **RPD 54:** The BackGrid Defendants' Position: production per Attachment A.
- **RPD 55:** The BackGrid Defendants' Position: production per Attachment A.
- **RPD 56:** You will ask for BackGrid organizational charts from your clients. As to Shutterstock, we are at an impasse, subject to your getting back to me on Monday. We need confirmation of who collected what and when.
- **RPDs 60 and 61:** You confirmed there are no responsive documents.

**Bulk Sales (RPD 49)**

- **RPD 49:** We are at an impasse.
- **RPD 4:** The BackGrid Defendants' Position: you searched per Attachment A; no responsive documents.

**Prior Testimony and Declarations in Copyright Lawsuits (RPDs 67, 68)**

- **RPDs 67 and 68:** We are at an impassed.

**ESI Infrastructure: Search Terms, Custodians, and Sources**

You declined to provide any of the three categories of information we requested:

- Hit counts for every search defendants have run (April 13 set, May 6 supplementation, and any sampling or other searches), broken out by search term. You stated defendants would have to re-run the searches and would not say whether hit counts had been saved.
- The total universe of documents loaded into Logikcull, identified by source and custodian.
- A complete list of the media and sources searched, including email accounts, file shares, cloud storage, mobile devices, backup tapes, archived systems, and legacy databases.

**Boris Nizon**

Mr. Nizon is still excluded from the list of custodians whose documents were searched. You stated that Mr. Nizon never had a Shutterstock email address; that he had a BackGrid email address until Shutterstock took over BackGrid; that when BackGrid was acquired by Shutterstock his materials were not transferred over. We proposed this could be resolved by Mr. Nizon submitting an appropriate declaration. You declined.

**Defects in Defendants' April 13 and May 6 Search Terms**

As we discussed on our call, I have gone through the supplemented search terms in Attachment 1 to defendants' May 6 supplemental responses. They do not cure the deficiencies we raised, and in several respects they introduce new ones.

A number of the new pair searches in column E contain syntax errors that will prevent them from executing as intended.

- Row 4: (Mauvilain OR "T Mauvilain" OR BAC OR THMA OR royalt* & royalties OR payment or payments OR attribution OR metadata OR CMI OR portal OR missing OR copyright OR photo OR photo OR contribut* or contribut*s OR IPTC)~15. Logikcull uses "AND," not "&." Lowercase "or" is not recognized as a Boolean operator. Both defects appear repeatedly in this single search.
- Row 14: (portal & Mauvilain)~15. Same defect — "&" is not valid syntax.
- Row 52: missing THMA)~15. Missing opening parenthesis.
- Row 722: (complaint OR attribution)~15. Stray "OR" inside a two-term proximity. Logikcull's documented proximity syntax uses positional terms; the "OR" is treated as a literal token, defeating the proximity. Rows 729, 736, and 743 contain the same defect for "allegation," "claim," and "demand."
- Rows 1072 through 1081 (entry 37, FT and THMA forward pair searches): each contains a leading "OR" inside the proximity parentheses — (OR FT "FLYNET PICTURES")~10, (OR FT Flynet)~10, (OR FT attribution)~10, (OR FT byline)~10, (OR FT metadata)~10, (OR THMA "FLYNET PICTURES")~10, (OR THMA Flynet)~10, (OR THMA attribution)~10, (OR THMA byline)~10, (OR THMA metadata)~10. FT and THMA are effectively unsearched in the forward direction in entry 37.
- Rows 1109, 1110, 1122, 1123, 1135, 1136, 1148, 1149, 1161, and 1162 (entry 37, FT and THMA reverse pair searches): same defect in the reverse direction.
- Rows 1453, 1454, 1466, and 1467 (entry 40): same defect for entry 40 — (Shutterstock OR FT)~10, (Shutterstock OR THMA)~10, (attribution OR FT)~10, (attribution OR THMA)~10.
- Row 1693: ("board meeting" OR "board minutes" copyright OR metadata OR royalt* OR contribut** OR infringement OR liabilit*)~15. Missing "OR" after "board minutes."
- Row 1718: ("document retention" OR "retention policy" OR "destruction policy" (photograph* OR contribut** OR metadata)~10. Missing "OR" before the second opening parenthesis. The expression is also unbalanced.
- Row 1965: ("server log*" OR analytics OR "access log* OR download* OR view* OR display* OR photograph* OR image*)~15. Missing closing quotation mark after "access log*." Everything after that point is absorbed into a single open phrase.
- Row 1984: ("portal integration" OR "portal migration" "Flynet-era" OR legacy OR archive* OR photograph* OR contribut**)~15. Missing "OR" between "portal migration" and "Flynet-era."
- Row 2000: (email OR BAC)~10. Stray "OR." Same defect at row 2057 ((communicat* OR KO)~10), row 2133 ((correspondence OR CW)~10), and row 2236 ((communicat* OR FT)~10).
- Row 2272: (correspondence OR)~10. Orphaned "OR." The search will not execute.

