Joanna Ardalan (SBN 285384)
Email: jardalan@onellp.com
Peter R. Afrasiabi (SBN 193336)
Email: pafrasiabi@onellp.com
David W. Quinto (SBN 106232)
Email: dquinto@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorneys for Defendants,
BACKGRID INC., BACKGRID USA, INC., and
SHUTTERSTOCK, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

THIBAULT MAUVILAIN, an individual; HENRI MAZARI, an individual; JEREMY DUPLAQUET, an individual; ROBERT CHRISTIAN WOLF, an individual; MICHEL BOUTEFEU, an individual; STEPHANE KYNDT, an individual; and JOSEPH MEHDI, an individual,

Plaintiffs,

v.

FLYNET PICTURES. LLC, a California limited liability company: FAMEFLYNET INC.. a California corporation: BACKGRID INC.. a California corporation: BACKGRID USA. INC.. a California corporation: SHUTTERSTOCK. INC.. a Delaware corporation and DOES 1–10, inclusive,

Defendants.

Case No.: 2:25-cv-2757-FLA-MAA
Hon. Fernando L. Aenlle-Rocha

**SUPPLEMENTAL DECLARATION OF JOANNA ARDALAN IN SUPPORT OF DEFENDANTS BACKGRID USA, INC. BACKGRID INC., AND SHUTTERSTOCK INC.'S MOTION FOR SANCTIONS AGAINST PLAINTIFFS AND THEIR COUNSEL**

Date: August 28, 2026
Time: 1:30 p.m.
Crtrm: 6B

I, Joanna Ardalan, am counsel of record for defendants Backgrid Inc., Backgrid USA, Inc., and Shutterstock, Inc. I have personal knowledge of the facts stated herein and if called to testify could and would testify as follows:

1. Plaintiffs' counsel did not represent to me that they were unable to accept service of this Motion For Sanctions on behalf of their clients during our meet-and-confer call. Prior to our call, I sent counsel a meet-and-confer letter that expressly stated that the motion would be pending against "plaintiffs and counsel." (Dkt. 131-41, June 15, 7:55 PM.) The first time Plaintiffs' counsel represented to me that they were not authorized to accept service of this motion on behalf of their clients was in their Opposition to the Motion for Sanctions.

2. Attached as **Exhibit 1** is a true and correct copy of tables that I created based on Ex. 29 (Dkt. 131-40), attached to the Declaration of Joanna Ardalan in Support of Defendants BackGrid USA, Inc, Backgrid, Inc. and Shutterstock Inc.'s Motion for Sanctions Against Plaintiffs and Their Counsel. Prior to filing the Motion, I checked the Court's Civil Standing Order on the Court's website to determine if there were any additional rules for Sanctions Motions. I reviewed the Table of Contents and did not see any additional requirements. This week, when checking the Standing Order for the Court's rules regarding reply briefs, I noticed that the website has a "Motions for Attorney's Fees" section in its Table of Contents, under the heading IV(D) Summary Judgment Motions. (https://apps.cacd.uscourts.gov/JpsApi/file/f7ed8f08-850f-4df8-9043-d6d3a41638e0 (last accessed August 14, 2026). While this is not a Motion for Attorneys' Fees, attorneys' fees are requested. As such, in an abundance of caution, and because it would likely be helpful to the Court, I created the attached spreadsheet. The content of the spreadsheet comes directly from Exhibit 29. It does not include added time for the reply brief or other tasks completed since the filing of the motion. The only changes are as follows:

a. Because redactions could not be included in the spreadsheet, I replaced the redacted language with "[OMITTED- Priv./Work Product]."

b. With respect to the Time by Lawyer tab, I added the information requested by the Standing Order in columns J-M, which include the rate, the task, the lawyer, and title of the lawyer. I also included total amount billed and total hours billed by lawyer.

c. With respect to the Time by Task tab, I copy/pasted the content in the Time By Lawyer tab. Because the time entry information took up two rows in the Time by Lawyer tab, I copy/pasted the description of the work so that the description was contained in the same row as the other information associated with it. I did that so it would be easier to organize by task. I also totaled the number of hours per task.

3. Neither Plaintiffs nor their Counsel have raised and/or taken a position on whether the Court's Standing Order required that Exhibit 29 be submitted as a spreadsheet.

4. In addition to the time contained in Exhibit 29, I have spent an additional 17.2 hours writing and researching the reply brief to the three filed oppositions and drafting this declaration.

5. Exhibit 2 to the Declaration of Joanna Ardalan in Support of Defendants BackGrid USA, Inc, Backgrid, Inc. and Shutterstock Inc.'s Motion for Sanctions Against Plaintiffs and Their Counsel is a spreadsheet that contains a column for each photographer and set numbers associated with that photographer. It also contains licensing information. The first iteration of that spreadsheet was originally sent to me by Plaintiffs' counsel at 7:53 PM on January 12, 2026. *See* Ex. 1 to Ardalan Decl. That iteration contained only the photographer names and the set numbers. Using that information, BackGrid searched for licensing information associated with each set and populated the corresponding licensing columns. We also produced business records associated with the same. Ardalan Decl. Ex. 11, 12.

If there is a mistake in attributing a certain set with a particular photographer, it existed because Plaintiffs counsel's first spreadsheet contained the error. Attached as **Exhibit 2** to **<u>this declaration</u>** is at true and correct PDF of the spreadsheet sent to me from Plaintiffs' counsel at 7:53 PM Eastern, on January 12, 2026.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of August, 2026, at Los Angeles, California.

/s/ Joanna Ardalan
Joanna Ardalan