Joanna Ardalan (SBN 285384)
Email: jardalan@onellp.com
Peter R. Afrasiabi (SBN 193336)
Email: pafrasiabi@onellp.com
David W. Quinto (SBN 106232)
Email: dquinto@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorneys for Defendants,
BACKGRID INC., BACKGRID USA, INC., and
SHUTTERSTOCK, INC.

Sheila Mojtehedi (SBN 313002)
Email: sheila@mojtehedi.com
Sheila Mojtehedi PC
Mailing: 806 E. Avenida Pico,
Ste I-291, San Clemente,
CA 92673
Telephone: (323) 412-0472
Facsimile: (323) 403-4170

Attorneys for Defendants,
FLYNET PICTURES, LLC AND
FAMEFLYNET INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

THIBAULT MAUVILAIN, an individual; HENRI MAZARI, an individual; JEREMY DUPLAQUET, an individual; ROBERT CHRISTIAN WOLF, an individual; MICHEL BOUTEFEU, an individual; STEPHANE KYNDT, an individual; and JOSEPH MEHDI, an individual,

Plaintiffs,

v.

FLYNET PICTURES. LLC, a California limited liability company; FAMEFLYNET INC., a California corporation; BACKGRID INC., a California corporation; BACKGRID USA, INC., a California corporation; SHUTTERSTOCK, INC., a Delaware corporation and DOES 1–10, inclusive,

Defendants.

Case No.: 2:25-cv-2757-FLA-MBK
Hon. Fernando L. Aenlle-Rocha

**DEFENDANTS FLYNET PICTURES, LLC, FAMEFLYNET INC., BACKGRID INC., BACKGRID USA, INC. AND SHUTTERSTOCK, INC.'S PARTIAL OPPOSITION TO PLAINTIFFS THIBAULT MAUVILAIN AND HENRI MAZARI'S *EX PARTE* APPLICATION**

## I. Introduction

Plaintiffs Thibault Mauvilain and Henri Mazari (collectively, "Plaintiffs") move *ex parte* to continue the case deadlines ordered by the Court in May 2026 by 28 days. ECF 109 (May scheduling order). Defendants do not oppose that request, as a courtesy to the *pro se* Plaintiffs.

In fact, Defendants were willing to stipulate to the 28-day continuance. They prepared the initial draft and thereafter engaged in over a week of exchanging further drafts of the stipulation with Plaintiffs. But those efforts ended when Plaintiffs insisted on inaccurately portraying their efforts to schedule the nine depositions as diligent and reasonable. Defendants encouraged Plaintiffs to avoid making a routine stipulation into an inaccurate advocacy piece, which Defendants would never sign on to, but Plaintiffs refused.

## II. Plaintiffs have not been diligent or reasonable in scheduling depositions.

Plaintiffs need a continuance because they seek to take nine Defendant-related depositions—five 30(b)(6) depositions and four individual depositions.[1] Those depositions have not occurred because of Plaintiffs' lack of diligence and unreasonableness.

### A. Defendants went to great lengths to schedule depositions, but Plaintiffs chose not to proceed with the agreed-upon dates for the depositions of Defendants and related witnesses in May 2026.

Plaintiffs' *ex parte* application suggests that they timely and diligently sought to schedule and take the nine pending depositions after they became *pro se*, and that Defendants dragged their feet on scheduling. Not so.

On April 6, 2026, Plaintiffs notified Defendants that they sought to take 30(b)(6) depositions for each of the five defendants. Declaration of Sheila Mojtehedi

---

[1] Plaintiffs previously took the deposition of the Shutterstock and Backgrid Defendants' lead counsel, Joanna Ardalan.

("Mojtehedi Decl.") ¶ 2, Ex. 1. Defendants provided dates for those depositions. *Id.* ¶ 3, Exs. 2 (April 17, 2026 email from Sheila Mojtehedi) and 3 (email chain including the April 23, 2026 emails from Joanna Ardalan and Sheila Mojtehedi). Plaintiffs stalled and eventually refused to schedule those depositions or provide dates for their own depositions, prompting Defendants to initiate an informal discovery conference ("IDC") on April 28 and 29, 2026. (Mojtehedi Decl. ¶ 4, Ex. 3.) Plaintiffs also notified Defendants that they sought to take additional depositions of Defendant-related individuals, which of course increased the number of depositions that needed to be scheduled. *Id.* ¶ 5, Ex. 4.

