**THIBAULT MAUVILAIN**
Sherman Oaks, California

Email: tm@forceinaction.com | Telephone: 310.770.3612
**HENRI MAZARI**
Redondo Beach, California
Email: carboninla@yahoo.com | Telephone: 310.947.7000
Plaintiffs, Pro Se

FILED
CLERK, U.S. DISTRICT COURT
08/20/2026
CENTRAL DISTRICT OF CALIFORNIA
BY DVE DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THIBAULT MAUVILAIN, an individual;<br>HENRI MAZARI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>FLYNET PICTURES, LLC; FAMEFLYNET INC.; BACKGRID INC.; BACKGRID USA, INC.; SHUTTERSTOCK, INC.; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No. 2:25-cv-02757-FLA-MBK**<br>Hon. Fernando L. Aenlle-Rocha<br><br>**PLAINTIFFS' EX PARTE APPLICATION TO MODIFY SCHEDULING AND TRIAL ORDER (ECF 109) BY TWENTY-EIGHT DAYS; MEMORANDUM OF POINTS AND AUTHORITIES** |

## NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs Thibault Mauvilain and Henri Mazari, appearing pro se, apply ex parte to the Honorable Fernando L. Aenlle-Rocha for an

order modifying by twenty-eight (28) days the deadlines established in the Court's May 26, 2026 Scheduling and Trial Order, ECF 109. Plaintiffs request the following corresponding dates:

| Event | Current Date | Requested Date |
|---|---|---|
| Fact Discovery Cut-off | September 18, 2026 | October 16, 2026 |
| Expert Disclosure - Initial | September 25, 2026 | October 23, 2026 |
| Expert Disclosure - Rebuttal | October 9, 2026 | November 6, 2026 |
| Expert Discovery Cut-off | October 23, 2026 | November 20, 2026 |
| Last Day to Hear Motions | November 20, 2026 | December 18, 2026 |
| Settlement Conference Deadline | January 8, 2027 | February 5, 2027 |
| Trial Filings - First Round | January 15, 2027 | February 12, 2027 |
| Trial Filings - Second Round | January 29, 2027 | February 26, 2027 |
| Final Pretrial Conference / Motions in Limine | February 12, 2027, 1:30 p.m. | March 12, 2027, 1:30 p.m. |
| Jury Trial | March 2, 2027, 8:15 a.m. | March 30, 2027, 8:15 a.m. |

This Application is made under Federal Rule of Civil Procedure 16(b)(4), Central District of California Local Rules 7-19, 7-19.1, and 16-14, and the Court's published procedures governing ex parte applications and continuance requests. It is based on this Notice and Application, the accompanying Memorandum of Points and Authorities, the Declaration of Thibault Mauvilain in Support of the Ex Parte Application ("Mauvilain Declaration"), the Declaration of Henri Mazari in Support of the Ex Parte Application ("Mazari Declaration"), the Declaration of Thibault Mauvilain Regarding Ex Parte Notice ("Notice Declaration"), the proposed order lodged concurrently, the pleadings and records on file, and any further matter the Court may properly consider.

**STATEMENT PURSUANT TO LOCAL RULE 7-19**

Counsel for Defendants BackGrid Inc., BackGrid USA, Inc., and Shutterstock, Inc. are:

Joanna Ardalan, Peter R. Afrasiabi, and David W. Quinto, ONE LLP, 23 Corporate Plaza, Suite 150-105, Newport Beach, California 92660; telephone (949) 502-2870; Ms. Ardalan direct telephone (310) 437-8665; emails jardalan@onellp.com, pafrasiabi@onellp.com, and dquinto@onellp.com.

Counsel for Defendants Flynet Pictures, LLC and FameFlynet Inc. is:

Sheila Mojtehedi, Sheila Mojtehedi PC, 910 South Camino Real, Suite 201, San Clemente, California 92672; telephone (323) 412-0472; email sheila@mojtehedi.com.

On August 20, 2026, at approximately 10:48 a.m. Pacific Time, Plaintiffs provided written notice of this intended Application by email to Ms. Ardalan and Ms. Mojtehedi, copying the other defense counsel in the parties' email chain. At approximately 11:30 a.m. and 11:32 a.m., respectively, Mr. Mauvilain called Ms. Ardalan and Ms. Mojtehedi and left voicemail messages providing oral notice of the date and substance of this Application. Notice Decl. paragraphs 3-7.

