**THIBAULT MAUVILAIN**
Email: tm@forceinaction.com
Sherman Oaks, California
Telephone: 310.770.3612
Plaintiff, Pro Se

FILED
CLERK, U.S. DISTRICT COURT
08/20/2026
CENTRAL DISTRICT OF CALIFORNIA
BY DVE DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THIBAULT MAUVILAIN, an individual;<br>HENRI MAZARI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>FLYNET PICTURES, LLC; FAMEFLYNET INC.; BACKGRID INC.; BACKGRID USA, INC.; SHUTTERSTOCK, INC.; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No. 2:25-cv-02757-FLA-MBK**<br>Hon. Fernando L. Aenlle-Rocha<br><br>**DECLARATION OF THIBAULT MAUVILAIN IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION TO MODIFY SCHEDULING AND TRIAL ORDER (ECF 109) BY TWENTY-EIGHT DAYS** |

I, Thibault Mauvilain, declare as follows:

1. I am a Plaintiff in this action and currently represent myself pro se. I submit this declaration in support of Plaintiffs' ex parte application requesting a twenty-eight-day modification of the deadlines established by the Court's May 26, 2026 Order, ECF 109.

2. I have personal knowledge of the facts stated in this declaration through my participation in this litigation and my review of the docket, deposition notices, correspondence, and other records maintained in connection with this case. I have personally reviewed each factual statement in this declaration and understand that I am

responsible for its accuracy. If called as a witness, I could and would testify competently to these facts.

3. This declaration provides the factual diligence and scheduling history relevant to the requested modification, including Plaintiffs' efforts following the August 12, 2026 proceedings reflected in ECF 147 and the parties' efforts to obtain the contemplated scheduling modification. It does not ask Judge Aenlle-Rocha to decide the separate deposition-record and transcript dispute reserved for proceedings before Judge Kaufman.

**PRIOR SCHEDULING ORDER AND DISCOVERY EFFORTS**

4. This action was commenced on March 28, 2025, when I filed the Complaint. ECF 1. Plaintiffs later filed the First Amended Complaint on April 10, 2025. ECF 21.

5. On July 10, 2025, shortly after the parties' Rule 26(f) conference, Plaintiffs' prior counsel served Plaintiffs' first written discovery requests on Defendants.

6. The Court entered its Scheduling and Trial Order on July 15, 2025. ECF 50.

7. The docket and prior counsel's filings reflect that Plaintiffs thereafter pursued written discovery, served meet-and-confer correspondence, and participated in multiple informal discovery conferences concerning discovery disputes. Between approximately October 2025 and May 2026, the parties participated in eight informal discovery conferences.

8. On April 6, 2026, Plaintiffs' prior counsel served Rule 30(b)(6) deposition notices on each of the five Defendants and also noticed individual depositions. See ECF 103-1 paragraph 57.

9. During an informal discovery conference conducted on May 6, 2026, the parties addressed the scheduling of the noticed depositions. The Court observed that the parties had identified seventeen contemplated depositions, and the parties agreed to work cooperatively on a schedule that would, to the extent practicable, permit Plaintiffs to review supplemental document productions before the relevant depositions. See ECF 94; ECF 103-1 paragraph 58.

10. On May 18, 2026, Plaintiffs' prior counsel applied to modify the scheduling order. ECF 103. The supporting declaration stated that the depositions had not yet been completed, were scheduled to begin on May 18, 2026, and that document production was still being supplemented while discovery disputes remained pending. See ECF 103-1 paragraph 59.

11. On May 26, 2026, the Court granted that application and continued the pretrial and trial deadlines by ninety days. ECF 109. The resulting fact-discovery cutoff is September 18, 2026.

12. ECF 109 further states that any additional continuance requires a specific and detailed showing, dating back to the filing of the Complaint, of the efforts undertaken to complete discovery and of the work that reasonably could not be completed within the existing deadlines. I provide the detailed chronology below in response to that requirement.

13. Following the May 26 modification of the schedule, prior counsel removed the remaining Plaintiffs-noticed depositions from the calendar before withdrawing from the case.

14. On June 12, 2026, prior counsel filed requests to withdraw from representing Henri Mazari and me. ECF 114-117. The Court granted the requests, and Mr. Mazari and I began proceeding pro se on or about June 30, 2026. ECF 121-124.

15. The removal of the remaining depositions occurred while I was represented by counsel and before I began proceeding pro se. Once I began representing myself, I promptly resumed the deposition-scheduling process.

## PLAINTIFFS' RENEWED PRO SE SCHEDULING EFFORTS

16. On July 10, 2026, shortly after beginning to proceed pro se, Mr. Mazari and I requested mutually available dates for the remaining depositions.

17. I followed up concerning deposition availability on July 16, 2026.

18. On July 26, 2026, I requested that Defendants provide, by July 29, 2026, a coordinated availability calendar or another reasonable scheduling framework sufficient to complete the remaining depositions before the September 18 fact-discovery cutoff.

