**HENRI MAZARI**
Redondo Beach, California
Email: carboninla@yahoo.com
Telephone: 310.947.7000
Plaintiff, Pro Se

FILED
CLERK, U.S. DISTRICT COURT
08/20/2026
CENTRAL DISTRICT OF CALIFORNIA
BY DVE DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THIBAULT MAUVILAIN, an individual; HENRI MAZARI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>FLYNET PICTURES, LLC; FAMEFLYNET INC.; BACKGRID INC.; BACKGRID USA, INC.; SHUTTERSTOCK, INC.; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-02757-FLA-MBK<br><br>Hon. Fernando L. Aenlle-Rocha<br><br>**DECLARATION OF HENRI MAZARI IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION TO MODIFY SCHEDULING AND TRIAL ORDER (ECF 109) BY TWENTY-EIGHT DAYS** |

1. I am a Plaintiff in this action and currently represent myself pro se. I submit this declaration in support of Plaintiffs' ex parte application requesting a limited twenty-eight-day modification of the deadlines established by the Court's May 26, 2026 Scheduling and Trial Order, ECF 109.

2. I have personal knowledge of the facts stated here through my participation in this litigation and my review of the docket, deposition notices, correspondence, and other records I received or reviewed in connection with this case. I have also reviewed Mr. Mauvilain's declaration submitted in support of the same application. I do not duplicate his full chronology and address below matters within my own personal knowledge.

3. This action was commenced on March 28, 2025, when Mr. Mauvilain filed the Complaint. ECF 1. I was named as a Plaintiff in the First Amended Complaint filed on April 10, 2025. ECF 21. Mr. Mauvilain and I began proceeding pro se on or about June 30, 2026, after the Court granted prior counsel's withdrawal. ECF 121-124.

4. After beginning to proceed pro se, I participated with Mr. Mauvilain in renewed efforts to complete the remaining depositions before the September 18, 2026 fact-

discovery cutoff. Beginning on July 10, 2026, we resumed communications with defense counsel concerning mutually available dates. During late July and early August, nine remaining depositions were noticed or re-noticed, consisting of five Rule 30(b)(6) depositions and four individual depositions. I participated in the related scheduling communications and review of the proposed schedule.

5. Defense counsel identified conflicts and availability restrictions affecting counsel and deponents. Plaintiffs continued conferring concerning alternative dates and revisions to the proposed schedule in an effort to complete the depositions before the September 18 cutoff.

6. On August 7, 2026, Mr. Mauvilain and I participated in a live meet-and-confer with defense counsel. The parties discussed deposition scheduling, the Rule 30(b)(6) matters for examination, and the method by which the depositions would be recorded.

7. As I understood the parties' dispute during the August 7, 2026 meet-and-confer and the subsequent proceedings, one issue concerned whether, in addition to audiovisual recording before an independent officer authorized under Rule 28, Plaintiffs were required to retain a stenographic court reporter so that a contemporaneous certified transcript would also be created. Plaintiffs did not agree that retaining a stenographic court reporter and obtaining a contemporaneous certified transcript were prerequisites to taking the noticed depositions. Defendants maintained a different position. The parties' respective factual and legal positions concerning that issue remain reserved for the proceedings contemplated by ECF 147.

8. I state these facts only to explain the circumstances affecting completion of the noticed depositions and the need for additional scheduling time. I do not ask Judge Aenlle-Rocha to decide the merits of the deposition-record or transcript dispute in connection with the present application.

9. On August 12, 2026, Mr. Mauvilain, defense counsel, and I attended an informal discovery conference before the Honorable Michael B. Kaufman. ECF 147. Following the conference, ECF 147 stated that the parties intended to file a stipulation with Judge

Aenlle-Rocha to modify the case scheduling order to afford sufficient time to reschedule depositions and resolve the pending transcript dispute. ECF 147 further states that, after approval of a modified case schedule, the parties are authorized to file a joint stipulation for a briefing schedule concerning their discovery disputes.

10. After the August 12 conference, I participated in communications concerning the remaining depositions and the contemplated scheduling modification. Plaintiffs proposed a limited twenty-eight-day modification rather than the ninety-day continuance initially proposed by Defendants. I received and reviewed written communications in which defense counsel stated that there was no issue with Plaintiffs' request for twenty-eight days instead of ninety days.

11. The parties nevertheless did not finalize the stipulation. From the written communications I received and reviewed, I understood that Defendants objected to factual matters contained in Plaintiffs' supporting diligence declaration and stated that they would not sign a stipulation supported by a declaration containing factual information with which they disagreed. Defendants also indicated that they would file a response contending that Plaintiffs had not been diligent if Plaintiffs submitted that declaration.

12. Nine depositions remain to be completed. The remaining work includes obtaining and confirming workable dates, completing the proceedings contemplated by ECF 147 concerning the deposition-record dispute, preparing for the depositions, and conducting them.

13. Under the present schedule, fact discovery closes on September 18, 2026. As of August 20, 2026, twenty-nine days remain before that cutoff. Based on the remaining work, the unresolved deposition-record dispute, and the availability restrictions communicated for portions of August and September, I do not believe all nine remaining depositions can reasonably be completed by September 18 under the present schedule.

14. Plaintiffs request only a twenty-eight-day modification, moving the fact-discovery cutoff from September 18, 2026, to October 16, 2026, and moving the

remaining deadlines by the same twenty-eight-day period. The request is directed to the scheduling problem reflected in ECF 147 and does not ask Judge Aenlle-Rocha to decide the underlying deposition-record dispute.

15. I intend to continue participating in meet-and-confer efforts and deposition scheduling so that the remaining depositions can proceed as promptly as the proceedings contemplated by ECF 147 and the witnesses' availability permit.

16. Based on the facts within my personal knowledge described above, I respectfully submit that good cause exists for the requested twenty-eight-day modification of the current schedule.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 20, 2026, at Redondo Beach, California.

/s/ Henri Mazari
**HENRI MAZARI**
Plaintiff, Pro Se