Joanna Ardalan (SBN 285384)
Email: jardalan@onellp.com
Peter R. Afrasiabi (SBN 193336)
Email: pafrasiabi@onellp.com
David W. Quinto (SBN 106232)
Email: dquinto@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorneys for Defendants,
BACKGRID INC., BACKGRID USA, INC., and
SHUTTERSTOCK, INC.

Sheila Mojtehedi (SBN 313002)
Email: sheila@mojtehedi.com
Sheila Mojtehedi PC
Mailing: 806 E. Avenida Pico,
Ste I-291, San Clemente,
CA 92673
Telephone: (323) 412-0472
Facsimile: (323) 403-4170

Attorneys for Defendants,
FLYNET PICTURES, LLC AND
FAMEFLYNET INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

THIBAULT MAUVILAIN, an individual; HENRI MAZARI, an individual; JEREMY DUPLAQUET, an individual; ROBERT CHRISTIAN WOLF, an individual; MICHEL BOUTEFEU, an individual; STEPHANE KYNDT, an individual; and JOSEPH MEHDI, an individual,

Plaintiffs,

v.

FLYNET PICTURES. LLC, a California limited liability company; FAMEFLYNET INC., a California corporation; BACKGRID INC., a California corporation; BACKGRID USA, INC., a California corporation; SHUTTERSTOCK, INC., a Delaware corporation and DOES 1–10, inclusive,

Defendants.

Case No.: 2:25-cv-2757-FLA-MBK
Hon. Fernando L. Aenlle-Rocha
Hon. Michael Kaufman

**DISCOVERY MATTER**

**DEFENDANTS FLYNET PICTURES, LLC, FAMEFLYNET INC., BACKGRID INC., BACKGRID USA, INC. AND SHUTTERSTOCK, INC.'S JOINT BRIEF REGARDING DISCOVERY DISPUTE (ECF 147 & 165)**

## I. Introduction and issue presented

*Pro se* plaintiffs Thibault Mauvilain and Henri Mazari seek to take nine[1] depositions: a Rule 30(b)(6) deposition of each of the five defendants, and four depositions of individuals affiliated with them. Alex Kantif, Shutterstock's Head of Editorial, will sit for deposition four times: three times as a Rule 30(b)(6) witness and once individually. Similarly, Scott Cosman, a former officer and founder of defendants FlyNet Pictures, LLC and FameFlynet Inc., will sit for deposition three times: twice as a Rule 30(b)(6) witness and once individually.

This discovery dispute presents two issues. First, Plaintiffs contend they may take the nine depositions without arranging for transcripts. Second, Plaintiffs contend that if transcripts are required, they need not obtain transcripts certified by a deposition officer separate and apart from the certification provided by the deposition officer for the video. Thus, Plaintiffs intend to use artificial intelligence ("AI") to create transcripts.

Defendants disagree and object to Plaintiffs' position. First, Plaintiffs must arrange for transcripts. Otherwise, the depositions will be all for naught, because the Federal and Local Rules require transcripts to be created for a deposition used in a case. Second, Plaintiffs must arrange for a deposition officer to certify the transcripts, as Federal Rule of Civil Procedure 30(f) contemplates. Otherwise, the burden of ensuring correct and usable transcripts will be unfairly shifted to Defendants, who will be left to shoulder the inordinate time and expense of manually verifying that the AI-generated transcripts provided by Plaintiffs are correct. Finally, Defendants object to Plaintiffs' use of AI to create the transcripts because doing so may violate the parties' Protective Order.

---

[1] Plaintiffs already deposed Joanna Ardalan, lead counsel for Shutterstock and BackGrid, before the other plaintiffs dismissed their claims and before Plaintiffs' own counsel withdrew from this case.

## II. Defendants do not object to Plaintiffs' recording of the depositions by video if they are administered and ultimately certified by a qualified deposition officer.

Plaintiffs have indicated that they will be recording the depositions by video and that the depositions will be taken before a Rule 28 deposition officer, who will administer the oath to the deponent. Defendants do not object if the individual is qualified to serve as a deposition officer and can provide the Rule 30(f) certification for the deposition video. Namely, Federal Rule of Civil Procedure 30(f) states that the deposition officer must, among other requirements, "certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony[,]" and "[t]he certificate must accompany the record of the deposition." Fed. R. Civ. P. 30(f)(1).

