Joanna Ardalan (SBN 285384)
Email: jardalan@onellp.com
Peter R. Afrasiabi (SBN 193336)
Email: pafrasiabi@onellp.com
David W. Quinto (SBN 106232)
Email: dquinto@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorneys for Defendants,
BACKGRID INC., BACKGRID USA, INC., and
SHUTTERSTOCK, INC.

Sheila Mojtehedi (SBN 313002)
Email: sheila@mojtehedi.com
**Sheila Mojtehedi PC**
Mailing: 806 E. Avenida Pico,
Ste I-291, San Clemente,
CA 92673
Telephone: (323) 412-0472
Facsimile: (323) 403-4170

Attorneys for Defendants,
FLYNET PICTURES, LLC AND
FAMEFLYNET INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

THIBAULT MAUVILAIN, an individual; HENRI MAZARI, an individual; JEREMY DUPLAQUET, an individual; ROBERT CHRISTIAN WOLF, an individual; MICHEL BOUTEFEU, an individual; STEPHANE KYNDT, an individual; and JOSEPH MEHDI, an individual,

Plaintiffs,

v.

FLYNET PICTURES. LLC, a California limited liability company; FAMEFLYNET INC., a California corporation; BACKGRID INC., a California corporation; BACKGRID USA, INC., a California corporation; SHUTTERSTOCK, INC., a Delaware corporation and DOES 1–10, inclusive,

Defendants.

Case No.: 2:25-cv-2757-FLA-MBK
Hon. Fernando L. Aenlle-Rocha
Hon. Michael Kaufman

**DISCOVERY MATTER**

**DEFENDANTS FLYNET PICTURES, LLC, FAMEFLYNET INC., BACKGRID INC., BACKGRID USA, INC. AND SHUTTERSTOCK, INC.'S JOINT REPLY REGARDING DISCOVERY DISPUTE (ECF 147 & 165)**

*Pro se* plaintiffs Thibault Mauvilain and Henri Mazari ask the Court to "approve" Section IV of their opening brief, which concerns various logistical matters for the nine imminent depositions. Section IV is much broader than the points discussed at the informal discovery conference and includes topics Defendants did not think were at issue and are hearing about for the first time. Either way, the Court cannot simply "approve" Plaintiffs' Section IV because it lacks necessary details. This is a problem, considering the parties are now less than two weeks away from nine scheduled depositions.

**I. Plaintiffs concede and agree that any transcript they obtain will be prepared by a "qualified, independent court-reporting or transcription professional."**

To begin with one of the issues presented at the IDC, Defendants contend that "Plaintiffs must arrange for a deposition officer to certify the transcripts, as Federal Rule of Civil Procedure 30(f) contemplates." Subpart G of Plaintiffs' submission confirms that any transcripts Plaintiffs obtain for the depositions will be created by "[a] qualified, independent court-reporting or transcription professional," who "will prepare and verify it against the officer-certified recording and provide appropriate certification identifying the source[,]" and that Plaintiffs will not use artificial intelligence to create the transcripts. That concession largely resolves one of Defendants' objections.

Again, Defendants' position is that the transcripts must be certified pursuant to Federal Rule of Civil Procedure 30(f)(1). A transcriptionist working from a recording is not necessarily the deposition officer under Rule 28. And Plaintiffs' submission does not say who that officer will be or what the promised "appropriate certification" will contain.

The Court's order should make the requirements explicit: (1) the officer before whom each deposition is taken must certify under Rule 30(f)(1) that the

witness was duly sworn and that the recording accurately reflects the testimony; (2) transcripts must be prepared by a certified court reporter or transcriptionist who certifies their accuracy against that officer-certified recording pursuant to Rule 30(f)(1); and (3) Plaintiffs must identify that court reporter in short order so that any objections can be promptly addressed. Defendants will also request review under Rule 30(e) on the record at each deposition, and the order should confirm that each deponent's 30-day review period runs from delivery of the *transcript* to the deponent's counsel, not from the availability of the recording. If Plaintiffs agree to those terms, there is no issue, and the Court should adopt them in its order.

## II. Plaintiffs' position that they need not obtain transcripts for all the depositions "unless necessary" ignores the reality of this litigation and the nature of the depositions.

Plaintiffs contend that they need not obtain transcripts for all depositions, but instead "will [only] obtain any transcript required for pretrial disclosures, motion practice, or presentation in court." That formulation gives away the point. Pretrial disclosures require each party to designate the deposition testimony it intends to use. Fed. R. Civ. P. 26(a)(3)(A)(ii). A party offering a nonstenographically recorded deposition at a hearing or trial must provide a transcript of the portions offered. Fed. R. Civ. P. 32(c). Any deposition Plaintiffs intend to use for any purpose will therefore require a certified transcript. Plaintiffs' "unless necessary" proposal simply defers an inevitable cost to the moment it is least workable. It also defeats the purpose of Rule 30(e), which allows a deponent to review the transcript and correct errors while the testimony is fresh. A transcript prepared weeks or months after the fact, and reviewed by a deponent whose memory of the testimony has faded, is a less reliable record for everyone, including the Court.

This proposal is unduly burdensome for Defendants for additional logistical reasons. For example, if a dispute occurs at any of the depositions, such as the

appropriateness of certain questions or objections (which is likely, given that Plaintiffs are *pro se*), there will be no written record available to present the dispute to the Court. Any motion to terminate or limit a deposition under Rule 30(d)(3), or request for sanctions under Rule 30(d)(2), requires a usable record.

