FILED
CLERK, U.S. DISTRICT COURT
9/10/2026
CENTRAL DISTRICT OF CALIFORNIA
BY jji DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**THIBAULT MAUVILAIN**
tm@forceinaction.com
Plaintiff, Pro Se
4605 Sylmar Avenue, Apt. 312
Sherman Oaks, California 91423
Telephone: 310.770.3612

**HENRI MAZARI**
carboninla@yahoo.com
Plaintiff, Pro Se
2100 Marshallfield Lane
Redondo Beach, California 90278
Telephone: 310.947.7000

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THIBAULT MAUVILAIN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FLYNET PICTURES, LLC, et al.,<br><br>Defendants. | **Case No. 2:25-cv-02757-FLA-MBK**<br>Hon. Fernando L. Aenlle-Rocha<br>Hon. Michael B. Kaufman<br>United States Magistrate Judge<br><br>**DISCOVERY MATTER**<br><br>**PLAINTIFFS' OPENING BRIEF REGARDING DEPOSITION RECORDING AND TRANSCRIPT REQUIREMENTS PURSUANT TO ECF 147 AND 165** |

## I. INTRODUCTION

Plaintiffs Thibault Mauvilain and Henri Mazari request approval to conduct their remaining previously noticed depositions by professional audiovisual recording before an independent, qualified Rule 28 officer, without simultaneous stenography or a blanket requirement to procure a certified written transcript of every deposition as a condition of proceeding. Plaintiffs will pay for their officer and audiovisual method. They expressly request authorization under Rule 30(b)(4) for Zoom or hybrid depositions, while preserving in-person examination, subject to the protocol below and otherwise applicable notice and attendance requirements.

The request separates three questions: the method of recording testimony, the officer's certification of that record, and any written transcript required for later use. Plaintiffs propose a certified audiovisual record, not an uncertified party recording or an AI-generated transcript. Defendants retain their rights to add stenography, obtain copies, request witness review, and challenge admissibility. The Court retains control over qualifications, confidentiality, and later transcription.

## II. BACKGROUND AND ISSUE PRESENTED

The August 12, 2026 informal discovery conference addressed the deposition dispute. ECF 147. Defendants subsequently identified concerns about AI-generated transcripts, accuracy, review burdens, costs, and protected information. ECF 154 at 6-7. Following the scheduling modification and joint stipulation, the Court authorized this briefing. ECF 161, 163, 165.

Plaintiffs report that deposition dates have been secured or offered by Defendants, contingent on the Court's approval of the process. They seek a workable

ruling permitting examination under the existing schedule, not an additional continuance or adjudication of unrelated objections. This brief states the precise protocol for which approval is sought; it does not seek approval of AI transcription.

**III. RULE 30 DISTINGUISHES RECORDING FROM TRANSCRIPTION**

Rule 30(b)(3)(A) provides: "Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means." The noticing party identifies and pays for its method; any party may arrange transcription. The 1993 Advisory Committee Note explains that nonstenographic recording ordinarily requires neither prior approval nor consent, while preserving objections under Rule 26(c) and transcript requirements for later use. Fed. R. Civ. P. 30 advisory committee's note to 1993 amendment.

The remaining provisions confirm that distinction. Rule 30(e) permits review of the transcript *or recording*; Rule 30(f)(1) requires the officer's certificate to accompany the deposition record; and Rule 30(f)(3) expressly provides for retaining a nonstenographic recording. Rule 32(c) separately addresses a transcript when testimony is offered in court. These provisions do not make simultaneous stenography an automatic prerequisite to audiovisual examination.

Under Rule 30(b)(3)(B), Defendants may designate an additional recording method on prior notice, bearing that expense unless the Court orders otherwise. Plaintiffs request that allocation, not immunity from necessary transcription expenses. They acknowledge the Court's discretion under Rules 26(c) and 30(b)(3)(A), and ask that any additional condition address a specific remaining deficiency in this protocol.

## IV. PROPOSED PROTOCOL

### A. Independent, qualified officer; advance disclosure

Before each deposition, with reasonable advance time for review and any specific objection, Plaintiffs will disclose the officer's name, business address, oath authority, relevant qualifications and experience, recording provider, and recording and custody arrangements. The officer must satisfy Rules 28(a) and 28(c) and document training or experience sufficient to perform the duties below. Neither Plaintiff nor another disqualified person will serve as officer or certify the deposition record.

