FILED
CLERK, U.S. DISTRICT COURT
9/15/26
CENTRAL DISTRICT OF CALIFORNIA
BY CS DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

THIBAULT MAUVILAIN
tm@forceinaction.com
Plaintiff, Pro Se
E-Mail:TM@Forceinaction.com
Telephone: 310.770.3612
HENRI MAZARI
Email: carboninla@yahoo.com
Telephone: 310.947.7000

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THIBAULT MAUVILAIN, et al.,<br><br>Plaintiffs,<br><br>v. | Case No. 2:25-cv-02757-FLA-MBK<br>PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT BRIEF REGARDING DISCOVERY DISPUTE (ECF 167) |
| FLYNET PICTURES, LLC, et al.,<br><br>Defendants. | Hon. Michael B. Kaufman<br>United States Magistrate Judge<br>DISCOVERY MATTER |

## I. The filed proposal resolves the principal objections

Defendants do not object to audiovisual recording before a qualified officer who certifies that record. ECF 167 at 3. Their remaining objections concern transcript requirements and an assumed AI-transcription process. Id. at 2, 4-7. Plaintiffs' September 10 opening brief excludes AI transcription, disables automated features, prohibits disclosure of protected material to generative-AI services, and provides for necessary later transcripts prepared, verified, and appropriately certified by an independent qualified professional. Opening Br. at 2-3, 7. Plaintiffs request approval of that protocol, subject to demonstrated officer qualifications. ECF 64 governs vendors, recordings, and later transcripts; the Court may make these restrictions express conditions of approval.

## II. The Rules distinguish recording from later transcription

Rule 30(b)(3)(A) permits audiovisual recording unless the Court orders otherwise and expressly provides that "[t]he noticing party bears the recording costs" and that "[a]ny party may arrange to transcribe a deposition." The Rule distinguishes the cost of Plaintiffs' chosen recording method from the separate decision whether and when to obtain a written transcript. Rule 30(f)(1) requires certification of the deposition record; Rule 30(f)(3) expressly provides for retaining a nonstenographic recording. Defendants insert "[transcript]" into their quotation of Rule 30(f)(1). ECF 167 at 5. That interpolation cannot establish that every properly certified audiovisual record must also be transcribed before discovery may proceed.

Plaintiffs acknowledge that video certification does not certify a later transcript. Opening Br. at 7. Defendants' account that the provider outsources transcript preparation and certification confirms these are distinct services. ECF 167 at 3. Plaintiffs will obtain required professional transcription and certification, preserving both the original officer's certificate and separate verification against that recording. Any later preparer must demonstrate appropriate qualifications and the ability to supply the required certification; no advance admissibility ruling is sought.

Rule 32(c) requires a transcript when deposition testimony is offered in court unless otherwise ordered. Rule 26(a)(3)(A)(ii) addresses transcripts for nonstenographic testimony expected at trial. L.R. 32-1 governs trial or evidentiary-hearing use. L.R. 32-2 governs custody of an original transcript when one exists; it does not state that every audiovisual deposition must be transcribed contemporaneously as a condition of taking the deposition. Plaintiffs accept applicable

use requirements. None of these provisions expressly makes immediate transcription of every deposition a prerequisite to examination. Discovery also establishes facts, identifies documents, and tests explanations before a party selects testimony for court presentation.

When timely requested, Rule 30(e) allows the deponent to review the "transcript or recording." Opening Section IV.E preserves the full 30-day period, signed changes with reasons, and an unchanged original recording. The deponent's Rule 30(e) review rights therefore remain fully preserved, and any party may request that review before the deposition is completed.

**III. Black does not resolve the different proposal here**

Black v. City of San Diego rejected a videographer's preparation and certification of AI transcripts based on qualifications, reliability, confidentiality, and delay. No. 3:21-cv-01990-RBM-JLB, 2025 WL 1287747, ECF 172 at 5-8 (S.D. Cal., filed May 2, 2025). The reviewing decision records that defendants did not oppose his service as videographer or deposition officer. Black, ECF 178 at 2 (July 10, 2025). Plaintiffs accept Black's safeguards and the Court's discretion; their filed protocol excludes the AI transcript procedure rejected there.

Nusbaum likewise rejected party-prepared transcripts but declined mandatory simultaneous stenography, requiring necessary later transcription by an agreed professional reporter. Nusbaum v. MBFG Ltd. P'ship, No. 2:07-cv-01032, 2009 WL 2605320, ECF 80 at 4-6 (W.D. Pa. Aug. 21, 2009). Its equal allocation of later transcription costs was specific to that record. Together, these decisions support

scrutiny of qualifications and later transcription without conflating those questions with whether certified video testimony may first be taken.

**IV. The hypothetical review burden warrants tailored safeguards**

Defendants' sixty-three-hour estimate concerns manually checking nine AI transcripts against video, not simply attending depositions. ECF 167 at 6-7. That estimate assumes a task the filed protocol does not assign them. Necessary transcripts will be independently verified and certified; Defendants need not perform Plaintiffs' transcription quality control. Nine multiplied by seven also assumes every examination consumes the presumptive duration allowed by Rule 30(d)(1), subject to stipulation or order; it is not an established schedule or evidence of actual additional review time.

Rule 26(b)(1) requires assessment of resources, access to information, importance, and burden relative to benefit. Defendants themselves identify licensing, business relationships, and revenue as subjects of these depositions. ECF 167 at 7. Those subjects bear directly on the disputed exploitation of Plaintiffs' photographs. Ordinary preparation, attendance, and witness review accompany relevant discovery; their existence does not establish undue burden from this recording method. Plaintiffs will confer to coordinate overlapping individual and corporate examinations to avoid needless repetition, subject to Rule 26(b)(2)(C), while preserving distinct capacities and topics.

Plaintiffs will pay for their officer and chosen recording method and will bear the cost of transcripts they themselves order for their use, subject to any different allocation required by the Rules or ordered by the Court. A party designating an additional recording method under Rule 30(b)(3)(B) bears the expense of the

additional record or transcript unless otherwise ordered. Rule 1 favors an accurate, workable process that avoids unnecessary expense. Any further condition should identify a deficiency in the actual protocol and cure it proportionately.

Defendants' reference to a Portuguese interpreter does not establish the asserted AI-verification burden because Plaintiffs' filed protocol does not propose AI-generated transcripts. ECF 167 at 6; Opening Br. at 2-3, 7. Plaintiffs will confer regarding any necessary interpreter and ensure that both the testimony and interpretation are properly recorded.

**V. Requested relief**

Plaintiffs respectfully request that the Court reject Defendants' request for a blanket advance requirement to arrange certified written transcripts of every deposition and approve the safeguarded audiovisual recording protocol set forth in Section IV of Plaintiffs' Opening Brief. Later transcription, including its scope, timing, and cost allocation, should remain governed by the Rules and any further order of the Court. Plaintiffs otherwise maintain the relief requested in their Opening Brief.

**CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 11-6.2, the undersigned certify that this brief contains 991 words, excluding the caption, signature block, and this certificate, and complies with L.R. 11-6.1 and the five-page limit in ECF 165.

Dated: September 15, 2026
Respectfully submitted,

Thibault Mauvilain, Pro Se

Henri Mazari, Pro Se