Joanna Ardalan (SBN 285384)
Email: jardalan@onellp.com
Peter R. Afrasiabi (SBN 193336)
Email: pafrasiabi@onellp.com
David W. Quinto (SBN 106232)
Email: dquinto@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorneys for Defendants, BACKGRID INC., BACKGRID USA, INC., and SHUTTERSTOCK, INC.

Sheila Mojtehedi (SBN 313002)
Email: sheila@mojtehedi.com
**Sheila Mojtehedi PC**
Mailing: 806 E. Avenida Pico, Ste I-291, San Clemente, CA 92673
Telephone: (323) 412-0472
Facsimile: (323) 403-4170

Attorneys for Defendants, FLYNET PICTURES, LLC AND FAMEFLYNET INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

THIBAULT MAUVILAIN, an individual; HENRI MAZARI, an individual; JEREMY DUPLAQUET, an individual; ROBERT CHRISTIAN WOLF, an individual; MICHEL BOUTEFEU, an individual; STEPHANE KYNDT, an individual; and JOSEPH MEHDI, an individual,

Plaintiffs,

v.

FLYNET PICTURES, LLC, a California limited liability company; FAMEFLYNET INC., a California corporation; BACKGRID INC., a California corporation; BACKGRID USA, INC., a California corporation; SHUTTERSTOCK, INC., a Delaware corporation and DOES 1–10, inclusive,

Defendants.

Case No.: 2:25-cv-2757-FLA-MAA
Hon. Fernando L. Aenlle-Rocha

**DEFENDANTS BACKGRID INC., BACKGRID USA, INC., SHUTTERSTOCK, INC., FLYNET PICTURES, LLC AND FAMEFLYNET INC.'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION**

Defendants BackGrid USA, Inc., BackGrid, Inc., Shutterstock, Inc., Fameflynet Inc., and Flynet Inc., oppose this ex parte application and seek one of two alterative orders that will address the procedural posture of this case. Specifically, Defendants have filed a motion to dismiss Plaintiffs' Second Amended Complaint, which will not be decided until May 7, 2026. The current trial deadline is March 30, 2027. Given that the pleadings will not close until, at least May, 2027, it makes sense to move all deadlines to after May, 2027, and stay discovery until the Order issues. Alternatively, Defendants request that the Court deny the ex parte application in full.

Defendants BackGrid USA, Inc., BackGrid, Inc., Shutterstock, Inc., Fameflynet Inc., and Flynet Inc., previously offered Plaintiffs deposition dates. Those were then scheduled or waiting for confirmation from Plaintiffs. Ardalan Decl., Ex. A, B. Plaintiffs, through counsel, did not proceed with those depositions. Plaintiffs' counsel withdrew from the case and 5 of the 7 plaintiffs unilaterally dismissed their claims against Defendants—no settlement was reached. (Dkt. 113, 121-124)

Now the two remaining pro se Plaintiffs wish to take the same depositions that were previously scheduled/offered (although they have changed their minds about replacing one deponent with a new one). At first, the Plaintiffs stated they intended to take the depositions but they would **<u>not</u>** order a transcript. Ardalan Decl., Ex. C ("Regarding the recording protocol, I am not presently retaining a stenographic court-reporting service or ordering a full stenographic transcript.")

Defendants objected to this because they did not want to prepare for nine depositions, five of which are 30(b)(6) depositions, when there was no intention by Plaintiffs to obtain a usable transcript. (Dkt. 147.) Afterall, that would waste everyone's resources. When the parties were heard by Judge Kaufman, Plaintiffs shifted their position, then stating that they were going to create a transcript using AI. *See* Dkt. 167. Defendants objected to use of AI as burdensome because

Defendants would have to check the accuracy of the record and the transcript would not be certified as contemplated by Rule 30. Moreover, there would be serious concerns about potential violations of the Protective Order if information designated as confidential was put into AI. *Id.* Judge Kaufman told Defendants they need not appear for deposition until the issue was decided.

Judge Kaufman permitted briefing on whether the certified transcript could be written by AI. *See* Dkt. 167. Between the date of the hearing and the date of the briefing on the hearing, Plaintiffs sought and obtained a 28-day extension in the case schedule to accommodate their depositions.

The AI issue was briefed by Defendants—Plaintiffs shifted their position however once more. Dkt. 171, *See* Dkt. 168. Their new position during the briefing was whether they may take a deposition now and order the transcript at some later date when they need it. Dkt. 171. Judge Kaufman has not yet issued an order.

Defendants position on the transcript issue is that the Plaintiffs have wasted substantial time and resources shifting positions on the transcript twice. Plaintiffs could have completed their depositions long ago had they just followed the same rules as everyone else, which includes buying a certified transcript through a court reporting agency.

Notwithstanding the transcript issue, in response to Plaintiffs request to move the discovery deadline, Defendants have proposed that all deadlines get moved until after May 7, 2027, which is when the Court will decide Defendants' Motion to Dismiss the Second Amended Complaint. (Dkt. 166.) The Motion to Dismiss the First Amended Complaint was granted on every claim with leave to amend. The Second Amended Complaint did little to add factual allegations to pleadings. In light of the fact that the entire operative complaint may be futile, Defendants request that the current trial date that is scheduled for March 30, 2027, before this motion to dismiss will be decided, be moved until after the pleadings are closed. (Dkt. 161.)

/ / /

As such, if the Court is inclined to give Plaintiffs more time to take depositions, Defendants ask that they be permitted to do so only after the Court issues an order on the Second Amended Complaint, or possibly the Motion for Sanctions against Plaintiffs and their Counsel that is also currently pending that could dispose of this case. (Dkt. 128.) In other words, discovery would be stayed until the Order on the Motion to Dismiss is decided and all trial and pretrial deadlines be pushed so that parties understand what claims, if any, remain in this case.

Alternatively, Defendants request that the ex parte request be denied in full.

Dated: October 8, 2026

**ONE LLP**

By: /s/ Joanna Ardalan
Joanna Ardalan
Peter R. Afrasiabi
David W. Quinto
Attorneys for Defendants BackGrid Inc., BackGrid USA, Inc., & Shutterstock, Inc.

Date: October 8, 2026

**Sheila Mojtehedi PC**

By: /s/ Sheila Mojtehedi
Sheila Mojtehedi
Attorney for Defendants FlyNet Pictures, LLC and FameFlynet, Inc.

**ATTESTATION REGARDING SIGNATURES (L.R. 5-4.3.4(a)(2)(i))**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the undersigned, counsel of record for Defendants BackGrid Inc., BackGrid USA, Inc., & Shutterstock, Inc., hereby attests that all other listed signatories concur in the content and authorize this filing.

Date: October 8, 2026

By: /s/ Joanna Ardalan
Joanna Ardalan