# Exhibit B

Gmail

Sheila Mojtehedi <sheila@mojtehedi.com>

**Mauvilain v. Flynet Pictures, No. 2:25-cv-02757-FLA-MBK — ECF 161 / Joint Stipulation re ECF 147 Briefing Schedule**

**Sheila Mojtehedi** <sheila@mojtehedi.com>
To: "tm forceinaction.com" <tm@forceinaction.com>
Cc: Jo Ardalan <jardalan@onellp.com>, Co2pix <carboninla@yahoo.com>, Peter Afrasiabi <pafrasiabi@onellp.com>, David Quinto <dquinto@onellp.com>, Lauren Thomas <lthomas@onellp.c

Thibault and Henri:

Jo and I propose that Defendants, on the one hand, and you both, on the other hand, each file a written position on the issues no later than September 3, 2026. No reply briefs or oppositions t reach out when ready to hold a Zoom hearing, if necessary.

As far as deposition dates, we propose as follows:

Sept. 28 (Scott Cosman/30(b)(6) for FlyNet or FameFlyNet)

Sept. 29 (Scott Cosman/30(b)(6) for FlyNet or FameFlyNet)

Sept. 30 (Scott Cosman/30(b)(6) for FlyNet or FameFlyNet)

Oct. 1 (Alex Kantif/30(b)(6) for Shutterstock or Backgrid)

Oct. 2 (Alex Kantif/30(b)(6) for Shutterstock or Backgrid)

Oct. 5 (Alex Kantif/30(b)(6) for Shutterstock or Backgrid)

Oct. 6 (Alex Kantif/30(b)(6) for Shutterstock or Backgrid)

Oct. 12 (Boris Nizon)

Best regards,

**Sheila Mojtehedi**
Sheila Mojtehedi PC
www.mojtehedi.com
T: 323.412.0472

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intend of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately. Thank you.

On Thu, Aug 27, 2026 at 1:38 AM tm forceinaction.com <tm@forceinaction.com> wrote:

Counsel,

Judge Aenlle-Rocha has now entered ECF 161 granting Plaintiffs' application to modify the case schedule.

Accordingly, the condition identified in ECF 147 has occurred, and the parties are now authorized to submit a joint stipulation proposi unresolved discovery disputes before Judge Kaufman.

Plaintiffs will circulate today a short proposed joint stipulation limited to the procedural briefing schedule and preservation of the parti Plaintiffs propose that the parties complete their review promptly so the contemplated briefing can begin without further loss of discov

Plaintiffs also request that the parties resume exchanging and tentatively reserving dates for the remaining depositions while the discov

Regards,
Thibault Mauvilain
Henri Mazari
Plaintiffs, Pro Se

On Aug 22, 2026, at 3:07 AM, tm forceinaction.com <tm@forceinaction.com> wrote:

Counsel,

For clarity, no response is requested over the weekend. Plaintiffs raised this issue now solely so the parties can be prepared to pro modifies the schedule.

Plaintiffs propose that, upon entry of any such order, a short procedural draft be circulated promptly and that the parties complete thereafter.

This proposal does not presume how the Court will rule and does not waive any party's positions.

Regards,
Thibault Mauvilain
Henri Mazari
Plaintiffs, Pro Se

On Aug 22, 2026, at 2:36 AM, tm forceinaction.com <tm@forceinaction.com> wrote:

Counsel,

In light of Defendants' filing confirming that they do not oppose Plaintiffs' requested 28-day modification, and while the app
Judge Aenlle-Rocha, Plaintiffs would like to avoid losing additional time and begin conferring regarding the next procedural

As reflected in ECF 147, upon approval of a modified case schedule, the parties are authorized to submit a joint stipulation p
concerning the unresolved discovery disputes before Judge Kaufman.

Without presuming how Judge Aenlle-Rocha will rule, I suggest that we begin working now on a short proposed joint stipula
schedule so that, if the schedule modification is granted, it can be finalized and submitted promptly.

Plaintiffs also remain available to confer regarding tentative deposition dates during the requested extended discovery period
efficiently once the pending deposition-record issue is resolved.

Please let us know whether Defendants are agreeable to proceeding in that manner.

Regards,
Thibault Mauvilain
Henri Mazari
Plaintiffs, Pro Se

On Aug 21, 2026, at 10:12 PM, Sheila Mojtehedi <sheila@mojtehedi.com> wrote:

Good evening,

Please find attached the joint partial opposition filed by Defendants.

