# Exhibit C

Outlook

**Re: Mauvilain et al. v. Flynet Pictures, LLC et al., Case No. 2:25-cv-02757-FLA-MBK — Meet and Confer Regarding Remaining Depositions**

**From** tm forceinaction.com <tm@forceinaction.com>
**Date** Wed 7/29/2026 5:18 PM
**To** Jo Ardalan <jardalan@onellp.com>
**Cc** sheila <sheila@mojtehedi.com>; Co2pix <carboninla@yahoo.com>; David Quinto <dquinto@onellp.com>; Nate Lichtenberger <nlichtenberger@onellp.com>; Lauren Thomas <lthomas@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Megan Dell <mdell@onellp.com>

Counsel,

Thank you for your response.

Please let me know whether Alex Kantif and the respective BackGrid and Shutterstock entities are available on the proposed dates of **September 1, September 4, September 8, and September 11, 2026**. If any proposed date is unavailable, please provide specific alternative dates between September 1 and September 16 that preserve the predecessor-to-successor sequence and allow completion before the September 18 fact-discovery cutoff.

Regarding Justin Conway, I understand that he is located in the San Francisco Bay Area. To avoid unnecessary travel and expense, I propose taking his deposition remotely by Zoom on **August 25, 2026, at 10:00 a.m.**, with Mr. Conway physically present in the Bay Area and an independent Rule 28 deposition officer physically present with him.

Please confirm:

1. Whether Mr. Conway is available on August 25;
2. The city and physical location from which he would testify;
3. Whether he will appear voluntarily; and
4. Whether Defendants and Mr. Conway will stipulate in writing to the remote procedure pursuant to Rule 30(b)(4).

If you do not agree to the proposed remote procedure, please identify the specific objection and provide Mr. Conway's available dates and proposed place of compliance in the Bay Area.

Regarding the recording protocol, I am not presently retaining a stenographic court-reporting service or ordering a full stenographic transcript. As stated in the notices, audiovisual recording is the designated official recording method pursuant to Rule 30(b)(3)(A).

I am finalizing the engagement of an independent officer authorized under Rule 28. The officer will administer the oath, make the required opening and closing statements, personally operate or supervise the audiovisual recording, certify that the recording accurately reflects the testimony, retain a copy, and preserve and deliver the official record in accordance with Rule 30.

I will provide the officer or service's name and contact information promptly once the engagement is confirmed and sufficiently before the first deposition.

Defendants remain free, after providing the required prior notice, to arrange for an additional stenographic or other recording method at their own expense pursuant to Rule 30(b)(3)(B). Please advise whether Defendants intend to arrange an additional stenographic record.

Your response did not address the requested Rule 30(b)(6) conference regarding the matters listed for examination. Please provide at least two available times within the next two business days. The Flynet/FameFlynet and BackGrid/Shutterstock client groups may confer separately if that is more efficient.

If either client group has a specific objection to the audiovisual recording or Rule 28 officer protocol stated in the notices, please identify the precise basis promptly so that the parties can address it during the conference.

The notices served on July 29 remain operative unless and until replacement dates are confirmed in writing and amended notices are served.

Regards,

**Thibault Mauvilain**
Plaintiff, Pro Se

On Jul 29, 2026, at 3:59 PM, Jo Ardalan <jardalan@onellp.com> wrote:

Thibault,
I don’t know if my clients will be available on those September dates, but I will check.
Regrading Mr. Conway, you will have to travel to him to take his deposition. He is in Northern California in the Bay area.
Can you please let me know who is the Court reporting service you are using and by what means they will be recording the depositions?
Regards,
Jo
--
**Jo Ardalan**
**Partner**
**one llp**
Intellectual Property & Entertainment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com
*Notice: If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it. This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

**From:** tm forceinaction.com <tm@forceinaction.com>
**Sent:** Wednesday, July 29, 2026 3:13 PM
**To:** sheila <sheila@mojtehedi.com>; Jo Ardalan <jardalan@onellp.com>
**Cc:** Co2pix <carboninla@yahoo.com>; David Quinto <dquinto@onellp.com>; Nate Lichtenberger <nlichtenberger@onellp.com>; Lauren Thomas <lthomas@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Megan Dell <mdell@onellp.com>
**Subject:** Re: Mauvilain et al. v. Flynet Pictures, LLC et al., Case No. 2:25-cv-02757-FLA-MBK — Meet and Confer Regarding Remaining Depositions

Counsel,

Thank you for providing the availability information, identifying the proposed Rule 30(b)(6) designees, and confirming counsel’s willingness to accept service for the individual witnesses.

