FILED
CLERK, U.S. DISTRICT COURT
10/7/26
CENTRAL DISTRICT OF CALIFORNIA
BY CS DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

THIBAULT MAUVILAIN
tm@forceinaction.com
Plaintiff, Pro Se
4605 Sylmar Avenue, Apt. 312
Sherman Oaks, California 91423
Telephone: (310) 770-3612

HENRI MAZARI
carboninla@yahoo.com
Plaintiff, Pro Se
2100 Marshallfield Lane
Redondo Beach, California 90278
Telephone: (310) 947-7000

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIBAULT MAUVILAIN, et al., | Case No. 2:25-cv-02757-FLA-MBK |
| Plaintiffs, | EX PARTE APPLICATION FOR EXPEDITED CONSIDERATION AND ALTERNATIVE INTERIM SCHEDULING RELIEF |
| v. | |
| FLYNET PICTURES, LLC, et al., | Hon. Fernando L. Aenlle-Rocha |
| Defendants. | Hearing: To be set, if any<br>Trial: March 30, 2027 |

**APPLICATION**

Plaintiffs Thibault Mauvilain and Henri Mazari, each appearing for himself, apply for expedited consideration of their separately submitted proposed motion to modify the scheduling order under Federal Rules of Civil Procedure 6(b)(1)(A), 6(c)(1), and 16(b)(4), Local Rules 7-19 and 16-14, and the Court's Standing Order §§ V.F and V.H. The October 16, 2026 fact-discovery cutoff and October 23 initial-expert deadline require a decision before an ordinary noticed motion could be heard.

Plaintiffs ask the Court to consider the proposed motion on the papers after the opposition period required by the Standing Order. The motion requests December 4 for fact discovery, December 11 for initial expert disclosures, December 28 for rebuttal disclosures, January 15, 2027 for expert discovery, and February 26 for the last motion hearing. It requests retention of the March 12 pretrial conference and March 30 trial, with express approval of the compressed pretrial interval. The accompanying proposed orders state the requested relief.

Alternatively, Plaintiffs request the same coordinated dates with post-October 16 fact discovery confined to uncompleted examinations in the eight September 23 notices and the previously noticed Gasperis examination, compliance with orders on ECF 112, and specific follow-up authorized by the Court. If further briefing is needed, Plaintiffs request an interim fact cutoff of October 30, initial expert disclosures November 6, rebuttal disclosures November 20, expert discovery December 4, and a January 29, 2027 motion-hearing cutoff. The interim order provides a short supplemental briefing sequence and preserves six weeks between

the motion-hearing cutoff and pretrial. It does not grant the principal December fact-discovery or February motion dates. No deadline changes merely because this application is filed.

If the Court cannot retain the March dates with adequate preparation and briefing time, Plaintiffs request the alternative coordinated-calendar order: grant the same fact and expert completion dates, limit extended discovery to the identified examinations and authorized work, and reset the motion, settlement, and trial calendar after a short joint scheduling report. Necessary discovery would proceed while those dates are set. The interim order is requested only if further briefing is needed before deciding the scheduling motion. These are alternative dispositions, not cumulative requests.

The declaration and correspondence identify Defendants' opposition to a further fact-discovery stipulation, their asserted transcript-position changes and preparation burdens, and their willingness to discuss other dates. Ms. Ardalan later proposed moving all deadlines beyond May 7, 2027 with discovery stayed through that date; Plaintiffs declined. On October 7 she urged reconsideration, arguing that unresolved pleadings make the proposed pretrial dates impractical and that further depositions risk substantial expense and potential fee exposure. Ms. Mojtehedi's earlier joinder preceded the stay proposal; no later joinder is attributed to her without confirmation. Mauvilain Declaration ("Decl.") ¶¶ 23–29; Ex. D, items D4–D9.

**MEMORANDUM ON THE NEED FOR EXPEDITED CONSIDERATION**

Ex parte relief requires a showing of irreparable prejudice from ordinary motion timing and that the urgency arose without the applicant's fault or through excusable neglect. Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488, 492–93 (C.D. Cal. 1995). The need to explain the timing of this application is distinct from the Rule 16 showing supporting the requested extension. Plaintiffs address the latter in the separate proposed motion and supporting declaration.

An October 7 filing on ordinary 28-day notice could not be heard before November 4; the Court's ordinary Friday motion calendar would point to November 6 at the earliest, subject to availability. L.R. 6-1; Standing Order § III.A. Both the fact-discovery and initial-expert deadlines would already have passed. The concrete prejudice is the loss of the opportunity to complete previously noticed examinations within the operative schedule and to incorporate material testimony into timely initial expert disclosures. Moving expert dates alone would not permit fact discovery after October 16. Decl. ¶¶ 19–22, 30–35.

Plaintiffs acknowledge that the scheduling risk was foreseeable. On August 27 they requested earlier September examinations and identified the inadequate follow-up interval in the dates Defendants offered. On August 28 both defense groups stated that earlier dates were unavailable. Plaintiffs then sought to hold the offered dates, prepared the September briefing, and served the second amended notices. The September papers bear the opening and response dates established by ECF 165. On September 24 Ms. Mojtehedi stated that Defendants would not

proceed before the transcript ruling; Thibault acknowledged awaiting that ruling. The first four noticed examinations, September 28 through October 1, did not occur; the October 2, 5, and 6 examinations likewise did not occur. Plaintiffs circulated their integrated extension proposal on October 1 and followed up on October 5 and 6. Decl. ¶¶ 13–24; Exs. A–D.

