LODGED
CLERK, U.S. DISTRICT COURT
10/7/26
CENTRAL DISTRICT OF CALIFORNIA
BY CS DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

THIBAULT MAUVILAIN
tm@forceinaction.com
Plaintiff, Pro Se
4605 Sylmar Avenue, Apt. 312
Sherman Oaks, California 91423
Telephone: (310) 770-3612

HENRI MAZARI
carboninla@yahoo.com
Plaintiff, Pro Se
2100 Marshallfield Lane
Redondo Beach, California 90278
Telephone: (310) 947-7000

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIBAULT MAUVILAIN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FLYNET PICTURES, LLC, et al.,<br><br>Defendants. | Case No. 2:25-cv-02757-FLA-MBK<br><br>PROPOSED MOTION TO MODIFY SCHEDULING ORDER AND MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Hon. Fernando L. Aenlle-Rocha<br>Hearing: To be set, if any<br>Trial: March 30, 2027 |

**TABLE OF CONTENTS**

PROPOSED MOTION....4
I. THE REQUEST SEEKS A DEFINED COMPLETION PERIOD....4
II. THE RECORD MUST BE ASSESSED ACROSS THE ENTIRE CASE....5
III. THE PRIOR ESTIMATE AND THE SUBSEQUENT EFFORTS TO COMPLETE DISCOVERY....7
IV. THE REMAINING DISCOVERY AND THE COMPLETION PLAN ARE SPECIFIC....10
V. THE DEFENSE POSITIONS WARRANT A TAILORED RESPONSE....12
VI. CONCLUSION....15

**TABLE OF AUTHORITIES**

Johnson v. Mammoth Recreations, Inc.,
975 F.2d 604, 609 (9th Cir. 1992)....5
17 U.S.C. § 505 (counsel's asserted fee basis)....12
Federal Rule of Civil Procedure 6(b)(1)(A)....4
Federal Rule of Civil Procedure 16(b)(4)....4, 5
Federal Rule of Civil Procedure 26(e)....15
Federal Rule of Civil Procedure 56(d)....15
Local Rule 16-14....4
Standing Order §§ IV.D, V.H....4, 11

**PROPOSED MOTION**

Plaintiffs Thibault Mauvilain and Henri Mazari move under Rules 6(b)(1)(A) and 16(b)(4), Local Rule 16-14, and Standing Order § V.H to modify the schedule established by ECF 50, as modified by ECF 109 and 161. This motion accompanies their application for expedited consideration. No hearing has been reserved; Plaintiffs request decision on the papers or such hearing as the Court directs.

**I. THE REQUEST SEEKS A DEFINED COMPLETION PERIOD**

Plaintiffs request 49 additional days to complete fact discovery, ending December 4, 2026, with coordinated expert and motion dates. The purpose is to complete and use identified discovery while preserving the March 30, 2027 trial if the Court can accommodate the proposed intervals. The motion does not ask this Court to decide the production or recording disputes pending before Judge Kaufman.

The Court has already granted two schedule modifications. ECF 109 at 3 expressly required any further request to account for diligence from the filing of the Complaint and identify work that reasonably could not have been completed.

Plaintiffs address that history, including former counsel's May cancellation, their earlier 28-day request, and their August recognition of scheduling risk. Their present request rests on the unfinished examinations, subsequent briefing and notices, and dated communications. Decl. ¶¶ 3–22.

