LODGED
CLERK, U.S. DISTRICT COURT
10/7/26
CENTRAL DISTRICT OF CALIFORNIA
BY CS DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIBAULT MAUVILAIN, ET AL.,<br>PLAINTIFFS,<br>V.<br>FLYNET PICTURES, LLC, ET AL.,<br>DEFENDANTS. | Case No. 2:25-cv-02757-FLA-MBK<br><br>[PROPOSED] ALTERNATIVE ORDER GRANTING DISCOVERY RELIEF AND RESETTING THE DOWNSTREAM CALENDAR |

The Court has considered Plaintiffs' application, scheduling motion, declarations and exhibits, any opposition, and the record. Good cause supports a defined completion period under Federal Rule of Civil Procedure 16(b)(4). The Court determines that retaining the March dates with the proposed compressed intervals is not appropriate and ORDERS:

1. Expedited consideration is GRANTED. To the extent necessary, the Court excuses any unmet pre-motion conference requirement and the seven-day interval under Local Rule 7-3 and permits consideration without ordinary motion-notice timing. Fact discovery shall be completed by December 4, 2026; initial expert

disclosures by December 11; rebuttal expert disclosures by December 28; and expert discovery by January 15, 2027.

2. After October 16, 2026, fact discovery is limited to: (a) completion of the examinations in the September 23 notices for Flynet Pictures, LLC, FameFlynet Inc., Scott Cosman, BackGrid USA, Inc., BackGrid Inc., Shutterstock, Inc., Alex Kantif, and Boris Nizon, and the previously noticed examination of Roberto Gasperis, to the extent not already completed; (b) compliance with obligations actually imposed in resolving ECF 112; and (c) specific follow-up authorized by the Court on a showing of necessity and diligence. Unrelated new discovery remains governed by the October 16 cutoff. The December 4 cutoff applies to the permitted examinations and authorized follow-up unless a later order expressly provides otherwise. Applicable deposition limits, objections, and attendance requirements remain preserved.

3. The December 18, 2026 motion-hearing cutoff, February 5, 2027 settlement deadline, February 12 and 26 trial-filing deadlines, March 12 final pretrial conference and hearing on motions in limine, and March 30 trial are VACATED for coordinated resetting. Within seven business days after entry, the parties shall confer and submit a joint report proposing the earliest practicable coordinated dates, identifying any disagreements separately. The Court will set those dates by further order. This paragraph does not determine ECF 84, amend ECF 166, or establish a date for disposition of the pending motion to dismiss.

4. Discovery is not stayed while the downstream calendar is reset. Existing deposition notices, including the October 12 Nizon notice, are not withdrawn or postponed by this Order. Attendance, recording, transcripts, topics, deposition limits, and any examination requiring leave remain governed by applicable rules, stipulations, and orders. The parties shall promptly confer concerning replacements

for passed, uncompleted examinations and scheduling the previously noticed Gasperis examination.

5. Within three business days after entry, the parties shall confer about the remaining discovery calendar, record delivery, and expert preparation, and shall confer promptly after a discovery ruling materially affecting that work. The seven-business-day report shall identify concrete impediments and proposed solutions. Business days exclude Saturdays, Sundays, and federal legal holidays.

6. This Order does not dispose of ECF 112 or alter any production obligation or compliance date expressly set by Judge Kaufman. If ordered production arrives too late for reasonable use within an applicable deadline, or disposition of ECF 84 creates a specific new discovery need, an affected party shall promptly identify the material or need, diligence, necessary follow-up, time required, and effect on other dates. The parties shall confer within five business days after the need reasonably becomes apparent. Any further discovery or scheduling relief requires the necessary approval under the applicable rules and orders. This Order does not predetermine a later request or authorize a new expert opinion or later use of evidence; Rules 26(e) and 56(d) retain their independent requirements.

7. Except as expressly modified, existing orders remain in effect. November 30 is Plaintiffs' internal target, not a court-ordered deadline. No automatic December 11 fact-discovery extension is granted.

IT IS SO ORDERED.

Dated: ____________________ ____________________________________

FERNANDO L. AENLLE-ROCHA
United States District Judge