LODGED
CLERK, U.S. DISTRICT COURT
10/7/26
CENTRAL DISTRICT OF CALIFORNIA
BY CS DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIBAULT MAUVILAIN, ET AL.,<br><br>PLAINTIFFS,<br><br>V.<br><br>FLYNET PICTURES, LLC, ET AL.,<br><br>DEFENDANTS. | Case No. 2:25-cv-02757-FLA-MBK<br><br>[PROPOSED] ORDER GRANTING SCHEDULING MODIFICATION |

The Court has considered Plaintiffs' application, scheduling motion, supporting declarations and exhibits, any opposition, and the record. For good cause under Federal Rule of Civil Procedure 16(b)(4), the Court ORDERS:

1. The application for expedited consideration is GRANTED. To the extent necessary to decide the scheduling motion on the submitted record, the Court excuses any unmet pre-motion conference requirement and the seven-day interval under Local Rule 7-3, and permits consideration without ordinary motion-notice timing. The schedule is modified as follows:

| Event | New date |
|---|---|
| Fact discovery cutoff | December 4, 2026 |
| Initial expert disclosures | December 11, 2026 |
| Rebuttal expert disclosures | December 28, 2026 |
| Expert discovery cutoff | January 15, 2027 |
| Last day to hear motions | February 26, 2027 |

2. The settlement-conference deadline remains February 5, 2027; first-round trial filings remain due February 12; second-round trial filings remain due February 26; the final pretrial conference and hearing on motions in limine remain March 12 at 1:30 p.m.; and jury trial remains March 30 at 8:15 a.m. All dates are in 2027 unless otherwise stated.

3. The Court approves the shortened interval between the motion-hearing cutoff and the final pretrial conference. February 26 is a cutoff, not a reserved hearing date. Applicable hearing-clearance and briefing requirements remain in force. For a summary-judgment hearing on February 26, the motion is due January 22, the opposition February 5, and the reply February 12, 2027. Earlier hearings require correspondingly earlier briefing.

4. Existing deposition notices are not withdrawn or postponed by this Order, including the October 12, 2026 Nizon notice. Procedure and attendance remain governed by applicable rules, stipulations, and orders. The parties shall promptly confer concerning replacements for examinations whose noticed dates have passed without completion and scheduling the previously noticed Gasperis examination. This Order does not independently authorize an examination beyond an applicable deposition limit or a repeat deposition requiring leave. It does not restrict additional organizational designees otherwise permitted under the governing rules

and orders, and resolves no disputed recording, officer, transcript, topic, or attendance issue.

5. The parties shall confer within three business days after entry concerning a practical completion calendar, and promptly following a ruling materially affecting the remaining discovery. Within five business days after entry, they shall assess the examination dates, ordered production, usable-record delivery, and expert timetable. A party identifying a specific impediment shall promptly confer and, if necessary, seek relief through the applicable procedures. These obligations neither authorize additional briefing on a pending discovery dispute nor impose a decision deadline on the Court. Business days exclude Saturdays, Sundays, and federal legal holidays.

6. This Order neither disposes of ECF 112 nor excuses compliance with production actually ordered in its resolution. It does not determine that motion’s merits or scope, or alter a production obligation or compliance date expressly set by Judge Kaufman. Any request affecting that motion or compliance with a discovery order must proceed through the applicable procedures.

7. If material ordered in resolving ECF 112 is produced too late for reasonable use within an applicable deadline, an affected party shall promptly identify the material, necessary follow-up, diligence, time required, and downstream effect. The parties shall confer within five business days after the need reasonably becomes apparent. Discovery beyond cutoff, a further examination requiring leave, or an adjustment to expert or motion dates requires the necessary leave and scheduling approval under the applicable rules and orders. This Order does not predetermine the timeliness or merits of a later request.

8. A later request based on disposition of ECF 84 must identify the specific new need, the party’s diligence, and the relief required under the applicable rules. This Order does not amend ECF 166, reopen discovery, extend another deadline, or

authorize a new expert opinion or later use of evidence. Rules 26(e) and 56(d) retain their independent requirements.

9. Except as expressly modified, the Court's existing orders remain in effect. November 30 is not a court-ordered cutoff, and no automatic further extension to December 11 is granted.

IT IS SO ORDERED.

Dated: ____________________ ________________________________

FERNANDO L. AENLLE-ROCHA
United States District Judge