FILED
CLERK, U.S. DISTRICT COURT
10/7/26
CENTRAL DISTRICT OF CALIFORNIA
BY CS DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

THIBAULT MAUVILAIN
tm@forceinaction.com
Plaintiff, Pro Se
4605 Sylmar Avenue, Apt. 312
Sherman Oaks, California 91423
Telephone: (310) 770-3612

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIBAULT MAUVILAIN, et al., | Case No. 2:25-cv-02757-FLA-MBK |
| Plaintiffs, | DECLARATION OF THIBAULT MAUVILAIN REGARDING DILIGENCE AND EX PARTE NOTICE |
| v. | |
| FLYNET PICTURES, LLC, et al., | Hon. Fernando L. Aenlle-Rocha<br>Hearing: To be set, if any<br>Trial: March 30, 2027 |
| Defendants. | |

I, Thibault Mauvilain, declare as follows:

1. I am a Plaintiff and appear for myself. I make this declaration in support of the scheduling motion and application for expedited consideration submitted by Henri Mazari and me. Except where I identify a filed record as the source, the facts concerning my communications and activities are based on my personal knowledge. I distinguish what the records state from findings by the Court and from matters I personally observed.

2. Exhibits A, C, and D reproduce scheduling emails I sent or received. They are accurate reproductions of the identified substantive messages. Repeated quoted copies and routine signature and confidentiality blocks are omitted as described on the exhibit covers; the substantive messages are not paraphrased. Exhibit B contains the eight September 23 deposition notices, topic schedules, and proofs. Exhibit D also contains PDF renderings of the stipulation and order attached to my October 1 email, identified as D1-A and D1-B. Exhibit E reproduces Henri's September 23 email, which I received, asking about Roberto Gasperis while circulating the eight notices. Email dates and times are Pacific time.

**Earlier proceedings and discovery**

3. The Complaint was filed March 28, 2025 and the First Amended Complaint April 10, 2025. ECF 1, 21; ECF 103-1 ¶ 3. Prior counsel's filed declaration records completion of service in April, the July 3 Rule 26(f) conference, service of written discovery by both sides July 10, and exchange of initial disclosures July 17. ECF 103-1 ¶¶ 4, 6, 8–9. ECF 50 entered the original schedule July 15, 2025.

4. That declaration identifies the September 23, 2025 meet-and-confer letter, October 15 search-term proposal, and conferences on November 3 and December 11, 2025, and January 13, March 3, March 24, May 6, May 8, and May 13, 2026. ECF 103-1 ¶¶ 11–14. It also records Plaintiffs' production and supplementation. Id. ¶¶ 17, 29. I cite these dated acts without asking the Court to accept every disputed characterization in that declaration. The November 3 minutes concern supplementation sought from Plaintiffs as well as the broader discovery process. ECF 57.

5. On February 9, 2026, ECF 74 denied the then-pending request to stay discovery and directed continued diligent litigation during the earlier motion to dismiss. The Second Amended Complaint was filed March 19, 2026. ECF 80. The March 25 minutes addressed the March 24 conference and the agreed production process. ECF 83. These records do not establish that all discovery was stayed during pleading or production disputes.

6. Prior counsel's declaration records April 6 organizational deposition notices and notices for individual examinations. ECF 103-1 ¶ 57. The May 6 minutes addressed seventeen contemplated depositions, production and scheduling, while declining to authorize the production motion then presented because pre-motion obligations had not been satisfied. ECF 94. The May 15 minutes, following the May 13 conference, resolved some disputes and authorized motions on the unresolved matters identified there. ECF 102.

7. On May 18 prior counsel sought a scheduling modification. ECF 103. ECF 103-1 ¶¶ 58–59 stated that depositions were scheduled to begin May 18 and described

continuing production. ECF 109 granted the modification on May 26, setting September 18 for fact discovery and March 2, 2027 for trial. Its third PDF page requires any further request to give a specific account of diligence dating back to the Complaint and of work that reasonably could not have been completed.

8. The May 27 email filed at ECF 154-1, Exhibit 7, PDF page 38, states that prior counsel would not proceed with the previously arranged defense-witness dates and sought alternatives in June through August. It cites the extension, asserted outstanding production, and disagreement over weekend and holiday dates. I do not attribute reasons beyond that correspondence to counsel, or claim that my later self-representation removes this history from the Court's consideration. ECF 154 presents Defendants' contrary account of diligence and scheduling.

9. ECF 112 was filed June 12, 2026. Its joint stipulation presents both sides' positions on production and search-related issues. ECF 112-1. I do not describe the disputed requests as established production obligations. The July proceedings included the July 9 conference set by ECF 126. Plaintiffs afterward circulated a narrowing proposal; defense counsel disputed its scope and whether some matters were already resolved. The proposal was not a court order.

10. Prior counsel sought withdrawal in June, and Henri and I began proceeding pro se after the June 30 withdrawal orders. ECF 114–117, 121–124. My August declaration records my July 10, July 16, and July 26 scheduling requests, notices on July 29, amended notices August 3, the August 7 live conference, and the August 12 conference before Judge Kaufman. ECF 158 ¶¶ 16–33, 45. I rely on that

previously submitted account for those events; the current request also addresses the earlier counsel period.

11. ECF 147 contemplated a schedule modification followed by a proposed briefing schedule on the discovery dispute. ECF 163 ¶¶ 1–4 records that sequence and the August 26 entry of ECF 161. I do not understand that sequence to dispense with preparation or other work that could proceed under the governing orders.

**The earlier estimate and subsequent efforts**

12. My August 20 declaration stated that 28 additional days would provide sufficient time for the contemplated proceedings, rescheduling, preparation, and examinations. ECF 158 ¶ 52. That was my estimate. Henri separately supported that request. ECF 159 ¶¶ 12–14. Defendants had proposed 90 days. I do not claim that the 28-day request was merely a placeholder or that either judge promised a ruling by a particular date. ECF 161 granted the scheduling modification August 26. I confirm that the current dates stated in the accompanying motion are correct: October 16 fact discovery; October 23 initial expert disclosures; November 6 rebuttal disclosures; November 20 expert discovery; and December 18 last motion hearings, all in 2026. The retained 2027 dates are February 5 settlement; February 12 and 26 trial filings; March 12 pretrial at 1:30 p.m.; and March 30 trial at 8:15 a.m.

13. On August 27 at 1:38 a.m. I asked counsel to resume exchanging and tentatively reserving deposition dates and to submit the briefing stipulation. Later that morning Ms. Mojtehedi proposed September 28, 29, and 30 for the Cosman/Flynet/FameFlynet examinations, October 1, 2, 5, and 6 for the

Kantif/BackGrid/Shutterstock examinations, and October 12 for Nizon. Exhibit A, items A1–A2.

14. Henri requested earlier dates and date-specific capacities. On August 27 at 3:38 p.m. I likewise identified the limited follow-up time and proposed an earlier primary calendar with the offered dates held as backup. On August 28 Ms. Mojtehedi stated that the offered dates were the soonest available, identified counsel travel, and attributed the compression to Plaintiffs' choice of 28 days. I asked that the offered dates be held and that earlier availability be communicated. Ms. Ardalan responded that there was no earlier availability and proposed proceeding on those dates. Ex. A, items A3–A7. I acknowledge that these emails show awareness of scheduling risk in August.

15. On August 28 I circulated a proposed briefing stipulation and order. The parties exchanged revisions, and the signed stipulation was filed September 3 as ECF 163. The filed stipulation preserved disputed positions and provided for opening and response submissions. It did not determine deposition dates or resolve the underlying dispute. ECF 163 ¶¶ 5–8; Ex. A, item A8.

16. ECF 165 was entered September 8. Its two-court-day and three-court-day periods yielded September 10 opening and September 15 response deadlines. Our opening brief bears the date September 10 and my response September 15. In my September 10 email to Judge Kaufman's chambers, copied to counsel, I reported submitting the opening brief through EDSS that afternoon and supplied a copy. My August 20 declaration already described audiovisual recording supervised and certified by an independent Rule 28 officer and the dispute over contemporaneous

stenography. ECF 158 ¶¶ 26–28. Our September submissions distinguished the certified audiovisual record from later professional transcription required for use and excluded AI transcription from the requested protocol. Sept. 10 Opening Brief at 2–4, 7; Sept. 15 Response at 1–2.

17. Defendants' September 15 reply asserted that Plaintiffs had changed position, acknowledged that professional transcript preparation largely resolved one objection, and maintained objections concerning officer qualifications, certification, transcript timing, review, and format. ECF 168 at PDF pp. 2–6. I disagree with their characterization of our position and rely on the filed submissions described above. I do not ask Judge Aenlle-Rocha to determine the protocol's adequacy here or represent that the September briefing resolved the dispute.

18. Between September 16 and October 1, Henri and I continued reviewing case records and identifying additional evidence. We prepared for the depositions and formulated examination questions. We monitored the litigation calendar daily, maintained the noticed dates on our calendar while awaiting the ruling, and communicated with counsel about whether a ruling had issued and the deposition schedule. Our preparation also included keeping Colette Stark, the officer identified in our notices, updated and coordinating with our experts. These efforts included telephone calls and text messages as well as email.

19. On September 23, Henri circulated our eight second amended notices in Exhibit B to counsel, copying me, and resent the message to correct an email address. Each examination was noticed for 10:00 a.m. Pacific. The notices identify

the proposed officer and make the procedures subject to the governing rules, stipulations, and orders. The five organizational notices contain separate topic schedules. The notices and included proofs show the examinations requested and the service described in those proofs; they do not by themselves establish completed Rule 45 service. Exhibit E reproduces the accompanying email.

20. On September 24 at 11:35 a.m., Ms. Mojtehedi wrote: “Defendants cannot and will not move forward with the depositions until we receive the Court’s order on the transcript issue.” She also stated that Defendants would not incur preparation costs without knowing the order’s terms and would address scheduling after the order, assuming it permitted Plaintiffs’ proposal. At 1:22 p.m., after the intervening exchange reproduced in Exhibit C, I replied that we would await Judge Kaufman’s ruling. At approximately 5:31 p.m. I separately requested confirmation of remote format, preserving the other disputed issues. Ex. C, items C1–C5.

21. Ms. Ardalan’s September 28 response agreed to remote format conditionally on Judge Kaufman permitting the deposition to proceed under the pending dispute. Ex. C, item C6. The September 28 Flynet, September 29 FameFlynet, September 30 Cosman, and October 1 BackGrid USA examinations did not take place. I understood counsel’s communicated position to be that the examinations would await the ruling. I do not describe that position or my acknowledgment as a judicial stay.

22. The October 2 BackGrid Inc., October 5 Shutterstock, and October 6 Alex Kantif examinations also did not occur, even partly. Thus, seven of the eight September-noticed dates have passed without testimony. The October 12 Nizon

date remains upcoming and is not withdrawn or postponed by this request. That date was previously agreed upon in the scheduling exchanges. The notice requests voluntary production through counsel; I do not represent that a subpoena has been served. Attendance and procedural arrangements remain subject to the applicable rules, stipulations, and orders.

**The October proposal and counsel's stated positions**

23. Before October 1, my intention was to conduct the noticed depositions promptly after Judge Kaufman ruled, under the procedures he permitted, and complete the work within the existing schedule if possible. I sought to avoid another calendar change while we continued preparing. After the first four examination dates passed without testimony, I concluded on October 1 that the time remaining would not reasonably permit replacement examinations, completion of the other noticed examinations, and necessary follow-up before October 16. I then sought a joint request while allowing time to confer, prepare the supporting papers, and seek Court approval before the cutoff. I was mindful of the Standing Order's direction concerning requests less than five business days before the affected date. On October 1 at 6:30 p.m. I sent the proposed scheduling stipulation and order to both defense groups and copied Henri and the other attorneys in the chain, resending the 6:18 p.m. message to include recipients inadvertently omitted. The proposal sought December 4 fact discovery and coordinated dates. It preserved upcoming notices and requested replacements only for the first four dates already passed without completion. I requested a response

by noon October 5 and asked counsel to suggest a brief call October 2 or 5 outside the noticed deposition times. Ex. D, item D1.

24. On October 5 at 1:53 p.m. I followed up and offered a telephone or video conference at 3:30, 4:30, or 5:00 p.m. Pacific that day, asking counsel to propose an alternative the next day if those times did not work. I requested a written response by noon October 6. On October 6 at 11:06 a.m. I offered 2:00, 3:00, or 4:00 p.m. Pacific conferences or another time that day, specified the proposed dates, and advised that we intended an October 7 ex parte scheduling application. I asked for each defendant's position by 5:00 p.m. Ex. D, items D2–D3.

25. At 11:24 a.m. on October 6 Ms. Ardalan wrote that BackGrid and Shutterstock would not stipulate to a further discovery cutoff extension. She cited claimed changes in Plaintiffs' transcript position, prior offers of dates, and burdens from preparing and holding dates multiple times. She also wrote that her clients were open to pushing back other dates. At 11:32 a.m., Ms. Mojtehedi wrote that Flynet and FameFlynet joined that position. Ex. D, items D4–D5. I do not treat willingness to discuss as agreement on any particular date.

26. At 11:58 a.m. I acknowledged the responses, explained our disagreement with attributing the scheduling problem to changes of position alone, and identified the September correspondence. I proposed discussing a narrower extension for the uncompleted noticed examinations and court-authorized ECF 112 work, or specified non-opposition without agreement on disputed facts. I requested alternatives and clarification whether counsel opposed the relief, expedited

consideration, or both. I again asked counsel to confirm one of the conference times proposed that morning or suggest another time that day. Ex. D, item D6.

27. At 6:00 p.m., Ms. Ardalan stated that our message materially omitted her position and that she disagreed with our statements. She offered to stipulate to moving all deadlines after May 7, 2027, conditioned on staying discovery until that date. She explained that a dismissal ruling might eliminate or narrow issues and save deposition expense. Ex. D, item D7. I have included that explanation rather than characterizing the response as opposition to every possible scheduling modification.

28. After conferring with Henri, I sent the October 6 email at 9:31 p.m. declining Ms. Ardalan's proposed discovery stay through May 7, 2027. Henri approved that decision. In the email, I summarized counsel's communicated grounds, invited correction of any inaccurate statement or omitted position, maintained December 4 and our willingness to discuss narrower relief, asked whether discussion of other dates remained available independently, and asked the other defense counsel to identify their positions. I again offered to confer the following morning and invited counsel to call or email before the planned October 7 afternoon submission. Ex. D, item D8.

29. On October 7 at approximately 10:44 a.m., I received Ms. Ardalan's further response. She argued that pretrial deadlines should follow disposition of the motion to dismiss, repeated her account of changes in our transcript position, and urged reconsideration of her stay proposal. She referred to the dismissal of the First Amended Complaint with leave to amend, stated that her clients would seek fees

under 17 U.S.C. § 505 if successful, estimated six-figure defense expense for nine depositions, and commented on former counsel's withdrawal. Ex. D, item D9 reproduces her substantive message. I report these as counsel's positions, not findings or an agreed cost estimate. Her message did not provide alternative dates independent of the stay or accept the narrower extension.

**The remaining work and proposed plan**

30. The September notices concern Flynet and FameFlynet organizational testimony and Cosman individually; BackGrid USA, BackGrid Inc., and Shutterstock organizational testimony and Kantif individually; and Nizon individually. Ex. B. Roberto Gasperis is also still needed, and we seek to arrange his examination following Judge Kaufman's procedural ruling. He is the ninth remaining examination, not one of the eight September notices. The earlier notice is identified in Ms. Mojtehedi's declaration, ECF 154-1 ¶ 5. Henri's September 23 email expressly asked counsel about his deposition. Ex. E. This request does not independently compel attendance, resolve objections, or authorize an examination exceeding an applicable limit.

31. The organizational topics address contributor agreements and claimed licensing authority; handling, transfer, and metadata of the photographic archive; the relevant business transactions; licensing records; and royalty or revenue accounting. I need testimony explaining the entities' records and practices, and the relevant individuals' knowledge, to evaluate the pleaded claims and defenses and prepare expert and motion submissions. Existing documents do not themselves

supply the requested sworn explanations. This statement does not assume that every noticed topic will be permitted or that ECF 112 will be granted. Ex. B.

32. The Flynet and FameFlynet examinations concern their respective contributor arrangements, handling and transfer of our archive and metadata, and licensing and accounting practices. The BackGrid Inc. and BackGrid USA examinations concern each entity's own role in acquiring and handling the archive, contributor rights, metadata, licensing, and revenue records. The Shutterstock examination concerns its own acquisition, diligence, licensing, and relevant records. Ex. B, organizational topic schedules. We seek the individual examinations to obtain the witnesses' personal accounts of the matters in which they participated, coordinating any overlapping testimony with the organizational examinations. We will not treat one entity's representative as speaking for another entity without the appropriate designation. Any additional material ordered on ECF 112 would be reviewed against those subjects and our existing records before seeking particular follow-up; we do not assume that every requested category will be ordered or that all requested material remains unproduced.

33. Our retained experts are currently working with the materials available to them. I have arranged for initial expert work and possible rebuttal work if needed. Necessary remaining testimony will be provided as it becomes available. This request does not defer affirmative opinions to rebuttal. Expert identities and required disclosures will be provided when required by the applicable rules and orders.

34. The proposed dates require preparation to continue while discovery proceeds. We identified Colette Stark as the proposed independent officer in the September notices and have kept her updated. The final recording and transcript arrangements must conform to Judge Kaufman's ruling. I will coordinate those arrangements and prompt delivery of usable records with ongoing expert and motion preparation. I do not represent that a provider has guaranteed a particular delivery date or that unresolved procedural arrangements have already been approved.

35. I propose reserving replacements for passed, uncompleted dates immediately, concentrating principal examinations in October and early November, providing usable records for preparation as they become available, and treating November 30 as an internal outer target. December 4 would be the cutoff. I will confer promptly after the discovery rulings and assess the actual dates, production, record delivery, and expert timetable within five business days after entry of a scheduling order. If a concrete development makes that plan unreliable, I will identify it promptly and seek only the supported adjustment. I do not request an automatic December 11 fact cutoff.

36. I understand that February 26 is only two weeks before the March 12 pretrial conference and that the proposed motion schedule overlaps trial preparation. Our preference is to preserve March 30, but we request a coordinated schedule if the Court cannot accommodate these intervals. We seek a completion period, not a stay until the pleading ruling. ECF 166 states that the Court will rule by May 7, 2027; we do not infer that it changes the existing schedule.

