THIBAULT MAUVILAIN
tm@forceinaction.com
4605 Sylmar Avenue, Apt. 312
Sherman Oaks, California 91423
Telephone: (310) 770-3612
Plaintiff, Pro Se

FILED
CLERK, U.S. DISTRICT COURT
10/23/2026
CENTRAL DISTRICT OF CALIFORNIA
BY ANG DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

THIBAULT MAUVILAIN, et al., Plaintiffs,
v.
FLYNET PICTURES, LLC, et al., Defendants.

**Case No. 2:25-cv-02757-FLA-MBK**

**SUPPLEMENTAL DECLARATION OF THIBAULT MAUVILAIN IN SUPPORT OF SCHEDULING APPLICATION**

**Exhibits 1 to 5**

Hon. Fernando L. Aenlle-Rocha
Hearing: To be set, if any
Trial: March 30, 2027

**Supplemental declaration of Thibault Mauvilain**

I, Thibault Mauvilain, declare as follows:

1. I am a plaintiff and appear for myself. I submit this declaration to update the record supporting the October 7, 2026 scheduling application, Dkt. 175. Statements about my communications and activities are based on personal knowledge. References to orders identify the Court's record rather than my own findings about disputed events.

2. This declaration supplements the declaration submitted with the October 7 application. That earlier declaration provides the discovery history dating from the filing of the Complaint, including the former-counsel period, the August scheduling request, September notices and briefing, and the October conferral efforts. I rely on that record for those events; the paragraphs below address subsequent developments.

3. Exhibits 1–5 accurately reproduce the substantive content of the identified scheduling emails that I sent or received. They are text renderings of the email content, with display formatting and line wrapping normalized. Quoted messages are retained. The correspondence includes counsel's explanations and objections as well as my proposals.

4. The Court entered Dkt. 179 on October 9. The order addressed deposition recording, officer certification, and professional transcription. It did not extend the fact-discovery or expert deadlines. I do not rely on it as authorization to conduct discovery beyond the existing cutoff.

5. On October 9 I emailed Ms. Mojtehedi proposing that the previously noticed October 12 Nizon examination proceed with an independent certified court reporter through iDepo Reporters, a stenographic record, and a certified written transcript, with Plaintiffs paying the reporter's attendance and original transcript costs. The email stated that iDepo had confirmed availability subject to a required deposit, and that I was prepared to finalize the arrangement after counsel confirmed attendance. I do not claim that the deposit had been paid or the reporter finally retained. Exhibit 1 includes that email.

6. On October 11 Ms. Mojtehedi responded that the Friday proposal for a Monday examination did not give her time to prepare and produce Mr. Nizon and that they would not attend. The October 12 date had previously been identified in the September 23 notice, but the October 9 proposal changed the recording arrangements and sought agreement. No Nizon deposition occurred on October 12. Exhibit 1.

7. On October 13 I proposed an initial session of Alex Kantif's deposition as Shutterstock's organizational designee limited to four hours of total on-record testimony, flexible early or late hours, and a certified stenographic reporter and original transcript at Plaintiffs' expense. I asked for a workable date by October 16 or, if that was not feasible, the earliest alternative and counsel's position on a request for court authorization. I expressly recognized coordination, preparation, foreign-participation requirements, and the need for court authorization for any post-cutoff continuation. Ms. Ardalan responded that Mr. Kantif was abroad for work, that she was preparing for an October 15 appellate argument, and that the

proposed windows did not allow reasonable notice and preparation. She disputed Plaintiffs' account of the scheduling problem. Exhibit 2.

8. Also on October 13 I proposed a four-hour initial Nizon session on October 14, 15, or 16 with flexible hours, a certified reporter and transcript, and any post-cutoff continuation subject to court authorization. Ms. Mojtehedi referred to Ms. Ardalan's response and stated that she was leaving the country the following day and could not prepare or produce Mr. Nizon within the proposed three-day period because of travel and other professional obligations. Exhibit 3.

