FILED
CLERK, U.S. DISTRICT COURT
10/23/2026
CENTRAL DISTRICT OF CALIFORNIA
BY ang DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

THIBAULT MAUVILAIN
tm@forceinaction.com
4605 Sylmar Avenue, Apt. 312
Sherman Oaks, California 91423
Telephone: (310) 770-3612
Plaintiff, Pro Se

HENRI MAZARI
carboninla@yahoo.com
2100 Marshallfield Lane
Redondo Beach, California 90278
Telephone: (310) 947-7000
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

THIBAULT MAUVILAIN, et al., Plaintiffs,
v.
FLYNET PICTURES, LLC, et al., Defendants.

**Case No. 2:25-cv-02757-FLA-MBK**

**EX PARTE APPLICATION FOR LEAVE TO SUPPLEMENT THE RECORD AND FOR EXPEDITED CONSIDERATION OF PENDING SCHEDULING APPLICATION**

**Memorandum of Points and Authorities**

Hon. Fernando L. Aenlle-Rocha
Hearing: To be set, if any
Trial: March 30, 2027

**Application and requested relief**

Plaintiffs Thibault Mauvilain and Henri Mazari, each appearing for himself, request leave to supplement the record supporting their October 7, 2026 scheduling application, Dkt. 175, and expedited consideration of that pending application and its accompanying proposed motion. The additional evidence concerns the October 9 deposition order, efforts to arrange previously noticed examinations before October 16, and October 23 efforts to obtain agreement on expert and related dates. The operative initial-expert-disclosure deadline is October 23, 2026. Dkt. 161.

Plaintiffs request the coordinated dates already presented on October 7:
Fact discovery cutoff: December 4, 2026
Initial expert disclosures: December 11, 2026
Rebuttal expert disclosures: December 28, 2026
Expert discovery cutoff: January 15, 2027
Last day to hear motions: February 26, 2027

Plaintiffs request the related calendar provisions in Dkt. 175, including retention of the March 12, 2027 pretrial conference and March 30 trial with express approval of the compressed pretrial interval. The proposed order states the principal requested disposition. The limited-discovery and coordinated-calendar alternatives in Dkt. 175 remain before the Court.

Plaintiffs request a ruling after the opposition opportunity required by Standing Order § V.F. If the Court needs further briefing, Plaintiffs request consideration of the interim alternative already presented in Dkt. 175. The October 30 initial-expert date proposed to counsel on October 23 was an interim proposal, not a representation that the remaining discovery and expert work could be completed by

that date. The principal requested initial-expert date remains December 11. Supplemental Mauvilain Declaration ("Supp. Decl.") ¶¶ 12–13 and Exhibits 4–5.

**Grounds for expedited consideration**

Rule 16(b)(4) requires good cause and the judge's consent to modify a scheduling order. The October 7 application sought relief before the affected fact-discovery and initial-expert deadlines. Fed. R. Civ. P. 6(b)(1)(A). Plaintiffs rely on that timely request and the detailed diligence chronology submitted with it, together with the new facts below. Filing either application does not itself extend a deadline. Dkt. 161; Standing Order § V.H.

Ex parte procedure requires irreparable prejudice from ordinary motion timing and that the urgency arose without the applicant's fault or through excusable neglect. Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488, 492–93 (C.D. Cal. 1995). Plaintiffs requested relief on October 7 and continued attempts to complete examinations within the existing schedule afterward. They rely on the original application's explanation of timing and diligence, including the prior-counsel period and their earlier estimate of the time needed, together with this updated evidence. Dkt. 175 and accompanying Mauvilain declaration ¶¶ 3–36. Ordinary motion notice now would run beyond the October 23 initial-disclosure deadline and further compress the November 6 rebuttal and November 20 expert-discovery periods. The concrete risk is that Plaintiffs cannot obtain and incorporate material testimony from previously noticed examinations into timely expert disclosures under the current sequence, and may face challenges to the later use of expert evidence. Plaintiffs do not ask the Court to decide admissibility or excuse

all disclosure deficiencies in advance. They seek a prompt scheduling determination that preserves a practical sequence for both sides.

**New evidence and practical completion schedule**

The October 9 order, Dkt. 179, addressed deposition recording, officer, and transcript requirements but did not extend the case schedule. On October 9 Plaintiffs offered a certified stenographic reporter and certified transcript for the previously noticed October 12 Nizon examination, at Plaintiffs' expense. The reporter's availability was subject to a deposit and counsel's confirmation. Ms. Mojtehedi declined, citing inadequate time to prepare and produce the witness. Supp. Decl. ¶¶ 4–6; Exhibit 1.

