LODGED
CLERK, U.S. DISTRICT COURT
10/23/2026
CENTRAL DISTRICT OF CALIFORNIA
BY ang DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIBAULT MAUVILAIN, et al.,<br>Plaintiffs,<br>v.<br><br>FLYNET PICTURES, LLC, et al.,<br>Defendants. | **Case No. 2:25-cv-02757-FLA-MBK**<br><br>**[PROPOSED] ORDER ACCEPTING SUPPLEMENTAL DECLARATION AND MODIFYING SCHEDULE** |

The Court has considered Plaintiffs' October 7, 2026 application, Dkt. 175, the accompanying proposed motion and record, Plaintiffs' supplemental application and declaration, any opposition, and the applicable scheduling orders. For good cause under Federal Rule of Civil Procedure 16(b)(4), the Court ORDERS:

1. Plaintiffs are granted leave to supplement the record with the accompanying declaration and Exhibits 1–5. Expedited consideration of the pending scheduling request is granted. To the extent necessary to decide that request on the submitted record, the Court excuses any unmet pre-motion conference requirement and

seven-day interval under Local Rule 7-3 and permits consideration without ordinary motion-notice timing. The schedule is modified as follows:

Fact discovery cutoff: December 4, 2026

Initial expert disclosures: December 11, 2026

Rebuttal expert disclosures: December 28, 2026

Expert discovery cutoff: January 15, 2027

Last day to hear motions: February 26, 2027

2. The settlement-conference deadline remains February 5, 2027; first-round trial filings remain due February 12, 2027; second-round trial filings remain due February 26, 2027; the final pretrial conference and hearing on motions in limine remain March 12, 2027 at 1:30 p.m.; and jury trial remains March 30, 2027 at 8:15 a.m.

3. The Court approves the shortened interval between the motion-hearing cutoff and the final pretrial conference. February 26 is a cutoff, not a reserved hearing date. Applicable hearing-clearance and briefing requirements remain in force. For a summary-judgment hearing on February 26, the motion is due January 22, the opposition February 5, and the reply February 12, 2027. Earlier hearings require correspondingly earlier briefing.

4. The parties shall promptly confer on replacement dates for uncompleted previously noticed examinations, including Nizon, Shutterstock, and Gasperis. This Order does not set deposition dates, compel attendance on expired notices, or authorize examinations beyond applicable limits or repeat depositions requiring leave. Additional organizational designees otherwise permitted by governing rules and orders are not restricted. All procedural, notice, recording, officer, transcript, topic, and attendance requirements remain governed by applicable rules and orders, including Dkt. 179.

5. The parties shall confer within three business days after entry on a practical completion calendar and promptly after a ruling materially affecting remaining discovery. Within five business days after entry, they shall assess examination dates, ordered production, usable-record delivery, and the expert timetable. Specific impediments require prompt conferral and, if necessary, a request for appropriate relief. This provision neither authorizes additional briefing on pending disputes nor imposes a judicial decision deadline. Business days exclude weekends and federal legal holidays.

6. This Order neither disposes of ECF 112 nor excuses compliance with production actually ordered in its resolution. It does not determine that motion's merits or scope, or alter a production obligation or compliance date expressly set by Judge Kaufman. Any request affecting that motion or compliance with a discovery order must proceed through the applicable procedures.

7. If material ordered in resolving ECF 112 is produced too late for reasonable use by an applicable deadline, the affected party shall promptly identify the material, necessary follow-up, diligence, time required, and downstream effect. The parties shall confer within five business days after the need reasonably becomes apparent. Post-cutoff discovery, examinations requiring leave, and deadline adjustments require appropriate court approval. This Order does not predetermine a later request's timeliness or merits.

8. A later request based on disposition of ECF 84 must identify the specific new need, the party's diligence, and the relief required under the applicable rules. This Order does not amend ECF 166, authorize discovery beyond the dates stated here, authorize a new expert opinion after the applicable disclosure deadline, or decide the admissibility or later use of evidence. Rules 26(e) and 56(d) retain their independent requirements.

9. Except as expressly modified, the Court's existing orders remain in effect. November 30 is an internal completion target, not a court-ordered cutoff. No automatic further extension of any date is granted.

IT IS SO ORDERED.

Dated: ___________________

__________________________________

FERNANDO L. AENLLE-ROCHA

United States District Judge