UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-02757-FLA-MBK | | November 23, 2026 |
| Title | Thibault Mauvilain et al v. Flynet Pictures, LLC et al | | |

| | |
|---|---|
| Present: The Honorable | Michael B. Kaufman, United States Magistrate Judge |

| | |
|---|---|
| James Muñoz | |
| Deputy Clerk | Court Smart / Recorder |
| Attorney Present for Plaintiff: | Attorney Present for Defendants: |

**Proceedings:** **ORDER DENYING PLAINTIFFS' MOTION TO COMPEL (DKT. 112)**

Pending before the Court is Plaintiffs Thibault Mauvilain and Henri Mazari's Motion to Compel Production and Further Responses to Plaintiffs' First Set of Requests For Production from Defendants Backgrid, Inc., Backgrid USA, Inc., and Shutterstock, Inc, (collectively, "Defendants") and both parties' requests for sanctions. For the reasons that follow, the Court denies Plaintiffs' Motion to Compel and denies the parties' requests for sanctions.

## I. Factual and Procedural History

Plaintiffs filed the initial complaint in this action on March 28, 2025, and a First Amended Complaint ("FAC") on April 10, 2025. Dkt. 1, 21. Plaintiffs allege that they contributed photographs to Flynet and Fameflynet, which were granted limited rights to license the photographs to publications subject to specific attribution and compensation requirements. Dkt. 21 ¶¶ 1, 9. However, Plaintiffs allege that Defendants intentionally altered and removed copyright management information ("CMI"), in violation of 17 U.S.C. § 1202 and California Penal Code § 496, and in breach of implied-in-fact contributor agreements. *Id.* ¶ 24, 35. After the District Court granted the Defendants' Motion to Dismiss the FAC and granted Plaintiffs to leave to amend, (Dkt. 79), Plaintiffs filed their Second Amended Complaint ("SAC"), which is the operative complaint in this matter. Dkt. 80.

The present motion to compel follows extensive meet and conferring and multiple hearings before the previously-assigned Magistrate Judge, Judge Maria Audero. The motion concerns Plaintiffs' First Set of Requests for Production, which were served on July 10, 2025. Dkt. 112-1 at 5. Defendants served written responses on August 25, 2025. *Id*. The parties participated in a total of eight informal discovery conferences with Judge Audero from November 2025 to May 2026. Dkt. 112 at 3. After the parties were unable to resolve their disputes in full, on June 12, 2026, the parties filed the present joint stipulation presenting Plaintiffs' motion to compel.

On the same date that Plaintiffs filed the joint stipulation, all Plaintiffs except for Thibault Mauvilain and Henri Mazari filed notices of dismissal pursuant to Fed. R. Civ. Pro. 41(a). Dkt. 113. Plaintiffs' retained counsel also filed requests to withdraw and permit Thibault Mauvilain and Henri Mazari to proceed *pro se*. Dkt. 114, 115, 116, 117. The District Court subsequently granted the requests. Dkt. 121, 122, 123, 124.

On June 10, 2026, this case was reassigned from Judge Audero to the undersigned Magistrate Judge. Dkt. 111. On July 9, 2026, this Court held an informal discovery conference on the motion to compel. Dkt. 127. The Court ordered the parties to meet and confer further and, if they were unable to reach an agreement, to submit a status report with the parties' proposals to resolve their remaining disputes. *Id*. On July 17, 2026, the parties provided an email status report in which they indicated they had been unable to resolve their disputes.

## II. Standard of Review

Rule 34(a) provides that "a party may serve on any other party a request within the scope of Rule 26(b)" to produce "any designated documents." Fed. R. Civ. P. 34(a)(1)(A). Rule 26(b) outlines the scope and limits of discoverable material, as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" Fed. R. Civ. P. 26(b)(1). In evaluating the "needs of the case," the court "consider[s] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of

the proposed discovery outweighs its likely benefit." *Id.*

Whether information sought is relevant under Rule 26(b)(1) is broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). However, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). For example, "District Courts need not condone the use of discovery to engage in fishing expeditions." *Rivera v. NIBCO*, 364 F.3d 1057, 1072 (9th Cir. 2004) (internal quotations and citations omitted). As Rule 26 requires, the Court must limit discovery if it determines that the discovery sought is "unreasonably cumulative or duplicative;" "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or when "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i-iii).