Separately, the wildcard "contribut**" with two asterisks appears in the broad combined searches throughout. Logikcull's wildcard is a single asterisk. The doubled wildcard is non-standard syntax. Whether Logikcull treats it as a literal, errors

out, or silently behaves as "contribut*" is not documented. The doubled wildcard appears in row 478 (entry 17), row 524 (entry 21), row 582 (entry 22), row 613 (entry 23), row 657 (entry 24), row 715 (entry 26), row 768 (entry 27), row 787 (entry 28), row 960 (entry 33), row 961 (entry 34), row 968 (entry 35), row 1498 (entry 41), row 1693 (entry 45), row 1718 (entry 46), row 1737 (entry 47), row 1794 (entry 50), row 1819 (entry 51), and row 1984 (entry 54).

Row 960 is the only search returned for entry 33. If "contribut**" fails, the search reduces to "photographer" without a wildcard, missing "photographers" and "photography."

Wildcards present in the original were also stripped in two specific places.

- Row 55: (THMA photo)~15.
- Row 56: (photo THMA)~15.

The original second-group term is "photo*." Without the wildcard these searches miss "photograph," "photographer," "photographs," and "photography."

Row 960 (entry 33): (contribut** OR photographer OR agreement* OR contract* OR attribution OR perpetual OR ownership OR copyright* OR independent)~15. The original is "photographer*." Without the wildcard the search misses "photographers" and "photography."

In addition, the reverse-direction "Belle pictures" pair searches at rows 285 through 293 have unbalanced quotation marks: (pictures" attribution "Belle)~15, (pictures" royalt* "Belle)~15, (pictures" metadata "Belle)~15, (pictures" CMI "Belle)~15, (pictures" portal "Belle)~15, (pictures" missing "Belle)~15, (pictures" copyright "Belle)~15, (pictures" contribut* "Belle)~15, and (pictures" IPTC "Belle)~15. The phrase was reversed without fixing the quotation marks. None of these will return what they appear to be searching for.

Beyond the syntax problems, the supplementation systematically omits pair searches that the original w/N construction required.

For the plaintiff-specific entries (1 through 7), the second group in the original contains 11 terms: royalt*, payment*, attribution, metadata, CMI, portal, missing, copyright, photo*, contribut*, and IPTC. Defendants' pair searches drop two of those eleven (payment* and photo*) for every plaintiff variant, and entirely omit pair searches for the quoted-phrase variants of each photographer's name. There are no pair searches at all for "T Mauvilain," "H Mazari," "J Duplaquet," "Robert Wolf," "Christian Wolf," RIWE, "S Kyndt," FT (in entry 6), or "J Mehdi." For Wolf (entry 4), defendants substituted bare lowercase "wolf" in place of the quoted variants in the original.

Boutefeu (entry 5) was missing from the April 13 sheet and remains missing in the May 6 supplementation. There is no plaintiff-specific entry for him at all.

For the royalties and financials entries (21 through 24), defendants drop entire groups of terms from the pair searches. In entry 21, no pair search includes "photographer*" with any of the Group 1 terms, and the only "contributor*" pair is (contributor* payout*)~15. In entry 22, defendants paired Group 1 (unpaid, owing, owed, "not paid," withheld) only with Group 2 (royalt*, payment*, commission*); the third group of nine terms (the seven photographer surnames plus photographer* and contributor*) is dropped from the pair searches entirely. In entry 23, defendants paired Group 2 with the seven photographer surnames but never paired Group 1 (calculat*, track*, report*) with anything in any pair search, and photographer*, contributor*, and attribution from Group 3 are not paired with Group 2. In entry 24, "sales report" and "revenue report" are not paired with photographer*, contributor*, byline, or attribution; the reverse direction is missing across all three report phrases for those four terms.

Entries 25 and 62 were substantively narrowed. The original entry 25 is a flat OR list with no proximity requirement, capturing any document mentioning any of the listed counsel names. Defendants' version pairs only "parant," "sergenian," and "mu" with email, letter, or correspondence within five words. "Whitewood Law," "Sergenian Law," "David Sergenian," "Virginie Parant," and "Shengmao Mu" appear nowhere in the pair searches. "Shengmao Mu" was reduced to bare "mu," which is meaningless as a standalone search. "Virginie Parant" was replaced with the Boolean "Virginie AND parant" without quotation marks and without proximity. The new proximity requirement excludes any document mentioning counsel that does not also contain "email," "letter," or "correspondence" within five words. Memos, declarations, calendar entries, captions, and transcripts naming counsel will be missed. Entry 62 has the same defects.

Even where a broad combined search is present in column E, it cannot reliably backstop the missing pair searches. Logikcull's documentation on proximity searches, attached as Exhibit 7 to my April 14 declaration, does not address how the "OR" operator behaves inside proximity parentheses. The documented examples involve only positional terms, never "OR" grouped terms. Until Logikcull's behavior is confirmed, there is no basis to assume that (A OR B OR C OR D)~N is equivalent to running every pair (A C)~N, (A D)~N, (B C)~N, and so on. Several of the broad combined searches also contain the syntax errors listed above, which would prevent them from executing regardless.

Thank you,

David A. Sergenian
**Sergenian Law, a Professional Corporation**
808 Wilshire Blvd., Suite 200
Santa Monica, CA 90401
Los Angeles, CA 90064
david@sergenianlaw.com
(213) 435-2035
Website
LinkedIn