At the IDC, Magistrate Judge Audero notified the parties that Plaintiffs were free to schedule depositions on odd days, while Defendants were free to schedule depositions on even days, subject to the reasonable availability of the parties, and that the parties were free to "trade" days to accommodate scheduling.

The parties finally settled on a schedule for the depositions, which were scheduled to occur from May 18, 2026, through June 2026. Mojtehedi Decl. ¶ 6, Exs. 5 and 6. The schedule was brutal. Over two and a half weeks, Defendants took the depositions of six of the Plaintiffs essentially every other day. *Id.* ¶ 7. Defendants could not complete the deposition of Stephane Kyndt because of his unresolved visa issue: Plaintiffs disclosed the issue on May 1, 2026; represented on May 14, 2026 that Mr. Kyndt had a visa appointment the next day and would be available for deposition on June 12, 2026 if his visa issued; confirmed on May 15, 2026 that Mr. Kyndt's visa had been approved and that he would appear for his deposition; and represented on the eve of the scheduled deposition that the visa issue had not been resolved. Mr. Kyndt then dismissed his claims on June 12, 2026—the day of his scheduled deposition. Mojtehedi Decl. ¶ 8, Exs. 4, 5, 8, and 9. Counsel for the Flynet Defendants, Sheila Mojtehedi, was in the midst of preparing for an out-of-state jury trial in the United States District Court for the District of Oregon.

*Id.* ¶ 9. Nonetheless, she set aside her trial prep and carved out time over a weekend to prepare her client representatives for deposition, which Plaintiffs scheduled on dates that directly butted against her trial. *Id.* ¶ 10. Counsel for the Backgrid and Shutterstock defendants also spent substantial time prepping the 30(b)(6) witness for all three companies, Alex Kantif, across several sessions. Declaration of Joanna Ardalan ("Ardalan Decl.") ¶ 1. Mr. Kantif is the Head of Editorial at Shutterstock, a publicly traded company, and has material knowledge regarding the allegations and facts of this case. *Id.*

Plaintiffs took only one deposition—the deposition of Joanna Ardalan, the Shutterstock and Backgrid defendants' lead counsel of record, which is one of the subjects of Defendants' pending motion for sanctions. Mojtehedi Decl. ¶ 11. After all those efforts, which Defendants accommodated, despite the impact on their busy schedules, Plaintiffs unilaterally withdrew and decided not to proceed with the scheduled depositions of Defendants and defendant-related witnesses. Mojtehedi Decl. ¶ 12, Ex. 7.

Plaintiffs appear to anticipate this record. Their application attributes the withdrawal of the noticed depositions to their prior counsel and asks the Court to look past "earlier litigation choices," focusing only on Plaintiffs' conduct after they became *pro se* on June 30, 2026. But the good-cause inquiry under Rule 16(b)(4) considers a party's diligence throughout the litigation. This is best demonstrated by the Court's Scheduling and Trial Order, which requires that any further continuance be supported by a specific, detailed showing dating back to the filing of the Complaint—a requirement Plaintiffs' own application acknowledges. ECF 109; Ex Parte App. at 7. And Plaintiffs cannot disclaim the litigation choices of the attorneys they selected. *Singh v. Gonzales*, 416 F.3d 1006, 1015 (9th Cir. 2005) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962)). The May 2026 withdrawal of the

noticed depositions is thus Plaintiffs' own conduct, and it is part of the record against which their diligence must be measured.

**B. The *pro se* Plaintiffs did not proceed on the dates provided to them in August 2026 because they demanded a particular order for the depositions that could not be reconciled with the Shutterstock and Backgrid 30(b)(6) witness's availability.**

When the *pro se* Plaintiffs eventually reached out to completely restart scheduling nine depositions—no small feat—the Backgrid and Shutterstock Defendants' lead counsel, Joanna Ardalan, was engaged in a two-week jury trial. Ardalan Decl. ¶ 2. Defendants proposed dates to Plaintiffs as soon as they were able and provided dates that were, for the most part, available to all parties in August 2026. Ardalan Decl. ¶ 2; Mojtehedi Decl. ¶ 13.