Ms. Mojtehedi previously stated in writing, with the other defense counsel copied, that there was no issue with Plaintiffs' request for twenty-eight days instead of ninety days. Ms. Ardalan later stated that Defendants would file a response and contend that Plaintiffs had not been diligent. Thus, the duration of the requested modification was previously not opposed, but Defendants may oppose the ex parte procedure or Plaintiffs' diligence showing. As of the preparation of this Application, counsel had not

returned the notice calls or advised that the prior written position concerning the twenty-eight-day duration had changed. Notice Decl. paragraphs 8-10.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs seek a limited twenty-eight-day modification of ECF 109 so the parties can carry out the sequence contemplated by the August 12, 2026 proceedings before Magistrate Judge Michael B. Kaufman. The minutes state that the parties intended to seek a modified case schedule affording sufficient time to reschedule the remaining depositions and resolve the pending transcript dispute, and that after approval of a modified schedule the parties were authorized to submit a joint stipulation proposing a briefing schedule. ECF 147; Mauvilain Decl. paragraphs 29-33.

Plaintiffs first attempted to obtain that relief by stipulation. Defendants initially proposed a ninety-day continuance. Plaintiffs proposed twenty-eight days, and Ms. Mojtehedi stated in writing, with the other defense counsel copied, that there was no issue with twenty-eight days instead of ninety. The parties exchanged drafts for more than one week and narrowed the proposed joint language, but they reached impasse because Defendants would not sign a stipulation accompanied by a factual declaration containing matters they disputed. Mauvilain Decl. paragraphs 35-42. Plaintiffs therefore seek the same limited scheduling relief independently. They do not ask Judge

Aenlle-Rocha to decide the separate deposition-record and transcript dispute reserved for the proceedings contemplated by ECF 147.

## II. EX PARTE CONSIDERATION IS NECESSARY

### A. Regular noticed-motion timing would defeat the requested relief.

Judge Aenlle-Rocha's published procedures reserve ex parte applications for extraordinary emergent relief and cite Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995). Mission Power explains that ex parte treatment may be warranted when the movant would be irreparably prejudiced by ordinary noticed-motion timing and the urgency was not created through the movant's fault or arose from excusable neglect. Id. at 490.

That timing problem exists here. Local Rule 6-1 ordinarily requires a motion to be filed and served at least twenty-eight days before the hearing. Fact discovery closes September 18, 2026. As of August 20, only twenty-nine days remain. Absent a shortened schedule, the earliest hearing under ordinary notice would fall on or about the existing fact-discovery cutoff. A ruling at or after the cutoff would not provide the advance modification needed to complete the ECF 147 sequence, obtain and reserve replacement dates, prepare for the witnesses, and conduct nine remaining depositions. Mauvilain Decl. paragraphs 47-52.

The requested order is procedural and narrow. Plaintiffs seek no discovery-merits ruling, no expansion of discovery, and no adjudication of the parties' respective

positions regarding stenographic reporting, certified transcripts, certification, or admissibility. They seek only a short modification of dates so the assigned magistrate judge's contemplated process and the remaining discovery can occur within a court-approved schedule.

**B. The urgency is not self-created.**

Plaintiffs did not wait until the eve of the cutoff. After beginning to proceed pro se, they reopened deposition scheduling on July 10, followed up on July 16, sought a coordinated calendar by July 29, served nine deposition notices on July 29, served amended organizational notices on August 3, completed a live meet-and-confer on August 7, and participated in the August 12 IDC. Mauvilain Decl. paragraphs 16-28, 45. After ECF 147 was entered, Plaintiffs spent more than one week attempting to obtain stipulated relief before turning to this Application. Id. paragraphs 35-42.

Plaintiffs also provided written and oral notice before filing. Notice Decl. paragraphs 3-10. This record shows a good-faith effort to use the stipulated route first, to narrow the relief from ninety days to twenty-eight, and to avoid ex parte practice. The immediate need results from the ECF 147 sequence, the current September 18 cutoff, nine outstanding depositions, identified witness and counsel availability restrictions, and the parties' inability to complete the contemplated stipulation despite substantial efforts.

## III. GOOD CAUSE EXISTS UNDER RULE 16(b)(4)

**A. The governing standard focuses on diligence.**

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified only for good cause and with the judge's consent. The good-cause inquiry primarily considers the diligence of the party seeking modification and asks whether the existing schedule can reasonably be met despite that diligence. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Local Rule 16-14 directs an application to modify a Rule 16 order to the judicial officer who entered it.

ECF 109 likewise states that any further continuance requires a specific, detailed showing dating back to the filing of the Complaint, including the parties' efforts to complete discovery and the work that reasonably could not be completed within the existing deadlines. Mauvilain Decl. paragraph 12. The accompanying declaration supplies that chronology and identifies the remaining work.