19. A complete coordinated calendar sufficient to schedule all remaining depositions was not provided by the July 29 deadline. On July 29, 2026, Ms. Mojtehedi provided the first concrete availability information after conferring with Ms. Ardalan. She advised that Mr. Kantif had a conflict during the second half of August and that Mr. Kantif and Ms. Ardalan could make themselves available during the week of August 10.

Ms. Mojtehedi also advised that she would be outside the country from August 21 through September 11, while offering to participate by Zoom during the weeks of August 24 or August 31 and identifying several dates before her trip on which her client group could appear in person.

20. At that time, no September unavailability for Mr. Kantif had been identified. Plaintiffs therefore proposed September 1, September 4, September 8, and September 11 for Mr. Kantif and the Rule 30(b)(6) depositions of BackGrid Inc., BackGrid USA, Inc., and Shutterstock, Inc. Ms. Ardalan rejected those September dates and directed Plaintiffs back to the earlier August window.

21. Plaintiffs then reorganized the proposed schedule around the availability supplied by both defense groups. The resulting schedule placed Scott Cosman's individual deposition on August 11, Boris Nizon's individual deposition on August 13, Mr. Kantif's individual deposition on August 14, Flynet Pictures, LLC's Rule 30(b)(6) deposition on August 17, and FameFlynet Inc.'s Rule 30(b)(6) deposition on August 18. Plaintiffs retained August 26, August 28, and August 31 for the Rule 30(b)(6) depositions of BackGrid Inc., BackGrid USA, Inc., and Shutterstock, Inc., respectively, in an effort to keep the organizational depositions within August and complete the remaining deposition program before the September 18 cutoff.

22. Ms. Ardalan later advised that Defendants had selected Mr. Kantif as the Rule 30(b)(6) designee for BackGrid Inc., BackGrid USA, Inc., and Shutterstock, Inc., and that he would remain outside the country until approximately mid-September.

Defendants maintained that the three organizational depositions should instead have occurred during the week of August 10.

23. Plaintiffs had moved Mr. Kantif's individual deposition into the specific week Defendants had identified and had used the surrounding dates for the Flynet and FameFlynet witnesses and entities based on availability supplied by defense counsel. Plaintiffs requested concrete alternative dates for the three organizational depositions in writing on July 29, July 31, August 3, and August 6, and again orally during the August 7 meet-and-confer. The proposed September dates were rejected, and no concrete alternative date after August 18 and before the September 18 cutoff was provided.

24. The resulting scheduling position left no alternative date proposed by Defendants for the three organizational depositions during the approximately five-week period between the August 14 date set for Mr. Kantif's individual deposition and the September 18 cutoff. Plaintiffs did not seek to select Defendants' Rule 30(b)(6) designees. Plaintiffs' position was that they had reasonably accommodated the availability supplied by defense counsel while continuing to request workable dates or another prepared designee before the cutoff.

25. On August 7, 2026, Mr. Mazari and I participated in a live meet-and-confer with defense counsel. The parties discussed deposition scheduling, the matters for examination in the Rule 30(b)(6) notices, and the method by which the depositions would be recorded.

26. Plaintiffs' notices designated continuous audiovisual recording as the method of recording the depositions. Plaintiffs proposed that the depositions proceed before an independent officer authorized under Federal Rule of Civil Procedure 28, who would administer the oath, supervise or direct the recording, and certify the audiovisual deposition record.

27. As I understood the parties' dispute, one issue concerned whether, in addition to audiovisual recording before an independent officer authorized under Rule 28, Plaintiffs were required to retain a stenographic court reporter so that a contemporaneous certified transcript would also be created. Plaintiffs did not agree that retaining a stenographic court reporter and obtaining a contemporaneous certified transcript were prerequisites to taking the noticed depositions. Defendants maintained a different position. The parties' respective legal positions concerning that issue remain reserved for the proceedings contemplated by ECF 147.

28. The parties did not resolve that dispute during the August 7 meet-and-confer.

## AUGUST 12 IDC AND PROCEEDINGS REFLECTED IN ECF 147

29. On August 12, 2026, Mr. Mazari, defense counsel, and I attended an informal discovery conference before the Honorable Michael B. Kaufman. ECF 147.

30. During the conference, the parties discussed the deposition schedule and the unresolved dispute concerning the deposition record and transcripts.

31. Following the conference, the Court entered minutes stating that the parties intended to file a stipulation with Judge Aenlle-Rocha to modify the scheduling order so

that sufficient time would be available to reschedule the depositions and resolve the pending transcript dispute. ECF 147.

32. ECF 147 further states that, after approval of a modified case schedule, the parties are authorized to file a joint stipulation proposing a briefing schedule concerning their discovery disputes.

33. Plaintiffs seek only the scheduling relief contemplated by ECF 147. This ex parte application does not ask Judge Aenlle-Rocha to decide the merits of the deposition-record or transcript dispute, which remains reserved for the proceedings contemplated before Judge Kaufman.

34. Following the August 12 conference, I requested tentative dates for the remaining individual and organizational depositions. Defense counsel indicated that further scheduling would depend on the scheduling-order modification and the proceedings contemplated by ECF 147 progressing.