The Court encouraged Plaintiffs to disclose in writing, with as much detail as possible, the identity of the proposed Rule 28 deposition officer. Defendants contacted Plaintiffs' proposed deposition officer. As relevant here, she confirmed that while she is experienced in conducting the video component of the deposition, neither she nor her company will certify deposition transcripts as contemplated by the Federal Rules. Instead, her company will outsource the creation and certification of transcripts to court reporting agencies, such as Veritext, and the party that noticed the deposition must arrange and pay for the transcript separately with that agency.

Thus, from Defendants' perspective, a person may qualify as a "deposition officer" for purposes of recording the deposition by video, which the Rules permit, but may not be qualified or willing to certify a deposition transcript.

**III. Plaintiffs must arrange for transcripts in addition to recording the deposition by video. Otherwise, the nine depositions are a waste of time and expense.**

Plaintiffs' contention that transcripts are not required for the depositions here is nonsensical. Plaintiffs seek to take *party* depositions, which Plaintiffs are presumably taking to use at material junctures in this case, including in opposition to Defendants' anticipated summary judgment motions and at trial. Fed. R. Civ. P. 32(a)(3). The Federal and Local Rules require Plaintiffs to provide a transcript if they intend to use the deposition in this case. Fed. R. Civ. P. 32(c); C.D. Cal. L.R. 32-1. If Plaintiffs do not intend to use the depositions in this case, there is no point in taking any of them, and Defendants should not be burdened with the time and expense the depositions will entail.

**IV. Plaintiffs must arrange for transcripts certified by a deposition officer, not transcripts created by Plaintiffs using AI.**

Plaintiffs' contention that they may use transcripts created by AI without any certification by a qualified deposition officer undermines the Federal and Local Rules. Even if that were not the case, Defendants would still be unfairly prejudiced and burdened. Even though the Rules contemplate the noticing party bearing the costs for the deposition, Fed. R. Civ. P. 30(b)(3)(A), Defendants will have to spend inordinate time and expense to ensure the transcripts Plaintiffs provide are accurate because they will have to manually review and compare nine AI-created transcripts with the videos of the depositions.

**A. Transcripts created by Plaintiffs using AI are not certified by a deposition officer as contemplated by Rule 30 and do not otherwise meet the trustworthiness threshold the Rule was designed to ensure.**

Federal Rule of Civil Procedure 30(f)(1) contemplates a specific procedure to ensure that transcripts are reasonably accurate. Namely, it requires a written certification from a qualified deposition officer that the witness was "duly sworn and that the deposition [transcript] accurately records the witness's testimony." Fed. R. Civ. P. 30(f)(1). As noted above, certification for a deposition *video* is not the same as certification for a deposition *transcript*, and a deposition officer may not be qualified to provide certification for both. Plaintiffs have proposed using AI to create transcripts to get around the expense of preparing certified transcripts but have provided no details about their proposal. Regardless, a court in this Circuit rejected a comparable proposal last year because the proposed certifier lacked necessary qualifications and training. That case's reasoning applies here.

In *Black v. City of San Diego,* No. 21-cv-01990-RBM-JLB, 2025 WL 1287747 (S.D. Cal. Apr. 30, 2025), the plaintiff asked to take his remaining depositions (at least thirteen) before a notary public and videographer who would generate transcripts with an AI voice-recognition tool and then certify them for use in motions and at trial. *Id.* at *2–3. The defendants argued that the videographer could not certify a transcript, that the software would miss nuances trained reporters capture, and that uploading confidential testimony to the platform would violate the protective order. *Id.*

The court denied the plaintiff's request. It found that the proposed deposition officer held no certification allowing him to certify a transcript. *Id.* It found that "a court reporter's role is more complex and nuanced" than proofreading machine output, because reporters have "additional duties . . . such as reminding participants

to not speak over one another, clarifying names, acronyms, and other unfamiliar terminology, and requesting the spelling of names and words." *Id.* It found that "a recording plus AI transcription does not fulfill all the roles that court reporters are trained in," and that the method "is untested in a real-life deposition setting and could lead to unanticipated delays and problems." *Id.* And it found that, unlike a certified reporter, who is subject to "oversight, regulation, and a complaint process," the proposed officer "is not overseen by a licensing agency to whom Defendants can turn with complaints." *Id.*