Similarly, Defendants will be filing a motion for summary judgment. The scheduling order sets December 18, 2026, as the last day to hear motions. ECF 161 at 2. Defendants must file their motion no later than November 20, 2026. Plaintiffs will undoubtedly rely on the deposition testimony in their opposition. Under Rule 30(e), each deponent has 30 days after being notified that the transcript is available to review it and submit any changes, which means the transcripts must be in the deponents' hands no later than mid-October for the review period to close before the motion is filed. Court reporting agencies typically require five to ten business days to prepare a certified transcript. Working backward from those dates, Plaintiffs must order each transcript within days after the deposition concludes. There is no room in the schedule for Plaintiffs to wait and decide later whether a transcript is "necessary."

Plaintiffs' *pro se* status does not change the analysis. The party who notices a deposition bears the cost of the recording method it chooses. Fed. R. Civ. P. 30(b)(3)(A). Courts confronting depositions noticed by *pro se* litigants have accordingly required the *pro se* party both to bear the cost of transcription and to produce transcripts within a fixed period, even where that party claimed an inability to pay. *See, e.g.*, *Artis v. Phelps Mem'l Hosp. Ass'n*, 2026 U.S. Dist. LEXIS 46289, at *4 (S.D.N.Y. Mar. 3, 2026) (reiterating to *pro se* plaintiff that if the plaintiff "wants to take depositions, he must pay the cost of recording and transcribing" them); *Sunegova v. Vill. of Rye Brook*, 2011 U.S. Dist. LEXIS 147769, at *22-27 (S.D.N.Y. Dec. 22, 2011) (ordering *pro se* plaintiff to obtain and produce certified transcripts of depositions of defendants, despite inability to pay); *ACLI Gov't Sec.,*

*Inc. v. Rhoades*, No. 81-CV-2555, 1991 U.S. Dist. LEXIS 17560, at *3-4 (S.D.N.Y. Dec. 5, 1991) ("[F]airness ordinarily demands that a transcript be provided the deponent free of charge for review soon after the deposition."); *Hudson v. Spellman High Voltage*, 178 F.R.D. 29, 31 (E.D.N.Y. 1998) (ordering plaintiff to provide transcripts of any of the tape-recorded depositions to be used at trial "within forty-five (45) days from the completion of discovery").

Defendants therefore request that the Court order that: (1) Plaintiffs, at their own expense, order a certified transcript of each deposition within five days after the deposition concludes; (2) Plaintiffs deliver each transcript to the deponent's counsel promptly upon receipt, so that the deponent's 30-day review period under Rule 30(e) begins running at that time; and (3) Plaintiffs may not use any deposition testimony for any purpose, including in opposition to summary judgment, unless a certified transcript has first been provided to the deponent for review.

**III. Plaintiffs' submission makes it unclear whether Plaintiffs will be proceeding with the deposition officer they previously disclosed to Defendants.**

As stated in Defendants' opening submission, Plaintiffs sent contact information for an individual Defendants believed Plaintiffs would use as the deposition officer. Plaintiffs' opening submission suggests otherwise. Now, it appears Plaintiffs have not chosen whom they are going to use as a deposition officer, and instead generally seek permission to disclose the identity of the proposed deposition officer "with reasonable advance time for review and specific objection." So—are Plaintiffs still planning on using the previously disclosed individual as the deposition officer? What is "reasonable advance time for review," given that the depositions are two weeks away and the parties are currently engaged in the IDC process? Plaintiffs do not say. This open-ended proposal does not work,

especially given the timeframe[1] the parties are operating under. If Plaintiffs are no longer using the previously proposed individual, that needs to be disclosed by Plaintiffs and sorted out now.

**IV. Plaintiffs' submission now requests permission to conduct depositions "in-person, Zoom, or [by] hybrid attendance," even though Plaintiffs previously noticed and otherwise demanded in-person attendance.**

During the IDC, Defendants proposed that Plaintiffs take Zoom depositions to alleviate scheduling concerns, given counsel's travel schedule. Plaintiffs adamantly objected and demanded that the depositions occur in person as a tit-for-tat for conducting the depositions of Plaintiffs in person. Now, Plaintiffs want to reserve the option to take depositions remotely or in a "hybrid" fashion, without explaining what "hybrid" in this context means, with no indication of when Plaintiffs would notify Defendants of the election. Plaintiffs' submission was the first time Defendants learned of this request.

Date: September 15, 2026 **ONE LLP**

By: /s/ Joanna Ardalan
Joanna Ardalan
Peter R. Afrasiabi
David W. Quinto
Attorneys for Defendants BackGrid Inc., BackGrid USA, Inc., & Shutterstock, Inc.

Date: September 15, 2026 **Sheila Mojtehedi PC**

By: /s/ Sheila Mojtehedi
Sheila Mojtehedi
Attorney for Defendants FlyNet Pictures, LLC and FameFlynet, Inc.

---

[1] While meeting and conferring about the stipulation to continue the case deadlines, Defendants proposed continuing the deadlines by 90 days, but Plaintiffs refused and insisted that the continuance only be for 28 days.

**ATTESTATION REGARDING SIGNATURES (L.R. 5-4.3.4(a)(2)(i))**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the undersigned, counsel of record for Defendants FlyNet Pictures, LLC and FameFlynet, Inc., hereby attests that all other listed signatories concur in the content and authorize this filing.

Date: September 15, 2026

By: /s/ Sheila Mojtehedi
Sheila Mojtehedi