The officer will remain throughout the examination and personally record the testimony or direct an experienced professional legal videographer acting in the officer's presence and under the officer's direction. Fed. R. Civ. P. 30(c)(1). Administering the oath and leaving will not suffice. Approval of the protocol would not itself establish that an unidentified provider is qualified.

### B. In-person, Zoom, or hybrid attendance

Plaintiffs request that the order itself supply Rule 30(b)(4) authorization for remote or hybrid examination of deponents located within the United States, while preserving in-person examination. No further stipulation would be required solely for an attendance format approved by that order. Plaintiffs will provide reasonable written notice of the date, format, deponent's physical location, and recording method, supplementing notices and complying with any applicable subpoena requirements.

The deposition takes place where the deponent answers. Fed. R. Civ. P. 30(b)(4). The officer must have valid oath authority there. An officer may participate remotely only upon disclosure of a legal basis permitting the remote oath; otherwise, the officer will be physically present with the deponent. That arrangement does not require Plaintiffs or counsel to attend in person. For authorized remote proceedings, Plaintiffs request recognition of continuous live-video presence for Rule 30(c)(1) supervision, without dispensing with oath authority.

**C. Accurate recording and preservation**

The officer will administer the oath and make the opening, recording-unit, and closing statements required by Rule 30(b)(5). The provider will test and monitor image and sound, identify participants, maintain a stable witness-focused view, capture all on-the-record testimony and objections, and seek clarification of inaudible speech, names, or overlapping speakers. Remote participants will receive access to the same marked exhibits during examination.

Breaks and interruptions will be announced and logged. Private off-the-record conferences will not be recorded. Questioning will stop if recording fails and resume only after restoration. The officer will preserve original recording units in sequence as an unedited master with a secure backup. Copies furnished to parties will not replace or alter that retained master.

**D. Certification, delivery, exhibits, and copies**

The officer will certify in writing that the witness was duly sworn and that the deposition accurately records the testimony. The certificate will identify and accompany the recording. Plaintiffs request authorization under Rule 30(f)(1) for

prompt, secure electronic delivery of the certificate, recording, and exhibits, labeled with the case title and deponent's name, to the Plaintiff arranging the recording. Absent that authorization, the Rule's sealed-package procedure applies.

Recipients will safeguard the record against loss, destruction, tampering, or deterioration. The officer will retain an unchanged copy and furnish copies to any party or the deponent upon payment of reasonable charges under Rule 30(f)(3). Exhibits will be marked, indexed, and preserved, subject to Rule 30(f)(2)'s provisions for originals, substitute copies, and inspection.

**E. Witness review and corrections**

If review is requested before completion, the officer will note that request in the certificate and notify the deponent when the recording is available. The deponent will have 30 days after notification to review it and sign a statement identifying changes by recording-unit identifier and timestamp, with reasons. The officer will attach timely changes to the certificate. The original recording will remain unaltered, and objections to changes remain available. Fed. R. Civ. P. 30(e).

**F. Confidentiality and platform safeguards**

The officer, videographer, and personnel receiving protected material will comply with ECF 64 and execute Exhibit A where required. The order expressly covers videotaping vendors and necessary disclosure to bound Professional Vendors. ECF 64 §§ 3.13, 8.2(f). Protected testimony will be designated on the record under § 6.2(b) and identified by recording unit and timestamp. Recordings and exhibits will be labeled, securely stored and transmitted, and restricted to authorized recipients. Any authorized redacted copy will remain separate from the intact master.

Remote sessions will use restricted admission and access controls. Zoom AI Companion, automated transcription, and AI-summary features will be disabled. Protected material will not be submitted to generative-AI services under this protocol. These safeguards apply to copies and later transcription; nothing here enlarges the disclosures permitted by ECF 64.

**G. Later written transcripts**

Plaintiffs will obtain any transcript required for pretrial disclosures, motion practice, or presentation in court under Rules 26(a)(3)(A)(ii), 32(c), and 56, applicable local rules, and court orders. A qualified, independent court-reporting or transcription professional will prepare and verify it against the officer-certified recording and provide appropriate certification identifying the source. Authentication, completeness, evidentiary, and sealing requirements remain controlling; no advance admissibility ruling is sought.