Best regards,

**Sheila Mojtehedi**
Sheila Mojtehedi PC
www.mojtehedi.com
T: 323.412.0472

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of
hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately. Thank you.

On Thu, Aug 20, 2026 at 3:48 PM tm forceinaction.com <tm@forceinaction.com> wrote:

Counsel,

Attached for service are Plaintiffs' Ex Parte Application to Modify the Scheduling and Trial Order (ECF 109) by Twenty-Eight Days; the supporting declarations of Thib
Declaration of Thibault Mauvilain Regarding Ex Parte Notice; the proposed order; and the proof of service.

Plaintiffs are submitting the same filing package to the Court today through EDSS. Pursuant to Judge Aenlle-Rocha's procedures governing ex parte applications, an
twenty-four (24) hours following service.

Please confirm receipt.

Regards,
Thibault Mauvilain
Henri Mazari
Plaintiffs, Pro Se

On Aug 20, 2026, at 10:48 AM, tm forceinaction.com <tm@forceinaction.com> wrote:

Counsel,

This email provides notice that Plaintiffs intend to file today, August 20, 2026, an ex parte application requesting
modification of the deadlines established by ECF 109.

The parties have been unable to finalize the stipulation contemplated following the August 12 IDC and ECF 147.
stated in writing that they did not oppose the requested 28-day extension, but the parties remain at impasse conce
supporting factual diligence showing.

The relief requested in the application will be the same 28-day extension previously discussed by the parties, incl
discovery cutoff from September 18, 2026, to October 16, 2026, with corresponding 28-day adjustments to the re

The application will address the August 12 IDC and ECF 147, the parties' efforts to reach a stipulation, the remai
need for sufficient time to complete the proceedings contemplated by ECF 147 and reschedule the depositions. Pl

supporting declaration addressing the diligence and scheduling history relevant to the requested modification, tog
order.

Plaintiffs intend to advise the Court that Defendants previously stated in writing that they did not oppose the requ
while disagreeing with portions of Plaintiffs' supporting factual account.

If Defendants' position regarding the requested 28-day relief has changed, or if Defendants intend to oppose the e
please advise promptly so that Plaintiffs may accurately state Defendants' present position to the Court.

I will also call counsel shortly to provide oral notice of the intended ex parte application.

Regards,

Thibault Mauvilain
Henri Mazari
Plaintiffs, Pro Se

On Aug 19, 2026, at 3:07 PM, tm forceinaction.com <tm@forceinaction.com> wrote:

Counsel,

Your email confirms that Defendants will not sign the proposed stipulation if Plaintiffs submit a supporting
containing factual matters with which Defendants disagree, and that Defendants intend to file a response if P
supported by that declaration.

Plaintiffs understand that Defendants continue to agree that a 28-day modification of the schedule is appropr
parties are at impasse concerning the factual showing supporting that request.

Judge Aenlle-Rocha's procedures and ECF 109 require a detailed declaration addressing good cause, diligen
litigation history dating back to the filing of the Complaint. Plaintiffs cannot sign a sworn declaration that or
they believe are necessary to satisfy that requirement solely because Defendants dispute those facts.

Accordingly, Plaintiffs will discontinue further negotiations over the contents of their declaration and will de
appropriate procedure for presenting the requested 28-day modification to the Court. Plaintiffs will accuratel
Defendants agreed to the length of the requested extension but disagreed with Plaintiffs' supporting factual a
to sign the stipulation on that basis.

No response is necessary unless the foregoing inaccurately states Defendants' position.

Regards,

Thibault Mauvilain
Henri Mazari
Plaintiffs, Pro Se

On Aug 19, 2026, at 2:53 PM, Jo Ardalan <jardalan@onellp.com> wrote:

Thibault and Henri,

Please review our emails to you. We told you that the declaration needs to track the stipulation. We are not going to sign on to a
a declaration with factual information that we don't agree with. It is never going to happen. I explained to you previously that if y
declaration like the one you just attached, we will file a response—and the Court will be less likely to grant the extension when w
how your side has not been diligent.

I understand you are pro ses, but you are wasting our time by relying on ChatGPT without reviewing what it spits out at you. Ple
discussed.