To accommodate Ms. Mojtehedi’s travel while preserving an efficient predecessor-to-successor sequence, I propose the following schedule for the Flynet and FameFlynet witnesses:

- **August 11, 2026** — Scott Cosman, individual deposition
- **August 13, 2026** — Flynet Pictures, LLC, Rule 30(b)(6)
- **August 18, 2026** — Boris Nizon, individual deposition
- **August 20, 2026** — FameFlynet Inc., Rule 30(b)(6)

August 11, August 13, and August 18 fall within the specific in-person dates identified in your email. Although August 20 was not specifically listed, it is before Ms. Mojtehedi's August 21 departure.

This schedule would complete all four depositions involving Ms. Mojtehedi and her clients before her departure, eliminating the need for her to participate remotely. The deponents and the Rule 28 deposition officer would appear physically in person at the deposition location.

Regarding Justin Conway, I am willing to conduct his deposition remotely by Zoom on August 25, 2026, at 10:00 a.m., subject to Ms. Ardalan confirming his availability and the parties stipulating in writing to the remote format under Rule 30(b)(4).

Please confirm whether Mr. Conway is available and will appear remotely on that date. Please also identify the city, state, and physical location from which he would testify. Any written stipulation should address the remote administration of the oath, audiovisual recording, and custody and preservation of the official recording.

I understand that your email proposed conducting Alex Kantif's individual deposition and the three BackGrid/Shutterstock organizational depositions during the week of August 10. However, conducting the predecessor-witness and predecessor-entity depositions first will allow the later BackGrid and Shutterstock examinations to proceed with the benefit of the foundational testimony.

Accordingly, for Alex Kantif and the three downstream organizational depositions, I propose:

- **September 1, 2026** — Alex Kantif, individual deposition
- **September 4, 2026** — BackGrid Inc., Rule 30(b)(6)
- **September 8, 2026** — BackGrid USA, Inc., Rule 30(b)(6)
- **September 11, 2026** — Shutterstock, Inc., Rule 30(b)(6)

This sequence permits testimony concerning the predecessor archives, contributor identifiers, metadata and CMI, licensing, accounting, and transfers to be obtained before the downstream BackGrid and Shutterstock organizational examinations. That foundational testimony should make the later examinations more focused and reduce unnecessary duplication.

I understand from your email that Alex Kantif will serve as the Rule 30(b)(6) designee for BackGrid Inc., BackGrid USA, Inc., and Shutterstock,

Inc., and that Scott Cosman will serve as the Rule 30(b)(6) designee for Flynet Pictures, LLC and FameFlynet Inc.

The individual depositions will address the witnesses' personal knowledge, while the organizational depositions will address information known or reasonably available to the respective entities. I will endeavor to avoid unnecessary repetition between the individual and organizational examinations.

Unless otherwise agreed in writing, each in-person deposition will begin at 10:00 a.m. at:

**6356 Van Nuys Boulevard**

**2nd Floor**

**Van Nuys, California 91401**

The proposed remote deposition of Justin Conway would be the exception to that location.

Please confirm whether the proposed schedule is acceptable. For any unavailable date, please identify a specific alternative date that preserves the predecessor-to-successor sequence and permits completion sufficiently before the September 18, 2026 fact-discovery cutoff.

Thank you also for confirming that Ms. Ardalan will accept service for Alex Kantif and Justin Conway and that Ms. Mojtehedi will accept service for Scott Cosman and Boris Nizon. Please confirm that counsel is authorized to accept service by electronic mail of any Rule 45 subpoenas necessary for the agreed dates.