Plaintiffs intended to use the noticed dates and proceed promptly following Judge Kaufman's ruling under the procedures he permitted. They sought to avoid another calendar modification while still working toward completion under the existing schedule. By October 1, the September 28, 29, and 30 and October 1 examinations had passed without testimony. Plaintiffs then concluded that the remaining time would not reasonably permit replacement examinations, completion of the other noticed examinations, and necessary follow-up before October 16. They circulated their proposed stipulation that evening, seeking an agreed request while allowing time for conferral and a Court submission before the cutoff. The later noticed dates remained in place. Decl. ¶¶ 18, 21–24; Ex. D, item D1. Plaintiffs acknowledge the earlier scheduling risk; they do not contend that all noticed dates had passed or that a pending ruling suspended their obligations.

During September 16–October 1, Plaintiffs continued reviewing records, identifying additional evidence, preparing deposition questions, monitoring the litigation calendar daily, communicating with counsel about the pending ruling and schedule, updating their deposition provider, and coordinating expert work. Those efforts included telephone calls and text messages as well as email. Decl. ¶ 18. The October 7 submission was planned with Standing Order § V.H's direction to avoid

requests less than five business days before the affected date in mind. Plaintiffs rely on the specific chronology and continued preparation, not that timing alone, to support relief.

Plaintiffs request relief, to the extent necessary under L.R. 7-2, from L.R. 7-3's seven-day interval and any unmet conference requirement, and from ordinary motion-notice timing. The October 1 email requested a call October 2 or 5. The October 5 email offered 3:30, 4:30, or 5:00 p.m. Pacific or an alternative the next day. The October 6 morning email offered 2:00, 3:00, or 4:00 p.m. Pacific or another time that day; the 11:58 a.m. email renewed that request. On October 6 Thibault called Ms. Ardalan at 4:27 p.m. and Ms. Mojtehedi at 4:29 p.m., leaving a voicemail for each identifying the intended October 7 scheduling application and requesting a return call to confer. Neither had returned his call before execution of his declaration. Defendants communicated their positions in writing, including Ms. Ardalan's October 7 response. The October 6 evening email again offered to confer the next morning. These efforts did not result in a live conference. Decl. ¶¶ 23–28, 37–39; Ex. D, items D1–D3, D6, D8. Plaintiffs remain available to confer and will report any material change.

Defendants have had the principal proposed dates since October 1. Plaintiffs will serve the complete papers and notify counsel of the Standing Order § V.F opposition period. They seek no ruling before that opportunity to respond. If fuller briefing is appropriate, the interim order permits supplemental opposition within three business days after entry, no earlier than the applicable ex parte opposition deadline, and a limited reply within two business days after that deadline. Business

days exclude Saturdays, Sundays, and federal legal holidays. The interim January 29 hearing cutoff avoids requiring a November 13 summary-judgment filing while expert discovery remains open through December 4. For a January 29 hearing, the proposed order specifies December 24 filing, January 8 opposition, and January 15 reply dates. This accommodates the Christmas holiday and preserves six weeks before pretrial. Standing Order § IV.D; Fed. R. Civ. P. 6(a). These are interim protections subject to a further scheduling order, not a stay or a finding that October 30 suffices for all remaining work.

**OPPOSING COUNSEL CONTACT INFORMATION**

For BackGrid Inc., BackGrid USA, Inc., and Shutterstock, Inc.: Joanna Ardalan, ONE LLP, 23 Corporate Plaza, Suite 150-105, Newport Beach, CA 92660; office (949) 502-2870; direct (310) 437-8665; jardalan@onellp.com. Other counsel copied in the scheduling exchange: Peter R. Afrasiabi, pafrasiabi@onellp.com; David W. Quinto, dquinto@onellp.com; Megan Dell, mdell@onellp.com; Lauren Thomas, lthomas@onellp.com.

For Flynet Pictures, LLC and FameFlynet Inc.: Sheila Mojtehedi, Sheila Mojtehedi PC, 806 E. Avenida Pico, Suite I-291, San Clemente, CA 92673; (323) 412-0472; sheila@mojtehedi.com. Addresses are taken from the September filings and telephone and email information from the filings and current correspondence.

Plaintiffs respectfully request expedited consideration of the accompanying motion, or the limited interim relief described above if additional briefing is required.

Dated: October 7, 2026

Respectfully submitted,

/s/ Thibault Mauvilain

Thibault Mauvilain, Plaintiff Pro Se

/s/ Henri Mazari

Henri Mazari, Plaintiff Pro Se

**CERTIFICATE OF COMPLIANCE**

The undersigned, appearing pro se, certifies that this brief contains 1,454 words, including headings and any schedule table but excluding the caption, indices, signature block, and this certificate, and complies with the word limit of L.R. 11-6.1.

Dated: October 7, 2026

/s/ Thibault Mauvilain

Thibault Mauvilain, Plaintiff Pro Se