Plaintiffs regret the need to seek another adjustment after the Court has already accommodated the schedule. They recognize that a further change affects the Court's calendar and all parties' preparation, and that their earlier estimate requires

a specific explanation. They submit definite dates and a narrower alternative for the Court's evaluation, not an entitlement to the calendar proposed. They will comply with the schedule the Court sets and seek to preserve March only if the Court finds that necessary discovery, expert work, and motion practice can be completed fairly.

| Event | Current | Proposed |
| --- | --- | --- |
| Fact discovery cutoff | October 16, 2026 | December 4, 2026 |
| Initial expert disclosures | October 23, 2026 | December 11, 2026 |
| Rebuttal expert disclosures | November 6, 2026 | December 28, 2026 |
| Expert discovery cutoff | November 20, 2026 | January 15, 2027 |
| Last day to hear motions | December 18, 2026 | February 26, 2027 |

Plaintiffs request no change to the February 5, 2027 settlement deadline, February 12 and February 26 trial-filing deadlines, March 12 pretrial conference at 1:30 p.m., or March 30 jury trial at 8:15 a.m. The Court's approval of the shortened motion-to-pretrial interval is expressly requested. Mauvilain confirms the current dates used in this request. Decl. ¶ 12.

**II. THE RECORD MUST BE ASSESSED ACROSS THE ENTIRE CASE**

Rule 16(b)(4) requires good cause and judicial consent. Diligence is the central consideration; an absence of prejudice alone does not suffice. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). ECF 109 at 3

requires a specific history rather than general statements. The accompanying declaration identifies the earlier record and the more recent communications on which this request depends.

The action began March 28, 2025. The parties conferred under Rule 26(f) on July 3, exchanged written discovery on July 10, and exchanged initial disclosures on July 17. Prior counsel documented September 23 conferral correspondence, an October 15 search proposal, and the discovery-conference sequence extending from November 2025 through May 2026. ECF 103-1 ¶¶ 3–14. Those are identified litigation acts, not findings accepting Plaintiffs' allegations of deficient production. The record includes discovery obligations and disputes on both sides. Decl. ¶¶ 3–5.

Plaintiffs noticed the organizational depositions on April 6, 2026. At the May 6 conference the parties addressed the contemplated examinations and production; the Court also declined to authorize the production motion then presented because the required process had not been completed. The May 15 minutes authorized motion practice on specified unresolved disputes after further conferral. ECF 94; ECF 102; ECF 103-1 ¶¶ 57–59. On May 26, ECF 109 granted the first extension. The following day, prior counsel declined to proceed on previously arranged defense-witness dates, citing the extension, asserted incomplete production, and disputes over weekend and holiday dates, while requesting alternatives. ECF 154-1, Ex. 7, PDF p. 38. Plaintiffs do not contend that the extension cancelled those dates or that later self-representation erases earlier choices. Decl. ¶¶ 6–8.

ECF 112 was filed June 12. After counsel withdrew, Plaintiffs renewed scheduling requests in July, served notices and amendments, conferred August 7, and

participated in the August 12 conference reflected in ECF 147. The August 20 declaration records those steps. Decl. ¶¶ 9–11. These efforts do not establish the merits of ECF 112. ECF 102 had resolved certain issues; ECF 112-1 contains competing positions over the remaining scope. Plaintiffs seek preservation only of relief actually ordered and a process for a specific later request if necessary.

## III. THE PRIOR ESTIMATE AND THE SUBSEQUENT EFFORTS TO COMPLETE DISCOVERY

Thibault's August 20 declaration stated that 28 additional days would suffice. ECF 158 ¶ 52. Henri's separate August 20 declaration supported the same request and explained why the nine then-contemplated depositions could not reasonably be completed by September 18 given the remaining work, unresolved procedural dispute, and communicated availability restrictions. ECF 159 ¶¶ 12–14. Defendants had proposed 90 days. ECF 168 at 6 n.1. The earlier request was substantive and does not itself establish good cause for another extension. The present request must be assessed against the work actually performed afterward, the reasons the current deadlines cannot reasonably be met, and the feasibility of the proposed completion plan.