**Notice and efforts to confer**

37. Following the written requests to confer described in paragraphs 23–26, on October 6 I called Ms. Ardalan's cell phone at 4:27 p.m. and Ms. Mojtehedi's cell phone at 4:29 p.m. I left a voicemail for each identifying the intended October 7 scheduling application and requesting a return call to confer. Written emails also confirmed the intended filing. My evening email contemporaneously recorded the two calls and voicemails. Ex. D, item D8. Neither attorney returned my call before execution of this declaration, and no live conference resulted. Counsel did communicate positions by email, including Ms. Ardalan's October 7 response described above.

38. My written requests repeatedly proposed times to confer: October 1 requested a call October 2 or 5; October 5 offered three times that afternoon or an alternative the next day; October 6 at 11:06 a.m. offered three times that afternoon, renewed at 11:58 a.m.; and the October 6 evening email invited a call the next morning before the planned afternoon submission. Ex. D, items D1–D3, D6, D8. The emails identified the principal dates and sought counsel's positions. I have reported the written opposition and conditional proposal in paragraphs 25–29. I do not treat a lack of response to a particular alternative as agreement or non-opposition.

39. We intend to submit these papers through EDSS and transmit copies to counsel by email, as the parties have done with prior papers in this case. EDSS submission itself does not serve the papers. We will notify counsel of the Standing Order's requirement that opposition be filed within 24 hours after service, unless the Court

orders otherwise. A separate certificate will describe the transmission and notification actually completed; I do not certify those future acts in this declaration.

40. I recognize that filing this request does not extend a deadline, cancel a notice, or resolve the discovery disputes. I submit this account to support the specific requested schedule and to distinguish the parties' statements from judicial orders.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 7, 2026.

/s/ Thibault Mauvilain

Thibault Mauvilain, Plaintiff Pro Se

# EXHIBIT A

## August 27 and 28 scheduling correspondence

Email reproductions. Each numbered item reproduces the substantive top-level message. Repeated quoted copies, routine signature/contact blocks, and confidentiality boilerplate are omitted where applicable. Formatting and line wrapping are normalized; substantive text is not paraphrased. Mailbox timestamps are displayed in Pacific time. Attachments referred to in these messages are not reproduced here unless separately included.

# A1 August 27, 2026 at 01:38 AM

Mailbox date: August 27, 2026, 01:38:40 AM PDT

From: tm@forceinaction.com

To: sheila@mojtehedi.com, jardalan@onellp.com

Cc: carboninla@yahoo.com, pafrasiabi@onellp.com, dquinto@onellp.com, lthomas@onellp.com, mdell@onellp.com

Subject: Mauvilain v. Flynet Pictures, No. 2:25-cv-02757-FLA-MBK — ECF 161 / Joint Stipulation re ECF 147 Briefing Schedule

Counsel,

Judge Aenlle-Rocha has now entered ECF 161 granting Plaintiffs' application to modify the case schedule.

Accordingly, the condition identified in ECF 147 has occurred, and the parties are now authorized to submit a joint stipulation proposing a briefing schedule concerning the unresolved discovery disputes before Judge Kaufman.

Plaintiffs will circulate today a short proposed joint stipulation limited to the procedural briefing schedule and preservation of the parties' respective factual and legal positions. Plaintiffs propose that the parties complete their review promptly so the contemplated briefing can begin without further loss of discovery time.

Plaintiffs also request that the parties resume exchanging and tentatively reserving dates for the remaining depositions while the discovery disputes are being briefed.

Regards, Thibault Mauvilain Henri Mazari Plaintiffs, Pro Se

# A2 August 27, 2026 at 11:50 AM

Mailbox date: August 27, 2026, 11:50:32 AM PDT

From: sheila@mojtehedi.com

To: tm@forceinaction.com

Cc: jardalan@onellp.com, carboninla@yahoo.com, pafrasiabi@onellp.com, dquinto@onellp.com, lthomas@onellp.com, mdell@onellp.com

Subject: Re: Mauvilain v. Flynet Pictures, No. 2:25-cv-02757-FLA-MBK — ECF 161 / Joint Stipulation re ECF 147 Briefing Schedule

Thibault and Henri:

Jo and I propose that Defendants, on the one hand, and you both, on the other hand, each file a written position on the issues no later than September 3, 2026. No reply briefs or oppositions to the other parties' filings. Magistrate Judge Kaufman can reach out when ready to hold a Zoom hearing, if necessary.

As far as deposition dates, we propose as follows:

Sept. 28 (Scott Cosman/30(b)(6) for FlyNet or FameFlyNet)

Sept. 29 (Scott Cosman/30(b)(6) for FlyNet or FameFlyNet)

Sept. 30 (Scott Cosman/30(b)(6) for FlyNet or FameFlyNet)

Oct. 1 (Alex Kantif/30(b)(6) for Shutterstock or Backgrid)

Oct. 2 (Alex Kantif/30(b)(6) for Shutterstock or Backgrid)

Oct. 5 (Alex Kantif/30(b)(6) for Shutterstock or Backgrid)

Oct. 6 (Alex Kantif/30(b)(6) for Shutterstock or Backgrid)

Oct. 12 (Boris Nizon)

Best regards,

Sheila Mojtehedi

Sheila Mojtehedi PC

www.mojtehedi.com

T: 323.412.0472

# A3 August 27, 2026 at 12:35 PM

Mailbox date: August 27, 2026, 12:35:17 PM PDT

From: carboninla@yahoo.com

To: tm@forceinaction.com, sheila@mojtehedi.com

Cc: jardalan@onellp.com, pafrasiabi@onellp.com, dquinto@onellp.com, lthomas@onellp.com, mdell@onellp.com

Subject: Re: Mauvilain v. Flynet Pictures, No. 2:25-cv-02757-FLA-MBK — ECF 161 / Joint Stipulation re ECF 147 Briefing Schedule

Counsel,

Thank you for providing Defendants' proposed briefing and deposition schedule.

I have not yet been able to confer with Mr. Mauvilain regarding Defendants' proposal. I am responding on my own behalf so that my position concerning the proposed deposition dates is timely preserved. Mr. Mauvilain can state his own position separately after he has had an opportunity to review the proposal.

I agree that the parties should proceed promptly with the briefing contemplated by ECF 147. I am agreeable in principle to simultaneous opening submissions on September 3. The proposed joint stipulation should address the procedural briefing schedule without foreclosing any further submission that Judge Kaufman may determine is necessary after reviewing the parties' positions.

I cannot agree, however, to the proposed deposition dates of September 28 through October 12. Those dates place substantially all of the remaining depositions immediately before the October 16 fact-discovery cutoff and leave insufficient time to address issues that may arise from the examinations.

I need reasonable time following the depositions to evaluate the testimony and document record, address any Rule 30(b)(6) preparation or designation issues, pursue any necessary follow-up discovery, and seek timely relief from Judge Kaufman if a discovery dispute arises. Under Defendants' proposal, a deposition occurring on October 12 would leave only four days before the fact- discovery cutoff.

I therefore propose that the remaining depositions begin substantially earlier in September and be completed as early as reasonably practicable, preferably by approximately September 18 or shortly thereafter, while preserving sufficient time before October 16 to address any issues arising from the depositions.

Please provide Defendants' earliest available dates during that period for each remaining deposition. Please identify separately, for each proposed date, the witness, whether the examination is in an individual or Rule 30(b)(6) capacity, and, for each Rule 30(b)(6) deposition, the specific Defendant entity for which the witness will testify.

In particular, Defendants' present proposal identifies Scott Cosman on three dates as "Scott Cosman/30(b)(6) for FlyNet or FameFlyNet" and Alex Kantif on four dates as "Alex Kantif/30(b)(6) for Shutterstock or Backgrid." I cannot determine from that formulation which specific individual or entity deposition Defendants propose for each date. Please provide a date-specific designation so that the parties can establish a definite schedule.

I remain willing to work cooperatively to accommodate genuine witness and counsel availability. I cannot, however, agree to a schedule that concentrates the remaining depositions at the end of the extended discovery period and leaves no meaningful opportunity to address deposition-related issues before October 16.

Regards, Henri Mazari

Plaintiff, Pro Se

## A4 August 27, 2026 at 03:38 PM

Mailbox date: August 27, 2026, 03:38:44 PM PDT

From: tm@forceinaction.com

To: sheila@mojtehedi.com, jardalan@onellp.com

Cc: carboninla@yahoo.com, pafrasiabi@onellp.com, dquinto@onellp.com, lthomas@onellp.com, mdell@onellp.com

Subject: Re: Mauvilain v. Flynet Pictures, No. 2:25-cv-02757-FLA-MBK — ECF 161 / Joint Stipulation re ECF 147 Briefing Schedule

Counsel,

I have now reviewed Defendants' proposal and Mr. Mazari's response. I join Mr. Mazari's concern that concentrating substantially all of the remaining depositions between September 28 and October 12 would leave insufficient time before the October 16 fact-discovery cutoff to address any issues arising from those examinations.

I write separately to state my personal proposal concerning the briefing schedule and a possible primary and backup deposition calendar. This is intended to supplement, not contradict, Mr. Mazari's response.

Briefing schedule

My preferred proposal is:

September 3, 2026 — simultaneous opening submissions; September 8, 2026 — simultaneous responses, limited to five pages; and No further briefing unless requested or permitted by Judge Kaufman.

This preserves the September 3 date proposed by Defendants while giving both sides the same limited opportunity to address legal authorities or factual matters raised in the other side's opening submission.

If Defendants believe the period between September 3 and September 8 is insufficient to prepare a response, I would be willing to advance the simultaneous opening submissions to September 1, while retaining September 8 for the simultaneous responses. That alternative would provide a full week for responses. The parties' respective positions were identified during the August 12 IDC and have since been further developed through the scheduling proceedings and related filings, so I believe either schedule would be reasonable and sufficiently expedited.

I otherwise agree that Judge Kaufman may determine, after reviewing the parties' written positions, whether a Zoom hearing or any additional briefing is necessary.

If the parties cannot agree on whether to include a short response round, the joint stipulation may neutrally present the competing proposals and request that Judge Kaufman establish the briefing format he considers appropriate.

Deposition schedule

I understand that Defendants have offered eight dates covering eight of the nine remaining individual and Rule 30(b)(6) examinations. The specific examination assigned to each offered date remains to be confirmed. My principal concern, however, is the timing of the proposed calendar.

ECF 161 granted Plaintiffs' requested limited 28-day modification of the case schedule following the proceedings reflected in ECF 147. ECF 155 also reflects the Court's expectation that the parties continue litigating this action diligently while matters remain under submission.

Consistent with those expectations, I propose that the parties establish both:

1. a primary tentative calendar beginning on or about September 16, with the goal of completing the remaining depositions by approximately October 2, or as soon thereafter as reasonably practicable; and 2. a backup calendar consisting of the September 28 through October 12 dates already offered by Defendants.

A September 16 starting date would give Judge Kaufman at least one week after the proposed September 8 responses to review the briefing before the first tentatively scheduled deposition.

The earlier dates would be reserved now but would remain contingent upon Judge Kaufman resolving any issue affecting the manner in which a particular deposition may proceed. No party would be required to proceed before the relevant ruling. If Judge Kaufman has not ruled by an earlier reserved date, that examination could be moved to the next available date in Defendants' existing backup calendar rather than requiring the parties to begin the scheduling process again.

This approach preserves the availability Defendants have already identified while avoiding a calendar in which nearly every deposition occurs during the final eighteen days of discovery. It would leave meaningful time before October 16 to evaluate the testimony, address any Rule 30(b)(6) preparation or designation issue, complete appropriate follow-up, and seek timely relief if a dispute arises during an examination.

Please therefore provide Defendants' earliest available dates between September 16 and September 25 for the remaining examinations. Plaintiffs propose retaining Defendants' presently offered September 28 through October 12 dates as backup or overflow dates until Judge Kaufman rules and the final calendar is confirmed.

Plaintiffs propose that October 12 be retained only as a backup date if an earlier date is unavailable or an earlier examination must be moved because the Court has not yet resolved an issue affecting that deposition.

Defendants' present list appears to provide dates for only eight of the nine remaining depositions. Please confirm Defendants' proposed date for Roberto Gasperis, whether he will be produced voluntarily, and, if not, whether counsel is authorized and willing to accept service of a Rule 45 subpoena on his behalf.

If Defendants agree with the preferred September 3 and September 8 briefing dates, Plaintiffs are prepared to circulate promptly a short joint stipulation and proposed order pursuant to ECF 147. Please respond by Friday, August 28, 2026, at 5:00 p.m., if practicable, so the parties can submit the proposed schedule promptly.

Nothing in this email waives Plaintiffs' deposition notices or any factual or legal position concerning recording methods, transcript requirements, certification, costs, deposition scheduling, or any other matter addressed during the August 12 IDC.

Regards, Thibault Mauvilain Plaintiff, Pro Se

## A5 August 28, 2026 at 10:47 AM

Mailbox date: August 28, 2026, 10:47:26 AM PDT

From: sheila@mojtehedi.com

To: tm@forceinaction.com

Cc: jardalan@onellp.com, carboninla@yahoo.com, pafrasiabi@onellp.com, dquinto@onellp.com, lthomas@onellp.com, mdell@onellp.com

Subject: Re: Mauvilain v. Flynet Pictures, No. 2:25-cv-02757-FLA-MBK — ECF 161 / Joint Stipulation re ECF 147 Briefing Schedule

Thibault and Henri:

We are fine with including a reply brief in the briefing schedule, as Thibault proposes. Please draft a stipulation and proposed order to that end and send them to us.

Regarding depositions, the dates we are offering are the soonest available. Judge Kaufman has not yet resolved the pending discovery dispute regarding transcripts. He will need time to review the briefs, do his own research, and issue an order. As discussed, I am out of the country until September 11. Jo is out of the country for the second half of September.

Additionally, Defendants offered to continue the deadlines in this case by 90 days. You and Thibault knew that Jo and I had upcoming travel schedules, but you refused and insisted that we continue the schedule for only 28 days, and Defendants agreed to your request. To the extent you now feel crunched for time, that is your own doing.

Best regards,

Sheila Mojtehedi

Sheila Mojtehedi PC

www.mojtehedi.com

T: 323.412.0472

## A6 August 28, 2026 at 12:56 PM

Mailbox date: August 28, 2026, 12:56:08 PM PDT

From: tm@forceinaction.com

To: sheila@mojtehedi.com

Cc: jardalan@onellp.com, carboninla@yahoo.com, pafrasiabi@onellp.com, dquinto@onellp.com, lthomas@onellp.com, mdell@onellp.com

Subject: Re: Mauvilain v. Flynet Pictures, No. 2:25-cv-02757-FLA-MBK — ECF 161 / Joint Stipulation re ECF 147 Briefing Schedule

Counsel,

Thank you. We will prepare and circulate the joint stipulation and proposed order pursuant to ECF 147 reflecting the agreed expedited briefing structure.

To avoid any ambiguity, Plaintiffs understand the proposed schedule to provide for simultaneous opening briefs on September 3, followed by simultaneous response briefs on September 8, with the responses limited to five pages and no further briefing absent leave or order of Judge Kaufman. The stipulation will also leave to Judge Kaufman whether a Zoom hearing is necessary.

Regarding depositions, thank you for confirming that the dates identified are Defendants' earliest presently available dates. Plaintiffs propose that those dates be held so that the parties do not lose the availability already identified. Plaintiffs will continue to request that any earlier availability arising after September 11 be communicated promptly so that an examination may be advanced where practicable.

Plaintiffs do not agree with Defendants' characterization of the scheduling history in your email and reserve their positions concerning that history. In the interest of moving discovery forward, however, Plaintiffs do not intend to debate that issue in this email today.

We will circulate the proposed stipulation and order promptly.

Regards, Thibault Mauvilain Henri Mazari Plaintiffs, Pro Se

# A7 August 28, 2026 at 01:00 PM

Mailbox date: August 28, 2026, 01:00:12 PM PDT

From: jardalan@onellp.com

To: tm@forceinaction.com, sheila@mojtehedi.com

Cc: carboninla@yahoo.com, pafrasiabi@onellp.com, dquinto@onellp.com, lthomas@onellp.com, mdell@onellp.com

Subject: RE: Mauvilain v. Flynet Pictures, No. 2:25-cv-02757-FLA-MBK — ECF 161 / Joint Stipulation re ECF 147 Briefing Schedule

We do not have earlier availability so let’s proceed on those dates.

As for Mr. Gasperis, he will need a translator and I am not authorized to accept service on this behalf.

# A8 August 28, 2026 at 03:50 PM

Mailbox date: August 28, 2026, 03:50:39 PM PDT

From: tm@forceinaction.com

To: jardalan@onellp.com

Cc: sheila@mojtehedi.com, carboninla@yahoo.com, pafrasiabi@onellp.com, dquinto@onellp.com, lthomas@onellp.com, mdell@onellp.com

Subject: Re: Mauvilain v. Flynet Pictures, No. 2:25-cv-02757-FLA-MBK — ECF 161 / Joint Stipulation re ECF 147 Briefing Schedule

Counsel,

Attached are Plaintiffs' proposed Joint Stipulation Regarding Briefing Schedule on Deposition-Record and Transcript Dispute Pursuant to ECF 147 and the accompanying [Proposed] Order.

The drafts reflect the briefing structure discussed by the parties:

September 3, 2026 — simultaneous opening briefs;

September 8, 2026 — simultaneous response briefs;

opening briefs limited to 10 pages;

response briefs limited to 5 pages; and

no further briefing unless requested or permitted by Judge Kaufman.

The drafts also include a short contingency in the event the Court enters the briefing order after September 1, so that the schedule remains workable.

Please review the attached Word versions and provide any proposed edits or redlines as promptly as practicable.

If Defendants approve the drafts, or after any agreed revisions are incorporated, Plaintiffs are agreeable to having defense counsel file the Joint Stipulation through CM/ECF rather than requiring Plaintiffs to submit it through EDSS. Upon our written confirmation of the final version, counsel may attest to Plaintiffs' concurrence and authorization of our /s/ signatures for purposes of the filing.

The proposed order may likewise be submitted in accordance with Judge Kaufman's applicable proposed-order procedures.

Regards,

Thibault Mauvilain Plaintiff, Pro Se

Henri Mazari Plaintiff, Pro Se

# EXHIBIT B

## September 23 second amended deposition notices

Eight notices, including organizational topic schedules and proofs of service. These are the September 23, 2026 versions in the ARDALAN_FINAL_NEWNOTICES folder. Their inclusion does not establish witness attendance, subpoena service beyond the included proofs, or agreement on procedure.