9. No deposition has occurred since October 7, and no replacement deposition dates have been agreed. Because the fact-discovery cutoff has passed, the remaining examinations require court authorization. The exchanges in Exhibits 1–3 show the proposals made and the responses received.

10. If the Court grants the requested extension, I intend to confer promptly with all counsel about a practical calendar for the authorized remaining examinations, reporter and transcription arrangements, and delivery of relevant testimony for expert review. The October 7 request identified November 30 as an internal target for completing examinations where practicable, with December 4 as the requested fact cutoff and December 11 as the requested initial-expert date. Those dates require coordination; I cannot represent that they are already agreed or that a particular provider has guaranteed transcript delivery.

11. During a telephone conversation in August, the expert engaged for the initial report told us that he was working on the report and that it was nearly complete. On October 23 Henri and I attempted to reach him by email, text, and telephone.

As of preparation of this declaration, we had not obtained the completed signed report or a current confirmed delivery time. I expect to provide relevant deposition testimony for expert review. I do not attribute that expectation to a specific statement by the expert that particular testimony is indispensable.

12. On October 23 at approximately 5:10 p.m. Pacific, I emailed Ms. Ardalan and Ms. Mojtehedi, copying Peter Afrasiabi, David Quinto, Megan Dell, Lauren Thomas, and Henri. I requested agreement to seek a limited initial-expert extension to October 30, subject to court approval, and expressly preserved the October 7 application. Exhibit 4.

13. At approximately 5:28 p.m. I sent a clarification to the same recipients. I explained that October 30 was an interim proposal and requested agreement on the coordinated December 4 fact, December 11 initial-expert, December 28 rebuttal, January 15 expert-discovery, and February 26 motion-hearing dates, together with the related calendar provisions in the October 7 application. The purpose stated was to permit authorized depositions before initial reports and allow review of relevant testimony. Exhibit 5.

14. At approximately 5:34 p.m. I called Ms. Ardalan at (310) 437-8665 and left a voicemail. At approximately 5:35 p.m. I called Ms. Mojtehedi at (323) 412-0472 and left a voicemail. In each message I identified myself, referred to our scheduling emails, and said we intended to submit a court application that day addressing the October 23 expert deadline and seeking the December 4 fact-discovery and December 11 expert-report dates, with the related dates in our email.

I asked whether their clients would agree or oppose and requested a return call at (310) 770-3612.

15. As of preparation of this declaration on October 23, I had received no response by telephone, text, or email to the October 23 emails and voicemail notices described above. No agreement to the requested extension has been reached. Defendants' earlier positions are described in the October 7 application. I remain available to confer and will report any material response received before submission.

16. As of approximately 5:42 p.m. Pacific on October 23, I was not aware of an order resolving the October 7 application, and no later ruling has come to my attention as of preparation of this declaration. I understand that neither that application, the present application, nor the October 9 order changes the schedule without an order granting scheduling relief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 23, 2026.

/s/ Thibault Mauvilain

Thibault Mauvilain

**Exhibit 1**

Date: October 11, 2026, 2:32 p.m. Pacific
From: Sheila Mojtehedi <sheila@mojtehedi.com>
To: Thibault Mauvilain <tm@forceinaction.com>
Cc: Jo Ardalan <jardalan@onellp.com>

**Subject: Re: Boris Nizon — October 12 Deposition with Certified Court Reporter and Certified Transcript**

Text rendering of email correspondence. Quoted messages below retain their original displayed date and time labels.

Thibault:

You gave us notice on a Friday afternoon for a Monday deposition. I cannot prepare and produce Mr. Nizon on Monday. We will not attend.

Best regards,

Sheila Mojtehedi

Sheila Mojtehedi PC

www.mojtehedi.com

T: 323.412.0472

CONFIDENTIALITY NOTICE This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately. Thank you.