On October 13 Plaintiffs offered four-hour initial sessions, flexible hours, and certified reporter and transcript arrangements for the Nizon and Shutterstock examinations, with any post-cutoff continuation expressly subject to court authorization. Counsel declined the proposed windows, citing witness travel, counsel's appellate argument and other professional obligations, preparation needs, and short notice. Plaintiffs submit those responses as well as their proposals. No deposition has occurred since October 7. Supp. Decl. ¶¶ 7–9; Exhibits 2–3.

Plaintiffs submit these efforts alongside counsel's stated objections and the earlier history in their original diligence declaration. They seek a coordinated schedule that accommodates necessary preparation while allowing the remaining authorized examinations and expert work.

Moving only the expert deadline would not authorize fact discovery after October 16. The December 4 and December 11 dates requested together would permit

authorized testimony to precede initial reports. Plaintiffs propose promptly conferring on examination dates and transcript delivery, targeting completion of examinations by November 30 where practicable, and reviewing feasibility within five business days of an order. That target is not a separate cutoff or a guarantee of transcript or report delivery. If particular work cannot be completed within the ordered schedule, a further request would need a specific factual showing and court approval. Supp. Decl. ¶ 10; proposed order ¶¶ 4–7.

Plaintiffs arranged initial expert work before the present deadline. The expert's statement that the report was nearly complete was made in August. On October 23 Plaintiffs sought the completed signed report and a current delivery update. Supp. Decl. ¶ 11. The requested schedule would allow review of relevant testimony before initial disclosures and preserve time for rebuttal and expert depositions. Plaintiffs recognize that this application does not replace the disclosures required by Rule 26(a)(2).

**Notice and opposing counsel information**

At approximately 5:10 and 5:28 p.m. Pacific on October 23, Thibault emailed both defense counsel and their litigation team, copying Henri. At 5:34 p.m. he called Ms. Ardalan and at 5:35 p.m. Ms. Mojtehedi, leaving a voicemail for each identifying the intended October 23 application, the expert deadline, the December 4 and December 11 dates, and the related schedule. He requested their positions and a return call. Supp. Decl. ¶¶ 12–15. These were oral-notice attempts, not completed live conferences or consent.

Defendants' earlier opposition and alternative stay proposal are described in Dkt. 175. At preparation of the supplemental declaration, Thibault had received no response to the October 23 emails and voicemail notices. Plaintiffs do not treat silence as agreement. They remain available to confer and will report any material change in position. To the extent necessary, they renew the request in Dkt. 175 for relief from ordinary motion-notice timing and any unmet Local Rule 7-3 requirements under Local Rule 7-2.

For BackGrid Inc., BackGrid USA, Inc., and Shutterstock, Inc.: Joanna Ardalan, ONE LLP, 23 Corporate Plaza, Suite 150-105, Newport Beach, CA 92660; office (949) 502-2870; direct (310) 437-8665; jardalan@onellp.com. Additional counsel copied: Peter R. Afrasiabi, pafrasiabi@onellp.com; David W. Quinto, dquinto@onellp.com; Megan Dell, mdell@onellp.com; Lauren Thomas, lthomas@onellp.com.

For Flynet Pictures, LLC and FameFlynet Inc.: Sheila Mojtehedi, Sheila Mojtehedi PC, 806 E. Avenida Pico, Suite I-291, San Clemente, CA 92673; (323) 412-0472; sheila@mojtehedi.com. Contact information is taken from the October 7 application and subsequent correspondence.

Plaintiffs will serve the complete papers through an authorized method and notify counsel of the opposition period under Standing Order § V.F. They respectfully request leave to supplement the record and expedited consideration of Dkt. 175.

Dated: October 23, 2026

/s/ Thibault Mauvilain
Thibault Mauvilain, Plaintiff, Pro Se

/s/ Henri Mazari
Henri Mazari, Plaintiff, Pro Se

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.1**

The undersigned, Plaintiff appearing pro se, certifies that this brief contains 1,163 words, which complies with the word limit of Local Rule 11-6.1. The word count excludes the caption, signature block, and this certificate as permitted by Local Rule 11-6.1 and was obtained using word-processing software.

Dated: October 23, 2026

/s/ Thibault Mauvilain
Thibault Mauvilain
Plaintiff, Pro Se