In a motion to compel discovery, the moving party bears "the initial burden of demonstrating relevance." *Rayford v. County of Los Angeles*, No. 5:24-CV-00473-SSS-DTB, 2026 WL 1047024 at *3 (C.D. Cal. Jan. 13, 2026) (quotations omitted). The party opposing the production of discovery has the burden of demonstrating "that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Id.*

## III. Discussion

Plaintiffs seek an order compelling Defendants to produce three categories of information: (1) documents related to "bulk sales" responsive to Request for Production ("RFP") 49; (2) prior deposition testimony and sworn declarations in prior copyright litigation responsive to RFPs 67 and 68; and (3) information regarding Defendants' search terms and custodians. The Court addresses each category in turn.

### A. "Bulk Sales" (RFP 49)

RFP 49 seeks documents reflecting the "bulk sales" of works from the Defendants. Dkt. 112-1 at 11. The documents include Defendants' wholesale licensing and asset-transfer transactions for photographs in the archive, including the communications, contracts, and lists of assets sold. *Id*.

After Defendants initially objected to RFP 49, the individual Defendants provided supplemental responses that took different positions with respect to RFP 49. Defendant Backgrid USA, Inc., represented that it had "searched for documents pursuant to the searches shown in Attachment A" and "has produced or will produce responsive documents." *Id*. at 15. Shutterstock, Inc.'s May 12, 2026, supplemental response represents that Shutterstock "will conduct a reasonably diligent search and will produce non-privileged responsive documents in its possession, custody, or control, to the extent they exist," "from January 1, 2024 to present." *Id*. BackGrid, Inc. did not supplement its response beyond its initial objections. *Id*.

The Court finds that Plaintiffs are not entitled to additional discovery responsive to RFP 49. The Defendants have already produced to Plaintiffs spreadsheets that include every license issued for the Plaintiff-photographers' works, the licensee, the amount paid to the Plaintiff-photographer for each licensed photograph, when the photographer was paid, and other information. *See* Dkt. 112-14 ¶ 9. Plaintiffs argue that the "contracts, communications, and asset lists relating to bulk transfers" are relevant to the issue of Defendants' successor liability. Dkt. 112-1 at 15. That is, Plaintiffs claim these documents "are direct evidence of how the archive moved between entities in the corporate-succession chain and of the terms on which each transfer occurred." *Id*. However, Plaintiffs do not explain why documents related to each and every licensed image is necessary to determine the terms on which the corporate acquisitions occurred. Defendants aver that, due to the nature of license agreements, they "would have to manually review thousands of emails and documents to reverse-engineer which transactions might touch any of the photographs at issue" to produce all documents responsive to RFP 49. Dkt. 112-14 ¶ 13. Such burdens are far in excess of any marginal relevance to the issue of successor liability.

The Court also concludes that it was appropriate for Shutterstock to limit its search

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-02757-FLA-MBK | | November 23, 2026 |
| Title | Thibault Mauvilain et al v. Flynet Pictures, LLC et al | | |

for documents responsive to RFP 49 to the period after January 1, 2024. Because Shutterstock purchased BackGrid USA, Inc. in February 2024, it would not have any responsive records from prior to its acquisition. Dkt. 112-1 ¶ 5 (explaining that Shutterstock "did not exist as a producing party in this matter for pre-2024 records"). And because Defendant Backgrid USA, Inc., did not impose any temporal limitation on its response to RFP 49, Plaintiffs have received all responsive records to which they are entitled from both prior to and after January 1, 2024. Similarly, it was reasonable for Defendant Backgrid's Inc. not to supplement its response to RFP 49. Backgrid Inc. was terminated in 2023 and, to the extent it possessed any responsive information, it would now be in the possession, custody, and control of Backgrid USA, Inc. Dkt. 112-1 at 20. Plaintiffs therefore fail to show why either Shutterstock or Backgrid, Inc., would have additional responsive information.

**B. Prior Deposition Testimony and Sworn Declarations (RFPs 67, 68)**

Plaintiffs seek prior deposition testimony (RFP 67) and sworn declarations (RFP 68) from any matter in which Defendants have appeared as a plaintiff, defendant, or third-party witness. Dkt. 112-1 at 23. Defendants objected to RFPs 67 and 68 and have refused to produce responsive records. *Id.* at 23-24.