But, notwithstanding the logistical disagreement discussed below, the schedule was never finalized. Plaintiffs demanded that they take the nine depositions in a particular order, with the Flynet-related parties proceeding first, even though the Backgrid and Shutterstock 30(b)(6) witness, Alex Kantif, was unavailable on the dates unilaterally noticed by the *pro se* Plaintiffs. Mojtehedi Decl. ¶ 14. In response to Mr. Kantif's unavailability, Plaintiffs demanded that the Backgrid and Shutterstock Defendants simply pick another person to serve as the 30(b)(6) witness — a baseless suggestion, particularly given that Mr. Kantif is the person with material knowledge about the allegations in the lawsuit and he was the person the Backgrid and Shutterstock Defendants already spent substantial time and resources preparing. *Id.*

This issue was raised at the IDC with Magistrate Judge Kaufman on August 12, 2026. The Court made clear that Plaintiffs needed to reasonably cooperate with Defendants in scheduling depositions, and their desire to take depositions in a

particular order when a deponent was unavailable was not a good reason to refuse to schedule them. Mojtehedi Decl. ¶ 15.

**C. The *pro se* Plaintiffs refuse to obtain certified transcripts of the Defendant depositions, creating a discovery dispute over whether depositions may proceed if the transcript is prepared by Artificial Intelligence.**

Plaintiffs have made clear that they will not be using a stenographic court reporter—or any court reporter at all—to transcribe the depositions and prepare transcripts. Instead, Plaintiffs contend that they may use a Rule 28 deposition officer at the deposition and then use Artificial Intelligence to prepare a transcript—*i.e.*, they will not have a certified transcript.

From Defendants' perspective, having a transcript created by Artificial Intelligence rather than by a certified court reporter would be unreliable and burdensome, as Defendants would have to spend time and incur expenses reviewing the transcript while watching the video or audio recording to ensure accuracy. When litigants have a deposition transcribed by a certified court reporter—the usual practice—the logistics are established and well-known. For example, there is no question about whether a transcript will be prepared, who will bear the cost, and its accuracy, aside from minor typos that can be corrected. There is also a trusted, established protocol for handling sensitive or confidential documents. *See Schoolcraft v. City of New York*, 296 F.R.D. 231, 240 (S.D.N.Y. 2013) (existence of confidential materials "propels the task of videotaping a deposition beyond a simple task to a complicated one.").

Defendants are concerned that Plaintiffs' proposal has the potential for serious inaccuracy, would impose substantial undue burden and expense on Defendants to review the accuracy of any transcripts, even though it is the noticing party that must bear the costs of recording the deposition, and would create a risk of

misuse of documents or information designated under the protective order. Fed. R. Civ. P. 30(b)(3)(A). Thus, Defendants objected and requested an IDC.

During the IDC, Magistrate Judge Kaufman requested that the parties provide additional briefing on this issue, given its importance. To appropriately consider and decide the issue, Magistrate Judge Kaufman encouraged the parties to file a stipulation to continue the case deadlines to allow the Court and the parties to brief and ultimately address this important issue, which the parties agreed to do, as reflected in the post-IDC order. ECF 147.

Of course, this is an issue only because Plaintiffs are refusing to use a certified court reporter to transcribe the depositions.

**III. Conclusion**

As a courtesy, Defendants do not object to the *pro se* Plaintiffs' request for a 28-day continuance.

Defendants, however, disagree with Plaintiffs' suggestion that Plaintiffs' deposition scheduling has been appropriate or diligent. Nor can Plaintiffs cure that record by restarting the diligence clock at their *pro se* transition or by attributing their own litigation choices to former counsel. The parties are in this position now because Plaintiffs chose not to take the depositions they were offered in April, noticed and scheduled back in May 2026, and re-offered in August. Plaintiffs are also refusing to use the ordinary logistics of taking depositions.

Date: August 21, 2026

**ONE LLP**

By: /s/ Joanna Ardalan
Joanna Ardalan
Peter R. Afrasiabi
David W. Quinto
Attorneys for Defendants BackGrid Inc., BackGrid USA, Inc., & Shutterstock, Inc.

Date: August 21, 2026

**Sheila Mojtehedi PC**

By: /s/ Sheila Mojtehedi
Sheila Mojtehedi
Attorney for Defendants FlyNet Pictures, LLC and FameFlynet, Inc.

**ATTESTATION REGARDING SIGNATURES (L.R. 5-4.3.4(a)(2)(i))**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the undersigned, counsel of record for Defendants FlyNet Pictures, LLC and FameFlynet, Inc., hereby attests that all other listed signatories concur in the content and authorize this filing.

Date: August 21, 2026

By: /s/ Sheila Mojtehedi
Sheila Mojtehedi