**B. Plaintiffs diligently pursued discovery before and after the transition to pro se status.**

The objective record predating withdrawal of counsel reflects active discovery. Plaintiffs served written discovery in July 2025, participated in multiple informal discovery conferences, served organizational and individual deposition notices in April 2026, addressed seventeen contemplated depositions at the May 6 IDC, and sought the prior schedule modification while document production and discovery disputes

remained ongoing. Mauvilain Decl. paragraphs 4-12, 44. The Court granted that application on May 26, 2026. ECF 109.

Prior counsel removed the remaining Plaintiffs-noticed depositions before withdrawing. Mauvilain Decl. paragraphs 13-15. After Plaintiffs began proceeding pro se on or about June 30, they promptly resumed scheduling and repeatedly sought a workable calendar. Id. paragraphs 16-24. Whatever disagreement Defendants may raise concerning earlier litigation choices, the record shows that Plaintiffs acted promptly after the pro se transition and sought relief once the August circumstances made completion by September 18 no longer reasonably feasible.

**C. The concrete scheduling and recording disputes made completion by September 18 impracticable.**

The current problem is not a generalized preference for more time. On July 29, Ms. Mojtehedi provided the first concrete availability information after conferring with Ms. Ardalan. She advised that Alex Kantif had a conflict during the second half of August and that Mr. Kantif and Ms. Ardalan could be available during the week of August 10. She also advised that she would be outside the country from August 21 through September 11, while offering Zoom participation during portions of that period and identifying pre-travel dates for her client group. Mauvilain Decl. paragraph 19.

Because no September unavailability for Mr. Kantif had then been identified, Plaintiffs proposed September 1, 4, 8, and 11 for Mr. Kantif and the three BackGrid/Shutterstock organizational depositions. Those dates were rejected. Plaintiffs

then reorganized the August calendar around the availability supplied by both defense groups, including moving Mr. Kantif's individual deposition to August 14 and scheduling Scott Cosman, Boris Nizon, Flynet, and FameFlynet in the surrounding August window. Plaintiffs retained August 26, 28, and 31 for the three organizational depositions in an effort to complete the remaining deposition program within August. Id. paragraphs 20-21.

Ms. Ardalan later advised that Defendants had selected Mr. Kantif as the Rule 30(b)(6) designee for all three organizations and that he would remain outside the country until approximately mid-September. Defendants maintained that those organizational depositions should instead have occurred during the week of August 10. Plaintiffs had already moved Mr. Kantif's individual deposition into that specific week, used the surrounding dates for the other defense-provided availability, and repeatedly requested concrete alternatives. No alternative date after August 18 and before September 18 was provided. The resulting position left an approximately five-week period without a proposed date for the three organizational depositions. Id. paragraphs 22-24.

A second issue independently prevented the noticed depositions from proceeding. Plaintiffs designated continuous audiovisual recording before an independent officer authorized under Rule 28, who would administer the oath and certify the audiovisual record. As Plaintiffs understood the dispute, Defendants maintained that Plaintiffs also had to retain a stenographic court reporter so that a

contemporaneous certified transcript would be created, and Plaintiffs disagreed that those were prerequisites to taking the depositions. The parties did not resolve that issue at the August 7 meet-and-confer, and it was addressed at the August 12 IDC. Id. paragraphs 25-33. Its merits remain reserved for Judge Kaufman.

**D. The requested modification is narrow and causes no unfair prejudice.**

Plaintiffs request only twenty-eight days, not the ninety days initially proposed by Defendants. The modification would move fact discovery from September 18 to October 16 and move each remaining deadline by the same period, preserving the existing intervals. It would not expand the scope of discovery, stay the case, or waive any party's objections or positions. Mauvilain Decl. paragraphs 51-54.

The requested duration is also consistent with the parties' prior discussions. Ms. Mojtehedi stated in writing, with the other defense counsel copied, that there was no issue with twenty-eight days instead of ninety. Mauvilain Decl. paragraph 36. Defendants have indicated that they may challenge Plaintiffs' diligence narrative, but the proposed modification itself is modest, symmetrical, and limited to the time needed to complete the process contemplated in ECF 147 and the remaining depositions. Any disagreement over historical characterization can be addressed in opposition without depriving the Court of authority to grant the narrow scheduling relief supported by the objective record.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Ex Parte Application and modify the deadlines in ECF 109 by twenty-eight days as set forth above and in the concurrently lodged proposed order.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 11-6.2, the undersigned Plaintiffs appearing pro se certify that this Memorandum of Points and Authorities contains 1,535 words, which complies with the word limit of Local Rule 11-6.1.

Dated: August 20, 2026

/s/ Thibault Mauvilain

**THIBAULT MAUVILAIN**

Plaintiff, Pro Se

/s/ Henri Mazari

**HENRI MAZARI**

Plaintiff, Pro Se