## REASONABLE EFFORTS TO OBTAIN A JOINT STIPULATION AND PRESENT IMPASSE

35. On August 13, 2026, Defendants circulated a proposed stipulation and proposed order requesting a ninety-day continuance of the case deadlines.

36. Plaintiffs proposed a more limited twenty-eight-day modification. On August 14, 2026, Ms. Mojtehedi stated in writing, with counsel for the other Defendants copied, that there was no issue with Plaintiffs' request for twenty-eight days instead of ninety days.

37. From August 14 through August 19, 2026, the parties exchanged multiple drafts and emails in an effort to reach agreed language. Plaintiffs accepted a neutral description of the deposition dispute, agreed that the joint stipulation should not assign responsibility to either side, agreed to remove the paragraph referencing Plaintiffs' supporting declaration, and agreed to the corresponding revision requested for the proposed order.

38. Defense counsel nevertheless objected to a supporting declaration containing factual information that Defendants did not agree with and requested that Plaintiffs circulate the declaration before Defendants would authorize the stipulation.

39. Plaintiffs revised the draft declaration to focus on the objective diligence and scheduling history, to identify disputed matters as Plaintiffs' understanding rather than agreed facts, and to reserve the merits of the dispute for Judge Kaufman. Plaintiffs then circulated the draft declaration for review.

40. After reviewing the draft, Ms. Ardalan stated in writing that Defendants would not sign a stipulation supported by a declaration containing factual information they did not agree with. She further stated that Defendants would file a response and would contend that Plaintiffs had not been diligent.

41. The parties therefore reached an impasse notwithstanding the prior written statement that there was no issue with Plaintiffs' request for the twenty-eight-day extension. Plaintiffs could not obtain Defendants' signatures without omitting factual

matters that Plaintiffs believe are necessary to present the detailed diligence showing required by ECF 109.

42. This ex parte application follows more than one week of efforts after ECF 147 to obtain stipulated relief. Plaintiffs first pursued the stipulated route contemplated in ECF 147 and are seeking relief independently only after that route could not be completed.

**FACTS RELEVANT TO THE ANTICIPATED DILIGENCE OBJECTION**

43. Defendants have indicated that they may oppose the application by arguing that Plaintiffs could have completed the depositions earlier and were not diligent before prior counsel withdrew.

44. I cannot testify to prior counsel's subjective reasons for particular litigation decisions. The docket and prior counsel's filings, however, reflect that the organizational and individual depositions were noticed in April 2026, that the May 6 IDC addressed the scheduling of seventeen contemplated depositions, that depositions were scheduled to begin on May 18, 2026, and that document production and discovery disputes remained ongoing when prior counsel sought the May 2026 schedule modification.

45. The Court granted that earlier schedule modification on May 26, 2026. After I began proceeding pro se on or about June 30, 2026, I reopened scheduling on July 10, followed up on July 16 and July 26, served nine notices on July 29, served amended organizational notices on August 3, completed the August 7 meet-and-confer, and participated in the August 12 IDC.

46. I provide these facts so that the Court can evaluate diligence on a complete record. I do not ask the Court to assign fault to either side for the deposition dispute or to decide the merits of that dispute in this application.

**NEED FOR A LIMITED TWENTY-EIGHT-DAY MODIFICATION**

47. Nine depositions remain to be completed, consisting of five Rule 30(b)(6) depositions and four individual depositions.

48. The remaining work includes obtaining and confirming dates, completing the proceedings contemplated by ECF 147 concerning the deposition-record dispute, preparing for the depositions, and conducting the depositions.

49. Defense counsel has communicated availability restrictions affecting counsel and deponents during portions of August and September 2026.

50. Under the present schedule, fact discovery closes on September 18, 2026. As of August 20, 2026, twenty-nine days remain before that cutoff. Completion of the ECF 147 sequence and all nine remaining depositions within that period is no longer reasonably feasible.

51. Plaintiffs request only a twenty-eight-day extension. The proposed extension would move the fact-discovery cutoff from September 18, 2026, to October 16, 2026, and would move the remaining deadlines by the same twenty-eight-day period.

52. A twenty-eight-day extension is narrowly tailored to provide sufficient time to complete the proceedings contemplated by ECF 147, reschedule the remaining depositions, prepare for them, and conduct them.

53. The requested relief is limited to modification of the existing schedule. It does not seek a ruling from Judge Aenlle-Rocha on the method of recording, does not expand the scope of discovery, and does not waive any party's objections, rights, or positions concerning the deposition record, transcripts, certification, or admissibility.

54. Plaintiffs intend to continue meeting and conferring and to proceed with the remaining depositions as promptly as the proceedings contemplated by ECF 147 and the witnesses' availability permit.

55. Based on the history described above, I respectfully submit that good cause exists for the requested twenty-eight-day modification of the current schedule.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 20, 2026, at Sherman Oaks, California.

/s/ Thibault Mauvilain
**THIBAULT MAUVILAIN**
Plaintiff, Pro Se