This case is *Black* with fewer safeguards. The plaintiff in that case identified a vendor and a platform and submitted declarations describing both. Plaintiffs here have none of those things and have not even identified the software they intend to use. Cost, which Plaintiffs identified as a limiting factor during the informal discovery conference, does not change the result. "The noticing party bears the recording costs," Fed. R. Civ. P. 30(b)(3)(A), and limited means do not entitle a litigant to a waiver of deposition-related expenses. *Black*, 2025 WL 1287747, at *2 (quoting *Jackson v. Woodford*, 2007 WL 2580566, at *1 (S.D. Cal. Aug. 17, 2007)).

**B. Plaintiffs' proposal will create an undue burden on and significant expense for Defendants, given the circumstances.**

Defendants must be provided the opportunity to review and make corrections to transcripts. Fed. R. Civ. P. 30(e); C.D. Cal. L.R. 32-2. Without a certification from a qualified deposition officer, Defendants or their counsel must manually cross-check *nine* transcripts against the deposition video. In theory, that process could take sixty-three hours (nine depositions multiplied by seven hours, the maximum the Rules allow for a deposition, Fed. R. Civ. P. 30(d)(1)). Additionally, at least one proposed deponent is not a native English speaker and will require a Portuguese interpreter, further complicating an already cumbersome process.

Because the Rules contemplate Plaintiffs bearing the cost of the depositions, shifting that cost to Defendants by providing them uncertified transcripts is unreasonable.

**C. Transcripts created by Plaintiffs using AI pose the additional problem of violating the Protective Order.**

Plaintiffs' proposal also cannot be squared with the Protective Order (ECF 64). The depositions are of Defendants' Rule 30(b)(6) designees, and of individuals affiliated with them. They will necessarily cover licensing arrangements, business relationships, revenue, and other material designated confidential by Defendants under the Protective Order. Plaintiffs propose to upload recordings of that testimony to a third-party AI service that is not among the persons to whom the Protective Order permits disclosure. *See* ECF 64 at 8–9.

The court in *Black* sustained exactly this objection. The plaintiff there offered the vendor's published assurance that it does not use customer content to train its models. The court found the assurance insufficient because "it is not clear from this disclaimer how the data will be 'accessed, processed, and used,'" the platform relied on "third-party artificial intelligence models provided by unknown subprocessors," and "it is not known if the data is stored or how it is stored." 2025 WL 1287747, at *4. It ruled that "providing information designated as 'CONFIDENTIAL' or 'CONFIDENTIAL – FOR COUNSEL ONLY' in the Protective Order . . . to a third-party platform, especially when it is not transparent how the information will be stored and used, violates the Protective Order." *Id.* The concern is greater here. Plaintiffs have identified no software, no vendor, no retention or training terms, and no way for anyone to verify any of them.

**V. Conclusion**

The Court should order Plaintiffs to arrange for transcripts for each of the depositions, and that the transcripts be certified by a qualified deposition officer pursuant to Federal Rule of Civil Procedure 30(f)(1). The Court should also

preclude Plaintiffs from preparing or offering any transcript generated by AI software.

Date: September 10, 2026

**ONE LLP**

By: /s/ Joanna Ardalan
Joanna Ardalan
Peter R. Afrasiabi
David W. Quinto
Attorneys for Defendants BackGrid Inc., BackGrid USA, Inc., & Shutterstock, Inc.

Date: September 10, 2026

**Sheila Mojtehedi PC**

By: /s/ Sheila Mojtehedi
Sheila Mojtehedi
Attorney for Defendants FlyNet Pictures, LLC and FameFlynet, Inc.

**ATTESTATION REGARDING SIGNATURES (L.R. 5-4.3.4(a)(2)(i))**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the undersigned, counsel of record for Defendants FlyNet Pictures, LLC and FameFlynet, Inc., hereby attests that all other listed signatories concur in the content and authorize this filing.

Date: September 10, 2026

By: /s/ Sheila Mojtehedi
Sheila Mojtehedi