Defendants need not correct or certify AI-generated text and remain free to arrange transcription. A potential later transcript requirement does not itself require simultaneous stenography or immediate transcription of every deposition. Any dispute over necessary scope, timing, qualifications, or costs remains subject to the Rules and further order.

**V. THE AUTHORITIES SUPPORT A SAFEGUARDED RECORD**

*Nusbaum v. MBFG Limited Partnership* rejected an unqualified proposed officer and party-prepared transcription, yet declined to require a certified court reporter to transcribe every video deposition simultaneously. It permitted an appropriate officer and opponent-funded additional stenography. No. 2:07-cv-01032,

2009 WL 2605320, at *2-3 (W.D. Pa. Aug. 21, 2009). It separately required a mutually agreed reporter and shared costs for necessary later transcription. Plaintiffs rely on that distinction, not its particular later cost allocation.

*Black v. City of San Diego* rejected a proposal combining AI-generated transcripts, notary-videographer certification, and advance approval for motions and trial. No. 3:21-cv-01990-RBM-JLB, ECF 172 at 5-8 (S.D. Cal. May 2, 2025). The reviewing court upheld scrutiny of qualifications, accuracy, confidentiality, and resulting delay. ECF 178 at 5-7 (July 10, 2025). It also noted that defendants did not oppose the proposed person's service as videographer or officer. *Id.* at 2. Plaintiffs accept that scrutiny but propose no AI transcript or advance evidentiary approval; later transcription is separately governed by Section IV.G.

*Raiser v. County of San Diego* upheld denial where the plaintiff lacked a qualified officer and proper certification, including defendants' refusal to attend on that record. No. 21-56158, slip op. at 3 (9th Cir. Feb. 8, 2023) (unpublished). *Schoolcraft v. City of New York*, 296 F.R.D. 231, 239-40 (S.D.N.Y. 2013), involved deficient notice, counsel-operated video, technical failures, and confidentiality problems. Those are reasons for the advance disclosure, independent supervision, certification, and protected custody proposed here.

*Alcorn v. City of Chicago*, 336 F.R.D. 440, 442-45 (N.D. Ill. 2020), rejected treating an uncertified Zoom recording as an official evidentiary record. It identified qualified videographer supervision and certification as the compliant alternative. Plaintiffs seek that independently certified record, not a party-operated Zoom recording deemed authentic merely because a notary administered an oath.

**VI. REQUESTED RELIEF**

Plaintiffs respectfully request approval of Section IV: professional audiovisual recording before a qualified independent officer, at Plaintiffs' expense; express authorization for in-person, Zoom, or hybrid examination; and no simultaneous stenography or automatic transcription of every deposition as a condition of examination. Additional recording costs remain governed by Rule 30(b)(3)(B), and later transcription by Section IV.G.

Upon compliance with the approved protocol and applicable notice, attendance, and officer requirements, Plaintiffs request that the order expressly provide that the absence of additional Plaintiff-funded stenography or a commitment to transcribe every deposition shall not, standing alone, justify refusing to appear or proceed. Unrelated objections and protective relief, including suspension required by Rule 30(d)(3), remain available. Plaintiffs seek no override of existing orders before a ruling.

Alternatively, Plaintiffs request a specifically tailored condition curing any remaining deficiency, including necessary professional transcription from the certified recording on a reasonable schedule, with costs determined under the Rules. This would permit examination while preserving the Court's control over the record's reliability and use.

## CERTIFICATE OF COMPLIANCE

The undersigned Plaintiffs, appearing pro se, certify pursuant to L.R. 11-6.2 that this brief contains 1,786 words, excluding the caption, signature block, and this certificate, and complies with the word limit of L.R. 11-6.1. This brief also complies with the ten-page limit imposed by ECF 165.

Dated: September 10, 2026

Respectfully submitted,

/s/ Thibault Mauvilain

**THIBAULT MAUVILAIN**

Plaintiff, Pro Se

/s/ Henri Mazari

**HENRI MAZARI**

Plaintiff, Pro Se

## ATTESTATION REGARDING SIGNATURES (L.R. 5-4.3.4(a)(2)(i))

Pursuant to L.R. 5-4.3.4(a)(2)(i), the Plaintiff submitting this filing attests that the other signatory listed above concurs in the filing's content and has authorized the filing.