Jo

--
**Jo Ardalan**
**Partner**
**one llp**
Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice: If you are not the intended recipient of this email, please reply and inform me of the mistake, and please do not print, forward or otherwise dissemin contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

**From:** Co2pix <carboninla@yahoo.com>
**Sent:** Wednesday, August 19, 2026 2:09 PM
**To:** sheila <sheila@mojtehedi.com>; tm forceinaction.com <tm@forceinaction.com>
**Cc:** Jo Ardalan <jardalan@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; David Quinto <dquinto@onellp.com>; Laurei <lthomas@onellp.com>; Megan Dell <mdell@onellp.com>
**Subject:** Re: Follow-Up to IDC: Deposition Dates and Scheduling

Counsel,

Attached is my draft supporting declaration for review in connection with the proposed joint stipulation.

As reflected on the document, it is a draft, is not executed, and is not authorized for filing at this stage.

Please circulate the revised joint stipulation and proposed order reflecting the agreed changes so that Plaintiffs can complete final review of t

Regards,

Henri Mazari

Plaintiff, Pro Se

On Wednesday, August 19, 2026 at 01:30:41 PM PDT, tm forceinaction.com <tm@forceinaction.com> wrote:

Counsel,

Attached is the supporting declaration requested by Ms. Mojtehedi, provided in draft form for review in connection with the proposed joint filir

The declaration is limited to the factual diligence and scheduling history relevant to the requested 28-day extension and tracks the neutral de deposition dispute proposed for the joint stipulation.

If Defendants believe there is a specific factual inaccuracy or inconsistency that affects the proposed joint filing, please identify the paragrapl issue.

Consistent with Henri's prior email, please also circulate the revised joint stipulation and proposed order reflecting the agreed changes. Once will promptly confirm consistency among the documents and review the complete package for filing authorization.

No authorization to use Plaintiffs' signatures or attest to Plaintiffs' concurrence is given until Plaintiffs approve the exact final joint documents

Regards,

Thibault Mauvilain
Plaintiff, Pro Se

> On Aug 19, 2026, at 12:37 PM, Sheila Mojtehedi <sheila@mojtehedi.com> wrote:
>
> Thibault and Henri,
>
> Please send the declaration.
>
> Best regards,
>
> **Sheila Mojtehedi**
> Sheila Mojtehedi PC
> www.mojtehedi.com
> T: 323.412.0472
>
> CONFIDENTIALITY NOTICE
> This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. I received this communication in error, please notify us immediately. Thank you.
>
> On Tue, Aug 18, 2026 at 12:40 PM Co2pix <carboninla@yahoo.com> wrote:
>
>> Counsel,
>>
>> Understood. We also want to get this finalized and filed today.
>>
>> Since Defendants have requested removal of paragraph 9 and the agreed revision to the proposed order, please circulate the revis stipulation and proposed order reflecting those changes.
>>
>> As soon as we receive those documents, Plaintiffs will review the revised joint language and promptly finalize and circulate our sup declaration so that it remains consistent with the joint filing and limited to the factual diligence and scheduling history relevant to the day extension.
>>
>> As to the declaration, we understand your concern. It will remain consistent with the agreed stipulation as to the requested relief an description of the deposition and transcript dispute. It will not purport to state Defendants' disputed positions as agreed facts, assign Defendants, or argue the merits of the discovery dispute reserved for the proceedings contemplated by ECF 147.
>>
>> At the same time, the declaration will contain the factual diligence and scheduling detail necessary to support the requested continu including the relevant history dating back to the filing of the Complaint and the prior modification of the scheduling order. Judge Aen procedures require a detailed factual showing of good cause and diligence in support of a continuance request.
>>
>> This sequence should avoid another round of revisions or any inconsistency between the joint stipulation and Plaintiffs' supporting d

Once we receive the revised joint documents, we will turn our review and declaration around promptly so the complete package ca
today.

Regards,

Henri Mazari

Plaintiff, Pro Se

On Tuesday, August 18, 2026 at 11:46:16 AM PDT, Jo Ardalan <jardalan@onellp.com> wrote:

Again, we are not going to agree to a separate declaration process. That is not how this works.

If you want our signature on the stipulation, you need to circulate the declaration now.

I am very busy right now with other matters. If you want to get this on file expediously, please take the laboring oar of m
changes we discussed and circulating finals.