Your response did not address the requested Rule 30(b)(6) conference regarding the matters listed for examination. Please provide at least two available times within the next two business days for that conference. The Flynet/FameFlynet entities and the BackGrid/Shutterstock entities may confer separately if that is more efficient.

The notices designate audiovisual recording before an independent Rule 28 officer as the method for creating the official record. Please identify any specific objection by either client group to the recording or officer protocol stated in the notices. Please also state whether any Defendant intends to arrange an additional stenographic recording or transcript under Rule 30(b)(3)(B).

The deposition notices served on July 29 remain operative unless and until replacement dates are confirmed in writing. Upon written confirmation of replacement dates, I will promptly serve amended notices reflecting the agreed schedule.

Regards,

Thibault Mauvilain

Plaintiff, Pro Se

310.770.3612

On Jul 29, 2026, at 1:49 PM, Sheila Mojtehedi <sheila@mojtehedi.com> wrote:
Good afternoon,

I have spoken with Ms. Ardalan about deposition scheduling.

Alex Kantif, whom you seek to depose individually and who will be the 30(b)(6) witness for the Backgrid companies and Shutterstock, has a conflict the second half of August. The Alex Kantif deposition, two Backgrid 30(b)(6) depositions, and the Shutterstock 30(b)(6) deposition will need to occur the week of August 10. Mr. Kantif and Ms. Ardalan will make themselves available that week for the depositions.

Ms. Ardalan is confirming the availability of Justin Conway, who lives in Northern California, and will get back to you. I understand that his deposition will need to occur in Northern California, but I will let Ms. Ardalan weigh in on that issue.

I am out of the country from August 21 through September 11, but I am agreeable to having the Scott Cosman, Boris Nizon, FlyNet 30(b)(6), and FameFlynet 30(b)(6) depositions occur via Zoom the week of August 24 or August 31. Scott Cosman will be the deponent for both 30(b)(6) depositions. If you insist that the depositions occur in person, we can likely accommodate whatever day is left over the week of the 10th and is not one of the Backgrid-related depositions (I can do the 11th, 13th, or 14th), August 15, 16, 17, 18, or 19 in person.

Finally, Ms. Ardalan will accept service on behalf of Alex Kantif and Justin Conway, and I will accept service on behalf of Scott Cosman and Boris Nizon.

Given the above conflicts, please send us back a proposed schedule on all deponents except Justin Conway so we can finalize the dates.

Thank you.

Best regards,
**Sheila Mojtehedi**
Sheila Mojtehedi PC
www.mojtehedi.com
T: 323.412.0472

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately. Thank you.

On Wed, Jul 29, 2026 at 1:06 PM Co2pix <carboninla@yahoo.com> wrote:

> Counsel,
>
> I join in and adopt Mr. Mauvilain's email and the positions stated therein regarding the nine deposition notices, including service, the scheduled dates and location, the designated recording methods, the voluntary production of the individual deponents, and the requested Rule 30(b)(6) conference.
>
> The depositions should proceed sufficiently in advance of the September 18, 2026 fact-discovery cutoff. I remain willing to accommodate genuine scheduling conflicts that are promptly identified and accompanied by specific alternative dates, provided that any proposed changes allow the depositions to be completed on time.
>
> Regards,
>
> Henri Mazari
>
> Plaintiff, Pro Se

On Wednesday, July 29, 2026 at 12:01:45 PM PDT, tm forceinaction.com <tm@forceinaction.com> wrote:

Counsel,

On July 10, 2026, Henri Mazari and I requested mutually available dates for the remaining depositions. On July 27, 2026, I followed up and requested one coordinated availability calendar, or a reasonable alternative scheduling framework, by July 29, 2026, at 12:00 p.m.

Because no coordinated availability calendar or reasonable alternative scheduling framework was received by that deadline, I am serving the attached deposition notices so that the remaining depositions may proceed sufficiently in advance of the September 18, 2026 fact-discovery cutoff.