After the August 26 modification, Plaintiffs requested renewed scheduling and a briefing stipulation on August 27. Defendants offered dates from September 28 through October 12. Plaintiffs asked for earlier September dates and identified the lack of follow-up time. On August 28 Ms. Mojtehedi described the offered dates as the soonest available and identified counsel's travel; Ms. Ardalan confirmed no earlier availability. Plaintiffs then asked to hold those dates and be advised of

earlier openings. Ex. A, items A1–A8; Decl. ¶¶ 13–15. The record therefore supports neither a claim that Defendants offered no dates nor a claim that Plaintiffs first recognized compression in October.

The parties finalized ECF 163 on September 3; ECF 165 established the briefing sequence on September 8. September 10 and 15 were the opening and response deadlines, and Plaintiffs' papers bear those dates. Mauvilain's September 10 email reported EDSS submission of the opening brief and supplied a copy to counsel. Decl. ¶ 16. Plaintiffs dispute Defendants' characterization of changes in their position. Their August 20 declaration already described audiovisual recording supervised and certified by an independent Rule 28 officer and disputed a requirement for contemporaneous stenography. ECF 158 ¶¶ 26–28. Their September submissions distinguished that certified record from later professional transcription required for use and expressly excluded AI transcription from the requested protocol. Plaintiffs' Sept. 10 Opening Brief at 2–4, 7; Sept. 15 Response at 1–2; Decl. ¶¶ 16–17.

Defendants did not object to video recording before a qualified officer who administers the oath and certifies the record. ECF 167 at 3. Their reply acknowledged that professional transcript preparation largely resolved one objection, while maintaining others concerning certification, timing, witness review, and practical arrangements. ECF 168 at 2–6. That limited common ground should be distinguished from agreement on the complete protocol. The implementation dispute remains before Judge Kaufman; Plaintiffs request time to conduct and use the examinations under the procedures the Court permits, without

asking this Court to resolve that dispute or adopting Defendants' account of its cause.

During September 16–October 1, Plaintiffs continued record review, identification of additional evidence, deposition-question preparation, daily calendar monitoring, communications with counsel about the pending ruling and schedule, updates to their deposition provider, and expert coordination. Those activities used telephone calls and text messages as well as email. Decl. ¶ 18. This preparation continued while the deposition-procedure dispute remained unresolved.

On September 23 Henri circulated the eight second amended notices on the offered dates. On September 24 Ms. Mojtehedi stated that Defendants would not proceed before receiving the transcript order and explained the associated preparation-cost concern. Thibault responded that Plaintiffs would await the ruling and separately sought remote-format confirmation. Ms. Ardalan's September 28 response was conditional on the Court permitting the deposition to proceed under the pending dispute. The first four examinations did not take place. Exs. B–C; Decl. ¶¶ 19–22.

These communications identify the practical impediment without converting either party's position into a judicial stay. Plaintiffs had sought to complete the examinations on the existing calendar following the procedural ruling. After the first four dates passed, they concluded that replacement examinations, the other noticed examinations, and necessary follow-up could not reasonably be completed by October 16. Their October 1 proposal sought an agreed modification while leaving time to confer and seek Court approval before the cutoff; it preserved the later noticed dates. Decl. ¶ 23; Ex. D, item D1.

The October 2, 5, and 6 examinations also did not occur, leaving seven passed dates without testimony. Decl. ¶ 22. Plaintiffs recognize that pending rulings alone do not justify inactivity. They propose immediate scheduling coordination, compliance with the procedure the Court permits, rolling preparation and delivery of usable records, and assessment of concrete impediments within five business days after entry of a scheduling order. The October 12 Nizon notice remains in place. Replacements are requested only for examinations whose dates have passed without completion.

## IV. THE REMAINING DISCOVERY AND THE COMPLETION PLAN ARE SPECIFIC

The September notices concern five separate organizational capacities and three individuals. Gasperis remains a ninth examination, previously noticed through former counsel and expressly raised again in Henri's September 23 email. ECF 154-1 ¶ 5; Ex. E; Decl. ¶ 30. The organizational topics address contributor agreements and licensing authority, handling of the photographic archive and metadata, the relevant business transactions, licensing records, and royalties or revenue. Those subjects bear on the pleaded claims and defenses and the interpretation of records already produced. They are not interchangeable examinations merely because one individual may testify in several capacities. Plaintiffs propose coordinating overlapping topics and avoiding repetition. Ex. B; Decl. ¶¶ 30–32.