B1. Flynet Pictures LLC — September 28, 2026

B2. FameFlynet Inc. — September 29, 2026

B3. Scott Cosman — September 30, 2026

B4. BackGrid USA Inc. — October 1, 2026

B5. BackGrid Inc. — October 2, 2026

B6. Shutterstock Inc. — October 5, 2026

B7. Alex Kantif — October 6, 2026

B8. Boris Nizon — October 12, 2026

**THIBAULT MAUVILAIN**
tm@forceinaction.com
4605 Sylmar Avenue, Apt. 312
Sherman Oaks, California 91423
Telephone: 310.770.3612
Plaintiff, Pro Se

**HENRI MAZARI**
carboninla@yahoo.com
2100 Marshallfield Lane
Redondo Beach, California 90278
Telephone: 310.947.7000
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THIBAULT MAUVILAIN, et al.,**<br>Plaintiffs,<br><br>v.<br><br>**FLYNET PICTURES, LLC, et al.,**<br>Defendants. | **Case No. 2:25-cv-02757-FLA-MBK**<br>Hon. Fernando L. Aenlle-Rocha<br>Hon. Michael B. Kaufman<br><br>**PLAINTIFFS' SECOND AMENDED NOTICE OF RULE 30(B)(6) REMOTE DEPOSITION OF DEFENDANT FLYNET PICTURES, LLC** |

**Date:** September 28, 2026
**Time:** 10:00 a.m. Pacific Time
**Place:** Remote videoconference via Zoom, subject to written stipulation or Court order; access information will be provided separately
**Method:** Official audiovisual recording, subject to the Court's forthcoming order

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 28, 30(b)(6), and 32, Plaintiffs Thibault Mauvilain and Henri Mazari will take the remote oral deposition of Defendant Flynet Pictures, LLC, through one or more persons designated to testify on its behalf, on September 28, 2026, beginning at 10:00 a.m. Pacific Time. Plaintiffs notice the deposition to proceed by Zoom, subject to the parties' written stipulation under Rule 30(b)(4) or Court order, for the time permitted by Rule 30(d)(1).

The noticed date falls within the deposition availability window proposed by Defendants' counsel. Zoom access information will be provided separately to counsel, the deponent, and the officer sufficiently in advance of the deposition.

Colette Stark of Video Legal Solutions LLC is identified as the independent officer under Federal Rule of Civil Procedure 28 and as the person responsible for the official audiovisual recording. The officer will administer the oath, make the statements required by Rule 30(b)(5), supervise or personally make the recording, certify the record, preserve the official recording, and deliver the record as required by Rule 30(f).

**PENDING COURT RULING.** The remote procedure, audiovisual recording protocol, officer procedure, and any transcript requirements are expressly subject to Magistrate Judge Michael B. Kaufman's forthcoming ruling in the parties' pending deposition-recording dispute. Plaintiffs will comply with that ruling and will promptly serve any conforming amendment required by it. Unless the parties agree otherwise or the Court orders otherwise, the noticed date and time remain unchanged. Any party may arrange an additional method of recording as permitted by Rule 30(b)(3)(B), subject to the Court's order.

The deposition will be taken for discovery, motion practice, trial, and all other purposes permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence. No request for production of documents is included with this notice.

Pursuant to Rule 30(b)(6), Flynet Pictures, LLC must designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the matters described with reasonable particularity in Schedule A. Each designee must be prepared to testify about information known or reasonably available to the organization. Plaintiffs request identification of each designee and the matters assigned to that designee as soon as practicable before the deposition. Plaintiffs remain available to confer promptly and in good faith. Any requested clarification or narrowing should identify the specific matter and proposed wording.

Dated: September 23, 2026
Respectfully submitted,

**/s/ Thibault Mauvilain**
**THIBAULT MAUVILAIN**
4605 Sylmar Avenue, Apt. 312
Sherman Oaks, California 91423
tm@forceinaction.com | 310.770.3612
Plaintiff, Pro Se

**/s/ Henri Mazari**
**HENRI MAZARI**
2100 Marshallfield Lane
Redondo Beach, California 90278
carboninla@yahoo.com | 310.947.7000
Plaintiff, Pro Se

# SCHEDULE A

## MATTERS FOR EXAMINATION OF FLYNET PICTURES, LLC

### SCOPE AND CONTINUITY WITH PRIOR NOTICE

The matters below are drawn from and narrow the matters contained in the Rule 30(b)(6) notice served by Plaintiffs' former counsel on April 6, 2026. No matter below is intended to enlarge the subject matter of that notice. Omitted matter numbers are intentionally not noticed. For this Schedule A, 'Plaintiffs' means only the two remaining Plaintiffs, Thibault Mauvilain and Henri Mazari, and 'Plaintiffs' photographs' means photographs submitted by or on behalf of either of them. Unless expressly stated otherwise, each matter is limited to nonprivileged facts and information known or reasonably available to Flynet Pictures, LLC concerning Plaintiffs and Plaintiffs' photographs.

Flynet Pictures, LLC is asked to testify only on its own behalf. References to any other entity are limited to Flynet Pictures, LLC's own role, conduct, communications, records, and knowledge reasonably available to it; no designee is asked to testify on behalf of another legal entity.

### MATTERS FOR EXAMINATION

**1.** The formation, ownership, management, operations, and cessation of business of Flynet Pictures, LLC, including the identity of all members, managers, and officers; the dates of active operations; and the circumstances under which Flynet Pictures, LLC ceased active business operations.

**2.** The terms and conditions of any oral, written, or implied-in-fact contributor agreement between Flynet Pictures, LLC and each of the Plaintiffs, including: (a) the dates each relationship commenced and, if applicable, ended; (b) the terms regarding rights granted, including whether any license was exclusive or nonexclusive; (c) the terms regarding attribution, byline, and credit requirements; (d) the terms regarding royalty rates and payment schedules; (e) the terms regarding tracking and reporting of licensing activity; and (f) any variations in terms between the Plaintiffs.

**3.** The process by which Flynet Pictures, LLC received, ingested, edited, and archived photographs from contributors, including Plaintiffs, from 2006 through 2012, including: (a) the software and systems used to receive and store photographs; (b) the handling of IPTC metadata fields, including credit, source, byline, and copyright ownership fields, during ingestion and editing; (c) whether Flynet Pictures, LLC preserved, modified, or stripped any IPTC metadata during editing or distribution; and (d) the persons responsible for these processes.

**4.** The process by which Flynet Pictures, LLC made photographs available for licensing and distributed them to clients, including: (a) the platforms, websites, FTP systems, and databases used; (b) how photographs were organized, displayed, and searchable by clients; (c) how byline and copyright ownership information was displayed to clients; (d) the metadata embedded in files delivered to clients; and (e) how licensing transactions were tracked.

**5.** The process by which Flynet Pictures, LLC calculated, tracked, and paid royalties to contributors, including Plaintiffs, including: (a) the software and systems used, including QuickBooks; (b) the reports generated and provided to contributors; (c) the royalty rates or revenue splits applied; (d) the frequency of payment; and (e) the persons responsible for this process, including Maria Adzehmyan.

**6.** The nature, terms, and circumstances of the transaction between Flynet Pictures, LLC and Fame Pictures that resulted in the formation or operation of FameFlynet Inc., including: (a) all agreements relating to the transaction, including asset purchase agreements, assignment agreements, or other instruments; (b) whether the transaction involved a transfer of contributor agreements, photograph archives, client relationships, or licensing rights; (c) whether the obligations of Flynet Pictures, LLC under contributor agreements were assumed, assigned, or otherwise continued by FameFlynet Inc.; and (d) the roles of Scott Cosman and Boris Nizon in the transaction and in FameFlynet Inc.

**7.** FameFlynet Inc.'s operations with respect to Plaintiffs' photographs, including: (a) whether FameFlynet continued to exploit Flynet-era photographs and under what authority; (b) the terms on which FameFlynet distributed, licensed, and displayed Flynet-era photographs; (c) any changes to metadata, byline, credit, or copyright ownership information applied to Flynet-era photographs by FameFlynet; (d) whether FameFlynet maintained or replaced Plaintiffs' authorship, source, and copyright ownership information in IPTC metadata; and (e) attribution practices applied by FameFlynet, including the origin and use of any FameFlynet credit line.

**8.** The nature, terms, and circumstances of the transaction between FameFlynet Inc. and AKM-GSI that resulted in the formation or operation of BackGrid, including: (a) all agreements relating to the transaction; (b) the assets transferred, including photograph archives, contributor systems, and client relationships; (c) whether the obligations of FameFlynet

Inc. under contributor agreements were assumed, assigned, or otherwise continued by BackGrid; and (d) the persons involved in negotiating and executing the transaction.

**9.** The circumstances surrounding Henri Mazari's September 2011 termination of his contributor relationship with Flynet, including: (a) the communications received from Mazari; (b) the actions, if any, Flynet or FameFlynet took in response; (c) whether Mazari's photographs were removed from active distribution; (d) whether any successor entity was informed of the termination; and (e) whether any licensing of Mazari's photographs continued after the termination.

**10.** The policies, practices, and circumstances relating to the retention, storage, and destruction of documents and records of Flynet Pictures, LLC and FameFlynet Inc., including: (a) what records were maintained and in what format; (b) what records were transferred to FameFlynet or BackGrid; (c) what records were destroyed and when; and (d) any litigation hold or preservation obligations.

**11.** Whether Flynet Pictures, LLC or FameFlynet Inc. knew or had reason to know that any authorship, credit, byline, source, or copyright ownership information associated with Plaintiffs' photographs was altered, removed, or replaced with false information at any time, including by any successor entity, and any communications with successor entities regarding attribution practices.

**12.** The total gross revenue received by Flynet Pictures, LLC and FameFlynet Inc. from the licensing of Plaintiffs' photographs, including: (a) the total licensing fees collected; (b) the amounts paid to Plaintiffs as royalties; (c) the amounts retained; and (d) any licensing for which no royalty was paid to the photographer.

# PROOF OF SERVICE

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Mauvilain, et al. v. Flynet Pictures, LLC, et al.
Case No. 2:25-cv-02757-FLA-MBK

I, Thibault Mauvilain, declare that I am over the age of eighteen and am a Plaintiff appearing pro se in this action.

On September 23, 2026, I served **PLAINTIFFS' SECOND AMENDED NOTICE OF RULE 30(B)(6) REMOTE DEPOSITION OF DEFENDANT FLYNET PICTURES, LLC, INCLUDING SCHEDULE A** by electronic mail upon the following counsel of record at the email addresses previously used for service in this litigation:

| | |
|---|---|
| **Joanna Ardalan — jardalan@onellp.com**<br>**Peter R. Afrasiabi — pafrasiabi@onellp.com**<br>**David W. Quinto — dquinto@onellp.com**<br>Counsel for BackGrid Inc., BackGrid USA, Inc., and Shutterstock, Inc. | **Sheila Mojtehedi**<br>sheila@mojtehedi.com<br>Counsel for Flynet Pictures, LLC and FameFlynet Inc. |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 23, 2026, in Sherman Oaks, California.

**/s/ Thibault Mauvilain**
**THIBAULT MAUVILAIN**
Plaintiff, Pro Se

**THIBAULT MAUVILAIN**
tm@forceinaction.com
4605 Sylmar Avenue, Apt. 312
Sherman Oaks, California 91423
Telephone: 310.770.3612
Plaintiff, Pro Se

**HENRI MAZARI**
carboninla@yahoo.com
2100 Marshallfield Lane
Redondo Beach, California 90278
Telephone: 310.947.7000
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THIBAULT MAUVILAIN, et al.,**<br>Plaintiffs,<br><br>v.<br><br>**FLYNET PICTURES, LLC, et al.,**<br>Defendants. | **Case No. 2:25-cv-02757-FLA-MBK**<br>Hon. Fernando L. Aenlle-Rocha<br>Hon. Michael B. Kaufman<br><br>**PLAINTIFFS' SECOND AMENDED NOTICE OF RULE 30(B)(6) REMOTE DEPOSITION OF DEFENDANT FAMEFLYNET INC.** |

**Date:** September 29, 2026
**Time:** 10:00 a.m. Pacific Time
**Place:** Remote videoconference via Zoom, subject to written stipulation or Court order; access information will be provided separately
**Method:** Official audiovisual recording, subject to the Court's forthcoming order

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 28, 30(b)(6), and 32, Plaintiffs Thibault Mauvilain and Henri Mazari will take the remote oral deposition of Defendant FameFlynet Inc., through one or more persons designated to testify on its behalf, on September 29, 2026, beginning at 10:00 a.m. Pacific Time. Plaintiffs notice the deposition to proceed by Zoom, subject to the parties' written stipulation under Rule 30(b)(4) or Court order, for the time permitted by Rule 30(d)(1).

The noticed date falls within the deposition availability window proposed by Defendants' counsel. Zoom access information will be provided separately to counsel, the deponent, and the officer sufficiently in advance of the deposition.

Colette Stark of Video Legal Solutions LLC is identified as the independent officer under Federal Rule of Civil Procedure 28 and as the person responsible for the official audiovisual recording. The officer will administer the oath, make the statements required by Rule 30(b)(5), supervise or personally make the recording, certify the record, preserve the official recording, and deliver the record as required by Rule 30(f).

**PENDING COURT RULING.** The remote procedure, audiovisual recording protocol, officer procedure, and any transcript requirements are expressly subject to Magistrate Judge Michael B. Kaufman's forthcoming ruling in the parties' pending deposition-recording dispute. Plaintiffs will comply with that ruling and will promptly serve any conforming amendment required by it. Unless the parties agree otherwise or the Court orders otherwise, the noticed date and time remain unchanged. Any party may arrange an additional method of recording as permitted by Rule 30(b)(3)(B), subject to the Court's order.

The deposition will be taken for discovery, motion practice, trial, and all other purposes permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence. No request for production of documents is included with this notice.

Pursuant to Rule 30(b)(6), FameFlynet Inc. must designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the matters described with reasonable particularity in Schedule A. Each designee must be prepared to testify about information known or reasonably available to the organization. Plaintiffs request identification of each designee and the matters assigned to that designee as soon as practicable before the deposition. Plaintiffs remain available to confer promptly and in good faith. Any requested clarification or narrowing should identify the specific matter and proposed wording.

Dated: September 23, 2026
Respectfully submitted,

**/s/ Thibault Mauvilain**
**THIBAULT MAUVILAIN**
4605 Sylmar Avenue, Apt. 312
Sherman Oaks, California 91423
tm@forceinaction.com | 310.770.3612
Plaintiff, Pro Se

**/s/ Henri Mazari**
**HENRI MAZARI**
2100 Marshallfield Lane
Redondo Beach, California 90278
carboninla@yahoo.com | 310.947.7000
Plaintiff, Pro Se

# SCHEDULE A

## MATTERS FOR EXAMINATION OF FAMEFLYNET INC.

### SCOPE AND CONTINUITY WITH PRIOR NOTICE

The matters below are drawn from and narrow the matters contained in the Rule 30(b)(6) notice served by Plaintiffs' former counsel on April 6, 2026. No matter below is intended to enlarge the subject matter of that notice. Omitted matter numbers are intentionally not noticed. For this Schedule A, 'Plaintiffs' means only the two remaining Plaintiffs, Thibault Mauvilain and Henri Mazari, and 'Plaintiffs' photographs' means photographs submitted by or on behalf of either of them. Unless expressly stated otherwise, each matter is limited to nonprivileged facts and information known or reasonably available to FameFlynet Inc. concerning Plaintiffs and Plaintiffs' photographs.

FameFlynet Inc. is asked to testify only on its own behalf. References to any other entity are limited to FameFlynet Inc.'s own role, conduct, communications, records, and knowledge reasonably available to it; no designee is asked to testify on behalf of another legal entity.

### MATTERS FOR EXAMINATION

**1.** The formation, ownership, management, operations, and cessation of business of FameFlynet Inc., including the identity of all members, managers, and officers; the dates of active operations; and the circumstances under which FameFlynet Inc. ceased active business operations.

**2.** The terms and conditions of any oral, written, or implied-in-fact contributor agreement between FameFlynet Inc. and each of the Plaintiffs, including: (a) the dates each relationship commenced and, if applicable, ended; (b) the terms regarding rights granted, including whether any license was exclusive or nonexclusive; (c) the terms regarding attribution, byline, and credit requirements; (d) the terms regarding royalty rates and payment schedules; (e) the terms regarding tracking and reporting of licensing activity; and (f) any variations in terms between the Plaintiffs.

**3.** The process by which FameFlynet Inc. received, ingested, edited, and archived photographs from contributors, including Plaintiffs, from approximately 2012 through 2017, including: (a) the software and systems used to receive and store photographs; (b) the handling of IPTC metadata fields, including credit, source, byline, and copyright ownership fields, during ingestion and editing; (c) whether FameFlynet Inc. preserved, modified, or stripped any IPTC metadata during editing or distribution; and (d) the persons responsible for these processes.

**4.** The process by which FameFlynet Inc. made photographs available for licensing and distributed them to clients, including: (a) the platforms, websites, FTP systems, and databases used; (b) how photographs were organized, displayed, and searchable by clients; (c) how byline and copyright ownership information was displayed to clients; (d) the metadata embedded in files delivered to clients; and (e) how licensing transactions were tracked.

**5.** The process by which FameFlynet Inc. calculated, tracked, and paid royalties to contributors, including Plaintiffs, including: (a) the software and systems used, including QuickBooks; (b) the reports generated and provided to contributors; (c) the royalty rates or revenue splits applied; (d) the frequency of payment; and (e) the persons responsible for this process, including Maria Adzehmyan.

**6.** The nature, terms, and circumstances of the transaction between Flynet Pictures, LLC and Fame Pictures that resulted in the formation or operation of FameFlynet Inc., including: (a) all agreements relating to the transaction, including asset purchase agreements, assignment agreements, or other instruments; (b) whether the transaction involved a transfer of contributor agreements, photograph archives, client relationships, or licensing rights; (c) whether the obligations of Flynet Pictures, LLC under contributor agreements were assumed, assigned, or otherwise continued by FameFlynet Inc.; and (d) the roles of Scott Cosman and Boris Nizon in the transaction and in FameFlynet Inc.

**7.** FameFlynet Inc.'s operations with respect to Plaintiffs' photographs, including: (a) whether FameFlynet continued to exploit Flynet-era photographs and under what authority; (b) the terms on which FameFlynet distributed, licensed, and displayed Flynet-era photographs; (c) any changes to metadata, byline, credit, or copyright ownership information applied to Flynet-era photographs by FameFlynet; (d) whether FameFlynet maintained or replaced Plaintiffs' authorship, source, and copyright ownership information in IPTC metadata; and (e) attribution practices applied by FameFlynet, including the origin and use of any FameFlynet credit line.