On Fri, Oct 9, 2026 at 2:09 PM tm forceinaction.com <tm@forceinaction.com> wrote: Sheila,

To move discovery forward before the October 16 cutoff, Plaintiffs have decided to proceed with Boris Nizon's deposition on Monday, October 12, 2026, at 10:00 a.m. Pacific, on the following revised basis: an independent certified court reporter through iDepo Reporters will administer the oath, stenographically record the examination, and prepare a certified written transcript. Plaintiffs will arrange and pay for the reporter's attendance and production of the original certified transcript.

iDepo has confirmed availability for October 12, subject to payment of the required deposit. We are prepared to finalize that arrangement promptly upon your written confirmation that Mr. Nizon will appear and the deposition will proceed on this basis.

This accommodation directly addresses the reporter and transcript concerns previously raised. For Mr. Nizon's deposition, Plaintiffs will proceed with a certified stenographic record and certified written transcript instead of the previously proposed audiovisual-only procedure. Accordingly, we do not see a remaining recording or transcript issue that would require postponing this examination pending resolution of the broader dispute before Judge Kaufman.

The witness, date, and starting time remain those identified in the previously served notice. Upon your affirmative response, we will promptly circulate and serve an updated deposition notice reflecting the revised reporter and recording arrangements and provide the Zoom access information.

This is a limited accommodation for Mr. Nizon's deposition. It does not withdraw or waive Plaintiffs' request for an extension of fact discovery or the other scheduling relief sought in the October 7 application. Nor does it withdraw our positions before Judge Kaufman concerning the permissible recording methods, officer procedures, or transcript requirements for the remaining depositions. Plaintiffs continue to seek those examinations through the procedures presented in their briefing, subject to the Court's rulings. Our willingness to incur this expense for one examination is not a concession that the same expense is legally required or financially feasible for every remaining deposition.

Please confirm in writing by 4:00 p.m. Pacific today, October 9, so that we have your confirmation before retaining iDepo and paying the required deposit, that:

1. Mr. Nizon will appear on October 12 at 10:00 a.m. Pacific; 2. You agree to the remote Zoom examination under Rule 30(b)(4), with the oath administered by the reporter; and 3. You will proceed with the certified court reporter and certified transcript arrangement described above, with a conforming updated notice to follow.

If you maintain that an obstacle remains, please identify its specific factual or procedural basis and the practical step needed to resolve it. If you assert that Mr. Nizon or counsel is now unavailable on the noticed date, please identify when that conflict arose and provide the earliest alternative availability before the October 16 cutoff.

We are making this accommodation to complete a previously noticed deposition and reduce the matters requiring judicial intervention. A prompt, definite response will allow us to secure the reporter and avoid unnecessary expense.

Regards, Thibault Mauvilain Henri Mazari Plaintiffs, Pro Se

**Exhibit 2**

Date: October 13, 2026, 1:51 p.m. Pacific
From: Jo Ardalan <jardalan@onellp.com>
To: Thibault Mauvilain <tm@forceinaction.com>
Cc: Henri Mazari; David Quinto; Peter Afrasiabi; Megan Dell; Lauren Thomas; Sheila Mojtehedi

**Subject: RE: Shutterstock Rule 30(b)(6) Deposition — October 13–16 Availability; Certified Reporter and Transcript**

Text rendering of email correspondence. Quoted messages below retain their original displayed date and time labels.

Thibault,

We cannot accommodate your last minute attempt to comply with the Federal Rules with respect to transcript issue, requiring us to rush and be ready for depositions this week. You have not given us reasonable notice for these dates, as you concede. Mr. Kantif is out of the country for work--he doesn't have availability to stop everything to attend 4 hours (excluding breaks) of depositions. And, even if Mr. Kantif were in LA and available and without a scheduling conflict (which he is not), I am preparing for an appellate oral argument that is scheduled for the afternoon of 10/15. I cannot stop everything to prepare Mr. Kantif while I have other obligations with hard deadlines in other cases.

Judge Kaufman already explained to you that you cannot unilaterally throw out dates and expect to us to be there, especially when we have provided you with other dates that work for us. Parties are expected to schedule dates together. That is what we have done. We have been very accommodating to you and provided you and your former lawyers dates numerous times. You choose to argue that a different set of rules should apply to you thereby forgoing dates we previously offered--this situation is of your own doing.