Plaintiffs argue that such records are relevant because Section 1202(b) requires "Plaintiffs to prove intentionality, knowledge of removal of CMI, or that the BackGrid Defendants knew, or had reasonable grounds to know, that the removal of CMI would induce, enable, facilitate, or conceal infringement." *Id.* at 26. Plaintiff argue that Defendants' prior statements under oath may "directly establish that scienter." *Id.* As an example, Plaintiffs identify Backgrid USA, Inc.'s briefing in *BackGrid USA, Inc. v. Twitter, Inc.*, No. 2:22-cv-09462 (C.D. Cal.), in which it argued that "metadata stripping 'induces and encourages infringement.'" *Id.* (citing Dkt. 87-1 at 14, Dkt. 86 at 13). Plaintiffs also cite to a declaration by FameFlynet, Inc's former president, Boris Nizon, in *FameFlynet, Inc. v. Breitbart News Network, LLC*, No. 2:17-cv-05416-TJH-AS (C.D. Cal.), which addressed FameFlynet's licensing and enforcement practices. *Id.* at 27

As with RFP 49, the Court concludes that RFP 67 and 68 are not proportional to

the needs of this case. As an initial matter, it appears that only Defendant Backgrid USA, Inc. has information responsive to these requests. As discussed above, Defendant Backgrid Inc. ceased to exist in 2023 and its records, to the extent they exist, have been transferred to Backgrid USA, Inc. Shutterstock acquired Backgrid in February 2024, but Defendants aver—and Plaintiffs do not contest—that Plaintiff's works and licensing all remains handled by Backgrid USA, Inc. Dkt. 112-1.

While Defendant Backgrid USA, Inc. may have responsive records, the requests are plainly overbroad. The requests seek declarations and depositions testimony from any prior case in which Backgrid USA, Inc. appeared as a party—as a plaintiff, defendant, or third-party witness. As Defendants explain, the requests "reach copyright-infringement matters of any kind, from any year, involving any photograph (not just the photographs at issue), any photographer (not just the Plaintiff-photographers), any contributor relationship (or none), and any practice (whether or not implicated in this case)." Dkt. 112-1 at 30. Plaintiffs do not justify why they are entitled to documents from litigation that has no apparent relevance to the present case.

Even if the RFPs 67 and 68 could be narrowed, the Court finds that the requests would impose burdens that are unwarranted and not proportional to the needs of the case. To find responsive documents, Defendants "would have to canvass the entire copyright-litigation history of two entities (BackGrid USA, Inc., and Shutterstock, Inc.) plus other companies (FameFlynet, Inc.; Fame Pictures, Inc.), identify every matter in which any of those entities ever testified or submitted a declaration, retrieve the transcripts and declarations from litigation files (many of which may be subject to confidentiality designations in those other matters), and produce them." Dkt. 112-1 at 32. Plaintiffs—as they already have done—are capable of searching publicly available filings to identify cases in which they believe that Defendants offered potentially relevant testimony. It therefore appears that much of the requested discovery could be "obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i); *see In re Google AdWords Litig.*, No. C08-03369 JW HRL, 2010 WL 4942516, at *3 (N.D. Cal. Nov. 12, 2010) ("the Court believes that would be more convenient, less burdensome, and less expensive for Google to search for these publicly-available documents on any of the available electronic databases than to require Plaintiffs

to comb through their entire collection of past case files . . . for documents of doubtful relevance”).

Plaintiffs’ cited examples show that the burdens posed by the requested discovery would yield little, if any, relevant information. For example, Plaintiffs cite to statements from Defendants’ *briefing* in *BackGrid USA, Inc. v. Twitter, Inc.*—not to any deposition testimony or sworn statements made in the case. Dkt. 112-1 at 31. It therefore does not appear that any documents from the case would fall within RFPs 67 and 68. Plaintiffs also claim that Mr. Nizon’s declaration in the *FameFlynet, Inc. v. Breitbart News Network* is probative of the Defendants’ licensing practices, but they do not explain why they have not—or could not—obtain direct evidence of those practices through the discovery in this case. Defendants have not opposed a deposition of Mr. Nizon and have disclosed other discovery bearing on their licensing practices. Dkt. 112-1 at 31. As such, the Court concludes that the requested discovery is not proportional to the needs of this case.

### C. Search Terms and Custodians

Plaintiffs request that the Court order Defendants to disclose information concerning Defendants’ “search methodology, document universe, custodians, sampling, and media and sources searched, and the omission of Boris Nizon as a custodian.” Dkt. 112-1 at 35.