--
**Jo Ardalan**
**Partner**
**one llp**
Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice: If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwis it. This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or us*

---

**From:** tm forceinaction.com <tm@forceinaction.com>
**Sent:** Tuesday, August 18, 2026 11:42 AM
**To:** Jo Ardalan <jardalan@onellp.com>
**Cc:** sheila <sheila@mojtehedi.com>; el paparazzo <carboninla@yahoo.com>; Peter Afrasiabi <pafrasiabi@onellp.com
Quinto <dquinto@onellp.com>; Lauren Thomas <lthomas@onellp.com>; Megan Dell <mdell@onellp.com>
**Subject:** Re: Follow-Up to IDC: Deposition Dates and Scheduling

Counsel,

Understood as to paragraph 9.

Please remove paragraph 9 from the joint stipulation and circulate the revised final stipu
and conforming proposed order for Plaintiffs' review and approval.

Plaintiffs will separately submit the supporting declaration required by ECF 109 and Jud
Aenlle-Rocha's procedures concurrently with the stipulation. Because that declaration is
Plaintiffs' separate evidentiary submission and does not purport to state or bind Defenda
positions, it is not part of the joint stipulation and is not submitted for Defendants' appro
revision.

The declaration will remain consistent with the agreed stipulation and will be limited to t
diligence and scheduling history relevant to the requested 28-day extension.

Please circulate the final joint documents so that we can review and, if acceptable, auth
filing today.

Regards,

Thibault Mauvilain
Plaintiff, Pro Se

On Aug 18, 2026, at 11:37 AM, Jo Ardalan <jardalan@onellp.com> wrote:

Please take out paragraph 9, as we discussed, and draft a declaration that tracks the stipulation and circulate, ple
Thank you.

--
**Jo Ardalan**
**Partner**

**one llp**
Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice: If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it. This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits unauthorized review or use.*

---

**From:** tm forceinaction.com <tm@forceinaction.com>
**Sent:** Tuesday, August 18, 2026 11:33 AM
**To:** Jo Ardalan <jardalan@onellp.com>
**Cc:** sheila <sheila@mojtehedi.com>; el paparazzo <carboninla@yahoo.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; David Quinto <dquinto@onellp.com>; Lauren Thomas <lthomas@onellp.com>; Megan <mdell@onellp.com>
**Subject:** Re: Follow-Up to IDC: Deposition Dates and Scheduling

Counsel,

Understood. Plaintiffs do not intend to use the supporting declaration as a separate merits brief or to contradict the agreed language of the stipulation.

The declaration will be limited to the objective procedural and scheduling facts necessary to satisfy ECF 109 and Judge Aenlle-Rocha's requirement of a detailed diligence showing, including the relevant history dating back to the filing of the Complaint. It will be consistent with the joint stipulation and will not ask the Court to resolve the parties' deposition-record dispute or assign fault to either side.

Because the Court's procedures specifically require a detailed declaration in suppo[rt of] a continuance request, however, the declaration necessarily will contain more factu[al] detail than the streamlined joint stipulation. Any matter on which the parties disagre[e] will be identified as Plaintiffs' position rather than presented as an agreed fact.

With that clarification, please circulate the final joint stipulation and proposed order reflecting the revisions already agreed upon. We will review them promptly and cor[...] authorization before filing.

Regards,
Thibault Mauvilain
Henri Mazari
Plaintiffs, Pro Se

On Aug 18, 2026, at 11:23 AM, Jo Ardalan <jardalan@onellp.com> wrote:

We are not going to agree to this process. If you want to file a declaration to support the stipulation, it should track the language in the stipulation. It should not be a separate narrative. If you do that, we will have to provide our own narrative, which will necessarily undermine the stipulation. Again, this stipulation is to benefit you, not us. If you want to give the Court a reason to deny it, then you will, because we will explain how your side could have taken these depos in April.

--
**Jo Ardalan**
**Partner**
**one llp**
Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice: If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it. This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** tm forceinaction.com <tm@forceinaction.com>
**Sent:** Tuesday, August 18, 2026 10:59 AM
**To:** sheila <sheila@mojtehedi.com>
**Cc:** Jo Ardalan <jardalan@onellp.com>; el paparazzo <carboninla@yahoo.com>; Peter Afrasiabi

<pafrasiabi@onellp.com>; David Quinto <dquinto@onellp.com>; Lauren Thomas <lthomas@onellp.com>; Megan Dell <mdell@onellp.com>
**Subject:** Re: Follow-Up to IDC: Deposition Dates and Scheduling

Counsel,

Thank you. This substantially narrows the remaining issues.