The noticed deposition schedule is as follows:

**August 11, 2026 — Justin Conway**
**August 13, 2026 — Scott Cosman**
**August 17, 2026 — Flynet Pictures, LLC, Rule 30(b)(6)**
**August 19, 2026 — Boris Nizon**
**August 21, 2026 — FameFlynet Inc., Rule 30(b)(6)**
**August 24, 2026 — Alex Kantif**
**August 26, 2026 — BackGrid Inc., Rule 30(b)(6)**
**August 28, 2026 — BackGrid USA, Inc., Rule 30(b)(6)**
**August 31, 2026 — Shutterstock, Inc., Rule 30(b)(6)**

Unless otherwise agreed in writing, each deposition will begin at **10:00 a.m.** at:

**6356 Van Nuys Boulevard**
**2nd Floor**
**Van Nuys, California 91401**

Pursuant to Federal Rule of Civil Procedure 30(b)(3)(A), I designate audiovisual recording as the method for recording the testimony.

An independent officer authorized under Rule 28 will be physically present, administer the oath, personally record the testimony or direct the recording in the officer's presence, perform the duties required by Rule 30(b)(5), certify the record,

retain a copy of the recording, and deliver the record as required by Rule 30(f).

With prior notice to the deponent and the other parties, any party may arrange for an additional stenographic or other recording method pursuant to Rule 30(b)(3)(B), at that party's expense unless the Court orders otherwise.

I remain willing to consider promptly identified, genuine scheduling conflicts and reasonable alternative dates, provided that any modification does not jeopardize completion of the depositions before the September 18, 2026 fact-discovery cutoff. Any requested change should identify one or more specific alternative dates.

Please confirm whether the relevant Defendant or Defendants will voluntarily produce **Justin Conway, Scott Cosman, Boris Nizon, and Alex Kantif**. If any individual will not be produced voluntarily, please state whether counsel represents that individual for deposition purposes and whether counsel is authorized to accept service of a Rule 45 subpoena on that individual's behalf. I reserve all positions concerning whether any individual qualifies as an officer, director, or managing agent of a party.

Pursuant to Rule 30(b)(6), please provide, within two business days, at least two available times when counsel can confer in good faith regarding the matters listed for examination in the organizational deposition notices. Rule 30(b)(6) expressly requires that conference before or promptly after service.

The updated deposition calendar and nine separate deposition notices are attached.

Regards,

**Thibault Mauvilain**
Plaintiff, Pro Se
310.770.3612

On Jul 26, 2026, at 11:54 PM, tm forceinaction.com <tm@forceinaction.com> wrote:

Counsel:

I am following up on our July 10–16 correspondence concerning the remaining depositions.

On July 11, Ms. Ardalan stated that she would obtain available dates and would circle back once we confirmed our intention to proceed. My July 16 email confirmed that we were proceeding and requested either available dates or an indication of when they would be provided. The requested July 17 response date has passed, and I have received neither dates nor an estimated date for providing them.

The Court's resolution of the pending discovery issues may affect the most efficient sequencing of certain depositions because any supplemental production ordered by the Court should be reviewed before the relevant witnesses are examined. That consideration affects sequencing only; it does not alter my intention or readiness to proceed. Dates should therefore be reserved now, with the sequence adjusted if necessary after the Court rules.

To finalize the schedule sufficiently before the September 18, 2026 discovery cutoff, please provide, no later than Wednesday, July 29, 2026, at 12:00 p.m., one coordinated

availability calendar sufficient to schedule the remaining depositions. The calendar should include at least two mutually available full-day dates during each of the following weeks:

- August 10;
- August 17;
- August 24;
- August 31;
- September 7, excluding Labor Day; and
- September 14, through Wednesday, September 16.

The requested availability should cover the following organizational depositions:

For ONE LLP's clients:

- BackGrid Inc.;
- BackGrid USA, Inc.; and
- Shutterstock, Inc.

For Mojtehedi Law Group's clients:

- Flynet Pictures, LLC; and
- FameFlynet Inc.