The requested period would permit principal examinations to be concentrated in October and early November, with November 30 as Plaintiffs' internal outer target

and December 4 as the enforceable cutoff. Records and necessary transcripts would move to expert and motion preparation as available. The plan is not to wait until November 30 to begin examinations or raise known disputes. Existing completion requirements remain applicable. ECF 50 at 5; Decl. ¶¶ 31–35.

Plaintiffs' retained experts are working with the available materials. Expert preparation is therefore proceeding while the remaining fact record is developed. The December 11 initial deadline leaves only one week after the proposed fact cutoff; the December 28 rebuttal deadline spans the year-end holidays; and January 15 expert discovery leaves only one week before the latest January 22 summary-judgment filing. Plaintiffs propose rolling preparation and record delivery to make those intervals usable. Decl. ¶¶ 33–35. They do not represent that an expert or provider has guaranteed a particular turnaround. Plaintiffs do not seek to preserve trial at the expense of meaningful expert preparation or the ability to address expert testimony.

For a February 26 summary-judgment hearing, the Court's 35/21/14-day framework gives January 22 filing, February 5 opposition, and February 12 reply dates. Standing Order § IV.D; ECF 50 at 4. February 26 is a requested hearing cutoff, not a reservation. The proposed schedule leaves two weeks between the hearing cutoff and March 12 pretrial, compared with twelve weeks under the existing December 18 cutoff. Motion briefing overlaps the February 5 settlement deadline and February 12 first-round trial filings; the hearing cutoff coincides with the February 26 second-round filings. Plaintiffs expressly request approval of these intervals. If they cannot be accommodated, Plaintiffs request the alternative

coordinated-calendar order. That order grants the fact and expert completion dates, limits extended discovery to the identified work, and vacates the existing motion, settlement, trial-filing, pretrial, and trial dates for coordinated resetting after a joint report due within seven business days. It leaves discovery proceeding and requests no particular date for a ruling on the pleadings. This alternative is offered only if the Court determines the March calendar cannot be retained.

**V. THE DEFENSE POSITIONS WARRANT A TAILORED RESPONSE**

On October 6 Ms. Ardalan declined a further fact-discovery stipulation because of asserted changes in Plaintiffs' transcript position, prior offers of dates, and repeated preparation and scheduling burdens. She remained open to discussing other dates. Ms. Mojtehedi joined that position for Flynet and FameFlynet. Later that day Ms. Ardalan disputed Plaintiffs' characterization and offered to move all deadlines beyond May 7, 2027 if discovery were stayed through that date. Plaintiffs declined the stay and asked whether discussion of other dates remained available independently. Ex. D, items D4–D8; Decl. ¶¶ 25–28. No agreement on specific dates or non-opposition is represented.

On October 7 Ms. Ardalan urged reconsideration. She argued that unresolved pleadings make the proposed pretrial dates impractical, repeated the asserted transcript-position changes, invoked the earlier dismissal with leave to amend, and estimated six-figure defense expense for nine depositions with potential fee recovery under 17 U.S.C. § 505. Ex. D, item D9; Decl. ¶ 29. Plaintiffs take the cost concern seriously. The deposition component of the narrower alternative covers the eight September-noticed examinations and the previously noticed Gasperis

examination, to the extent unfinished and subject to applicable limits, objections, and attendance requirements. Plaintiffs propose coordination of overlapping capacities and topics to reduce repetition. No ruling on the pending transcript dispute, pleading merits, or potential fee entitlement is requested here.