**8.** The nature, terms, and circumstances of the transaction between FameFlynet Inc. and AKM-GSI that resulted in the formation or operation of BackGrid, including: (a) all agreements relating to the transaction; (b) the assets transferred, including photograph archives, contributor systems, and client relationships; (c) whether the obligations of FameFlynet

Inc. under contributor agreements were assumed, assigned, or otherwise continued by BackGrid; and (d) the persons involved in negotiating and executing the transaction.

**9.** The circumstances surrounding Henri Mazari's September 2011 termination of his contributor relationship with Flynet, including: (a) the communications received from Mazari; (b) the actions, if any, Flynet or FameFlynet took in response; (c) whether Mazari's photographs were removed from active distribution; (d) whether any successor entity was informed of the termination; and (e) whether any licensing of Mazari's photographs continued after the termination.

**10.** The policies, practices, and circumstances relating to the retention, storage, and destruction of documents and records of Flynet Pictures, LLC and FameFlynet Inc., including: (a) what records were maintained and in what format; (b) what records were transferred to FameFlynet or BackGrid; (c) what records were destroyed and when; and (d) any litigation hold or preservation obligations.

**11.** Whether Flynet Pictures, LLC or FameFlynet Inc. knew or had reason to know that any authorship, credit, byline, source, or copyright ownership information associated with Plaintiffs' photographs was altered, removed, or replaced with false information at any time, including by any successor entity, and any communications with successor entities regarding attribution practices.

**12.** The total gross revenue received by Flynet Pictures, LLC and FameFlynet Inc. from the licensing of Plaintiffs' photographs, including: (a) the total licensing fees collected; (b) the amounts paid to Plaintiffs as royalties; (c) the amounts retained; and (d) any licensing for which no royalty was paid to the photographer.

# PROOF OF SERVICE

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Mauvilain, et al. v. Flynet Pictures, LLC, et al.
Case No. 2:25-cv-02757-FLA-MBK

I, Thibault Mauvilain, declare that I am over the age of eighteen and am a Plaintiff appearing pro se in this action.

On September 23, 2026, I served **PLAINTIFFS' SECOND AMENDED NOTICE OF RULE 30(B)(6) REMOTE DEPOSITION OF DEFENDANT FAMEFLYNET INC., INCLUDING SCHEDULE A** by electronic mail upon the following counsel of record at the email addresses previously used for service in this litigation:

| | |
|---|---|
| **Joanna Ardalan — jardalan@onellp.com**<br>**Peter R. Afrasiabi — pafrasiabi@onellp.com**<br>**David W. Quinto — dquinto@onellp.com**<br>Counsel for BackGrid Inc., BackGrid USA, Inc., and Shutterstock, Inc. | **Sheila Mojtehedi**<br>sheila@mojtehedi.com<br>Counsel for Flynet Pictures, LLC and FameFlynet Inc. |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 23, 2026, in Sherman Oaks, California.

**/s/ Thibault Mauvilain**
**THIBAULT MAUVILAIN**
Plaintiff, Pro Se

**THIBAULT MAUVILAIN**
tm@forceinaction.com
4605 Sylmar Avenue, Apt. 312
Sherman Oaks, California 91423
Telephone: 310.770.3612
Plaintiff, Pro Se

**HENRI MAZARI**
carboninla@yahoo.com
2100 Marshallfield Lane
Redondo Beach, California 90278
Telephone: 310.947.7000
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THIBAULT MAUVILAIN, et al.,**<br>Plaintiffs,<br><br>v.<br><br>**FLYNET PICTURES, LLC, et al.,**<br>Defendants. | **Case No. 2:25-cv-02757-FLA-MBK**<br>Hon. Fernando L. Aenlle-Rocha<br>Hon. Michael B. Kaufman<br><br>**PLAINTIFFS' SECOND AMENDED NOTICE OF REMOTE ORAL DEPOSITION OF SCOTT COSMAN** |

**Date:** September 30, 2026
**Time:** 10:00 a.m. Pacific Time
**Place:** Remote videoconference via Zoom, subject to written stipulation or Court order; access information will be provided separately
**Method:** Official audiovisual recording, subject to the Court's forthcoming order

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 28, 30, and 32, Plaintiffs Thibault Mauvilain and Henri Mazari will take the remote oral deposition of Scott Cosman on September 30, 2026, beginning at 10:00 a.m. Pacific Time. Plaintiffs notice the deposition to proceed by Zoom, subject to the parties' written stipulation under Rule 30(b)(4) or Court order, for the time permitted by Rule 30(d)(1).

The noticed date falls within the deposition availability window proposed by Defendants' counsel. Zoom access information will be provided separately to counsel, the deponent, and the officer sufficiently in advance of the deposition.

Colette Stark of Video Legal Solutions LLC is identified as the independent officer under Federal Rule of Civil Procedure 28 and as the person responsible for the official audiovisual recording. The officer will administer the oath, make the statements required by Rule 30(b)(5), supervise or personally make the recording, certify the record, preserve the official recording, and deliver the record as required by Rule 30(f).

**PENDING COURT RULING.** The remote procedure, audiovisual recording protocol, officer procedure, and any transcript requirements are expressly subject to Magistrate Judge Michael B. Kaufman's forthcoming ruling in the parties' pending deposition-recording dispute. Plaintiffs will comply with that ruling and will promptly serve any conforming amendment required by it. Unless the parties agree otherwise or the Court orders otherwise, the noticed date and time remain unchanged. Any party may arrange an additional method of recording as permitted by Rule 30(b)(3)(B), subject to the Court's order.

The deposition will be taken for discovery, motion practice, trial, and all other purposes permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence. No request for production of documents is included with this notice.

Plaintiffs request that Defendants, through their respective counsel, voluntarily produce Scott Cosman at the noticed date and time. This notice does not waive Plaintiffs' right to serve a subpoena under Federal Rule of Civil Procedure 45 if necessary.

Dated: September 23, 2026
Respectfully submitted,

**/s/ Thibault Mauvilain**
**THIBAULT MAUVILAIN**
4605 Sylmar Avenue, Apt. 312
Sherman Oaks, California 91423
tm@forceinaction.com | 310.770.3612
Plaintiff, Pro Se

**/s/ Henri Mazari**
**HENRI MAZARI**
2100 Marshallfield Lane
Redondo Beach, California 90278
carboninla@yahoo.com | 310.947.7000
Plaintiff, Pro Se

# PROOF OF SERVICE

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Mauvilain, et al. v. Flynet Pictures, LLC, et al.
Case No. 2:25-cv-02757-FLA-MBK

I, Thibault Mauvilain, declare that I am over the age of eighteen and am a Plaintiff appearing pro se in this action.

On September 23, 2026, I served **PLAINTIFFS' SECOND AMENDED NOTICE OF REMOTE ORAL DEPOSITION OF SCOTT COSMAN** by electronic mail upon the following counsel of record at the email addresses previously used for service in this litigation:

| | |
|---|---|
| **Joanna Ardalan — jardalan@onellp.com**<br>**Peter R. Afrasiabi — pafrasiabi@onellp.com**<br>**David W. Quinto — dquinto@onellp.com**<br>Counsel for BackGrid Inc., BackGrid USA, Inc., and Shutterstock, Inc. | **Sheila Mojtehedi**<br>sheila@mojtehedi.com<br>Counsel for Flynet Pictures, LLC and FameFlynet Inc. |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 23, 2026, in Sherman Oaks, California.

**/s/ Thibault Mauvilain**
**THIBAULT MAUVILAIN**
Plaintiff, Pro Se

**THIBAULT MAUVILAIN**
tm@forceinaction.com
4605 Sylmar Avenue, Apt. 312
Sherman Oaks, California 91423
Telephone: 310.770.3612
Plaintiff, Pro Se

**HENRI MAZARI**
carboninla@yahoo.com
2100 Marshallfield Lane
Redondo Beach, California 90278
Telephone: 310.947.7000
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THIBAULT MAUVILAIN, et al.,**<br>Plaintiffs,<br><br>v.<br><br>**FLYNET PICTURES, LLC, et al.,**<br>Defendants. | **Case No. 2:25-cv-02757-FLA-MBK**<br>Hon. Fernando L. Aenlle-Rocha<br>Hon. Michael B. Kaufman<br><br>**PLAINTIFFS' SECOND AMENDED NOTICE OF RULE 30(B)(6) REMOTE DEPOSITION OF DEFENDANT BACKGRID USA, INC.** |

**Date:** October 1, 2026
**Time:** 10:00 a.m. Pacific Time
**Place:** Remote videoconference via Zoom, subject to written stipulation or Court order; access information will be provided separately
**Method:** Official audiovisual recording, subject to the Court's forthcoming order

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 28, 30(b)(6), and 32, Plaintiffs Thibault Mauvilain and Henri Mazari will take the remote oral deposition of Defendant BackGrid USA, Inc., through one or more persons designated to testify on its behalf, on October 1, 2026, beginning at 10:00 a.m. Pacific Time. Plaintiffs notice the deposition to proceed by Zoom, subject to the parties' written stipulation under Rule 30(b)(4) or Court order, for the time permitted by Rule 30(d)(1).

The noticed date falls within the deposition availability window proposed by Defendants' counsel. Zoom access information will be provided separately to counsel, the deponent, and the officer sufficiently in advance of the deposition.

Colette Stark of Video Legal Solutions LLC is identified as the independent officer under Federal Rule of Civil Procedure 28 and as the person responsible for the official audiovisual recording. The officer will administer the oath, make the statements required by Rule 30(b)(5), supervise or personally make the recording, certify the record, preserve the official recording, and deliver the record as required by Rule 30(f).

**PENDING COURT RULING.** The remote procedure, audiovisual recording protocol, officer procedure, and any transcript requirements are expressly subject to Magistrate Judge Michael B. Kaufman's forthcoming ruling in the parties' pending deposition-recording dispute. Plaintiffs will comply with that ruling and will promptly serve any conforming amendment required by it. Unless the parties agree otherwise or the Court orders otherwise, the noticed date and time remain unchanged. Any party may arrange an additional method of recording as permitted by Rule 30(b)(3)(B), subject to the Court's order.

The deposition will be taken for discovery, motion practice, trial, and all other purposes permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence. No request for production of documents is included with this notice.

Pursuant to Rule 30(b)(6), BackGrid USA, Inc. must designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the matters described with reasonable particularity in Schedule A. Each designee must be prepared to testify about information known or reasonably available to the organization. Plaintiffs request identification of each designee and the matters assigned to that designee as soon as practicable before the deposition. Plaintiffs remain available to confer promptly and in good faith. Any requested clarification or narrowing should identify the specific matter and proposed wording.

Dated: September 23, 2026
Respectfully submitted,

**/s/ Thibault Mauvilain**
**THIBAULT MAUVILAIN**
4605 Sylmar Avenue, Apt. 312
Sherman Oaks, California 91423
tm@forceinaction.com | 310.770.3612
Plaintiff, Pro Se

**/s/ Henri Mazari**
**HENRI MAZARI**
2100 Marshallfield Lane
Redondo Beach, California 90278
carboninla@yahoo.com | 310.947.7000
Plaintiff, Pro Se

# SCHEDULE A

## MATTERS FOR EXAMINATION OF BACKGRID USA, INC.

### SCOPE AND CONTINUITY WITH PRIOR NOTICE

The matters below are drawn from and narrow the matters contained in the Rule 30(b)(6) notice served by Plaintiffs' former counsel on April 6, 2026. No matter below is intended to enlarge the subject matter of that notice. Omitted matter numbers are intentionally not noticed. For this Schedule A, 'Plaintiffs' means only the two remaining Plaintiffs, Thibault Mauvilain and Henri Mazari, and 'Plaintiffs' photographs' means photographs submitted by or on behalf of either of them. Unless expressly stated otherwise, each matter is limited to nonprivileged facts and information known or reasonably available to BackGrid USA, Inc. concerning Plaintiffs and Plaintiffs' photographs.

BackGrid USA, Inc. is asked to testify only on its own behalf. References to any other entity are limited to BackGrid USA, Inc.'s own role, conduct, communications, records, and knowledge reasonably available to it; no designee is asked to testify on behalf of another legal entity.

### MATTERS FOR EXAMINATION

**1.** The corporate formation, ownership, management, and operations of BackGrid Inc. and BackGrid USA, Inc., including: (a) the relationship between BackGrid Inc. and BackGrid USA, Inc., including any shared management, employees, systems, or resources; (b) each entity's respective role in operating the BackGrid photograph distribution and licensing business; (c) the identity of all officers, directors, and key employees of each entity; and (d) the roles of Alex Kantif and Steven Ginsburg.

**2.** BackGrid USA, Inc.'s knowledge of the circumstances under which BackGrid Inc. acquired or obtained the FameFlynet photograph archive and contributor relationships, including: (a) all agreements relating to the acquisition; (b) the assets acquired, including archives, databases, contributor systems, client relationships, and licensing rights; (c) what due diligence, if any, was conducted regarding the ownership, attribution, and licensing status of photographs in the archive; (d) whether BackGrid Inc. assumed or continued obligations under contributor agreements between Plaintiffs and Flynet or FameFlynet; and (e) the persons involved in the transaction.

**3.** The February 2024 acquisition of BackGrid USA, Inc. by Shutterstock, Inc., including: (a) the agreements relating to the acquisition; (b) the assets and liabilities transferred; (c) the due diligence, if any, regarding the ownership, attribution, and licensing status of Plaintiffs' photographs in the BackGrid archive; (d) whether Shutterstock assumed or continued obligations under contributor agreements; (e) whether Shutterstock was informed of any claims or disputes regarding metadata or attribution; and (f) Shutterstock's continued operation, control, or benefit from the BackGrid archive and licensing business after the acquisition.

**4.** The nature and terms of any agreement - oral, written, or implied-in-fact - between BackGrid Inc., BackGrid USA, Inc., or Shutterstock, Inc. and each of the Plaintiffs, including: (a) whether either Plaintiff entered into a contributor agreement directly with BackGrid Inc., BackGrid USA, Inc., or Shutterstock; (b) the terms of any contributor relationship reflected in the BackGrid database; (c) the basis on which BackGrid offered a Plaintiff's photographs for license if that Plaintiff was not listed as a contributor; and (d) communications with Plaintiffs regarding attribution, licensing, or royalty terms.

**5.** The process by which Plaintiffs' photographs from Flynet and FameFlynet were migrated into BackGrid systems, including: (a) when the migration occurred; (b) the systems and software used; (c) how IPTC metadata, including credit, source, byline, and copyright ownership fields, was handled during migration; (d) whether original photographer-embedded metadata was preserved, altered, or overwritten during migration; and (e) the persons responsible for the migration process.

**6.** The policies, practices, and procedures regarding the handling, preservation, alteration, or removal of IPTC metadata - including credit, source, byline, and copyright ownership fields - from Plaintiffs' photographs submitted by contributors or acquired through archive migration, including: (a) the software and automated processes used to read, write, or modify IPTC metadata; (b) the persons responsible for those processes; and (c) the factual basis for the assertion that photographs submitted by Plaintiffs were issued for license with the same CMI included by Plaintiffs upon submission or with no CMI at all.

**7.** The origin, purpose, and application to Plaintiffs' photographs of the 'FameFlynet/BACKGRID' credit and the 'Copyright © [year] BACKGRID, Inc.' copyright field, including: (a) when these attributions were first applied; (b) the decision-making process and persons responsible; (c) whether these attributions were applied to Plaintiffs' photographs for which the original contributor's authorship or copyright ownership information had been removed or altered; (d) the number of

Plaintiffs' photographs and sets to which these attributions were applied; (e) the factual basis for attributing copyright ownership to BackGrid USA, Inc. in the IPTC metadata of photographs authored and owned by Plaintiffs; and (f) nonprivileged internal communications regarding these attribution practices.

**8.** The BackGrid client portal used by third-party media clients, including: (a) its search, display, and licensing functionality; (b) how photographs are organized into sets and assigned set codes; (c) what credit and copyright ownership information is displayed to clients; (d) what metadata is embedded in files downloaded or licensed through the portal; and (e) how licensing transactions involving Plaintiffs' photographs are initiated, tracked, and recorded.

**9.** The BackGrid contributor portal accessible to contributors, including: (a) its functionality and the licensing, attribution, and accounting information provided to contributors; (b) differences between information available on the contributor portal and client portal, including Plaintiffs' photographs offered for license through the client portal but not visible on the contributor portal; (c) whether Plaintiffs' photographs appearing on the client portal were absent from the contributor portal; and (d) the reasons for any such discrepancies.

**10.** The systems, records, and identified licensing transactions concerning Plaintiffs' photographs in which BackGrid USA, Inc. licensed, distributed, or delivered those photographs, including: (a) records identifying licensees; (b) dates and material terms of licenses; (c) the credit, byline, and copyright ownership information embedded in licensed files; (d) licensing fees received; (e) royalties, if any, paid to the photographer; and (f) records identifying transactions in which a licensed file contained 'FameFlynet/BACKGRID' credit or 'Copyright © [year] BACKGRID, Inc.' information. This matter seeks testimony based on the organization's systems, records, and information reasonably available to it and does not require a designee to memorize each transaction.

**11.** The total gross revenue received by BackGrid USA, Inc. from licensing Plaintiffs' photographs, including: (a) licensing fees collected per Plaintiff and per set; (b) amounts paid to Plaintiffs as royalties; (c) amounts retained; (d) licensing transactions for which no royalty was paid to the photographer; and (e) the systems, software, and reports used to track revenue and royalties.

**12.** The 2024 communications between Plaintiffs' counsel and BackGrid USA, Inc. regarding metadata and CMI issues, including: (a) communications received from Plaintiffs' counsel; (b) the investigation, if any, conducted in response; (c) remedial actions, if any; (d) whether Plaintiffs' photographs continued to be displayed, offered for license, or licensed after notice; (e) the termination of licenses by Plaintiffs' counsel in 2024; (f) actions taken after that termination; and (g) any offer by defense counsel to update credit information.

**13.** Knowledge of Henri Mazari's September 2011 termination, including: (a) whether the organization was informed of the termination; (b) whether FameFlynet communicated information about that termination during the archive transition or acquisition; (c) whether Mazari's photographs nevertheless continued to be offered for license; (d) revenue, if any, received from licensing Mazari's photographs after the termination; and (e) the basis for any continued exploitation of those photographs.

**15.** The policies, practices, and circumstances relating to the retention, storage, and destruction of documents and records of BackGrid USA, Inc. relating to Plaintiffs' photographs, including: (a) litigation hold or preservation obligations; (b) records maintained and their format; and (c) any destruction or loss of relevant records.

# PROOF OF SERVICE

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Mauvilain, et al. v. Flynet Pictures, LLC, et al.
Case No. 2:25-cv-02757-FLA-MBK

I, Thibault Mauvilain, declare that I am over the age of eighteen and am a Plaintiff appearing pro se in this action.