Regards, Jo

-- Jo Ardalan Partner one llp Intellectual Property & Entertainment Law 310-437-8665 (Direct) 323-309-9215 (Cell) jardalan@onellp.com

Notice: If you are not the intended recipient of this e-mail, please reply and inform me of the mistake, and please do not print, forward or otherwise disseminate it. This e-mail may contain attorney-client and/or work product information that is legally privileged, which prohibits any unauthorized review or use.

-----Original Message----- From: tm forceinaction.com <tm@forceinaction.com> Sent: Tuesday, October 13, 2026 12:46 PM To: Jo Ardalan <jardalan@onellp.com> Cc: Henri Mazari <carboninla@yahoo.com>; David Quinto <dquinto@onellp.com>; Peter Afrasiabi <pafrasiabi@onellp.com>; Megan Dell <mdell@onellp.com>; Lauren Thomas <lthomas@onellp.com>; sheila <sheila@mojtehedi.com> Subject: RE: Shutterstock Rule 30(b)(6) Deposition — October 13–16 Availability; Certified Reporter and Transcript

Counsel,

Thank you for your response. I apologize for omitting Ms. Mojtehedi from the Shutterstock scheduling thread and your office from the separate scheduling communication with her. I contacted the counsel handling the particular witness or party to obtain availability. We

recognize all parties' opportunity to participate and will include all counsel and Henri in further scheduling communications.

To accommodate the preparation and scheduling concerns you identified, we propose an initial remote session of Alex Kantif's deposition as Shutterstock's Rule 30(b)(6) designee, limited to four hours of total on- record testimony, including questioning by all counsel and Plaintiffs, excluding breaks. As stated in our October 9 email, Plaintiffs would arrange and pay for a certified stenographic court reporter and the original certified written transcript. We can accommodate early morning or evening hours, subject to the witness's time zone and the availability of all participants and the reporter.

This concerns an examination previously noticed by Plaintiffs. Plaintiffs' September 23 notice directed to Shutterstock scheduled its deposition for October 5. We recognize that replacement dates and revised recording arrangements require coordination and agreement. Nevertheless, the October 9 scheduling request was not the first notice of this examination.

Regarding preparation, paragraph 1 of your August 21 declaration states that you spent substantial time preparing Mr. Kantif as the Rule 30(b)(6) designee for your three clients "across several preparation sessions." ECF 154-2. We recognize that further preparation may be appropriate. In light of that existing preparation, please identify whether further preparation can be completed in time for the proposed session and propose a workable window on or before October 16. We can identify priority topics within the existing notice in advance, without withdrawing the remaining noticed topics.

Regarding Mr. Kantif's travel, please identify the country and time zone from which he would participate and any specific legal or practical impediment to taking his testimony remotely there. We recognize that participation from abroad may require arrangements concerning the deposition officer, administration of the oath, and applicable local law. We would work promptly to determine whether compliant arrangements can be made.

We propose a written stipulation that, if further examination remains necessary after the initial session, the deposition will be adjourned for continuation. Questioning by all participants would count toward the ordinary seven-hour aggregate limit, leaving up to three hours if the initial session uses four. This proposal does not waive any request for additional time by agreement or court order if reasonably necessary, including because of interpretation. Any continuation after October 16 would occur only if permitted by an amended scheduling order or other court authorization; the parties' agreement alone would not extend the cutoff.

Please respond by noon Pacific on Wednesday, October 14, with:

1. A specific date and start time on or before October 16 when the proposed session can proceed, together with any necessary conditions; or

2. If no such session is feasible, the specific remaining impediments, the earliest workable alternative date, and whether Defendants would join a narrowly tailored request for court authorization to conduct or complete this examination on that date.

We remain available for a brief call with all counsel to resolve these arrangements. This proposal is intended to obtain testimony within the existing schedule wherever practicable and does not withdraw Plaintiffs' broader scheduling request or the other outstanding examinations.