“Discovery into another party’s discovery process is disfavored.” *Ashcraft v. Experian Info. Sols., Inc.*, No. 16-cv-02978-JAD-NJK, 2018 WL 6171772, at *2 n.2 (D. Nev. Nov. 26, 2018). “Generally, courts will only permit such discovery where there is some indication that a party's discovery has been insufficient or deficient.” *Jensen v. BMW of N. Am.*, LLC, 328 F.R.D. 557, 566 (S.D. Cal. 2019). The party seeking such discovery “must provide an ‘adequate factual basis’ to justify the discovery, and the Court must closely scrutinize the request ‘in light of the danger of extending the already costly and time-consuming discovery process ad infinitum.’” *Perez v. DirecTV Grp. Holdings, LLC*, No. 16-cv-01440-JLS-DFM, 2020 WL 5875026, at *2 (C.D. Cal. Aug. 17, 2020) (quoting *Winfield v. City of New York*, 2018 WL 840085, at *3 (S.D.N.Y. Feb.

12, 2018)).

Here, Plaintiffs fail to meet their burden to justify discovery into Defendants' search methodology. Plaintiffs claim that the parties met and conferred over proposed search terms for Defendants' discovery production but that Defendants proceeded with their searches without addressing Plaintiffs' "critique[s]" of their methodology and that the resulting production suffered from several "defects." Dkt. 112-1 at 35-36. However, Plaintiffs do not identify any responsive records that Defendants have failed to disclose or otherwise explain how these alleged "defects" resulted in deficient discovery responses. Plaintiffs' vague allegations that Defendants' searches were defective are insufficient to warrant discovery-on-discovery.

Plaintiffs also fail to justify a court order compelling further discovery into Mr. Nizon's records. Mr. Nizon is a co-owner of BackGrid USA, Inc., and was a co-founder and co-owner of FameFlynet, Inc. Dkt. 112-1 at 36; Dkt. 112-2 ¶ 19. In a May 13, 2026, informal discovery conference with Judge Audero, Defendants' counsel represented that Defendants do not have possession, custody, and control of Mr. Nizon's records because they were not transferred to Shutterstock when it purchased BackGrid USA, Inc. Dkt. 108. Thereafter, Plaintiffs requested that Defendants memorialize their representation in writing and, after they were dissatisfied with Defendants' response, requested a further conference with Judge Audero. Dkt. 112-2 ¶ 19. Judge Audero denied the request, finding that it was a waste of judicial resources and encouraged the parties to meet and confer further to resolve the dispute. Dkt. 108. Despite Judge Audero's clear instruction, Defendants represent that Plaintiffs did not attempt to meet and confer further and instead filed the instant motion to compel. Dkt. 112-1 at 41. In their portion of the joint stipulation, Plaintiffs do not address Judge Audero's order or otherwise claim that they attempted to meet and confer on this issue as she had ordered. Because Plaintiffs have failed to follow Judge Audero's instruction, the Court finds that they are not entitled to any relief with respect to Mr. Nizon's records.

**D. Sanctions**

Plaintiffs seek sanctions pursuant to Rule 37(a)(5)(A), which provides that if a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-02757-FLA-MBK | | November 23, 2026 |
| Title | Thibault Mauvilain et al v. Flynet Pictures, LLC et al | | |

motion to compel is "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Dkt. 112-1 at 44. Because the Court has found that Plaintiffs' motion to compel is without merit, Plaintiffs are not eligible for an award of fees under Rule 37(a)(5)(A).

Defendants likewise seek sanctions in the form of their attorneys' fees and costs in opposing the present motion to compel, as well as Plaintiffs' prior attempts to litigate these issues. Dkt. 112-1 at 48-58. Defendants claim that Plaintiffs' portions of the joint stipulation contain material misrepresentations and ignore Defendants' repeated attempts to resolve these issues without resort to litigation. *Id*. The Court is not unsympathetic to Defendants' position. It appears that Plaintiffs' former counsel did not adequately meet and confer on at least some of the issues presented in this motion and rushed to file the motion before withdrawing as counsel in this case. Nonetheless, the Court does not find that Plaintiffs' (or their former counsel's) conduct rises to the level of sanctionable conduct. Although Judge Audero had previously indicated that she thought that Plaintiffs were not entitled to the discovery they seek here, (Dkt. 112-1 at 8), she did not issue a definitive ruling and instead authorized Plaintiffs to proceed with their motion to compel. The Court does not believe Plaintiffs should be sanctioned for proceeding with their motion, even though the Court concludes that it is meritless.

**IT IS SO ORDERED.**

**Initials of Deputy Clerk** JM