Plaintiffs agree to remove paragraph 9 from the joint stipulation. The separate supporting declaration does not need to be referenced in the stipulation itself.

Plaintiffs also agree to remove the sentence “All other provisions of ECF 109 remain in full force and effect” from the proposed order so that the proposed order is limited to the agreed 28-day modification of the deadlines.

As to the supporting declaration, however, Plaintiffs respectfully disagree that it should not be filed. Judge Aenlle-Rocha’s published procedures expressly provide that requests for continuances of pretrial and trial dates, whether made by motion, stipulation, or application, are to be accompanied by a detailed declaration setting forth the reasons for the requested relief. The procedures further require a detailed factual showing of good cause and diligence, including the parties’ efforts dating back to the filing of the Complaint.

Accordingly, Plaintiffs intend to submit a separate supporting declaration addressing that required showing. The declaration will be submitted solely on behalf of Plaintiffs and will not purport to state Defendants’ position or require Defendants’ agreement or adoption. Defendants remain free to submit their own supporting material or otherwise state any objection they believe appropriate.

With those two agreed revisions to the joint stipulation and proposed order, please circulate the final drafts for our review. As previously stated, Plaintiffs will promptly review them and confirm authorization before filing.

For clarity, no signature or attestation on Plaintiffs’ behalf is authorized until we have approved the final versions in writing.

Regards,

Thibault Mauvilain
Henri Mazari
Plaintiffs, Pro Se

On Aug 18, 2026, at 10:51 AM, Sheila Mojtehedi <sheila@mojtehedi.com> wrote:

Hi Thibault and Henri,

Jo and I have reviewed what you sent. We are okay with the stipulation, except for paragraph 9, which should be removed. We also do not agree to the filing of declarations to accompany the stipulation and we will move to strike any such declaration if it is filed. Finally, the following sentence should be stricken from the proposed order, as it does not make any sense, consider what we are asking for: All other provisions of ECF 109 remain in full force and effect.

Please let us know if these changes are acceptable so we can finalize and get the stipulation and proposed order on file today. We can circulate final drafts before we file.

Best regards,

**Sheila Mojtehedi**
Sheila Mojtehedi PC
www.mojtehedi.com
T: 323.412.0472

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately. Thank you.

On Mon, Aug 17, 2026 at 1:44 PM tm forceinaction.com <tm@forceinaction.com> wrote:

Counsel,

Thank you for clarifying Defendants' position and for confirming that Defendants do not oppose the requested 28-day extension.

After reviewing the latest redline, Plaintiffs understand that Defendants do not agree to include the phrases "without retaining a stenographic court reporter" and "whether a certified stenographic transcript is required" in the joint stipulation.

Those terms remain material to Plaintiffs because they reflect Plaintiffs' understanding of the dispute that led to the August 12 IDC and explain why the deposition issue remains unresolved. At the same time, Plaintiffs agree that a joint stipulation should not require either side to adopt a disputed factual or legal characterization.

To avoid further delay, Plaintiffs propose the following streamlined structure:

1. **Joint stipulation.** Attached is Plaintiffs' proposed joint stipulation, limited to the undisputed procedural history, the agreed 28-day extension, and a neutral description of the deposition dispute:

   "One dispute concerns the parties' respective positions regarding the method of recording the noticed depositions and whether, in addition to audiovisual recording before an officer authorized under Rule 28, a certified transcript must also be created. The parties reserve their respective factual and legal positions concerning that dispute for the proceedings contemplated by ECF 147."

   The proposed stipulation also makes clear that neither side adopts the other side's disputed factual or legal characterizations and that the stipulation does not assign responsibility to either side for the need for the extension.

2. **Separate supporting declarations.** Plaintiffs intend to submit a separate supporting declaration or declarations concurrently with the filing, setting out the diligence and scheduling history required by ECF 109, including the relevant history dating back to the filing of the Complaint.

   Plaintiffs' supporting declaration will preserve Plaintiffs' position that the dispute arose from Defendants' asserted requirement of a stenographic court reporter and a certified stenographic transcript. Defendants may submit their own declaration or other supporting material addressing any facts or characterizations they dispute.