The proposed individual deponents are:

- Scott Cosman;
- Boris Nizon;
- Alex Kantif, in place of Steve Ginsburg; and
- Justin Conway, in place of Roberto Gasperis.

For each individual, please confirm by the same deadline:

1. Whether either firm represents the individual for purposes of the deposition;
2. Whether the individual will appear voluntarily on a mutually agreed date; and
3. If a subpoena will be required, whether counsel is authorized to accept service on the individual's behalf.

Because Scott Cosman and Boris Nizon were included in the deposition-scheduling process conducted through former plaintiffs' counsel, please specifically confirm whether they will continue to be made available voluntarily. If not, please advise promptly so that I can arrange for subpoena service.

If a coordinated calendar or a reasonable alternative scheduling framework is not provided by the stated deadline, I intend to select reasonable dates and serve formal deposition notices for the party entities. For any individual witness who will not appear voluntarily, I will proceed with obtaining and serving a Rule 45 subpoena.

I remain willing to consider a reasonable alternative framework that identifies specific dates and permits

all remaining depositions to be completed by September 16, 2026.

Thank you,

Thibault Mauvilain
Plaintiff, Pro Se

On Jul 16, 2026, at 6:53 PM, tm forceinaction.com <tm@forceinaction.com> wrote:

Counsel:

I am briefly circling back regarding the available dates for the remaining depositions. As noted in my prior email, the requested deadline for an initial response is tomorrow, Friday, July 17.

Please provide the available dates when possible, or let us know when we should expect to receive them.

Thank you,

Thibault Mauvilain
Plaintiff, Pro Se

On Jul 11, 2026, at 6:20 AM, tm forceinaction.com <tm@forceinaction.com> wrote:
Let us know the dates, thank you.
TM

On Jul 11, 2026, at 5:03 AM, Jo Ardalan <jardalan@onellp.com> wrote:

Thibault and Henri,

I will find out available dates for the witnesses on my side (and Sheila will do so for her clients as well).

Before we do that, it is worth pointing out to you: ***Each*** deposition is going to cost you about $3,000-$4,000 in court reporter fees. I want to make sure you are

prepared to pay that to a service before we prepare for your depositions. We spent a lot of time preparing for deposition previously, only to have the dates moved by your former counsel. I want to make sure that does not happen again. If it does, we will be adding our preparation time for your depositions into our motion for sanctions under the Court's

inherent powers against you, individually, that we discussed earlier. As a reminder, the motion for sanctions that we are planning on filing is against your former counsel and against each plaintiff individually, but any events that happen moving forward will be against only you and Henri.

As you talking about taking 9 depositions, you

should prepare for at least a 25k+ bill from the court reporter service. I remind you that your actual damages, combined, in this case are about $1,000 (generously, because it does not account for the 30% that goes to the agency), and that BackGrid paid you that money. I also remind you that there is a motion to dismiss your Second Amended Complaint

pending. I strongly suspect it will be granted and you will be left with no claims. In the unlikely event it does not get granted, we will be filing a summary judgment motion, and we have the evidence for the case to be dismissed entirely. If either of those events happen—a granting of the motion to dismiss the Second Amended Complaint or a granting of a summary judgment

motion—we will be moving for you to pay our attorneys' fees for the entire case under 17 U.S.C. 505, which is another path, separate from the motion for sanctions, where you and Henri face exposure for paying Defendants' fees and costs.

If you want to proceed with depositions, you are certainly free to do that, and we will show up on a mutually convenie

nt date—but there is a reason your lawyers withdrew from this case and you should consider that before forcing us to spend more money on this case, and candidly, before you spend $25k (or more), when there is no chance you will recover that much here. Among other things, you will never prove infringement when you have alleged a license. If somethin

g didn't happen under the license agreement that you say was supposed so—like you didn't get paid under the license—that is a breach of contract claim, not a copyright infringement claim. You can never prove your removal of copyright management information claim because it requires an infringement. I'm sure you have already read this, but I encourage you to

re-read our Motion to Dismiss your Second Amended Complaint, which outlines all of the ways the Second Amended Complaint fails. I have attached for you here.