The prior dismissal should be stated precisely. ECF 79 dismissed the First Amended Complaint with leave to amend after finding insufficient detail about the agreements supporting the sixth claim, breach of contract. The Court explained that it could not fully assess the intertwined remaining claims without those details and did not reach the remaining arguments. ECF 79 at 2–3. Plaintiffs acknowledge the dismissal; they do not infer that the amended pleading must survive. Equally, that order did not separately resolve every remaining claim's sufficiency. The present scheduling request concerns discovery on the operative pleading, subject to any intervening ruling.

The correspondence makes the unresolved procedure and its scheduling consequences concrete: on September 24, Defendants stated they would not incur preparation costs or proceed before the transcript order; on September 28, remote-format agreement remained conditional on the Court permitting the examinations to proceed. Ex. C, items C1, C6. Plaintiffs acknowledged awaiting the ruling. Their scheduling request does not ask the Court to assign blame for that position. It addresses the resulting need to complete the noticed examinations and use material testimony before expert and motion deadlines. Firm dates, coordinated testimony, and rolling record preparation would address the stated uncertainty and burden.

The narrower alternative further confines extended discovery to the identified nine

examinations, ordered ECF 112 compliance, and specifically authorized follow-up. It does not automatically permit a repeat examination or restart general discovery. Defendants' earlier 90-day proposal is relevant history, not current consent. The proposed stay responds to a legitimate concern that the pleading ruling could narrow discovery and avoid expense. It would also suspend all discovery for months and displace the existing March dates. ECF 166 states that the Court will rule on ECF 84 by May 7, 2027; it does not fix that as the only possible decision date or stay discovery. ECF 74 denied a stay during the earlier pleading motion; Plaintiffs do not suggest that order forecloses a new stay on changed circumstances. Retaining March necessarily depends on the Court's disposition of the pleadings and approval of a workable schedule. Plaintiffs ask for no particular ruling date. Their request to protect completion of necessary discovery does not depend on retention of March: if those dates cannot be retained, they request coordinated dates selected by the Court, while opposing the proposed blanket discovery stay. The requested discovery addresses the currently pleaded issues identified above; Plaintiffs would conform its scope to any intervening ruling. Decl. ¶¶ 30–35.

The proposed order neither disposes of ECF 112 nor excuses compliance with production actually ordered in its resolution. A compliance date expressly set by Judge Kaufman controls. Further examinations requiring leave, discovery beyond cutoff, and adjustments to expert or motion dates require a prompt, specific showing and the necessary approval. The same applies to a specific new need arising from disposition of ECF 84. The order would not predetermine the

timeliness or merits of a later request. Rules 26(e) and 56(d) retain their independent requirements; neither substitutes for the diligence showing here.

**VI. CONCLUSION**

Plaintiffs request the coordinated December 4 completion schedule and the limited provisions in the principal proposed order. Alternatively, they request the narrower discovery scope in the alternative proposed order. If further briefing is required, they request interim fact discovery through October 30, expert dates of November 6, November 20, and December 4, and a January 29 motion-hearing cutoff with the specified briefing protections. The interim schedule does not establish that October 30 is sufficient for all remaining work. If March cannot be retained, Plaintiffs request the coordinated-calendar alternative, which grants discovery relief and provides for resetting the downstream calendar without a discovery stay. The orders are alternatives; their dates are not cumulative. Existing orders remain controlling unless modified.

Dated: October 7, 2026

Respectfully submitted,

/s/ Thibault Mauvilain

Thibault Mauvilain, Plaintiff Pro Se

/s/ Henri Mazari

Henri Mazari, Plaintiff Pro Se

**CERTIFICATE OF COMPLIANCE**

The undersigned, appearing pro se, certifies that this brief contains 2,851 words, including headings and any schedule table but excluding the caption, indices, signature block, and this certificate, and complies with the word limit of L.R. 11-6.1.

Dated: October 7, 2026

/s/ Thibault Mauvilain

Thibault Mauvilain, Plaintiff Pro Se