On September 23, 2026, I served **PLAINTIFFS' SECOND AMENDED NOTICE OF RULE 30(B)(6) REMOTE DEPOSITION OF DEFENDANT BACKGRID USA, INC., INCLUDING SCHEDULE A** by electronic mail upon the following counsel of record at the email addresses previously used for service in this litigation:

| | |
|---|---|
| **Joanna Ardalan — jardalan@onellp.com**<br>**Peter R. Afrasiabi — pafrasiabi@onellp.com**<br>**David W. Quinto — dquinto@onellp.com**<br>Counsel for BackGrid Inc., BackGrid USA, Inc., and Shutterstock, Inc. | **Sheila Mojtehedi**<br>sheila@mojtehedi.com<br>Counsel for Flynet Pictures, LLC and FameFlynet Inc. |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 23, 2026, in Sherman Oaks, California.

**/s/ Thibault Mauvilain**
**THIBAULT MAUVILAIN**
Plaintiff, Pro Se

**THIBAULT MAUVILAIN**
tm@forceinaction.com
4605 Sylmar Avenue, Apt. 312
Sherman Oaks, California 91423
Telephone: 310.770.3612
Plaintiff, Pro Se

**HENRI MAZARI**
carboninla@yahoo.com
2100 Marshallfield Lane
Redondo Beach, California 90278
Telephone: 310.947.7000
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THIBAULT MAUVILAIN, et al.,**<br>Plaintiffs,<br><br>v.<br><br>**FLYNET PICTURES, LLC, et al.,**<br>Defendants. | **Case No. 2:25-cv-02757-FLA-MBK**<br>Hon. Fernando L. Aenlle-Rocha<br>Hon. Michael B. Kaufman<br><br>**PLAINTIFFS' SECOND AMENDED NOTICE OF RULE 30(B)(6) REMOTE DEPOSITION OF DEFENDANT BACKGRID INC.** |

**Date:** October 2, 2026
**Time:** 10:00 a.m. Pacific Time
**Place:** Remote videoconference via Zoom, subject to written stipulation or Court order; access information will be provided separately
**Method:** Official audiovisual recording, subject to the Court's forthcoming order

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 28, 30(b)(6), and 32, Plaintiffs Thibault Mauvilain and Henri Mazari will take the remote oral deposition of Defendant BackGrid Inc., through one or more persons designated to testify on its behalf, on October 2, 2026, beginning at 10:00 a.m. Pacific Time. Plaintiffs notice the deposition to proceed by Zoom, subject to the parties' written stipulation under Rule 30(b)(4) or Court order, for the time permitted by Rule 30(d)(1).

The noticed date falls within the deposition availability window proposed by Defendants' counsel. Zoom access information will be provided separately to counsel, the deponent, and the officer sufficiently in advance of the deposition.

Colette Stark of Video Legal Solutions LLC is identified as the independent officer under Federal Rule of Civil Procedure 28 and as the person responsible for the official audiovisual recording. The officer will administer the oath, make the statements required by Rule 30(b)(5), supervise or personally make the recording, certify the record, preserve the official recording, and deliver the record as required by Rule 30(f).

**PENDING COURT RULING.** The remote procedure, audiovisual recording protocol, officer procedure, and any transcript requirements are expressly subject to Magistrate Judge Michael B. Kaufman's forthcoming ruling in the parties' pending deposition-recording dispute. Plaintiffs will comply with that ruling and will promptly serve any conforming amendment required by it. Unless the parties agree otherwise or the Court orders otherwise, the noticed date and time remain unchanged. Any party may arrange an additional method of recording as permitted by Rule 30(b)(3)(B), subject to the Court's order.

The deposition will be taken for discovery, motion practice, trial, and all other purposes permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence. No request for production of documents is included with this notice.

Pursuant to Rule 30(b)(6), BackGrid Inc. must designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the matters described with reasonable particularity in Schedule A. Each designee must be prepared to testify about information known or reasonably available to the organization. Plaintiffs request identification of each designee and the matters assigned to that designee as soon as practicable before the deposition. Plaintiffs remain available to confer promptly and in good faith. Any requested clarification or narrowing should identify the specific matter and proposed wording.

Dated: September 23, 2026
Respectfully submitted,

**/s/ Thibault Mauvilain**
**THIBAULT MAUVILAIN**
4605 Sylmar Avenue, Apt. 312
Sherman Oaks, California 91423
tm@forceinaction.com | 310.770.3612
Plaintiff, Pro Se

**/s/ Henri Mazari**
**HENRI MAZARI**
2100 Marshallfield Lane
Redondo Beach, California 90278
carboninla@yahoo.com | 310.947.7000
Plaintiff, Pro Se

# SCHEDULE A

## MATTERS FOR EXAMINATION OF BACKGRID INC.

### SCOPE AND CONTINUITY WITH PRIOR NOTICE

The matters below are drawn from and narrow the matters contained in the Rule 30(b)(6) notice served by Plaintiffs' former counsel on April 6, 2026. No matter below is intended to enlarge the subject matter of that notice. Omitted matter numbers are intentionally not noticed. For this Schedule A, 'Plaintiffs' means only the two remaining Plaintiffs, Thibault Mauvilain and Henri Mazari, and 'Plaintiffs' photographs' means photographs submitted by or on behalf of either of them. Unless expressly stated otherwise, each matter is limited to nonprivileged facts and information known or reasonably available to BackGrid Inc. concerning Plaintiffs and Plaintiffs' photographs.

BackGrid Inc. is asked to testify only on its own behalf. References to any other entity are limited to BackGrid Inc.'s own role, conduct, communications, records, and knowledge reasonably available to it; no designee is asked to testify on behalf of another legal entity.

### MATTERS FOR EXAMINATION

**1.** BackGrid Inc.'s corporate formation, ownership, management, and historical operations, including: (a) its relationship with BackGrid USA, Inc.; (b) its role in acquiring, holding, migrating, distributing, or licensing the FameFlynet photograph archive; (c) the division of responsibilities between BackGrid Inc. and BackGrid USA, Inc. concerning that archive; (d) any shared management, employees, systems, or resources relevant to that role; and (e) the roles of Alex Kantif and Steven Ginsburg in BackGrid Inc.'s activities.

**2.** The circumstances under which BackGrid Inc. acquired or obtained the FameFlynet photograph archive and contributor relationships, including: (a) all agreements relating to the acquisition; (b) the assets acquired, including archives, databases, contributor systems, client relationships, and licensing rights; (c) what due diligence, if any, was conducted regarding the ownership, attribution, and licensing status of photographs in the archive; (d) whether BackGrid Inc. assumed or continued obligations under contributor agreements between Plaintiffs and Flynet or FameFlynet; and (e) the persons involved in the transaction.

**4.** The nature and terms of any agreement - oral, written, or implied-in-fact - between BackGrid Inc. and each Plaintiff, including: (a) whether either Plaintiff entered into a contributor agreement directly with BackGrid Inc.; (b) the terms of any contributor relationship reflected in records maintained or controlled by BackGrid Inc.; (c) the basis on which BackGrid Inc. offered a Plaintiff's photographs for license if that Plaintiff was not listed as a contributor; and (d) BackGrid Inc.'s communications with Plaintiffs regarding attribution, licensing, or royalty terms.

**5.** BackGrid Inc.'s role in and knowledge of the process by which Plaintiffs' photographs from Flynet and FameFlynet were migrated into BackGrid systems, including: (a) when the migration occurred; (b) the systems and software used; (c) how IPTC metadata, including credit, source, byline, and copyright ownership fields, was handled during migration; (d) whether original photographer-embedded metadata was preserved, altered, or overwritten during migration; and (e) the persons acting for BackGrid Inc. who were responsible for or knowledgeable about the migration process.

**6.** BackGrid Inc.'s policies, practices, role, and knowledge during its period of involvement regarding the handling, preservation, alteration, or removal of IPTC metadata - including credit, source, byline, and copyright ownership fields - from Plaintiffs' photographs acquired through archive migration, including: (a) the software and automated processes used to read, write, or modify IPTC metadata; (b) the persons acting for BackGrid Inc. who were responsible for or knowledgeable about those processes; and (c) the factual basis known to BackGrid Inc. for the assertion that photographs submitted by Plaintiffs were issued for license with the same CMI included by Plaintiffs upon submission or with no CMI at all.

**7.** BackGrid Inc.'s role in and knowledge of the origin, purpose, and application to Plaintiffs' photographs of the 'FameFlynet/BACKGRID' credit and the 'Copyright © [year] BACKGRID, Inc.' copyright field, including: (a) when these attributions were first applied; (b) the decision-making process and persons acting for BackGrid Inc. who were responsible for or knowledgeable about that process; (c) whether these attributions were applied to Plaintiffs' photographs for which the original contributor's authorship or copyright ownership information had been removed or altered; (d) the number of Plaintiffs' photographs and sets to which these attributions were applied, as reflected in records known or reasonably available to BackGrid Inc.; (e) BackGrid Inc.'s knowledge of the factual basis, if any, for attributing copyright ownership to BackGrid USA, Inc. in the IPTC metadata of photographs authored and owned by Plaintiffs; and (f) nonprivileged communications involving BackGrid Inc. regarding these attribution practices.

**10.** The systems, records, and identified licensing transactions concerning Plaintiffs' photographs during the period in which BackGrid Inc. licensed, distributed, or delivered those photographs, including: (a) records identifying licensees; (b) dates and material terms of licenses; (c) the credit, byline, and copyright ownership information embedded in licensed files; (d) licensing fees received; (e) royalties, if any, paid to the photographer; and (f) records identifying transactions in which a licensed file contained 'FameFlynet/BACKGRID' credit or 'Copyright © [year] BACKGRID, Inc.' information. This matter seeks testimony based on the organization's systems, records, and information reasonably available to it and does not require a designee to memorize each transaction.

**11.** The total gross revenue received by BackGrid Inc. from licensing Plaintiffs' photographs, including: (a) licensing fees collected per Plaintiff and per set; (b) amounts paid to Plaintiffs as royalties; (c) amounts retained; (d) licensing transactions for which no royalty was paid to the photographer; and (e) the systems, software, and reports used to track revenue and royalties.

**13.** BackGrid Inc.'s knowledge of Henri Mazari's September 2011 termination, including: (a) whether BackGrid Inc. was informed of the termination; (b) whether FameFlynet communicated information about that termination during the archive transition or acquisition; (c) whether, during BackGrid Inc.'s period of involvement, Mazari's photographs nevertheless continued to be offered for license; (d) revenue, if any, received by BackGrid Inc. from licensing Mazari's photographs after the termination; and (e) the basis known to BackGrid Inc. for any continued exploitation of those photographs.

**15.** The policies, practices, and circumstances relating to the retention, storage, and destruction of documents and records of BackGrid Inc. relating to Plaintiffs' photographs, including: (a) any litigation hold or preservation obligations; (b) what records were maintained and in what format; and (c) any destruction or loss of relevant records.

# PROOF OF SERVICE

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Mauvilain, et al. v. Flynet Pictures, LLC, et al.
Case No. 2:25-cv-02757-FLA-MBK

I, Thibault Mauvilain, declare that I am over the age of eighteen and am a Plaintiff appearing pro se in this action.

On September 23, 2026, I served **PLAINTIFFS' SECOND AMENDED NOTICE OF RULE 30(B)(6) REMOTE DEPOSITION OF DEFENDANT BACKGRID INC., INCLUDING SCHEDULE A** by electronic mail upon the following counsel of record at the email addresses previously used for service in this litigation:

| | |
|---|---|
| **Joanna Ardalan — jardalan@onellp.com**<br>**Peter R. Afrasiabi — pafrasiabi@onellp.com**<br>**David W. Quinto — dquinto@onellp.com**<br>Counsel for BackGrid Inc., BackGrid USA, Inc., and Shutterstock, Inc. | **Sheila Mojtehedi**<br>sheila@mojtehedi.com<br>Counsel for Flynet Pictures, LLC and FameFlynet Inc. |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 23, 2026, in Sherman Oaks, California.

**/s/ Thibault Mauvilain**
**THIBAULT MAUVILAIN**
Plaintiff, Pro Se

**THIBAULT MAUVILAIN**
tm@forceinaction.com
4605 Sylmar Avenue, Apt. 312
Sherman Oaks, California 91423
Telephone: 310.770.3612
Plaintiff, Pro Se

**HENRI MAZARI**
carboninla@yahoo.com
2100 Marshallfield Lane
Redondo Beach, California 90278
Telephone: 310.947.7000
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THIBAULT MAUVILAIN, et al.,**<br>Plaintiffs,<br><br>v.<br><br>**FLYNET PICTURES, LLC, et al.,**<br>Defendants. | **Case No. 2:25-cv-02757-FLA-MBK**<br>Hon. Fernando L. Aenlle-Rocha<br>Hon. Michael B. Kaufman<br><br>**PLAINTIFFS' SECOND AMENDED NOTICE OF RULE 30(B)(6) REMOTE DEPOSITION OF DEFENDANT SHUTTERSTOCK, INC.** |

**Date:** October 5, 2026
**Time:** 10:00 a.m. Pacific Time
**Place:** Remote videoconference via Zoom, subject to written stipulation or Court order; access information will be provided separately
**Method:** Official audiovisual recording, subject to the Court's forthcoming order

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 28, 30(b)(6), and 32, Plaintiffs Thibault Mauvilain and Henri Mazari will take the remote oral deposition of Defendant Shutterstock, Inc., through one or more persons designated to testify on its behalf, on October 5, 2026, beginning at 10:00 a.m. Pacific Time. Plaintiffs notice the deposition to proceed by Zoom, subject to the parties' written stipulation under Rule 30(b)(4) or Court order, for the time permitted by Rule 30(d)(1).

The noticed date falls within the deposition availability window proposed by Defendants' counsel. Zoom access information will be provided separately to counsel, the deponent, and the officer sufficiently in advance of the deposition.

Colette Stark of Video Legal Solutions LLC is identified as the independent officer under Federal Rule of Civil Procedure 28 and as the person responsible for the official audiovisual recording. The officer will administer the oath, make the statements required by Rule 30(b)(5), supervise or personally make the recording, certify the record, preserve the official recording, and deliver the record as required by Rule 30(f).

**PENDING COURT RULING.** The remote procedure, audiovisual recording protocol, officer procedure, and any transcript requirements are expressly subject to Magistrate Judge Michael B. Kaufman's forthcoming ruling in the parties' pending deposition-recording dispute. Plaintiffs will comply with that ruling and will promptly serve any conforming amendment required by it. Unless the parties agree otherwise or the Court orders otherwise, the noticed date and time remain unchanged. Any party may arrange an additional method of recording as permitted by Rule 30(b)(3)(B), subject to the Court's order.

The deposition will be taken for discovery, motion practice, trial, and all other purposes permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence. No request for production of documents is included with this notice.

Pursuant to Rule 30(b)(6), Shutterstock, Inc. must designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the matters described with reasonable particularity in Schedule A. Each designee must be prepared to testify about information known or reasonably available to the organization. Plaintiffs request identification of each designee and the matters assigned to that designee as soon as practicable before the deposition. Plaintiffs remain available to confer promptly and in good faith. Any requested clarification or narrowing should identify the specific matter and proposed wording.

Dated: September 23, 2026
Respectfully submitted,

**/s/ Thibault Mauvilain**
**THIBAULT MAUVILAIN**
4605 Sylmar Avenue, Apt. 312
Sherman Oaks, California 91423
tm@forceinaction.com | 310.770.3612
Plaintiff, Pro Se

**/s/ Henri Mazari**
**HENRI MAZARI**
2100 Marshallfield Lane
Redondo Beach, California 90278
carboninla@yahoo.com | 310.947.7000
Plaintiff, Pro Se

# SCHEDULE A

## MATTERS FOR EXAMINATION OF SHUTTERSTOCK, INC.

### SCOPE AND CONTINUITY WITH PRIOR NOTICE

The matters below are drawn from and narrow the matters contained in the Rule 30(b)(6) notice served by Plaintiffs' former counsel on April 6, 2026. No matter below is intended to enlarge the subject matter of that notice. Omitted matter numbers are intentionally not noticed. For this Schedule A, 'Plaintiffs' means only the two remaining Plaintiffs, Thibault Mauvilain and Henri Mazari, and 'Plaintiffs' photographs' means photographs submitted by or on behalf of either of them. Unless expressly stated otherwise, each matter is limited to nonprivileged facts and information known or reasonably available to Shutterstock, Inc. concerning Plaintiffs and Plaintiffs' photographs.

Shutterstock, Inc. is asked to testify only on its own behalf. References to any other entity are limited to Shutterstock, Inc.'s own role, conduct, communications, records, and knowledge reasonably available to it; no designee is asked to testify on behalf of another legal entity.

### MATTERS FOR EXAMINATION

**1.** The corporate structure, management, and operations of Shutterstock, Inc. as they relate to the BackGrid photograph distribution and licensing business, including: (a) personnel responsible for overseeing, managing, or operating the BackGrid archive and licensing business after the February 2024 acquisition; (b) whether Shutterstock integrated the BackGrid archive, systems, or personnel into existing operations; (c) the current operational status of the BackGrid archive, client portal, and contributor systems; and (d) the roles of Shutterstock employees or agents involved in decisions regarding Plaintiffs' photographs.

**2.** Shutterstock, Inc.'s knowledge of the circumstances under which BackGrid Inc. acquired or obtained the FameFlynet photograph archive and contributor relationships, including: (a) what Shutterstock learned during due diligence about the origin of the archive; (b) what it learned about the ownership, attribution, and licensing status of Plaintiffs' photographs; (c) whether it was informed that the archive contained photographs contributed by freelance photographers who retained copyright ownership; and (d) whether it was informed that contributor agreements, obligations, or disputes were associated with the archive.

**3.** The February 2024 acquisition of BackGrid USA, Inc. by Shutterstock, Inc., including: (a) the agreements relating to the acquisition; (b) the assets and liabilities transferred; (c) the due diligence, if any, regarding the ownership, attribution, and licensing status of Plaintiffs' photographs in the BackGrid archive; (d) whether Shutterstock assumed or continued obligations under contributor agreements; (e) whether Shutterstock was informed of any claims or disputes regarding metadata or attribution; and (f) Shutterstock's continued operation, control, or benefit from the BackGrid archive and licensing business after the acquisition.