Best,

Thibault Mauvilain Henri Mazari Plaintiffs, Pro Se

**Exhibit 3**

Date: October 13, 2026, 2:18 p.m. Pacific
From: Sheila Mojtehedi <sheila@mojtehedi.com>
To: Thibault Mauvilain <tm@forceinaction.com>
Cc: Henri Mazari; Jo Ardalan; David Quinto; Peter Afrasiabi; Megan Dell; Lauren Thomas

**Subject: Re: Boris Nizon — October 12 Deposition with Certified Court Reporter and Certified Transcript**

Text rendering of email correspondence. Quoted messages below retain their original displayed date and time labels.

Thibault,

Jo's email, sent fifteen minutes ago, accurately addresses this circumstance. Please see that email.

Additionally, I am leaving the country tomorrow. I cannot prepare or produce Mr. Nizon within the next three days due to my travel schedule and other professional obligations.

Best regards,

Sheila Mojtehedi

Sheila Mojtehedi PC

www.mojtehedi.com

T: 323.412.0472

CONFIDENTIALITY NOTICE This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately. Thank you.

On Tue, Oct 13, 2026 at 1:45 PM tm forceinaction.com <tm@forceinaction.com> wrote:
Counsel,

We follow up on our October 11 email, which requested your response by noon Pacific on October 12. We have not received replacement availability for Mr. Nizon's deposition or a response addressing the proposed arrangements. With the October 16 fact-discovery cutoff approaching, we would like to resolve these matters promptly.

To accommodate your stated preparation concern and the remaining scheduling constraints, we propose an initial session limited to four hours of total on-record testimony, including questioning by all counsel and Plaintiffs, excluding breaks. Please confirm whether preparation can be completed in time for that session on October 14, 15, or 16, and identify a specific date and starting time. We can accommodate early or late hours, subject to the availability of the witness, all counsel, and the reporter.

October 12 was the date you proposed for Mr. Nizon in your August 27 email and was identified in Plaintiffs' September 23 second amended notice. Our October 9 email proposed revised recording arrangements and sought agreement to proceed on that basis; it was not the first identification of the witness or examination date. We recognize that the revised procedures and a replacement date require coordination.

On September 24, you stated that Defendants would await the Court's order on the transcript issue before proceeding or incurring preparation costs. Our October 9 proposal sought to address that concern for this examination by offering an independent certified stenographic court reporter and a certified written transcript, with Plaintiffs paying for the reporter's attendance and the original transcript. That offer remains available. If you contend that a ruling remains necessary before this examination can proceed under those arrangements, please identify the specific unresolved issue.

For the proposed four-hour session, we would seek written agreement that, if further examination remains necessary, the deposition will be adjourned for continuation rather than concluded. All participants' questioning would count toward the ordinary seven-hour aggregate limit, leaving three hours under that ordinary limit if the initial session uses four. This proposal does not waive any request for additional time by agreement or court order if reasonably necessary. Any continuation after October 16 would occur only if permitted by an amended scheduling order or other court authorization; an agreement to adjourn would not itself extend the cutoff.

Please respond as soon as practicable, and no later than noon Pacific on Wednesday, October 14, with:

1. A specific date and starting time on October 14, 15, or 16 when Mr. Nizon will appear for the proposed initial session and all counsel can participate; 2. Confirmation of agreement to the Zoom examination, the certified reporter and transcript arrangements, and the proposed terms concerning duration and continuation; and 3. Any remaining objection or practical obstacle, together with a proposed means of resolving it.

If no session can occur by October 16, please identify the specific impediment, the earliest workable date afterward, and whether Defendants would join a narrowly tailored request for court authorization to conduct the examination on that date. That request can preserve each side's position concerning the broader scheduling dispute.

Upon agreement, we will promptly coordinate reporter availability, serve a conforming amended notice, and finalize the remote arrangements. We remain available for a brief call with all counsel today or tomorrow. This accommodation does not withdraw Plaintiffs' October 7 scheduling request, the other outstanding examinations, or our positions concerning the broader recording dispute.