   Plaintiffs are not attaching their separate declaration at this stage for Defendants' revision or approval. Once the parties agree on the joint stipulation and proposed order, Plaintiffs will provide counsel with a copy for notice before filing.

3. **Limited proposed order.** Also attached is a conforming redline of the proposed order, limited to the agreed 28-day modification of the deadlines established by ECF 109.

This structure permits the parties to present the agreed scheduling request promptly while preserving both sides' positions and providing Judge Aenlle-Rocha with the factual record required by ECF 109.

Plaintiffs will not agree to language characterizing the extension as a "courtesy" or assigning fault to Plaintiffs as a stipulated fact. Those matters are disputed and should not be presented as joint representations.

Please confirm whether Defendants agree to proceed on this basis. If Defendants propose further revisions to the attached joint stipulation, please return them using Track Changes and identify the specific remaining points of disagreement.

If Defendants do not agree to this structure, please confirm that the parties are at impasse concerning the contents and structure of the joint stipulation so that Plaintiffs may determine the appropriate procedure for presenting the agreed 28-day request and the parties' respective supporting positions to the Court.

For the avoidance of doubt, Plaintiffs do not authorize the use of their signatures or any attestation of their concurrence unless and until the final joint stipulation and proposed order have been approved by Plaintiffs in writing.

Regards,

Thibault Mauvilain
Henri Mazari
Plaintiffs, Pro Se

On Aug 17, 2026, at 11:08 AM, Sheila Mojtehedi <sheila@mojtehedi.com> wrote:

Hello Thibault and Henri,

Our position on your points below is as follows. Please keep in mind that this is a stipulation, so all parties must agree and sign off on the factual and legal representations made in the filing, which often requires compromise.

1. We phrased this as follows because this is done as a courtesy to you and to alleviate use of the magistrate judge's resources. Keep in mind, you were told at the IDC that you should have taken the dates we gave you and that you have an obligation to work

with us on the dates subject to witness availability. Had you done so, and had you used a certified court reporter, like everyone else, you would have had your depositions already. As such, this stipulation is a courtesy to you.

2. How about this for paragraph 9, which we believe accurately captures the nature of the current dispute:

> *On August 12, 2026, Plaintiffs and counsel for Defendants attended an informal discovery conference before the Honorable Michael B. Kaufman. ECF 147. One dispute concerned whether Plaintiffs may designate an audiovisual recording certified by an officer authorized under Rule 28 without ~~retaining a stenographic court reporter, and whether~~*
>
> *~~stenographic court reporter, and whether~~ providing a certified ~~stenographic~~ transcript ~~is~~ ~~required~~*
>
> *~~required~~. Plaintiffs have noticed nine depositions: one Rule 30(b)(6) deposition for*
>
> *each of the five Defendants and four individual depositions.*

3. Our previous draft removed the portions you added on this point because we disagree with them. We do not believe Plaintiffs acted reasonably or promptly with discovery matters before your prior counsel substituted out of the case. This was the subject of several IDCs. To accommodate the parties' competing views on this issue, we included language that informs the Court that Plaintiffs (you and Henri) resumed scheduling depositions after your prior counsel substituted out of the case, which is now the focus of why we are requesting the extension.

4. We are not asking for a discovery stay, so informing the Court as much is unnecessary. Additionally, we provided you with the next steps Magistrate Judge Kaufman identified, which are to get the stipulation on file and, depending on what comes of the joint stipulation, the parties and Judge Kaufman will promptly deal with scheduling and next steps.

Best regards,

**Sheila Mojtehedi**
Sheila Mojtehedi PC
www.mojtehedi.com
T: 323.412.0472

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately. Thank you.