If you want to proceed, let me know, and I will circle back with dates.

Jo

--
**Jo Ardalan**
**Partner**
**one**
**llp**
Intellectual Property & Entertain

ment Law
310-437-8665 (Direct)
323-309-9215 (Cell)
jardalan@onellp.com

*Notice: If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it. This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.*

---

**From:** tm forceinaction.com

<tm@forceinaction.com>
**Sent:** Friday, July 10, 2026 4:49 PM
**To:** Jo Ardalan <jardalan@onellp.com>; Sheila Mojtehedi <sheila@mojtehedi.com>
**Cc:** el paparazzo <carboninla@yahoo.com>; David Quinto <dquinto@onellp.com>; Nate Lichtenberger <nlichtenberger@onellp.com>; Lauren Thomas <lthomas@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Megan Dell <mdell@onellp.com>
**Subject:** Mauvilain et al. v. Flynet

Pictures, LLC et al., Case No. 2:25-cv-02757-FLA-MBK — Meet and Confer Regarding Remaining Depositions

Counsel,

Thank you for your response this morning regarding the narrowed issues following the Informal Discovery Conference. Henri and I will review it over the weekend and respond promptly so that any remaining issues can be presented

to Magistrate Judge Kaufman next week.

Separately, now that Henri Mazari and I are each proceeding pro se, we would like to resume the deposition-scheduling discussions begun by former plaintiffs' counsel. The prior deposition notices were withdrawn after the discovery period was extended. To stay ahead of the Septemb

er 18, 2026 discovery cutoff, we would like to identify mutually available dates and an appropria te sequence now rather than wait for the IDC process to conclude.

We are not proposin g that depositio ns begin immediat ely. Our present schedulin g goals are to:

- be gin the de pos itio ns dur

ing the week of July 27, 2026; and

- complete the remaining depositions of defendants and defense-affiliated witnesses by approximately August

t 31, 2026.

These are proposed scheduling targets intended to keep discovery moving efficiently. If supplemental document production follows the IDC process, we can account for that production when sequencing particular witnesses while still reserving dates now.

We propose taking the individual depositions first.

Our current anticipated individual-witness priorities, in approximate order, are:

1. Scott Cosman;
2. Boris Nizon;
3. Alex Kantif, rather than Steve Ginsburg; and
4. Justin Conway, rather than Ro

ber to Ga spe ris;

After the individual depositions, we would like to proceed with Rule 30(b)(6) depositions of:

- Flynet Pictures, LLC;
- Fame Flynet Inc.
- Backgrid Inc.;
- Back Grid USA, Inc.;
- Shutterstoc

k, Inc.;

For scheduling purposes, we anticipate reserving one day of up to seven hours for each deposition, with the testimony taken before a court reporter and also video-recorded, consistent with the general format used for the seven plaintiffs' depositions, unless otherwise agreed. Once dates are selected, we can confer

regarding locations and other logistics based on witness and counsel availabilit y.

This email is intended only to reopen schedulin g discussio ns, obtain mutually available dates, discuss sequenci ng, and continue the meet-and-confer process. It is not a formal depositio n notice. Once dates are agreed upon, we will serve the appropria te formal

Notices of Depositio n, including the Rule 30(b)(6) topics where applicabl e, as well as any subpoena required for a nonparty witness.

Please provide several available dates for each proposed individual witness and each organizati onal depositio n, or propose a reasonabl e alternativ e framewor k within the same general period. For each

individual witness, please also advise whether the witness will appear by agreement or whether subpoena service will be necessary.

An initial response by Friday, July 17, 2026, would be appreciated.

Thank you. We look forward to coordinating these depositions cooperatively and efficiently.

Best regards,

**Thibault Mauvilain**
Plaintiff, Pro Se

**Henri Mazari**
Plaintiff, Pro Se

<2026-04-02 [0084-1] No_ (1) Memo.pdf>