**4.** The nature and terms of any agreement - oral, written, or implied-in-fact - between BackGrid Inc., BackGrid USA, Inc., or Shutterstock, Inc. and each of the Plaintiffs, including: (a) whether either Plaintiff entered into a contributor agreement directly with BackGrid Inc., BackGrid USA, Inc., or Shutterstock; (b) the terms of any contributor relationship reflected in the BackGrid database; (c) the basis on which BackGrid offered a Plaintiff's photographs for license if that Plaintiff was not listed as a contributor; and (d) communications with Plaintiffs regarding attribution, licensing, or royalty terms.

**5.** Shutterstock, Inc.'s knowledge of the process by which Plaintiffs' photographs from Flynet and FameFlynet were migrated into BackGrid systems, and any further migration into Shutterstock systems after February 2024, including: (a) what Shutterstock learned during due diligence about handling of IPTC metadata; (b) whether a post-acquisition migration occurred; (c) how IPTC metadata was handled; (d) whether original photographer-embedded metadata was preserved, altered, or overwritten; and (e) persons responsible for any post-acquisition migration.

**6.** Shutterstock, Inc.'s policies, practices, and procedures regarding the handling, preservation, alteration, or removal of IPTC metadata - including credit, source, byline, and copyright ownership fields - from Plaintiffs' photographs in the BackGrid archive from February 2024 to the present, including: (a) what Shutterstock learned during due diligence about BackGrid's practices; (b) software and automated processes used to read, write, or modify IPTC metadata; (c) whether Shutterstock continued, modified, or discontinued those practices; and (d) persons responsible for these decisions and processes.

**7.** Shutterstock, Inc.'s knowledge of the origin, purpose, and application to Plaintiffs' photographs of the 'FameFlynet/BACKGRID' credit and the 'Copyright © [year] BACKGRID, Inc.' field, including: (a) what it learned during due diligence; (b) whether it continued applying or displaying those attributions after February 2024; (c) steps

taken to investigate or verify accuracy; (d) steps taken to correct or remove those attributions; and (e) nonprivileged internal communications concerning those practices.

**8.** Shutterstock, Inc.'s operation, control, or use of the BackGrid client portal after February 2024, including: (a) whether it continued operating the portal; (b) changes to functionality, content, or access; (c) credit and copyright ownership information displayed to clients; (d) metadata embedded in files downloaded or licensed through the portal; and (e) whether Plaintiffs' photographs remained available after notice of Plaintiffs' claims.

**9.** Shutterstock, Inc.'s operation, control, or use of the BackGrid contributor portal after February 2024, including: (a) whether it continued operating the portal; (b) differences between information available on the contributor and client portals, including Plaintiffs' photographs offered through the client portal but not visible on the contributor portal; (c) whether Shutterstock was aware of those discrepancies; and (d) the reasons for any such discrepancies.

**10.** The systems, records, and identified licensing transactions after February 1, 2024 concerning Plaintiffs' photographs in which Shutterstock, Inc. licensed, distributed, or delivered those photographs, including: (a) records identifying licensees; (b) dates and material terms of licenses; (c) the credit, byline, and copyright ownership information embedded in licensed files; (d) licensing fees received; (e) royalties, if any, paid to the photographer; and (f) records identifying transactions in which a licensed file contained 'FameFlynet/BACKGRID' credit or 'Copyright © [year] BACKGRID, Inc.' information. This matter seeks testimony based on the organization's systems, records, and information reasonably available to it and does not require a designee to memorize each transaction.

**11.** The total gross revenue received by Shutterstock, Inc. after February 1, 2024 from licensing Plaintiffs' photographs, including: (a) licensing fees collected per Plaintiff and per set; (b) amounts paid to Plaintiffs as royalties; (c) amounts retained; (d) licensing transactions for which no royalty was paid to the photographer; and (e) systems, software, and reports used to track revenue and royalties.

**12.** The 2024 communications between Plaintiffs' counsel and Defendants regarding metadata and CMI issues, including: (a) Shutterstock, Inc.'s involvement in or knowledge of communications from Plaintiffs' counsel; (b) the investigation, if any, conducted or directed in response; (c) remedial actions, if any; (d) whether Plaintiffs' photographs continued to be displayed, offered for license, or licensed after notice; (e) termination of licenses by Plaintiffs' counsel in 2024; (f) actions taken after that termination; and (g) any offer by defense counsel to update credit information, including whether it was made at Shutterstock's direction or with its knowledge.

**13.** Shutterstock, Inc.'s knowledge of Henri Mazari's September 2011 termination, including: (a) whether Shutterstock was informed of the termination during due diligence or after the acquisition; (b) whether it was informed that the BackGrid archive contained photographs from a contributor who had terminated his relationship; (c) whether Mazari's photographs continued to be offered for license after the acquisition; and (d) revenue, if any, received from licensing Mazari's photographs after February 2024.

**15.** The policies, practices, and circumstances relating to the retention, storage, and destruction of documents and records of Shutterstock, Inc. relating to Plaintiffs' photographs, including: (a) litigation hold or preservation obligations; (b) records maintained and their format; and (c) any destruction or loss of relevant records.

# PROOF OF SERVICE

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Mauvilain, et al. v. Flynet Pictures, LLC, et al.
Case No. 2:25-cv-02757-FLA-MBK

I, Thibault Mauvilain, declare that I am over the age of eighteen and am a Plaintiff appearing pro se in this action.

On September 23, 2026, I served **PLAINTIFFS' SECOND AMENDED NOTICE OF RULE 30(B)(6) REMOTE DEPOSITION OF DEFENDANT SHUTTERSTOCK, INC., INCLUDING SCHEDULE A** by electronic mail upon the following counsel of record at the email addresses previously used for service in this litigation:

| | |
|---|---|
| **Joanna Ardalan — jardalan@onellp.com**<br>**Peter R. Afrasiabi — pafrasiabi@onellp.com**<br>**David W. Quinto — dquinto@onellp.com**<br>Counsel for BackGrid Inc., BackGrid USA, Inc., and Shutterstock, Inc. | **Sheila Mojtehedi**<br>sheila@mojtehedi.com<br>Counsel for Flynet Pictures, LLC and FameFlynet Inc. |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 23, 2026, in Sherman Oaks, California.

**/s/ Thibault Mauvilain**
**THIBAULT MAUVILAIN**
Plaintiff, Pro Se

**THIBAULT MAUVILAIN**
tm@forceinaction.com
4605 Sylmar Avenue, Apt. 312
Sherman Oaks, California 91423
Telephone: 310.770.3612
Plaintiff, Pro Se

**HENRI MAZARI**
carboninla@yahoo.com
2100 Marshallfield Lane
Redondo Beach, California 90278
Telephone: 310.947.7000
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THIBAULT MAUVILAIN, et al.,**<br>Plaintiffs,<br><br>v.<br><br>**FLYNET PICTURES, LLC, et al.,**<br>Defendants. | **Case No. 2:25-cv-02757-FLA-MBK**<br>Hon. Fernando L. Aenlle-Rocha<br>Hon. Michael B. Kaufman<br><br>**PLAINTIFFS' SECOND AMENDED NOTICE OF REMOTE ORAL DEPOSITION OF ALEX KANTIF** |

**Date:** October 6, 2026

**Time:** 10:00 a.m. Pacific Time

**Place:** Remote videoconference via Zoom, subject to written stipulation or Court order; access information will be provided separately

**Method:** Official audiovisual recording, subject to the Court's forthcoming order

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 28, 30, and 32, Plaintiffs Thibault Mauvilain and Henri Mazari will take the remote oral deposition of Alex Kantif on October 6, 2026, beginning at 10:00 a.m. Pacific Time. Plaintiffs notice the deposition to proceed by Zoom, subject to the parties' written stipulation under Rule 30(b)(4) or Court order, for the time permitted by Rule 30(d)(1).

The noticed date falls within the deposition availability window proposed by Defendants' counsel. Zoom access information will be provided separately to counsel, the deponent, and the officer sufficiently in advance of the deposition.

Colette Stark of Video Legal Solutions LLC is identified as the independent officer under Federal Rule of Civil Procedure 28 and as the person responsible for the official audiovisual recording. The officer will administer the oath, make the statements required by Rule 30(b)(5), supervise or personally make the recording, certify the record, preserve the official recording, and deliver the record as required by Rule 30(f).

**PENDING COURT RULING.** The remote procedure, audiovisual recording protocol, officer procedure, and any transcript requirements are expressly subject to Magistrate Judge Michael B. Kaufman's forthcoming ruling in the parties' pending deposition-recording dispute. Plaintiffs will comply with that ruling and will promptly serve any conforming amendment required by it. Unless the parties agree otherwise or the Court orders otherwise, the noticed date and time remain unchanged. Any party may arrange an additional method of recording as permitted by Rule 30(b)(3)(B), subject to the Court's order.

The deposition will be taken for discovery, motion practice, trial, and all other purposes permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence. No request for production of documents is included with this notice.

Plaintiffs request that Defendants, through their respective counsel, voluntarily produce Alex Kantif at the noticed date and time. This notice does not waive Plaintiffs' right to serve a subpoena under Federal Rule of Civil Procedure 45 if necessary.

Dated: September 23, 2026
Respectfully submitted,

**/s/ Thibault Mauvilain**
**THIBAULT MAUVILAIN**
4605 Sylmar Avenue, Apt. 312
Sherman Oaks, California 91423
tm@forceinaction.com | 310.770.3612
Plaintiff, Pro Se

**/s/ Henri Mazari**
**HENRI MAZARI**
2100 Marshallfield Lane
Redondo Beach, California 90278
carboninla@yahoo.com | 310.947.7000
Plaintiff, Pro Se

# PROOF OF SERVICE

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Mauvilain, et al. v. Flynet Pictures, LLC, et al.
Case No. 2:25-cv-02757-FLA-MBK

I, Thibault Mauvilain, declare that I am over the age of eighteen and am a Plaintiff appearing pro se in this action.

On September 23, 2026, I served **PLAINTIFFS' SECOND AMENDED NOTICE OF REMOTE ORAL DEPOSITION OF ALEX KANTIF** by electronic mail upon the following counsel of record at the email addresses previously used for service in this litigation:

| | |
|---|---|
| **Joanna Ardalan — jardalan@onellp.com**<br>**Peter R. Afrasiabi — pafrasiabi@onellp.com**<br>**David W. Quinto — dquinto@onellp.com**<br>Counsel for BackGrid Inc., BackGrid USA, Inc., and Shutterstock, Inc. | **Sheila Mojtehedi**<br>sheila@mojtehedi.com<br>Counsel for Flynet Pictures, LLC and FameFlynet Inc. |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 23, 2026, in Sherman Oaks, California.

**/s/ Thibault Mauvilain**
**THIBAULT MAUVILAIN**
Plaintiff, Pro Se

**THIBAULT MAUVILAIN**
tm@forceinaction.com
4605 Sylmar Avenue, Apt. 312
Sherman Oaks, California 91423
Telephone: 310.770.3612
Plaintiff, Pro Se

**HENRI MAZARI**
carboninla@yahoo.com
2100 Marshallfield Lane
Redondo Beach, California 90278
Telephone: 310.947.7000
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THIBAULT MAUVILAIN, et al.,**<br>Plaintiffs,<br><br>v.<br><br>**FLYNET PICTURES, LLC, et al.,**<br>Defendants. | **Case No. 2:25-cv-02757-FLA-MBK**<br>Hon. Fernando L. Aenlle-Rocha<br>Hon. Michael B. Kaufman<br><br>**PLAINTIFFS' SECOND AMENDED NOTICE OF REMOTE ORAL DEPOSITION OF BORIS NIZON** |

**Date:** October 12, 2026

**Time:** 10:00 a.m. Pacific Time

**Place:** Remote videoconference via Zoom, subject to written stipulation or Court order; access information will be provided separately

**Method:** Official audiovisual recording, subject to the Court's forthcoming order

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 28, 30, and 32, Plaintiffs Thibault Mauvilain and Henri Mazari will take the remote oral deposition of Boris Nizon on October 12, 2026, beginning at 10:00 a.m. Pacific Time. Plaintiffs notice the deposition to proceed by Zoom, subject to the parties' written stipulation under Rule 30(b)(4) or Court order, for the time permitted by Rule 30(d)(1).

The noticed date is the date specifically proposed by Defendants' counsel. Zoom access information will be provided separately to counsel, the deponent, and the officer sufficiently in advance of the deposition.

Colette Stark of Video Legal Solutions LLC is identified as the independent officer under Federal Rule of Civil Procedure 28 and as the person responsible for the official audiovisual recording. The officer will administer the oath, make the statements required by Rule 30(b)(5), supervise or personally make the recording, certify the record, preserve the official recording, and deliver the record as required by Rule 30(f).

**PENDING COURT RULING.** The remote procedure, audiovisual recording protocol, officer procedure, and any transcript requirements are expressly subject to Magistrate Judge Michael B. Kaufman's forthcoming ruling in the parties' pending deposition-recording dispute. Plaintiffs will comply with that ruling and will promptly serve any conforming amendment required by it. Unless the parties agree otherwise or the Court orders otherwise, the noticed date and time remain unchanged. Any party may arrange an additional method of recording as permitted by Rule 30(b)(3)(B), subject to the Court's order.

The deposition will be taken for discovery, motion practice, trial, and all other purposes permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence. No request for production of documents is included with this notice.

Plaintiffs request that Defendants, through their respective counsel, voluntarily produce Boris Nizon at the noticed date and time. This notice does not waive Plaintiffs' right to serve a subpoena under Federal Rule of Civil Procedure 45 if necessary.

Dated: September 23, 2026
Respectfully submitted,

**/s/ Thibault Mauvilain**
**THIBAULT MAUVILAIN**
4605 Sylmar Avenue, Apt. 312
Sherman Oaks, California 91423
tm@forceinaction.com | 310.770.3612
Plaintiff, Pro Se

**/s/ Henri Mazari**
**HENRI MAZARI**
2100 Marshallfield Lane
Redondo Beach, California 90278
carboninla@yahoo.com | 310.947.7000
Plaintiff, Pro Se

# PROOF OF SERVICE

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Mauvilain, et al. v. Flynet Pictures, LLC, et al.
Case No. 2:25-cv-02757-FLA-MBK

I, Thibault Mauvilain, declare that I am over the age of eighteen and am a Plaintiff appearing pro se in this action.

On September 23, 2026, I served **PLAINTIFFS' SECOND AMENDED NOTICE OF REMOTE ORAL DEPOSITION OF BORIS NIZON** by electronic mail upon the following counsel of record at the email addresses previously used for service in this litigation:

| | |
|---|---|
| **Joanna Ardalan — jardalan@onellp.com**<br>**Peter R. Afrasiabi — pafrasiabi@onellp.com**<br>**David W. Quinto — dquinto@onellp.com**<br>Counsel for BackGrid Inc., BackGrid USA, Inc., and Shutterstock, Inc. | **Sheila Mojtehedi**<br>sheila@mojtehedi.com<br>Counsel for Flynet Pictures, LLC and FameFlynet Inc. |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 23, 2026, in Sherman Oaks, California.

**/s/ Thibault Mauvilain**
**THIBAULT MAUVILAIN**
Plaintiff, Pro Se

# EXHIBIT C

## September 24 and 28 deposition correspondence

Email reproductions. Each numbered item reproduces the substantive top-level message. Repeated quoted copies, routine signature/contact blocks, and confidentiality boilerplate are omitted where applicable. Formatting and line wrapping are normalized; substantive text is not paraphrased. Mailbox timestamps are displayed in Pacific time. Attachments referred to in these messages are not reproduced here unless separately included.

## C1 September 24, 2026 at 11:35 AM

Mailbox date: September 24, 2026, 11:35:39 AM PDT

From: sheila@mojtehedi.com

To: tm@forceinaction.com, carboninla@yahoo.com

Cc: jardalan@onellp.com, dquinto@onellp.com, pafrasiabi@onellp.com

Subject: Mauvilain et al. v. Flynet Pictures et al. - depositions

Thibault and Henri:

The depositions are tentatively scheduled for next week. Defendants cannot and will not move forward with the depositions until we receive the Court's order on the transcript issue. Defendants will not incur the cost of preparing for the depositions without knowing what the order will say.

Defendants will be prepared to address scheduling once the Court issues its order, assuming the order permits the depositions to proceed as Plaintiffs propose.

We are providing notice to you today to help you avoid cancellation fees.

Best regards,

Sheila Mojtehedi

Sheila Mojtehedi PC

www.mojtehedi.com

T: 323.412.0472

## C2 September 24, 2026 at 12:41 PM

Mailbox date: September 24, 2026, 12:41:42 PM PDT

From: tm@forceinaction.com

To: sheila@mojtehedi.com

Cc: carboninla@yahoo.com, jardalan@onellp.com, dquinto@onellp.com, pafrasiabi@onellp.com

Subject: Re: Mauvilain et al. v. Flynet Pictures et al. - depositions

Sheila,

Thank you for your email.

Given that the first presently noticed deposition is scheduled for Monday, September 28, 2026 at 10:00 a.m., and Defendants have advised that they will not proceed with the depositions until Judge Kaufman issues his ruling on the pending recording/transcript issue, I believe it may be helpful to provide the Court with a very brief scheduling update.

My understanding is that, based on your briefing, Judge Kaufman is aware that depositions were expected to begin around this time, but he may not have been provided the precise September 28 start date.

I therefore propose a joint, non-substantive communication to chambers simply advising the Court that the first deposition is presently noticed for September 28 and that the parties are awaiting the Court's ruling before the depositions can proceed.

I am not proposing any additional argument on the merits or asking either side to restate its position. The purpose would simply be to ensure that the Court is aware of the precise timing.

Please let me know whether you agree. If so, I can circulate a short proposed joint notice/email for your approval.

Best regards,

Thibault Mauvilain Plaintiff, Pro Se

# C3 September 24, 2026 at 01:18 PM

Mailbox date: September 24, 2026, 01:18:15 PM PDT

From: sheila@mojtehedi.com

To: tm@forceinaction.com

Cc: carboninla@yahoo.com, jardalan@onellp.com, dquinto@onellp.com, pafrasiabi@onellp.com

Subject: Re: Mauvilain et al. v. Flynet Pictures et al. - depositions

Thibault and Henri:

Defendants' briefing notified the Court that the selected deposition dates were imminent. Judge Kaufman has the information. It is not appropriate to rush the Court into a ruling, let alone via email.

Best regards,

Sheila Mojtehedi

Sheila Mojtehedi PC

www.mojtehedi.com

T: 323.412.0472

## C4 September 24, 2026 at 01:22 PM

Mailbox date: September 24, 2026, 01:22:30 PM PDT

From: tm@forceinaction.com

To: sheila@mojtehedi.com

Cc: carboninla@yahoo.com, jardalan@onellp.com, dquinto@onellp.com, pafrasiabi@onellp.com

Subject: Re: Mauvilain et al. v. Flynet Pictures et al. - depositions

Understood. Thank you for confirming your view that the Court has been apprised of the imminence of the deposition schedule. We will await Judge Kaufman's ruling.