Best,

Thibault Mauvilain Henri Mazari Plaintiffs, Pro Se

**Exhibit 4**

Date: October 23, 2026, 5:10 p.m. Pacific

**Subject: Mauvilain v. Flynet | Request today: limited expert-disclosure extension to October 30**

Text rendering of email correspondence. Quoted messages below retain their original displayed date and time labels.

From: Thibault Mauvilain <tm@forceinaction.com> To: jardalan@onellp.com; sheila@mojtehedi.com Cc: pafrasiabi@onellp.com; dquinto@onellp.com; mdell@onellp.com; lthomas@onellp.com; carboninla@yahoo.com

Counsel,

Henri and I request your agreement to seek a limited seven-day extension of the initial expert-disclosure deadline, from today, October 23, to October 30, 2026, subject to Court approval.

Our October 7 scheduling application expressly requested relief from the expert deadlines and, to our knowledge, remains pending. We recognize that the existing deadline remains in effect unless modified by the Court. Our expert previously advised us by telephone that his report was nearly complete. We are continuing efforts to obtain the completed, signed report and serve our disclosure promptly, including today if it becomes available.

In light of your earlier willingness to discuss changes to expert and other scheduling dates, we hope this limited request can be resolved cooperatively while the Court considers the broader application. We propose that the extension apply equally to all parties' initial expert disclosures. We are available immediately to discuss corresponding adjustments reasonably necessary to preserve adequate time for rebuttal disclosures and expert depositions.

This limited request does not withdraw or narrow our October 7 application. Any agreement can expressly preserve all parties' positions on the disputed discovery issues and the remaining scheduling relief.

Please confirm as soon as practicable today whether the Defendants you represent will join a stipulation for submission to the Court. Alternatively, please state whether they would agree not to oppose this limited extension. If you propose a different short extension or related dates, please identify them so we can confer promptly. We are available by telephone this evening and can promptly prepare a proposed stipulation and order for your review.

Thank you for your prompt consideration.

Best regards,

Thibault Mauvilain Plaintiff, Pro Se (310) 770-3612

Case No. 2:25-cv-02757-FLA-MBK

**Exhibit 5**

Date: October 23, 2026, 5:28 p.m. Pacific

**Subject: Mauvilain v. Flynet | Clarification: interim relief and coordinated scheduling request**

Text rendering of email correspondence. Quoted messages below retain their original displayed date and time labels.

From: Thibault Mauvilain <tm@forceinaction.com> To: jardalan@onellp.com; sheila@mojtehedi.com Cc: pafrasiabi@onellp.com; dquinto@onellp.com; mdell@onellp.com; lthomas@onellp.com; carboninla@yahoo.com

Counsel,

To clarify our earlier email, the October 30 expert-disclosure proposal was intended as limited interim relief while the Court considers our October 7 scheduling application, which to our knowledge remains pending. It was not intended to represent that the outstanding discovery and related expert work could be completed by that date.

For a coordinated resolution, Henri and I request your agreement to submit the schedule proposed in our October 7 application:

• Fact discovery through December 4, 2026; • Initial expert disclosures December 11, 2026; • Rebuttal disclosures December 28, 2026; • Expert discovery through January 15, 2027; and • The last motion hearing February 26, 2027,

together with the related calendar provisions requested in that application.

The purpose is to allow the requested depositions, if authorized by the Court, to occur before the expert-report deadline and permit review of the relevant testimony. We remain available to discuss practical sequencing, transcript turnaround, and corresponding time for rebuttal and expert depositions.

Our limited interim request does not withdraw or narrow the October 7 application. Please identify which portions of the coordinated proposal you would support or not oppose, and any alternative coordinated dates you propose. We remain available to confer this evening. Any modification remains subject to Court approval.

Best regards,

Thibault Mauvilain Plaintiff, Pro Se (310) 770-3612

Case No. 2:25-cv-02757-FLA-MBK