On Sat, Aug 15, 2026 at 1:28 AM tm forceinaction.com <tm@forceinaction.com> wrote:

> Counsel,
>
> Thank you for the revised draft and for confirming that Defendants do not oppose the requested 28-day extension.
>
> We reviewed the version returned by Ms. Mojtehedi and have attached one consolidated counter-redline. We have accepted the revisions that do not affect the substance of the request. Our remaining edits are limited to the following points necessary to provide Judge Aenlle-Rocha with an accurate and sufficient record:
>
> 1. **Joint nature of the request.** ECF 147 reflects the parties' intent to seek modification of the scheduling order. The stipulation should therefore state that the parties jointly stipulate and request the extension, rather than characterize it solely as Plaintiffs' request to which Defendants do not object.
> 2. **Precise description of the dispute.** We restored the terms "stenographic court reporter" and "certified stenographic transcript." Plaintiffs' proposed procedure includes an audiovisual record certified by an officer authorized under Rule 28. The broader wording could incorrectly suggest that Plaintiffs oppose the use of an authorized officer or any certified deposition record.
> 3. **Complete diligence chronology.** ECF 109 expressly requires a specific diligence showing dating back to the filing of the Complaint. We therefore restored a concise chronology covering the earlier written discovery and deposition efforts, the April 2026 notices, the May 2026 IDC, the renewed July scheduling requests, the July 29 notices, the August 3 amended notices, the

August 7 meet-and-confer, and the August 12 IDC. We removed the reference to the prior deposition of Ms. Ardalan because it is not necessary to explain the present, limited extension request.

4. **No discovery stay.** We restored language confirming that the requested modification is not a stay of discovery and that the parties will continue meeting and conferring, exchanging availability, and tentatively reserving deposition dates while the transcript issue is resolved. That language is consistent with ECF 147's stated purpose of allowing sufficient time both to reschedule the depositions and to resolve the transcript dispute.

We also removed the paragraph concerning the pending motion to dismiss because that motion was already pending when ECF 109 was entered and is not the new circumstance supporting this limited extension.

The attached document shows Plaintiffs' insertions in red underline and deletions in red strikethrough. Track Changes is enabled for any further revisions. Please return any additional proposed edits with Track Changes turned on.

For the avoidance of doubt, please do not file the stipulation, use Plaintiffs' signatures, or attest to Plaintiffs' concurrence unless and until we confirm the final language in writing.

We remain prepared to finalize the stipulation promptly and then review a conforming proposed order reflecting the 28-day extension.

Regards,

Thibault Mauvilain
Plaintiff, Pro Se

On Aug 14, 2026, at 5:25 PM, Sheila Mojtehedi <sheila@mojtehedi.com> wrote:

Thibault and Henri,

Attached are our proposed revisions to the redline you provided. I realized midway through making the edits that Track Changes was not actually turned on in the redline you provided, so some changes do not appear in the redline, but later changes do. Regardless, you can see our proposed version. We have no issues with your request for 28 days instead of 90.

Best regards,

**Sheila Mojtehedi**
Sheila Mojtehedi PC
www.mojtehedi.com
T: 323.412.0472

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately. Thank you.

On Thu, Aug 13, 2026 at 6:17 PM
tm forceinaction.com <tm@forceinaction.com> wrote:

On Aug 13, 2026, at 6:09 PM, Jo Ardalan <jardalan@onellp.com> wrote:

PDFs are not useful. Please send redlined word file.

Get Outlook for iOS

**From:** tm forceinaction.com <tm@forceinaction.com>
**Sent:** Thursday, 13 August 2026 17:58:45
**To:** Jo Ardalan <jardalan@onellp.com>
**Cc:** sheila <sheila@mojtehedi.com>; el paparazzo <carboninla@yahoo.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; David Quinto

<dquinto@onellp.com>; Lauren Thomas <lthomas@onellp.com>; Megan Dell <mdell@onellp.com>
**Subject:** Re: Follow-Up to IDC: Deposition Dates and Scheduling

Counsel:

Please find attached the documents you requested.

Regards,

Thibault Mauvilain
Plaintiff, Pro Se

On Aug 13, 2026, at 4:36 PM, Jo Ardalan <jardalan@onellp.com> wrote:

Thibault,

Confer with Henri and send us one redline of each document with your proposed edits.

Jo

Get Outlook for iOS

---

**From:** tm forceinaction.com <tm@forceinaction.com>
**Sent:** Thursday, 13 August 2026 16:20:01
**To:** Jo Ardalan <jardalan@onellp.com>
**Cc:** sheila <sheila@mojtehedi.com>; el paparazzo <carboninla@yahoo.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; David Quinto <dquinto@onellp.com>; Lauren Thomas <lthomas@onellp.com>; Megan Dell <mdell@onellp.com>
**Subject:** Re: Follow-Up to IDC: Deposition Dates and Scheduling

Counsel,

We have reviewed the proposed stipulation and proposed order. Plaintiffs do not agree to either document as presently drafted. For the avoidance of doubt, Plaintiffs do not authorize the filing of these documents, the use of our signatures, or any attestation that we concur in their contents.