Best, Thibault Mauvilain

Plaintiff, Pro Se

# C5 September 24, 2026 at 05:30 PM

Mailbox date: September 24, 2026, 05:30:54 PM PDT

From: tm@forceinaction.com

To: sheila@mojtehedi.com, jardalan@onellp.com

Cc: carboninla@yahoo.com, dquinto@onellp.com, pafrasiabi@onellp.com, mdell@onellp.com, lthomas@onellp.com

Subject: Confirmation of Remote Zoom Format for Noticed Depositions

Counsel,

To avoid any ambiguity regarding the Second Amended deposition notices served on September 23, Plaintiffs understand that Defendants have not objected to conducting the noticed depositions remotely by Zoom.

Please confirm by 5:00 p.m. Pacific tomorrow, September 25, 2026, that Defendants stipulate under Rule 30(b)(4) to conducting the noticed depositions remotely by Zoom, or identify any objection to the remote Zoom format itself.

This request is limited to the remote format and does not affect either side's positions concerning the audiovisual recording, the Rule 28 officer, transcript requirements, or any other matter presently awaiting Judge Kaufman's ruling.

Given that the noticed deposition schedule begins on Monday, September 28, Plaintiffs would appreciate confirmation within that timeframe so that the parties can proceed accordingly.

Thank you,

Thibault Mauvilain

Plaintiff, Pro Se

## C6 September 28, 2026 at 04:44 PM

Mailbox date: September 28, 2026, 04:44:23 PM PDT

From: jardalan@onellp.com

To: tm@forceinaction.com, sheila@mojtehedi.com

Cc: carboninla@yahoo.com, dquinto@onellp.com, pafrasiabi@onellp.com, mdell@onellp.com, lthomas@onellp.com

Subject: RE: Confirmation of Remote Zoom Format for Noticed Depositions

Thibault,

We are fine with a remote deposition, assuming Judge Kaufman permits the deposition to proceed per the dispute that is currently pending, but note that Mr. Kantif will require an interpreter. Please make sure you secure a certified interpreter for Brazilian Portuguese, which I understand has some differences than Portuguese from Portugal.

Thanks,

Jo

# EXHIBIT D

## October 1 through 7 scheduling correspondence

Email reproductions. Each numbered item reproduces the substantive top-level message. Repeated quoted copies, routine signature/contact blocks, and confidentiality boilerplate are omitted where applicable. Formatting and line wrapping are normalized; substantive text is not paraphrased. Mailbox timestamps are displayed in Pacific time. Attachments referred to in these messages are not reproduced here unless separately included.

The actual draft stipulation and proposed order attached to the October 1 email are reproduced after D9 as D1-A and D1-B. They are historical proposals, not agreements or the current requested orders. Their wording is preserved; the current motion addresses subsequent corrections.

# D1 October 01, 2026 at 06:30 PM

Mailbox date: October 01, 2026, 06:30:33 PM PDT

From: tm@forceinaction.com

To: jardalan@onellp.com, sheila@mojtehedi.com

Cc: carboninla@yahoo.com, dquinto@onellp.com, pafrasiabi@onellp.com, mdell@onellp.com, lthomas@onellp.com

Subject: Mauvilain v. Flynet — Proposed Scheduling Modification

Resending this email to include Henri and the other attorneys who were inadvertently omitted from the prior email.

Counsel,

We propose jointly seeking a December 4, 2026 fact-discovery cutoff and corresponding expert and motion dates, while requesting that the March 12, 2027 pretrial conference and March 30, 2027 trial remain in place. The attached proposed stipulation and order are drafts for discussion and revision.

We propose December 11, 2026 for initial expert disclosures, December 28, 2026 for rebuttal disclosures, January 15, 2027 for completion of expert discovery, and February 26, 2027 as the last day to hear motions. For a February 26 summary-judgment hearing, January 22 filing, February 5 opposition, and February 12 reply dates would preserve the Court's 35/21/14-day framework. The hearing date would require clearance and Court approval. We recognize the short interval before the pretrial conference and the overlap with trial preparation; please identify any specific availability or preparation concern so we can address it before filing.

This proposal does not withdraw or postpone the October 2 BackGrid Inc., October 5 Shutterstock, October 6 Alex Kantif, or October 12 Boris Nizon depositions, each noticed for 10:00 a.m. Pacific. Their procedures remain subject to Judge Kaufman's ruling and applicable stipulations or orders. Please promptly confirm whether Defendants are prepared to proceed on each noticed date if the ruling permits and is issued in time, and identify any remaining logistical issue.

The September 28 Flynet, September 29 FameFlynet, September 30 Scott Cosman, and October 1 BackGrid USA examinations did not proceed. We understand counsel's position to be that the examinations should await Judge Kaufman's ruling. Please provide at least two available replacement dates for each of those four examinations. We can reserve tentative dates now and promptly conform the arrangements to the ruling. This request concerns the examinations whose noticed dates have already passed.

December 4 would be a completion deadline. We propose concentrating the remaining principal examinations in October and early November, with November 30 as our internal outer completion target. Necessary transcription and expert review should proceed on a rolling basis, consistent with Judge Kaufman's ruling. We would also confer promptly after the pending discovery rulings about any production ordered and the specific time reasonably needed to review and use it.

The proposed protections are limited. The December 4 cutoff would not itself terminate adjudication of ECF 112 or obligations imposed by an order resolving that motion. Discovery beyond the cutoff and any changes to expert or motion deadlines would require the appropriate showing and Court authorization. We also propose preserving the ability to request narrowly tailored relief for genuinely new matters arising from disposition of the pending motion to dismiss. The proposal does not seek a ruling on either pending discovery dispute or attribute responsibility for it.

Please respond by noon Pacific on Monday, October 5, with your position and proposed revisions, and suggest a brief call on October 2 or October 5 outside the noticed deposition times. Our aim is to present an agreed request promptly before the existing October 16 cutoff, supported by a specific diligence declaration. Agreement on scheduling need not signify agreement with either side's disputed factual account. The current schedule remains in effect unless the Court approves a modification.

Best, Thibault Mauvilain Henri Mazari Plaintiffs, pro se

## D2 October 05, 2026 at 01:53 PM

Mailbox date: October 05, 2026, 01:53:34 PM PDT

From: tm@forceinaction.com

To: jardalan@onellp.com, sheila@mojtehedi.com

Cc: carboninla@yahoo.com, dquinto@onellp.com, pafrasiabi@onellp.com, mdell@onellp.com, lthomas@onellp.com

Subject: Re: Mauvilain v. Flynet — Proposed Scheduling Modification

Counsel,

We are following up on our Thursday evening, October 1 email and proposed scheduling stipulation and order. We have not received a response as of this afternoon.

With the October 16 fact-discovery cutoff approaching, we would like to confer promptly to determine whether an agreed scheduling request can be presented to Judge Aenlle-Rocha.

We are available for a brief telephone or video conference today, October 5, at 3:30 p.m., 4:30 p.m. or 5:00 p.m Pacific. If neither time works, please propose an alternative tomorrow.

Please provide Defendants' position separately on:

• The proposed December 4 fact-discovery cutoff;

• The corresponding expert and motion dates; and

• Retaining the March 12, 2027 pretrial conference and March 30, 2027 trial.

If Defendants disagree with any provision, please identify the specific concern and proposed revision. We remain willing to discuss concrete scheduling and preparation issues.

Please also provide available replacement dates for the examinations whose noticed dates have passed and remain incomplete. This request does not withdraw or postpone the October 12 noticed deposition. Please confirm arrangements for those examinations, subject to applicable rulings, stipulations, and orders.

We would appreciate Defendants' written position and proposed revisions by noon Pacific tomorrow, October 6. Agreement on scheduling need not reflect agreement with disputed factual accounts; each side can preserve its position, and Plaintiffs can provide a supporting diligence declaration.

We are preparing the supporting papers in parallel. If agreement cannot be reached promptly, Plaintiffs intend to seek appropriate scheduling relief before the existing cutoff. We would prefer to proceed cooperatively and accurately present each side's position to the Court. The existing schedule remains in effect unless modified by the Court.

Best regards,

Thibault Mauvilain Henri Mazari Plaintiffs, Pro Se

# D3 October 06, 2026 at 11:06 AM

Mailbox date: October 06, 2026, 11:06:15 AM PDT

From: tm@forceinaction.com

To: jardalan@onellp.com, sheila@mojtehedi.com

Cc: carboninla@yahoo.com, dquinto@onellp.com, pafrasiabi@onellp.com, mdell@onellp.com, lthomas@onellp.com

Subject: October 6 follow-up: conference and proposed scheduling application

Counsel,

We are following up on our October 1 scheduling proposal and October 5 request to confer. As of 11:00 a.m Pacific today, we have not received your response or a confirmed conference time.

With the October 16 fact-discovery cutoff approaching, we request a brief telephone or video conference today, October 6, at 2:00 p.m., 3:00 p.m. or 4:00 p.m. Pacific. Please confirm a time or propose another available time today.

Please identify, for each defendant you represent, your position on the December 4 fact-discovery cutoff, the proposed expert and motion dates, and retaining the March 12 pretrial conference and March 30 trial. Please specify any objection and proposed alternative, including any concern about the February 26 motion-hearing date and its relationship to trial preparation.

We are completing the supporting papers in parallel. Unless an agreed stipulation can be finalized promptly, we intend to submit an ex parte application on Wednesday, October 7, seeking expedited modification of the scheduling order consistent with our October 1 proposal, together with any necessary relief from ordinary motion timing requirements. The proposed dates are December 4 for fact discovery, December 11 for initial expert disclosures, December 28 for rebuttal disclosures, January 15 for completion of expert discovery, and February 26 for the last motion hearing, with the pretrial conference and trial unchanged.

Please advise by 5:00 p.m. Pacific today whether you oppose that application or any particular requested provision. We remain available to address specific concerns before filing and would prefer to submit an agreed request.

We will accurately report the conference efforts and each party's communicated position to the Court.

Best regards,

Thibault Mauvilain Henri Mazari Plaintiffs, pro se

## D4 October 06, 2026 at 11:24 AM

Mailbox date: October 06, 2026, 11:24:27 AM PDT

From: jardalan@onellp.com

To: tm@forceinaction.com, sheila@mojtehedi.com

Cc: carboninla@yahoo.com, dquinto@onellp.com, pafrasiabi@onellp.com, mdell@onellp.com, lthomas@onellp.com

Subject: RE: October 6 follow-up: conference and proposed scheduling application

Thibault:

Backgrid and Shutterstock will not stipulate to move the discovery cutoff deadline further. Given your changes in position as to the transcript issue in front of Judge Kaufman (as between the time it was first raised and as between the time it was briefed) and that we have given you dates multiple times before, we see this process as unduly burdensome for defendants, who have prepared and kept their schedules open now multiple dates.

We are open to pushing back the other dates in the scheduling order. If you would like to discuss a stipulation with respect to those dates, let us know.

Regards,

Jo

## D5 October 06, 2026 at 11:32 AM

Mailbox date: October 06, 2026, 11:32:15 AM PDT

From: sheila@mojtehedi.com

To: jardalan@onellp.com

Cc: tm@forceinaction.com, carboninla@yahoo.com, dquinto@onellp.com, pafrasiabi@onellp.com, mdell@onellp.com, lthomas@onellp.com

Subject: Re: October 6 follow-up: conference and proposed scheduling application

Good morning,

FlyNet and FameFlynet join in Backgrid and Shutterstock's position.

Best regards,

Sheila Mojtehedi

Sheila Mojtehedi PC

www.mojtehedi.com

T: 323.412.0472

# D6 October 06, 2026 at 11:58 AM

Mailbox date: October 06, 2026, 11:58:31 AM PDT

From: tm@forceinaction.com

To: jardalan@onellp.com

Cc: sheila@mojtehedi.com, carboninla@yahoo.com, dquinto@onellp.com, pafrasiabi@onellp.com, mdell@onellp.com, lthomas@onellp.com

Subject: Re: October 6 follow-up: conference and proposed scheduling application

Counsel,

Thank you for your responses. We acknowledge Ms. Mojtehedi's confirmation that Flynet and FameFlynet join the position stated by Ms. Ardalan. We understand that Defendants decline to stipulate to a further fact-discovery extension but remain willing to discuss other scheduling dates.

We disagree with the attribution of the present scheduling problem to Plaintiffs' changes of position. The chronology also includes Ms. Mojtehedi's September 24 statement that "Defendants cannot and will not move forward with the depositions until we receive the Court's order on the transcript issue." Plaintiffs acknowledged that position and continued seeking confirmation of the remote arrangements. Ms. Ardalan's September 28 response likewise conditioned agreement to remote depositions on Judge Kaufman permitting them to proceed. These communications form part of the relevant chronology, together with the earlier scheduling exchanges and the parties' respective submissions.

Our request seeks sufficient time to complete and effectively use the remaining discovery under the procedures the Court permits. Moving expert and motion dates alone would not address the ability to complete necessary fact discovery after October 16. Each side can preserve its position concerning the underlying disputes and scheduling history.

December 4 remains our proposed fact-discovery cutoff. To address the concerns about repeated preparation and reserved dates, we are willing to discuss a more targeted schedule identifying the unfinished noticed examinations, firm completion dates, and any production or follow-up discovery the Court authorizes in connection with ECF 112. Exploring that alternative does not withdraw our existing proposal or waive other requested discovery.

If Defendants are unwilling to join a scheduling request, would they consider agreeing not to oppose specified relief while preserving their factual and legal positions? Plaintiffs could provide their own supporting declaration without asking Defendants to adopt its factual account.

Please identify whether Defendants would agree to December 11, 2026 for initial expert disclosures, December 28, 2026 for rebuttal disclosures, January 15, 2027 for completion of expert discovery, and February 26, 2027 for the last motion hearing, while retaining the March 12 pretrial conference and March 30 trial. If not, please provide proposed alternatives. Any partial agreement can expressly leave the disputed fact-discovery extension for the Court's determination.

Please confirm one of the conference times proposed this morning: 2:00, 3:00, or 4:00 p.m. Pacific, or suggest another time today. Please also provide replacement availability for examinations whose noticed dates have passed and remain incomplete. This proposal does not withdraw or postpone the October 12 notice; please confirm arrangements subject to applicable rulings, stipulations, and orders.

We are continuing to prepare the application identified in this morning's email. By 5:00 p.m. Pacific today, please provide any proposed alternatives and clarify whether Defendants intend to oppose the requested relief, expedited consideration, or both, identifying the particular provisions opposed. We will accurately report the positions communicated, any agreement reached, and the issues remaining for determination.

Best,

Thibault Mauvilain Henri Mazari Plaintiffs, Pro Se

# D7 October 06, 2026 at 06:00 PM

Mailbox date: October 06, 2026, 06:00:52 PM PDT

From: jardalan@onellp.com

To: tm@forceinaction.com

Cc: sheila@mojtehedi.com, carboninla@yahoo.com, dquinto@onellp.com, pafrasiabi@onellp.com, mdell@onellp.com, lthomas@onellp.com

Subject: RE: October 6 follow-up: conference and proposed scheduling application

Thibault:

I am not going to go through our position again. You have materially omitted from your email our position and we do not agree with your statements below.

Regardless, I have another idea that may save everyone costs and fees.

I would be willing to stipulate to move all deadlines until after May 7, 2027, when the Court will decide the motion to dismiss, so long as discovery is stayed until May 7. That means everything is paused until the Court decides the motion to dismiss. If the Court grants the motion to dismiss, you will have taken depositions for no reason and will be out of pocket on your costs and fees. If the Court denies part of the motion and grants part of the motion, you will be able to take a more efficient deposition because you won't be wasting time asking about issues that are not in the case.

Let us know your position on this.

Regards,

Jo

## D8 October 06, 2026 at 09:31 PM

Mailbox date: October 06, 2026, 09:31:56 PM PDT

From: tm@forceinaction.com

To: jardalan@onellp.com

Cc: sheila@mojtehedi.com, carboninla@yahoo.com, dquinto@onellp.com, pafrasiabi@onellp.com, mdell@onellp.com, lthomas@onellp.com

Subject: Re: October 6 follow-up: conference and proposed scheduling application

Counsel,

Thank you for your additional proposal.

To clarify the record, we understand that Backgrid and Shutterstock decline to stipulate to a further fact-discovery extension. In your earlier email, you cited your contention that Plaintiffs changed their position concerning transcripts, previously offered deposition dates, and burdens associated with repeated preparation and scheduling reservations. You also indicated willingness to discuss other scheduling changes. Your latest proposal would move all deadlines beyond May 7, 2027, conditioned on staying discovery through that date.

Please identify any specific statement you contend is inaccurate, the correction you request, or any additional position you believe remains omitted. We will accurately present your correspondence and stated grounds and address disputed aspects of the procedural history through the relevant correspondence, filed papers, and orders.

Henri and I have considered your proposal and do not agree to stay discovery until May 7, 2027, or to postpone the case schedule on that basis.

We intend to proceed promptly with the remaining noticed depositions and fact discovery, subject to the Court's rulings and applicable procedures. Our request for additional time is intended to permit completion of that work, not to suspend discovery for several months.

Cost considerations also informed our proposed audiovisual recording procedure, which remains before Judge Kaufman. We favor practical measures that reduce unnecessary expense while permitting timely completion of discovery.

The October 16 cutoff is approaching while substantial noticed discovery remains incomplete and the parties have been awaiting resolution of the deposition-recording dispute. We recognize your concern that a ruling on the motion to dismiss could affect the scope of discovery. Nevertheless, the proposed stay would postpone the remaining work for several additional months and require moving the March pretrial conference and trial.

We continue to propose December 4, 2026 as the fact-discovery cutoff, with the corresponding expert and motion dates previously proposed. We are also willing to discuss a narrower extension for already-noticed, uncompleted depositions and any production or follow-up discovery authorized

by the Court in connection with ECF 112.

Please clarify whether your earlier willingness to discuss modifications to the expert and motion deadlines remains independent of the proposed stay and, if so, identify the dates your clients propose. Counsel for the other defendants, please separately identify your clients' positions.

To document our efforts to confer, I called Ms Ardalan today, October 6, at 4:27 p.m. Pacific and Ms Mojtehedi at 4:29 p.m. Pacific and left a voicemail for each. Neither call resulted in a live conference.

We plan to submit the ex parte scheduling application identified in our prior correspondence tomorrow afternoon, October 7. We remain available to confer tomorrow morning and consider specific alternatives before submission. Please call or email us in the morning if you wish to discuss them.