Plaintiffs agree that a narrowly tailored scheduling stipulation should be submitted promptly. Our position is as follows:

**1. Length of extension**

Plaintiffs do not agree to a 90-day extension of every case deadline. The present record does not establish that an additional three months is necessary to resolve the transcript issue and complete the remaining depositions.

Plaintiffs are willing to stipulate to a four-week extension of the current schedule, including moving the fact-discovery cutoff from September 18 to October 16, 2026, with the remaining deadlines adjusted by the same 28-day period. If Defendants contend that additional time is necessary, please provide the specific proposed deposition dates, briefing schedule, and other concrete circumstances supporting a longer extension.

**2. Neutral description of the transcript dispute**

The scheduling stipulation should not brief the merits or adopt either side's characterization of the transcript dispute. Paragraph 7's statement that Plaintiffs intend to use AI transcripts "in lieu of" a certified reporter does not accurately state Plaintiffs' position and is not acceptable.

Plaintiffs' position is that the designated deposition record will be an audiovisual recording certified by an officer authorized under Rule 28. The separate question concerning any transcript generated from that recording will be briefed before Judge Kaufman. The scheduling stipulation should describe that issue neutrally and reserve both sides' positions.

The statement that the depositions would otherwise be a "waste of expense and time" should also be removed.

**3. Irrelevant or incomplete history**

The reference in footnote 1 to the prior deposition of Ms. Ardalan should be deleted as irrelevant to the requested schedule modification.

If the prior deposition notices and their removal from the calendar are discussed, the stipulation must also include a complete and balanced chronology of the parties' subsequent scheduling efforts, including Plaintiffs' repeated requests for coordinated dates, the August 7 meet-and-confer, the depositions scheduled for August, and the August 12 IDC.

Paragraph 12 concerning the pending motion to dismiss should also be removed. That motion was already pending when the Court entered ECF 109 and is not the new circumstance necessitating this limited extension.

**4. Deposition dates**

We do not agree that discussing deposition availability is premature. ECF 147 states that the purpose of modifying the schedule is to afford sufficient time both to reschedule the depositions and to resolve the pending transcript dispute. Concrete dates are therefore necessary to determine the amount of time actually required and to provide Judge Aenlle-Rocha with a specific good-cause showing.

The general statement that Defendants and the deponents will make themselves "reasonably available depending on how these events unfold" is not sufficient. Please provide, by Friday, August 14, at 5:00 p.m., at least two available dates for each of the nine depositions identified in our August 12 email:

1. Alex Kantif;
2. Roberto Gasperis;
3. Scott Cosman;
4. Boris Nizon;
5. BackGrid Inc.;
6. BackGrid USA, Inc.;
7. Shutterstock, Inc.;
8. Flynet Pictures, LLC; and
9. FameFlynet Inc.

The dates may be identified as tentative and subject to Judge Kaufman's resolution of the transcript issue. Reserving dates now will prevent additional delay once that ruling is issued.

**5. Entity-specific Rule 30(b)(6) proposals**

Attaching the prior organizational deposition notices does not respond to the entity-specific topic proposals sent on August 10 and followed up on August 12. Please provide a substantive response to those proposals by the same Friday deadline.

Plaintiffs are prepared to review promptly a revised, neutral stipulation consistent with the positions above. Upon approval

Case 2:25-cv-02757-FLA-MBK Document 173-3 Filed 10/08/26 Page 14 of 14 Page ID #:4900

of a modified schedule, Plaintiffs will also meet and confer promptly regarding the briefing schedule contemplated by ECF 147.

If Defendants do not agree to these revisions, the parties may present their respective positions to the Court rather than filing a document that inaccurately represents Plaintiffs' agreement.

Regards,

Thibault Mauvilain
Henri Mazari
Plaintiffs, Pro Se

On Aug 13, 2026, at 3:22 PM, Jo Ardalan <jardalan@onellp.com> wrote:

<SM REDLINE Plaintiffs_Revised_Redline_Stipulation_28_Day_Extension_2026-08-14.docx>

<154-2.pdf>
<154.pdf>
<154-1.pdf>