Best, Thibault Mauvilain Henri Mazari Plaintiffs, pro se

## D9 October 07, 2026 at 10:44 AM

Mailbox date: October 07, 2026, 10:44:31 AM PDT

From: jardalan@onellp.com

To: tm@forceinaction.com

Cc: sheila@mojtehedi.com, carboninla@yahoo.com, dquinto@onellp.com, pafrasiabi@onellp.com, mdell@onellp.com, lthomas@onellp.com

Subject: RE: October 6 follow-up: conference and proposed scheduling application

Thibault,

What you propose does not make any sense for either side.

Why would you/we want to have pretrial deadlines before the Court has issued an order on the motion to dismiss? The case isn't going to trial without the pleadings closed, and the pleadings won't be closed until after the motion to dismiss is decided.

Recognize that you have shifted positions multiple times before Judge Kaufman—prior to the hearing you stated you were not going to get a transcript unless you wanted one later, during the hearing you shifted and said you planned on creating AI transcripts. That was the issue we briefed because that was before the Court. Then, during briefing, you shifted again and said you would get certified, transcripts but later. You are causing our side expense and burden all for you to attempt to enjoy a different set of rules than everyone else. Everyone else who takes a deposition buys a certified transcript and does so at the end of the deposition. That is just how it works. Regardless, and what you have agreed to, is that you are going to pay for a certified deposition officer. You are going to have to do that x9, if you intend to take 9 depositions. Wouldn't you rather know if you have any claims before spending that type of money?

I remind you that the Motion to Dismiss the First Amended Complaint was granted as to every claim, with leave to amend. The Court gave you another shot at the apple, but if it doesn't work out for your side, we will be moving for attorneys' fees under 17 USC 505. That means that you will potentially have to pay all our fees and costs in addition to your own. Do you really want to pay all of our fees for 9 depositions if the motion is granted, which will cost six-figures, between further preparation and attendance? Or do you want to wait and see how the Court rules on this order?

While I don't know what conversations you had with your former counsel, we all know they withdrew from this case for a reason. And you should consider why lawyers who have practiced law for many years wanted out. Needless to say, the risk of you paying our fees for these depositions (and everything else we spend time and money on in this case) is real.

I strongly suggest you reconsider our proposal.

Jo

# EXHIBIT D1-A

## Historical October 1, 2026 attachment

## Proposed joint stipulation

This is the draft attached to the October 1 email reproduced at D1, rendered from the original Word file without substantive editing. It is included to show the proposal communicated at that time. It is not a signed agreement, entered order, or replacement for the current application and proposed orders.

Original filename: 03_Proposed_Joint_Stipulation.docx

THIBAULT MAUVILAIN
tm@forceinaction.com
Plaintiff, Pro Se
4605 Sylmar Avenue, Apt. 312
Sherman Oaks, California 91423
Telephone: 310.770.3612

HENRI MAZARI
carboninla@yahoo.com
Plaintiff, Pro Se
2100 Marshallfield Lane
Redondo Beach, California 90278
Telephone: 310.947.7000

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIBAULT MAUVILAIN, et al., | Case No. 2:25-cv-02757-FLA-MBK |
| Plaintiffs, | Hon. Fernando L. Aenlle-Rocha |
| v. | JOINT STIPULATION FOR SCHEDULING MODIFICATION |
| FLYNET PICTURES, LLC, et al., | |
| Defendants. | |

Additional counsel joining the proposed stipulation

JOANNA ARDALAN (SBN 285384)
jardalan@onellp.com
ONE LLP
23 Corporate Plaza, Suite 150-105
Newport Beach, California 92660
Telephone: (949) 502-2870
For BackGrid Inc., BackGrid USA, Inc.,
and Shutterstock, Inc.

SHEILA MOJTEHEDI (SBN 313002)
sheila@mojtehedi.com
Sheila Mojtehedi PC
806 E. Avenida Pico, Ste. I-291
San Clemente, California 92673
Telephone: (323) 412-0472
For Flynet Pictures, LLC and
FameFlynet Inc.

# Joint stipulation for scheduling modification

Plaintiffs Thibault Mauvilain and Henri Mazari, each appearing pro se, and Defendants Flynet Pictures, LLC, FameFlynet Inc., BackGrid Inc., BackGrid USA, Inc., and Shutterstock, Inc., through their counsel, stipulate to request the following modification under Federal Rule of Civil Procedure 16(b)(4) and Local Rules 7-1 and 16-14.

**Basis and scope of the request**

1. The parties request a December 4, 2026 fact-discovery cutoff and coordinated expert and motion deadlines. They request retention of the March 12, 2027 final pretrial conference and March 30, 2027 trial, subject to the Court's determination that the proposed intervals are workable. No pending discovery or merits dispute is submitted for decision through this stipulation.

2. ECF 50 established the original schedule. ECF 109, entered May 26, 2026, granted a modification described as 90 days and required a specific showing, dating back to the complaint, of diligence and work that could not reasonably be completed within the applicable deadlines. Plaintiffs subsequently requested 28 additional days. ECF 161, entered August 26, 2026, granted that request. This is a further scheduling request, not implementation of an automatic extension.

3. ECF 147 reflects the August 12 conference concerning remaining depositions and the transcript dispute and the contemplated sequence of a scheduling modification followed by a stipulated briefing schedule. The parties submitted that stipulation on September 3, 2026. ECF 165, entered September 8, authorized

opening briefs within two court days and responses within three court days thereafter, with no further briefing absent leave or order.

4. Plaintiffs' motion to compel, ECF 112, presents disputed document-production and related issues. The scope, merits, and relief remain for Judge Kaufman. Neither the existence of that motion nor the recording dispute establishes that all discovery had to await a ruling. The parties will continue work that can proceed under the governing rules and orders.

5. Plaintiffs submit a separate diligence declaration addressing the prior extension, subsequent briefing and notices, the status of the remaining examinations, and a plan to complete and use the discovery. Statements identified as Plaintiffs' account are not stipulated facts. Defendants' agreement to the requested schedule does not adopt that account, concede discovery deficiencies, or waive their positions on diligence or the pending disputes.

6. Plaintiffs' earlier estimate that 28 days would suffice must be evaluated against the subsequent sequence and the remaining work identified in the declaration. Plaintiffs now seek time for examinations that remain uncompleted, any production actually ordered, necessary transcription and review, and related expert work. The request does not assume any date or result for a pending ruling.

**Requested dates and motion practice**

| Event | Current date | Proposed date |
|---|---|---|
| Fact discovery cutoff | 10/16/2026 | 12/4/2026 |
| Initial expert disclosures | 10/23/2026 | 12/11/2026 |

| Event | Current date | Proposed date |
|---|---|---|
| Rebuttal expert disclosures | 11/6/2026 | 12/28/2026 |
| Expert discovery cutoff | 11/20/2026 | 1/15/2027 |
| Last day to hear motions | 12/18/2026 | 2/26/2027 |
| Settlement conference deadline | 2/5/2027 | Unchanged |
| First round of trial filings | 2/12/2027 | Unchanged |
| Second round of trial filings | 2/26/2027 | Unchanged |
| Final pretrial conference and motions in limine | 3/12/2027, 1:30 p.m. | Unchanged |
| Jury trial | 3/30/2027, 8:15 a.m. | Unchanged |

7. February 26 is a proposed hearing cutoff, not a reserved hearing or a motion-filing deadline. For a summary-judgment hearing on that date, the corresponding dates are January 22 for the motion, February 5 for the opposition, and February 12 for the reply. Earlier hearings require correspondingly earlier briefing. All clearance requirements and applicable motion procedures remain in force; no briefing period is shortened.

8. The requested motion cutoff is only two weeks before the final pretrial conference, compared with the twelve-week interval in the Court's standard worksheet. The parties expressly request this calendar accommodation to preserve

trial, recognizing the overlap with settlement and trial filings. They do not assume a motion will be decided by a particular date. If the Court cannot accommodate the requested intervals, the parties request prompt scheduling direction and will submit coordinated alternative dates rather than assume that discovery or briefing time must be reduced.

**Existing notices and completion plan**

9. This stipulation does not withdraw, continue, or excuse attendance under an existing deposition notice. In particular, the October 2 BackGrid Inc., October 5 Shutterstock, October 6 Alex Kantif, and October 12 Boris Nizon notices remain in place, each for 10:00 a.m. Pacific, subject to applicable stipulations, orders, and attendance requirements. Neither this stipulation nor the proposed scheduling order resolves the recording, remote-procedure, officer, or transcript issues.

10. Replacement dates will be sought only for an examination whose noticed date has passed and that was not completed. The parties will promptly exchange at least two reasonably available alternatives for each such examination and may reserve tentative dates pending resolution of procedure. Any examination that later passes without completion will be addressed then. No repeat deposition or additional deposition beyond applicable limits is authorized.

11. The parties will seek to concentrate principal examinations in October and early November, coordinate overlapping individual and organizational testimony without losing distinct capacities or topics, and obtain necessary records and transcripts on a rolling basis. Plaintiffs' internal outer target is November 30. It is not a substitute cutoff, a right to delay, or an assurance that a dispute raised then can be resolved by

December 4. ECF 50's requirement to complete discovery and related proceedings by the cutoff otherwise remains applicable.

12. The parties will confer by October 9 about remaining examination dates and expert availability, and again by October 23 about production, completion, transcription, and the feasibility of the integrated schedule. They will also confer promptly following either pending discovery ruling. Any inability to complete necessary work will be identified concretely and presented promptly through the applicable procedures. These conferences do not extend a deadline or require an unauthorized filing.

**Limited protection for later developments**

13. The parties request that the December 4 cutoff not itself terminate adjudication of ECF 112 or obligations imposed by an order resolving that motion. Any production deadline set in such an order will control. This provision supplies no entitlement to production, does not enlarge the motion's scope, and does not change an existing compliance deadline.

14. If material ordered on ECF 112 becomes available too late for reasonable use within the applicable schedule, the affected party will promptly identify the material, the specific follow-up needed, why it could not reasonably have been pursued earlier, and the time and downstream adjustments requested. The parties will confer within five business days after the need reasonably becomes apparent. Any unresolved request must then be presented promptly under the applicable discovery and scheduling procedures.

15. Any requested relief must be confined to that material and may include a limited examination, expert supplementation with a fair response opportunity, or a specific motion-related adjustment. Discovery beyond the cutoff, a repeat deposition, and changes to expert or motion deadlines require the necessary leave and scheduling approval. Expiration of the cutoff alone will not foreclose consideration of a diligent request under paragraphs 13–15; all other requirements, objections, and the Court's discretion remain preserved. Rule 26(e) duties remain in force; no new opinion or later admission of evidence is authorized merely by this reservation. Rule 56(d), where applicable, requires its own timely and specific showing.

16. ECF 166 states that the Court will rule on the motion to dismiss, ECF 84, by May 7, 2027. That order does not suspend discovery or change trial. If disposition creates genuinely new matters that could not reasonably have been addressed earlier, an affected party may promptly seek narrowly tailored relief with a specific showing of diligence, necessity, and schedule impact. The filing of an answer, a foreseeable defense, or an unchanged issue alone does not establish good cause. No discovery automatically reopens, and ECF 166 is not modified.

**Effect of approval**

17. The current schedule controls until the Court enters a modifying order. Except as expressly modified, the existing scheduling, protective, and other orders remain in effect. The proposed order contains the entire requested relief. The parties request approval subject to the Court's calendar and discretion.

**Signatures**

Dated: ______________________

By: ________________________________________

THIBAULT MAUVILAIN

Plaintiff, Pro Se

Dated: ______________________

By: ________________________________________

HENRI MAZARI

Plaintiff, Pro Se

Dated: ______________________

By: ________________________________________

JOANNA ARDALAN, ONE LLP

For BackGrid Inc., BackGrid USA, Inc., and Shutterstock, Inc.

Dated: ______________________

By: ________________________________________

SHEILA MOJTEHEDI, SHEILA MOJTEHEDI PC

For Flynet Pictures, LLC and FameFlynet Inc.

# EXHIBIT D1-B

## Historical October 1, 2026 attachment

## Proposed order

This is the draft attached to the October 1 email reproduced at D1, rendered from the original Word file without substantive editing. It is included to show the proposal communicated at that time. It is not a signed agreement, entered order, or replacement for the current application and proposed orders.

Original filename: 04_Proposed_Order.docx

THIBAULT MAUVILAIN
tm@forceinaction.com
Plaintiff, Pro Se
4605 Sylmar Avenue, Apt. 312
Sherman Oaks, California 91423
Telephone: 310.770.3612

HENRI MAZARI
carboninla@yahoo.com
Plaintiff, Pro Se
2100 Marshallfield Lane
Redondo Beach, California 90278
Telephone: 310.947.7000

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIBAULT MAUVILAIN, et al., | Case No. 2:25-cv-02757-FLA-MBK |
| Plaintiffs, | Hon. Fernando L. Aenlle-Rocha |
| v. | PROPOSED ORDER FOR SCHEDULING MODIFICATION |
| FLYNET PICTURES, LLC, et al., | |
| Defendants. | |

Additional counsel joining the proposed stipulation

JOANNA ARDALAN (SBN 285384)
jardalan@onellp.com
ONE LLP
23 Corporate Plaza, Suite 150-105
Newport Beach, California 92660
Telephone: (949) 502-2870
For BackGrid Inc., BackGrid USA, Inc.,
and Shutterstock, Inc.

SHEILA MOJTEHEDI (SBN 313002)
sheila@mojtehedi.com
Sheila Mojtehedi PC
806 E. Avenida Pico, Ste. I-291
San Clemente, California 92673
Telephone: (323) 412-0472
For Flynet Pictures, LLC and FameFlynet Inc.

Proposed order for scheduling modification

Having considered the parties' stipulation, the supporting declaration, and the record, and finding good cause under Federal Rule of Civil Procedure 16(b)(4), the Court ORDERS:

1. The schedule is modified as follows. All dates not expressly changed remain in effect.

| **Event** | **Current date** | **Proposed date** |
|---|---|---|
| Fact discovery cutoff | 10/16/2026 | 12/4/2026 |
| Initial expert disclosures | 10/23/2026 | 12/11/2026 |
| Rebuttal expert disclosures | 11/6/2026 | 12/28/2026 |
| Expert discovery cutoff | 11/20/2026 | 1/15/2027 |
| Last day to hear motions | 12/18/2026 | 2/26/2027 |
| Settlement conference deadline | 2/5/2027 | Unchanged |
| First round of trial filings | 2/12/2027 | Unchanged |
| Second round of trial filings | 2/26/2027 | Unchanged |
| Final pretrial conference and motions in limine | 3/12/2027, 1:30 p.m. | Unchanged |
| Jury trial | 3/30/2027, 8:15 a.m. | Unchanged |

2. The Court approves the requested interval between the motion-hearing cutoff and final pretrial conference. February 26, 2027 is a cutoff, not a reserved hearing. Applicable clearance and briefing requirements remain in effect. For a Rule 56 hearing on that date, the motion shall be filed no later than January 22, the opposition no later than February 5, and the reply no later than February 12, 2027. An earlier hearing requires correspondingly earlier briefing. No briefing period is shortened.

3. This Order does not withdraw or postpone any existing deposition notice, including the October 2, 5, 6, and 12, 2026 notices. Governing stipulations, orders, and attendance requirements remain applicable. Replacement dates shall be addressed for examinations whose noticed dates have passed and that were not completed. This Order does not decide recording, remote-procedure, officer, transcript, or attendance disputes or authorize additional or repeat depositions.

4. The parties shall confer by October 9 and October 23, 2026 concerning remaining discovery, production, transcription, expert availability, and the feasibility of the schedule, and promptly after the pending discovery rulings. If this Order is entered after either conference date, the corresponding conference shall occur within three business days after entry. November 30 is an internal completion target only. Except for paragraph 5, ECF 50's completion requirements, including related discovery proceedings, remain applicable.

5. The fact-discovery cutoff does not itself terminate adjudication of ECF 112 or obligations imposed by an order resolving that motion. Any production deadline set

in that order controls. No relief on the merits of ECF 112 is granted, its scope is not enlarged, and no existing compliance deadline is altered.

6. If production ordered on ECF 112 is received too late for reasonable use within the schedule, the affected party shall promptly specify the material, the necessary and proportionate follow-up, why it could not reasonably have been pursued earlier, and the time and related adjustments requested. The parties shall confer within five business days after that need reasonably becomes apparent and promptly present any unresolved request through the applicable procedures.

7. Additional discovery after the cutoff, a repeat deposition, expert supplementation requiring schedule changes, and changes to motion deadlines remain subject to the necessary leave and scheduling approval. Expiration of the cutoff alone will not foreclose consideration of a diligent request under paragraphs 5–7. All other standards, objections, and the Court's discretion remain preserved. Rule 26(e) duties remain in force. This Order creates no automatic reopening, new expert opinion, extension, admissibility determination, or entitlement to Rule 56(d) relief.

8. ECF 166 remains unchanged. If disposition of ECF 84 creates genuinely new matters that could not reasonably have been addressed earlier, an affected party may promptly seek narrowly tailored relief supported by a specific showing of diligence, necessity, and schedule impact. An answer, foreseeable defense, or unchanged issue alone does not establish good cause. No deadline automatically changes.

9. Except as expressly modified above, all existing scheduling, protective, and other orders remain in effect. This Order makes no finding assigning responsibility for any pending discovery dispute.

IT IS SO ORDERED.

Dated: ______________________

___________________________________________

FERNANDO L. AENLLE-ROCHA

United States District Judge

# EXHIBIT E

## September 23 notice-transmittal email addressing Gasperis

Email reproductions. Each numbered item reproduces the substantive top-level message. Repeated quoted copies, routine signature/contact blocks, and confidentiality boilerplate are omitted where applicable. Formatting and line wrapping are normalized; substantive text is not paraphrased. Mailbox timestamps are displayed in Pacific time. Attachments referred to in these messages are not reproduced here unless separately included.

# E1 September 23, 2026 at 03:42 PM

Mailbox date: September 23, 2026, 03:42:36 PM PDT

From: carboninla@yahoo.com

To: sheila@mojtehedi.com, tm@forceinaction.com, jardalan@onellp.com, prafrasiabi@onellp.com, dquinto@onellp.com

Subject: Plaintiffs' Second Amended Deposition Notices

Counsel,

Attached are Plaintiffs' Second Amended Deposition Notices for the scheduled depositions.

Please also let us know the current situation regarding Roberto Gasperis and his deposition.

Thank you,

Henri Mazari Thibault Mauvilain

Plaintiffs, Pro Se